UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |
|---|---|
| NETLIST, INC. | Civil Case No. 2:21cv463-JRG |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG SEMICONDUCTOR, INC., | |
| Defendants. | |

**SAMSUNG'S OPPOSED MOTION TO SEVER AND STAY
PATENTS AT ISSUE IN DELAWARE**

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL BACKGROUND................................................................................. 2

   A.   The Delaware Declaratory Judgment Case Addresses the Parties' Dispute Over Memory Modules.................................................................................... 2

   B.   The Marshall Case Was Filed After Samsung's Declaratory Judgment Action..... 4

   C.   Samsung's Delaware Claims on the Original Delaware Patents Are Substantially Related to Its Claims on the Overlap Patents.......................................... 5

III.  LEGAL STANDARDS .................................................................................... 8

   A.   First to File............................................................................................ 8

   B.   Motion to Stay........................................................................................ 9

   C.   Motion to Sever...................................................................................... 9

IV.   ARGUMENT................................................................................................. 10

V.    CONCLUSION............................................................................................. 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BridgeLux, Inc. v. Cree, Inc.*,
    No. 9:06-CV-240, 2007 WL 9724143 (E.D. Tex. Feb. 5, 2007) ......................................10, 12

*Brunet v. United Gas Pipeline Co.*,
    15 F.3d 500 (5th Cir. 1994) ......................................................................................................10

*Harris Corp. v. Huawei Device USA, Inc.*,
    No. 2:18-CV-00439-JRG, 2019 WL 8135570 (E.D. Tex. June 12, 2019) ........................10, 12

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
    No. 2:16-CV-52-JRG-RSP, 2016 WL 7191855 (E.D. Tex. July 11, 2016) ............................10

*Netlist Inc. v. Samsung Elecs. Co.*,
    No. 8:20-cv-00993-MCS (C.D. Cal.) ....................................................................................3, 4

*RPost Holdings, Inc. v. Sophos, Inc.*,
    No. 2:13-CV-959-JRG, 2014 WL 10209205 (E.D. Tex. Aug. 20, 2014) ...........................9, 11

*Salomon S.A. v. Scott USA Ltd. P'ship*,
    117 F.R.D. 320 (D. Mass. 1987) ......................................................................................10, 12

*Samsung Electronics Co., Ltd., et al. v. Netlist, Inc.*,
    Case No. 1:21-cv-01453 (D. Del.) .................................................................................. *passim*

*W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA,
    AFL-CIO*,
    751 F.2d 721 (5th Cir. 1985) ............................................................................................10, 11

**Other Authorities**

FRCP Rule 21 .................................................................................................................................10, 12

**TABLE OF ABBREVIATIONS**

| Abbreviation | Meaning |
|---|---|
| RDIMM | Registered DIMM or Registered Dual In-line Memory Module |
| LRDIMM | Load Reduced DIMM or Load Reduced Dual In-line Memory Module |
| HBM | High-Bandwidth Memory |
| JDLA | Joint Development and License Agreement |
| Breach Action | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-cv-00993-MCS (C.D. Cal.) |
| Delaware Case | *Samsung Electronics Co., Ltd., et al. v. Netlist, Inc.*, Case No. 1:21-cv-01453 (D. Del.) |
| Original Delaware Patents | Patents at issue in the Delaware Case but not this case; including U.S. Patent Nos. 10,217,523, 10,474,595, 9,858,218, and 7,619,912 |
| Overlap Patents | Patents at issue in both the Delaware Case *and* this case; including U.S. Patent Nos. 10,860,506, 10,949,339, and 11,016,918, and 11,232,054 |
| New Texas Patents | Patents at issue in this case but not the Delaware Case; including U.S. Patent Nos. 8,787,060 and 9,318,160 |

## I.    INTRODUCTION

Netlist filed this case in response to Samsung's first-filed declaratory judgment action in

Delaware, as Samsung previously told the Court in its Notice Regarding Co-Pending Action

(Dkt. 19).  In its original complaint in the present case, Netlist asserted infringement claims that

substantially overlap with the claims Samsung had brought months earlier in Delaware—for

example, both complaints involve the same technology and overlapping products; the patents in

both cases share common inventors; and all of the patents are allegedly essential to JEDEC

standards and thus raise a common question of whether Netlist complied with its obligations to

license any essential patents on reasonable and non-discriminatory ("RAND") terms.  To avoid

the inefficiencies and risk of inconsistent results created by Netlist's parallel lawsuit, Samsung

has added the overlapping patents to the Delaware case, and motions regarding appropriate

venue for these patents have been fully briefed in Delaware (before Judge Andrews) and are

awaiting resolution.

Now, apparently recognizing the flaws in its strategy of asserting closely related patents

in Texas, Netlist has filed a First Amended Complaint in this case adding two patents that are not

related to the Delaware action – indeed, the newly added patents are directed to different

technology, are not alleged to be essential to JEDEC standards, and, as Netlist's infringement

contentions make clear, are asserted against different products.  Netlist appears to believe that

these two patents—unlike the originally asserted patents in this case—will help anchor the case

to Texas, even though Samsung's Delaware action was filed first.

This Court should not support Netlist's attempt to manipulate venue.  It can, and should,

proceed with the two newly added patents while severing and staying the patents already at issue

in Delaware.  Comity and the first-to-file rule accords the first-filed court the responsibility to

determine which case should proceed.  Severing the new patents and staying the overlapping

1

patents will allow Judge Andrews to make this determination in the first instance, and will ensure

efficiency by moving forward here with the existing schedule on non-overlapping patents while

avoiding duplication of efforts with respect to the overlapping patents.  Of course, should Judge

Andrews decide (in error we respectfully submit) that the overlapping patents should proceed in

Texas, this Court can lift the stay and proceed with the severed case relating to different patents,

products, and issues on a different track.  But if Judge Andrews concludes venue is appropriate

in Delaware, this Court will have ensured efficiencies and avoided the conflict Netlist has tried to

create.

## II.      FACTUAL BACKGROUND

### A.      The Delaware Declaratory Judgment Case Addresses the Parties' Dispute Over Memory Modules

On October 15, 2021, Samsung filed a declaratory judgment action in the District of

Delaware to resolve a dispute initiated by Netlist (a Delaware corporation) regarding patents that

Netlist alleges are essential to memory module standards promulgated by JEDEC.  *See Samsung*

*Electronics Co., Ltd., et al. v. Netlist, Inc.,* Case No. 1:21-cv-01453 (D. Del.) (the "Delaware

Case").

As background, Netlist had previously granted Samsung a license to all Netlist patents

having an effective first filing date on or prior to November 12, 2020, as part of a 2015 Joint

Development and License Agreement ("JDLA").  Delaware Case, Dkt. 14 ¶¶ 21-22 (Ex. 1).

Netlist later purported to terminate the JDLA based on alleged breaches of product supply

provisions and the withholding of Korean taxes.  *See id.* ¶¶ 28–29.  In 2020, Netlist sued

Samsung in California for breach of the JDLA and sought a declaration that its license to

Samsung was terminated.  *See Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-cv-00993-MCS (C.D.

Cal.) ("Breach Action").

In October 2020, while the Breach Action was pending, Netlist sent a "Notice of Infringement" accusing Samsung of infringing Netlist's patents relating to memory technologies, including U.S. Patent Nos. 10,217,523 (the "'523 patent"), 10,474,595 (the "'595 patent"), and 9,858,218 (the "'218 patent").  Delaware Case, Dkt. 14 ¶ 31 (Ex. 1).  Netlist also demanded that Samsung enter a license.  *See id.*  Several months later, Netlist accused Samsung's customer Google of infringing U.S. Patent No. 7,619,912 (the "'912 patent"), based on Google's use of standard-compliant memory products supplied by Samsung.  *Id.* ¶ 14.  Netlist has alleged that the '523, '595, '218, and '912 patents (the "Original Delaware Patents") are infringed by two types of memory modules—LRDIMMs and/or RDIMMs—that practice certain JEDEC standards.  *Id.* ¶¶ 54–55.

Samsung filed the Delaware Case the day after the court in the Breach Action ruled that Samsung's patent license had been terminated.[1]  *Id.* ¶ 34; Delaware Case, Dkt. 1 ¶ 86 (Ex. 2). Samsung's original Delaware complaint sought a declaration that Samsung does not infringe the Original Delaware Patents; a declaration that the Original Delaware Patents are unenforceable due to inequitable conduct and unclean hands; and, alternatively, a ruling that Netlist has breached a contractual obligation to license its allegedly standard-essential patents and patent applications on RAND terms.  Delaware Case, Dkt. 1 ¶¶ 2-3, 306-15 (Ex. 2).  On December 20, 2021, Netlist responded to Samsung's complaint by forum shopping, filing the present case in an effort to draw the parties' dispute to Texas, where no party is incorporated or maintains a headquarters.  In this case, Netlist asserted three patents that were not yet at issue in Delaware but that nonetheless related to the Original Delaware Patents, as detailed below: U.S. Patent Nos.

---

[1] Netlist was awarded only $2.00 in nominal damages.  *See* Breach Action, Dkt. 306 at 2 (Ex. 3). Samsung appealed the judgment entered by the Central District Court to the Ninth Circuit on Feb. 25, 2022.  *Id*. at Dkt. 309 (Ex. 4).

10,860,506 (the "'506 patent"), 10,949,339 (the "'339 patent"), and 11,016,918 (the "'918

patent").  *See* Dkt. 1.

On January 18, 2022, Samsung responded by filing a First Amended Complaint in

Delaware (as of right) further alleging that its memory modules do not infringe the three newly

asserted Netlist patents in the present case.  Samsung alleged that the "claims in the Texas

Infringement Action overlap substantially with the claims asserted in the original complaint in

the present action" and that "all of the patents relate to the same area of technology—computer

memory modules . . . ."  Delaware Case, Dkt. 14 ¶ 50 (Ex. 1).  Netlist moved to dismiss

Samsung's amended complaint in favor of the present case.  *See id.* Dkt. 24 (Ex. 5).  Samsung

opposed that motion, alleging that its new counts "are properly part of this case, which was filed

two months before the Texas Action" and that "the claims should proceed in Delaware under the

first-to-file rule" because the '506, '339, and '918 patents are "first filed under a relation back

analysis."  *Id.* Dkt. 27 at 12 (Ex. 6).  Netlist's motion to dismiss remains pending.

On January 25, 2022, a new Netlist patent issued, U.S. Patent No. 11,232,054.  The '054

patent shares the same specification as the '918 patent, and Netlist's original complaint in the

present case stated it would assert the '054 patent against Samsung. Dkt. 1 ¶ 32.  Thus, on the

same day the patent issued, Samsung moved for leave to file a Second Amended Complaint in

Delaware, adding the '054 patent.  *See* Delaware Case, Dkt. 19 (Ex. 7).  Samsung's motion to

amend also remains pending.

**B.      The Marshall Case Was Filed After Samsung's Declaratory Judgment
         Action**

As noted above, Netlist filed this case on December 20, 2021, nearly two months after

Samsung filed the Delaware Case on October 15, 2021.  *Compare* Dkt. 1 with Delaware Case,

Dkt. 1 (Ex. 2).  Samsung filed a Notice Regarding Co-Pending Action on April 13, 2022, one

day after filing its answer.  Dkt. 19.

On May 3, 2022, Netlist filed a First Amended Complaint in this case.  Dkt. 23.  In this

complaint, Netlist added the '054 patent—over three months after the '054 patent issued and

Samsung filed its motion to add the '054 patent to the Delaware Case.  *Compare* Dkt. 23 with

Delaware Case, Dkt. 19 (Ex. 7).  In this brief, we will refer to the '054 patent along with the

'506, '339, and '918 patents as the "Overlap Patents."  The Overlap Patents are presently being

litigated in both this case and Delaware.

Netlist's amended complaint in this case also added two other patents unrelated to the

Overlap Patents: U.S. Patent Nos. 8,787,060 and 9,318,160 (the "New Texas Patents").  As

detailed in the next section, the '060 and '160 patents concern a type of memory called High-

Bandwidth Memory.

On May 18, 2022, the Court held a Scheduling Conference in this case and set a trial

date.  A Proposed Docket Control Order is due by June 1, 2022.

**C.    Samsung's Delaware Claims on the Original Delaware Patents Are
Substantially Related to Its Claims on the Overlap Patents**

Samsung's briefs in Delaware provide great detail regarding the close relationship

between the declaratory judgment claims regarding the Original Delaware Patents and the

declaratory judgment claims regarding Overlap Patents.  *See* Exs. 6-8.  Samsung will summarize

the most salient points here.  In short, the Overlap Patents and Original Delaware Patents involve

the same underlying science and technology, name the same inventors, are asserted against

Samsung DIMMs, are allegedly essential to JEDEC standards, and implicate Netlist's

commitment that it would license the patents on RAND terms.  In the Delaware briefing, Netlist

5

did not dispute that the present action would involve overlapping discovery, witnesses, and evidence, and the identical issue of whether Netlist has complied with its RAND obligations.

Netlist has alleged that the Original Delaware Patents are infringed by two types of memory modules—LRDIMMs and/or RDIMMs—that practice certain JEDEC standards. Delaware Case, Dkt. 14 ¶¶ 54–55 (Ex. 1).  DIMMs are "dual in-line memory modules" and consist of multiple memory chips packaged together in the type of memory modules shown below:



*See* Dkt. 1 ¶ 38.

In the present case, Netlist has accused Samsung's JEDEC-compliant memory modules (including RDIMMs and LRDIMMs) of also infringing the Overlap Patents.  *E.g.*, Dkt. 1 ¶ 38; Dkt. 23 ¶ 106.

In its Delaware briefs, Samsung demonstrated the close connection between the Original Delaware Patents and the Overlap Patents.  *See* Delaware Case, Dkt. 19 at 11-17 (Ex. 7); *id.* Dkt. 22 at 4-7 (Ex. 8).  Indeed, Netlist did not even dispute the following key facts establishing that the Delaware case takes precedence as to the Overlap Patents under the relation back doctrine:

- Both this case and the Delaware Case involve Netlist, SEC, and SSI.

- All the patents concern dual in-line memory modules.

- The two sets of patents share common named inventors, including Hyun Lee, Jayesh Bhakta, and Jeffrey Solomon. *See* Delaware Case, Dkt. 14 Exs. 1-7 (Exs. 9-15 hereto); *id.* Dkt. 18-5 Ex. 45 (Ex. 16 hereto).

- The same prosecuting attorney (Jamie Zheng) is identified on all but two of the patents. *See id.* Dkt. 14 Exs. 1-6 (Exs. 9-14 hereto).

- Both this case and the Delaware Case involve Samsung RDIMM and LRDIMM products. *Compare* Delaware Case, Dkt. 14 ¶ 58 (Ex. 1) *with* Dkt. 1 ¶¶ 36-38.

- The relevant time periods in this case and the Delaware Case substantially overlap (*e.g.*, both sets of claims concern sales following the purported termination of the license).

- Netlist contends all the patents are essential to JEDEC standards, including some of the same standards across both sets of patents. *Compare* Delaware Case, Dkt. 14 ¶ 63 (Ex. 1) (JESD82-32) *with* Dkt. 1 ¶¶ 46, 61 (same); *compare* Delaware Case, Dkt. 14 ¶ 75 (Ex. 1) (JESD79-4C) *with* Dkt. 1 ¶ 59 (same).

- All the patents implicate Samsung's RAND-based breach of contract claim.  *See* Delaware Case, Dkt. 14 ¶¶ 439-51 (Ex. 1).

- Many of the same witnesses and documents, including manufacturing and sales data, will be required for both sets of patents.

*See* Delaware Case, Dkt. 27 at 13-15 (Ex. 6).

By contrast, the New Texas Patents are not asserted against the products accused of infringing the Overlap Patents (*i.e.*, DIMMs).  Instead, the products accused of infringing the New Texas Patents are Samsung's High-Bandwidth Memories ("HBMs").  *See* Dkt. 23 ¶¶ 49, 118, 128.  Netlist even admits "HBM is a type of high-speed computer memory technology that

7

relies in part on vertically-stacked memory dies and ***differs from the DDR4 or DDR5 DIMM***

***formats described in the paragraphs above***." *Id.* ¶ 61 (emphasis added).

## III.    LEGAL STANDARDS

### A.    First to File

As this Court has explained, "[w]hen confronted with substantially similar declaratory

judgment and patent infringement actions filed in different jurisdictions, courts generally favor

'the forum of the first-filed action, whether or not it is a declaratory action.'" *RPost Holdings,*

*Inc. v. Sophos, Inc.*, No. 2:13-CV-959-JRG, 2014 WL 10209205, at *1 (E.D. Tex. Aug. 20,

2014), quoting *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir.2008).  The Court also

set forth the relevant factors: "In determining whether to apply the first-to-file rule to an action, a

court must resolve two questions: 1) are the two pending actions so duplicative or involve

substantially similar issues that one court should decide the subject matter of both actions; and 2)

which of the two courts should take the case?" *Id.*, citing *Texas Instruments, Inc. v. Micron*

*Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D.Tex.1993).

Most importantly, the Court held "once the 'substantial similarity' threshold is crossed,

***the first-to-file rule accords the first-filed court the responsibility to determine which case***

***should proceed***." *Id.* (emphasis added).  In *RPost*, this Court transferred the case to

Massachusetts because the first-filed court had denied a motion to transfer the case to Texas.  *Id.*

at *2.  The Court explained: "Considering the action taken by our sister court, 'this Court simply

may not, consistent with the principles of comity and conservation of judicial resources, usurp

the first-filed court's role." *Id.*, quoting *Texas Instruments*, 815 F. Supp. at 999 and citing *Cadle*

*Co. v. Whataburger of Alice*, 174 F.3d 599, 605-606 (5th Cir.1999) ("Once the likelihood of a

substantial overlap between the two suits has been demonstrated, it [is] was no longer up to the

[second-filed court] to resolve the question of whether both should be allowed to proceed.").

### B.    Motion to Stay

The Fifth Circuit has explained the options available to a second-filed court: dismiss, transfer, or stay:

> In addition to outright dismissal, it sometimes may be appropriate to transfer the action or to stay it.  ***A stay may, for example, be appropriate to permit the court of first filing to rule on a motion to transfer.***  If that court transfers the first-filed action, the stay could be lifted and the actions consolidated.  If the transfer is denied, however, the stay could be lifted and the second-filed action dismissed or transferred.

*W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 n.1 (5th Cir. 1985) (emphasis added, remanding case for entry of an order of stay, transfer, or dismissal).

### C.    Motion to Sever

Under Rule 21, this Court "has broad discretion to sever issues to be tried before it." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).  This Court has also severed unrelated patents in complex cases.  *E.g.*, *Harris Corp. v. Huawei Device USA, Inc.*, No. 2:18-CV-00439-JRG, 2019 WL 8135570, at *2 (E.D. Tex. June 12, 2019) (severing under Rule 21 and explaining several factors that justified the severance); *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-52-JRG-RSP, 2016 WL 7191855, at *1 (E.D. Tex. July 11, 2016), *report and recommendation adopted*, No. 216CV00052JRGRSP, 2017 WL 7052466 (E.D. Tex. Sept. 10, 2017).  Other courts have also severed patents that were the subject of separate co-pending cases.  *BridgeLux, Inc. v. Cree, Inc.*, No. 9:06-CV-240, 2007 WL 9724143, at *3 (E.D. Tex. Feb. 5, 2007) (dismissing patents that were filed elsewhere first but keeping patents that were first filed in EDTX); *Salomon S.A. v. Scott USA Ltd. P'ship*, 117 F.R.D. 320, 321 (D. Mass. 1987) (severing and staying patent infringement counterclaims that were the subject of separate co-pending actions).

9

IV.    ARGUMENT

This motion involves patents currently being litigated both in this Court and in Delaware (the "Overlap Patents").  There is no question Samsung's Delaware Case was filed first (October 15, 2021 versus December 20, 2021).  *Compare* Dkt. 1 with Delaware Case, Dkt. 1 (Ex. 2).  In addition, Samsung was literally the first to file with respect to the '054 patent (January 25, 2022 versus May 3, 2022).  *Compare* Dkt. 23 with Delaware Case, Dkt. 19 (Ex. 7).  The resulting questions of relation back and venue are presently before Judge Andrews in Delaware, where briefing is complete on Samsung's motion to amend and Netlist's motion to dismiss.  *See* Delaware Case, Dkts. 19 and 27 (Samsung's principal briefs in Delaware, Exs. 6-7 hereto).

This Court has held that "once the 'substantial similarity' threshold is crossed, the first-to-file rule accords the first-filed court the responsibility to determine which case should proceed."  *RPost Holdings,* 2014 WL 10209205, at *1.  Here, there can be no dispute the substantial similarity threshold has been crossed.  As extensively briefed in Delaware, the Overlap Patents and Original Delaware Patents relate to the same technology, are all alleged to be essential to JEDEC standards (including some of the same standards), implicate a common question of whether Netlist has complied with its RAND obligations, and concern the same accused RDIMM and LRDIMM products.  *E.g.*, Dkt. 1 ¶¶ 36-38, 46, 59, 61; Dkt. 23 ¶ 106; Delaware Case, Dkt. 14 ¶¶ 54-55, 58, 63, 75 (Ex. 1); *id.* Dkt. 19 at 11-17 (Ex. 7); *id.* Dkt. 22 at 4-7 (Ex. 8); *id.* Dkt. 14 Exs. 1-7 (Exs. 9-15 hereto); *id.* Dkt. 18-5 Ex. 45 (Ex. 16 hereto).

Thus, the questions of relation back and venue should properly be decided by the Delaware court.  As this Court has stated, "this Court simply may not, consistent with the principles of comity and conservation of judicial resources, usurp the first-filed court's role."  *RPost Holdings*, 2014 WL 10209205, at *2.

The Court could therefore dismiss this case in favor of the Delaware Case, or transfer it. However, since the relevant motions remain pending in Delaware, Fifth Circuit law advises that a stay is more prudent. *West Gulf Maritime*, 751 F.2d at 729 n.1 ("In addition to outright dismissal, it sometimes may be appropriate to transfer the action or to stay it. A stay may, for example, be appropriate to permit the court of first filing to rule on a motion to transfer.").

Samsung further submits that the most efficient way to stay this case without undue delay is to sever and stay the Overlap Patents while allowing the case to proceed as scheduled for the New Texas Patents.[2] This Court has severed unrelated patents under Rule 21 in large complex cases before, *e.g., Harris* 2019 WL 8135570, at *2, and other courts have severed patents that were the subject of separate co-pending cases. *E.g.*, *BridgeLux,* 2007 WL 9724143, at *3 (dismissing patents that were filed elsewhere first but keeping patents that were first filed in EDTX); *Salomon*, 117 F.R.D. at 321 (D. Mass. 1987) (severing and staying patent infringement counterclaims that were the subject of separate co-pending actions).

Here, the New Texas Patents relate to high-bandwidth memories ("HBMs") that even Netlist admits "differ[] from the DDR4 or DDR5 DIMM formats" accused of infringing the Overlap Patents. Dkt. 23 ¶ 61. Thus, severance will avoid an unduly complex trial and most

---

[2] In its infringement contentions served on May 4, 2022, Netlist accuses Samsung's HBM products of infringing the two New Texas Patents and, separately, accuses Samsung's RDIMM and LRDIMM products of infringing the Overlapping Patents. As such, given the wholly separate allegations, we submit that the two New Texas Patents can appropriately proceed here in Texas. However, in the event that Netlist were to allege (erroneously) that Samsung's RDIMM and LRDIMM products infringed the New Texas Patents, then these patent infringement allegations also would relate back to the first filed Delaware case and, as such, should be dealt with in Delaware. In the event that Netlist makes this allegation now or in the future, we respectfully submit that the New Texas Patents should be considered along with the others in Delaware and we reserve the right to so move.

importantly will allow this case to go forward as scheduled on the New Texas Patents while the

District of Delaware resolves venue for the Overlap Patents.

## V.     CONCLUSION

For the foregoing reasons, the Court should sever and stay the Overlap Patents,

permitting the case to go forward on the New Texas Patents while the first-filed court, the

District of Delaware, decides the appropriate venue for the Overlap Patents.

Date: May 27, 2022                                        Respectfully submitted,

                                                          */s/ Francis J. Albert*

                                                          Ruffin B. Cordell
                                                          TX Bar No. 04820550
                                                          cordell@fr.com
                                                          Michael J. McKeon
                                                          D.C. Bar No. 459780
                                                          mckeon@fr.com
                                                          FISH & RICHARDSON P.C.
                                                          1000 Maine Avenue, SW
                                                          Washington, DC 20024
                                                          Telephone: (202) 783-5070
                                                          Facsimile: (202) 783-2331

                                                          Katherine Reardon
                                                          NY Bar No. 5196910
                                                          kreardon@fr.com
                                                          FISH & RICHARDSON P.C.
                                                          1180 Peachtree St., NE, 21st Floor
                                                          Atlanta, GA 30309
                                                          Telephone: (404) 892-5005
                                                          Facsimile:  (404) 892-5002

                                                          Francis J. Albert
                                                          CA Bar No. 247741
                                                          albert@fr.com
                                                          FISH & RICHARDSON P.C.
                                                          12860 El Camino Real, Ste. 400
                                                          San Diego, CA  92130
                                                          Telephone: (858) 678-5070
                                                          Facsimile: (858) 678-5099

12

Tony Nguyen
TX Bar No. 24083565
nguyen@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street, Ste. 2800
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile:  (713) 652-0109

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on May 27, 2022.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ Francis J. Albert

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on May 27, 2022.  Annita Zhong attended for Plaintiff.  Tony Nguyen attended for Defendants.  The parties discussed their positions on this motion.  The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve.  Plaintiff indicated that it opposes this motion.

/s/ Francis J. Albert