# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:21-CV-463-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., | ) |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC., SAMSUNG SEMICONDUCTOR, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a)   the correct names of the parties to the lawsuit;

    (b)   the name, address, and telephone number of any potential parties;

    (c)   the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d)   the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

 (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

 (f) any settlement agreements relevant to the subject matter of this action; and

 (g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

 (a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

 (b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.**  Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

 (a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

  i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

        elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

    ii.    If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)    produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4.    **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

**5.** **Discovery Limitations.** The discovery in this case is limited to the disclosures described in Paragraphs 1-3 together with:

(a) **Interrogatories.** Each side may serve up to forty (40) interrogatories.

(b) **Requests for Admission.**

    i. Each side may serve up to fifty (50) requests for admission, including for authentication of documents.

(c) **Depositions.**

    i. Fact Witness Deposition

        (1) Each side may take up to one hundred and ten (110) hours of fact deposition in this action. The foregoing limit includes depositions taken pursuant to Rule 30(b)(6) and 30(b)(1) and third party witnesses. The limits above do not include depositions of expert witness. Each deposition of a party witness shall count as at least three (3) hours on the record.

        (2) The parties shall act reasonably and in good faith to schedule depositions expeditiously, while accommodating the schedules of counsel and witnesses.

With respect to depositions of party witnesses, the parties agree to work in good faith to timely complete their document productions and to offer additional testimony where necessary if documents needed for fair examination of the witness are not timely produced. If a party reasonably believes that an untimely production of documents necessitates an additional deposition, both parties will

    work in good faith to resolve whether additional deposition testimony is warranted consistent with Fed. R. Civ. P. 30(d)(1).

  (3) With respect to third party depositions, the parties agree to work in good faith with each other to schedule third party depositions and to timely produce documents received from the third parties sufficiently in advance of the deposition.

  (4) All individual 30(b)(1) depositions shall be limited to seven (7) hours in accordance with the Federal Rules of Civil Procedure and subject to Rule 30(d)(1), except by agreement or for translated depositions which are addressed in paragraph (iv) below.

  (5) The parties may serve more than one notice of deposition pursuant to Rule 30(b)(6).

  (6) Depositions on written questions on third parties pursuant to Fed. R. Civ. P. 31, as well as depositions on written questions of custodians of business records for third parties, are also permitted but are not included in the limits stated in paragraph 5.

ii. **Expert Depositions**

  (1) Each side is permitted a deposition of each of the other side's experts for up to seven (7) deposition hours for each expert report submitted by that expert.  A supplemental expert report on the same claim or defense submitted sufficiently prior to the scheduled deposition shall not automatically trigger an additional later deposition.  For example, an errata to an expert report submitted sufficiently prior to

        the scheduled deposition shall not automatically trigger an additional later deposition. This provision does not prevent the parties from meeting and conferring to discuss additional deposition time that may be needed related to a supplemental expert report. This provision also does not authorize supplemental expert reports. Absent showing of good cause, no expert shall be required to sit for a deposition for more than fourteen (14) deposition hours, however, experts shall not be required to testify for more than seven (7) hours of actual deposition time in one day unless stipulated or ordered.

iii.    If the parties desire to depose a common witness (fact or expert witness), the parties agree to work in good faith to schedule a single deposition of the witness. The parties shall meet and confer in good faith to define the number of total hours and the number of hours allotted to each party for that deposition. There shall be a presumption that a witness will not be required to sit for more than 10 hours on the record when multiple parties seek to take the deposition on common issues. The presumption can be altered for good cause.

iv.    For any deposition requiring the use of a translator, only sixty-seven percent (67%) of the time used will count toward the time limits (for example, 10.5 hours of translated deposition time would count as 7 hours for purposes of the deposition time limits).

   v.  The parties may jointly agree to take oral depositions remotely via an online teleconference service so long as the witness, when testifying, is present in a country in which it is legal to take a deposition.

     The parties incorporate the following language from paragraphs 16 and 17 of the prior Standing Order dated April 20, 2020 Regarding Pretrial Procedures in Civil Cases Assigned to Chief District Judge Rodney Gilstrap During the Present COVID-19 Pandemic:

    1. Depositions should proceed forward using remote technologies that are widely available for conducting depositions either telephonically or by video conference. A variety of systems are available that allow for all participants to be physically separate and for real-time exhibit viewing to occur. Many court reporting services offer such platforms, and internet searches for "remote video depositions" and "remote telephonic depositions" will display alternatives.

    2. The party noticing a deposition shall specify the platform to be used and the attorneys shall confer, if necessary, to agree on specific procedures that may be appropriate under the circumstances.

   vi. In the event that a witness is outside of the United States, the parties agree to meet and confer in good faith to coordinate making that witness available for a remote deposition as permitted under the applicable U.S. and international law and as logistically feasible.

(d) Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information

on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a)    Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

    (b)    An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

    (c)    Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and

        confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

    (d)    Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

    (e)    Any change to a party's lead attorney designation must be accomplished by motion and order.

    (f)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

**10.**    **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

**11.**    **Filings.**  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**12.**    **Proposed Stipulations by the Parties Regarding Discovery.**

    (a)    **Service**. The Parties agree to electronic service (including by email or via secure FTP sites) of all correspondence, documents filed under seal, document production, written discovery requests, and responses to written discovery requests.

        Documents filed under seal will be immediately served on all counsel of record by email or other electronic means. The Parties agree that electronic service shall be subject to Local Rule CV-5(a)(3)(C)-(D).

  (b)    **Privilege Log**. The Parties agree that documents or information (i) created or conveyed internally to a Party or between a Party and their attorney of record in this matter subsequent to the filing of this case, and (ii) that are protected by the attorney-client privilege or work product doctrine, do not have to be identified on a privilege log, except as provided under Local Patent Rule 3-7.

  (c)    **Production of Privileged or Restricted Materials.** The Parties' agreement regarding production of privileged or restricted materials is included in the Parties' Proposed Protective Order.

  (d)    **Third Party Discovery.** A Party who serves a subpoena in this case on a third party shall immediately provide a copy to the other parties. A Party who commands a deposition through a subpoena will invite and allow the other parties to attend such deposition. A Party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other parties within five (5) business days. Where reproduction of documents within five business days is not possible, the Party who received the documents will provide prompt notice to the other parties and will work in good faith to resolve the issue on a case-by-case basis. This section does not change the existing obligations and requirements set forth in Fed. R. Civ. P. 45, or other Federal Rules of Civil Procedure.

13.    **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's

website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So ORDERED and SIGNED this 8th day of June, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE