UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>       Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>       Defendants. | Civil Case No. 2:21cv463-JRG<br><br>**JURY TRIAL DEMANDED** |

**REPLY IN SUPPORT OF
SAMSUNG'S OPPOSED MOTION TO SEVER AND STAY
<u>PATENTS AT ISSUE IN DELAWARE</u>**

## **TABLE OF CONTENTS**

A. THERE IS A LIKELIHOOD OF SUBSTANTIAL OVERLAP BETWEEN THE ORIGINAL DELAWARE PATENTS AND THE OVERLAP PATENTS ........................ 2

B. ONCE THE "SUBSTANTIAL OVERLAP" THRESHOLD IS CROSSED, RELATION BACK SHOULD BE DECIDED BY THE FIRST-FILED COURT ................................. 4

C. NETLIST'S SUIT AGAINST SEA IS IRRELEVANT ........................................ 4

D. NETLIST'S NEW SUIT AGAINST MICRON IS IRRELEVANT .................................. 5

E. NETLIST ADDRESSES THE WRONG STAY ARGUMENTS ....................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anza Tech., Inc. v. Mushkin, Inc.*,
 934 F.3d 1359 (Fed. Cir. 2019)..........................................................................................3

*In re ASM International, N.V.*,
 774 F. App'x 650 (Fed. Cir. 2019) .....................................................................................4

*Cadle Co. v. Whataburger of Alice*,
 174 F.3d 599 (5th Cir.1999) ........................................................................................1, 2, 4

*Good Sportsman Mktg. LLC v. Testa Assocs., LLC*,
 No. 6:05CV90, 2005 WL 2850302 (E.D. Tex. 2005).........................................................4

*Intel Corp. v. Amberwave Systems Corp.*
 233 F.R.D. 416 (D. Del. 2005) ...........................................................................................3

*Longhorn HD LLC. v. Juniper Networks, Inc.*,
 No. 2:21-CV-00099-JRG, 2021 WL 4243382 (E.D. Tex. 2021) .......................................5

*In re Nintendo of Am. Inc.*,
 756 F.3d 1363 (Fed. Cir. 2014)...........................................................................................5

*Roku v. AlmondNet*,
 2021 WL 5299247 (D. Del. 2021) ......................................................................................5

*RPost Holdings, Inc. v. Sophos, Inc.*,
 No. 2:13-CV-959-JRG, 2014 WL 10209205 (E.D. Tex. Aug. 20, 2014)........................1, 4

*Save Power Ltd. v. Syntek Fin. Corp.*,
 121 F.3d 947 (5th Cir. 1997) ..............................................................................................4

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
 657 F.3d 1349 (Fed. Cir. 2011)...........................................................................................5

*Texas Instruments, Inc. v. Micron Semiconductor, Inc.*,
 815 F. Supp. 994 (E.D.Tex.1993)....................................................................................3, 4

*Tiller v. Atl. Coast Line R.R. Co.*,
 323 U.S. 574 (1945)............................................................................................................3

# TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
|---|---|
| RDIMM | Registered DIMM or Registered Dual In-line Memory Module |
| LRDIMM | Load Reduced DIMM or Load Reduced Dual In-line Memory Module |
| HBM | High-Bandwidth Memory |
| JDLA | Joint Development and License Agreement |
| Breach Action | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-cv-00993-MCS (C.D. Cal.) |
| Delaware Case | *Samsung Electronics Co., Ltd., et al. v. Netlist, Inc.*, Case No. 1:21-cv-01453 (D. Del.) |
| Original Delaware Patents | Patents at issue in the Delaware Case but not this case; including U.S. Patent Nos. 10,217,523, 10,474,595, 9,858,218, and 7,619,912 |
| Overlap Patents | Patents at issue in both the Delaware Case *and* this case; including U.S. Patent Nos. 10,860,506, 10,949,339, and 11,016,918, and 11,232,054 |
| New Texas Patents | Patents at issue in this case but not the Delaware Case; including U.S. Patent Nos. 8,787,060 and 9,318,160 |

The same dispute involving the Overlap Patents is currently pending in both this Court and Delaware. The question now is which court should resolve this conflict. Under the governing case law from the Fifth Circuit and this Court cited in Samsung's opening brief, the answer is the first-filed court, the District of Delaware. As this Court has stated, "this Court simply may not, consistent with the principles of comity and conservation of judicial resources, usurp the first-filed court's role." *RPost Holdings, Inc. v. Sophos, Inc.*, No. 2:13-CV-959-JRG, 2014 WL 10209205, at *1 (E.D. Tex. Aug. 20, 2014); *see also Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 605 (5th Cir.1999) ("Once the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] was no longer up to the [second-filed court] to resolve the question of whether both should be allowed to proceed.").

Netlist's opposition does not discuss these cited cases. Instead, citing irrelevant case law, it asks this Court to decide the same question pending before the Delaware court—whether Samsung's amended complaints in Delaware relate back to its original complaint in Delaware—thereby usurping the first-filed court's role and asking this Court to evaluate the scope of pleadings in another action. While Netlist purports to challenge the sole question before this Court ("substantial overlap"), it cannot and does not refute the undeniable overlap given that both cases involve mirror-image claims of infringement and non-infringement of the Overlap Patents. That is why its brief improperly focuses on the relation-back question that is the province of the Delaware court. This Court should grant Samsung's motion so Judge Andrews can decide relation back. This result is most proper and efficient in permitting the first-filed court to consider and decide the relation-back issue while not prejudicing Netlist with respect to its non-overlapping case, which can proceed on the current schedule, or even its overlapping case, which will proceed either in Delaware or here once Judge Andrews rules.

A.     **THERE IS A LIKELIHOOD OF SUBSTANTIAL OVERLAP BETWEEN THE ORIGINAL DELAWARE PATENTS AND THE OVERLAP PATENTS**

Netlist focuses on alleged differences it says are relevant to relation back, but that is not the test. Critically, Netlist does not dispute the key points of overlap: (1) the Overlap Patents are themselves at issue in both cases;[1] (2) the parties for the two sets of claims are substantially the same; (3) all of the patents concern memory modules; (4) the patents share common named inventors; (5) both sets of claims involve Samsung RDIMM and LRDIMM products; (6) the relevant time periods between the two sets of claims substantially overlap; (7) all of the patents are allegedly essential to JEDEC standards; (8) all of the patents implicate Samsung's RAND-based breach of contract claim including evaluation of Netlist's recent purported RAND offer; and (9) many of the same witnesses and documents, including manufacturing and sales data, will be required for both sets of patents. *See* opening brief at 5-8.

Netlist's opposition itself demonstrates substantial overlap. The chart on page 5 *admits* overlap with respect to accused DDR4 LRDIMMs, relies on an erroneous distinction between DDR4 and DDR5 (addressed below), and also relies on differences between the Original Delaware Patents and the *New Texas Patents* asserted against HBM products. That too supports Samsung's motion: the New Texas Patents involve different technology and different accused products. They should be severed and proceed to trial here. Netlist also admits (at 7) the Original Delaware Patents "read on technology that is generically applicable to *all* DIMMs" (emphasis added). This means the Original Delaware Patents relate to the same technology as the Overlap Patents because all focus on DIMMs. Furthermore, Netlist admits (at 13) that the Original Delaware Patents and the Overlap Patents both implicate JEDEC standards (only

---

[1] The Overlap Patents are themselves relevant because *Cadle* requires examination of "likelihood of a substantial overlap between the two *suits*," which here both include the Overlap Patents. *See Cadle*, 174 F.3d at 605 (emphasis added).

asserting that "different sections" are involved). And the chart on page 9 shows a substantial overlap in witnesses: inventors Hyun Lee and Jeffrey C. Solomon and prosecuting attorney Jamie Zheng. Netlist also does not deny Samsung's claim on the '054 patent was filed first.

Netlist's central argument against relation back is its assertion that most of its claims here involve DDR5 while it says Samsung's action on the Original Delaware Patents is limited to DDR4. That is not so, as already fully briefed in Delaware. Samsung has argued to Judge Andrews that Samsung's First Amended Complaint is the operative complaint, and in it Samsung's claims on the Original Delaware Patents involve *both* DDR4 and DDR5 products. Delaware Case, Dkt. 14 ¶ 58 (Ex. 1). The DDR5 standards adopt the same or similar DDR4 features accused of infringing the Original Delaware Patents, and Samsung's First Amended Complaint seeks a declaration its DDR5 products do not infringe. *Id*. ¶¶ 149, 160, 172, 185. Under Delaware precedent, that fact supports relation back. *E.g.*, *Intel Corp. v. Amberwave Systems Corp.* 233 F.R.D. 416, 418-19 (D. Del. 2005).[2]

Netlist's narrow focus is also inconsistent with relation-back law. "The Supreme Court has interpreted the relation back doctrine liberally, to apply if an amended pleading 'relate[s] to the same general conduct, transaction and occurrence' as the original pleading." *Anza Tech., Inc. v. Mushkin, Inc.*, 934 F.3d 1359, 1364 (Fed. Cir. 2019) (quoting *Tiller v. Atl. Coast Line R.R. Co.*, 323 U.S. 574, 580-81 (1945)). Even more importantly, the *threshold* question of which court should decide relation back requires an even lower showing of overlap. *E.g.*, *Texas*

---

[2] Since Netlist is attempting to litigate the merits, it even submits an expert declaration. However, that declaration is unavailing because it focuses on minute details that are (at best) relevant to relation back. The expert does not deny any of the points of overlap discussed above. He also makes a critical, erroneous assumption—that the action on the Original Delaware Patents is limited to DDR4—which is belied by the pleadings discussed above. *See* Mangione-Smith Decl. ¶ 11 ("I also understand . . . Samsung is seeking a declaration of non-infringement for all its 'Samsung DDR4 Memory Modules'"). That faulty assumption undermines his analysis.

3

*Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D.Tex.1993) ("The cases need not be identical"); *Cadle*, 174 F.3d at 602. The threshold question also requires only a "likelihood" of substantial overlap. *RPost*, 2014 WL 10209205, at *2; *Cadle*, 174 F.3d at 605.

**B.  ONCE THE "SUBSTANTIAL OVERLAP" THRESHOLD IS CROSSED, RELATION BACK SHOULD BE DECIDED BY THE FIRST-FILED COURT**

Netlist does not challenge Samsung's cited authority that "once the 'substantial similarity' threshold is crossed, the first-to-file rule accords the first-filed court the responsibility to determine which case should proceed." *RPost*, 2014 WL 10209205, at *1 (citing *Texas Instruments*, 815 F. Supp. at 999). This is dispositive. Netlist's cited cases also do not help its argument. Its main case—*In re ASM International, N.V.*, 774 F. App'x 650 (Fed. Cir. 2019)—is an unpublished decision denying a *mandamus* position on the ground that the Federal Circuit "generally defer[s] to a district court's reasoned assessment" of first-to-file. *Id.* at 652. *ASM* thus does not require any result. It also does not address relation-back—let alone a situation where the same patents are at issue in two cases—nor does it address the Fifth Circuit's rule that the first-filed court should decide relation back. The same is true of all of Netlist's other cases, which go to the merits, rather than which forum should decide relation back.

**C.  NETLIST'S SUIT AGAINST SEA IS IRRELEVANT**

Netlist also says Samsung's motion should be denied because Samsung's subsidiary SEA is not part of the Delaware case. This argument is unavailing because the first-to-file rule does not require complete identity of parties. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 951 (5th Cir. 1997) ("Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action."); *Good Sportsman Mktg. LLC v. Testa*

4

*Assocs., LLC*, No. 6:05CV90, 2005 WL 2850302, at *3 (E.D. Tex. 2005).[3]

## D. NETLIST'S NEW SUIT AGAINST MICRON IS IRRELEVANT

Netlist has sued Samsung and competitor Micron on different patents in different venues. For example, Netlist currently has two cases against Micron in West Texas. *See* Case Nos. 1-22-cv-00134 (WDTX); 1-22-cv-00136 (WDTX). However, after Samsung filed this motion Netlist sought a one-week extension, which Samsung did not opposed as a normal courtesy. But Netlist apparently requested such an extension to permit time to file a new action against Micron on the day its Opposition was originally due, asserting the same patents to try to anchor the case to Texas. Netlist was in such a hurry it even forgot to sign its Complaint. Netlist's efforts are futile, however, because they do not change the fact that the Delaware court should be permitted to decide relation back. Also, actions taken after the complaint are generally irrelevant. *E.g.*, *Longhorn HD LLC. v. Juniper Networks, Inc.*, No. 2:21-CV-00099-JRG, 2021 WL 4243382, at *2 (E.D. Tex. 2021); *see also Roku v. AlmondNet*, 2021 WL 5299247, at *5 (D. Del. 2021).

## E. NETLIST ADDRESSES THE WRONG STAY ARGUMENTS

Netlist does not dispute Samsung's cases establishing this Court's authority to sever and stay in order to allow the Delaware court the opportunity to decide venue. Instead, Netlist argues the merits again, rather than addressing which court should decide the issue. Most importantly, Netlist does not address Samsung's core argument that a stay is needed while the first-filed court decides relation back, and severance is appropriate so the New Texas Patents can proceed.

---

[3] Moreover, Netlist says (at 14) it has sued SEA as a *user* (*i.e.*, a customer) of the accused products. Under the "customer-suit exception" to the first filed rule, a declaratory judgment action "brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) (internal citation omitted). Indeed, such customer suits should typically be stayed in favor of a manufacturer suit. *In re Nintendo of Am. Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014).

| | |
|---|---|
| Date: June 27, 2022 | Respectfully submitted, |

*/s/ Francis J. Albert*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Matthew Mosteller
CA Bar No. 324808
mosteller@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Katherine Reardon
NY Bar No. 5196910
kreardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Tony Nguyen
TX Bar No. 24083565
nguyen@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street, Ste. 2800
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile:  (713) 652-0109

6

        Melissa Richards Smith
        melissa@gillamsmith.com
        GILLAM & SMITH, LLP
        303 South Washington Ave.
        Marshall, Texas 75670
        Telephone:  (903) 934-8450
        Facsimile:   (903) 934-9257

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

7

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on June 27, 2022.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                                     */s/ Francis J. Albert*