**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:21-CV-463-JRG |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC., SAMSUNG SEMICONDUCTOR, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF NETLIST, INC.'S SUR-REPLY IN OPPOSITION TO**
**DEFENDANTS' MOTION TO SEVER AND STAY PATENTS**
**AT ISSUE IN DELAWARE (ECF NO. 26)**

## TABLE OF CONTENTS

**Page**

I.      The Eastern Texas Case Is the First Filed Action as to the Texas Patents ............................1

II.     There Is No Substantial Overlap ...............................................................................2

III.    The Delaware Action Would Not Afford Netlist Complete Relief............................................4

IV.     Other Factors Warrant Denial of Stay .........................................................................5

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anza Tech., Inc. v. Mushkin, Inc.*,
934 F.3d 1359 (Fed. Cir. 2019)..................................................................................................2

*In re ASM International, N.V.*,
774 Fed. App'x. 650 (Fed. Cir. 2019) .............................................................................1, 2, 3, 5

*Cadle Co. v. Whataburger of Alice, Inc.*,
174 F.3d 599 (5th Cir. 1999).....................................................................................................1

*Datamize, Inc. v. Fid. Brokerage Servs., LLC*,
2004 WL 1683171 (E.D. Tex. Apr. 22, 2004) ...........................................................................4

*Freeman v. Nw. Acceptance Corp.*,
754 F.2d 553 (5th Cir. 1985).....................................................................................................4

*Genentech, Inc. v. Eli Lilly*,
998 F.2d 931 (Fed. Cir. 1993)...................................................................................................5

*Halo Elecs., Inc. v. Bel Fuse Inc.*,
2008 WL 1991094 (N.D. Cal. May 5, 2008) .............................................................................1

*Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*,
599 F.3d 1377 (Fed. Cir. 2010).................................................................................................2

*Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*,
665 F.3d 671 (5th Cir. 2011).....................................................................................................5

*RPost Holdings, Inc. v. Sophos, Inc.*,
2014 WL 10209205 (E.D. Tex. Aug. 20, 2014) ........................................................................4

*Save Power Ltd. v. Syntek Fin. Corp.*,
121 F.3d 947 (5th Cir. 1997).....................................................................................................4

*In re Vistaprint*,
628 F.3d 13425 (Fed. Cir. 2010) ..............................................................................................5

*In re XConnect, LLC*,
2021 WL 5230758 (Fed. Cir. Nov. 10, 2021) ...........................................................................5

## I.     The Eastern Texas Case Is the First Filed Action as to the Texas Patents

Samsung argues that this Court has no authority and must abdicate its jurisdiction because Samsung improperly amended Samsung's original unrelated Delaware Complaint to add the Texas Patents.  This is the exact opposite of the rule in both the Fifth Circuit and the Federal Circuit. Samsung claims this Court is the "last" filed suit (Netlist disagrees, but this is Samsung's motion). Under Samsung's theory, *this Court* makes the decision whether there is substantial overlap between the two cases:  "Under the first-to-file rule, when related cases are pending before two federal courts, **the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap**[.]."  *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (emphasis added).  *In re ASM International, N.V.*, 774 Fed. App'x. 650 (Fed. Cir. 2019) likewise involved a determination by a last-filed court—which Samsung identifies as this Court—that the first-to-file rule did not apply because of an absence of substantial overlap between the two patent cases.

Samsung's Reply accuses Netlist of "improperly focus[ing] on the relation-back question." Reply at 1 (Dkt. 53).  This is bizarre.  Samsung conceded in its Motion that the Texas Patents are *only* first filed in Delaware *under a relation back analysis*:  "[T]he Delaware case takes precedence as to the Overlap Patents under the relation back doctrine[.]" Mot. at 6 (Dkt. 26).

Samsung now runs away from its relation back analysis because it cannot satisfy the standard. Samsung contends that because it has brought copycat claims on the Texas Patents in Delaware, Delaware is somehow the first-filed action as to the Texas Patents.  Nonsense.  Samsung added the Texas Patents to its Delaware suit *nearly a month after* Netlist brought this Action.   Courts consistently reject this type of procedural gamesmanship.  *See, e.g.*, *Halo Elecs., Inc. v. Bel Fuse Inc.*, 2008 WL 1991094, at *2 (N.D. Cal. May 5, 2008) (first-to-file rule inapplicable where defendant "did not move to amend its complaint . . . to add claims for declaratory relief on the Halo patents until after the filing date of the present action").  And there is a good reason for rejecting this trick.  It is settled

law that a relation back analysis must examine the state of affairs at the time the ***original*** complaint was filed.[1]  *Anza Tech., Inc. v. Mushkin, Inc.,* 934 F.3d 1359, 1364 (Fed. Cir. 2019), which applies the relation back doctrine, is of no help to Samsung.  Unlike here, *Anza* involved an amended complaint that asserted two patents that "claim priority to the same U.S. provisional application" as the original patent.  This was insufficient to establish relation back; instead the Federal Circuit further instructed that a detailed technical analysis occur.  Samsung does not point to any Federal Circuit decision that has ever found relation back when patents are in different families.

## II.    There Is No Substantial Overlap

**PMIC Patents**: The PMIC Patents and Original Delaware Patents have different priority dates, parent patents, prior art, specifications, and are directed at entirely different technologies.  Opp. at 4-9.  Under *ASM*, there is no substantial overlap.  Ignoring the express ruling of *ASM*, Samsung argues that any overlap in products creates a substantial relation.  This is not the law.  But even applying Samsung's incorrect standard, the motion should still be denied.  Samsung ignores that the Original Delaware Complaint only involved DDR4, and thus the PMIC Patents which are directed solely at DDR5 do not create substantial overlap.  Samsung argues that it amended its Delaware complaint to include DDR5 in its First Amended Complaint ("FAC").  Reply at 2.  Samsung's FAC was filed ***after*** the Texas suit.  In a relation back analysis, the Original Delaware Complaint controls.

**Distributed Buffer Family**:  The fact that the Distributed Buffer Family patents involve a subset of the DDR4 products at issue in Delaware does not create substantial overlap.  The Federal Circuit's analysis is clear as day: when there are "different asserted patents, claim terms, and technology" at issue, the first-to-file rule does not apply.  *ASM*, 774 F. App'x at 652.  This is the case

---

[1] *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1384 (Fed. Cir. 2010) ("[IT's] supplemental complaint did not establish an actual controversy at the time of the original pleading, and that jurisdiction based on subsequent events did not relate back to . . . the initial complaint.").

*even when* the "same products" are at issue in both cases.  Samsung argues that *ASM* "does not require any result" here because the Federal Circuit deferred to the district court's discretion.  Reply at 4.  This is an odd argument; the first-to-file rule is a discretionary doctrine.

Samsung's other arguments are make-weight.  ***First***, Samsung argues that Netlist admits that "the Original Delaware Patents 'read on technology that is generically applicable to *all* DIMMs.'" Reply at 2.  Not so.  The Original Delaware Patents do not apply to either DDR5 or HBM products. Like the products at issue in *ASM*, DIMMs "are highly complex and involve multiple different technologies." 774 F. App'x at 651.  ***Second***, Samsung argues that Netlist admits the Original Delaware Patents and the Texas Patents "both implicate JEDEC standards."  Reply at 2.  But Samsung does not dispute that the two sets of patents implicate ***different*** JEDEC standards "developed at different times with different development and voting history," meaning a different factual and legal analysis will apply with respect to the applicability of these standards.  Opp. at 13.  Samsung's argument that both sets of patents "implicate Samsung's RAND-based breach of contract claim" is likewise off-point.  Reply at 2.  Netlist asserted no breach of contract claims in Texas; and Samsung did not raise a RAND-based breach of contract counterclaim or defense in Texas.  *See generally* Dkt. 25.  Regardless, Samsung does not dispute either that (1) RAND obligations are patent specific or (2) the Texas Patents and Original Delaware Patents are from completely different patent families.  Opp. at 13.  ***Third***, Samsung argues that the two cases will involve similar witnesses.  Reply at 3.  The few common witnesses would testify as to ***different*** technologies as to the Original Delaware Patents and the Texas Patents.  Further, some witnesses, including Jamie Zheng and Hyun Lee, are also witnesses for the HBM patents which Samsung concedes should proceed before this Court.  Opp. at 9.  Samsung has not identified a single overlapping Samsung witness between the two cases.

Courts in this district have declined to apply the first-to-file rule where cases involve different patents, even if those patents are related in various ways.  *E.g. Datamize, Inc. v. Fid. Brokerage Servs.,*

*LLC*, 2004 WL 1683171, at *8 (E.D. Tex. Apr. 22, 2004) (the two cases involving different patents are not substantially related even though the patents share the same inventor, specification, drawings, prosecuting attorneys, and expiration dates).  Samsung primarily relies on *RPost Holdings, Inc. v. Sophos, Inc.*, 2014 WL 10209205 (E.D. Tex. Aug. 20, 2014), but unlike here, the defendant's original complaint in *RPost* and the second filed suit involved the **exact same patents.**  *Id.* at *1.

## III.    The Delaware Action Would Not Afford Netlist Complete Relief

Here, Netlist's FAC pled that SEA is directly infringing.  Dkt. 23 ¶¶ 6, 12.  It is undisputed that SEA is not a current party in the Delaware Action and cannot be sued there.  Netlist's Opposition cited substantial authority that the first-to-file rule is inapplicable where the allegedly first case will not afford complete relief.  Opp. at 14; *see Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553 (5th Cir. 1985) (subsidiary must be part of suit when it "becomes more than a key witness whose testimony would be of inestimable value. Instead [it] emerges as an active participant in the alleged conversion").

Samsung's Reply simply announced that the "first-to-file rule does not require complete identity of parties."  Reply at 4.  This ignores the express guidance of the Federal Circuit and the Fifth Circuit:  the absence of complete relief in a district, and the inability to include a named party in a district, weighs heavily against a finding of substantial overlap.  The Fifth Circuit holds that a missing party can only be discounted when "complete relief was nevertheless available in [the first] forum and the missing parties probably could be made parties to the action in that forum."  *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 951 (5th Cir. 1997) (citation omitted).  The Federal Circuit holds the same: "the trial court's discretion tempers the preference for the first-filed suit, when such preference should yield to the forum in which all interests are best served. . . . Such reason may be the convenience and availability of witnesses, **or absence of jurisdiction over all necessary or desirable parties**, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest."  *Genentech, Inc. v. Eli Lilly*, 998 F.2d 931, 938 (Fed. Cir. 1993) (emphasis added).

## IV.    Other Factors Warrant Denial of Stay

Finally, the Reply ignores the additional factors that must be weighted when determining if the first-to-file rule even applies: (1) adjudicating the Texas Patents and the Original Delaware Patents together against all defendants would be unmanageable; (2) Texas has a far greater interest in resolving this dispute because many witnesses and documents are located here and none in Delaware; (3) there will be no conflict between the two cases because this dispute will reach resolution sooner; and (4) there is another case pending in this district against Micron involving the Texas Patents and similar products.  Opp. at 15.  Samsung argues that Judge Andrews should decide **any** forum issues, but both the Fifth Circuit and the Federal Circuit hold that, when assessing the applicability of the first-to-file rule, the alleged second court (as Samsung argues this Court is here) must consider "the comparative advantage and the interest of each forum in resolving the dispute." *ASM*, 774 F. App'x at 652; *see also Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (same).

For the fourth factor (the pending suit against Micron relating to the same patents), Samsung argues that "actions taken after the complaint are generally irrelevant."  Reply at 5.  As an initial matter, this confirms why Samsung's filing of the copycat declaratory judgment claims on the Texas Patents in Delaware after this suit cannot be used to make the Delaware action first-filed.  Moreover, the Federal Circuit expressly holds that related action in a jurisdiction involving the **same** patents but different parties is a factor that weighs in favor of that jurisdiction.  *See In re Vistaprint*, 628 F.3d 1342, 1344-45 (Fed. Cir. 2010); *In re XConnect, LLC*, 2021 WL 5230758, at *1 (Fed. Cir. Nov. 10, 2021).

The rest of Samsung's argument regarding *Micron* is puffery.  Netlist's W.D. Tex. proceedings against Micron are stayed and relate to entirely different patents. Further, Micron has a major facility in East Texas.  *Netlist, Inc. v. Micron Tech. Inc.*, No. 22-cv-203, Dkt. 4 ¶ 14 (E.D. Tex. June 10, 2022). The process of preparing the Micron complaint, which runs 71 pages, was detailed and long.  The process started long before the motion to stay was filed.

Dated: July 5, 2022

Respectfully submitted,

*/s/ Jason Sheasby*
_____

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on July 5, 2022, a copy of the foregoing was served to all counsel of record.

_/s/ Jason Sheasby_
Jason Sheasby