UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>　　　　　　Defendants. | Civil Case No. 2:21cv463-JRG<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S MOTION TO STAY PENDING**
**<u>INTER PARTES REVIEW AND NINTH CIRCUIT APPEAL</u>**

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................ 1

I.  FACTUAL BACKGROUND ...................................................................................... 3

    A.  THE PARTIES' LICENSE AGREEMENT AND PARALLEL LITIGATION .... 3

    B.  THE CURRENT DISPUTE AND PENDING *INTER PARTES* REVIEW ........... 5

II.  LEGAL STANDARD ................................................................................................. 6

III.  ARGUMENT ............................................................................................................. 8

    A.  A Stay Pending IPR at This Stage Will Significantly Simplify Issues Without Causing Undue Prejudice ..................................................................................... 8

        1.  A Stay Will Significantly Simplify or Eliminate Issues ............................ 8

        2.  Netlist Will Not Suffer Undue Prejudice from a Stay ............................. 10

        3.  The Stage of the Case Weighs in Favor of a Stay.................................... 11

    B.  If Samsung Prevails in its Ninth Circuit Appeal, This Case Would Be Immediately Rendered Moot ............................................................................. 12

CONCLUSION................................................................................................................. 15

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Astec America, Inc. v. Power-One, Inc.*,
No. 6:07-cv-464, 2008 WL 11441994 (E.D. Tex. July 15, 2008) ..........................................14

*Aylus Networks, Inc. v. Apple Inc.*,
856 F.3d 1353 (Fed. Cir. 2017) ............................................................................................10

*Comer v. Murphy Oil USA, Inc.*,
718 F.3d 460 (5th Cir. 2013) ................................................................................................13

*Customedia Techs. v. Dish Network Corp.*,
No. 2:16-CV-129,2017 ......................................................................................................6, 7

*Cywee Grp. Ltd. v. Samsung Elecs. Co.*,
No. 2:17-CV-140, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) ........................................11

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
No. 2:15-CV-00011, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016) .................................6, 12

*Finjan, Inc. v. Symantec Corp.*,
139 F. Supp. 3d 1032 (N.D. Cal. 2015) ...................................................................................7

*Heuft Systemtechnik, GmbH v. Videojet Sys. Intern., Inc.*,
No. 93 C 0935, 1993 WL 147506 (N.D. Ill. May 6, 1993) ......................................................8

*Intellectual Ventures II LLC v. Bitco General Ins. Corp.*,
No. 6:15-CV-59, 2016 WL 4394485 (E.D. Tex. May 12, 2016) ..............................................8

*Lochner Techs., LLC v. Lenovo Inc.*,
No. 2:10-cv-430-JRG, 2013 WL 12172638 (E.D. Tex. July 24, 2013)............................12, 14

*Michael v. Ghee*,
325 F.Supp.2d 829 (N.D. Ohio 2004)....................................................................................15

*Netlist Inc. v. Samsung Elecs. Co., Ltd.*,
No. 22-55247, Dkt. 11 (9th Cir. June 6, 2022) ........................................................................3

*Netlist, Inc. v. Micron Tech., Inc. et al.*,
No. 1:22-cv-00136-LY, Dkt. 68 (W.D. Tex. May 11, 2022).....................................................7

*NFC Tech. LLC v. HTC Am.*,
No. 2:13-CV-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ...........................7, 8, 9, 10

*Nichia Corp. v. Mary Elle Fashions, Inc.*,
  No. 2:16-CV-615-JRG, 2016 WL 9558954 (E.D. Tex. Dec. 22, 2016) ...................................14

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
  Case No. 6:13-CV-384, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) ....................................11

*Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*,
  170 F.3d 1373 (Fed. Cir. 1999)................................................................................................13

*Stafford v. Rite Aid Corp.*,
  No. 3:17-cv-01340-AJB-JLB, 2020 WL 4366014 (S.D. Cal. July 30, 2020) ........................14

*Trinity Indus., Inc. v. 188 L.L.C.*,
  No. Civ. 3:02–CV–405–H, 2002 WL 1315743 (E.D. Tex. 2002)...........................................14

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
  No. 2:16-CV-642, 2017 WL 9885168 (E.D. Tex. June 13, 2017) ............................................9

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014)........................................................................................10, 12

*West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*,
  751 F.2d 721 (5th Cir. 1985) ...................................................................................................8

*Wi-LAN, Inc. v. LG Elecs., Inc.*,
  No. 3:17-CV-358, 2018 WL 2392161 (S.D. Cal. May 22, 2018) .............................................7

*Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*,
  341 F.Supp.2d 639 (N.D. Tex. 2004) ........................................................................................8

**Statutes**

35 U.S.C. § 316(a)(11).................................................................................................................6

**Other Authorities**

*Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680–01 (Aug. 14, 2012) (codified at 37 C.F.R. pt. 42) ..............................................................................11

## INTRODUCTION

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc., (individually and collectively, "Samsung") respectfully move the Court to stay the above-captioned litigation until the later of (1) the conclusion of *inter partes* review by the Patent Trial and Appeal Board relating to all six asserted patents (including the nearly 120 asserted claims) in this case: U.S. Patent Nos. 10,860,506, 10,949,339, 11,016,918, 11,232,054, 8,787,060, and 9,318,160 (the "Asserted Patents", Dkt. 23 at Exs. 1-6) and (2) the resolution by the Ninth Circuit of a pending appeal relating to whether Samsung continues to hold a license to the Asserted Patents (which is a dispositive issue in this case).

Samsung and Netlist entered into an agreement in 2015 providing Samsung a license to Netlist's patents, including the Asserted Patents.  Later Netlist became unsatisfied with this agreement so it purported to terminate the license, alleging that Samsung breached certain provisions in the agreement.  Samsung objected to that supposed termination but the Central District of California granted summary judgment that Netlist properly terminated the license.  A jury would later award zero damages for one alleged breach, and the court found no compensable damages (except nominal damages) for the other alleged breach.  Samsung has appealed the district court's grant of summary judgment to the Ninth Circuit.  The issue of that license, and Netlist's termination, is a central issue in this case even though it continues to be litigated in the Ninth Circuit.  Briefing at the Ninth Circuit is underway with a decision expected shortly after the trial date in this case.  Samsung has requested that the Ninth Circuit reverse the judgment of the district court and hold that the license was not properly terminated, such that Samsung remains licensed to all asserted patents in this case.  Barring that, Samsung has requested that the Ninth Circuit remand the case for a jury trial on the issue of whether the license was properly

terminated, placing the overlapping issue of the scope and execution of Samsung's license before another jury.  We respectfully submit that a stay should be granted for this reason alone.

There is another independent reason that favors stay here.  Samsung has now filed six IPR petitions with the PTAB seeking review of all claims of the Asserted Patents.  Samsung filed two IPRs against the '339 and '506 patents in March 2022 before even answering the complaint.  Samsung filed two additional IPRs in May 2022 within two weeks of receiving infringement contentions on the '918 and '054 patents.  Samsung just days ago two filed IPRs on the '060 and '160 patents, less than four months after Netlist first added these patents to this case.  Samsung's IPR petitions challenge the patentability of all of the asserted claims.  Samsung has been remarkably diligent preparing and filing these IPRs.

The Ninth Circuit appeal will eliminate liability in this case entirely.  Aside from that, the IPRs will also significantly narrow the scope of the present litigation—IPRs on patents in the same family as some of those asserted have already held claims invalid.  Additionally, Netlist's statements in these IPR proceedings will be relevant to issues here, including issues of claim construction, the hearing for which is not until October.  Netlist faces no prejudice by a stay because it has a history of licensing its patents, and if any case remains after the Ninth Circuit appeal and/or the IPRs, it would be able to proceed here with its claim for damages.

The factors the Court considers in evaluating the propriety of a stay—the simplification of pending issues, state of the proceedings, and risk of undue prejudice to the plaintiff—all weigh in favor of a granting a stay.  In light of the filing yesterday of petitions for *inter partes* review, we respectfully request now that the Court stay this case until the later of the resolution of the Ninth Circuit appeal and the pending IPR petitions.

I.      **FACTUAL BACKGROUND**

A.      **THE PARTIES' LICENSE AGREEMENT AND PARALLEL LITIGATION**

Samsung manufactures and sells (among many other things) memory products, including DRAM and NAND memory.  Netlist has been purchasing memory products from Samsung since 2001.  *Netlist Inc. v. Samsung Elecs. Co., Ltd.*, No. 22-55247, Dkt. 11 at 1 (9th Cir. June 6, 2022) (attached as Ex. 1).  In 2015, Samsung and Netlist signed a Joint Development and License Agreement ("JDLA") that principally addressed two items: (1) the parties' joint development of a new memory module called NVDIMM-P, and (2) the parties' exchange of patent cross-licenses.  *Id*.

As to the exchange of patent-cross licenses, the JDLA granted a license to all Netlist patents.  *Id*. at 7-8.  The JDLA defines the parties' "Licensed Patents" broadly to mean "any and all Patents owned or controlled by [the party] or any of its Subsidiaries" and Samsung's "Licensed Products" to mean "all semiconductor products manufactured or have manufactured by or for Samsung or its Subsidiaries."  *Id*. at 9.  Further, the agreement states that Netlist and Samsung each "grant" to the other perpetual patent licenses and releases each party from patent-infringement liability arising from any prior infringing use.  *Id*.

Not content with that agreement, however, Netlist sued Samsung in 2020 in the Central District of California, alleging that Samsung breached two provisions of the 2015 JDLA.  First, Netlist alleged that Samsung violated JDLA section 6.2, which required Samsung to "supply NAND and DRAM products to Netlist on Netlist's request at a competitive price," claiming that the provision imposed on Samsung an unlimited obligation to supply all NAND and DRAM that Netlist requested for any purpose, not just for the NVDIMM-P product.  Ex. 1 at 1-2.  This was despite Netlist's CEO testifying that the negotiations only referenced NAND and DRAM as

components for the NVDIMM-P and despite Netlist's five years of audited 10-K annual reports to its shareholders and the Securities and Exchange Commission ("SEC") stating that Netlist had "no long-term … DRAM or NAND flash supply contracts."  *Id*. at 7, 10-11.  Second, Netlist alleged that Samsung breached JDLA section 3.1, which required Samsung to pay Netlist $8 million in fees, because Samsung withheld 16.5% of its payment to Netlist and remitted it to the Korean tax authority because Samsung reasonably believed Korean law required as much.  *Id*. at 2-3.  The Korean tax review body initially agreed, before a higher tribunal determined that no withholding was necessary.  *Id*.

Ultimately, the district court granted summary judgment that Netlist had properly terminated the license, an issue Samsung disputes and that is central to the Ninth Circuit appeal. *Id*. at 13-17.  The case then proceeded to a jury trial on only the element of damages.  The district court asked the jury whether Netlist "prove[d] that it suffered damages as a result of Samsung's failure to fulfill Netlist's orders for NAND and DRAM products in breach of Section 6.2," and the jury answered "No."  *Id*. at 16.  The district court found that the only damages claimed by Netlist for the alleged breach of JDLA Section 3.1 were barred consequential damages.  *Id*. at 17.  Despite the lack of compensatory damages, the district court still awarded Netlist nominal damages of $2 to Netlist and judgment in its favor.  *Id*. at 16-17

Samsung respectfully believes the district court's orders were in error under New York Law applicable to the JDLA.  Samsung has asked the Ninth Circuit to hold that Samsung did not breach the JDLA, and at the very least that any breach—which the jury and district court already concluded caused Netlist no compensable harm—was immaterial such that Netlist's termination of the JDLA (including Samsung's patent licenses) was improper.  *Id*. at 17-22.

4

A favorable resolution for Samsung would confirm Samsung is licensed, and would thus eliminate all Netlist's patent claims before this Court.  Alternatively, if the Ninth Circuit orders a new trial, the validity of Netlist's termination of Samsung's patent licenses would continue to be litigated, thus calling Netlist's patent claims here into substantial doubt.

**B.    THE CURRENT DISPUTE AND PENDING *INTER PARTES* REVIEW**

Netlist filed its complaint against Samsung on December 20, 2021, asserting infringement of three patents.  In that complaint, Netlist listed a fourth related application, claiming "Netlist intends to assert the allowed claims of App. No. 17/138,019 upon issuance against Samsung."  Dkt. 1 at ¶ 32.  The '019 application issued as U.S. Patent No. 11,232,054 on January 25, 2022 but Netlist waited another 3 1/2 months to assert the '054 patent.  Samsung answered the complaint regarding the '339, '506, and '918 patents on April 12, 2022.  Dkt. 16. On May 3, 2022, three weeks after Samsung has answered the complaint, Netlist served its first amended complaint finally alleging infringement of the '054 patent, plus two additional patents, the '060 and '160 patents.  Dkt. 23.  The next day, May 4, 2022, Netlist served infringement contentions on these newly added patents plus the three originally asserted patents.

Samsung has diligently filed IPRs in response to Netlist's allegations and has now filed IPRs on all asserted claims.  For the two asserted patents, the '339 and '506 patents, Samsung filed IPRs on March 2 and March 22, 2022 respectively, before answering the complaint.  For the '918 patent asserted in the original complaint and the '054 patent mentioned but not asserted in the original complaint, Samsung filed IPRs within two weeks of receiving Netlist's infringement contentions.  As to the two remaining patents, the '060 and '160 patents, Netlist failed to mention or assert these in its original complaint, and instead waited nearly six months into the case to assert these patents against Samsung.  Samsung nevertheless filed IPRs within four months of receiving Netlist's amended complaint that first asserted these additional patents.

5

Accordingly, with the filing of the IPRs against the late added '060 and '160 patents,

Samsung has now filed IPRs challenging all asserted claims in the case.

| IPR Case No. | Patent | Challenged Claims | Actual Filing Date | Notice of Filing Date Accorded | Institution Decision Deadline |
|---|---|---|---|---|---|
| IPR2022-00639 | '339 | All | March 2, 2022 | April 21, 2022 | October 21, 2022 |
| IPR2022-00711 | '506 | All | March 22, 2022 | April 28, 2022 | October 28, 2022 |
| IPR2022-00996 | '918 | All | May 17, 2022 | June 9, 2022 | December 9, 2022 |
| IPR2022-00999 | '054 | All | May 17, 2022 | June 8, 2022 | December 8, 2022 |
| IPR2022-01428 | '060 | All | August 26, 2022 | Not yet available | Not yet available |
| IPR2022-01427 | '160 | All | August 26, 2022 | Not yet available | Not yet available |

The IPRs are attached as Exhibits 2-7. The PTAB will begin issuing its institution decisions on

Samsung's petitions in less than two months. Final decisions in the six IPR proceedings will

issue within one year of each petition's institution date. *See* 35 U.S.C. § 316(a)(11).

The Markman hearing is set for October 14, 2022; fact discovery closes on December 12,

2022; expert discovery ends on January 17, 2023; and dispositive motions are due January 23,

2023. Dkt. 34. Jury selection and trial are set well into next year, starting May 1, 2023. *Id.*

## II.    LEGAL STANDARD

The Court "has the inherent power to control its own docket, including the power to stay

proceedings before it." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-

00011, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016). In determining how to manage its

docket, the district court "must weigh competing interests and maintain an even balance."

*Customedia Techs. v. Dish Network Corp.*, No. 2:16-CV-129,2017 WL 3836123. at *1 (E.D.

Tex. Aug. 9, 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

The Court has inherent authority to stay an action where issues presented can be resolved

in a pending IPR. A stay pending IPR proceedings is especially justified where the outcome of

the proceedings will likely simplify the case by helping the court determine validity issues or eliminating the need to try infringement issues.  *Id*. (citing *NFC Tech. LLC v. HTC Am.*, No. 2:13-CV-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)).  When deciding whether to stay a case pending IPR, the court will consider "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court."  *NFC Tech*., 2015 WL 1069111, at *2. "Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation."  *Id.*

While not binding on this Court, other courts have granted stays while institution decisions from the PTAB are pending, particularly when the IPRs will clarify and streamline the issues for the court.  *See, e.g.,* Ex. 8, *Netlist, Inc. v. Micron Tech., Inc. et al.*, No. 1:22-cv-00136-LY, Dkt. 68 (W.D. Tex. May 11, 2022) (granting stay pending IPR before institution, noting "Micron's petitions cover all the asserted claims in each Asserted Patent, and the PTAB' s decisions may significantly streamline the issues before the court."); *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037-38 (N.D. Cal. 2015) (granting stay "pending a decision by the PTO concerning whether to institute IPR" and noting "[w]ere the Court to deny the stay until a decision on institution is made, the parties and the Court would expend significant resources on issues that could eventually be mooted by the IPR decision"); *Wi-LAN, Inc. v. LG Elecs., Inc.*, No. 3:17-CV-358, 2018 WL 2392161, at *2 (S.D. Cal. May 22, 2018) (granting a stay "pending the PTO's decisions regarding institution of [Defendant's] IPR petitions" finding that a "stay would further promote the interest of justice and judicial economy").

The Court also has inherent authority to stay an action where issues presented can be resolved in an earlier-filed action pending in another court. *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728–29 (5th Cir. 1985).  Indeed, a stay pending the outcome of litigation in another court is appropriate where the issues in the other court involve the same or controlling issues.  *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 341 F.Supp.2d 639, 642-46 (N.D. Tex. 2004) (granting a stay pending a case in C.D. Cal., noting "[i]ndeed, a stay pending the outcome of litigation in another court between the same parties, involving the same or controlling issues, is an appropriate means of avoiding unnecessary waste of judicial resources"); *Heuft Systemtechnik, GmbH v. Videojet Sys. Intern., Inc.*, No. 93 C 0935, 1993 WL 147506, at *2-4 (N.D. Ill. May 6, 1993) (staying litigation pending the outcome of a German litigation involving overlapping issues and parties, noting "both actions arise out of the same set of operative facts" and [s]uch a circumstance presents a compelling case for a stay").

## III.    ARGUMENT

### A.    A Stay Pending IPR at This Stage Will Significantly Simplify Issues Without Causing Undue Prejudice

Evaluation of the governing factors favors granting a stay pending the institution and results of Samsung's IPR petitions.  Granting a stay will simplify or dispose of the issues before the Court, not cause any prejudice to Netlist, and conserve this Court's and the parties' resources given the early stage of the case.

#### 1.    A Stay Will Significantly Simplify or Eliminate Issues

A stay may eliminate all the issues in this litigation.  "[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of the issues before the Court."  *NFC Tech.*, 2015 WL 1069111, at *4; *see also Intellectual Ventures II LLC v. Bitco General Ins. Corp.*, No. 6:15-CV-

59, 2016 WL 4394485, at *3 (E.D. Tex. May 12, 2016).  "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues."  *NFC Tech.*, 2015 WL 1069111 at *1 (internal quotations omitted); *see also Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:16-CV-642, 2017 WL 9885168, at *1 (E.D. Tex. June 13, 2017) ("[E]ven if the PTAB does not invalidate every claim on which it has instituted IPR, there is a significant likelihood that the outcome of the IPR proceedings will streamline the scope of this case to an appreciable extent.").

The pending IPR petitions address every asserted claim in all six Asserted Patents.  Thus, resolution of the IPR petitions will not only simplify the issues but may potentially dispose of this entire case.  This is especially true here where claims in the same patent families have been held invalid in other IPRs.  In IPR2018-00362 and IPR2018-00363, 63 of 65 claims were held invalid in U.S. Patent No. 9,606,907, which is the parent to the '336 patent.  (Ex. 9 (IPR2018-00362, Paper 29 at 92-93)).  In IPR2017-00692, all 15 claims were found unpatentable in U.S. Patent No. 8,874,831, a related patent to the '918 and '054 patents.  (Ex. 10 (IPR2017-00692, Paper 25 at 41)).  Likewise, a PTAB trial has been instituted in IPR2022-00236 for U.S. Patent No. 9,824,035, a related patent to the '506 patent.  (Ex. 11 (IPR2022-00236, Paper 16 at 35).

If the Court stays this case and the PTAB later invalidates the asserted claims of the Asserted Patents in the IPR proceedings, the Court and the parties will have saved significant costs, time, and resources that they would otherwise expend litigating this case now.  Even if only some of the claims are invalidated, the IPR proceedings will inform this Court on issues of construction of claim terms that may impact issues of infringement and invalidity.  *See NFC Tech.*, 2015 WL 1069111, at *7 (determining that even where all claims were not reviewed during IPR proceedings, "any disposition by the PTAB is likely to simplify the proceedings

before this Court"); *see also Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir.

2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after

an institution decision, can be relied upon to support a finding of prosecution disclaimer.").

Further, an immediate stay would allow the parties and the Court to avoid the burden and

expense of the claim construction briefing and hearing process, which has not yet begun.  If

Samsung's motion is denied, the time spent by the Court deciding claim construction issues may

be futile if the PTAB finds certain claims invalid or Netlist takes positions during the IPR

proceedings that impact claim scope, such as amending the claims.

### 2.    Netlist Will Not Suffer Undue Prejudice from a Stay

Netlist will not suffer undue prejudice if the Court stays the case.  "[W]hether the

patentee will be unduly prejudiced by a stay in the district court proceedings. . . focuses on the

patentee's need for an expeditious resolution of its claim."  *VirtualAgility Inc. v. Salesforce.com,*

*Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014).  Monetary relief will sufficiently compensate Netlist

for any purported damages, and a "stay will not diminish the monetary damages to which

[Netlist] will be entitled if it succeeds in its infringement suit—it only delays realization of those

damages. . . ." *Id.*  As this Court has determined, a delay of the vindication of patent rights alone

cannot defeat a motion to stay.  *See, e.g., NFC Techs.*, 2015 WL 1069111, at *2.

In contrast, Samsung will suffer undue prejudice without a stay by incurring the burden

of continuing to defend against infringement allegations of nearly 120 patent claims across six

patents that the PTAB may ultimately invalidate.  Without a stay, this case will advance toward

trial, and the parties and the Court will continue to invest significant time and resources in

preparing the case, especially as claim construction proceeds over the next few months.

Rather than cause prejudice, a stay will benefit both parties by allowing them to benefit

from the IPR system that Congress intended to aid courts as an essential part of an "efficient and

10

streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680–01 (Aug. 14, 2012) (codified at 37 C.F.R. pt. 42). This is particularly true here, where Samsung filed its IPR petitions promptly, well before the one-year statutory deadline, and Samsung's IPR petitions address all asserted claim.

### 3. The Stage of the Case Weighs in Favor of a Stay

Samsung has diligently pursued IPRs since the early stages of this case. Samsung started filing its IPR petitions before even answering the complaint. Samsung had filed IPR petitions for all three patents asserted in the original complaint either long before or within days of receiving Netlist's infringement contentions. As for the '060 and '160 patents added six months after the original complaint, Samsung filed its IPR petitions with four months of the first addition of those patents into this case. At this point, "[t]he most burdensome parts of the case . . . all lie in the future." *Cywee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-140, 2019 WL 11023976, at *1 (E.D. Tex. Feb. 14, 2019). Several months of work remain for the parties and the Court in this case, which favors granting Samsung's request for a stay. *See, e.g., Norman IP Holdings, LLC v. TP-Link Techs., Co.*, Case No. 6:13-CV-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) ("Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation") (internal citations omitted).

The claim construction hearing is not set until the middle of October and will occur just over two weeks before the institution decision deadline occurs for the first filed IPR petition. The case is also still in the early stages of fact discovery, with the close of fact discovery not set until the middle of December. Expert discovery has not begun, summary judgment is nearly five

months away, and trial is nine months away.  With the claim construction not set until the middle of October and the end of fact discovery not until the middle of December, the case is at an ideal stage for a stay.  *See, e.g., VirtualAgility Inc.*, 759 F.3d at 1317 (determining that a stay pending administrative review is proper where "there remained eight months of fact discovery, the joint claim construction statements had yet to be filed, and jury selection was a year away").  A stay would not only avoid relitigation of claim construction or discovery, but the final decisions of the PTAB may ultimately dispose of this entire case.

### B.    If Samsung Prevails in its Ninth Circuit Appeal, This Case Would Be Immediately Rendered Moot

The Court should similarly use its "inherent power to control its own docket, including the power to stay proceedings before it" to stay the current proceeding until the Ninth Circuit resolves the overlapping issue of whether Samsung remained licensed to the Asserted Patents. *Ericsson*, 2016 WL 1162162, at *1.  In deciding whether to stay litigation for a pending appeal in a parallel action, this Court has considered "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Lochner Techs., LLC v. Lenovo Inc.*, No. 2:10-cv-430-JRG, 2013 WL 12172638, at *1 (E.D. Tex. July 24, 2013). (granting a motion to stay pending an appeal in a parallel action).

A stay will simplify issues in question.  The issue of Samsung's license is an overlapping issue—Samsung has pled a license defense in this case.  Dkt. 25 at 40-43.  The briefing in the Ninth Circuit appeal is well underway and should be complete by November of this year with resolution of the appeal anticipated in the middle of 2023.  As such, the decision in the Ninth Circuit is expected sometime shortly after the trial in the current case.  Needless to say, if the Ninth Circuit agrees with Samsung, then the license would render Netlist's infringement suit

moot.  Because the Ninth Circuit appeal could resolve this case in its entirety, this Court should stay this action until the Ninth Circuit decides the issue.

Allowing this case to move forward with the parallel California case not fully resolved would result in this Court addressing the same issues as those pending in California.  Indeed, Netlist has raised the license issue here in the complaint asserting that "Samsung was a licensee of Netlist until July 15, 2020."  Dkt. 1 at ¶ 35.  But Samsung asserts that it continues to be licensed and that Netlist's termination was improper, an issue being addressed by the Ninth Circuit.  Any resolution in the Ninth Circuit will impact the significance of that agreement in the present case, such as by establishing that Netlist improperly terminated the license and that Samsung remains licensed to the Asserted Patents.

A stay is especially warranted here because, even though the Central District of California's decision is on appeal, Samsung is collaterally estopped from litigating the validity of Netlist's decision to terminate Samsung's patent license in this Court.  That is because collateral estoppel applies to a final district court judgment in federal court even if that judgment is on appeal.  *See Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013); *Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*, 170 F.3d 1373, 1380–81 (Fed. Cir. 1999).  Yet while Samsung will be foreclosed from relitigating the validity of Netlist's termination in this Court, it is obvious that "a second judgment based upon the preclusive effects of the first judgment should not stand if the first judgment is reversed."  18A Fed. Practice & Procedure § 4433.  Because Samsung will have no opportunity to litigate in this Court a dispositive issue that is currently on appeal in another court, the accepted approach is "staying trial and perhaps pretrial proceedings pending resolution of the appeal in the first action."  *Id.*

Not only is the Ninth Circuit appeal likely to resolve this case in its entirety, this case is further likely to trample on the issues currently being litigated in the Ninth Circuit.  Therefore, a stay will conserve judicial resources in allowing the Ninth Circuit to fully resolve the controlling issue of Samsung's license and avoiding a costly and burdensome pretrial and trial process.

This and other courts have similarly stayed proceedings in this context.  *Lochner*, 2013 WL 12172638, at *1-2  (granting a motion to stay pending an appeal in a parallel action); *Nichia Corp. v. Mary Elle Fashions, Inc.*, No. 2:16-CV-615-JRG, 2016 WL 9558954, at *2 (E.D. Tex. Dec. 22, 2016) (granting a motion to stay pending an appeal at the Federal Circuit with the same patent and similar accused products noting "[t]he Court finds that, under the facts at hand, there is a significant potential benefit and efficiency to be gained from a stay, with an acceptable level of downside risk in the form of prejudice or delay."); *Astec America, Inc. v. Power-One, Inc.*, No. 6:07-cv-464, 2008 WL 11441994, at *3 (E.D. Tex. July 15, 2008) (granting a motion to stay pending an appeal at the Federal Circuit in a related case with the same patents, noting "[u]ltimately, there are substantial legal issues on appeal that open the parties and Court to a high risk of costly duplicative litigation if the present case is not stayed" and "a stay is the most effective means of avoiding great risks of serious harm to the parties"); *Trinity Indus., Inc. v. 188 L.L.C.*, No. Civ. 3:02–CV–405–H, 2002 WL 1315743, at *3 (E.D. Tex. 2002) (granting a motion to stay pending an appeal in the 11th Circuit dealing with the same contract, noting "[i]t would be inefficient to proceed with this case only to find that the Illinois case was later remanded and that the parties were litigating the same issues in two separate cases"); *Stafford v. Rite Aid Corp.*, No. 3:17-cv-01340-AJB-JLB, 2020 WL 4366014, at *5 (S.D. Cal. July 30, 2020) (staying proceedings pending an appeal in another case to the Ninth Circuit of an order denying a motion to compel arbitration, noting "staying proceedings pending the appeals of related cases will serve

14

the interests of judicial economy and will help to clarify the issues and questions of law going

forward"); *Michael v. Ghee*, 325 F.Supp.2d 829 (N.D. Ohio 2004) (granting a stay pending a

Supreme Court appeal in another case, where the court weighed "the potentiality of another case

having a dispositive effect on the case to be stayed, the judicial economy to be saved by waiting

on a dispositive decision, the public welfare, and the hardship/prejudice to the party opposing the

stay, given its duration" and found that first, second, and third factors weighed in favor of a

stay).

As to whether a stay would unduly prejudice Netlist or present a clear tactical advantage

to the nonmoving party, it will not.  Again, Netlist has licensed its patents to others, including to

Samsung, so money damages are sufficient.  If the Ninth Circuit rules against Samsung, this case

could be re-started (assuming claims survive IPRs) and Netlist could proceed with its damages

claims.  Finally, as to the stage of the case, again, trial is nine months away and discovery does

not close for over 3 months.  The Markman hearing is not until the middle of October.  So the

case remains in its early stages.

## CONCLUSION

For all the reasons above, Samsung respectfully requests that the Court grant its motion

to stay this case until the later of a ruling in the Ninth Circuit on the license issues and a final

decision in the IPRs currently pending at the PTAB with respect to each of the asserted patents.

In the alternative, should the Court decide that this case does not justify a stay at this time,

Samsung requests that the Court deny this Motion without prejudice and order expedited briefing

on Samsung's anticipated post-institution stay motion after the PTAB issues its institution

decisions or in the event developments in the Ninth Circuit appeal warrant renewal.

Date: August 30, 2022

Respectfully submitted,

*/s/ Francis J. Albert*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Matthew Mosteller
CA Bar No. 324808
mosteller@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Katherine Reardon
NY Bar No. 5196910
kreardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Tony Nguyen
TX Bar No. 24083565
nguyen@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street, Ste. 2800
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile:  (713) 652-0109

16

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

*Attorneys for Defendants Samsung Electronics
Co., Ltd.; Samsung Electronics America, Inc.;
and Samsung Semiconductor, Inc.*

17

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed

electronically in compliance with Local Rule CV-5 on August 30, 2022.  As of this date, all

counsel of record have consented to electronic service and are being served with a copy of this

document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Francis Albert*

**CERTIFICATE OF CONFERENCE**

Counsel for defendants, Katherine Reardon, provided lead counsel for Netlist, Jason

Sheasby, the intent to file this motion and the requested relief on August 29, 2022.  Lead counsel

for Netlist, Jason Sheasby, provided that Netlist opposes this motion, leaving an open issue for

the court to resolve.

*/s/ Francis J. Albert*