# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:21-CV-463-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | **Filed Under Seal Pursuant to Protective** |
| INC., SAMSUNG SEMICONDUCTOR, | ) | **Order** |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF NETLIST INC.'S OPPOSED MOTION FOR LEAVE
## TO AMEND ITS PRELIMINARY INFRINGEMENT CONTENTIONS

## TABLE OF CONTENTS

**Page**

I.     FACTUAL BACKGROUND ................................................................................. 1

     A.     Netlist Served Its PICs on May 4, 2022 Pursuant to P.R. 3-1 ....................... 1

     B.     Samsung Failed to Comply with P.R. 3-4 and Delayed Source Code
            Production for Two Months, Substantially Delaying Netlist's
            Investigation ................................................................................................ 1

     C.     Netlist Diligently Supplemented Its PICs Upon Learning of
            Samsung's New Product and Receiving Confidential Information and
            Source Code .................................................................................................. 1

II.    ARGUMENT ..................................................................................................... 1

     A.     First Supplemental Disclosure: Addition of HBM3 Is Supported by
            Good Cause ................................................................................................... 1

     B.     Second Supplemental Disclosure: Addition of 4H HBM and
            Confidential Evidence of Use Is Supported by Good Cause ......................... 1

           i.     Amendments as to the '060 and '160 Patents: .................................... 1

           ii.    Amendments as to the '918 and '054 Patents: .................................... 1

     C.     The Third Supplemental Disclosure Is Supported by Good Cause ............. 1

     D.     The Fourth Supplemental Disclosure Is Supported by Good Cause ........... 1

III.   CONCLUSION .................................................................................................. 1

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alexsam Inc. v. IDT Corp.*,
No. 2:07-cv-420, 2011 WL 108725 (E.D. Tex. Jan. 12, 2011) ....................................................4

*Arigna Tech. Ltd. v. Volkswagen AG*,
No. 2:21-cv-00054, 2022 WL 2761288 (E.D. Tex. Jan. 19, 2022) ............................. 11, 12, 13

*GREE, Inc. v. Supercell Oy*,
No. 2:19-cv-00310, 2020 WL 7396506 (E.D. Tex. Dec. 17, 2020) .................................6, 7, 10

*Harris Corp. v. Huawei Device, USA, Inc.*,
2:18-CV-00439, 2019 WL 4247067 (E.D. Tex. Sept. 6, 2019) ......................................*passim*

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
797 F.3d 1025 (Fed. Cir. 2015) ....................................................................................4

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
No. 2:13-cv-00017, 2018 WL 574867 (E.D. Tex. Jan. 28, 2018) ...............................................5

*MacLean-Fogg Co. v. Eaton Corp.*,
No. 2:07-cv-472, 2008 WL 4601476 (E.D. Tex. Oct. 6, 2008) ...................................................9

*Mediostream, Inc. v. Microsoft Corp.*,
No. 2:08-cv-369, 2010 WL 4118589 (E.D. Tex. Oct. 18, 2010) .................................................9

*Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*,
No. 2:17-cv-00715, 2019 WL 11585349 (E.D. Tex. Apr. 24, 2019) ............................6, 7, 10

*TiVo Inc. v. Verizon Commc'ns, Inc.*,
No. 2:09-cv-257, 2012 WL 2036313 (E.D. Tex. June 6, 2012 ...............................................6, 7

*United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*,
No. 2:18-cv-00366, 2019 WL 6878880 (E.D. Tex. Dec. 17, 2019)........................7, 11, 12, 13

Plaintiff Netlist, Inc. ("Netlist") respectfully requests leave to amend its May 4, 2022, preliminary infringement contentions (the "PICs") to include supplemental contentions it served on August 12, October 10, and November 16, 2022. Netlist further moves the Court for leave to add clarifying amendments in light of recent discovery. Each supplementation is supported by good cause.

## I.    FACTUAL BACKGROUND

### A.    Netlist Served Its PICs on May 4, 2022 Pursuant to P.R. 3-1

On December 20, 2021, Netlist filed an infringement action against Samsung asserting U.S. Pat. Nos. 10,860,506 (the "'506 patent") and 10,949,339 (the "'339 patent") against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (collectively "Samsung") DDR4 LRDIMMs and U.S. Pat. Nos. 11,016,918 (the "'918 patent") and 11,232,054 (the "'054 patent")[1] against Samsung's DDR5 DIMMs featuring an on-module power-management integrated circuit ("PMIC") for voltage regulation. Dkt. 1, ¶¶ 2, 32. Samsung answered on April 12, 2022, after receiving a 90-day extension. Dkts. 11, 16. During that 90-day period, Samsung filed mirror-image declaratory judgment claims in a pending suit in the District of Delaware. Dkt. 46 at 1-3. Samsung's declaratory judgment claims were later dismissed by that Court. Dkt. 65.

On May 3, 2022, Netlist amended its original complaint to assert the '054 patent and two additional patents: U.S. Pat Nos. 8,787,060 (the "'060 patent"), and 9,318,160 (the "'160 patent") against certain Samsung high bandwidth memory ("HBM") products. Dkt. 23, ¶ 3. The next day, Netlist served its PICs for all six patents-in-suit. Dkt. 24. Pursuant to P.R. 3-1(c), Netlist's PICs were accompanied by detailed claim charts illustrating Netlist's infringement theories based on the publicly available information Netlist had at the time and Netlist's investigation to date. Ex. 1 (5/4 Cover Pleading) at 1 ("Netlist notes that these [PICs] are based on publicly available information."); *id.* at 7

---

[1] Netlist's original complaint provided notice of its intent to assert the '054 patent upon its later issuance.

("Netlist expressly reserves the right to supplement and revise its infringement contentions and charted information as discovery progresses.").

Based on that information, Netlist accused the following Samsung products (the "Accused Products") of infringement:

| Patent | Product | Identification in PICs |
|--------|---------|------------------------|
| '506/'339 | DDR4 LRDIMMs | "Samsung's DDR4 load reduced DIMMs ('LRDIMMs'), . . . and any products that operate in the same manner in material parts" |
| '918/'054 | DDR5 DIMMs | "Samsung's DDR5 LRDIMMs, RDIMMs, [SODIMMs, UDIMMs], and any other Samsung memory products with an onboard power conversion and control module that operate the same way in all material aspects" |
| '060/'160 | High bandwidth memory | "Samsung's HBM2, HBM2E, and newer products with 8 or more stacked DRAM dies products, and any other Samsung memory products that operate the same way in all material aspects" |

Ex. 1 at 2-3. Netlist identified the Accused Products in this way because information regarding Samsung's product development is non-public. After Netlist served its PICs, this Court set trial for May 2023. Dkt. 34.

> **B.    Samsung Failed to Comply with P.R. 3-4 and Delayed Source Code Production for Two Months, Substantially Delaying Netlist's Investigation**

Netlist began seeking technical discovery regarding the structure, function, and operation of the Accused Products on the first day of fact discovery, serving its first set of interrogatories and a discovery request letter on Samsung on June 8, 2022. Ex. 2 (Netlist's First Set of Interrogatories); Ex. 3 (Netlist's document production letter listing 165 categories, including relevant technical documents). The parties agreed to a schedule whereby Samsung would serve its invalidity contentions and comply with P.R. 3-4(a) by June 29, 2022, for the '506, '339, '918, and '054 patents, and by July 13, 2022, for the '060 and '160 patents. *See* Dkt. 31. But Samsung's P.R. 3-4(a) document production fell far short of that promise. For example, Samsung's June 29, 2022 production consisted of 38,798 documents, of which only 107 were non-public technical documents designated as confidential. Ex. 5 (7/5 Sheasby

Email) at 1; Ex. 6 (7/5 Draft of Motion to Compel shared with Samsung). As Netlist repeatedly explained, these documents were insufficient to show the operation of key aspects or elements of the Accused Products as required by P.R. 3-4(a). *See, e.g.*, Ex. 7 (7/8 Sheasby Email) at 2-3; Ex. 6 at 5 (explaining that Samsung's 3-4 technical production failed to "provide sufficient detail regarding the configuration, function, or operation of the disputed features," including key examples).

Samsung's July 13, P.R. 3-4(a) document production regarding the HBM products fared no better and did "not include documents sufficient to show the electrical communications between TSVs and the memory dies, information that is facially relevant to all claims of the HBM patents." Ex. 8 (7/26 Zhong Email) at 1 (citing '060 patent, claim 1). Samsung's production also included no source code, and Samsung could not even commit to a date certain to provide its source code for inspection, despite notice and repeated requests from Netlist requesting to inspect the code. Ex. 9 (6/29 Werner Letter) at 1 (Netlist summarizing meet-and-confer with Samsung counsel: "Samsung could not provide any timeline for when such [source code] materials will be offered for inspection.").

After repeated correspondence and exchanging drafts of a motion to compel, Samsung finally agreed to begin producing source code for its HBM and the PMICs on Samsung's DDR5 DIMMs. Ex. 10 (7/26 Reardon Email) at 1 ("As to source code and RTL files, Samsung intends to make it available for inspection the first week of August"—several weeks after the P.R. 3-4 deadline). Even that production was plagued by delays: Samsung did not produce PMIC code until August 10, and did not produce the HBM code until August 17. Ex. 25 (8/9 Reardon Email) at 1; Ex. 12 (8/17 Zhong Email) at 1-2. Netlist served a Rule 30(b)(6) notice on August 1, 2022 (Ex. 13), and deposed Samsung's Rule 30(b)(6) witnesses on Samsung's HBMs (Sept. 15), PMICs (Sept. 23), and DDR4 LRDIMMs (Sept. 28).

### C.   Netlist Diligently Supplemented Its PICs Upon Learning of Samsung's New Product and Receiving Confidential Information and Source Code

Netlist has supplemented its PICs on four occasions:

(1)  August 12, 2022: Netlist supplemented the PICs to expressly accuse Samsung's HBM3 "Icebolt" products and supplemented the '060 and '160 claim charts with updated evidence of use from Samsung's confidential technical productions.

(2)  October 10, 2022: Netlist supplemented the PICs to expressly accuse Samsung's 4H HBM products and supplemented the '918, '054, '060, and '160 claim charts with updated evidence of use from Samsung's confidential technical productions.

(3)  November 16, 2022: Netlist supplemented the '506 claim chart with updated evidence of use from Samsung's confidential technical productions.

(4)  December 11, 2022: Netlist supplemented the '918, '054, and '160 claim charts to clarify its infringement theory in light of recent discovery.

Samsung objected to the October 10 amendment adding 4H HBM and the November 16 amendment supplementing the '506 claim chart. Ex. 21 (11/23 Reardon Email). Samsung did not otherwise object to the August 12 or October 10 amendments. *See* Ex. 16 (10/19 Tezyan Email) at 2 ("Samsung also does not dispute that HBM2, HBM2E, and HBM3 products with eight or more stacked dies are properly a part of this suit."); Ex. 17 (10/26 Reardon Letter.) at 1-4 (no mention of August 12 amendment or October 10 additions to '918 and '054 claim charts). For the reasons that follow, each of these amendments is supported by good cause.

## II.   **ARGUMENT**

Under P.R. 3-6(b), leave to amend or supplement infringement contentions may be granted "upon a showing of good cause." In determining whether good cause supports an amendment, courts consider: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1036 (Fed. Cir. 2015) (applying P.R. 3-6(b)) ((*citing Alexsam Inc. v. IDT Corp.*, No. 2:07-cv-420, 2011 WL 108725, at *1 (E.D. Tex. Jan. 12, 2011)). This district's local rules "do not

require the parties to litigate the case in the contentions." *Harris Corp. v. Huawei Device, USA, Inc.,* 2:18-CV-00439, 2019 WL 4247067, at *3 (E.D. Tex. Sept. 6, 2019). Indeed, "[i]t is expected that during the course of discovery, infringement contentions may be clarified or refined." *Id.* "Diligence is a factor, but it is not a threshold requirement that must be evaluated in a vacuum . . . ." *Keranos, LLC v. Silicon Storage Tech., Inc.*, No. 2:13-CV-00017, 2018 WL 574867, at *2 (E.D. Tex. Jan. 26, 2018).

A.      **First Supplemental Disclosure: Addition of HBM3 Is Supported by Good Cause**

On August 12, 2022, Netlist supplemented the PICs to expressly accuse Samsung's HBM3 "Icebolt" products. Ex. 14 (8/12 Cover Pleading) at 4. It appears that Samsung first started advertising its HBM3 products on its website on May 28, 2022, at the earliest. Ex. 11 (Archive.org) at 1; Ex. 15 (8/18 Zhong Email) at 1. Though Netlist's original PICs accused "Samsung's HBM2, HBM2E, and **newer products**," Samsung's 3-4(a) document production on July 13, 2022, completely excluded HBM3 products. Ex. 15 (8/18 Zhong Email) at 1-2. Netlist further supplemented the '060 and '160 claim charts to include citations to recently produced confidential technical documents illustrating certain aspects of the structure and operation of Samsung's HBM products and corresponding analysis. *See, e.g.*, Ex. 14 at 25-31 (First Supplemental '060 chart citing Samsung materials regarding the HBM core/buffer dies). To date, Samsung has not disputed that either of these amendments are properly part of this suit. *Compare* Ex. 16 (10/19 Tezyan Email) at 2 ("Samsung also does not dispute that HBM2, HBM2E, and HBM3 products with eight or more stacked dies are properly a part of this suit.") *with* Ex. 17 (10/26 Reardon Letter) at 1-4 (no mention of HBM3).

The first factor—justification for the post-deadline amendment—favors granting leave to amend because Netlist could not have identified Samsung's HBM3 products before the P.R. 3-1 deadline. This "Court has routinely held that a patentee has good cause to amend its infringement contentions to include newly accused products that the defendant introduced to the market after the

plaintiff served its initial infringement contentions." *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00310, 2020 WL 7396506, at *2 (E.D. Tex. Dec. 17, 2020) (citing *Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*, No. 2:17-cv-00715, 2019 WL 11585349 (E.D. Tex. Apr. 24, 2019)). In *Polaris*, for example, the Court granted the plaintiff's motion to amend its infringement contentions to add two new lines of accused Samsung products launched after the initial infringement contentions had been served. *Polaris*, 2019 WL 11585349, at *1-2. The plaintiff raised Samsung's failure to identify new products on December 20, 2019—nine months after the launch of Kant M2/M3 TVs and four months after the launch of Galaxy Note9. Here, Netlist sought to add the HBM3 products via amending the PICs on August 12, 2022—six weeks after the public launch of HBM3 on Samsung's website.[2] Ex. 15 (8/18 Zhong Email) at 1-2; Ex. 11 (Archive.org) at 1. Because Netlist was diligent in identifying and amending its PICs to include Samsung's new HBM3 products, this factor favors Netlist. *Polaris*, 2019 WL 11585349, at *1-2; *TiVo, Inc. v. Verizon Commc'ns, Inc.*, No. 2:09-CV-257, 2012 WL 2036313, at *1-3 (E.D. Tex. June 6, 2012) (granting patentee leave to amend infringement contentions to include newly deployed Cisco DVRs where patentee received notice on January 2011—three months before attempting to add them to the case); *see also GREE*, 2020 WL 7396506, at *2 (finding plaintiff was diligent in serving second amended infringement contentions 38 days after the launch of a new product).

The second factor—the importance of what the Court would exclude—also favors Netlist. This factor favors patentees when, "[i]f leave to amend were denied, [it] would be unable to accuse the new products of infringement." *Polaris*, 2019 WL 11585349, at *4. If leave to amend were denied, Netlist would not be able to accuse HBM3 products of infringement in this case. A separate suit on

---

[2] Netlist is presently not aware of an earlier public launch of Samsung's HBM3s; Samsung identified no such earlier public launch in its correspondence. *See* Ex. 17 (10/26 Reardon Letter.).

closely related technology would not be in the interests of judicial economy. *See GREE*, 2020 WL 7396506, at *3 (second factor "weigh[ed] significantly in favor of granting GREE's Motion" to avoid a separate suit on closely related issues).

The third factor—prejudice to Samsung—also favors Netlist, particularly because Samsung has not identified any prejudice it suffered from the addition of HBM3 products to this case. At the time Netlist served its amended contentions adding HBM3 products, both the fact discovery cut-off and the relevant deadlines for expert reports were months away. *See United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, No. 2:18-cv-00366, 2019 WL 6878880, at *1-2 (E.D. Tex. Dec. 17, 2019) (granting leave to amend even though defendant's non-infringement report was due roughly four weeks after it had received the revised contentions). To the extent Samsung complains it had to produce additional documents related to its HBM3 products, Netlist's original accusations were framed broadly enough to cover those. Ex. 1 at 3 (accusing "Samsung's HBM2, HBM2E, ***and newer products***"). The burden of producing HBM3 documents was, at the time, "a burden Samsung should have discharged months ago." *Polaris*, 2019 WL 11585349, at *5; *see also TiVo*, 2012 WL 2036313, at *2 ("Because fact discovery has yet to close and the parties have engaged in extensive discovery already related to the Cisco DVR, the Court finds there is no real prejudice to Verizon in allowing an amendment to Tivo's infringement contentions."). This factor thus also favors granting leave to amend.

Finally, the fourth factor—availability of a continuance—also favors Netlist. The trial for this case is not until May, 2023, and expert reports were several months away from being filed at the time the amendment was made. Dkt. 109; *see United Servs. Auto. Ass'n*, 2019 WL 6878880, at *2 (noting that there would be a "full and fair opportunity to question" the patentee's "experts regarding this amendment" because "expert depositions have not yet occurred"); *see also TiVo*, 2012 WL 2036313, at *3 ("Because the Court finds that Verizon will not be prejudiced by the amendment, the Court need not address the availability of a continuance to cure prejudice."). Because there is no need for a

continuance, this factor also favors granting leave to amend.

        **B.**     **Second Supplemental Disclosure: Addition of 4H HBM and Confidential Evidence of Use Is Supported by Good Cause**

            i.      <u>Amendments as to the '060 and '160 Patents:</u>

On October 10, 2022, Netlist served its Second Supplemental Disclosure identifying 4H HBMs as products accused of infringing the '060 and '160 patents. Ex. 18 (10/10 Cover Pleading) at 4. ████████████████████████████████ Netlist had previously accused 8H HBM products (*i.e.*, HBM products with 8 stacked core dies) based on its understanding of the TSV arrangement in those products. Ex. 1 at 3. Netlist's Second Supplemental Disclosure also included updated claim charts with citations to confidential documents Samsung had produced showing the TSV arrangement of Samsung's HBM products. *See, e.g.*, Ex. 28 (Second Supplemental '060 chart) at 35-45.

It was not until Netlist received these documents that it gained knowledge that the 4H HBM products might also infringe the '060 and '160 patents. After receiving those productions, Netlist immediately began analyzing Samsung's technical documents—many of which were written in Korean. At the same time, Netlist began analyzing Samsung's much-delayed source code production for these products, which Samsung first made available to Netlist on August 17. Ex. 12 (8/17 Zhong Email) at 1-2. On September 15, Netlist deposed Samsung's 30(b)(6) representative on HBM products, Mr. Jiwhan Kim. Among other things, Mr. Kim confirmed that Samsung's HBM2 and HBM2e products have a ████████████████████████████████████████ *See, e.g.*, Ex. 20 (Sept. 15, 2022, Kim Tr.) at 40:1-10. ████████████████████████████ ████████████████████████████████ Ex. 19 (9/15 Zhong Email) (requesting netlist files for HBM products) at 1; Ex. 22 (9/21 Reardon Email) at 1 (announcing that "Flarebolt [source code] is ***now available*** on the review computers, as well as net list files for all the products") (emphasis added).

These facts demonstrate that the first factor—justification for post-deadline amendment—favors Netlist. For example, in *Mediostream, Inc. v. Microsoft Corp.*, the Court granted leave for the plaintiff to amend its contentions to include Microsoft's Windows operating systems after receiving documents during discovery regarding certain key features of the Microsoft OS. No. 2:08-CV-369, 2010 WL 4118589, at *2 (E.D. Tex. Oct. 18, 2010). The Court granted leave to amend as to contentions for another defendant, Sonic Solutions, where the patentee "worked continuously beginning in October to integrate Sonic Solutions' August production into its infringement contentions" after P.R. 3-1 deadline). *Id.* at *3-4. Likewise, in *Harris*, the Court found the plaintiff's post-deadline amendment justified where the amendment identifying an additional infringing functionality was based on information uncovered during discovery. 2019 WL 4247067, at *1. Here too, Netlist's supplementation of 4H HBM was the result of Netlist's diligent analysis of Samsung's document and source code production from August through September, and Mr. Kim's testimony from September 15.

Samsung argues that "information about [4H HBM products] was publicly available" at the time Netlist filed its PICs, Ex. 17 at 1, but to date has pointed to no publicly available information ███████████████████████████████████████████ In particular, the fact that ████████████████████████████████████████ was not public knowledge at the time Netlist filed its PICs, nor is it even public knowledge today. Rather, Netlist was only able to ascertain the TSV structure of these products with the benefit of discovery, and thus, any "delay [in amending] resulted principally from requesting additional discovery rather than any gamesmanship." *MacLean-Fogg Co. v. Eaton Corp.*, No. 2:07-cv-472, No. 2:07-cv-472, 2008 WL 4601476, at *2-3 (E.D. Tex. Oct. 6, 2008) (granting leave to amend).

The second factor also favors Netlist: without the amendment, Samsung's 4H HBM products would be excluded from this case, thus necessitating another lawsuit with overlapping issues that

would be inefficient. *Polaris*, 2019 WL 11585349, at *4; *GREE*, 2020 WL 7396506, at *3.

The third factor—prejudice to Samsung—also favors Netlist. Despite several rounds of correspondence, to date, Samsung has put forth no explanation as to how, if at all, it was prejudiced by Netlist's assertion of 4H HBM. *See* Ex. 17 (10/26 Reardon Letter); Ex. 21 (11/23 Reardon Email). For example, Samsung does not contend that ███████████████████████████████████ ████████████████████████, and thus, Samsung concedes no additional technical analysis will be required in its upcoming rebuttal reports. Nor does Samsung contend that its invalidity theories would require revision. And even if Samsung's non-infringement or invalidity theories would have to be adjusted in light of the assertion of the 4H HBM products, Netlist served the Second Supplemental Disclosure on October 10, 2022—two months before the close of fact discovery and opening expert reports.

Finally, as to the fourth factor, there is no need for a continuance. Samsung has had ample time since October 10 to conduct any additional discovery related to the assertion against 4H HBMs, but simply chose not to. Indeed, the additional analysis in the '060 and '160 claim charts only served to benefit Samsung in giving it "clarification, explanation, and additional evidentiary citations in support of [Netlist's] disclosed theories of infringement." *Harris*, 2019 WL 4247067, at *1.

ii.    Amendments as to the '918 and '054 Patents:

Also on October 10, Netlist supplemented the claim charts for the '918 and '054 patents with additional evidence regarding the operation of Samsung's PMICs on its DDR5 DIMMs. *See, e.g.*, Ex. 18 at 46-48 (citing confidential Samsung schematics and PMIC presentations). Netlist also added citations to the testimony of Samsung's 30(b)(6) deponent on DDR5 PMICs and an additional explanation of Netlist's infringement theory based on that testimony. *Id.* at 44 (calling out the possibility of ██████████████████████████████████████████████████████ ████████████ and citing Park Depo. Tr., Ex. 23). Mr. Park testified to ███████████████████

████ at his September 23 deposition—a few weeks before Netlist supplemented these claim charts. *See, e.g.*, Ex. 23 (9/23 Park Tr.) at 31:4-15. The amendment is supported by good cause.

Under the first factor, the supplementation was justified because this information was unavailable to Netlist at the P.R. 3-4 deadline. Netlist believed in good faith that Samsung would not object to this supplementation, given that it had not objected to the supplementation of additional confidential information in the '060 and '160 claim charts on August 12. Thus, this factor favors Netlist. *See United Servs. Auto. Ass'n*, 2019 WL 6878880, at *2 ("As USAA also notes, it had previously amended its contentions in response to receiving corrected source code without objection. Therefore, the Court concludes that USAA had a good faith, reasonable belief that its amendment was timely.") (citations omitted); *see also Arigna Tech. Ltd. v. Volkswagen AG*, No. 2:21-cv-00054, 2022 WL 2761288, at *2 (E.D. Tex. Jan. 19, 2022) ("[T]he fact Arigna amended its infringement contentions after the deadline in light of information produced during discovery does not cut against granting leave.").

The second factor also favors amendment because the additional analysis regarding the structure and operation of Samsung's PMICs is important to explaining Netlist's infringement theory. *See Arigna Tech.*, 2022 WL 2761288 at *2 (second factor favored granting leave where amended contentions "provide greater detail of how Arigna's infringement theory applie[d] to the MR2000V").

As to the third factor, Samsung has not identified any prejudice as a result of the October 10 amendment. Nor can it: the amendment simply provides more information on Netlist's infringement theory in advance of its opening expert report, giving Samsung's experts an additional two months to analyze it. *Harris*, 2019 WL 4247067, at *1.

And, as to the fourth factor, as explained above, no continuance is necessary because, at the time the amendment was made, there were still two months left of fact discovery.

### C.       The Third Supplemental Disclosure Is Supported by Good Cause

On November 16, 2022, Netlist supplemented the '506 claim chart to add citations and

exemplary evidence from Samsung's confidential document productions to further support its infringement theory. For example, Netlist included citations with pincites to the third-party datasheets for the registering clock driver ("RCD") and data buffers ("DBs") on Samsung's DDR4 LRDIMMs. *See generally* Ex. 24 at 42-104. Netlist also supplemented its claim chart with additional citations to Samsung's confidential technical productions and the JEDEC standards that Netlist intends to rely on to rebut Samsung's non-infringement arguments. *See, e.g.*, Ex. 26 (Samsung's Fourth Supplemental R&Os) at 72-73 (███████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████ Ex. 24 at 100-103 (citations to Samsung presentations re: ██████████████████████ *id.* at 95 (citations to JEDEC standards re: control word decoding). The amendment is supported by good cause.

The first factor favors Netlist. As with the August 12 and October 10 amendments, Netlist relied on Samsung's disclosure of proprietary documents through discovery to provide additional clarification regarding its infringement theories. *See Harris Corp.*, 2019 WL 4247067, at *1; *Arigna*, 2022 WL 2761288, at *2. Netlist also relied on Samsung's continued silence regarding its supplementation to include citations to Samsung's confidential information to form its good-faith basis for amending to provide greater specificity and detail in response to receiving information from Samsung through discovery. *See United Servs. Auto. Ass'n*, 2019 WL 6878880, at *2. Netlist reasonably believed the same would extend to information necessary to rebut Samsung's recently disclosed non-infringement positions—positions Netlist had been seeking from Samsung since the first day of fact discovery and which Samsung only recently provided on November 10, 2022. *See* Ex. 4 (Samsung's July 11, 2022 R&Os to Netlist's First Set of ROGs) at 16-23 (███████████████████████████████████████

████████████████████████████████████████████████████

As to the second factor, the amendment is important because it helps explain Netlist's infringement theory and rebut Samsung's non-infringement arguments, cutting in favor of granting leave to amend. *See Arigna Tech.*, 2022 WL 2761288 at *2.

The third factor also favors Netlist. Samsung again has identified no prejudice it has suffered in light of the Third Supplemental Disclosure. *See* Ex. 21 (11/23 Reardon Email). The amendment was made on November 16—more than a month before the fact discovery cut-off and opening expert reports (Dkt. 109)—allowing Samsung ample time to analyze the supplemental contentions.

With respect to the fourth factor, though the amendment came roughly one month before the end of fact discovery, a continuance is unnecessary: "[T]here will be 'a full and fair opportunity to question'" Netlist's experts because "expert depositions have not yet occurred." *See United Servs. Auto. Ass'n*, 2019 WL 6878880, at *3.

### D.     The Fourth Supplemental Disclosure Is Supported by Good Cause

In light of recent technical depositions and code reviews, Netlist further moves the court for the following supplementation:

(i) with respect to the '918 and '054 patents: the Fourth Supplemental Disclosure includes further information ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, Ex. 27 at 131-132 ('918, claim 16).[3] It includes recent testimony by Samsung's corporate witness that confirms that in each of Samsung's DIMMs, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[3] Cross-references to this information were added as well for other claims of the '918 and '054 patents. *See* Ex. 27 at 75, 81, 88, 103, 136, 150, 186, 195, 197-198, 200-201, 208-209, 211-212.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████ *See id.*

There is no prejudice to Samsung because its latest non-infringement arguments ████

███████████████████████████████████████████████████

████████ . *See generally* Ex. 26 at 38-59. Netlist has also been diligent. ████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████ .

(ii) with respect to the '160 patent, claim 1's last limitation: the Fourth Supplemental disclosure includes further information to make clear that a second driver may be a test driver. *See* Ex. 27 at 249. The supplementation is timely in light of the recent deposition on December 1, 2022, in which Samsung's witness explained the functions and structures of the testing circuits and drivers in its HBM products. *Id.* Netlist has been diligent. Its expert, Dr. Brogioli, has twice conducted on-site schematics review to understand the structure of Samsung's HBMs. Netlist has also been diligently reviewing Samsung's technical production, many produced months after the P.R. 3-4 deadline.

## III.  CONCLUSION

For the foregoing reasons, Netlist respectfully seeks leave to amend its PICs to include supplemental contentions it served on August 12, October 10, November 16, and December 11, 2022.

Dated: December 21, 2022

Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove

Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on December 21, 2022, a copy of the foregoing was served to all counsel of record.

/s/ Michael Tezyan
Michael Tezyan

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ Michael Tezyan
Michael Tezyan

## CERTIFICATE OF CONFERENCE

I hereby certify that, on December 21, 2022, counsel for the parties met and conferred on the issues raised in this motion.  Counsel for Samsung confirmed that Samsung would oppose the motion.

/s/ Michael Tezyan
Michael Tezyan