**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

NETLIST, INC.,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC.,

Defendants.

Case No. 2:21-cv-463-JRG

JURY TRIAL DEMANDED

**Filed Under Seal Pursuant to Protective Order**

# PLAINTIFF NETLIST, INC.'S MOTION TO COMPEL DEPOSITION OF JUNG BAE LEE

# TABLE OF CONTENTS

**Page**

I. FACTUAL BACKGROUND ..... 1

II. ARGUMENT ..... 5

A. Dr. Lee Has Relevant, Unique Knowledge Relating to this Litigation ..... 5

B. Dr. Lee Cannot Be Shielded Under the "Apex Doctrine" ..... 6

1. Dr. Lee Does Not Qualify for Apex Doctrine Protection ..... 6

2. Dr. Lee Has Firsthand, Unique Knowledge Relevant to this Litigation ..... 6

III. CONCLUSION ..... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
282 F.R.D. 259 (N.D. Cal. 2012) ........ 7

*Mobile Equity Corp. v. Walmart Inc.*,
2022 WL 36170 (E.D. Tex. Jan. 4, 2022) ........ 6, 7

*Netlist, Inc. v. Samsung Elecs. Co.*,
No. 20-cv-993, Dkt. 186 (C.D. Cal. Oct. 14, 2021) ........ 3, 4

*O'Bryant v. Walgreen Co.*,
802 F. App'x 826 (5th Cir. 2020) ........ 6

*United States v. Holley*,
942 F.2d 916 (5th Cir. 1991) ........ 5

**Rules**

Fed. R. Civ. P. 30(b) ........ 1, 7

Fed. R. Civ. P. 26(b)(1) ........ 5

Local Rule 26(d) ........ 5

Netlist's counsel noticed deposition of Dr. Jung Bae Lee under Federal Rule of Civil Procedure 30(b)(1). Samsung improperly objected under the apex witness doctrine.

## I. FACTUAL BACKGROUND

Dr. Lee was the Samsung manager who led the negotiation of the now-terminated Joint Development and License Agreement ("JDLA") with Netlist. At the time of the negotiation, he was Vice President of Product Planning for Samsung's memory products, responsible for the products accused of infringement in this case. [REDACTED] is using [REDACTED] JDLA's terms [REDACTED] a non-recurring engineering fee ("NRE") that Netlist used to fund the joint development of a product with Samsung was in fact a patent license royalty. There is also a dispute about the scope of the cross-license the parties intended to grant as part of the JDLA. [REDACTED] it [REDACTED] Ex. 1 at 147:1-2.

In October 2014, Netlist's CEO, Chuck Hong, had an in-person meeting in Korea with Dr. Lee to discuss Netlist intellectual property. *Id.* at 53:3-54:20. In April 2015, Dr. Lee visited Netlist's offices in person to discuss the potential for a joint development arrangement between Netlist and Samsung that would later become the JDLA. Later that month, Netlist's VP, Ji Bum Kim, had an in-person meeting with Dr. Lee. [REDACTED] term sheets [REDACTED] Exs. 2, 3. This included substantive communications in which Dr. Lee was the only recipient. For example, the email below attached a term sheet [REDACTED]. Ex. 2.



Samsung's representative designated to testify as to Samsung's licensing practices, including JDLA, could not answer questions relating to the term sheet. Ex. 10 (Yoon Rough Trans.) at 12:5-23

Dr. Lee was not an executive rubber stamp on the JDLA. Throughout the life of the JDLA, Dr. Lee played a critical and unique role on behalf of Samsung in deciding whether it would launch products now accused of infringement:

Ex. 4 (Indong Kim Rough Trans.) (25:25-26:14).

Further, Dr. Lee was personally involved in the parties' subsequent joint development effort and was the decision maker for Samsung's performance under the JDLA. For instance, on November 22, 2015, Mr. Kim emailed Dr. Lee (and Mr. Kyuhan Han) about . Ex. 6. In the email, Netlist emphasized that

[REDACTED]. *Id.* On February 15, 2016, Dr. Lee accepted Netlist's suggestion of [REDACTED]. Exs. 7, 8. In March 2016, Mr. Kim from Netlist contacted Dr. Lee [REDACTED]. Ex. 9. In October 2017, Dr. Lee attended meetings with Netlist [REDACTED]. Netlist deposed the Samsung individual responsible for the day-to-day interactions on the development program, and he testified that [REDACTED] Ex. 4 at 39:17-21. Mr. Yoon, Samsung's witness on the licensing subject, could not answer the question. Ex. 10 at 53:24-54:3 [REDACTED] Given that Dr. Lee was involved in unilateral correspondence regarding [REDACTED], he is in a very good position to explain the purpose.

Beginning in 2017, Samsung cut its product supply to Netlist in breach of its supply obligation. Netlist terminated the contract as of July 15, 2020 and sued Samsung for breach. *Netlist, Inc. v. Samsung Elecs. Co.*, No. 20-cv-993, Dkt. 186 (C.D. Cal. Oct. 14, 2021) [hereinafter "*Contract Action*"]. After the C.D. Cal. court entered a summary judgment order finding that Netlist properly terminated the JDLA, Netlist brought this instant patent infringement action against Samsung.

Dr. Lee was the key decision maker regarding Samsung's relationship with Netlist after the execution of the JDLA. Dr. Lee was [REDACTED]



Ex. 5. Dr. Lee is uniquely able to testify regarding the [REDACTED]

During the contract litigation, Netlist sought to compel deposition of Dr. Lee on July 20, 2021. *Contract Action*, Dkt. 94. At the August 2, 2021 hearing, Magistrate Judge Spaeth denied Netlist's motion *without prejudice* because Netlist had not yet deposed lower-level Samsung officials to show that Netlist could not obtain the relevant information from other witnesses. *Id.* Dkt. 326 at 34. Here, Netlist deposed Dr. Indong Kim where he testified that [REDACTED] Ex. 4 at 11:21-25. When asked if he knew [REDACTED] he ultimately admitted that he [REDACTED] *Id.* at 12:2-13:20. Mr. Yoon could not address this either. *See* Ex. 10 at 12:21-23 [REDACTED]

As a result, Dr. Lee is the most reliable source of information on this subject, and his testimony is necessary to challenge the hearsay and potentially self-serving testimony of Dr. Kim.

Although Samsung offered Mr. Hyun Ki Ji for deposition in this Action, his deposition would be of little value because, during the contract litigation, he admitted that [REDACTED] *See* Ex. 11 (Ji Trans.) at 28:1-24; 36:13-25; 39:15-24; 46:2-18; 48:3-7; 56:18-57:1; 65:7-14.

## II. ARGUMENT

### A. Dr. Lee Has Relevant, Unique Knowledge Relating to this Litigation

Rule 26 broadly allows a party to obtain discovery regarding any subject relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1); L.R. 26(d). The Fifth Circuit has made it clear that "[t]he deposition-discovery rules are to be accorded a broad and liberal treatment." *United States v. Holley*, 942 F.2d 916, 924 (5th Cir. 1991) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

As detailed above, *supra* 1-4, Dr. Lee has personal knowledge of Netlist's technologies, patent portfolio, product design, and the parties' history of license negotiations. He was also aware of a potential risk that Samsung's memory products infringe certain Netlist patents. These issues are directly relevant to both Netlist's willful infringement case and Samsung's patent license defenses.

One concrete example will suffice. During the deposition of Netlist's CEO, Samsung pointed to the [REDACTED] that Netlist shared with Dr. Lee (the only recipient) on April 21, 2015, suggesting that [REDACTED]. Ex. 1 at 87:5-91:17; Ex. 2; Ex.3. Mr. Hong disagreed with Samsung's characterization and testified that the [REDACTED] *Id.* at 91:5-12. Therefore, the deposition of Dr. Lee, the sole recipient of [REDACTED], is critical to understanding the nature of the JDLA and determining whether it is comparable to the hypothetical negotiation between the parties in this Action.

**B. Dr. Lee Cannot Be Shielded Under the "Apex Doctrine"**

Samsung cannot not carry its burden to show deposition of Dr. Lee, a witness with relevant knowledge, is not appropriate. *See O'Bryant v. Walgreen Co.*, 802 F. App'x 826, 832-33 (5th Cir. 2020).

**1. Dr. Lee Does Not Qualify for Apex Doctrine Protection**

"Apex" status cannot be presumed simply because of the word "President" in Dr. Lee's title. *See Mobile Equity Corp. v. Walmart Inc.*, 2022 WL 36170, at *1 (E.D. Tex. Jan. 4, 2022) ("[b]eing one of 110 senior vice presidents" of a multinational corporation does not necessarily make a witness protected by the apex doctrine). During the time of the events critical to this case, from December 2014 to December 2020, Dr. Lee was a VP of Memory Product Planning and Quality Assurance teams in Samsung's Memory Division. In December 2020, Dr. Lee was promoted to and has since served as President and General Manager of Memory Business in Samsung Electronics Device Solutions Division. However, as one "president" of the Samsung corporate family, a Korean multinational conglomerate with 233 subsidiaries and numerous divisions, Dr. Lee is not automatically an apex witness, particularly because he has personal involvement in critical issues in this litigation. Netlist is a public company with a market capitalization at its peak last year of 2.106 billion dollars. Samsung demanded the deposition of Netlist's CEO, who directly negotiated with Dr. Lee. It would be sharp practice to use the apex doctrine to immunize Dr. Lee from examination on these same interactions.

**2. Dr. Lee Has Firsthand, Unique Knowledge Relevant to this Litigation**

Dr. Lee had a central role in assessing and evaluating Netlist's technology before and during the JDLA. This goes directly to willful infringement. Netlist is not able to obtain discovery relating to Samsung's willful infringement through other means. For example, Netlist served its Interrogatory No. 5 on this subject to Samsung as early as June 8, 2022. Samsung provided no substantive responses other than [REDACTED]

[REDACTED]. No supplemental response has been provided despite the fact that Netlist's

counsel noted Samsung's discovery deficiency:

Netlist also served Rule 30(b)(6) topics Nos. 67 and 69 on the [redacted] issue, but Samsung refused to designate any corporate witness for deposition on these topics.

Samsung argues that in the contract litigation, Dr. Lee submitted an affidavit claiming very limited involvement regarding the JDLA. *Contract Action*, Dkt. 94-1. Dr. Lee's affidavit, however, did not disclaim his knowledge of Netlist's products and patent portfolio or the known risk of Samsung's infringement since 2015. Further, his self-serving declaration is entitled to little weight, if any, in light of the overwhelming evidence that he has relevant, unique personal knowledge. *Supra* at 1-4.

The deposition of Dr. Lee is necessary due to his direct involvement in the subject of this litigation and unique knowledge about Netlist's patents and technologies, along with Samsung's accused infringing activities. *See Mobile Equity*, 2022 WL 36170, at *1 (compelling deposition by witness who "appears to have unique first-hand knowledge regarding events that are directly relevant to [plaintiff's] damages claims as well as relevant to rebut assertions about the availability of non-infringing alternatives"); *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 267-69 (N.D. Cal. 2012) (compelling depositions of the Executive VP of Samsung Mobile Division's Product Strategy Team, Senior VP of Advanced R&D, and President and CEO of Samsung Telecommunications America, who had relevant personal knowledge).

## III. <u>CONCLUSION</u>

Dr. Jung Bae Lee should be compelled to attend a deposition.

Dated: December 22, 2022

Respectfully submitted,

*/s/ Samuel F. Baxter*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Rebecca Carson (*pro hac vice*)
rcarson@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 22, 2022, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on December 22, 2022, counsel for the parties met and conferred on the issues raised in this joint motion. Samsung refused to provide Jung Bae Lee for a deposition.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that a motion to seal this document is being filed contemporaneously pursuant to Local Rules CV-5(a)(7) and CV-7(k).

*/s/ Yanan Zhao*
Yanan Zhao