# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., <br> Defendants. | Case No. 2:21-cv-463-JRG <br><br> JURY TRIAL DEMANDED <br><br> **Filed Under Seal Pursuant to Protective Order** |

## PLAINTIFF NETLIST, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANTS SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG SEMICONDUCTOR, INC.

**TABLE OF CONTENTS**

**Page**

I.    ARGUMENT ........................................................................................................... 1

    A.    Request 1: Samsung's ▬▬ , Overhead, and Profit Information ....................... 2

    B.    Requests 2-3: Relevant License and Settlement Agreements and List of Patents Licensed ..................................................................................................... 4

II.    CONCLUSION ....................................................................................................... 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cywee Grp. Ltd. v. Samsung Elecs. Co.*,
  2018 WL 4112055 (E.D. Tex. Jan. 23, 2018) ............................................................................4

*GeoTag, Inc. v. Frontier Commc'ns Corp.*,
  2013 WL 12141427 (E.D. Tex. June 26, 2013) ........................................................................5

*Maxell Ltd. v. Apple Inc.*,
  2019 WL 7905454 (E.D. Tex. Nov. 13, 2019) .........................................................................4

*Mirror Worlds Techs., LLC v. Apple Inc.*,
  2016 WL 4265758 (E.D. Tex. Mar. 16, 2016) .........................................................................4

*Williams v. Steward Health Care Sys., LLC*,
  2021 WL 7084166 (E.D. Tex. Dec. 16, 2021) .........................................................................1

**Rules**

Fed. R. Civ. P. 26(b)(1) ....................................................................................................................1

L.R. 26 ..............................................................................................................................................1

**Other Authorities**

*Samsung Patent Fight*, Law360 (Feb. 20, 2020),
  https://www.law360.com/articles/1245775/kaist-agrees-to-203m-award-in-
  samsung-patent-fight ...............................................................................................................4

Plaintiff Netlist, Inc. ("Netlist") hereby moves to compel Defendants Samsung Electronics Co., Ltd., Samsung Electronics, America, Inc., and Samsung Semiconductor, Inc. (collectively "Samsung") to produce documents directly relevant to Netlist's damages calculation and indirect infringement claims in connection with Netlist's patent infringement claims. Specifically, Netlist requests that Samsung produce documents showing:

> **1**: Sales information for the accused products that include overhead, profitability, transfer price, a breakdown of the cost of goods, and all other tracked categories of information; and

> **2**: All patent licenses, settlement agreements, covenants not to sue entered into by each defendant that relate to semiconductors or semiconductor manufacturing, transistors or circuits, or components of servers or other personal computers.

Netlist has been requesting this information, and a lead-to-lead meet and confer regarding this information, for well over a month.[1] The above-identified documents are directly relevant to the calculation of damages in this matter, as discussed in more detail below.

## I.     ARGUMENT

Rule 26 broadly allows a party to obtain discovery regarding any subject relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1); L.R. 26(d). "The party resisting discovery must show specifically how each discovery request is not relevant or how each request is overly broad, burdensome, or oppressive." *Williams v. Steward Health Care Sys., LLC*, 2021 WL 7084166, at *4 (E.D. Tex. Dec. 16, 2021). Samsung provides no basis to deny the relevance of Netlist's requested information and cannot carry out its burden to make a specific showing that any of the requests are overly broad, burdensome, or otherwise not proportional to the needs of this case.

---

[1] On November 7, 2022, Netlist identified multiple deficiencies in Samsung's production related to patent license agreements entered into by Samsung. Hearing no response from Samsung, Netlist followed up on these requests on December 2, and again on December 7, also identifying further missing production discovered during depositions of Samsung's witnesses and repeatedly demanding a lead-to-lead meet and confer on these issues.

-2-

A.  **Request 1: Samsung's COGs, Overhead, and Profit Information**

Samsung has produced various sales spreadsheets in this case allegedly reflecting sales of the accused products. Samsung has not produced information regarding the costs to manufacture the accused products other than a single column in a sales spreadsheet labeled ▮▮▮ seen to the right. At deposition, Samsung's corporate representative stated that the ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 2 at 11:6-7 (Sungho Choi Dep. Rough Transcript). Mr. Choi testified that this ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Ex. 2 at 12:6-24.

There are also ███████████████████████████████████████████
███████████:



Ex. 2 at 20:22-21:11. All of these missing categories are ████████████████████████
████████████████████. Samsung went out of its way remove categories of information.

Samsung should produce the detailed ███████████ for the accused products, as well as overhead, profitability, transfer price, and all other tracked categories of information relating to Samsung's sales and finance in connection with the accused products. This information is directly relevant to the benefit Samsung has received by its sale of the accused products. Samsung has not provided any basis to object to these requests, nor has Samsung suggested these items are not proportional to the needs of the case. Indeed, Samsung cannot possibly claim there to be any burden

given that Samsung's corporate representative testified that ███████████████████████

███████████████████████████

### B. Requests 2-3: Relevant License and Settlement Agreements and List of Patents Licensed

Netlist's **Request 2** seeks license and/or settlement agreements entered into by the defendants for patents relating to semiconductors, semiconductor manufacturing, transistors or circuits, or components of servers or other personal computers.

Courts in this district consistently allow broad discovery into potentially relevant, comparable license agreements. *See Maxell Ltd. v. Apple Inc.*, 2019 WL 7905454, at *3 (E.D. Tex. Nov. 13, 2019) (granting patentee's motion to compel production of "all patent licenses . . . or other agreements [c]oncerning patents or intellectual property . . . that relate to the Accused Products or products that are reasonably similar to the Accused Products"); *Cywee Grp. Ltd. v. Samsung Elecs. Co.*, 2018 WL 4112055, at *1-2 (E.D. Tex. Jan. 23, 2018) (compelling production of "any agreement (past and present) that includes a license . . . or other rights to use, make, sell, offer to sell or import Accused Products or Additional Products in the United States"). Even when a defendant believes a license covers patented technology it believes is not comparable, that is no basis to shield the license from discovery. *See Mirror Worlds Techs., LLC v. Apple Inc.*, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 16, 2016) ("[Defendant]'s response that the technologies are dissimilar, by itself, does not demonstrate that the withheld agreements are irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be produced.").

Samsung does not deny that additional licenses relating to such technology exist, nor does Samsung deny that "semiconductors, semiconductor manufacturing, transistors or circuits, or components of servers or other personal computers" are related to the technology at issue in this case. Nor does Samsung provide specific evidence showing searching for patent licenses that it has entered

into is not proportional to the needs of the case. Instead, Samsung unilaterally limited its search and production to "license agreements related to stacked memory or DRAM products located after a reasonable search." Ex. 1 at 2 (12/12 Reardon email). There was no basis for Samsung to limit its search in this manner. Moreover, Samsung apparently did **not** limit its search in this manner, as it



. *E.g.*,

. This is despite the fact that Samsung refused to produce

the last day of fact discovery, despite public information demonstrating that this agreement concerned "semiconductor technology" and, more specifically, "Samsung's FinFET technology."[2]

## II.   CONCLUSION

Samsung should be compelled to produce the requested documents.

Dated: December 22, 2022                          Respectfully submitted,

                                                  */s/ Jason Sheasby*

                                                  Samuel F. Baxter
                                                  Texas State Bar No. 01938000
                                                  sbaxter@mckoolsmith.com
                                                  Jennifer L. Truelove
                                                  Texas State Bar No. 24012906
                                                  jtruelove@mckoolsmith.com
                                                  **MCKOOL SMITH, P.C.**
                                                  104 East Houston Street Suite 300
                                                  Marshall, TX 75670
                                                  Telephone: (903) 923-9000
                                                  Facsimile: (903) 923-9099

---

[2] *See, e.g.*, Tiffany Hu, *KAIST Agrees to $203M Award in Samsung Patent Fight*, Law360 (Feb. 20, 2020), https://www.law360.com/articles/1245775/kaist-agrees-to-203m-award-in-samsung-patent-fight.

-6-

                                                                                                _____

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 22, 2022, a copy of the foregoing was served to all counsel of record via the Court's ECF system.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on December 22, 2022, the lead and local counsel of each side met and conferred. The parties are at an impasse because Defendants refuse to provide any requested documents.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that a motion to seal this document is being filed contemporaneously pursuant to Local Rules CV-5(a)(7) and CV-7(k).

*/s/ Yanan Zhao*
Yanan Zhao