# EXHIBIT 1
# FILED UNDER SEAL

**From:** Zhao, Yanan <yzhao@irell.com>
**Sent:** Wednesday, December 14, 2022 9:32 PM
**To:** Katherine Reardon <reardon@fr.com>; FISH SERVICE Samsung/Netlist <FISHSERVICESamsung/Netlist@fr.com>; Samsung-Netlist-FISH <Samsung-Netlist-FISH@fr.com>; ~Smith, Melissa <melissa@gillamsmithlaw.com>; aahn@cov.com; bnester@cov.com
**Cc:** #Netlist-Samsung-E.D.Tex <Netlist-Samsung-E.D.Tex@irell.com>; jtruelove@mckoolsmith.com
**Subject:** RE: Netlist v. Samsung, 21-cv-463 (EDTX) | Samsung's Document Production

Kate, in response to your email below:

1. 
2. 
3. 
4. 
5. Patents Samsung licensed from third parties. To the extent Samsung has in its possession the lists of patent Samsung licensed from third parties in connection with the negotiation of those licenses/ settlement agreements Samsung produced, that is relevant information and should be produced.
6. Negotiation history for patent licenses. Netlist is seeking the negotiation history for licenses entered into not arising from litigation. This is plainly discoverable information, especially given Samsung's contentions that these licenses are comparable. If Samsung will not produce the negotiation history for these allegedly comparable licenses, Netlist will move to preclude Samsung from relying on or referring to those licenses at trial in any way. Separately, ███████████████████████████████████ are not discoverable, as you recognized in your October 17, 2022 letter.

We have repeatedly requested for a lead-to-lead meet and confer, please provide Samsung's availability without further delay.

Thanks,
Yanan

**Yanan Zhao**
*Associate*
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
DID: 310-277-1010 | yzhao@irell.com

**From:** Katherine Reardon <reardon@fr.com>
**Sent:** Monday, December 12, 2022 7:01 PM

**To:** Zhao, Yanan <yzhao@irell.com>; FISH SERVICE Samsung/Netlist <FISHSERVICESamsung/Netlist@fr.com>; Samsung-Netlist-FISH <Samsung-Netlist-FISH@fr.com>; ~Smith, Melissa <melissa@gillamsmithlaw.com>; aahn@cov.com; bnester@cov.com
**Cc:** #Netlist-Samsung-E.D.Tex <Netlist-Samsung-E.D.Tex@irell.com>; jtruelove@mckoolsmith.com
**Subject:** RE: Netlist v. Samsung, 21-cv-463 (EDTX) | Samsung's Document Production

Yanan,

I write in response to your December 8 email and your November 7 email requesting additional documents.

First, with respect to the document requests now identified in your December 8 email:



- 
- 
- 
- 

Second, Samsung's responses to your earlier document requests are in blue:

1. All patent licenses, settlement agreements, covenants not to sue, or related items entered into by SSI, SEC, or SEA that relate to semiconductors or semiconductor manufacturing, transistors or circuits, or components of servers or other personal computers.
   - Samsung has already produced all license agreements related to stacked memory or DRAM products located after a reasonable search, which is what is relevant in this case. Netlist's latest request is overbroad, burdensome, and not proportional to the needs of this case. Samsung will not search for such a broad category of license agreements.

2. The negotiation history for all patent licenses that Samsung contends are comparable to the hypothetical negotiation in this case.
   - Netlist has already represented on previous meet and confers that it would not be producing the negotiation history of agreements it has produced in this case. Samsung continues to disagree – ███████████████████████████████████████. Samsung maintains that those documents are relevant and not subject to any "protections" from discovery as Netlist argues and will seek appropriate relief. In contrast, the burden of Samsung searching for all negotiation history for licenses it has produced in this case is not proportional to the needs of the case.

3. For each patent license, settlement agreement, or covenant not to sue that SSI, SEC, or SEA has entered into that relates to semiconductors or semiconductor manufacturing, transistors or circuits, or components of servers or other personal computers, a list of the patents licensed by any party as part of that agreement.
   - To the extent a patent list was included in the agreements produced, Samsung has produced it. Otherwise, patent portfolio lists are equally available to Netlist from publicly available sources.

4. 
   - 

Regards,
Kate

Katherine H. Reardon :: Fish & Richardson P.C. :: 212 641 2235