**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:21-CV-463-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | **Filed Under Seal Pursuant to Protective** |
| INC., SAMSUNG SEMICONDUCTOR, | ) | **Order** |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF NETLIST INC.'S OPPOSED MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INFRINGEMENT CONTENTIONS

# TABLE OF CONTENTS

**Page**

I.  FACTUAL BACKGROUND ............................................................................................ 2

II.  LEGAL STANDARD .................................................................................................... 8

III.  ARGUMENT ................................................................................................................. 8

    A.  Netlist Has Been Diligent in Supplementing Its PICs as Information Is collected ......................................................................................................... 8

    B.  Good Cause Exists to Supplement the PICS under P.R. 3-1(e) and 3-2(b) ..................................................................................................................... 9

    C.  To the Extent the Court Deems It Necessary, Netlist's Supplemental Disclosures under P.R. 3-1(f) Is Appropriate ............................................... 11

IV.  CONCLUSION ............................................................................................................ 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alexsam Inc. v. IDT Corp.,*
    No. 2:07-cv-420, 2011 WL 108725 (E.D. Tex. Jan. 12, 2011) ..............................................8

*EMG Tech., LLC v. Chrysler Grp., LLC,*
    No.6:12-cv-259, 2013 WL 12147662 (E.D. Tex. July 3, 2013) ...........................................9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.,*
    579 U.S. 93 (2016)..............................................................................................................12

*Harris Corp. v. Huawei Device, USA, Inc.,*
    2:18-CV-00439, 2019 WL 4247067 (E.D. Tex. Sept. 6, 2019) ...........................................8

*Keranos, LLC v. Silicon Storage Tech., Inc.,*
    797 F.3d 1025 (Fed. Cir. 2015) (applying P.R. 3-6(b)).......................................................8

*Keranos, LLC v. Silicon Storage Tech., Inc.,*
    No. 2:13-cv-00017, 2018 WL 574867 (E.D. Tex. Jan. 26, 2018) .......................................8

*Lone Star Technological Innovs., LLC v. Asustek Computer Inc.,*
    2022 WL 4494312 (Aug. 18, 2022) .............................................................................. 12, 13

*TiVo, Inc. v. Verizon Communications, Inc.,*
    2012 WL 2036313 (E.D. Tex. June 6, 2012) ....................................................................11

*United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.,*
    No. 2:18-cv-00366, 2019 WL 6878880 (E.D. Tex. Dec. 17, 2019) ...................................11

**Rules**

Rule 3-1(e) ......................................................................................................................................9

Rule 30(b)(6) .............................................................................................................................1, 4

Plaintiff Netlist, Inc. ("Netlist") respectfully requests leave to amend its preliminary infringement contentions ("PICS"). Ex. 13 (Netlist's proposed amended cover pleadings). Samsung maintains the PICs must announce the conception and reduction to practice dates of the asserted patents, as opposed to the earliest priority date of the patents. Samsung also maintains that the PICs must identify the devices that were developed as part of the conception and reduction to practice, even if those devices were not being used or sold at the time of issuance of the Asserted Patents and therefore cannot "practice the claimed invention" as recited in P.R. 3.1(f).

Netlist disclosed the substance of these proposed amendment to Samsung on November 21, 2022 in response to Samsung's Interrogatories asking for the "complete detail the circumstances surrounding the conception, diligence, and reduction to practice" and "each product (including prototypes) . . . that embodies . . . the subject matter of any claim of any Asserted [] Patent." Ex. 1 at 7-15 (Netlist's 1st. Supp. Responses to Rogs No. 1 and No. 2). Netlist served this response more than a month before fact discovery closed, and before any Netlist's fact witness depositions occurred.

Samsung also served Rule 30(b)(6) deposition on the topics of conception, reduction to practice, and Netlist's products practicing the patents-in-suit. *See* Ex. 2 at 7, 8, 12 (Samsung's Rule 30(b)(6) topics 10, 11, 12, 13, 14, 15, 43). For example, Topic No. 13 asks for "All facts and circumstances concerning first manufacture; first demonstration; first disclosure; first written description; first publication; first prototype; first use in the United States; first public use in the United States; first offer for sale in the United States; first sale in the United States; and first importation into the United States of the alleged invention(s) of each of the Asserted Patents." *Id.* Netlist offered a witness on these topics. Ex. 3 (2022-10-31 Zhao Email designating witness). *Id.* And Samsung examined the witness on these topics on November 29-30. Samsung did not indicate that the witness was unprepared or that it was missing information, or that it needed more time to prepare for these topics. On the last day of fact discovery, Samsung announced that it would move to "strike" the

interrogatory responses.   Netlist offered that if Samsung needs to take additional depositions of Netlist's witness on the reduction to practice process, or desired to file a supplemental report on this subject, Netlist would not oppose this request.   Samsung refused this proposal categorically.   And instead, Samsung announced that it wanted to delay the trial by four months, after twice moved to stay this case. Dkts. 26, 74.

## I.      FACTUAL BACKGROUND

On May 4, 2022, Netlist served its preliminary infringement contentions ("PICs") on Samsung pursuant to the docket control order.   Ex. 5.   In its PICs, Netlist complied with P.R. 3-1(e) by identifying "the priority date to which each asserted claim is allegedly entitled."   *Id.* at 8-9.   Netlist expressly stated that conception and reduction to practice were distinct from priority and that conception and reduction practice dates would be provided during the fact and expert discovery period:

> The subject matter described by the asserted claims, however, may have been
> conceived and reduced to practice prior to this priority date. Netlist's investigation is
> ongoing and Netlist reserves the right to assert that the claims are entitled to an
> invention date that is earlier than the above dates.  *Id.* at 9.

The patents at issued in this case have priority dates stretching back to June 1, 2007.  *Id.*   At the time of the PICs, Netlist had not located conception and reduction to practice records and reported this in the PICs.   Netlist does not have a central repository for conception and reduction to practice documents.   Moreover, the name of historical products that are no longer marketed does not reveal whether they implements particular limitations in the Asserted Patents at issued, which were not granted until 2021 through 2022.   A document-by-document search of each of Netlist's historical products by Netlist engineers who could interpret the files had to occur to locate the internal design files that show the presence or absence of a feature.   Once the relevant documents were located, they then needed to be examined by experts to confirm they reflected elements of the claims.   The final

set of documents that were located after this long process were produced on November 15, 2022.  Ex. 6 (2022-11-15 Netlist's production letter).  Netlist supplemented its relevant interrogatory responses on November 21, 2022 identifying the documents and explaining what they disclose.

During its investigation of those documents, including experts' analysis, Netlist determined that certain products that it made and/or sold reduced to practice embodiments recited in the specification of the Asserted Patents before the patents issued.  These embodiments had ceased being made or sold at the time of issuance of each of the relevant Asserted Patents, which issued between December 2020 and January 2022.  Nonetheless, Netlist identified them as part of the reduction to practice of embodiments in the specification.  For example, Samsung propounded the following interrogatory:  "For each Asserted Claim of the Asserted Patents . . . please describe in complete detail the circumstances surrounding the conception, diligence, and reduction to practice of the alleged invention of that claim . . . ." Ex. 1 at 7.  In describing the reduction to practice of the 918 and 054 patents, Netlist wrote:



Ex. 1 at 11-12.

The purpose of discussing these products is to show the implementation of one of the elements of the 918 and 054 patents, which places voltage regulation on module via the following limitation.

As another example, Samsung propounded the following interrogatory: "For each product (including prototypes) made, used, sold, or imported by Plaintiff or its licensees that embodies, that was made by, or that is used when practicing, the subject matter of any claim of any Asserted or Related Patent, please describe in detail how each limitation of each Asserted Claim is met by the product, including by providing an element-by-element chart." Ex. 1 at 12. Netlist responded as to the '918 and '054 patents:



*Id.* at 15. These products are no longer offered for sale.

On November 23, 2022, Samsung demanded that Netlist withdraw its November 21, 2022 supplemental interrogatory responses. Ex. 12. Samsung did not explain any specific prejudice it suffered by receiving this disclosure a month before the close of fact discovery. Samsung did not seek an extension of the discovery deadline or seek to reschedule any witness' deposition.

After receiving the document production on November 15 and the supplemental interrogatory response on November 21, Samsung took the depositions of Netlist's inventor witness and corporate representatives on the subject relating to the conception and reduction to practice of Netlist's patents. Ex. 3 (2022-10-31 Email) (designating Scott Milton and Hyun Lee on the topics No. 9, 10, 11, 12, 13, 15, 43). In particular, Samsung had served Rule 30(b)(6) Topics reciting:.

Topic 11: The first reduction to practice of the subject matter claimed in each asserted claim of the Asserted Patents, including, but not limited to, the date(s) of the reduction to practice, the circumstances of the reduction to practice, the identity of each Person who has participated in or has knowledge of the reduction to practice and the role(s) of each such Person in the reduction to practice; Documents relating to any of the foregoing; the types and locations of Documents relating to any of the foregoing; and the identities of custodians of Documents relating to any of the foregoing.

Topic 12: Diligence in the reduction to practice of the subject matter claimed in the Asserted Patents, including, but not limited to, the date(s) of such diligence, the circumstances of such diligence, the identity of each Person who participated in or has knowledge of such diligence and the role(s) of each such Person, and any other facts or activities that Netlist contends demonstrate reasonable diligence under 35 U.S.C. § 102(g); Documents relating to any of the foregoing; the types and locations of Documents relating to any of the foregoing; and the identities of custodians of Documents relating to any of the foregoing.

Topic 13: All facts and circumstances concerning first manufacture; first demonstration; first disclosure; first written description; first publication; first prototype; first use in the United States; first public use in the United States; first offer for sale in the United States; first sale in the United States; and first importation into the United States of the alleged invention(s) of each of the Asserted Patents.  Ex. 2 at 7, 8, 12 (Samsung's Rule 30(b)(6) Notice).

Netlist designated its Chief Technology Officer Scott Milton to testify on these topics.  Ex. 3.

This deposition occurred on November 30, 2022, after Netlist had served its supplement integratory response on conception and reduction to practice.  Samsung questioned Mr. Milton on these issues. *See, e.g.* Ex. 4 (Milton Trans.) at 78:14-80:10; 108:12-121:19; 158:5-22; 179:20-187:11 (discussing Netlist's HybriDIMM and HyperCloud products).  For example, counsel for Samsung questioned Mr. Milton on





at 165:14-166:5.  As another example:

Mr. Milton also provided an outline of his analysis showing actual reduction to practice via older

Netlist product.  For example, he presented the following explanation regarding the '339 patent.



Ex. 8 (Milton Notes).

Samsung also examined Mr. Hyun Lee, one of the inventors on the Asserted Patents, on the same issues of reduction to practice and products embodying certain features on November 30. *See* Ex. 11 (Lee Trans). For example:



Ex. 11 at 99:1-100:12.

Samsung continued to examine witnesses on this topic through December.  For example, on December 16, 2022, Samsung examined Netlist's CEO on the exact subject of what products implemented embodiments in the patent specification.



Ex. 9 (Hong Transcript) at 243:9-25.

On December 21, 2022, the last day of fact discovery, Samsung expressed its intent to strike

Netlist's supplemental interrogatory responses, or alternatively, Samsung demanded a four-month extension of the trial date. Ex. 7. In an attempt to avoid this dispute, Netlist unilaterally agreed that Samsung could serve a supplemental report on the issue of reduction to practice and to reopen a fact deposition if it believed this was necessary. Ex. 10 (2022-12-23 Sheasby Email). Samsung rejected this request.

## II.    LEGAL STANDARD

Under P.R. 3-6(b), leave to amend or supplement infringement contentions may be granted "upon a showing of good cause." In determining whether good cause supports an amendment, courts consider: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1036 (Fed. Cir. 2015) (applying P.R. 3-6(b)) ((*citing Alexsam Inc. v. IDT Corp.*, No. 2:07-cv-420, 2011 WL 108725, at *1 (E.D. Tex. Jan. 12, 2011)). This district's local rules "do not require the parties to litigate the case in the contentions." *Harris Corp. v. Huawei Device, USA, Inc.*, 2:18-CV-00439, 2019 WL 4247067, at *3 (E.D. Tex. Sept. 6, 2019). Indeed, "[i]t is expected that during the course of discovery, infringement contentions may be clarified or refined." *Id.* "Diligence is a factor, but it is not a threshold requirement that must be evaluated in a vacuum . . . ." *Keranos, LLC v. Silicon Storage Tech., Inc.*, No. 2:13-cv-00017, 2018 WL 574867, at *2 (E.D. Tex. Jan. 26, 2018).

## III.   ARGUMENT

### A.    NETLIST HAS BEEN DILIGENT IN SUPPLEMENTING ITS PICS AS INFORMATION IS COLLECTED

This is a complex case. This is not a situation in which Netlist served an original set of PICs and simply remained silent out of laziness or inattention. Netlist supplemented its PICs four times, on August 12, October 10, November 16, and December 11, 2022 as additional information has been collected. Each time Netlist has asked Samsung if it opposes the supplementation and each time

Samsung has announced after a significant delay that it opposes supplementation.  Netlist has properly moved to have each of these supplements entered via its pending motion at Dkt. 113.

Samsung contends the information on embodiments that exists before a patent issued, and conception and reduction to practice dates need be present in the PICs.  Samsung had the information at issue a month before the close of fact discovery, before it took a single fact witness deposition in the case, and never asked to either extend fact discovery, delay the depositions, our sought additional information.

**B.   GOOD CAUSE EXISTS TO SUPPLEMENT THE PICS UNDER P.R. 3-1(E) AND 3-2(B)**

Local Patent Rule 3-1(e) requires disclosure of any priority claim to an *earlier application. EMG Tech., LLC v. Chrysler Grp., LLC*, No.6:12-cv-259, 2013 WL 12147662, at *1 (E.D. Tex. July 3, 2013) ("[T]he rule makes clear that the priority date provided pursuant to P.R. 3-1 is related to claiming priority to 'an earlier application.").  This rule does not require a patentee to disclose a specific prior conception or reduction to practice date.  *Id.* at *2 ("The Court finds that Plaintiff has complied with the local patent rules and there is no need for Plaintiff to amend its infringement contentions to list an earlier date.").  Netlist fully complied with P.R. 3-1(e) by disclosing the priority claim to an earlier application. Ex. 5 (PICs).

Good cause exists to allow Netlist to amend its infringement contentions to include information about conception and reduction to practice.

The first factor—reason of Netlist's delay—favors allowing Netlist to supplement its PICs. Netlist was diligent in attempting to locate the documents relating to conception and reduction to practice.  These documents relate to old products that are no longer sold.  They were not kept in a central repository, but instead a hand search of files had to occur to locate them.  Furthermore, it is not apparent from the name or description of a product whether it included features recited in the

asserted claims, which did not issue until December 2020-2022.  Instead, Netlist engineers had to go through the design files to specifically confirm the presence of an element.  Promptly upon completing this diligent investigation, Netlist supplemented its responses to Samsung's interrogatory No. 1 and provided the facts and documents showing the conception and reduction to practice on November 15, almost six weeks before the close of fact discovery.  Netlist's interrogatory response served more than a month before the close of fact discovery identifies the specific documents that show cocneption and reduction to practice.

The second factor—the importance of Netlist's evidence relating to the conception and reduction to practice—also weighs in favor of allowing Netlist to amend its PICs.  It is important for the jury to understand the reduction to practice of embodiments with the specification of the patent.

With respect to the third factor, Samsung cannot show any prejudice as a result of Netlist's allegedly "late" disclosures of the evidence showing reduction to practice.  The only prejudice Samsung asserts is that it needs more time to conduct discovery due to Netlist's purported delay.  Ex. 7 (Reardon 2022-12-22 Email) ("[Samsung] asks for the alternative relief of a four-month extension to the discovery period limited to the issues raised in Netlist's November 21, 2022 responses to Interrogatory Nos. 1, 2, and 3.").  However, as mentioned above, Netlist served its supplemental interrogatory responses on November 21, 2022, which was more than a month before fact discovery closed.  Netlist's corporate representative, Scott Milton, was deposed in November 30, 2022, testified as to the reduction to practice and conception of Netlist's patents. Ex. 4 (Milton Transcript).  Samsung did not seek a reschedule of his deposition to a later day either.  And Samsung declined to identify any additional discovery that it needs to take or which is missing.  *See United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, No. 2:18-cv-00366, 2019 WL 6878880, at *1-2 (E.D. Tex. Dec. 17, 2019) (granting leave to amend even though defendant's non-infringement report was due roughly four weeks after it had received the revised contentions).

Finally, the fourth factor—availability of a continuance—also favors Netlist.  The trial for this case is not until May, 2023, and expert reports were over a month away from being filed at the time Netlist identified the dates of conception and reduction to practice. Dkt. 109; *see United Servs. Auto. Ass'n*, 2019 WL 6878880, at *2 (noting that there would be a "full and fair opportunity to question" the patentee's "experts regarding this amendment" because "expert depositions have not yet occurred"); *see also TiVo, Inc. v. Verizon Communications, Inc.*, 2012 WL 2036313, at *3 (E.D. Tex. June 6, 2012) ("Because the Court finds that Verizon will not be prejudiced by the amendment, the Court need not address the availability of a continuance to cure prejudice.").  To the extent Samsung identifies any specific questions it needs to ask Netlist's corporate representative designated on this topic, Netlist will offer Mr. Milton for another deposition at a time mutually agreed on by the parties. Netlist also agreed that Samsung can file a supplemental expert report if needed to address topics related to Netlist's November 21 supplemental responses to Samsung's interrogatories Nos. 1, 2, and 3 based on any additional fact discovery.  Ex. 10.  Samsung rejected Netlist's proposed compromise without providing any specific explanation as to why it was not sufficient.  Ex. 10 at 1.

For reasons discussed above, Netlist's motion for leave to amend the PICs to supplement its disclosures in connection with P.R. 3-1(e) and 3-2(b) should be granted.

### C.   TO THE EXTENT THE COURT DEEMS IT NECESSARY, NETLIST'S SUPPLEMENTAL DISCLOSURES UNDER P.R. 3-1(F) IS APPROPRIATE

P.R. 3-1(f) provides:

> If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

As discussed above, *supra* 3, no Netlist's products practice the claims of the Asserted Patents because all products that implemented embodiments in the specification of the patent had ceased being

marketed by the time the patent claims issued.  Netlist is not currently selling any of these products either.  However, if this Court deems amendment is necessary, good cause exists that supports Netlist's motion for leave to amend.

The first factor—explanation of Netlist's delay—favors Netlist's motion for leave to amend. For reasons discussed above, Netlist reasonably believed that any potentially embodying products were sold during the time before any patents embodied by such product were issued.  Therefore, those products did not practice the asserted claims (i.e., because they had not yet issued), and did not need to be disclosed in Netlist's PICs.  Further, the analysis of whether Netlist's products practice one or more asserted claims is a time consuming process—particularly because these products at issue were no longer on sale.  However, Netlist diligently conducted its analysis and study of the legacy products and immediately disclosed its finding to Samsung when completed.

The second factor—the importance of what the Court would exclude—also favors allowing Netlist's to amend its PICs.  Netlist's amendment adding its products practicing the patents-in-suit is important for Netlist to explain its conception and reduction to practice story, as well as for Netlist to prove that Samsung willfully infringed its patents.

To establish willful infringement, a plaintiff is required to show the "'subjective willfulness of a patent infringer'" which is characterized by "knowing or having reason to know of facts which would lead a reasonable man to realize his action is unreasonably risky."  *Lone Star Technological Innovs., LLC v. Asustek Computer Inc.*, 2022 WL 4494312 *3 (Aug. 18, 2022) (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016)). ███████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████  Samsung's knowledge of these products is

thus directly relevant to Netlist's ability to show that Samsung had knowledge of Netlist's technology and thus knew it was infringing.  Further, culpability for willfulness is "measured against the knowledge of the actor at the time of the challenged conduct."  *Lone Star*, 2022 WL 4494312 at *3. Thus, it is vital to Netlist's willfulness claim that it can accurately demonstrate the time at which Samsung gained knowledge of Netlist's technology embodied in these products.

The third factor—prejudice to Samsung—is also in favor of allowing Netlist's to amend. Again, the only prejudice Samsung asserts is that it needs more time to conduct discovery due to Netlist's purportedly delayed disclosures. Ex. 7 (Reardon 2022-12-22 Email) ("[Samsung] asks for the alternative relief of a four-month extension to the discovery period limited to the issues raised in Netlist's November 21, 2022 responses to Interrogatory Nos. 1, 2, and 3.").  However, Netlist served the supplemental interrogatory responses on November 21, 2022, over a month before fact discovery closed in this case.  In fact, at that time, no deposition of any Netlist witness had taken place.  Samsung did not raise the need of additional time to prepare for depositions of Netlist's witness.  Instead, Samsung took the deposition of Netlist's fact witnesses, including Netlist's corporate representatives Scott Milton, Hyun Lee, and Netlist's CEO Chuck Hong respectively on November 29, November 30, and December 16, 2022.  Samsung had the opportunity to examine Netlist's witnesses on these topics—and Samsung did so. ████████████████████████████ ████████████████████████████████████████████████ After the deposition of Netlist's witnesses, Samsung remained silent and did not raise any request to retake any witness of Netlist.

Finally, the fourth factor—availability of a continuance—also favors Netlist's proposed amendment. As discussed above, the trial for this case is not until May, 2023, expert reports were not due until over a month after Netlist served its disclosures, Dkt. 109.  And expert discovery will not close until January 30, 2023.  *Id.*  To the extent Samsung identifies any specific questions it needs to

retake Netlist's corporate representative designated on this topic, Netlist can offer Mr. Milton for another deposition at a time mutually agreed on by the parties. Netlist also agreed that Samsung can file a supplemental expert report if needed to address topics related to Netlist's November 21 supplemental responses to Samsung's interrogatories Nos. 1, 2, and 3.  Samsung rejected Netlist's proposed compromise without providing any explanation.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Netlist respectfully seeks leave to amend its PICs to include supplemental disclosures pursuant to P.R. 3-1(e), 3-2(b), and 3-1(f).

Dated: December 23, 2022                          Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900

Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on December 23, 2022, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF CONFERENCE

I hereby certify that, on December 22, 2022, counsel for the parties met and conferred on the issues raised in this motion.  Counsel for Samsung confirmed that Samsung would oppose the motion.

*/s/ Yanan Zhao*
Yanan Zhao