**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:21-cv-463-JRG |
| | ) |
| SAMSUNG ELECTRONICS CO., LTD., | ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC., SAMSUNG SEMICONDUCTOR, | ) Sought to Be Filed Under Seal |
| INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO STAY (DKT NO. 74)**

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................................1

II.     Argument..............................................................................................................................3

        A.      The Institution Decisions Do Not Warrant a Stay of this Action in
                Its Entirety...............................................................................................................3

        B.      Staying this Case in Whole or in Part Will Not Substantially Simplify
                Issues Before this Court ..........................................................................................4

        C.      A Stay Would Cause Undue Prejudice to Netlist...........................................5

        D.      A Stay Is Inappropriate Because this Case Is at an Advanced Stage ...........6

III.    Conclusion............................................................................................................................7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acorn Semi, LLC v. Samsung Elecs. Co.*,
No. 19-cv-347-JRG, 2020 WL 10284981 (E.D. Tex. Sept. 14, 2020) ..................................................3

*Barkan Wireless IP Holdings, L.P. v. Samsung Elecs. Co.*,
No. 18-cv-28-JRG, 2019 WL 8647996 (E.D. Tex. Mar. 15, 2019) .....................................................3

*Chrimar Sys., Inc. v. Adtran, Inc.*,
No. 15-cv-618, 2016 WL 4080802 (E.D. Tex. Aug. 1, 2016) .............................................................5

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
No. 16-cv-505, 2017 WL 7051628 (E.D. Tex. Oct. 25, 2017) ...........................................................4

*Intell. Ventures II LLC v. BITCO Gen. Ins. Corp.*,
No. 15-cv-59, 2016 WL 4394485 (E.D. Tex. May 12, 2016).........................................................3, 4

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
No. 17-cv-662, 2018 WL 11363368 (E.D. Tex. Nov. 19, 2018) ........................................................6

*Nanoco Techs. Ltd. v. Samsung Elecs. Co.*,
No. 20-cv-38-JRG, 2021 WL 3027335 (E.D. Tex. Jan. 8, 2021) .......................................................3

*Snik LLC v. Samsung Elecs. Co.*,
No. 19-cv-387-JRG, 2020 WL 9076438 (E.D. Tex. Oct. 5, 2020) .....................................................3

## I.       INTRODUCTION

On August 30, 2022, Samsung moved to stay this Action based on uninstituted petitions of *inter partes review* ("IPR") and an appeal from the Central District of California's jury trial and final judgment regarding the parties' contract disputes. Dkt. 74. As detailed in Netlist, Inc.'s ("Netlist") opposition, Dkt. 85, Samsung's motion to stay before the USPTO instituted the IPR as to any patent in suit conflicts with this court's universal practice. Further, Samsung cannot show a legitimate basis to stay this Action pending the Ninth Circuit Appeal, after the C.D. Cal. Court repeatedly found that Netlist properly terminated the JDLA after Samsung's material breach. *Id.*[1]

After Samsung filed its motion to stay, the USPTO instituted IPRs as to U.S. Patent No. 10,949,339 (on October 19, 2022); 10,860,506 (on October 21, 2022); 11,232,054 (on December 6, 2022); and 11,016,918 (on December 7, 2022). The USPTO entered the institution decisions after Samsung filed Sotera stipulations committing that it would not pursue any invalidity defense in this action "based on grounds that were raised or reasonably could have been raised in the IPR."[2] That, however, was what Samsung did: it based its Section 102/103 defenses on the same prior art references raised in the IPR (or a journal article) in combination with alleged Applicants' admitted prior art (which

---

[1] As explained in Netlist's Opposition, even if the Ninth Circuit reversed the C.D. Cal. court's decision and found JDLA was not terminated, that would not dispose this Action in its entirety. Dkt. 85 at 8-9. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

[2] Ex. 2 (2022-12-22 Zhong Email asking Samsung to explain why it should not be sanctioned for violating the Sotera stipulation and exhibits attached thereto).

is permitted by the PTAB guidelines), JEDEC documents that Samsung used as basis for other IPRs against Netlist, and manuals that it designated as non-confidential.

Samsung also filed IPR petitions for the two remaining patents in suit: U.S. Patent No. 8,787,060 and 9,318,160 (the "HBM Patents").  IPR2022-01428, paper 5; IPR2022-1427, paper 5.  The institution decisions for these two patents are not due until April 19, 2023.  *Id.*  The estimated final written decisions from the USPTO on the IPRs that have been instituted are not due until after October 21, 2023, more than five months after the scheduled trial of this Action.

| Pat. | IPR Filing Date | Institution Decision Deadline | Estimated FWD Deadline | *Non Prior Art Invalidity Asserted?*[3] | *Equitable Defenses Raised?* | *102/103 art raised in validity report?* |
|---|---|---|---|---|---|---|
| 339 | 2022-03-02 | 2022-10-21 | 2023-10-21 | ***Yes*** | ***Yes*** | ***Yes*** |
| 506 | 2022-03-22 | 2022-10-28 | 2023-10-28 | ***Yes*** | ***Yes*** | ***Yes*** |
| 918 | 2022-05-17 | 2022-12-09 | 2023-12-09 | ***Yes*** | ***Yes*** | ***Yes*** |
| 054 | 2022-05-17 | 2022-12-08 | 2023-12-08 | ***Yes*** | ***Yes*** | ***Yes*** |
| 060 | 2022-08-26 | 2023-04-19 | 2024-04-19 | ***No*** | ***No*** | ***Yes*** |
| 160 | 2022-08-26 | 2023-04-19 | 2024-04-19 | ***No*** | ***No*** | ***Yes*** |

*See* Dkt. 85 at 4 (citing IPR2022-00639, paper 5; IPR2022-00711, paper 5; IPR2022-00996, paper 5; IPR2022-00999, paper 5; IPR2022-01428, paper 5; IPR2022-1427, paper 5).

While Samsung's motion to stay was pending, this Court held a claim construction hearing on all patents in suit on November 4, 2022.  Dkt. 101.  The Court issued a claim construction order on December 14, 2022.  Dkt. 114.

Samsung supplements its motion to stay based on the recent institution decisions.  However, contrary to Samsung's assertions, staying this case, in whole or in part, is inappropriate because this Court has already entered claim construction decisions, fact discovery in this Action has closed, and Netlist has submitted opening expert reports for all patents in suit.

---

[3] Based on Samsung's opening expert reports.

## II.    ARGUMENT

### A.    The Institution Decisions Do Not Warrant a Stay of this Action in Its Entirety

Recognizing its pre-institution motion to stay conflicted with this Court's precedents, Samsung now argues that a stay after the USPTO instituted IPRs on four out of the six patents-in-suit is proper. Supp. at 3.  However, contrary to Samsung's assertion, it is this Court's common practice to wait to decide whether a proceeding should be stayed pending IPR proceedings until after the USPTO has entered institution decisions as to all patents in suit.  *See, e.g., Acorn Semi, LLC v. Samsung Elecs. Co.*, No. 19-cv-347-JRG, 2020 WL 10284981, at *2 (E.D. Tex. Sept. 14, 2020) (denying motion to stay as premature and permitting Samsung to file a renewed motion to stay "within fourteen (14) days following the PTAB's institution decision regarding ***the last of the patents-in-suit to be acted upon*** by the PTAB" (emphasis added)); *Nanoco Techs. Ltd. v. Samsung Elecs. Co.*, No. 20-cv-38-JRG, 2021 WL 3027335, at *2 (E.D. Tex. Jan. 8, 2021) (same); *Snik LLC v. Samsung Elecs. Co.*, No. 19-cv-387-JRG, 2020 WL 9076438, at *2 (E.D. Tex. Oct. 5, 2020) (same); *Barkan Wireless IP Holdings, L.P. v. Samsung Elecs. Co.*, No. 18-cv-28-JRG, 2019 WL 8647996, at *2 (E.D. Tex. Mar. 15, 2019) (same and noting explicitly that "[i]f the PTAB issues separate institution decisions, Defendants are permitted to refile its motion within 14 days following the ***last institution decision*** regarding petition numbers IPR2018-01659, IPR2019-00100, IPR2019-00199, IPR2019-00200, and IPR2019-00234").

Ignoring this precedent, Samsung asks this Court to stay the entire case.  Supp. at 3 (citing *Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 16-cv-505, 2017 WL 7051628, at *1-2 (E.D. Tex. Oct. 25, 2017) and *Intell. Ventures II LLC v. BITCO Gen. Ins. Corp.*, No. 15-cv-59, 2016 WL 4394485 (E.D. Tex. May 12, 2016)).  The cases referenced by Samsung are readily distinguishable.  As Samsung conceded, in *Intell Ventures*, the defendant moved to stay *after* the USPTO instituted IPR proceedings

as to the only patent in suit.  *See Intell. Ventures*, 2016 WL 4394485 at *1.[4]  Further, the IPR proceedings in that case covered 9 of the 10 asserted claims, and the other claim which was not subject to IPR was dependent on one of the claims under review.  *Id.* & fn.3.  By contrast, here the USPTO has not decided to institute IPR proceedings as to Netlist's HBM patents. .

Similarly, in *Image Processing*, the plaintiff asserted infringement of three patents: the '134 patent, '293 patent, and '518 patent.  *Image Processing*, 2017 WL 7051628 at *1. The USPTO decided to institute IPR proceedings as to the '134 and '293 patents. *Id.*  As a result, "[o]nly **one asserted claim**—Claim 1 of the '293 Patent—[wa]s left before [the] Court without any pending IPR proceeding." *Id..*  In light of this fact, the court granted defendant's renewed motion to stay.  *Id.* (explaining "[s]ince only ***one asserted claim*** is not currently under a simultaneous IPR review, there is a material possibility that the outcome of all IPR proceedings will streamline the scope and resolution of this case" (emphasis added)).  This is in sharp contrast to the facts here, where the USPTO has not acted on any claim of Netlist's HBM patents, and where there are nearly 30 claims being asserted from those patents. *See* Dkt. 118-2 at 4 (Netlist's PICs asserting claims 1-14, 16-21, and 23-28 of the '060 patent and claims 1, 2, 4, and 5 of the '160 patent).

**B.      Staying this Case in Whole or in Part Will Not Substantially Simplify Issues Before this Court**

Contrary to Samsung's assertions, staying this case pending the instituted IPRs would not substantially simplify issues presented before this Court, because Samsung is not prevented from raising invalidity challenges under § 112(f) or (g)(2), arguing newly raised equitable defenses (including prosecution laches), or trying to re-litigate the same art combinations by combining it with others.

---

[4] The Plaintiff in *Intell. Ventures* asserted two patents in this action and dropped one of them after the USPTO entered the institution decisions.

In fact, despite Samsung's submissions of the Sotera stipulations, Dkts. 86-11, 86-12, Samsung breached its own promise after the USTPO instituted the IPR proceedings, and asserted invalidity arguments in its opening expert reports, which were, or could have been, raised in the IPR proceedings. Ex. 2 (2022-12-22 Zhong Email); Dkt. 85 at 5.[5]  By way of example, Samsung's opening expert reports raised 35 U.S.C. §102 and § 103 invalidity arguments as to the '339 patent based on Ellsberry, Halbert, as well as other prior art and their combination, which were either already raised in the IPR proceedings, or could have been raised there.  *See* IPR2022-00639, paper 1.

Samsung's attempt to relitigate the issues raised before the USPTO undermines any efficiency argument it asserts.

### C.    A Stay Would Cause Undue Prejudice to Netlist

A stay is also inappropriate because Netlist will suffer significant prejudice.  In *Chrimar Sys., Inc. v. Adtran, Inc.*, No. 15-cv-618, 2016 WL 4080802, at *2 (E.D. Tex. Aug. 1, 2016), this Court held that the patentee would suffer undue prejudice because a stay could delay the case well beyond the scheduled trial date of January 2, 2017, as the "IPR decision may not be issued until August 18, 2017," "the earliest a final decision would be made as to all of the patents-in-suit would be December 9, 2017," "the August 18, 2017 deadline could be extended by six months for good cause," and the delay "could be further exacerbated if Defendants invoke their right to appeal the PTAB's decision to the Federal Circuit."

Similarly, here, the IPR decisions as to any Netlist's patents-in-suit may not be issued until at least October 21, 2023, which is more than five months after the currently scheduled trial date.  A final written decision as to all Netlist's patents in suit would be April 19, 2024.  Further extension of

---

[5] Netlist believes that Samsung's violation of Sotera stipulations is a sanctionable event and Netlist should be awarded attorney fees for having to defend the overlapping 102/103 validity defenses in two fora.

the IPR proceedings and possible Federal Circuit appeals would also delay Netlist's rights to timely and cost-effective enforcement of its patent rights.  *Id.* (citing *Ambato Media, LLC v. Clarion Co., Ltd*, No. 9-cv-242, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012); *Voltstar Technologies, Inc. v. Superior Commc'ns, Inc.*, No. 12-cv-82, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013)).

### D.      A Stay Is Inappropriate Because this Case Is at an Advanced Stage

Samsung argues that "the timing of PTAB's institution decisions relative to the stage of this case favors a stay" because it filed the motion to stay four months before the end of fact discovery and trial is a few months away.  Supp. at 5.  Samsung's argument lacks merits.

By the time Samsung moved to stay this Action, the parties had expended a significant amount of time and resources.  Dkt. 85 at 14-15 (Netlist's Opposition).  Moreover, before Samsung filed this supplemental brief, and before the USPTO instituted IPRs as to all of the four patents, this Court held a claim construction hearing on November 4, 2022, entered a preliminary claim construction decision, and issued the formal order on December 14, 2022.  Dkt. 114.  Fact discovery closed on December 22, 2022.  Not only did both parties complete claim construction and fact discovery, but Netlist also provided Samsung with its opening expert reports for all patents in suit.[6]  Expert discovery is set to complete by February 3, 2023.  Dkt. 117 at 1.  Dispositive motions are due February 17, 2022, and trial will start on May 1, 2022.  Dkt. 108.  On the other hand, the earliest IPR decision as to Netlist's patents in suit is not due until October 21, 2023, over five months after the scheduled trial of this Action.  *Supra* II.C.

These facts weigh strongly against staying this case.  Indeed, courts in this District have denied motions to stay where fact discovery was not complete.  *See* Dkt. 85 at 14-15; *see also Intell. Ventures II*

---

[6] Netlist served its opening reports as to the '506, '339, '918, and '054 patents on December 22, 2022; the opening reports as to the HBM patents on December 27, 2022; and the damages expert reports for all patents in suit on December 27, 2022.

*LLC v. Sprint Spectrum, L.P.*, No. 17-cv-662, 2018 WL 11363368, at \*2 (E.D. Tex. Nov. 19, 2018) (noting that "[w]ith less than a month remaining for fact discovery, the parties have already invested a substantial amount of time and money in preparing this case for trial" and accordingly, this factor weighs in favor of denying the motion to stay).

## III.     CONCLUSION

For the reasons stated above, Samsung's Motion to Sever and Stay should be denied.

Dated: January 2, 2023

Respectfully submitted,

*/s/ Jason Sheasby*

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
jsheasby@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**Attorneys for Plaintiff Netlist, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 2, 2023, a copy of the foregoing was served to all counsel of record.

<u><i>/s/ Jason Sheasby</i></u><br>Jason Sheasby

## CERTIFICATE OF CONFERENCE

I hereby certify that, on December 22, 2022, counsel for the parties met and conferred and Samsung does not oppose Netlist's filing of this supplemental brief in response to Samsung's supplemental brief in support of the motion to stay. Dkts. 122, 123.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that a motion to seal this document is being filed contemporaneously pursuant to Local Rules CV-5(a)(7) and CV-7(k).

*/s/ Jason Sheasby*
Jason Sheasby