UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>        Defendants. | Civil Case No. 2:21cv463-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO
AMEND ITS PRELIMINARY INFRINGEMENT CONTENTIONS**

## TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | BACKGROUND | | 1 |
| | A. | Netlist's May 4, 2022 Infringement Contentions | 1 |
| | B. | Netlist's First Proposed Amendment to Its Infringement Contentions on August 12, 2022 | 3 |
| | C. | Netlist's October 10, 2022 Second Supplemental Infringement Contentions | 4 |
| | D. | Samsung's October 26, 2022 Letter to Netlist | 4 |
| III. | LEGAL STANDARD | | 4 |
| IV. | ARGUMENT | | 5 |
| | A. | Netlist Was Not Diligent in Seeking Leave To Amend | 6 |
| | B. | The Addition of the 4H Products Prejudices Samsung | 8 |
| | C. | The Importance Factor Does Not Favor Amendment | 9 |
| | D. | Availability of a Continuance | 10 |
| V. | CONCLUSION | | 10 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*EMG Tech., LLC v. Chrysler Grp., LLC*,
  No. 6:12-CV-259, 2013 WL 12147662 (E.D. Tex. July 3, 2013) ............................................4

*Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*,
  No. 6:10-CV-379-LED-JDL, 2012 WL 12911055 (E.D. Tex. Aug. 10, 2012)............... *passim*

*Implicit, LLC v. Huawei Techs. USA, Inc.*,
  No. 6:17-CV-00182-JRG, 2018 WL 11182156, (E.D. Tex. July 2, 2018)................................8

*Implicit, LLC v. Trend Micro, Inc.*,
  No. 6:16-CV-80-JRG, 2017 WL 11630761 (E.D. Tex. July 21, 2017).................................5, 8

*Oyster Optics, LLC v. Coriant (USA) Inc.*,
  No. 2:16-CV-01302-JRG, 2018 WL 11448685 (E.D. Tex. Jan. 8, 2018) .......................6, 8, 10

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
  No. 2:16-CV-230-JRG, 2017 WL 2531591 (E.D. Tex. Apr. 27, 2017) ....................................5

*Precision Energy Servs., Inc. v. ThruBit, LLC*,
  No. CIV.A. H-11-4492, 2013 WL 5274445 (S.D. Tex. Sept. 18, 2013).................................10

*Realtime Data, LLC v. Metropcs Texas, LLC*,
  No. 6:10CV493 LED-JDL, 2012 WL 12903695 (E.D. Tex. Apr. 19, 2012) ........................6, 7

## I. INTRODUCTION

The Court should deny Netlist's motion for leave to amend for failing to accuse four-high (i.e., 4H) stack HBM products in its initial infringement contentions despite knowing about those products. Netlist was far from diligent in accusing these products. Netlist unequivocally knew about these products when it prepared its original infringement contentions in May 2022, as those contentions expressly mention the 4H HBM products in several places. All of the other applicable factors—importance to the case, potential prejudice, and availability of the continuance—likewise counsel against adding the 4H products to the case. This case is in a late stage, and adding the products now could necessitate additional discovery or even claim construction proceedings.

For these reasons, discussed further below, the Court should deny-in-part Netlist's motion for leave to amend its infringement contentions.

## II. BACKGROUND

### A. Netlist's May 4, 2022 Infringement Contentions

Netlist served its original infringement contentions on May 4, 2022. *See* Ex. 1.[1] Netlist originally accused Samsung's HBM products ▬▬▬▬ of infringing the '060 and '160 patents. Ex. 1 at 4. On their face, Netlist's original infringement contentions clearly show ▬▬▬▬ but specifically chose to exclude them from this case. Netlist relied on a document titled ▬▬▬▬ which contains the following figure which illustrates ▬▬▬▬

---

[1] Notably, Netlist did not attach the charts corresponding to its original infringement contentions as an exhibit to its motion, and instead attached only the cover pleading as Exhibit 1.

1

████████████████████████████████████████

████████████████████████████████████████████████████████

*See* Ex. 2 at NETLIST SAMSUNG_EDTX00025746. ████████████

████████████████████████████████████████████████████████

████████████████████████

But in its original infringement contentions, Netlist modified the figure in the article ***to remove*** the left side of the diagram ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████████

Ex. 1 at Ex. E at 10, Ex. F at 10.

Netlist also relied on a document authored by ████████ which shows ████████

████████████████



*See* Ex. 3 at NETLIST SAMSUNG_EDTX00025720; *see also* Ex. 1 at Ex. E at 14, Ex. F at 13.

Yet, despite plainly knowing about Samsung's 4H products, Netlist did not include them in its original infringement contentions under Patent Rule 3-1 on May 4, 2022.

### B. Netlist's First Proposed Amendment to Its Infringement Contentions on August 12, 2022

In Netlist's first proposed amendment to its infringement contentions on August 12, 2022, Netlist supplemented its claim charts for the '060 and '160 patents but again failed to accuse four-high (i.e., 4H) stack HBM products. *See* Mot. Ex. 14 at 4.

3

### C.  Netlist's October 10, 2022 Second Supplemental Infringement Contentions

On October 10, 2022, Netlist again proposed amending its infringement contentions, this time to accuse the same 4H products that it omitted from its original infringement contentions and First Supplemental Infringement Contentions.  *See supra* § II(A)(1); *see* Ex. 4 at 4 (accusing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮), Ex. E at 1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Ex. F at 1 (same).

### D.  Samsung's October 26, 2022 Letter to Netlist

On October 26, 2022, Samsung sent a letter to Netlist explaining that Netlist had no good cause to amend its contentions with respect to the addition of the 4H HBM products and that Samsung would therefore "oppose any motion by Netlist to amend its contentions." Mot. Ex. 17, at 1-2.  Netlist waited for nearly two additional months until December 14, 2022, before seeking leave to amend its contentions.  During that period, Samsung was left to guess whether Netlist actually intended to seek leave to amend its contentions as required by Patent Rule 3-6, or whether it decided not to do so given its lack of good cause.

## III.  LEGAL STANDARD

"Before bringing suit, plaintiff's [sic] are expected to rigorously analyze all publicly available information, and early in the case plaintiff's [sic] must explain their infringement theories in detail." *EMG Tech., LLC v. Chrysler Grp., LLC*, No. 6:12-CV-259, 2013 WL 12147662, at *3 (E.D. Tex. July 3, 2013).  Accordingly, Patent Rule 3-6(b) provides that "[a]mendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P. R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause." "Good cause in this context 'requires a showing of diligence'

4

from the plaintiff." *Implicit, LLC v. Trend Micro, Inc.*, No. 6:16-CV-80-JRG, 2017 WL 11630761, at *1 (E.D. Tex. July 21, 2017) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)).

In determining whether a party has good cause to amend its contentions, courts in this District routinely consider four factors: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded if the proposed amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Packet Intelligence LLC v. NetScout Sys., Inc.*, No. 2:16-CV-230-JRG, 2017 WL 2531591, at *1 (E.D. Tex. Apr. 27, 2017). The plaintiff bears the burden to show that it has good cause to amend its infringement contentions. *Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 6:10-CV-379-LED-JDL, 2012 WL 12911055, at *6 (E.D. Tex. Aug. 10, 2012).

**IV.   ARGUMENT**

Samsung opposes Netlist's motion to amend its infringement contentions insofar as Netlist seeks to accuse Samsung's 4H HBM products of infringing the '060 and '160 patents because Netlist has not shown good cause to add Samsung's 4H HBM products in its October 10, 2022 Proposed Amendment, nor does good cause exist for such an amendment.

The applicable factors show that Netlist has not demonstrated good cause to amend its infringement contentions to accuse Samsung's 4H HBM products. First, Netlist was not diligent in seeking leave to amend, given that it knew about Samsung's 4H HBM products when it was preparing its original infringement contentions in May 2022 but did not seek leave to amend until the close of fact discovery seven months later. Second, Netlist's belated attempt to add Samsung's 4H HBM products to this case prejudices Samsung because claim construction and discovery are complete and the products are not yet part of the case. Third, Netlist has not shown that the 4H

HBM products' importance favors adding them to the case. Fourth, a continuance would not cure the prejudice to Samsung at least in terms of the cost of taking additional discovery and potentially undergoing additional claim construction briefing to account for the 4H HBM products.

### A. Netlist Was Not Diligent in Seeking Leave To Amend

Netlist knew about Samsung's 4H HBM products when it was preparing its original infringement contentions in May 2022, yet it improperly waited to seek leave to add them until the close of fact discovery and after the completion of claim construction. *Oyster Optics, LLC v. Coriant (USA) Inc.*, No. 2:16-CV-01302-JRG, 2018 WL 11448685, at *2 (E.D. Tex. Jan. 8, 2018) (denying motion to amend where, "at this point, claim construction has occurred, fact discovery has closed, and the parties have been operating under the original Infringement Contentions for over eight months"); *Eon*, 2012 WL 12911055, at *5 (denying motion to amend where plaintiff waited three and a half months between service of the proposed amendment and seeking permission from the Court to amend); *Realtime Data, LLC v. Metropcs Texas, LLC*, No. 6:10CV493 LED-JDL, 2012 WL 12903695, at *2 (E.D. Tex. Apr. 19, 2012) (denying motion to amend where plaintiff could not "specifically note what particular information" it learned that justified the plaintiff's delay in amending). Indeed, Netlist's original infringement contentions expressly refer to 4H products in multiple places. *See supra* § II(A)(1). Netlist went so far as to modify a figure that contained a depiction of both 4H and 8H stacks by removing the depiction of the 4H stack, and including only the portion showing the 8H stack in Netlist's original infringement contentions. *See supra* § II(A)(1).

Netlist provides no compelling reason for belatedly trying to add the 4H products after deciding not to accuse them in Netlist's original infringement contentions. Netlist argues that it learned that "the 4H HBM products might also infringe the '060 and '160 patents" only after it reviewed "confidential documents Samsung had

6

Samsung's HBM products." Mot. at 8-9. ████████████████████████ ████████████████████████████████████████████, Netlist provides no explanation of how those designs could have alerted Netlist to the 4H HBM products' alleged infringement. *See id.*; *see also Eon*, 2012 WL 12911055, at *5 (noting movant did not provide sufficient information "from which the Court can evaluate the reasonableness of [the movant's] assertions"); *Realtime*, 2012 WL 12903695, at *2 (same).

Moreover, Netlist did not have confidential information about ████████████ when it accused the 8H HBM products in its original infringement contentions; instead, Netlist's accusation of the 8H HBM products was based on the same types of publicly available information about 8H stacks that was also available for 4H stacks. Ex. 1 at Ex. E at 6-18, Ex. F at 6-17 (showing ████████████████████████████████████████ Netlist does not explain (1) why this evidence available to Netlist in May 2022 was adequate for 8H stacks but not 4H stacks, and (2) why confidential Samsung documents showing ████████████ specifically alerted Netlist of supposed infringement of the 4H products when such information was not necessary for the 8H products. Absent answers to those questions, Netlist cannot establish that it was diligent.

Netlist provides a similar non-answer when it points to Samsung's ████████████ ████ as a basis for adding the 4H HBM products. Mot. at 8-9. Netlist does not explain ████ ████ alerted Netlist regarding 4H HBM products' alleged infringement of the '060 and '160 patents, and indeed Netlist does not ████████████ in any of its proposed amendments with respect to the '060 and '160 patents. *See generally* Mot. Ex. 14 (Netlist's first proposed amendment on August 12, 2022); Ex. 4 (Netlist's second proposed amendment on October 10, 2022); Mot. Ex. 27 (Netlist's fourth proposed amendment on December 11, 2022). Netlist has not

7

shown (and cannot show) why Samsung's ▬▬▬▬ justifies its untimely attempt to add the 4H products, particularly where such information was not needed for Netlist's 8H allegations. *Implicit, LLC v. Huawei Techs. USA, Inc.*, No. 6:17-CV-00182-JRG, 2018 WL 11182156, at *4 (E.D. Tex. July 2, 2018) ("Implicit has not provided sufficient cause as to why these aspects of the Accused Products could not have been identified as part of the case prior to the production of the source code . . . .").

For these reasons, Netlist has not been diligent in seeking leave to amend to newly accuse Samsung's 4H HBM products of infringing the '060 and '160 patents.

**B.     The Addition of the 4H Products Prejudices Samsung**

Adding Samsung's 4H HBM products at this late date—after the close of fact discovery and claim construction—would prejudice Samsung because Samsung no longer has the opportunity to factor the 4H products into its discovery responses, invalidity contentions, and claim construction arguments. *Oyster*, 2018 WL 11448685, at *2 (explaining it would be "unacceptable" to force a defendant "to revamp its litigation strategy to account for previously abandoned accused products"); *Eon*, 2012 WL 12911055, at *7 (permitting plaintiff to change theories late in litigation would necessitate new claim construction arguments and invalidity theories). Indeed, permitting Netlist to amend to add these products now would "promote[] back-loading (as opposed to front-loading) disputes." *Oyster*, 2018 WL 11448685, at *3 (citation omitted).

Netlist's efforts to shift the burden onto Samsung should also be rejected. Netlist had the obligation to diligently seek leave—by proving good cause and obtaining an order of the Court—to amend its infringement contentions by adding the 4H HBM products. *See* Patent Rule 3-6(b); *Implicit*, 2017 WL 11630761, at *1 (quoting *O2 Micro*, 467 F.3d at 1366). Netlist cites nothing to support its assertion that Samsung's 4H HBM products ▬▬▬▬ ▬▬ 8H HBM products. *See* Mot. at 10. Nor is it adequate that Netlist served its proposed

8

amendment "two months before the close of fact discovery and expert reports." Mot. at 10; *Eon*, 2012 WL 12911055, at *4 ("[T]he three and a half month delay between serving the proposed infringement contentions and seeking permission from Court to do so exacerbates the prejudice on T-Mobile."). Patent Rule 6-3 requires a plaintiff to obtain a Court order based on good cause, not merely serve a proposed amendment. Patent Rule 6-3.

Netlist alleges that Samsung "concedes" that "no additional technical analysis will be required in its upcoming rebuttal reports" but this is incorrect. Mot. at 10. Netlist does not cite support for any such concession, and Samsung has made no such concession. In fact, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ While Netlist waited months until the end of fact discovery and after claim construction to seek the Court's permission to add the 4H HBM products, Samsung meanwhile developed its claim construction positions, invalidity theories, and interrogatory responses specifically for the accused 8H products that Netlist named in its original infringement contentions. Netlist's belated attempt to include 4H HBM products at this late stage deprives Samsung of the opportunity to address those products for each set of theories.

The prejudice factor therefore weighs against permitting Netlist to add the 4H HBM products to the case.

### C. The Importance Factor Does Not Favor Amendment

Netlist's own conduct—namely, intentionally excluding 4H HBM products from the original infringement contentions, *see supra* § II(A)(1), and then delaying seven months until the end of fact discovery to try to add them—belies Netlist's argument that the products are important. *Eon*, 2012 WL 12911055, at *6 ("[T]he importance of these amendments should have generated a commensurate amount of diligence." (citation and quotation marks omitted)). Netlist has already

9

accused other HBM products, and "the addition of these new products is not necessary for a full disposition of the merits of the present case." *Oyster*, 2018 WL 11448685, at *2.

Netlist's argument that it would be "inefficient" to exclude Samsung's 4H HBM products from the case should be rejected. Any such inefficiency is Netlist's own doing because Netlist chose not to include the 4H products in its original contentions despite knowing about them. *See supra* § II(A)(1).

### D.  Availability of a Continuance

A continuance would not cure the prejudice caused by the additional effort that would have be undertaken in terms of fact discovery, claim construction, and expert discovery, to account for Samsung's 4H HBM products. *See, e.g.*, *Eon*, 2012 WL 12911055, at *7 ("The late stage of the litigation combined with the Court's already crowded docket does not permit a continuance of deadlines in order to consider new infringement theories that should have been disclosed over a year ago."); *Precision Energy Servs., Inc. v. ThruBit, LLC*, No. CIV.A. H-11-4492, 2013 WL 5274445, at *2 (S.D. Tex. Sept. 18, 2013) (explaining that "[a]t least some discovery would need to be conducted for a second time, at additional expense," and "[t]he prejudice from the additional expense could not be cured by a continuance").

### V.  CONCLUSION

For the foregoing reasons, the Court should deny Netlist's motion for leave to amend its infringement contentions insofar as Netlist seeks to accuse Samsung's 4H HBM products of infringing the '060 and '160 patents. Netlist has failed to show good cause to amend in this respect.

Date: January 5, 2023                                                Respectfully submitted,

                                                                     */s/ Matthew Colvin*

██████████████████████████████████

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
LAD@fr.com
Daniel A. Tishman
D.C. Bar No. 1013923
tishman@fr.com
Matthew Mosteller
CA Bar No. 324808
mosteller@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Katherine Reardon
NY Bar No. 5196910
kreardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Tony Nguyen
TX Bar No. 24083565
nguyen@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street, Ste. 2800
Houston, TX 77010
Telephone: (713) 654-5300

Facsimile: (713) 652-0109

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Matthew Colvin
Texas Bar No. 24087331
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Karolina Jesien
New York Bar No. KJ7292
FISH & RICHARDSON P.C.
Times Square Tower
20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Alice J. Ahn
CA 271399 / DC 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Ste. 5400
San Francisco, CA 94105
Telephone: (415) 591-7091
Facsimile: (415) 591-6091

Brian R. Nester
D.C. Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
Washington, DC 20001-4956
Telephone: (202)-662-6000

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 5, 2023. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ Matthew Colvin