# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:21-463-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., | ) |
| SAMSUNG ELECTRONICS AMERICA, | ) ██████████████████████ |
| INC., SAMSUNG SEMICONDUCTOR, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF NETLIST, INC.'S OPPOSITION TO DEFENDANTS'
## MOTION TO STRIKE (DKT. 126)

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.     LEGAL STANDARD ................................................................................................................. 2

II.    ARGUMENT ........................................................................................................................... 2

     A.    Netlist's Discovery Responses Were Timely Served, Prior to the Fact
           Discovery Cut-Off ................................................................................................ 2

     B.    Netlist Complied with the Local Patent Rules ................................................... 4

III.    CONCLUSION ....................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Beckman Coulter, Inc. v. Sysmex Am., Inc.*,
   2019 WL 10250941 (N.D. Ill. Aug. 12, 2019) ...................................................................5

*Blue Spike, LLC v. Texas Instruments, Inc.*,
   2015 WL 11199194 (E.D. Tex. Jan. 12, 2015) ..................................................................2

*Dynamic Applet Techs., LLC v. Mattress Firm, Inc.*,
   2019 WL 1370858 (E.D. Tex. Mar. 26, 2019) ..................................................................2

*EMG Tech., LLC v. Chrysler Grp., LLC*,
   2013 WL 12147662 (E.D. Tex. July 3, 2013) ...................................................................4

*Genband US LLC v. Metaswitch Networks Corp.*,
   2016 WL 122969 (E.D. Tex. Jan. 9, 2016) .......................................................................2

*Infernal Technology, LLC v. Microsoft Corp.*,
   No. 18-c-144 Dkt. 102 (E.D. Tex. June 28, 2019) ...........................................................5

*Netlist v. Samsung*,
   No. 22-cv-293, Dkt. 56 (E.D. Tex.) (discovery order entered Dec. 2, 2022) ...................4

*Samsung v. Netlist*,
   No. 21-cv-1453, Dkt. 70 (D. Del.) (initial disclosures served November 23, 2022) ........4

*SOL IP, LLC v. AT&T Mobility LLC*,
   2020 WL 60140 (E.D. Tex. Jan. 6, 2020) .........................................................................5

**Statutes**

35 U.S.C. § 287(a) ....................................................................................................................7, 8

**Rules**

Fed. R. Civ. P. 33(a)(2) ...............................................................................................................2

Rule 3-1(e) ....................................................................................................................................4

Samsung's motion to strike Netlist's November 21, 2022 discovery responses to Interrogatory Nos. 1, 2, and 3 should be denied. Netlist served discovery responses on the issue of conception and reduction to practice well before the fact discovery deadline.  Netlist also complied with the Patent Local Rules, and has demonstrated good cause to amend its infringement contentions if this Court deems it necessary. Dkt. 130.

On May 4, 2022, Netlist served its preliminary infringement contentions ("PICs") on Samsung pursuant to the docket control order. Dkt. 139-7. In its PICs, Netlist complied with P.R. 3-1(e) by identifying "the priority date to which each asserted claim is allegedly entitled." *Id.* at 8-9. Netlist expressly stated that conception and reduction to practice were distinct from priority and would be provided during the fact and expert discovery period. *Id.* at 9.

As detailed in Netlist's motion for leave to amend its PICs (Dkt. 130)—which Netlist incorporates by reference herein—documentation concerning conception, reduction to practice, embodying products did not exist in Netlist's central electronic repositories. Because of this, at the time of the PICs, Netlist had not located conception and reduction to practice records, and stated this in its PICs. Subsequently, Netlist discovered that there were additional records from the time of the invention.  Once these documents were located, they needed to be manually reviewed and then examined by experts to confirm whether they reflected elements of the claims, which was a complicated process that took time. During its investigation, Netlist determined that certain products that it made and/or sold reduced to practice embodiments recited in the specification of the Asserted Patents before the patents issued. Once confirming this, Netlist produced the relevant documentation on November 15, 2022 (Dkt. 130-8), and then promptly supplemented its interrogatory responses on November 21, one month before fact discovery closed (*see* Dkt. 130 at 5-7). These products are no longer offered for sale.

After receiving Netlist's supplemental production and discovery response, Samsung took the depositions of the inventor, as well as Netlist's corporate representative on conception and reduction to practice. Samsung did not request to postpone these depositions; nor did it serve any third party discovery on these issues before the fact discovery deadline. On the last day of fact discovery, Samsung announced that it would be filing this motion to strike Netlist's supplemental discovery responses.

## I.    LEGAL STANDARD

"The Federal Rules contemplate that contention interrogatories need not necessarily be answered early in a case." *Genband US LLC v. Metaswitch Networks Corp.*, 2016 WL 122969, at *1 (E.D. Tex. Jan. 9, 2016); Fed. R. Civ. Proc. 33(a)(2). Similarly, infringement contentions "are not intended to require a party to set forth a prima facie case of infringement and evidence in support of thereof." *Dynamic Applet Techs., LLC v. Mattress Firm, Inc.*, 2019 WL 1370858, at *3 (E.D. Tex. Mar. 26, 2019). When a plaintiff timely provides PICs and "attempts to address any deficiencies through supplemental infringement contentions," granting a motion to strike "would amount to a death-penalty sanctions." *Blue Spike, LLC v. Texas Instruments, Inc.*, 2015 WL 11199194, at *1–2 (E.D. Tex. Jan. 12, 2015). Motion to strike contentions should be denied absent evidence of unreasonable delay and prejudice. *Id.*

## II.    ARGUMENT

### A.    Netlist's Discovery Responses Were Timely Served, Prior to the Fact Discovery Cut-Off

Netlist served the interrogatory responses Samsung now seeks to strike a month before fact discovery cutoff, and before Samsung took the depositon of any of Netlist's witness.  Samsung does not cite a single case where a court struck a party's discovery responses when—as here—they were served well before the fact discovery cut-off.  There is none.  *Genband US LLC v. Metaswitch Networks Corp.*, 2016 WL 122969, at *2 (E.D. Tex. Jan. 9, 2016) ("[T]here is no evidence in the record indicating that Metaswitch could have served its response earlier. Accordingly, the Court has no reason to

conclude that Metaswitch's response was untimely.").[1]

Lacking any actual authority to support its request, Samsung makes an unsupported allegation that Netlist intentionally "timed its disclosure to foreclose additional discovery." Dkt. 126 at 4. That is simply not true. As explained in detail in Netlist's motion for leave (Dkt. 130), Netlist was diligent in attempting to locate the documents relating to conception and reduction to practice. These documents relate to old products that are no longer sold. The relevant documents were not kept in a central repository, but instead required a manual search of files to locate them. In addition, it is not apparent from the name or description of a product whether it included features recited in the asserted claims, which did not issue until December 2020-2022. Instead, Netlist engineers had to go through the design files to specifically confirm the presence of an element or not. Despite Netlist's diligence, other relevant documents, such as inventor disclosure statements, were unable to be located because Netlist entrusted outside counsel and consultants to conduct inventor interviews. Promptly upon completing this diligent investigation, Netlist supplemented its production, and provided the facts and documents showing the conception and reduction to practice on November 15, almost six weeks before the close of fact discovery. Netlist's interrogatory response was also served more than a month before the close of fact discovery and before any deposition

Samsung argues that Netlist "had ample time to develop its conception and reduction to practice, and to investigate its own products" because this case is "one of the three serial patent cases between Netlist and Samsung." Mtn. at 4.  But this Action is the first case where Netlist asserted Samsung's infringement of the particular six patents at issue, and the only case accusing Samsung's DDR5 and HBM products.  Moreover, the other litigations are at an earlier stage where discovery has

---

[1] Indeed, Samsung itself did not supplement its own contention interrogatory responses to provide any substantive response regarding its affirmative defenses (such as prosecution latches and "standard-based estoppel") until November 2022 either. Dkt. 34 at 3.

just begun. *Samsung v. Netlist*, No. 21-cv-1453, Dkt. 70 (D. Del.) (initial disclosures served November 23, 2022); *Netlist v. Samsung*, No. 22-cv-293, Dkt. 56 (E.D. Tex.) (discovery order entered Dec. 2, 2022).

### B.      Netlist Complied with the Local Patent Rules

Recognizing that it has no valid basis for seeking to strike a discovery response that was served a month before the fact discovery cut-off, Samsung claims that Netlist failed to comply with the Patent Local Rules.  As explained in Netlist's motion for leave, however, Samsung's argument is baseless.

*First*, Local Patent Rule 3-1(e) requires disclosure of any priority claim to an *earlier application*. *EMG Tech., LLC v. Chrysler Grp., LLC*, 2013 WL 12147662, at *1 (E.D. Tex. July 3, 2013) ("[T]he rule makes clear that the priority date provided pursuant to P.R. 3-1 is related to claiming priority to an earlier application."). This rule does not require a patentee to disclose a specific prior conception or reduction to practice date. *Id.* at *2 ("The Court finds that Plaintiff has complied with the local patent rules and there is no need for Plaintiff to amend its infringement contentions to list an earlier date."). Netlist fully complied with P.R. 3-1(e) by disclosing the priority claim to an earlier application. Dkt.139-7 (PICs). In its PICs, Netlist complied with P.R. 3-1(e) by identifying "the priority date to which each asserted claim allegedly is entitled." *Id.* at 8-9. Netlist expressly stated that conception and reduction to practice were distinct from priority and that conception and reduction practice dates would be provided during the fact and expert discovery period.  *Id.* at 9.

*Second*, P.R. 3-1(f) provides: "If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own . . . product . . . or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such [product]  that incorporates or reflects that particular claim." Netlist's products do not "practice" the claims of the Asserted Patents because they were no longer on sale by the time the patent claims issued. And Netlist is not currently selling any of these products either. However, if this Court deems amendment is necessary, Netlist has moved to amend its preliminary infringement contentions for

good cause. *See* Dkt. 130.

Samsung also argues that Netlist must provide a claim chart to show how Netlist's products practice the asserted patents. But that is not required under the patent local rules, and is overly burdensome in this case, particularly because Netlist no longer sells theses legacy products. *See SOL IP, LLC v. AT&T Mobility LLC*, 2020 WL 60140 at *2 (E.D. Tex. Jan. 6, 2020) (denying motion to compel patentee's response to interrogatory on an element-by-element basis as overly burdensome); *Beckman Coulter, Inc. v. Sysmex Am., Inc.*, 2019 WL 10250941, at *3 (N.D. Ill. Aug. 12, 2019) (collecting cases denying motion to compel patentee to produce a claim chart mapping its own products because "the requested claim by claim analysis would require dozens of attorney hours, consultation with [patentee's] outside expert, and numerous pages of dense analysis"). The unpublished order Samsung relied on, *Infernal Technology, LLC v. Microsoft Corp.*, No. 18-c-144 Dkt. 102 (E.D. Tex. June 28, 2019), addresses a patentee's different use of the embodying products. In that case, plaintiffs contended that the embodying products "enjoyed public acclaim and commercial success because of the invention embodied in the Demon engine." *Id.* Dkt. 92 at 2. Unlike *Infernal*, Netlist does not intend to rely on its products to show commercial success; instead, the supplemental disclosures are important for Netlist to tell its invention story and to prove Samsung's willful infringement. Thus, Samsung has not shown a claim chart mapping each element is necessary here.[2]

Finally, as to P.R. 3-2, Netlist promptly produced the relevant documents upon discovering those documents and performing the complicated analysis necessary to confirm whether the products practiced any embodiments described in the patents-in-suit. Samsung provides no authority to support its request to strike interrogatory responses and documents that were timely served within the fact

---

[2] To the extent Samsung deems such information is relevant and proportional to the needs of this case, Samsung should have filed a motion to compel production of such information. Samsung failed to do so and therefore waived its rights to enforce such discovery request.

discovery period. And, to the extent that the Court deems it necessary for Netlist to amend its PICs to reference these documents, Netlist has demonstrated good cause (Dkt. 130).

## C.     Samsung Cannot Show Prejudice

Samsung's motion to strike fails for the independent reason that it cannot show any prejudice.

First, Samsung claims it did not have adequate time to conduct "follow up" discovery on these issues. Mtn. at 1 (requesting a 4-month extension of the disocvery period). But any inability to conduct follow-up discovery is a product of Samsung's own making, given that it sat on its hands for over a month after Netlist produced the relevant information, choosing not to request more time for the relevant depositions or to conduct any third-party discovery on these issues.

As noted above, Netlist produced the newly-discovered conception documents on November 15, over a month before fact discovery closed in this case, and then promptly supplemented its interrogatory responses. At that time, no deposition of any Netlist witness had taken place. Samsung claims that it "already deposed the two named inventors who were identified as knowledgeable individuals in these supplemental responses," Mtn. at 5, but this is not true, as the depositions of Hyun Lee and Scott Milton (who were also Netlist's corporate designee on these topics) did not take place until November 29 and November 30, after Netlist produced the newly-discovered conception documents and supplemented its interrogatory response. Moreover, Samsung did not even request to delay these depositions so that it could have additional time to review Netlist's supplemental discovery responses. Instead, Samsung went forward with the depositions and spent a significant amount of time questioning them and other Netlist witnesses on these issues. *See, e.g.*, Dkt. 130-10; Dkt. 130-6 at 118:2-20; Dkt. 130-13 at 99:1-100:12; Dkt. 130-11, at 243:9-25.  After Netlist witnesses' deposition, Samsung remained silent and did not raise any request to retake any witness of Netlist.

As to third party discovery, Samsung chose not to pursue any third party discovery or subpoena any third parties on these subjects, despite the fact that Netlist served its supplemental

responses a month before fact discovery closed. Nothing prevented Samsung from seeking third-party discovery other than its own strategic choices.  Thus, Samsung's asserted prejudice is merely a pretense to further delay this case.

Samsung's accusation that Netlist served the supplemental responses on November 22 to prevent Samsung from serving additional discovery requests is also baseless. As detailed above, Netlist diligently investigated its legacy products and prepared the supplemental responses immediately after its investigation confirmed that those products were embodiments. Moreover, Samsung's interrogatories have asked about the conception, reduction to practice, and Netlist's products, which Netlist's disclosures responded to. Samsung also sought a separate interrogatory explicitly calling out the names of Netlist's products:

> Interrogatory No. 23: For Netlist's HyperCloud memory module ("HCDIMM"), HybriDIMM, and/or any similar or related product, describe in complete detail the product's development, design, structure, operation, and/or functionality.

It is unclear what "follow up" discovery requests Samsung wanted to serve, and Samsung has yet to identify anything specific, despite the ample opportunities to raise them prior to the close of fact discovery and during the parties' meet and confer on this issue.

The only other alleged prejudice Samsung identifies is that it has "disrupt[ed] the orderly preparation of Samsung's experts' reports."  Dkt. 126 at 6.  But Samsung's opening reports were not due until a month after Netlist's supplemental production and interrogatory response.  Further, Samsung rebuttal reports are not due until mid-January 2023, two months after Netlist served its supplemental interrogatory responses. Samsung's experts have more than sufficient time to prepare the rebuttal report on these topics.

### D.    The Marking Requirement Is Inapplicable to Netlist's Legacy Products

Under 35 U.S.C. § 287(a), a patentee who makes or sells a patented article must mark his articles or notify infringers of his patent to recover pre-suit damages. Whether Netlist's damages claim

would be limited based on section 287(a) is a merit issue that is not an appropriate subject at this stage.

Netlist reserves its rights to object to Samsung's marking argument at summary judgment or trial.

## III.   <u>CONCLUSION</u>

For the reasons stated above, Samsung's Motion to Strike, Dkt. 126, should be denied.

Dated: January 6, 2023

Respectfully submitted,

/s/ Jason Sheasby

Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

       I hereby certify that, on January 6, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

       I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Jason Sheasby*
Jason Sheasby

- 9 -