UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>        Defendants. | Civil Case No. 2:21cv463-JRG<br><br>**JURY TRIAL DEMANDED** |

**THE SAMSUNG DEFENDANTS' OPPOSITION TO NETLIST'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANTS**

██████████████████████████████████

## **TABLE OF CONTENTS**

I.    ARGUMENT ................................................................................................................ 2

    A.    The Court Should Deny Netlist's Motion for Additional Financial Data ............... 2

    B.    The Court Should Deny Netlist's Motion To Compel Additional, Irrelevant Patent Licenses ................................................................................................................... 4

██████████████████████████████

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
    2018 WL 4112055 (E.D. Tex. Jan. 24, 2018) ................................................................................6

*Effingo Wireless, Inc. v. Motorola Mobility, LLC*,
    2013 WL 12120965 (W.D. Tex. Mar. 8, 2013) ..........................................................................6

*Maxell Ltd. v. Apple Inc.*,
    2019 WL 7905454 (E.D. Tex. Nov. 13, 2019) ..........................................................................6

*Roy-G-Biv Corp. v. ABB, Ltd.*,
    2014 WL 12465424 (E.D. Tex. Feb. 25, 2014) .........................................................................6

██████████████████████████████████████████

Although Netlist's Motion To Compel asserts that the requested information is "relevant to the calculation of damages," Netlist never says that it actually needs the requested information for its damages report (which it has already served). To the contrary, Netlist's opening damages reports analyze Samsung's U.S. sales volumes, U.S. sales revenue, worldwide sales volumes, worldwide revenue, costs of goods sold, and unit price. In the words of one of Netlist's damages experts discussing ██████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████

██████████████████████████. Indeed, Netlist's experts do not identify any data they needed, but did not have, to complete their reports. More importantly, the parties were not at impasse prior to Netlist's filing. Rather, Netlist failed to request all of the categories of now-sought financial data with specificity sufficient to allow Samsung to consider and respond to the request before the deadline to file discovery motions. Illustrative of how unnecessary this motion is, as indicated below, Samsung will provide some proportional amount of the requested financial data. Moreover, Netlist moved to compel data it already had and its expert used in his report.

As to the requested license agreements, Netlist narrowed this request during the meet and confer to all patent licenses relating to DRAM memory products, but then inexplicably filed a broader demand for "semiconductors, semiconductor manufacturing, transistors or circuits, or components of servers or other personal computers." This much broader demand is facially absurd if taken literally and Netlist has never explained it in a way that would have allowed Samsung even to begin to conduct an additional, reasonable search given the nature and scope of Samsung's business. Importantly, Samsung's patent licenses relating to DRAM and stacked memory have already been produced. After reviewing the many already-produced licenses,

1

Netlist's damages expert ████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████. Yet despite ███████████████████████

███████████████████████████████, Netlist's Motion now demands licenses ████████

████████████████████████████████████████████████████.

Samsung respectfully asks the Court to deny Netlist's wasteful, unnecessary motion to compel, filed at the very close of fact discovery.

## I.   ARGUMENT

The Court should deny Netlist's requests for even more financial data and patent licenses. At the outset, Samsung has already produced discovery responsive to each of Netlist's requests. Netlist's damages experts served opening reports using this produced discovery, with one expert going so far as to say ████████████████████████████████████████████████████████.

### A.   The Court Should Deny Netlist's Motion for Additional Financial Data

Netlist's Motion demands production of more granular version of the already-produced cost of goods sold (COGS) data, and demands additional financial data such as overhead costs, "special categories of deductions," and transfer pricing. D.I. 125 at 3. Netlist's only offered reason for its demand for more categories of detailed accounting data for ██████████████ ███████████████████████████ over six years is to calculate "the benefit" to Samsung of its sales. However, Netlist's expert supposedly calculated this purported benefit using the detailed financial data SSI and SEC already produced during discovery. For example, Netlist's opening damages ████████████████████████████████████████████████████ ████████████████████████████████████████████████.[1] Samsung's production of

---

[1] The additional costs (e.g., overhead) Netlist seeks would reduce that profit margin and, therefore, Netlist's asserted damages number. It is hard to see how Netlist is prejudiced.

██████████████████████████████████

COGS and other financial data is thus complete and proportional.

In addition to failing to confer in specific detail and reach any impasse before filing this motion, Netlist has still not identified any actual need for more granular COGS information. Nevertheless, in an effort to resolve much of the present motion without further Court action, Samsung will produce ████████████████████████████████████████ ████████████████████████████████████████. As to overhead costs, Samsung will likewise include this data in its supplemental financial production.

Netlist also makes a vague demand for so-called "special categories of deductions," only citing some testimony from Samsung's witness without other explanation. But the cited testimony does not explain the demand. "Special" and "deduction" are nowhere in the excerpted testimony—indeed they are found nowhere in the entire deposition transcript. While the excerpted question by Netlist counsel asks ████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ The cited testimony also talks about ██████████████████████████████ ██████████████████████████, which Netlist separately demanded and Samsung has agreed to produce. Netlist's demand "for special categories of deduction" is indecipherable and should be denied.

Finally, Samsung produced ████████████████████████████████, well in advance of the depositions of Samsung's financial corporate designees. Netlist specifically questioned Mr. Sungho Choi about ████████████████████████████████████████ ██████████████████. *See, e.g.,* Ex. B (S. Choi Tr.) at Ex. 3 (noted in the transcript as

3

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████. Netlist did not ask a single question about ████

███████████████████████████████████████

████████████████████████████. However, despite this failure by Netlist counsel,

Netlist's expert made use of this ████████ ██████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

████████████████████████████████ Thus, Netlist filed a

meritless motion to compel information it already had and its expert used in his report.

### B. The Court Should Deny Netlist's Motion To Compel Additional, Irrelevant Patent Licenses

To date, Samsung produced approximately ███ licenses based on a search of patent

licenses related to DRAM and stacked memory products. Samsung's corporate designee on the

topic of licenses explained the method by which Samsung identified agreements for production,

confirming ████████████████████████████████████████

████████████████████████████████. Samsung's witness confirmed that

he personally searched for agreements relating to ████████████████████████████

████████████████████████████

4



▇▇▇▇.[2] Samsung also produced any agreement that Netlist identified in an effort to avoid motion practice, including:

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[3]

Even with these licenses in hand, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Although Netlist conceded during the meet and confer that the proper scope of its request for additional license agreements was any agreement relating to DRAM, Netlist inexplicably reverses course and seeks its original overbroad request of "semiconductors or semiconductor manufacturing, transistors or circuits, or components of servers or other personal computers." D.I. 125 at 1.[4] This demand for effectively all semiconductor-related licenses is so broad as to prevent Samsung from conducting a reasonable search. To illustrate this overbreadth, Netlist's demand could encompass nearly all product lines offered by Samsung Semiconductor Inc. (SSI), which include a varying array of products and technologies in addition to DRAM such as processor chips, SSD, image sensors, eStorage, display IC, security solutions, LED, and display products. See https://semiconductor.samsung.com/us/ (at "Products" drop-down menu). Each of these categories of disparate products (and thus any related license

---

[2] Instead of further exploring Samsung's license search with the designee, Netlist used the deposition time to ask whether Samsung practiced the particular patents in each license agreement (and nearly nothing else).

[3] After Samsung provided the requested ▇▇▇▇, Netlist's counsel asked Samsung to produce any related agreements. Samsung produced ▇▇▇▇▇▇▇▇ concerning a Korean patent, and an additional patent family member, after the close of fact discovery.

[4] Although the motion header confusingly references a "list of patents licensed," Netlist never presents arguments for this relief or explains its alleged need for such a list.

agreements) *might* fall within Netlist's articulated scope as they all relate in some general way to SSI's semiconductor work, but plainly such a search is not proportional to the needs of this case. Netlist refused to explain in sufficient detail the type search that would capture more than licenses related to DRAM and stacked memory products but less than licenses that implicate every product that Samsung sells. Without such explanation, Samsung cannot begin to undertake a reasonable search.

Given that Samsung has already produced all reasonably proportional licenses related to this case involving DRAM memory products ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Netlist has not demonstrated any potential proportional relevance for additional licenses beyond the technology in this case. Netlist's request here is purely an unbounded, unduly burdensome fishing expedition. *See Effingo Wireless, Inc. v. Motorola Mobility, LLC*, 2013 WL 12120965, at *2-3 (W.D. Tex. Mar. 8, 2013) (while granting motion compel licenses for accused products, denying "in-licensing for other, unrelated products" as "too unrelated"); *cf. Roy-G-Biv Corp. v. ABB, Ltd.*, 2014 WL 12465424, at *2 (E.D. Tex. Feb. 25, 2014) (granting motion to compel to "reasonably similar product" but denying "general request for discovery on all equivalent ABB products is overly broad, unduly burdensome for ABB, and impossible for the Court to police").[5]

Samsung respectfully asks the Court to deny Netlist's Motion To Compel.

---

[5] Netlist's cited cases do not directly "compel production" as Netlist avers (D.I. 125 at 4), but rather the courts there ordered defendants to supplement interrogatory responses by *identifying* the agreements. *See CyWee Grp. Ltd. v. Samsung Elecs. Co.*, 2018 WL 4112055, at *2 (E.D. Tex. Jan. 24, 2018) ("[A]lthough Defendants complain about producing the agreements, the interrogatory does not require production—only identification."); *Maxell Ltd. v. Apple Inc.*, 2019 WL 7905454, at *3 (E.D. Tex. Nov. 13, 2019) (granting in part "with respect to Interrogatory No. 3's demand to identify Agreements").

| | |
|---|---|
| Date: January 6, 2023 | Respectfully submitted,<br><br>*/s/ Lauren A. Degnan*<br>Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>D.C. Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>D.C. Bar No. 452421<br>LAD@fr.com<br>Daniel A. Tishman<br>D.C. Bar No. 1013923<br>tishman@fr.com<br>Matthew Mosteller<br>CA Bar No. 324808<br>mosteller@fr.com<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile: (202) 783-2331<br><br>Katherine Reardon<br>NY Bar No. 5196910<br>kreardon@fr.com<br>FISH & RICHARDSON P.C.<br>1180 Peachtree St., NE, 21st Floor<br>Atlanta, GA 30309<br>Telephone: (404) 892-5005<br>Facsimile:  (404) 892-5002<br><br>Francis J. Albert<br>CA Bar No. 247741<br>albert@fr.com<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Ste. 400<br>San Diego, CA  92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099<br><br>Tony Nguyen<br>TX Bar No. 24083565<br>nguyen@fr.com |

█████████████████████████

FISH & RICHARDSON P.C.
1221 McKinney Street, Ste. 2800
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Matthew Colvin
Texas Bar No. 24087331
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Karolina Jesien
New York Bar No. KJ7292
FISH & RICHARDSON P.C.
Times Square Tower
20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Alice J. Ahn
CA 271399 / DC 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Ste. 5400
San Francisco, CA 94105
Telephone: (415) 591-7091
Facsimile: (415) 591-6091

Brian R. Nester
D.C. Bar No. 460225

8

██████████████████████████████████████

bnester@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202)-662-6000

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 6, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

*/s/ Lauren A. Degnan*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Lauren A. Degnan*