UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>                    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>                    Defendants. | Civil Case No. 2:21cv463-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS SAMSUNG'S OPPOSITION TO NETLIST'S MOTION FOR LEAVE TO
AMEND ITS PRELIMINARY INFRINGEMENT CONTENTIONS**

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................... 1

II.     BACKGROUND ............................................................................................................ 1

III.    ARGUMENT .................................................................................................................. 4

        A.      Netlist Should Not Be Permitted To Rely on Its Untimely Contentions and
                Related Evidence ................................................................................................. 4

        B.      Good Cause Does Not Exist for Netlist To Amend Its Preliminary Infringement
                Contentions ......................................................................................................... 5

                1.      Netlist Failed To Demonstrate Diligence in Amending Its 3-1 Disclosures
                        ................................................................................................................. 6

                2.      The Importance of the Amendments Weighs Against Granting Netlist's
                        Motion To Amend ................................................................................... 8

                3.      The Prejudice to Samsung Weighs Against Granting Netlist's Motion ..... 9

                4.      If Netlist's Motion Is Granted, Additional Discovery Time Is Necessary 11

IV.     CONCLUSION ............................................................................................................. 12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Jaipura v. LinkedIn, Corp.*,
　　2013 WL 12146741 (E.D. Tex. Mar. 27, 2013) ...................................................................4, 5

*Seven Networks, LLC v. Google LLC*,
　　No. 2:17-CV-00442-JRG, 2018 WL 3327927 (E.D. Tex. July 6, 2018)...................................6

████████████████████████████████████████

## I.  INTRODUCTION

Netlist's motion for leave to amend its contentions should be denied because good cause does not exist for Netlist to make these amendments.  Netlist proposes to amend its infringement contentions—after the close of fact discovery—████████████████████████ purportedly embody certain claims of four of the six asserted patents, a disclosure that was due before discovery even began.  Netlist further seeks to identify alleged conception and reduction to practice documents, again a disclosure that was due before discovery even began.  Netlist seeks to amend its contentions after the close of fact discovery only because Samsung filed its own motion to strike Netlist's reliance on the materials that this Court's rules required Netlist to disclose with its preliminary infringement contentions and accompanying document production before discovery began.  In so doing, however, Netlist does nothing to address why it could not have located these materials at the outset of the case, why it never alerted Samsung that it needed more time to provide the required disclosures, or why Samsung should suffer prejudice from Netlist's repeated failures to comply with this District's disclosure requirements.

## II.  BACKGROUND

As articulated in Samsung's motion to strike Netlist's late disclosure of Netlist products purportedly practicing the asserted patents and late disclosure of Netlist's conception, reduction to practice, and third party disclosure documents (Dkt. No. 126), Netlist repeatedly failed to disclose the material it now seeks to add.

Pursuant to the Court's Order in this case, Netlist served its L.P.R. 3-1 and 3-2 disclosures on May 4, 2022.  The infringement contentions ████████████████████ ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

1



██████████████████████████████████████████████

████████████████████████████████████ Netlist did not articulate that it

needed more time to search for and produce the required materials.

Since that Court-ordered deadline, however, Netlist then served (unapproved) amended

contentions three times—in August, October, and November 16, ████████████████████████

████████████████████████████████████████████████████████

█████████████████ Again, at the time of these unapproved amended contentions, Netlist did not

disclose that it needed more time to search for and produce the required materials.

Although not necessary given this Court's disclosure requirements under the local patent

rules, Samsung pressed Netlist for discovery on these issues.  Samsung served interrogatories on

these issues on June 14, 2022, which went substantively unanswered for five months, including

on conception and reduction to practice (No. 1), allegedly embodying products (No. 2),

disclosure prior to the priority date (No. 4), and marking (No. 8).  Samsung asked Netlist on

August 24 and October 10, 2022, to confirm it had produced all relevant documents on these

issues; Netlist never substantively responded.  Samsung further wrote on October 12, 2022

regarding certain Netlist DDR4 LRDIMM Netlist or its licensees sell as unmarked.  Throughout

discovery, Netlist never identified any Netlist products that allegedly practice any of the asserted

patents.

But on November 22, 2022, Netlist served amended interrogatory that disclose—*for the*

*first time*—████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████ Dkt. No. 126 at Ex. A at 13, 15.  ███████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████



On November 23, 2022, Samsung raised Netlist's egregious failure to comply with its obligations under the Local Patent Rules and asked Netlist to withdraw its November 21, 2022 responses to Interrogatory Nos. 1, 2, and 3.  Netlist did not substantively respond until Samsung met and conferred on its motion to strike.  Having failed to provide its required disclosures with its preliminary infringement contentions at the outset of the case, Netlist now seeks to amend, after fact discovery, to add the late disclosures to its contentions—and only as a reaction to Samsung's filing its motion to strike.[1]

Trial is set for May 1, 2023.  *See* D.I. 34 (June 7, 2022).  Fact discovery is closed and opening expert reports have been served; rebuttal expert disclosures are due January 17 and 27,

---

[1] For the sake of clarity, Samsung also opposes Netlist's amendment to add the 4H stack HBM products to the '060 and '160 contentions that is the subject of Netlist's first motion to amend its infringement contentions.  *See* Dkt. No. 143 (Samsung's Opp.).

2023; and dispositive motions are due on February 3, 2023.  *Id.*

## III.   ARGUMENT

### A.   Netlist Should Not Be Permitted To Rely on Its Untimely Contentions and Related Evidence

As articulated in Samsung's motion to strike Netlist's late disclosure of Netlist products purportedly practicing the asserted patents and late disclosure of Netlist's conception, reduction to practice, and third party disclosure documents (Dkt. No. 126), Netlist's failure to disclose the material it now seeks to add is highly prejudicial to Samsung.  In violation of this Court's orders and rules, Netlist intentionally delayed disclosing its contentions on conception, reduction to practice, Netlist's disclosures to third parties, and Netlist's allegedly practicing products until over six months after the deadline: the week of Thanksgiving, one week before inventor depositions, and one month before the close of fact discovery.  Given this case is one of three serial patent cases between Netlist and Samsung, Netlist had ample time to develop its conception and reduction to practice story, and to investigate its own products as part of its pre-suit investigation.  Netlist flouted this Court's local rules, which require Netlist to disclose such contentions at the outset of the case so that Samsung would have adequate time to explore Netlist's contentions during fact discovery.  *See Jaipura v. LinkedIn, Corp*., 2013 WL 12146741 (E.D. Tex. Mar. 27, 2013) (The rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases.").

Netlist's six-month delayed disclosure has prejudiced Samsung.  Netlist timed its disclosure to foreclose additional discovery, serving its interrogatory responses on the last day to serve discovery requests.  Dkt. No. 126 at 5.  The timing of Netlist's disclosure foreclosed additional discovery ███████████████████████████████████████████████████

███████████████████████████████████████████████  *Id*.  The timing of Netlist's

disclosure hampered discover of Netlist itself, with Netlist disclosing thousands of pages of material at the end of fact discovery that should have been identified before discovery even began.  *Id*.  Also, Netlist's delayed disclosures disrupt the orderly preparation of Samsung's experts' reports.  *Id*.

### B.   Good Cause Does Not Exist for Netlist To Amend Its Preliminary Infringement Contentions

Netlist failed to comply with the disclosure required by L.P.R. 3-1(f) by the deadline, and then waited six months before providing the required disclosure without explanation, and thus should not be granted leave to amend its preliminary infringement contentions to include Netlist's six embodying products.  As Netlist itself states, L.P.R. 3-1(f) requires:

> If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

In order to rely on its six allegedly embodying products, Netlist was required to disclose these products by the May 4, 2022 deadline.  Netlist failed to do so.

Netlist further failed to comply with the disclosure required by L.P.R. 3-2 (b) by the deadline, and then again waited six months before providing the required disclosure without explanation.  As Netlist itself states, L.P.R. 3-1(f) requires:

> With the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:
> …
> (b) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P. R. 3-1(e), whichever is earlier; and
> …
> The producing party shall separately identify by production number which documents correspond to each category.

███████████████████████████

Netlist was required to produce and disclose these documents by the May 4, 2022 deadline.[2] Again, Netlist failed to do so.

To determine whether a plaintiff has good cause to amend its infringement contentions, this Court considers "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00442-JRG, 2018 WL 3327927, at *1 (E.D. Tex. July 6, 2018).

The reasons for Netlist's delay in disclosure does not weigh in favor of allowing Netlist to amend its preliminary infringement contentions.

### 1.    Netlist Failed To Demonstrate Diligence in Amending Its 3-1 Disclosures

The first factor, Netlist's explanation for its failure to meet the deadline, weighs against granting its motion.  Netlist provides only a vague explanation of its alleged diligence, but its reasoning is not sufficient to overcome this first factor.

First, Netlist asserts that L.P.R. 3-1 does not require identifying its allegedly embodying products because ████████████████████████████████████ ████████████████████████ Dkt. No. 130 at 12.  But L.P.R. 3-1 does not say anything about when products were sold.  Rather, L.P.R. 3-1 reasonably forbids a patentee from hiding reliance on supposedly products and requires that disclosure at the outset of the case,

---

[2] Netlist wrongly claims it had no obligation to adhere to L.P.R. 3-1(e) and 3-1(f) because the products it identified on November 21, 2022 do not embody the asserted patents. ████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████

stating "if a party claiming patent infringement wishes to preserve the right to rely, ***for any***

***purpose***, on the assertion that its own apparatus, product, device, process, method, act, or other

instrumentality practices the claimed invention, the party must identify, separately for each

asserted claim, each such apparatus, product, device, process, method, act, or other

instrumentality that incorporates or reflects that particular claim."  Here, Netlist intentionally

chose not to disclose its allegedly embodying products and therefore has not preserved the right

to rely on those products "for any purpose."[3]

Next, Netlist asserts that its search for embodying products and conception, reduction to

practice, design, and development documents has been timely.  But Netlist has been aware of the

dispute with Samsung since at least May 28, 2020, when it filed its complaint in the C.D. Cal.

litigation.  Netlist did not provide any explanation for why it did not begin its investigation of

embodying products or conception, reduction to practice, design, and development documents

for the patents at this time.  Netlist also failed to explain why it did not begin its investigation

into these materials when Samsung brought a declaratory judgment action alleging non-

infringement of certain Netlist patents in the District of Delaware, filed on October 15, 2021.

Netlist also failed to explain why it did not begin its investigation into embodying

products or conception, reduction to practice, design, and development documents when it

decided to bring ***this case*** alleging the patents-in-suit in this district.  Nor did Netlist explain why

it did not begin its investigation into these materials when it actually filed this case in December

---

[3]

2022, eleven months before disclosing the embodying products.  Indeed, not only did Netlist fail to explain why it could not be begin its investigation into these issues when it decided to bring this case in December 2022, it also failed to explain *when* it actually began its investigation into embodying products or *how much time* it spent searching for supporting material.  Instead, it offers the Court only vague assurances that it was diligent.

Netlist also did not explain why it never requested more time to comply with its disclosure obligations.  Netlist fails to explain why it did not request more time to comply with its disclosure obligations when the parties were negotiating the case schedule.  Nor did Netlist explain why it never requested more time to comply with its disclosure obligations when Netlist proposed multiple amendments to its infringement contentions.  To the extent Netlist needed more time to search for materials to comply with the local patent rules when serving its initial infringement contentions in May 2022, Netlist should have, at a minimum, alerted Samsung to this issue so the parties could work out a schedule that addresses the required disclosure while avoiding prejudice to Samsung.  Instead, Netlist hid this issue from Samsung and disclosed its required materials at the end of fact discovery.  Netlist's repeated failures do not amount to reasonable diligence.

> ## 2.     The Importance of the Amendments Weighs Against Granting Netlist's Motion To Amend

The second factor, the importance of the amendments, also weighs against granting Netlist's motion.  In arguing the importance of its amendments, Netlist contradicts itself.

8

███████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████   Dkt. No. 130 (Netlist MFTLA

Prelim IC) at 12.  Netlist cannot legitimately argue that disclosure of these materials is both

unimportant and important.  If Netlist believes that relying on its embodying products and

conception, reduction to practice, design, and development documents is important, it was

required to disclose these products in compliance with L.P.R. 3-1(f) and 3-2(b).  L.P.R. 3-1(f)

("If a party claiming patent infringement wishes to preserve the right to rely, ***for any purpose***, on

the assertion that its own apparatus, product, device, process, method, act, or other

instrumentality practices the claimed invention, the party must identify, separately for each

asserted claim, each such apparatus, product, device, process, method, act, or other

instrumentality that incorporates or reflects that particular claim." (emphasis added)).  The

deadline for this compliance was May 4, 2022, six months before Netlist's actual disclosure.

Further, Netlist fails to show why this is required here.  ████████████████

██████████████████████████████████████████

████████████████████████████   ████████████████████

████████████████████████████

### 3.    The Prejudice to Samsung Weighs Against Granting Netlist's Motion

The third factor, prejudice against Samsung, weighs against granting Netlist's motion.

Netlist's intentional delay has caused Samsung significant, material prejudice in conducting fact

discovery, conducting adequate depositions, seeking relevant third party discovery, and

preparing its own technical expert reports.  Netlist's timing of providing its disclosures six

months late at the very tail end of discover deprived Samsung of six months of investigation into

Netlist's claims.  Netlist's timing prevented Samsung from sufficient time to adequately

████████████████████████████

reviewing the thousands of pages materials Netlist produced in conjunction with its disclosures prior to depositions in this case and from preparing follow up discovery requests that had to be served the same day in order to comply with the end of fact discovery.  Netlist deprived Samsung of six months of investigation into its claims and instead finally disclosed its claims just prior to the depositions of two named inventors who were identified as knowledgeable individuals in these supplemental responses.  Netlist's offer of a second deposition of one of the inventors, Scott Milton, is inadequate now to cure this prejudice.[4]

Netlist's delayed disclosures further prevented Samsung from conducting discovery of the third parties newly identified by Netlist.  Samsung is entitled to conduct third party discovery given the possibility that Netlist disclosed to and/or developed together with these third parties embody the asserted patents.  Third party discovery can take months, and it would not have been possible for Samsung to digest thousands of pages of material dumped on Samsung six months late with one month of discovery remaining and then conduct sufficient third party discovery in one month.  Netlist's delayed disclosures have stripped Samsung of the ability to conduct meaningful discovery of the six embodying products, and Samsung is therefore prejudiced by Netlist's actions.

Samsung was also prejudiced in its ability to adequately address Netlist's delayed disclosures in its expert reports.  Expert reports were due on December 22, 2022, one month after

---

[4] ████████████████████████████████████████████
████████████████████████████████████████████ after
███████████████████████████████████████
███████████████████████████████████████████████ after
██████████████████████████████████████████████████ after
███████████████████████████████████████████████ after
█████████████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████████

Netlist's disclosures.  Netlist's offer of a supplemental expert report here is inadequate—more substantial discovery is needed to cure this prejudice.

### 4. If Netlist's Motion Is Granted, Additional Discovery Time Is Necessary

Netlist improperly tries to shift the burden of its own repeated failures onto Samsung. Had Netlist properly searched for the required material before it chose to initiate this case then Samsung would have had seven months of discovery to pursue Netlist's claims.  It failed to do so.  Had Netlist even disclosed to Samsung that it needed more time to search for the required material at the time of submitting its preliminary infringement contentions, the parties could have addressed this with an appropriate extension to the case and trial schedule to allow Netlist suitable time to comply while allowing Samsung time to take discovery on Netlist's claims.  It again failed to do so.  Instead, Netlist failed to search for the required materials, failed to disclose it needed more time to find the required material, then ignored Samsung's complaint of the prejudice Netlist caused with it untimely interrogatory responses and document production until Samsung was forced to file its own motion to preclude the late disclosed material.

After depriving Samsung of six months of discovery on Netlist's claims—and further ignoring Samsung's request to withdraw is belated responses—Netlist now repeatedly states that disclosing its allegedly embodying products one month before the end of fact discovery left Samsung with sufficient time to conduct discovery regarding these products.  That is plainly untrue.  One month was not sufficient for Samsung to properly conduct discovery regarding six Netlist products.[5]  The last day to serve discovery requests was November 22, 2022—the same

---

[5] After Netlist served its supplemental response on November 22, 2022, Samsung immediately demanded that Netlist withdraw its new contentions as violating the local patent rules.  Netlist did not substantively response until Samsung alerted Netlist of its corresponding motion to strike.  Moreover, Netlist waiting a month before seeking to amend its infringement contentions

███████████████████████████

day Netlist served its amended contentions and supplemental interrogatory responses.  It was not possible for Samsung to review the thousands of materials Netlist produced, analyze the ██, ██████████████████████████, review the newly disclosed third parties, and serve adequate discovery requests, including subpoenas on the relevant third parties, all on the same day. Netlist's offer of an additional deposition and supplemental expert report fail to cure the prejudice here.

It is plainly prejudicial for Netlist to deprive Samsung of six months of discovery on Netlist's claims.  Thus, as articulated in Samsung's motion to strike (Dkt. No. 126), to the extent the Court permits Netlist to amend to add—at the end of discovery—disclosures that were due before discovery began, then additional discovery time of four months and a corresponding delay in the trial date, limited to the disclosures and products at issue here, would be necessary if Netlist's motion for leave to amend its preliminary infringement contentions is granted.  This period is less than the six months that Netlist delayed in disclosing its current contentions but provides a reasonable amount of time to investigate Netlists assertions and take sufficient third party discovery.

## IV.    CONCLUSION

Samsung respectfully requests that the Court deny Netlist's motion for leave to amend its preliminary infringement contentions or, in the alternative, extend the case schedule to alleviate the prejudice now faced by Samsung.

---

with the corresponding information, and even then only after Samsung moved to strike.  But Netlist nevertheless argues that after it ignored Samsung demand and after it failed to move to amend its contentions for a month, Samsung should have crammed months of third party discovery into a few weeks.  Netlist's position is untenable.

Date: January 9, 2023

Respectfully submitted,

*/s/ Francis J. Albert*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
LAD@fr.com
Daniel A. Tishman
D.C. Bar No. 1013923
tishman@fr.com
Matthew Mosteller
CA Bar No. 324808
mosteller@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Katherine Reardon
NY Bar No. 5196910
kreardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

13

Tony Nguyen
TX Bar No. 24083565
nguyen@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street, Ste. 2800
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile:  (713) 652-0109

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Matthew Colvin
Texas Bar No. 24087331
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

Karolina Jesien
New York Bar No. KJ7292
FISH & RICHARDSON P.C.
Times Square Tower
20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile:  (212) 258-2291

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

Alice J. Ahn
CA 271399 / DC 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Ste. 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile: (415) 591-6091

Brian R. Nester
D.C. Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202)-662-6000

*Attorneys for Defendants Samsung Electronics
Co., Ltd.; Samsung Electronics America, Inc.;
and Samsung Semiconductor, Inc.*

██████████████████████████████

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 9, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

*/s/ Francis J. Albert* _____

██████████████████████████

████████████████████████████████

██████████████████████

██████████████ _____

16