UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., <br><br> Defendants. | Case No. 2:21-CV-463-JRG <br><br> JURY TRIAL DEMANDED <br><br> **Filed Under Seal Pursuant to Protective Order** |

# PLAINTIFF NETLIST INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INFRINGEMENT CONTENTIONS (DKT. 113)

**TABLE OF CONTENTS**

                                                                                                    **Page**

| | | |
|---|---|---|
| I. | Netlist Diligently Amended Its Contentions After Learning of the Infringing Structure | 1 |
| II. | Samsung Is Not Prejudiced and a Continuance Is Thus Not Needed | 4 |
| III. | Netlist's Amendment Is Important for Efficient Resolution of the Parties' Disputes | 5 |

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*,
  2012 WL 12911055 (E.D. Tex. Aug. 10, 2012) ....................................................................3

*Harris Corp. v. Huawei Device USA, Inc.*,
  2019 WL 4247067 (E.D. Tex. Sept. 6, 2019) ......................................................................1

*Mediostream, Inc. v. Microsoft Corp.*,
  2010 WL 4118589 (E.D. Tex. Oct. 18, 2010) ....................................................................1

*Oyster Optics, LLC v. Coriant (USA) Inc.*,
  2018 WL 11448685 (E.D. Tex. Jan. 8, 2018) ....................................................................3

*Precision Energy Servs., Inc. v. ThruBit, LLC*,
  2013 WL 5274445 (E.D. Tex. Sept. 18, 2013) ..................................................................5

*Realtime Data, LLC v. Metropcs Texas, LLC*,
  2012 WL 12903695 (E.D. Tex. Apr. 19, 2012) ..................................................................3

*Stragent, LLC v. Freescale Semiconductor, Inc.*,
  2011 WL 13227699 (E.D. Tex. July 14, 2011) ..............................................................2, 5

Samsung's response brief does not oppose Netlist's motion for leave to serve its amended PICs dated August 12, November 16, and December 11, 2022, which included:

(1) August 12, 2022: Netlist supplemented the PICs to expressly accuse Samsung's HBM3 "Icebolt" products and supplemented the '060 and '160 claim charts with updated evidence of use from Samsung's confidential technical productions.

(3) November 16, 2022: Netlist supplemented the '506 claim chart with updated evidence of use from Samsung's confidential technical productions.

(4) December 11, 2022: Netlist supplemented the '918, '054, and '160 claim charts to clarify its infringement theory in light of recent discovery.  *See generally* Dkt. 113; Dkt. 143.

Thus, Netlist's motion should be granted as to these requested amendments as these are unopposed.

Samsung has only opposed the portion of Netlist's proposed second amendment that adds 4H HBM products. Dkt. 143.  Samsung's opposition lacks merits.

## I. Netlist Diligently Amended Its Contentions After Learning of the Infringing Structure

Samsung's assertion that Netlist should have included the 4H HBM products in its original contentions is unfounded.

***First***, Samsung has not identified any public document where Netlist could have learned of the 4H products' infringing TSV structure at the time it served the original contentions. As detailed in Netlist's opening brief, while Netlist knew the 4H products existed, Netlist only became aware of the possibility that the 4H products infringed upon receiving non-public documents from Samsung during discovery on physical arrangement of its TSVs, examining Samsung's delayed schematics production, and deposing Samsung's witnesses. Dkt. 113 at 8. This is in sharp contrast to the 8H products, where Netlist had a reasonable belief—based on the logical arrangement—that there would likely be infringement.  *See* Dkt. 143-1, Ex. E at 12-14; Dkt. 113 at 8.

Courts in this District have routinely found good cause where the amendment is spurred by information gained during discovery. *See, e.g., Mediostream, Inc. v. Microsoft Corp.*, 2010 WL 4118589, at *2 (E.D. Tex. Oct. 18, 2010) (granting leave to amend based on documents of key features of the accused products received during discovery); *Harris Corp. v. Huawei Device USA, Inc.*, 2019 WL 4247067,

- 1 -

Netlist's Reply ISO Motion for Leave to Amend ICs
No. 21-cv-463-JRG (E.D. Tex.)

at *2 (E.D. Tex. Sept. 6, 2019) (granting leave to amend where plaintiff "was not aware that [the accused products] may infringe…in ways other than acting as a station" at the time of its original contentions and "decided to further investigate" based on statements by Defendant during discovery). As soon as Netlist found out about the infringing TSV structure of the 4H products, it diligently began investigating and supplemented its contentions well before the discovery deadline.

*Second*, Samsung cites to three diagrams Netlist included in its contentions for 8H products that happened to include 4H diagrams, but that does not mean these diagrams alone provided a sufficient basis to infer infringement by the 4H products. Opp. at 2-3. In fact, none of these diagrams show the ███████ that formed the basis of Netlist's belief that the 4H products infringe. *Id.* By contrast, the ████████████████ ███ █ █ █ █ █ █ █ █████████████████████████ (*Compare* Left: May 4 PICs (Dkt. 143-1), Ex. E at 14 *with* Right: Oct. 10 PICs (Dkt. 143-2) Ex. E at 47).

Specifically, █████████████████████ ██████████████████████████████████████.[1] It is not unusual for a Plaintiff to find during discovery that products related to those it is accusing also infringe. *See, e.g., Stragent, LLC v. Freescale Semiconductor, Inc.*, 2011 WL 13227699 at *1 (E.D. Tex. July 14, 2011) (granting leave to amend where upon review of documents defendant produced, "Plaintiffs identified a family of products similar to those identified in their original contentions"). Moreover, Netlist diligently served Samsung its amended contentions less than a month after deposing Samsung's witness

---

[1] Netlist had believed that in the 4-die HBM2E and HBM2 products, each set of TSVs would only be in electrical communication with one die, thus not satisfying "a first group of array dies." Dkt. 23-5.

followed by diligent schematics review. *Id.* at *2 ("Because [Plaintiff] served a draft of the amended contentions two months after it received the relevant discovery, the Court finds [Plaintiff] acted with sufficient diligence to show good cause").[2]

**Third**, the cases Samsung relied on are inapposite. In *Oyster Optics, LLC v. Coriant (USA) Inc.*, 2018 WL 11448685 (E.D. Tex. Jan. 8, 2018), the defendant was "unaware" it needed to provide a defense for the added products. *Id.* at *2. Here, by contrast, Samsung concedes that Netlist informed Samsung of its intent to add the 4H products "nearly two additional months" before Netlist was forced to resort to motion practice. Opp. at 4. Samsung thus knew it needed to provide a defense for the added products months before the close of fact discovery and nearly a month before the claim construction hearing. In contrast to *Oyster Optics*, where "issues of construction [arose] after the *Markman* process [wa]s complete," 2018 WL 11448685 at *3, Samsung has not identified any claim construction issues that arose due to the addition of 4H products. Opp. at 1. Indeed, none of the arguments Samsung made for the 160/060 claim terms depended on the number of dies in the memory package. *See* Dkt. 82 at 13-18. Rather, Samsung's prosecution disclaimer argument was based on a "Rajan" reference involving **four** "DRAM circuits 206A-D," which Samsung alleges corresponds to a 4H package. Dkt. 82 at 14. Samsung has made no showing that it would have proposed additional terms or changed its claim construction positions with the inclusion of 4H products.

The other cases Samsung cites are also readily distinguishable. In *Eon*, the plaintiff served its amended contentions over a year after its original PICs and its "proposed amended infringement contentions rel[ied] on **evidence** that had been publicly available since the start of the case." *Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, 2012 WL 12911055, at *5 (E.D. Tex. Aug. 10, 2012) (emphasis

---

[2] Samsung's delayed production of schematics was hosted on a customized platform that was difficult to navigate; and it was not until Netlist had reviewed delayed "document" production of TSV structures from different viewing angles that it was able to piece together the information.

added). In contrast, Netlist's amended contentions regarding the 4H products relied on non-public information obtained during discovery. And in *Realtime Data, LLC v. Metropcs Texas, LLC*, 2012 WL 12903695, at *3 (E.D. Tex. Apr. 19, 2012), the patentee attempted to add new patent claims, "as opposed to additional products," which "typically results in more significant prejudice to defendants."

## II. Samsung Is Not Prejudiced and a Continuance Is Thus Not Needed

Samsung's claims of prejudice are undermined by its concession that Netlist served its amended contentions adding Samsung's 4H products over two months before fact discovery closed. Opp. at 4. Samsung claims it was "left to guess" whether Netlist would seek leave to amend its contentions. *Id.* Not so. Netlist explained the good cause for its amendment when asked by Samsung on October 19, 2022, confirming its intent to serve the amended PICs. *See* Dkt. 113-17. Samsung's subsequent response failed to identify any public documents disclosing the TSV arrangement of its 4H products. *See* Dkt. 113-18. Notably, Samsung also failed to identify any specific prejudice it would have faced by accepting Netlist's amendment at this earlier stage. *Id.* Further, Netlist's subsequent supplemental contentions made clear that Netlist stood by its contentions covering Samsung 4H products. Dkt. 113-25. Samsung provided no explanation for how Netlist could have known sooner of the infringing structure of the 4H products nor mentioned any prejudice Samsung would face due to the amendment either during the parties' email exchanges or the meet and confer on December 14.

Based on the above, Samsung's claims of prejudice should be viewed with skepticism, as Samsung had months of opportunity to alert Netlist of any prejudice and declined to do so. *See* Dkt. 113 at 10. Samsung now claims it would be prejudiced because it "no longer has the opportunity to factor the 4H products into its discovery responses, invalidity contentions, and claim construction arguments," but it fails to offer any explanation on what exactly it would have done differently. As explained above, *supra* Section I, Samsung offers no explanation what it would have done differently for claim construction. Samsung also cited 4-die prior art in its invalidity contentions, again showing

- 4 -

Netlist's Reply ISO Motion for Leave to Amend ICs
No. 21-cv-463-JRG (E.D. Tex.)

that it is unlikely anything would have changed had Samsung considered the 4H products earlier. *See* Ex. 1 at 5 (Invalidity Contentions Ex. E2). Moreover, Samsung had the opportunity to consider the 4H products when it made its claim construction arguments, as Netlist served its amended contentions on Samsung well before the claim construction hearing. The addition of the 4H products also does "not completely overhaul [the] original infringement contentions," or "shift the original theory of infringement" weighing in favor of permitting the amendment. *Stragent*, 2011 WL 13227699 at *2. Netlist's PICs regarding the 4H products are virtually the same as those regarding the 8H products as the products function virtually in the same way. Samsung argued there were ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but does not even explain which claims would be implicated by such alleged differences. Opp. at 9.

Further, during the two month period between Netlist's service and its motion, Samsung had plenty of time to question Netlist's witnesses about pre-suit investigation related to the 4H products or serve additional discovery requests targeting these products. It chose not to do so. Thus, any alleged prejudice is due to Samsung's own inaction. Samsung's blanket statement that a continuance would not cure the prejudice caused by the additional discovery required is inadequate—Samsung fails to explain what remains to be discovered. Opp. at 10. This contrasts with the case Samsung cites where, e.g., the Defendant specified it had entirely redesigned its accused system in reliance on the Court's claim construction, which would have been upended by the Plaintiff's proposed amendment. *Precision Energy Servs., Inc. v. ThruBit, LLC*, 2013 WL 5274445, at *2 (S.D. Tex. Sept. 18, 2013).

### III. Netlist's Amendment Is Important for Efficient Resolution of the Parties' Disputes

Samsung does not dispute the importance of Netlist's proposed amendment. Given the similarity of 4H and 8H products, the amendment provides for efficient resolution of the parties' disputes without a second suit. *Stragent*, 2011 WL 13227699 at *2 (allowing amendment because otherwise, "[Plaintiff] will be unable to accuse the [related] products in this litigation.").

Dated: January 12, 2023                    Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on January 12, 2023, a copy of the foregoing was served to all counsel of record.

> */s/ Yanan Zhao*
> Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

> */s/ Yanan Zhao*
> Yanan Zhao

- 7 -

Netlist's Reply ISO Motion for Leave to Amend ICs
No. 21-cv-463-JRG (E.D. Tex.)