UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., <br><br> Defendants. | Case No. 2:21-CV-463-JRG <br><br> JURY TRIAL DEMANDED <br><br> **Filed Under Seal** |

# PLAINTIFF NETLIST INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INFRINGEMENT CONTENTIONS (Dkt. 130)

## TABLE OF CONTENTS

**Page**

A.  Netlist Acted Diligently in Amending the PICs Which Favors Leave to Amend ................... 1

B.  The Proposed Amendment Is Important to Show Netlist's Invention Story and Samsung's Willful Infringement ............................................................................................ 3

C.  Samsung Has Not Demonstrated Any Prejudice .......................................................... 3

D.  A Continuation Is Not Needed ........................................................................................ 5

-i-

Netlist's Reply ISO Motion for Leave to Amend PICs
No. 21-cv-463-JRG (E.D. Tex.)

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Opticurrent, LLC v. Power Integrations, Inc.*, 2017 WL 11392680 (N.D. Cal. Oct. 3, 2017) .......................... 4

*Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, 2020 WL 1648470 (E.D. Va. Mar. 16, 2020) ................................................................................................................................ 4

-ii-

Netlist's Reply ISO Motion for Leave to Amend PICs
No. 21-cv-463-JRG (E.D. Tex.)

To the extent amendment is necessary, Netlist has demonstrated good cause to support its motion for leave to amend. Dkt. 130.

### A.   Netlist Acted Diligently in Amending the PICs Which Favors Leave to Amend

Samsung argues that Netlist "intentionally chose not to disclose its allegedly embodying products" and that Netlist has not demonstrated it was diligent. Neither argument holds any water.

***First***, Samsung has not pointed to any evidence that Netlist's "intentionally delayed" producing the information in its supplement. This is because no such evidence exists. Netlist provided all the information it was aware of at the time it served its PICs. And, when it discovered additional, relevant documentation related to conception and reduction to practice, it promptly analyzed those documents and supplemented its production and response as soon as it was able to confirm that those documents evidenced embodiments of the patents-in-suit. Thus, Samsung's allegation that Netlist "intentionally delayed" discovery to obtain some sort of strategic advantage are entirely unfounded.

***Second***, Samsung's allegations that Netlist has not provided enough evidence that it was diligent is also off base. The issue is that Samsung does not believe the representations made by counsel in the opening briefing. To remove any debate, Netlist submits with this brief a declaration from Netlist's in-house attorney responsible for document collection and discovery.

Mr. Sohi explained that it has been a challenging process for Netlist to collect and review materials that reflect the design and development of prototypes and products that implement features disclosed in the Patents-In-Suit. Sohi Decl. ¶ 5. ████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████ *Id.* ¶ 5. As a result, a document-by-document search of the development records must occur to find documents evidencing conception and reduction to practice. *Id.* ████████████████████████████████

███████████████████████████████████████████████████. *Id.* ¶ 7.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████ *Id.* ¶ 6. This made it harder for Netlist to retrieve relevant files as the past technology leaders at the company did not have the opportunity to organize the product development files before their departure. ███████

███████████████████████████████████████████████████

███████████████████████████████ *Id.* ¶¶ 7-8. By way of example, Netlist's interrogatory responses ███████████████████████████████████████████████████

███████████████████████████████████████. Dkt. 130-2 (Nov. 21, 2022 Netlist Suppl. Rog Responses) at 8-9. The relevant document identified in the responses, ███████████████████████████████████████████████████

████████ *Id.* ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████. *Id.* ¶ 9.

***Third***, Samsung's reliance on other actions involving the parties is misplaced. None of these other actions involve the patents-in-suit. The Contract Action focused on Samsung's breach of the JDLA and Netlist's termination. And Judge Andrews in the D. Del. Action denied Samsung's attempt to add the patents-in-suit in this Action to the D. Del. Action because those patents are not closely related. *See SEC v. Netlist, Inc.*, No. 21-cv-1453, D.I. 37 at 6-10 (D. Del. Aug. 1, 2022).

***Fourth***, Samsung argues that Netlist should have asked for more time to provide its PICs. Opp. 8. But Netlist was not aware that the additional documentation existed at the time it served the

original PICs. Mtn. at 2-3. Once it was discovered in November 2022, Netlist promptly analyzed those documents and supplemented its responses.

### B. The Proposed Amendment Is Important to Show Netlist's Invention Story and Samsung's Willful Infringement

Samsung does not dispute that Netlist's supplemental disclosures regarding conception, reduction to practice, and embodying products are important for Netlist to show Samsung's willful infringement and support Netlist's damages claims. *See* Opp. at 8-9. Instead, Samsung contends that Netlist took conflicting positions by stating that the information was not required to be disclosed in the infringement contentions. *Id.* at 9. Samsung misses the point: whether the evidence is important to Netlist's claims at trial is an issue different from what is required to be disclosed under the patent local rules.

Samsung's argument regarding the '060 Patent also missese the point. Netlist's supplemental discovery response identifies presentations Netlist shared with Samsung regarding the subject matter disclosed in the '060 patent, Dkt. 130-2 at 11-12, 26-27, which is relevant to the issue of willfulness, regardless of whether Netlist ever sold or offered for sale any products that practice that patent.

### C. Samsung Has Not Demonstrated Any Prejudice

Samsung has not identified any legitimate prejudice, which weighs heavily in favor of granting Netlist's request for leave.

As an initial matter, Samsung's contention that it did not have enough time to analyze Netlist's supplemental disclosures before depositions or in time to serve follow-up discovery is flatly contradicted by the record. Upon receipt of Netlist's November 15 document production and November 21 interrogatory responses, Samsung did not ask to postpone depositions of Netlist's witnesses so that it could have additional time to review Netlist's supplemental discovery responses. Instead, Samsung went forward with those depositions and spent a significant amount of time

- 3 -

Netlist's Reply ISO Motion for Leave to Amend PICs
No. 21-cv-463-JRG (E.D. Tex.)

questioning Netlist's witnesses on the issues of conception, reduction to practice, and embodying products. *See, e.g.*, Dkt. 130-10; Dkt. 130-6 at 118:2-20; Dkt. 130-13 at 99:1-100:12; Dkt. 130-11, at 243:9-25. Not only did Samsung examine Netlist's witness on these subjects, it also relied on documents Netlist produced and referenced in its interrogatories. For example, during the deposition of Mr. Milton, ███████████████████████████████████████████████████████████████████████████████████. *See, e.g.*, Dkt. 130-05 at 6, 161:16-163:13; 165:7-170:17; 180:6-187:11 (███████████████████████████████████████████████████). After the depositions, Samsung remained silent and did not ask for any supplemental depositions.[1]

Similarly, Samsung did not ask Netlist to agree to any extension of time to serve interrogatories or other discovery on these issues; nor did it seek any additional document discovery. Indeed, Samsung still has not specifically identified what additional discovery it would have sought from Netlist had Netlist provided the supplemental production and responses earlier. Instead, Samsung sat on its hands until the last day before the fact discovery deadline, and only then raised its intent to strike Netlist's discovery responses. Courts faced with similar situations have found no prejudice and allowed amendment. *See Opticurrent, LLC v. Power Integrations, Inc.*, 2017 WL 11392680, at *7 (N.D. Cal. Oct. 3, 2017) (finding no prejudice in allowing amendment of priority date when defendant had notice prior to depositions); *Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, 2020 WL 1648470, at *2 (E.D. Va.

---

[1] In a footnote, Samsung confusingly argues that, even though it took the deposition of the inventors after Netlist's supplemental production, it was still prejudiced because one of the inventors supposedly testified that "he did not understand the claims." Opp. at 10 n.4. Samsung's out-of-context quote does not support its argument. First, the quoted statements were in response to open-ended questions about the witness's preparation, not to any questions on conception and reduction to practice. Second, Mr. Lee is an engineer, not a patent attorney, and it is therefore understandable that he would not feel comfortable providing a detailed explanation of the claims. Finally, Samsung does not explain how this testimony would be impacted by the amount of time Samsung had to review Netlist's supplement before taking Mr. Lee's deposition.

- 4 -

Netlist's Reply ISO Motion for Leave to Amend PICs
No. 21-cv-463-JRG (E.D. Tex.)

Mar. 16, 2020) (finding the alleged prejudice, if any, is insufficient to exclude the late claims where the late assertions were disclosed preceding all expert reports).

Samsung's claim that it was somehow prevented from pursuing third-party discovery on these issues similarly falls flat. Samsung chose not to serve any third party subpoenas on these issues, despite the fact that Netlist served its supplemental responses a month before fact discovery closed. Thus, nothing prevented Samsung from seeking third-party discovery other than its own strategic choices.

The only other alleged prejudice identified by Samsung is that it supposedly didn't have enough time to prepare expert reports on these issues. Samsung announced on the last day of fact discovery that it intended to move to strike Netlist's interrogatory responses on conception and reduction to practice served a month earlier. Netlist unilaterally agreed to allow Samsung to file a supplemental report if it needed to. Mtn. at 8; Dkt. 130-8. To be clear, Samsung's opening reports were not due until a month after Netlist's supplemental production and responses, and its rebuttal reports are not due until January 24 and January 31, 2023. This offer is still open. If Samsung desires to file a supplemental report on conception and reduction to practice, Netlist will consent.

### D.   A Continuation Is Not Needed

A continuation is not necessary because Samsung has not pointed to any legitimate prejudice it has suffered or identified any specific discovery it would seek. Further, trial for this case will not start until May 1, 2023. Thus, there is more than sufficient time to conduct any additional discovery that the Court might order, and a continuation is not needed.

Dated: January 16, 2023                     Respectfully submitted,

                                                                                */s/ Jason Sheasby*

                                                                                Samuel F. Baxter
                                                                                Texas State Bar No. 01938000
                                                                                sbaxter@mckoolsmith.com

Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on January 16, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

- 7 -

Netlist's Reply ISO Motion for Leave to Amend PICs
No. 21-cv-463-JRG (E.D. Tex.)