# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:21-CV-463-JRG ) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., | ) JURY TRIAL DEMANDED ) ) **Filed Under Seal** ) ) |
| Defendants. | ) |

# NETLIST INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SAMSUNG'S AFFIRMATIVE DEFENSES

# TABLE OF CONTENTS

**Page**

I. Statement of Issues to Be Decided by the Court ................................................................. 1

II. Statement of Undisputed Facts ........................................................................................... 1

III. Argument ............................................................................................................................ 3

      A. Samsung's Exhaustion Defense ............................................................................. 3

      B. Samsung's Implied License Defense ..................................................................... 4

      C. Samsung's Marking Defense as to the '060 and '160 Patents ............................... 5

IV. Conclusion .......................................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexam, Inc. v. Best Buy Stores L.P.*,
  2013 WL 1795956 (E.D. Tex. Apr. 10, 2013) ................................................................3, 4

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017) ..............................................................................................5

*CXT Sys., Inc. v. Acad., Ltd.*,
  2020 WL 9936134 (E.D. Tex. Jan. 30, 2020) ........................................................................4

*Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*,
  2019 WL 2881828 (E.D. Tex. June 25, 2019), *adopted as modified*, 2019 WL
  2869750 (E.D. Tex. July 3, 2019) ..........................................................................................3

*Quanta Comp., Inc. v. LG Elec., Inc.*,
  553 U.S. 617 (2008) ................................................................................................................3

*Realtime Data, LLC v. T-Mobile USA, Inc.*,
  936 F. Supp. 2d 795 (E.D. Tex. 2013) ...................................................................................4

*Solas Oled Ltd. v. Samsung Elecs. Co.*,
  2022 WL 1912873 (E.D. Tex. May 30, 2022) ......................................................................5

*TQP Dev., LLC v. Alaska Air Grp. Inc.*,
  2013 WL 12248229 (E.D. Tex. Nov. 6, 2013) ..................................................................3, 4

**Statutes**

35 U.S.C. § 286 ..............................................................................................................................1, 2

35 U.S.C. § 287 ..............................................................................................................................1, 2

35 U.S.C. § 288 ..............................................................................................................................1, 2

-ii-

Netlist's Summary Judgment Motion on
Samsung's Affirmative Defenses
No. 21-cv-463-JRG (E.D. Tex.)

Netlist moves for summary judgment on the following defenses raised by Samsung defendants: (1) exhaustion (Eighth Additional Defense and Ninth Additional Defense); (2) implied license (Ninth Additional Defense); and (3) marking (Seventh Defense) as to the '060 and '160 patents. Dkt. 25 at 39-40. Samsung asserted these defenses in its Answer to the First Amended Complaint without identifying any supporting facts. Netlist served interrogatories seeking the bases for Samsung's affirmative defenses, and Samsung again failed to identify any supporting facts for any of these defenses. Because there is no evidence in the record that could create an issue of material fact as to any of these defenses, summary judgment is appropriate.

## I.   STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Whether Netlist is entitled to summary judgment dismissing Samsung's affirmative defenses of "failure to state a claim," "lack of standing, "exhaustion," and "implied license." Dkt. 25 at 39-40.

## II.   STATEMENT OF UNDISPUTED FACTS

1.   Netlist, Inc. ("Netlist") filed its first amended complaint on May 3, 2022. Dkt. 23. Netlist asserts that Samsung infringed six patents-in-suit: U.S. Patent Nos. 10,860,506 ("the '506 patent"); 10,949,339 ("the '339 patent"); 11,016,918 ("the '918 patent"); 11,232,054 ("the '054 patent"); 8,787,060 ("the '060 patent"); and 9,318,160 ("the '160 patent").

2.   Samsung answered the FAC on May 18, 2022. Dkt. 25. Samsung asserted defenses of exhaustion, implied license, and marking without identifying any supporting basis in its pleading:

> **SEVENTH ADDITIONAL DEFENSE** (Marking): Any claim for damages by Netlist is limited by its failure to mark, including without limitation, to the extent Netlist contends there are products covered by the Patents-In-Suit, Netlist's failure to mark its own products with the numbers of the Patents-In-Suit and/or its failure to require and/or police the marking of Netlist's customers and licensees.
>
> **EIGHTH ADDITIONAL DEFENSE** (Notice, Damages, and Costs): Netlist's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287. Netlist is barred from recovering costs in connection with this action under 35 U.S.C. § 288. Netlist's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Netlist is not entitled to a double recovery. For example, to the extent the Patents-In-Suit are essential to one or more JEDEC standards, Netlist is barred from seeking lost profits by its RAND

- 1 -

Netlist's Summary Judgment Motion on
Samsung's Affirmative Defenses
No. 21-cv-463-JRG (E.D. Tex.)

obligations.

**NINTH ADDITIONAL DEFENSE** (License Express or Implied and/or Patent Exhaustion): Netlist's claims are barred in whole or in part by express or implied license and/or patent exhaustion. . . .

Dkt. 25 at 39-40.

3. Netlist served interrogatories seeking the bases for Samsung's affirmative defenses. Samsung's responses to those interrogatories did not provide any evidence in support of its any of its exhaustion and implied license defenses. *See generally* Ex. 1 (Samsung Supp. Response to Rog No. 9).

4. In its interrogatory responses, Samsung also asserts that " ███████████████ ██████████████████" and "████████████████████████████████." *Id.* at 149. In the October 12 Letter, Samsung listed part numbers of products from Netlist and a third party (i.e. Netlist's licensee) and stated that "[t]he above list constitutes notice under *Artic Cat* that at least the named entities sold specific, unmarked products under license to the '506 and '339 patents." Ex. 2 at 1-2 (Oct. 12, 2022 Reardon Ltr.). However, Samsung does not point to specific products sold by any entity that were not properly marked as to the '060 and '160 patents. This is not an accident. The '060 and '160 patents relate to the internals of High Bandwidth Memory modules. The internals of each company's modules are different. There is no way to know what Netlist's other licensee, SK Hynix, does without discovery from SK Hynix. Samsung does list what it now claims are HBM modules from SK Hynix in its letter, but studiously avoided claiming these modules were not properly marked under the '060 and '160 patent. This was undoubtedly strategic because Samsung intends to take the position that no one in the industry uses Netlist's HBM technology.

5. Netlist also served an interrogatory seeking the basis for Samsung's contentions that Netlist's damages should be limited in this Action. In response, Samsung merely repeated the language from its pleading:

**Notice, Damages, and Costs**. Netlist's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287. Netlist is barred from recovering costs in connection with this action

under 35 U.S.C. § 288. Netlist's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Netlist is not entitled to a double recovery. In addition, to the extent the Patents- In-Suit are essential to one or more JEDEC standards, Netlist is barred from seeking lost profits by its RAND obligations.

Ex. 1 (Samsung 7th Supp. Response to Rog No. 9) at 153.

### III. ARGUMENT

#### A. Samsung's Exhaustion Defense

As discussed above, Samsung's pleading and interrogatory responses only make a bare mention of the affirmative defense of exhaustion, and provide no factual basis for such a defense. "[P]atent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item." *Quanta Comp., Inc. v. LG Elec., Inc.*, 553 U.S. 617, 625 (2008). Exhaustion is triggered by sale of an item when its "only reasonable and intended use [is] to practice the patent and because [it] embodies essential features of the patented invention." *Id.* at 631. Samsung provided no allegation or evidence that it purchased any accused products (or components thereof) from a third party, that the third party is authorized by Netlist to sell such products, and that the only reasonable and intended use of the items Samsung purchased is to practice Netlist's asserted patents. *See* Dkt. 25, at 39-40; *see generally* Ex. 1 (Samsung's 7th Supp. Rog Response). Thus, summary judgment dismissing Samsung's exhaustion defense is appropriate. *See Alexam, Inc. v. Best Buy Stores L.P.*, 2013 WL 1795956, at *1 (E.D. Tex. Apr. 10, 2013) (a nonmovant cannot rely on "argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence" to object to summary judgment motion); *see also TQP Dev., LLC v. Alaska Air Grp. Inc.*, 2013 WL 12248229, at *4 (E.D. Tex. Nov. 6, 2013) (striking unsubstantiated license and patent exhaustion defenses where the defendants only "made a bare mention of the affirmative defenses of license and exhaustion in its Answer but otherwise made no statement regarding them" or stated "it would produce an expert report" which did mention these defense).

- 3 -

Netlist's Summary Judgment Motion on
Samsung's Affirmative Defenses
No. 21-cv-463-JRG (E.D. Tex.)

B.   **Samsung's Implied License Defense**

Samsung has not identified any facts to support its implied license defense in its operative pleading, nor has it identified what the scope of the alleged "implied license" to the patents-in-suit would be. *See* Dkt. 25 at 40. Moreover, Samsung's responses to Netlist's interrogatories No. 9 and No. 24, which seek the bases of Samsung's affirmative defenses, did not raise any implied license defense and also failed to provide evidence showing any circumstances that support an inference of implied license.

Samsung bears the burden to prove that an effective license exists and covers the patents-in-suit. *CXT Sys., Inc. v. Acad., Ltd.*, 2020 WL 9936134, at *4, 5 (E.D. Tex. Jan. 30, 2020) (citing Fed. R. Civ. P. 8(c)(1). To raise an affirmative defense based on implied license, the accused infringer must demonstrate both: "(1) that the patentee sells an article that has no non-infringing uses; and (2) that the circumstances of the sale plainly indicate that a grant of license should be inferred." *Realtime Data, LLC v. T-Mobile USA, Inc.*, 936 F. Supp. 2d 795, 800–01 (E.D. Tex. 2013) (citing *Anton/Bauer, Inc. v. PAG Ltd.*, 329 F.3d 1343, 1350 (Fed. Cir. 2003)). With respect to the second element, courts consider whether: (1) a relationship existed between the parties; (2) within that relationship, the patentee granted a right to use the patented invention; (3) the patentee received valuable consideration for that grant of right; (4) the patentee denied that an implied license existed; and (5) the patentee's statement and conduct created the impression that it consented to the alleged infringer's making, using, or selling the patented invention. *Id.* (citing *Wang Labs., Inc. v. Mitsubishi Elec. Am., Inc.,* 103 F.3d 1571, 1579 (Fed. Cir. 1997)). Samsung has not identified any evidence relating to an implied license whatsoever, nor what the terms or scope of said implied license are or would be. Thus, summary judgment dismissing Samsung's implied license defense is appropriate. *Alexam, Inc.*, 2013 WL 1795956, at *1; *TQP Dev., LLC* , 2013 WL 12248229, at *4; *see also Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*, 2019 WL 2881828, at *3 (E.D. Tex. June 25, 2019), *adopted as modified*, 2019 WL 2869750 (E.D. Tex. July 3, 2019)

- 4 -

Netlist's Summary Judgment Motion on
Samsung's Affirmative Defenses
No. 21-cv-463-JRG (E.D. Tex.)

(granting the plaintiff's summary judgment motion on Defendant's defenses of license, unclean hands, acquiescence and other defenses).

### C. Samsung's Marking Defense as to the '060 and '160 Patents

The Federal Circuit in *Arctic Cat Inc. v. Bombardier Recreational Products Inc.* held that "an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." 876 F.3d 1350 at 1368 (Fed. Cir. 2017); *see also Solas Oled Ltd. v. Samsung Elecs. Co.*, 2022 WL 1912873, at *1 (E.D. Tex. May 30, 2022) (finding Samsung's notices generally of "its intention to limit pre-suit damages under § 287" are insufficient to meet the production burden under *Arctic Cat*).

Samsung's answer, interrogatory responses, and the October 12 letter at best identified certain products that Netlist allegedly failed to mark as to the '506 and '339 patents. *Supra* II. 4 ("[t]he above list constitutes notice under *Artic Cat* that at least the named entities sold specific, unmarked products under license to the '506 and '339 patents"). Samsung, however, did not identify any products that practice the '160 and '060 patents specifically to meet is production burden under *Artic Cat* to preclude Netlist from seeking pre-suit damages for its infringement claims. *Id*. Because there is no factual dispute that Samsung failed to carry out its burden of production required by *Arctic Cat*, summary judgment is proper to preclude Samsung from raising marking as a basis to bar Netlist's pre-suit damages claims arising from Samsung's infringement of the '060 and '160 patents.

### IV. CONCLUSION

Netlist respectfully requests that this Court grant summary judgment in its favor.

Dated: February 3, 2023              Respectfully submitted,

                                     */s/ Jason G. Sheasby*

                                     Samuel F. Baxter
                                     Texas State Bar No. 01938000
                                     sbaxter@mckoolsmith.com

Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

- 6 -

Netlist's Summary Judgment Motion on
Samsung's Affirmative Defenses
No. 21-cv-463-JRG (E.D. Tex.)

## CERTIFICATE OF SERVICE

I hereby certify that, on February 3, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

- 7 -

Netlist's Summary Judgment Motion on
Samsung's Affirmative Defenses
No. 21-cv-463-JRG (E.D. Tex.)