**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:21-CV-463-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | ▬▬▬▬▬ |
| INC., SAMSUNG SEMICONDUCTOR, | ) | ████████████ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NETLIST INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SAMSUNG'S INVALIDITY DEFENSES

**TABLE OF CONTENTS**

Page

I.      STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ................................1

II.     STATEMENT OF UNDISPUTED FACTS ..........................................................................2

        A.      The '339 Patent ................................................................................................2

        B.      The '506 Patent ................................................................................................3

        C.      The '918 and '054 Patents. ...............................................................................4

        D.      PTAB Asked this Court to Address Samsung's *Sotera* Stipulation Violations .......6

III.    LEGAL STANDARD ..............................................................................................................6

VII.    ARGUMENT ...........................................................................................................................7

        A.      Samsung Should Be Precluded From Raising Section 102/103 Challenges on the '339 and '506 Patents .........................................................................................7

                1.      The JEDEC Proposals Could Have Been Raised in the IPR .........................8

                2.      Samsung's Alleged "System" Art Is Based Solely on Printed Documents ....8

                3.      Samsung's Invalidity Grounds Based on APA in Combination with Printed Publications Could Have Been Raised in the IPR .......................................11

        B.      Samsung Should Be Precluded From Raising Section 102/103 Challenges on the '918 and '054 Patents .......................................................................................13

                1.      Printed Materials ...........................................................................................13

                2.      APA in Combination with Printed Publications ...........................................13

        C.      Summary Judgment Is Appropriate on Samsung Invalidity Defense under 35 U.S.C. § 102 ....................................................................................................14

                1.      The '339 and '506 Patents .............................................................................14

                2.      The '918 and '054 Patents .............................................................................16

VIII.   CONCLUSION .......................................................................................................................16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Apple Inc.*,
   IPR2018-01315, Paper 40 ............................................................................6, 12, 14

*Biscotti Inc. v. Microsoft Corp.*,
   No. 2:13-cv-1015, 2017 WL 2526231 (E.D. Tex. May 11, 2017) .....................................8, 9

*Encyclopaedia Britannica, Inc. v. Alpine Elecs. of Am., Inc.*,
   609 F.3d 1345 (Fed. Cir. 2010)............................................................................14

*General Access Sols., Ltd. v. Sprint Spectrum L.P.*,
   2020 WL 12572917 (E.D. Tex. Dec. 1, 2020)............................................................9

*Koninklijke Philips N.V. v. Google LLC*,
   948 F.3d 1330 (Fed. Cir. 2020)............................................................8, 12, 13, 14

*LG Elec., Inc. v. ParkerVision, Inc.*,
   IPR2022-00246, Paper 10 (PTAB April 12, 2022)............................................12, 14

*MED-EL*,
   IPR2020-01016 ............................................................................6, 12, 14

*Medtronic, Inc. v. Barry*,
   891 F.3d 1368 (Fed. Cir. 2018)............................................................6, 8, 13

*Microsoft Corp. v. Biscotti, Inc.*,
   878 F.3d 1052 (Fed. Cir. 2017)............................................................15

*Net MoneyIN, Inc. v. VeriSign, Inc.*,
   545 F.3d 1359 (Fed. Cir. 2008)............................................................14, 16

*Protect Animals With Satellites LLC v. OnPoint Systems, LLC*,
   IPR2021-1483, Paper 11 (PTAB March 4, 2022)....................................12, 14, 15

*Randall Mfg. v. Rea*,
   733 F.3d 1355 (Fed. Cir. 2013)............................................................8

*Rathborne Land Co., L.L.C. v. Ascent Energy, Inc.*,
   610 F.3d 249 (5th Cir. 2010) ............................................................7

*Reed v. Maersk Line, Ltd.*,
   No. 3:19-cv-00238, 2021 WL 1845162 (S.D. Tex. May 7, 2021)............................7

*Sotera Wireless, Inc. v. Masimo Corp.*,
  IPR2020-01019, Paper 12 (Dec. 1, 2020) ....................................................... *passim*

*SRI Int'l Inc. v. Cisco Sys., Inc.*,
  930 F.3d 1295 (Fed. Cir. 2019) ...................................................................14, 16

*STMicroelectronics, Inc. v. Ocean Semiconductor LLC*,
  IPR2021-1349, Paper 13 (PTAB March 4, 2022) .................................................12

*STMicroelectronics*,
  IPR2021-01349, Paper 13 ..............................................................................14

*Wasica Finance GmbH v. Schrader Int'l*,
  432 F. Supp. 3d 448 (D. Del. 2020) ..........................................................7, 10, 11

**Statutes**

35 U.S.C. § 102 .......................................................................................... *passim*

35 U.S.C. § 103 .......................................................................................... *passim*

35 U.S.C. § 311(b) ............................................................................................6

**Other Authorities**

https://www.uspto.gov/sites/default/files/documents/20220609updatedAAPAmemo.pdf .......................6

MPEP § 2128 ............................................................................................6, 8, 13

Samsung filed petitions for *inter partes* review ("IPR") as to each of Netlist's six patents-in-suit. In the proceedings for the '339, '506, '918 and '054 patents ("*Sotera* Stipulation Patents"), Samsung filed *Sotera* stipulations, representing that Samsung "will not pursue an invalidity defense in the Eastern District of Texas action (C.A. No. 21-463-JRG)" based on "grounds that were raised or reasonably could have been raised in the IPR."  Ex. 1 (Samsung *Sotera* stipulations). Samsung reiterated that commitment to Netlist. Ex. 5 at 4 ("Samsung still agrees to follow its stipulation . . . ").

Mr. McAlexander's opening report on the *Sotera* Stipulation Patents, however, pursued invalidity challenges under 35 U.S.C §§102 and 103 based on grounds that Samsung already raised in its IPR petitions or that Samsung reasonably could have raised in the IPRs. Specifically, Samsung's opening expert reports rely on prior art Samsung submitted in the IPR petitions in combination with what it alleges are other printed publications, knowledge of POSITAs, and/or applicant admitted prior art from the prosecution files ("APA"). When asked, Samsung could not provide any explanation for why the grounds raised in its expert reports could not have been raised in the IPR petitions.

Samsung's conduct attempts to exploit the judicial system to secure an unfair advantage. Summary judgment precluding Samsung from raising the invalidity challenges it raised or could have raised before the PTAB is thus necessary.

## I.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1.      Whether Netlist is entitled to summary judgment that Samsung is precluded from raising invalidity grounds in this case that it raised or reasonably could have raised before the USPTO as to the patents-in-suit.

2.      Whether Netlist is entitled to summary judgment dismissing Samsung's invalidity arguments under 35 U.S.C. § 102 based on JEDEC materials and QBM.

## II.      STATEMENT OF UNDISPUTED FACTS

### A.      <u>The '339 Patent</u>

1.      On March 2, 2022, Samsung filed a petition for IPR against the '339 patent. IPR2022-00639. In the IPR, Samsung challenged the validity of the '339 patent based on: (1) US2006/0277355 to Ellsberry ("**Ellsberry**"); and (2) U.S. Patent No. 7,024,518 ("**Halbert**").[1]

2.      On August 22, Samsung submitted a *Sotera* stipulation with the USPTO, stating:

> Samsung stipulates that, if the Patent Trial and Appeal Board institutes an IPR proceeding for U.S. Patent No. 10,949,339 on the grounds presented in Samsung's petition in IPR2022-00639, Samsung will not pursue an invalidity defense in the Eastern District of Texas action (C.A. No. 21-463-JRG) that the patent claims subject to the instituted IPR are invalid based on grounds that were raised or reasonably could have been raised in the IPR.

Ex. 1. The USPTO granted institution of IPR on the '339 patent on October 19. Ex. 11 (Paper 15).

3.      On December 22, Samsung served the opening expert report on the invalidity of Netlist's '339 patent. Among others, Samsung raised invalidity arguments under 35 U.S.C. §§102 and 103 based on the following grounds, Ex. 2 (McAlexander) ¶ 242:



Samsung's expert cites four documents that allegedly evince the Quad Band Memory "system":



---

[1] Bolded references are previously raised by Samsung in IPR proceedings.

Ex. 2 (McAlexander) ¶¶ 259-62 (collectively "QBM Documents").

4.      For APA, Samsung's expert cited 

 and "

" *E.g.* Ex. 2 (McAlexander) ¶¶ 276-278, 1014, 1017, 1038.

5.      Samsung contends each and all of the materials identified above are publicly accessible.

*See, e.g.* Ex. 3 (2023-01-20 Karabatsos Tr. (Rough)) at 55:13-21

; 80:20-81:1; 108:11-109:3; Ex. 4 (Exhibit 10 to

Karabatsos Decl.); Ex. 2 (McAlexander) ¶ 1252

.[2]

**B.      The '506 Patent**

6.      On March 22, 2022, Samsung filed a petition for IPR against the '506 patent. IPR2022-00711. In the IPR, Samsung challenged the validity of the '506 patent based on: (1) US2010/0312956 ("**Hiraishi**"); (2) US2007/0008791 ("**Butt**"); (3) US8,020,022 to Tokuhiro ("**Tokuhiro**"); and (4) **Ellsberry**; (5) US6,184,701 to Kim ("**Kim**").

7.      On September 2, 2022, Samsung submitted a *Sotera* stipulation with the USPTO, stating that it "will not pursue an invalidity defense in [this district court Action] that the patent claims subject to the instituted IPR are invalid based on grounds that were raised or reasonably could have been raised in the IPR." *Id.* Ex. 1043. After Samsung filed the stipulation, the USPTO granted institution of IPR on the '506 patent on October 21. *Id.* Paper 14.

---

[2] Netlist disagrees with Samsung's characterization of the public accessibility of the JEDEC proposals. The question of whether printed materials are publicly accessible and therefore properly treated as prior art is a question of law for the Court. If the Court rules the JEDEC proposals are not publicly accessible and therefore not prior art, the grounds based on JEDEC proposals cannot be presented to the jury. If the Court rules the JEDEC proposals are publicly available and therefore prior art, their assertion in this case violates the *Sotera* Stipulation.

- 3 -

Netlist's Summary Judgment Motion on
Samsung's Invalidity Defense
No. 21-cv-463-JRG (E.D. Tex.)

8.      In its opening expert report, Samsung raised invalidity challenges as to the '506 patent under 35 U.S.C §§102, 103 based on the following grounds, Ex. 2 (McAlexander) ¶¶ 242, 252, 258:



9.      For APA, Samsung's expert cited ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮ Ex. 2 (McAlexander) ¶¶ 263-64, 590-92.

10.     Samsung contends each and all of the materials identified above are publicly accessible. *E.g.* Ex. 2 (McAlexander) ¶¶ 1175 (JEDEC proposals).

**C.      The '918 and '054 Patents.**

11.     On May 17, 2022, Samsung filed petitions for IPR against the '918 and the '054 patents, which belong to the same family. IPR2022-00996; IPR2022-00999. In the IPRs, Samsung challenged the validity of the '918 and the '054 patents based on the same five references: (1) U.S. Patent Publication No. 2006/0174140 ("**Harris**"); (2) **JESD82-20** and **JESD205** (**JEDEC standards for Fully Buffered DIMM**); (3) U.S. Patent No. 7,724,604 ("**Amidi**"); (4) U.S. Patent No. 6,856,556 ("**Hajeck**"); and (5) U.S. Patent Publication No. 2006/0080515 ("**Spiers**"). *Id.*

12.     On October 11, Samsung submitted *Sotera* stipulations with the USPTO in connection with the IPR petitions of the '918 and '054 patents, using identical language to the '339/'506 stipulations, and committing that if the USPTO instituted the IPRs, "Samsung will not pursue an invalidity defense in the Eastern District of Texas action . . . that the patent claims subject to the

---

[3] Samsung defines the alleged QBM "system" the same as above. *Supra* II.3 (evidenced by QBM Documents); Ex. 2 (McAlexander) ¶¶ 256-257;

instituted IPR are invalid based on grounds that were raised or reasonably could have been raised in the IPR." IPR2022-996, Ex. 1074; IPR2022-999, Ex. 1074.

13.     After Samsung filed the stipulations, the USPTO instituted IPRs on the '054 and '918 patent respectively on December 6 and 7. IPR2022-999, paper 11; IPR2022-996, paper 10.

14.     On December 22, Samsung served its expert report, which challenged the validity of the '918 and '054 patents under 35 U.S.C. §§102, 103, based on the following grounds, Ex. 2 (McAlexander) ¶¶ 1254, 1757 (same for the '918 and '054 patents):

- **Ground 1**: APA combined with **Harris** or the knowledge of one of skilled in the art, including that evidenced by **Harris**

- **Ground 2**: APA combined with **Harris + Amidi** or the knowledge of one of skilled in the art, including that evidenced by **Harris + Amidi**

- **Ground 3**: APA combined with **Spiers** or the knowledge of one of skilled in the art, including that evidenced by **Spiers**

- **Ground 4**: APA combined with **Spiers + Amidi** or the knowledge of one of skilled in the art, including that evidenced by **Spiers + Amidi**

- **Ground 5**: **JEDEC**[4] combined with Shi ("A Highly Integrated Power Management IC for Advanced Mobile Applications") by Shi et al. (IEEE paper published in 2006)

- **Ground 6**: **JEDEC**[5] combined with Shi + **Amidi**[6]

15.     For APA, Samsung cited to portions of the '918/054 specification (Figs. 1-2, 2:40-3:4,

---

[4] For Ground 5&6, in addition to citing to JESD82-20, JESD205, JESD79, JESD79-2B asserted in the IPR, Samsung's expert cites to JEDEC meeting minutes, draft specifications, ballots, and presentations, opining that they were publicly accessible. These additional cited materials include: (1) JC-40 Minutes of Meeting No. 148, December 2006; (2) JC-40 Minutes of Meeting No. 149, March 2007; (3) Ballot JC42.2-04-76 Item 1480.01; (4) JC-42.3 Minutes of Meeting No. 110, June 2004; (5) JC-42.3 Minutes of Meeting No. 120, December 2006; (6) JC-45 Minutes of Meeting No. 13, December 2006; and (7) JEDEC Board of Directors Ballot, Committee Item 1325.19. Ex. 2 (McAlexander) ¶¶ 1243. Mr. McAlexander barely uses these additional materials. For avoidance of doubt, **JEDEC Standards** and JEDEC proposals are collectively referred to as "JEDEC" or "JEDEC Materials."

[5] Same as above.

[6] For both the '918 and '054 patents, Samsung's expert also combined his analysis of grounds 1 and 2, grounds 3 and 4, and grounds 5 and 6. *See* Ex. 2 (McAlexander) §§ 9.6.1.1-1.3; 9.6.2.1-2.3.

3:12-21, 3:27-33, 3:47-53, 8:60-63, 13:6-15), but only to a limited number of limitations. *E.g.* Ex. 2 (McAlexander) ¶¶ 1298, 1355, 1457, 1483, 1479.

16.     Samsung contends each and all of the materials identified above are publicly accessible. *See* Ex. 2 (McAlexander) ¶ 1244 (JEDEC); *id.* ¶1280 (IEEE paper by Shi).

### D.     PTAB Asked this Court to Address Samsung's *Sotera* Stipulation Violations

17.     Upon receipt of Samsung's opening expert reports, Netlist raised Samsung's violation of its *Sotera* stipulation to counsel for Samsung. Ex. 5 (Zhong Email). On January 4, 2023, Samsung responded and affirmed its commitment to follow the *Sotera* stipulations:

> Samsung will not pursue an invalidity defense in the Eastern District of Texas action (C.A. No. 21-463-JRG) that the patent claims subject to the instituted IPR are invalid based on grounds that were raised or reasonably could have been raised in the IPR. . . . *Id.* at 4.

18.     On January 5, 2023, Netlist contacted the PTAB to seek guidance regarding Samsung's violation of its stipulations not to pursue certain grounds of invalidity in the district court litigation. Ex. 6. On January 18, the Board entered an order that "[a]ny dispute regarding the scope or alleged violation of stipulations proffered by a party should be addressed in the district court proceedings in which such stipulations are to have effect." Ex. 7 (IPR2022-639, 711, 996, 999), paper 26.

## III.    LEGAL STANDARD

A petitioner may seek IPR on the "basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b). Printed materials that are disseminated to the public, such as product manuals, may be considered printed publications. MPEP § 2128; *Medtronic, Inc. v. Barry*, 891 F.3d 1368, 1380 (Fed. Cir. 2018). Further, the PTAB can consider Applicant Admitted Prior Art ("APA" or "AAPA") in combination with other patents or printed publications. *See* AAPA Guidance (June 9, 2022)[7]; *MED-EL*, IPR2020-01016, Paper 44 at 4; *Apple Inc.*, IPR2018-01315, Paper 40 at 22-

---

[7] https://www.uspto.gov/sites/default/files/documents/20220609updatedAAPAmemo.pdf.

23. When an accused infringer would be precluded from raising printed publications at trial due to a stipulation before the PTAB, the accused infringer cannot "mov[e] from a printed publication (such as a manual describing a device) . . . to a physical product . . . in litigation" to avoid estoppel. *Wasica Finance GmbH v. Schrader Int'l*, 432 F. Supp. 3d 448, 453 (D. Del. 2020).

In submitting a *Sotera* stipulation in connection with IPR petitions, the petitioner commits to not raising any invalidity challenges of the patent on any ground that the petitioner raised or reasonably could have raised during the IPR. *See Sotera Wireless, Inc. v. Masimo Corp.*, IPR2020-01019, Paper 12 at 18 (Dec. 1, 2020). A petitioner's *Sotera* stipulation increases the likelihood of institution because it "mitigates any [of the PTAB's] concerns of duplicative efforts between the district court and the [PTAB], as well as concerns of potentially conflicting decisions" and *"ensures that an inter partes* review is a 'true alternative' to the district court proceeding." *Id.* Paper 12 at 18-19.

"Normally a party is bound by his stipulations as a 'stipulation among the parties to a lawsuit is akin to a contract.'" *Rathborne Land Co., L.L.C. v. Ascent Energy, Inc.*, 610 F.3d 249, 262 (5th Cir. 2010) (citing *United States v. McKinney*, 758 F.2d 1036 , 1047 (5th Cir. 1985)); *see also Reed v. Maersk Line, Ltd.*, No. 3:19-cv-00238, 2021 WL 1845162, at *2 (S.D. Tex. May 7, 2021) ("Once made, a stipulation will generally be enforced.") (citing *McKinney*).

## VII.   ARGUMENT

### A.   <u>Samsung Should Be Precluded From Raising Section 102/103 Challenges on the '339 and '506 Patents</u>

Samsung's opening expert report relies heavily on prior art Samsung already raised in the IPRs: **Ellsberry**, **Halbert**, **Hiraishi**, **Butt**. *Supra* II. 3. Samsung adds to these primary materials JEDEC proposals, QBM Documents, and APA. *Id.* Samsung contends the JEDEC proposals and QBM are publicly accessible. If Samsung is correct, they (and APA) could have been raised in the PTO and therefore all the grounds are barred by the *Sotera* Stipulations.

1.     **The JEDEC Proposals Could Have Been Raised in the IPR**

Samsung contends the JEDEC proposals it relied on are publicly accessible, *supra* II.10, and thus concedes that it could have raised these grounds in the IPRs. MPEP § 2128; *Medtronic, Inc.*, 891 F.3d at 1380.

Samsung also appears to suggest that the JEDEC proposals reflects POSITA's knowledge. *See, e.g.* Ex. 2 (McAlexander) ¶ 286 ("███████████████████████████████████████ █████████████████████████████████████").[8] This further demonstrates that the JEDEC proposals could have been raised in the IPR proceedings since the PTAB can properly consider "the skilled artisan's knowledge when determining whether it would have been obvious to modify the prior art." *Koninklijke Philips N.V. v. Google LLC*, 948 F.3d 1330, 1337 (Fed. Cir. 2020); *see also Randall Mfg. v. Rea*, 733 F.3d 1355, 1362-63 (Fed. Cir. 2013) ("the knowledge of such an artisan is part of the store of public knowledge that must be consulted when considering whether a claimed invention would have been obvious").

Thus Samsung should not be allowed to pursue **Ground 1** (JEDEC proposals combined with **Ellsberry + Halbert**) against the '339 patent or **Ground 1** (JEDEC proposals alone combined with **Hiraishi + Butt**) against the '506 patent.

2.     **Samsung's Alleged "System" Art Is Based Solely on Printed Documents**

The so-called "Quad Band Memory system" cannot be used by Samsung to get around its *Sotera* stipulations because Samsung's invalidity analysis relies solely on printed documents.

In *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-cv-1015, 2017 WL 2526231, *8 (E.D. Tex. May 11, 2017), this Court held that where a defendant would be estopped from raising a printed publication

---

[8] Netlist disagree with Samsung's characterization of POSITA's knowledge. But for purposes of this summary judgment, even taking Samsung's argument as true, the JEDEC materials should have been raised in the IPR proceedings.

in a district court proceeding, the defendant cannot simply swap labels by calling the publication system art:

> If, however, Microsoft's purported system prior art relies on or is based on patents or printed publications that Microsoft would otherwise be estopped from pursuing at trial, e.g., patents or printed publications that a 'skilled searcher conducting a diligent search reasonably could have been expected to discover,' then Microsoft should be estopped from presenting those patents and printed publications at trial.

*Id.* at *8. Later in *General Access Sols., Ltd. v. Sprint Spectrum L.P.*, this Court noted, "[w]hen a party asserts a prior art system and relies exclusively on printed subject matter that it could have raised in IPR," like Samsung did here, "it is not asserting a system at all.", 2020 WL 12572917, at *3 (E.D. Tex. Dec. 1, 2020). *Biscotti* and *General Access* squarely foreclose what Samsung attempts to do here.

As an initial matter, in this Action, Samsung has not produced any product, device, or other physical embodiments of the QBM system during discovery. Instead, Samsung's invalidity analysis relies solely on—and references only to—four QBM Documents: (1) QBM Specification Rev. 0.93; (2) QBM2 Technical Features Overview; (3) QBMII Technology Overview, and (4) QBM Interim JEDEC Meeting. *See generally* Ex. 2 (McAlexander ¶¶ 259-262, 449-578, 842-1009).

Further, by Samsung's own admission, the purported "system art" is disclosed completely in the QBM Documents:

- ████████████████████████████████████████
  ████████████████████████████████████████
  ████████████████████████████████████████
  ████████████████

- ████████████████████████████████████████
  ████████████████████

- ████████████████████████████████████████
  ████████████████████████████████████████
  ████████████████████████████████████████
  ████████



*Id.* ¶¶ 260-62. Moreover, Samsung has not pointed to any functionalities of the QBM "system" that supposedly invalidates Netlist's asserted claims, but which is not disclosed in the QBM Documents.

Other courts have precluded similar attempts to avoid IPR estoppel by attempting to reframe printed publications that could have been raised before the PTAB as purported "system art." For example, the District of Delaware's decision in *Wasica* is on point. *Wasica*, 432 F. Supp. 3d at 452–54 (D. Del. 2020). There, the defendant sought to bring obviousness combinations at trial that all included a piece of system art:

> Schrader seeks at trial to prove that claim 6 is invalid as obvious based on Oselin in view of 14 other patents or printed publications and one physical product - a product associated with the Chevrolet Corvette referred to as "ZR-1 Sensors." While Oselin was used in the IPR, the other 14 patents and printed publications and the ZR-1 Sensors were not. The obviousness challenges Schrader seeks to present at trial fall into three categories: (1) Oselin in view of the ZR-1 Sensors, (2) Oselin in view of the ZR-1 Sensors and in further view of any one of the 14 patents or printed publications, and (3) the ZR-1 Sensors in view of Oselin.

*Id.* at 452. The plaintiff argued that a printed publication (Siuru 1990) disclosed the same claim elements as the ZR-1 Sensors, and thus the defendant could not rely on the ZR-1 Sensors to avoid IPR estoppel. The district court succinctly framed the issue before it as follows: "does IPR estoppel extend to invalidity 'grounds' that include a physical product when a patent or prior art publication - to which the physical product is entirely cumulative - was reasonably available during the IPR?" *Id.* at 453. The plaintiff in *Wasica* "observe[d] that moving from a printed publication (such as a manual describing a device) in an IPR proceeding to a physical product (such as the device described in the manual) in litigation merely swaps evidentiary proofs supporting the same 'ground' for invalidity that was raised or reasonably could have been raised during the IPR." *Id.* at 453–54. The court agreed:

> 35 U.S.C. § 312(a)(3) identifies as separate requirements to be included in an IPR petition 'the grounds on which the challenge 'each claim is based, and the evidence that supports the grounds for the challenge to each claim' (emphasis added). In this way, the Patent Act distinguishes between grounds and evidence. Since the estoppel provision, § 315(e)(2), applies to grounds, a petitioner is estopped from proceeding in litigation on those grounds , even if the evidence used to support those grounds was not available to be used in the IPR.

*Id.* at 454 (emphasis in original). Thus, the *Wasica* court held that "all three categories of obviousness combinations Schrader seeks to assert at trial are estopped. Oselin was previously raised in the IPR and the 14 other patents or prior art publications reasonably could have been raised in the IPR. The Siuru 1990 prior art publication also reasonably could have been raised in the IPR and is materially identical (i.e., discloses the same claim elements) to the ZR-1 Sensors." *Id.* at 455.

As in *Wasica*, Samsung's expert does not rely on the QBM system, but focused his analysis solely on disclosures of the QBM Documents. *See* Ex. 2 Ex. 2 (McAlexander ¶¶ 259-262, 449-578, 842-1009). Samsung did not even bother to include a picture or screenshot of the so called QBM "system" or products. Instead, Samsung's own witness testified that ████████████████████████ ███ Ex. 4 (Karabatsos, Rough Trans.) at 56:4-7 ████████████████████████████████ ███ Because Samsung contends these QBM Documents are publicly accessible materials, *supra* II. 5, they could have been raised in its IPR as to the '339 and '506 patents. Samsung should not be allowed to get around its *Sotera* stipulations by simply relabeling printed publications as a "system art."

Thus, Samsung should be precluded from raising **Ground 2** (QBM alone or combined with **Ellsberry + Halbert**) against the '339 patent or **Ground 2** (QBM combined with combined with **Hiraishi + Butt + Ellsberry**) against the '506 patent.

### 3.    Samsung's Invalidity Grounds Based on APA in Combination with Printed Publications Could Have Been Raised in the IPR

Samsung cannot rely on the APA as a basis to overcome the *Sotera* stipulations. Samsung did not rely on any of Netlist's APA as an independent ground that could invalidate Netlist's '339 and

'506 patents. *Supra* II. 4, 8. Instead, Samsung attempts to raise them in combination with other printed publications. *Id.*; Ex. 2 (McAlexander) ¶ 242 ████████████████████████). APA can be raised in combination with other printed publications during IPRs. 2022 AAPA Guidance at 4 ("Board panels should determine whether the petition relies on admissions in the specification in combination with reliance on at least one prior art patent or printed publication."); *see also MED-EL*, IPR2020-01016 (quoting 2022 AAPA guidance), Paper 44 at 4; *Apple*, IPR2018-1315, Paper 40 at 22-23 (same); *Protect Animals With Satellites LLC v. OnPoint Systems, LLC*, IPR2021-1483, Paper 11 at 8-9 (PTAB March 4, 2022) (granting petition based on AAPA in combination with other prior art); *STMicroelectronics, Inc. v. Ocean Semiconductor LLC*, IPR2021-1349, Paper 13 at 6-7 (PTAB March 4, 2022) (same); *LG Elec., Inc. v. ParkerVision, Inc.*, IPR2022-00246, Paper 10 at 4 (PTAB April 12, 2022) (same).

Indeed, Samsung knows this as its own conduct demonstrates. *See* Ex. 12 (IPR2022-01427, Paper 1) at 5-10, 8-11, 27, 37, 70, 76, 84 (Samsung's IPR petition raising Kim + Rajan + Wyman, but the analysis also included APA and POSITA's knowledge); *see also* Ex. 13 (IPR2022-01428 paper 1) at 5-10, 8, 11, 25, 32, 32-33, 35, 62, 70, 78, 81 n.10, 94, 118, 129 (same). Thus, Samsung's APA related grounds could have been raised in the IPRs as to the '339 and '506 patent.

Although Samsung asserts that it also relied on APA in combination with "the knowledge of one skilled in the art,"—*surpa* II. 3, 7; Ex. 2 McAlexander ¶ 242—that does not change the inquiry because such "knowledge of one skilled in the art" Samsung points to is simply "evidence by" the printed publications "Hiraishi + Butt + Ellsberry." *Id.* In addition, the PTAB can properly consider "the skilled artisan's knowledge when determining whether it would have been obvious to modify the prior art." *Koninklijke Philips*, 948 F.3d at 1337. Samsung is precluded from raising the APA here in the district court proceedings in violation of its own stipulations.

Accordingly, Samsung should not be allowed to raise **Ground 3** (APA combined with **Ellsberry + Halbert** or the knowledge of one skilled in the art, including that evidenced by **Ellsberry**

+ **Halbert**) against the '339 patent or **Ground 3** (APA combined with **Hiraishi + Butt + Ellsberry** or the knowledge of one skilled in the art, including that evidenced by **Hiraishi + Butt + Ellsberry**") against the '506 patent.

B.   **Samsung Should Be Precluded From Raising Section 102/103 Challenges on the '918 and '054 Patents**

There is no factual dispute that Samsung raised or could have raised all the bases of its § 102 and § 103 invalidity challenges against the '918 and '054 patents during the IPR proceedings based on the allegations made in its expert reports.

1.   **Printed Materials**

Much of the art relied on by Samsung and its expert in this litigation were already raised in the IPR proceedings (**Harris**, **Amidi**, **Spiers**, **JEDEC Standards: JESD82-20** and **JESD205**). Further, Samsung contends that the additional JEDEC proposals and journal article (Shi et. al.) relied on by its expert are publicly accessible. *Supra* II.16. Samsung also appears to suggest that the JEDEC proposals reflect POSITA's knowledge. *E.g.* Ex. 2 (McAlexander) ¶ 1182 ("███████████████████ █████████████████████"). As discussed above, PTAB can properly consider "the skilled artisan's knowledge when determining whether it would have been obvious to modify the prior art." *Koninklijke*, 948 F.3d at 1337. Thus, these are references that Samsung could have raised in the IPR proceedings. MPEP § 2128; *Medtronic*, 891 F.3d at 1380.

Thus, Samsung should be precluded from raising **Grounds 5** (**JEDEC** combined with **Shi**) or **Ground 6** (**JEDEC** combined with Shi and **Amidi**) against the '918 and '054 patents.

2.   **APA in Combination with Printed Publications**

Samsung cannot rely on the APA as a basis to overcome its *Sotera* stipulation. Similar to the invalidity contentions for the '339 and '506 patents, here, Samsung did not rely on any of Netlist's APA as an independent ground that could invalidate Netlist's '918 and '054 patents. Instead, Samsung attempts to raise them in combination with other printed publications. *Supra* II.14; Ex. 2

(McAlexander) ¶¶ 1254, 1757. The PTAB has made it clear that APA can be raised in combination with other printed publications during IPRs. *MED-EL,* IPR2020-01016, Paper 44 at 4; *Apple,* IPR2018-01315, Paper 40 at 22-23. As such, Samsung is precluded from raising the APA in combination with other art here in the district court proceedings based on its own *Sotera* stipulations.

Samsung also attempts to combine APA with ████████████████████████████████ ████████████████████████████████████████ *Supra* II.14; Ex. 2 (McAlexander) ¶¶ 1254, 1757. For reasons discussed above, those arguments could have been properly considered by the PTAB. *See supra* VII.A.3; *Koninklijke,* 948 F.3d at 1337; *MED-EL,* IPR2020-01016, Paper 44 at 4; *Apple,* IPR2018-01315, Paper 40 at 22-23; *Protect Animals,* IPR2021-01483, Paper 11 at 8-9; *STMicroelectronics,* , IPR2021-01349, Paper 13 at 6-7; *LG Elec,* IPR2022-00246, Paper 10 at 4.

Thus, Samsung should be precluded from raising **Grounds 1-4** (APA in combination with various patents or knowledge of one of skilled in the art, including evidenced by these patents).

### C.   Summary Judgment Is Appropriate on Samsung Invalidity Defense under 35 U.S.C. § 102

"Anticipation requires that a single prior art reference disclose each and every limitation of the claimed invention, either expressly or inherently." *SRI Int'l Inc. v. Cisco Sys., Inc.,* 930 F.3d 1295, 1306 (Fed. Cir. 2019). In addition to disclosing each element, the prior art must "disclose those elements 'arranged as in the claim.'" *Net MoneyIN, Inc. v. VeriSign, Inc.,* 545 F.3d 1359, 1369 (Fed. Cir. 2008). "While anticipation is a question of fact, it may be decided on summary judgment if the record reveals no genuine dispute of material fact." *Encyclopaedia Britannica, Inc. v. Alpine Elecs. of Am., Inc.,* 609 F.3d 1345, 1349 (Fed. Cir. 2010).

#### 1.   The '339 and '506 Patents

Mr. McAlexander presents 2011-2012 JEDEC proposals and QBM Documents as anticipatory references in support of his invalidity arguments against the '339 and '506 patents. *Supra*

II. 3, 8; Ex. 2 (McAlexander) ¶¶ 252-57, 271-275 (JEDEC proposals); ¶¶ 259-62 (QBM Documents). However, Mr. McAlexander offers no evidence or analysis to show that the multiple documents he cites to disclose a single reference discloses the inventions as arranged in the claims. For example, with respect to the 2011-2012 JEDEC proposals (including Committee Item Numbers 142.62B; 158.01; 0311.12; 0311.13; 0311.14), Mr. McAlexander simply treats the 2011-2012 JEDEC proposals as a single reference, without providing any discussions about how any one of the proposals or presentations "disclose those elements 'arranged as in the claim.'" *See generally* Ex. 2 ¶¶ 286-448 (for the '506 patent). His opinions based on the 2008-2009 JEDEC proposals (Committee Item Numbers 2192.21, 2192.22, 2192.32, 2204.03) are similarly defective. *Id. generally* ¶¶ 698-841.

Similarly, as to the four QBM Documents, Mr. McAlexander simply analyzed them together without providing any basis to show how each of them could be basis to invalidate Netlist's '339 and '506 patents under 35 U.S.C. § 102. *See Microsoft Corp. v. Biscotti, Inc.*, 878 F.3d 1052, 1069 (Fed. Cir. 2017) ("anticipation is not proven by 'multiple, distinct teachings that the artisan might somehow combine to achieve the claimed invention'") (quoting *Microsoft Corp. v. Biscotti Inc.*, No. IPR2014-01457, 2016 Pat. App. LEXIS 7517, at *14, *29-30 (PTAB. Mar. 17, 2016)). ███████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████ As another example, the ██████████████████████ Mr. McAlexander cites

to ████████████████████████████████████████████████████████████

███████ *See* Ex. 10 ("Interim JEDEC Meeting") at 6 ("███████████████████████

██████████████████").

Thus, summary judgment should be granted denying Samsung's invalidity defense under 35

U.S.C. § 102 based on the JEDEC proposals or QBM Documents.

### 2.    The '918 and '054 Patents

Samsung's expert opines that each of the asserted claims of the '918 and '054 patents are "invalid as anticipated under 35 U.S.C. § 102 and/or Rendered Obvious Under 35 U.S.C. § 103 as detailed below." Ex. 2 (McAlexander) ¶¶ 6, 1247. But the report provides no discussion whatsoever on how any single of the alleged prior art "disclose[s] each and every limitation of the claimed invention" as "arranged as in the claim." *SRI*, 930 F.3d at 1306; *Net MoneyIN*, 545 F.3d at 1369.

Thus, summary judgment should be granted denying Samsung's invalidity defense under 35 U.S.C. § 102 as to the '918 and '054 patents.

## VIII.   CONCLUSION

Netlist respectfully requests that this Court grant summary judgment: (1) that Samsung is precluded from raising invalidity arguments under 35 U.S.C §§ 102 and 103 as to the '339, '506, '918, and '054 patents; (2) denying Samsung's invalidity defense under § 102.

Dated: February 3, 2023                          Respectfully submitted,

                                                 */s/ Jason G. Sheasby*

                                                 Samuel F. Baxter
                                                 Texas State Bar No. 01938000
                                                 sbaxter@mckoolsmith.com
                                                 Jennifer L. Truelove
                                                 Texas State Bar No. 24012906
                                                 jtruelove@mckoolsmith.com
                                                 **MCKOOL SMITH, P.C.**
                                                 104 East Houston Street Suite 300
                                                 Marshall, TX 75670
                                                 Telephone: (903) 923-9000
                                                 Facsimile: (903) 923-9099

                                                 Jason Sheasby (*pro hac vice*)
                                                 jsheasby@irell.com
                                                 Annita Zhong, PhD (*pro hac vice*)
                                                 hzhong@irell.com
                                                 Thomas C. Werner (*pro hac vice*)
                                                 twerner@irell.com

Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 3, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao