# Exhibit 5

| | |
|---|---|
| **From:** | Williams, Eliot D. <Eliot.Williams@BakerBotts.com> |
| **Sent:** | Wednesday, January 4, 2023 3:16 PM |
| **To:** | Zhong, Annita; DL Samsung Netlist IPRs; Chandler, Ted |
| **Cc:** | FISH SERVICE Samsung/Netlist; #NetlistIPR [Int]; Warrick, Philip |
| **Subject:** | RE: IPR2022-00639, 711, 996 and 999 |

Annita:

Petitioner's position is inserted below.

Eliot D. Williams
BAKER BOTTS LLP
+1 202 639-1334 (Direct Dial) *Note* new number

---

**From:** Zhong, Annita <HZhong@irell.com>
**Sent:** Friday, December 30, 2022 6:38 PM
**To:** Williams, Eliot D. <Eliot.Williams@BakerBotts.com>; DL Samsung Netlist IPRs <dlsamsungnetlistiprs@BakerBotts.com>; Chandler, Ted <ted.chandler@bakerbotts.com>
**Cc:** FISH SERVICE Samsung/Netlist <FISHSERVICESamsung/Netlist@fr.com>; #NetlistIPR [Int] <NetlistIPR@irell.com>; Warrick, Philip <pwarrick@irell.com>
**Subject:** RE: IPR2022-00639, 711, 996 and 999

**[EXTERNAL EMAIL]**

Counsel,

Please see below and please send us your position. I am available for M&C on Monday and Tuesday.

Regards,

Annita

Dear Honorable Board,

Patent Owner Netlist respectfully seeks the Board's guidance regarding Petitioner Samsung's unexpected and—to Netlist's knowledge—unprecedented violation of binding stipulations submitted to the Board by its counsel in multiple proceedings, including IPR2022-00639 (Ex. 1083), IPR2022-00711 (Ex. 1043), IPR2022-00996 (Ex. 1074), and IPR2022-00999 (Ex. 1074). In each of these instituted IPRs, Samsung stipulated that if the Board instituted an IPR, it would not "pursue an invalidity defense in the Eastern District of Texas action (C.A. No. 21-463-JRG) that the patent claims subject to the instituted IPR are invalid based on grounds that were raised or reasonably could have been raised in the IPR." Yet, that is precisely what Samsung has done.

On Thursday, December 22, Samsung served an expert report in the Eastern District of Texas action asserting invalidity of the four patents at issue in these instituted IPR proceedings based on several of the same references asserted in these IPRs, as well as alleged applicant admitted prior art (APA), a 2006 IEEE publication, documents from the standards setting organization JEDEC, and the knowledge of a person of ordinary skill in the art as reflected in these references. The invalidity grounds asserted in this report reasonably could have been raised in the IPR proceedings, and thus fall

within the scope of Samsung's stipulations in which it agreed on the record not to pursue any such defenses in district court.

For example, Samsung's district court expert asserts that U.S. Patent No. 10,949,339 is invalid based on a combination of APA and the same two references—US 2006/0277355 (Ellsberry) and US 7,024,518 (Halbert)—at issue in IPR2022-00639. This ground clearly could have been raised in the IPR. Both Ellsberry and Halbert were, in fact, asserted to the Board, and the combinations of APA with patents or printed publications is permitted under current agency guidance for filing in opening IPR petitions. See Katherine K. Vidal, Updated Guidance on the Treatment of Statements of the Applicant in the Challenged Patent in Inter Partes Reviews under § 311, at 4 (June 9, 2022) ("If an IPR petition relies on admissions in combination with reliance on one or more prior art patents or printed publications, those admissions do not form 'the basis' of the ground and must be considered by the Board in its patentability analysis.").

Samsung also asserts an invalidity ground relying on the combination of APA and the knowledge of one skilled in the art, but it relies on the same two references asserted in IPR2022-00639 (Ellsberry and Halbert) for that knowledge, and the Federal Circuit has held that, for example, "[a]lthough the prior art that can be considered in inter partes reviews is limited to patents and printed publications, it does not follow that we ignore the skilled artisan's knowledge when determining whether it would have been obvious to modify the prior art." Koninklijke Philips N.V. v. Google LLC, 948 F.3d 1330, 1337 (Fed. Cir. 2020). Samsung additionally asserts an invalidity ground based on known JEDEC documents combined once again with the same two references asserted in IPR2022-00639 (Ellsberry and Halbert). Samsung has previously (and improperly) asserted JEDEC documents in IPR proceedings. See, e.g., IPR2022-00062, -00064. Moreover, Samsung has argued in this very IPR that the person of ordinary skill in the art "would have been familiar with the standards of the day including JEDEC industry standards." IPR2022-00639, Paper 15, at 13 (Oct. 19, 2022) (Institution Decision).  Yet another ground was again based on product specifications that Samsung treats as non-confidential either alone or yet again in combination with Ellsberry and Halbert.

By way of further example, Samsung's district court expert also asserts that U.S. Patent No. 10,860,506 is invalid based on a combination of APA and three of the same references—US 2006/0277355 (Ellsberry), US 2010/0312956 (Haraishi), and US 2007/008791 (Butt)—at issue in IPR2022-00711. Samsung also asserts an invalidity ground relying on the combination of APA and the knowledge of one skilled in the art, but it relies on the same three references also asserted in IPR2022-00711 (Ellsberry, Haraishi, and Butt) for that knowledge. Samsung additionally asserts an invalidity ground based on JEDEC documents either along or combined - once again - with the same three references asserted in IPR2022-00711 (Ellsberry, Haraishi, and Butt).  As with the '339 patent, Samsung also asserts that combination(s) of the same three IPR references and allegedly non-confidential product specifications would render the '506 patent obvious.

By way of further example, Samsung's district court expert additionally asserts that U.S. Patent No. 11,016,918 is invalid based on a combination of APA and one of the same references—US 2006/0174140 (Harris)—at issue in IPR2022-00996; a combination of APA, Harris, and another reference at issue in IPR2022-00996—US 7,724,604 (Amidi); a combination of APA and another reference at issue in IPR2022-00996—US 2006/0080515 (Spiers); and a combination of APA, Spiers, and Amidi. Samsung also asserts variations of these four invalidity grounds relying on the combination of APA and the knowledge of one skilled in the art, but it relies on the same three references also asserted in IPR2022-00996 (Harris, Amidi, and Spiers) for that knowledge. Samsung additionally asserts an invalidity ground based on JEDEC documents combined with either a 2006 IEEE publication (Shi) or Shi and the Amidi reference at issue in IPR2022-00996.

By way of further example, Samsung's district court expert further asserts that U.S. Patent No. 11,232,054 is invalid based on a combination of APA and Harris, which is also at issue in IPR2022-00999; a combination of APA, Harris, and Amidi, which is also at issue in IPR2022-00999; a combination of APA and Spiers, which is also at issue in IPR2022-00999; and a combination of APA, Spiers, and Amidi. Samsung also asserts variations of these four invalidity grounds relying on the combination of APA and the knowledge of one skilled in the art, but it relies on the same three references also asserted in IPR2022-00999 (Harris, Amidi, and Spiers) for that knowledge. Samsung additionally asserts an invalidity ground based on JEDEC documents combined with either Shi or Shi and the Amidi reference at issue in IPR2022-00999.

It is difficult to understand how Samsung could believe in good faith that asserting these invalidity grounds in district court would not violate its stipulations. Samsung's extensive failure to comply with its own stipulations appears to violate its duties of candor and good faith, and also appears to constitute an abuse of the IPR process. Netlist has asked Samsung whether it will dismiss these IPRs in view of the violated stipulations, but Samsung has not responded. Given the unusual nature of the situation and the lack of clear precedent, Netlist respectfully asks the Board for guidance regarding the most appropriate way to formally present this issue for consideration and potential corrective action.

**<u>Petitioner's position</u>**:  Petitioner Samsung's position is that a call is not necessary, because any dispute about the stipulation made in the district court action (and thus the proper scope of the expert report in that action) should be resolved by the judge in that court, not by the Board, for at least the five reasons below:

First, both the stipulation in dispute, and the expert report in dispute, were provided in the Eastern District of Texas by Samsung's counsel in the Eastern District of Texas, to Netlist's counsel in the Eastern District of Texas, and they concern the litigation in the Eastern District of Texas.  That court is best positioned to determine the impact of the stipulation on the arguments and positions taken by the parties in that case.

Second, it does not appear that Netlist has met and conferred with Samsung's counsel in the Eastern District of Texas about this dispute, even though it concerns the expert report in the Eastern District of Texas.  Furthermore, invalidity contentions in the Eastern District of Texas were served over six months ago, on June 29, 2022 (see ECF No. 54 in Case No. 2:21-cv-00463), and the Board's first Institution Decision was over two months ago on October 19, 2022, in IPR2022-00639, so Netlist has had months to raise this dispute in the Eastern District of Texas but apparently never did.

Third, Petitioner is not aware of any authority or precedent for the Board to intervene in a dispute about the proper scope of an expert report in a district court proceeding.  To the contrary, there are many examples of district courts resolving disputes like these (without involvement of the Board):  *See, e.g.*, *Chemours Company FC, LLC v. Daikin Industries, Ltd.*, No. 17-1612, 2022 WL 2643517 (D. Del. July 8, 2022); *General Access Solus. v. Sprint Spectrum LLC*, No. 2:20-cv-00007, 2021 WL 5154085 (E.D. Tex. July 21, 2021).

Fourth, it would be impractical for the Board to resolve this dispute, as it would result in a "trial within a trial" about the scope of an expert report in a different proceeding involving different lawyers and a different expert and different invalidity arguments.  Netlist's description above of the expert report appears inaccurate and misleading, and it would require careful consideration of the actual arguments in the expert report and their relevance to all issues in that proceeding to resolve the factual and legal disputes that Netlist is raising.  Moreover, as a practical matter this Board is unlikely to be able to develop a sufficient record to resolve this dispute, because it is our understanding that the expert report was marked "Confidential" on the basis of non-Samsung materials, and that the Protective Order proposed by Netlist and signed by the judge precludes any use of that expert report outside of the litigation in the Eastern District of Texas:  "Documents, information or material produced pursuant to any discovery request in this Action, including but ***not limited to Protected Material*** designated as DESIGNATED MATERIAL***, shall be used*** by the Parties ***only in the litigation of <u>this</u>*** Action and <u>***shall not be used for any other purpose***</u>.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order ***shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of <u>this</u> Action.***"  Moreover, we understand that the prior art discussion in the expert report, about which Netlist complains, are potentially relevant to issues other than validity,

requiring the Board to familiarize itself with the potential infringement and damages issues in the district court case in order to resolve the dispute.  As noted above, the district court is better positioned to resolve these issues.

Fifth, Netlist never raised the *Fintiv* factors or the disputed stipulation in these IPRs, and the Board's Institution Decisions also never raised the *Fintiv* factors or the disputed stipulation in these IPRs.  Indeed, Petitioner's only statement to the Board regarding the stipulations consisted of accurately informing the Board in updated mandatory notices that the stipulation had been provided in the Eastern District of Texas. *See* IPR2022-00639, Paper 12; IPR2022-00711, Paper 11; IPR2022-00996, Paper 9; IPR2022-00999, Paper 10. Thus it appears that the Eastern District of Texas has a much more significant interest in resolving this dispute than the Board.

On the merits, Samsung does not believe that its expert report in the Eastern District of Texas contradicts its stipulation in the Eastern District of Texas.  In any event, Samsung still agrees to follow its stipulation that "Samsung will not pursue an invalidity defense in the Eastern District of Texas action (C.A. No. 21-463-JRG) that the patent claims subject to the instituted IPR are invalid based on grounds that were raised or reasonably could have been raised in the IPR."  Samsung will of course follow any ruling by the judge in the Eastern District of Texas deciding whether or not the disputed arguments in the expert report "pursue an invalidity defense … based on grounds that were raised or reasonably could have been raised in the IPR."

H. Annita Zhong
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 203-7183
Fax:  (310) 556-5385

---

**From:** Williams, Eliot D. <Eliot.Williams@BakerBotts.com>
**Sent:** Wednesday, December 28, 2022 4:44 PM
**To:** Zhong, Annita <HZhong@irell.com>; DL Samsung Netlist IPRs <dlsamsungnetlistiprs@BakerBotts.com>; Chandler, Ted <ted.chandler@bakerbotts.com>
**Cc:** FISH SERVICE Samsung/Netlist <FISHSERVICESamsung/Netlist@fr.com>; #NetlistIPR [Int] <NetlistIPR@irell.com>; Warrick, Philip <pwarrick@irell.com>
**Subject:** RE: IPR2022-00639, 711, 996 and 999

Annita,

I was surprised to receive your email below.  I have a number of questions for you to answer before we can have a meaningful meet and confer about your concerns:

1. Why isn't this a dispute for the judge in the Eastern District of Texas, rather than the Board?  Both the *Sotera* stipulation and the "expert report in the Eastern District of Texas" referenced in your email were provided by the law firm litigating in the Eastern District of Texas, not my law firm handling these IPRs (which is not representing Samsung in the litigation in the Eastern District of Texas), and they concern the litigation in the Eastern District of Texas not these IPRs.  I have seen disputes resolved in district court about the meaning of the phrase "raised or reasonably could have been raised" (i.e., the phrase in the *Sotera* stipulation and in the estoppel provision of 35 U.S.C. § 315(e)(2)), but I do not recall any case where the Board has agreed to resolve a dispute about the meaning of that phrase.  If you have a case on point, please provide it.

2. How can Netlist rely on documents exchanged during the discovery process "in the Eastern District of Texas" to pursue sanctions in these IPRs, given that in the Eastern District of Texas, Netlist proposed, and the judge adopted, a Protective Order that states, "Documents, information or material produced pursuant to any discovery request in this Action, including but *not limited to Protected Material* designated as DESIGNATED MATERIAL*, shall be used* by the Parties *only in the litigation of this Action and shall not be used for any other purpose*. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action."?

3. Your email is vague (perhaps because of the Protective Order discussed above) about the grounds of invalidity asserted in the Eastern District of Texas that you contend conflict with the *Sotera* stipulation that Samsung would not "pursue an invalidity defense in the Eastern District of Texas action … based on grounds that were raised or reasonably could have been raised in the IPR."  Under 35 U.S.C. § 311(b), an IPR petition is limited to "ground[s] that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications."  But your email indicates that the grounds in the Eastern District of Texas do not consist entirely of "patents or printed publications," and thus it is unclear your basis for asserting that those grounds reasonably could have been raised in these IPRs (much less that it was sanctionable for Samsung to think otherwise).  For example:
       (i) It is unclear what "manuals" you are referring to.  Does Netlist concede that those "manuals" are "printed publications"?
       (ii) Your email refers to "knowledge," but that is not a "printed publication," and pre-AIA 35 U.S.C. § 102 specifically distinguishes knowledge (i.e., "known") from "printed publication."
       (iii) Your email refers to "admitted prior art," but my understanding is that admitted prior art cannot form the basis of a ground for an IPR.

If you have authority for your position that the grounds of invalidity asserted in the Eastern District of Texas "were raised or reasonably could have been raised in the IPR," and that it would be sanctionable to believe otherwise, please provide it so that we may consider it.

4. Why didn't Netlist raise this issue earlier, rather than waiting until the week between Christmas and New Year's, and why is there such a rush to email the Board right now?  The institution decisions for these four IPRs started to issue months ago, and according to the Docket Control Order in the Eastern District of Texas Netlist has been in possession of Samsung's invalidity contentions for months.  So it appears that Netlist has known for months about Samsung's invalidity arguments in the Eastern District of Texas, yet Netlist waited for months after the first institution decision to raise this issue.

5. What is the relevance of the *Sotera* stipulation to these four IPRs?  My recollection is that Netlist did not argue for discretionary denial under the *Fintiv* factors, and thus the Board never considered the *Fintiv* factors nor did it rely on any *Sotera* stipulations in these IPRs.  If Netlist or the Board ever referenced the *Fintiv* factors or any *Sotera* stipulations in these IPRs, please point out where.

6. Rule 42.12 requires any motion for sanctions to be served on the opposing party at least 21 days before seeking authorization to file such a motion. I have searched my correspondence but have been unable to locate the motion. Can you please provide the correspondence that attached it?

I have other questions as well but in the interest of time please start by addressing the questions above.

Regards,

Eliot D. Williams
BAKER BOTTS LLP
+1 202 639-1334 (Direct Dial) *Note* new number

---

**From:** Zhong, Annita <HZhong@irell.com>
**Sent:** Tuesday, December 27, 2022 10:09 PM
**To:** Williams, Eliot D. <Eliot.Williams@BakerBotts.com>; DL Samsung Netlist IPRs <dlsamsungnetlistiprs@BakerBotts.com>; Chandler, Ted <ted.chandler@bakerbotts.com>
**Cc:** FISH SERVICE Samsung/Netlist <FISHSERVICESamsung/Netlist@fr.com>; #NetlistIPR [Int] <NetlistIPR@irell.com>; Warrick, Philip <pwarrick@irell.com>
**Subject:** IPR2022-00639, 711, 996 and 999


**[EXTERNAL EMAIL]**

Counsel,

We are following up on our December 22 email.

Attached below is a draft email to the Board.  Please provide us with Samsung's positon by COB tomorrow.  If you would like to discuss, I am available at 310-203-7183.

Regards,

Annita

Dear Honorable Board,

Patent Owner Netlist respectfully seeks authorization to file motions for sanctions against Petitioner Samsung in IPR2022-00639, IPR2022-00711, IPR2022-00996, and IPR2022-00999. In each of these proceedings, Samsung stipulated that if the Board instituted an IPR, it would not "pursue an invalidity defense in the Eastern District of Texas action (C.A. No. 21-463-JRG) that the patent claims subject to the instituted IPR are invalid based on grounds that were raised or reasonably could have been raised in the IPR." IPR2022-00639, Ex. 1083; IPR2022-00711, Ex. 1043; IPR2022-00996, Ex. 1074; IPR2022-00999, Ex. 1074. Yet that is precisely what Samsung has done.

On Thursday, December 22, Samsung served an expert report in the Eastern District of Texas action asserting invalidity of the patents at issue in these IPR proceedings based on combinations of the same prior-art references asserted in the IPR proceedings and (i) manuals that Samsung does not contend to be confidential, (ii) POSITA's knowledge in the form of JEDEC publications and (iii) admitted prior art, all of which Samsung reasonably could have raised in these IPRs. Samsung's failure to comply with its own stipulations violates its duty of candor and good faith, and constitutes a clear abuse of the IPR process. Accordingly, Netlist seeks permission to file motions asking the Board to impose sanctions under at least 37 C.F.R. §§ 42.11 and 42.12, including, but not limited to, the termination of the proceedings and an award of attorney fees.

[Samsung opposes [does not oppose] Netlist's request.] The parties are available for a conference call at the Board's convenience.

H. Annita Zhong
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

Telephone: (310) 203-7183
Fax:  (310) 556-5385

---

**From:** Zhong, Annita <HZhong@irell.com>
**Sent:** Thursday, December 22, 2022 10:13 PM
**To:** Angela Castagnola <castagnola@fr.com>; #Netlist-Samsung-E.D.Tex <Netlist-Samsung-E.D.Tex@irell.com>; Sheasby, Jason <JSheasby@irell.com>; jtruelove@mckoolsmith.com; ~Baxter, Samuel <sbaxter@mckoolsmith.com>; sooh@lhlaw.com
**Cc:** ~Smith, Melissa <melissa@gillamsmithlaw.com>; FISH SERVICE Samsung/Netlist <FISHSERVICESamsung/Netlist@fr.com>; Williams, Eliot D. <Eliot.Williams@BakerBotts.com>
**Subject:** RE: Netlist v. Samsung, Case No. 2:21cv463: McAlexander Expert Reports

Counsel,

I am attaching the Sotera stipulations that Samsung filed with the PTAB.  Please explain by  9 a.m. PT tomorrow why the invalidity report you served tonight does not violate the stipulations and why Samsung should not be sanctioned for intentionally misleading the PTAB.

Regards,

Annita

H. Annita Zhong
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 203-7183
Fax:  (310) 556-5385

---

**From:** Angela Castagnola <castagnola@fr.com>
**Sent:** Thursday, December 22, 2022 9:59 PM
**To:** #Netlist-Samsung-E.D.Tex <Netlist-Samsung-E.D.Tex@irell.com>; Sheasby, Jason <JSheasby@irell.com>; Zhong, Annita <HZhong@irell.com>; jtruelove@mckoolsmith.com; ~Baxter, Samuel <sbaxter@mckoolsmith.com>; sooh@lhlaw.com
**Cc:** ~Smith, Melissa <melissa@gillamsmithlaw.com>; FISH SERVICE Samsung/Netlist <FISHSERVICESamsung/Netlist@fr.com>
**Subject:** Netlist v. Samsung, Case No. 2:21cv463: McAlexander Expert Reports



Password: 48w5o8cNadfjldskjf*iok8

Angela Castagnola **::** Sr. Litigation Case Manager **::** Fish & Richardson P.C.
858 678 4786 direct **::** castagnola@fr.com




****************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential

7

```
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
***********************************************************************************************
************************
```

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.