# Exhibit 6

**From:** Zhong, Annita <HZhong@irell.com>
**Sent:** Thursday, January 5, 2023 5:34 PM
**To:** Trials <Trials@USPTO.GOV>
**Cc:** DL Samsung Netlist IPRs <dlsamsungnetlistiprs@BakerBotts.com>; Chandler, Ted <ted.chandler@bakerbotts.com>; Eliot.Williams@BakerBotts.com; #NetlistIPR [Int] <NetlistIPR@irell.com>
**Subject:** IPR2022-00639, -00711, 00996, 00999

CAUTION: This email has originated from a source outside of USPTO. **PLEASE CONSIDER THE SOURCE** before responding, clicking on links, or opening attachments.

Dear Honorable Board,

Patent Owner Netlist respectfully seeks the Board's guidance regarding Petitioner Samsung's unexpected and—to Netlist's knowledge—unprecedented violation of binding stipulations submitted to the Board by its counsel in multiple proceedings, including IPR2022-00639 (Ex. 1083), IPR2022-00711 (Ex. 1043), IPR2022-00996 (Ex. 1074), and IPR2022-00999 (Ex. 1074). In each of these instituted IPRs, Samsung stipulated that if the Board instituted an IPR, it would not "pursue an invalidity defense in the Eastern District of Texas action (C.A. No. 21-463-JRG) that the patent claims subject to the instituted IPR are invalid based on grounds that were raised or reasonably could have been raised in the IPR." See the attached. Yet, that is precisely what Samsung has done.

On Thursday, December 22, Samsung served an expert report in the Eastern District of Texas action asserting invalidity of the four patents at issue in these instituted IPR proceedings based on several of the same references asserted in these IPRs, as well as alleged applicant admitted prior art (APA), a 2006 IEEE publication, documents from the standards setting organization JEDEC, and the knowledge of a person of ordinary skill in the art as reflected in these references. The invalidity grounds asserted in this report reasonably could have been raised in the IPR proceedings, and thus fall within the scope of Samsung's stipulations in which it agreed on the record not to pursue any such defenses in district court.

For example, Samsung's district court expert asserts that U.S. Patent No. 10,949,339 is invalid based on a combination of APA and the same two references—US 2006/0277355 (Ellsberry) and US 7,024,518 (Halbert)—at issue in IPR2022-00639. This ground clearly could have been raised in the IPR. Both Ellsberry and Halbert were, in fact, asserted to the Board, and the combinations of APA with patents or printed publications is permitted under current agency guidance for filing in opening IPR petitions. See Katherine K. Vidal, Updated Guidance on the Treatment of Statements of the Applicant in the Challenged Patent in Inter Partes Reviews under § 311, at 4 (June 9, 2022) ("If an IPR petition relies on admissions in combination with reliance on one or more prior art patents or printed publications, those admissions do not form 'the basis' of the ground and must be considered by the Board in its patentability analysis.").

By way of further example, Samsung's district court expert asserts that U.S. Patent Nos. 11,016,918 and 11,232,054 are invalid based on a combination of APA and one of the same references—US 2006/0174140 (Harris)—at issue in IPR2022-00996; a combination of APA, Harris, and another reference at issue in IPR2022-00996—US 7,724,604 (Amidi); a combination of APA and another reference at issue in IPR2022-00996—US 2006/0080515 (Spiers); and a combination of APA, Spiers, and Amidi. Samsung

also asserts variations of these four invalidity grounds relying on the combination of APA and the knowledge of one skilled in the art, but it relies on the same three references also asserted in IPR2022-00996 (Harris, Amidi, and Spiers) for that knowledge. Samsung additionally asserts an invalidity ground based on JEDEC specifications already in the record of IPR2022-00996/999 (EX1027-1028) combined with either a 2006 IEEE publication (Shi) or Shi and the Amidi reference at issue in IPR2022-00996.

Samsung also asserts an invalidity ground relying on the combination of APA and the knowledge of one skilled in the art, but it relies on the same two references asserted in IPR2022-00639 (Ellsberry and Halbert) for that knowledge, and the Federal Circuit has held that, for example, "[a]lthough the prior art that can be considered in inter partes reviews is limited to patents and printed publications, it does not follow that we ignore the skilled artisan's knowledge when determining whether it would have been obvious to modify the prior art." Koninklijke Philips N.V. v. Google LLC, 948 F.3d 1330, 1337 (Fed. Cir. 2020). Samsung additionally asserts an invalidity ground based on known JEDEC documents combined once again with the same two references asserted in IPR2022-00639 (Ellsberry and Halbert). Samsung has previously (and improperly) asserted JEDEC documents in IPR proceedings. See, e.g., IPR2022-00062, -00064. Moreover, Samsung has argued in this very IPR that the person of ordinary skill in the art "would have been familiar with the standards of the day including JEDEC industry standards." IPR2022-00639, Paper 15, at 13 (Oct. 19, 2022) (Institution Decision). Yet another ground was again based on documents that Samsung treats as non-confidential either alone or yet again in combination with Ellsberry and Halbert.

Additionally, Samsung's district court expert also asserts that U.S. Patent No. 10,860,506 is invalid based on a combination of APA and three of the same references—US 2006/0277355 (Ellsberry), US 2010/0312956 (Haraishi), and US 2007/008791 (Butt)—at issue in IPR2022-00711. Samsung also asserts an invalidity ground relying on the combination of APA and the knowledge of one skilled in the art, but it relies on the same three references also asserted in IPR2022-00711 (Ellsberry, Haraishi, and Butt) for that knowledge. Samsung additionally asserts an invalidity ground based on JEDEC documents either alone or combined - once again - with the same three references asserted in IPR2022-00711 (Ellsberry, Haraishi, and Butt). As with the '339 patent, Samsung also asserts that combination(s) of the same three IPR references and allegedly non-confidential product specifications would render the '506 patent obvious.

Netlist is willing to submit the relevant portions of the report to the PTAB, which are based primarily on documents that Samsung has made public or were public, so long as Samsung agrees not to hide behind the protective order.

It is difficult to understand how Samsung could believe in good faith that continuing to assert these invalidity grounds by including them in the expert report in district court would not violate its stipulations. Samsung's extensive failure to comply with its own stipulations appears to violate its duties of candor and good faith, and also appears to constitute an abuse of the IPR process. Netlist contacted Samsung's litigation and IPR counsel the same night after the service of the December 22 report. Samsung's litigation counsel only responded after the meet-and-confer between Netlist's counsel and Samsung's IPR counsel on January 3 and after Samsung's IPR counsel indicated that he would reach out to Samsung's litigation counsel. And despite having been pointed out the specific transgressions, Samsung refused to withdraw invalidity grounds that are in clear violation of the stipulation or to dismiss the IPRs. And once again, Samsung tries to hide behind the improper confidentiality designation. Given the unusual nature of the situation and the lack of clear precedent,

Netlist respectfully asks the Board for guidance regarding the most appropriate way to formally present this issue for consideration and potential corrective action.

**Petitioner's position**: Petitioner Samsung's position is that a call is not necessary, because any dispute about the stipulation made in the district court action (and thus the proper scope of the expert report in that action) should be resolved by the judge in that court, not by the Board, for at least the five reasons below:

First, both the stipulation in dispute, and the expert report in dispute, were provided in the Eastern District of Texas by Samsung's counsel in the Eastern District of Texas, to Netlist's counsel in the Eastern District of Texas, and they concern the litigation in the Eastern District of Texas. That court is best positioned to determine the impact of the stipulation on the arguments and positions taken by the parties in that case.

Second, it does not appear that Netlist has met and conferred with Samsung's counsel in the Eastern District of Texas about this dispute, even though it concerns the expert report in the Eastern District of Texas. Furthermore, invalidity contentions in the Eastern District of Texas were served over six months ago, on June 29, 2022 (see ECF No. 54 in Case No. 2:21-cv-00463), and the Board's first Institution Decision was over two months ago on October 19, 2022, in IPR2022-00639, so Netlist has had months to raise this dispute in the Eastern District of Texas but apparently never did.

Third, Petitioner is not aware of any authority or precedent for the Board to intervene in a dispute about the proper scope of an expert report in a district court proceeding. To the contrary, there are many examples of district courts resolving disputes like these (without involvement of the Board): *See, e.g.*, *Chemours Company FC, LLC v. Daikin Industries, Ltd.*, No. 17-1612, 2022 WL 2643517 (D. Del. July 8, 2022); *General Access Solus. v. Sprint Spectrum LLC*, No. 2:20-cv-00007, 2021 WL 5154085 (E.D. Tex. July 21, 2021).

Fourth, it would be impractical for the Board to resolve this dispute, as it would result in a "trial within a trial" about the scope of an expert report in a different proceeding involving different lawyers and a different expert and different invalidity arguments. Netlist's description above of the expert report appears inaccurate and misleading, and it would require careful consideration of the actual arguments in the expert report and their relevance to all issues in that proceeding to resolve the factual and legal disputes that Netlist is raising. Moreover, as a practical matter this Board is unlikely to be able to develop a sufficient record to resolve this dispute, because it is our understanding that the expert report was marked "Confidential" on the basis of non-Samsung materials, and that the Protective Order proposed by Netlist and signed by the judge precludes any use of that expert report outside of the litigation in the Eastern District of Texas: "Documents, information or material

produced pursuant to any discovery request in this Action, including but *not limited to Protected Material* designated as DESIGNATED MATERIAL*, shall be used* by the Parties *only in the litigation of* this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order *shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of* this *Action.*" Moreover, we understand that the prior art discussion in the expert report, about which Netlist complains, are potentially relevant to issues other than validity, requiring the Board to familiarize itself with the potential infringement and damages issues in the district court case in order to resolve the dispute. As noted above, the district court is better positioned to resolve these issues.

Fifth, Netlist never raised the *Fintiv* factors or the disputed stipulation in these IPRs, and the Board's Institution Decisions also never raised the *Fintiv* factors or the disputed stipulation in these IPRs. Indeed, Petitioner's only statement to the Board regarding the stipulations consisted of accurately informing the Board in updated mandatory notices that the stipulation had been provided in the Eastern District of Texas. *See* IPR2022-00639, Paper 12; IPR2022-00711, Paper 11; IPR2022-00996, Paper 9; IPR2022-00999, Paper 10. Thus it appears that the Eastern District of Texas has a much more significant interest in resolving this dispute than the Board.

On the merits, Samsung does not believe that its expert report in the Eastern District of Texas contradicts its stipulation in the Eastern District of Texas. In any event, Samsung still agrees to follow its stipulation that "Samsung will not pursue an invalidity defense in the Eastern District of Texas action (C.A. No. 21-463-JRG) that the patent claims subject to the instituted IPR are invalid based on grounds that were raised or reasonably could have been raised in the IPR." Samsung will of course follow any ruling by the judge in the Eastern District of Texas deciding whether or not the disputed arguments in the expert report "pursue an invalidity defense … based on grounds that were raised or reasonably could have been raised in the IPR."

Respectfully,

H. Annita Zhong
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 203-7183
Fax: (310) 556-5385

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or

inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.