**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:21-CV-463-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | **Filed Under Seal** |
| INC., SAMSUNG SEMICONDUCTOR, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NETLIST INC.'S MOTION TO STRIKE PORTIONS OF
## THE OPENING EXPERT REPORT OF JOSEPH MCALEXANDER

**<u>TABLE OF CONTENTS</u>**

<u>Page</u>

I.      Improper Claim Construction Opinions █████████████ ................1

II.     Equitable Defenses Including Inequitable Conduct, Unclean Hands,
        Standards-Based Estoppel, and/or Prosecution Laches ...................................6

III.    Irrelevant and Prejudicial Arguments About ███████████ ..............6

IV.     Failure to Establish that Alleged Printed Publications Constitute Prior Art....................6

V.      Improper Arguments Regarding Written Description ...................................................12

VI.     Irrelevant Other Litigation ...............................................................................13

VII.    Invalidity Arguments Not Disclosed by Samsung During Discovery ...........................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asterias Biotherapeutics, Inc. v. Viacyte, Inc.*,
   No. 12-cv-4813, 2014 WL 93903 (N.D. Cal. Jan. 9, 2014).....................................................9

*C.R. Bard, Inc. v. AngioDynamics, Inc.*,
   748 F. App'x 1009 (Fed. Cir. 2018) .......................................................................................8

*Cordis Corp. v. Boston Sci. Corp.*,
   561 F.3d 1319 (Fed. Cir. 2009)..........................................................................................1, 8

*Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp.*,
   635 F.3d 1373 (Fed. Cir. 2011)............................................................................................12

*EPOS Techs. Ltd. v. Pegasus Techs. Ltd.*,
   766 F.3d 1338 (Fed. Cir. 2014).............................................................................................3

*Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*,
   540 F.3d 1337 (Fed.Cir. 2008)..............................................................................................2

*Input/Output, Inc. et al v. Sercel, Inc.*,
   No. 5-06-cv-00236 (E.D. Tex., Jan. 06, 2010) ......................................................................6

*In re Kahn*,
   441 F.3d 977 (Fed. Cir. 2006).............................................................................................13

*Koninklijke Philips N.V. v. Zoll Med. Corp.*,
   656 F. App'x 504 (Fed. Cir. 2016) .........................................................................................8

*Life Techs., Inc. v. Clontech Lab'ys, Inc.*,
   224 F.3d 1320 (Fed. Cir. 2000).............................................................................................6

*Maxell, Ltd. v. Apple Inc.*,
   2020 U.S. Dist. LEXIS 248960 (E.D. Tex. Dec. 17, 2020).............................................2, 4, 5

*Music Choice v. Stingray Digit. Grp., Inc.*,
   No. 2:16-cv-586, 2019 WL 8110069 (E.D. Tex. Nov. 19, 2019).....................................2, 4, 5

*Onyx Therapeutics, Inc. v. Cipla Ltd.*,
   No. 16-cv-988, 2020 WL 2214443 (D. Del. May 4, 2020) .....................................................9

*Samsung Elecs. Co. v. Infobridge Pte. Ltd.*,
   929 F.3d 1363 (Fed. Cir. 2019).........................................................................................8, 12

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*,
    511 F.3d 1186 (Fed. Cir. 2008)...................................................................................7

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
    550 F.3d 1356 (Fed. Cir. 2008)...................................................................................1

*Unwired Planet L.L.C. v. Google, Inc.*,
    660 F. App'x 974 (Fed. Cir. 2016) .............................................................................2

*Voter Verified, Inc. v. Premier Election Sols., Inc.*,
    698 F.3d 1374 (Fed. Cir. 2012)...................................................................................7

*ZiiLabs Inc. v. Samsung Elecs. Co.*,
    2015 WL 8274055 (E.D. Tex. Dec. 8, 2015)..........................................................1, 2

**Statutes**

35 U.S.C. § 112 ¶ 1 ....................................................................................................12

**Other Authorities**

Google, Google Scholar...............................................................................................7

Plaintiff Netlist respectfully requests the Court strike portions of the opening expert report of Joseph McAlexander.

## I.      Improper Claim Construction Opinions ███████████████████████

Arguing claim construction to the jury is improper. *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364 n.6 (Fed. Cir. 2008) ("[A]llowing a witness to testify before the jury on claim construction would be improper."); *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009) ("[R]isk of confusing the jury is high when experts opine on claim construction." (quoting *CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1172-73 (Fed. Cir. 2005)); *ZiiLabs Inc. v. Samsung Elecs. Co.*, 2015 WL 8274055, at *2 (E.D. Tex. Dec. 8, 2015) ("A party has made an improper claim construction argument to the jury when it elicits testimony that goes to the scope of a claim.").

Mr. McAlexander offers a series of opinions purportedly alleging ███████████████ ████████████████████████████ For ██████████████, Mr. McAlexander suggests ██████████████████████████████████████████████████████████████████ He proceeds to ███████████████████████████████████████████████████████ ███████████████ ██████████████████████████████ ███████████████████████ ████████████████ This improper claim constructions and all arguments based on these proposed constructions should be stricken.

**Paragraphs ████████.**  Mr. McAlexander opines that ████████████████████████ ████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████ ████ He then concludes that ████████████████████████████ █████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████████ ██████████████████████████

Samsung stated during claim construction that ███████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████ Samsung cannot now raise this

waived claim construction argument through expert testimony. *Music Choice v. Stingray Digit. Grp., Inc.*,

No. 2:16-cv-586, 2019 WL 8110069, at *3 (E.D. Tex. Nov. 19, 2019) ("[F]ailure to timely raise . . .

claim construction arguments should ordinarily result in waiver of the arguments." (quoting *Ericsson*

*Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, 2017 WL 5137401, at *15 (E.D. Tex. Nov. 4, 2017)); *Maxell,*

*Ltd. v. Apple Inc.*, 2020 U.S. Dist. LEXIS 248960, at *71-72 (E.D. Tex. Dec. 17, 2020) ("It is not

appropriate for a defendant to withhold claim construction disputes until rebuttal expert reports when

the disputes are clearly raised by the plaintiff's infringement contentions.").

Further, Mr. McAlexander's claim construction is based on legally improper reasoning.

For example, Mr. McAlexander improperly relies on ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████ This ██████████ argument is improper to present to a jury, and is entirely

irrelevant to the written description inquiry. *ZiiLabs*, 2015 WL 8274055, at *2 ("[Experts] cannot rely

on statements in the prosecution history to limit the ordinary meaning of the term. That is for the

Court.").

As another example, Mr. McAlexander improperly ████████████████████████

████████████████████████████████████████████████     ████████

Inventor testimony is not a reliable basis to determine the scope of the claims. *See, e.g., Howmedica*

*Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1347 (Fed.Cir. 2008) ("[I]nventor testimony as

to the inventor's subjective intent is irrelevant to the issue of claim construction."); *Unwired Planet*

*L.L.C. v. Google, Inc.*, 660 F. App'x 974, 984 (Fed. Cir. 2016) ("[I]nevntor testimony as to the inventor's subjective intent is . . . irrelevant as a matter of law[.]"); *Navico, Inc. v. Garmin International, Inc. et al*, 2-16-cv-00190 document 363 (EDTX, Aug. 24, 2017) (J. Payne) (granting motion to exclude "testimony by the inventors about the meaning of claim terms").

In addition, Mr. McAlexander suggests that ███████████████████████████ ███████████████████████████████████████████████████████████████ ████████████████████████████████████████████ Mr. McAlexander cites no language █████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ and therefore it is improper to read in this limitation based on ███████████████████ ████████████ *See, e.g., EPOS Techs. Ltd. v. Pegasus Techs. Ltd.*, 766 F.3d 1338, 1341 (Fed. Cir. 2014) ("[I]t is improper to read limitations from a preferred embodiment described in the specification— even if it is the only embodiment— into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited."). █████████████████████████████████ this would be an issue for the Court.

Finally, Mr. McAlexander's proposed construction is incorrect, and therefore irrelevant. ████ ████████████████████████████████████████████████

**Paragraphs ███████.** Mr. McAlexander alleges that ████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ █████████████████████████████████ ████████████████ If this construction is not accepted, he contends ███████████████████ If the term is █████████ ████████████████████████████████████████████████████ Samsung expressly stated that ███████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████             Samsung cannot now raise this waived claim

construction argument through expert testimony.  *Music Choice,* 2019 WL 8110072, at *3; *Maxell,* 2020

U.S. Dist. LEXIS 248960, at *71-72.

**Paragraphs** ████████.   Mr. McAlexander alleges that ██████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

██████████████████████     If this construction is not accepted, he contends ████████  ██████████████████.

*Id.* ¶ 210.  The Court already rejected Samsung's substantively identical proposed construction ███████

█████████████████████████████████████████████████████             Samsung argued to the

Court that █████████████████████████████████████████████████████████

█████████████████████████████████████████  and  that  ██████████████████████████████████

█████████████████████████████████████████             The Court disagreed with

Samsung for multiple reasons.   ███████████████████████████████████████   Mr. McAlexander

relies on █████████████████████  already cited by Samsung during claim construction and considered

by the Court.  *Id.*

**Paragraph** ████   Mr. McAlexander recites █████████████████████████████████  and then cherry-

picks  statements  from  █████████████████,  including  statements  that  ██████████████████████████

█████████████████████     The construction stands for itself, and quoting statements from ██████████

or alluding to ████████████████████████████  is irrelevant and would only serve to confuse the

jury.  ████████████████████████████████████████████████████████████████████

████████████████████████████████████████████

**Paragraphs** ██████████████████████████.  Mr. McAlexander argues that ████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████    If this construction is

not accepted, he contends ███████████████████████. ████████. This claim construction

argument is improper for the jury, has already been waived by Samsung, and should be excluded.

*Music Choice,* 2019 WL 8110072 at *3; *Maxell,* 5-19-cv-00036 at 49-50.  In support of this proposed

construction, Mr. McAlexander cites ███████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████    He also cites to

██████████████████████████████████████████████████    This

evidence is irrelevant to written description, would only confuse the jury, and should be excluded.

**Paragraphs** ███████████.  Mr. McAlexander argues that ████████████████████████

██████████████████████████████████████████████████████████████

Mr. McAlexander justifies his arguments by citing ████████████████████████

████████  This claim construction argument should be excluded.  *Music Choice,* 2019 WL 8110072 at *3;

████████████████████████████████████████████████████

**Paragraphs** ███████████.  Mr. McAlexander argues that ████████████████████████

████████████████████████████████████████    Mr. McAlexander justifies his arguments by citing ████████

██████████████████████████████    This claim construction argument should be

excluded.  *Music Choice,* 2019 WL 8110072 at *3.

**Paragraphs** ███████████.  Mr. McAlexander argues that ████████████████████████

████████████████████████████████████████████.  This claim construction

argument suffers from the same issues described above, and should be excluded.  *Music Choice,* 2019

WL 8110072 at *3.  Further, Mr. McAlexander's position was already argued by Samsung ███████

███████ and rejected by the Court. ██████████████████████████████████████

████████████████████████████████████████████

## II.     Equitable Defenses Including Inequitable Conduct, Unclean Hands, Standards-Based Estoppel, and/or Prosecution Laches

**Paragraphs** ████████████████████████.  Inequitable conduct, unclean hands, "standards-based estoppel," and prosecution laches are equitable defense to a charge of patent infringement that are tried to the Court.  Opinions related to these issues have no place before the jury.  *See, e.g.,* Order at 7, *Input/Output, Inc. et al v. Sercel, Inc.,* No. 5-06-cv-00236 (E.D. Tex., Jan. 06, 2010) (Dkt. 343) ("The question of laches is committed to the sound discretion of the trial court" and "evidence related to laches does not sufficiently overlap with other issues as to be properly before the jury" (citing *Hemstreet v. Comput. Entry Sys. Corp.,* 972 F. 2d 1290, 1292 (Fed. Cir. 1992)).

## III.    Irrelevant and Prejudicial Arguments About Netlist's ████████████████

**Paragraphs** █████████.  Mr. McAlexander recites various ████████████████████████

████████████████████   ████████████ Mr. McAlexander makes allegations about

████████████████████████████████████████████████

████████████████████████ ██  None of this has any relevance to validity and these unfounded assertions about why Netlist's actions are highly prejudicial.  *See, e.g., Life Techs., Inc. v. Clontech Lab'ys, Inc.,* 224 F.3d 1320, 1325 (Fed. Cir. 2000) (noting that "the path that leads an inventor to the invention is expressly made irrelevant to patentability by statute" and "[i]t does not matter whether the inventors reached their invention after an exhaustive study of the prior art").

## IV.    Failure to Establish that Alleged Printed Publications Constitute Prior Art

Mr. McAlexander relies on numerous documents without establishing that they constitute prior art.  His analysis is improper and the exhibits (and any reliance on them) should be excluded.

███████████████

███████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████. Mr. McAlexander relies on

various ████████████████ including two sets of ████████████ ▮ and ████████████

███████████ (herein ████████████).[2] *See*

First, Mr. McAlexander failed to establish that ██████████████████████████

███████[3]  "Whether a document qualifies as a 'printed publication' under § 102 is a legal

conclusion . . . ." *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 511 F.3d 1186, 1192 (Fed. Cir. 2008) (quoting

*Cooper Cameron Corp. v. Kvaerner Oilfield Prods., Inc.*, 291 F.3d 1317, 1321 (Fed. Cir. 2002)).  The "key

inquiry is whether the reference was made 'sufficiently accessible to the public interested in the art'

before the critical date." *Voter Verified, Inc. v. Premier Election Sols., Inc.*, 698 F.3d 1374, 1380 (Fed. Cir.

2012) (quoting *In re Cronyn*, 890 F.2d 1158, 1160 (Fed. Cir. 1989)).  There is no evidence that anyone

████████████████████████████████████ that Mr. McAlexander relies on as prior art.

Samsung's own expert confirmed that ██████████████████████████████████████████

████████████████████████████████████████████

For ████████████████ of the ████████████ Mr. McAlexander never alleges or provides

any evidence that any of these documents ██████████████. There is simply no evidence of

record to support these documents ████████████. The majority of these documents

████████████████████████████████████.

For ████████████████ of the "████████████," Mr. McAlexander alleges these ████████

---

[1] ████████████████████████████████████████████████████
████████████████████████████████
▮████████████████████████████████
[3] To the extent any of ██████████ ████████████ ████████████
████████████ discussed in Netlist's ████████████ on Samsung's
████████████████████████.

██████████████████████████████████

██████████████████████████████████

████████████████ He cites no evidence to support his assertion, which closely tracks

the language used by Samsung's attorneys in █████████████████  ████████████

██████████████████████████████████

██████████████████████████████████

████████████████ Even if this unsupported assertion were accepted as

true, it alone is insufficient to establish ███████████████████████ *See, e.g.,*

*Samsung Elecs. Co. v. Infobridge Pte. Ltd.,* 929 F.3d 1363, 1372 (Fed. Cir. 2019) (to determine whether a

document is publicly accessible, the analysis should focus on the knowledge of those "***outside the***

***authoring organization***," because "[t]o hold otherwise would disincentivize collaboration and depart

from what it means to ***publish*** something." (emphasis added)); *C.R. Bard, Inc. v. AngioDynamics, Inc.,*

748 F. App'x 1009, 1014-15 (Fed. Cir. 2018) (holding a product guide that "bears some indicia of a

public-facing document" was not publicly available, noting that "even if a member of the relevant

public could have requested it, there is [no] evidence that they would have had a reason to do so");

*Koninklijke Philips N.V. v. Zoll Med. Corp.,* 656 F. App'x 504, 529 (Fed. Cir. 2016) (rejecting assertions

"that some member of the public could have found out about the application, requested it from the

FDA, and then received it, because the confidentiality of the application had expired" as "rel[ying] on

a considerable amount of conjecture that is not supported by the record," including that there was

"no evidence of indexing or cataloguing, which, while not prerequisites, serve as hallmarks of public

accessibility"); *Cordis,* 561 F.3d at 1335 (affirming district court's summary judgment order finding the

inventors' monographs were not prior art even though they were disclosed to the inventor's colleagues

and two commercial entities without an explicitly legal obligation of confidentiality because the

defendant could not provide evidence showing the inventor's expectation of confidentiality was not

reasonable).

The ████████████ and all references to them should also be stricken to the extent Samsung contends ████████████████████████████████████. *See,* █████████ ████████████████████████████████████████████████████████ ████████████████████████████ There is no evidence that these materials reflect the ████████████, as opposed to ████████████. To the contrary, the ████████████████████ ████████ ████████████████ ████████████████████ *Asterias Biotherapeutics, Inc. v. Viacyte, Inc.,* No. 12-cv-4813, 2014 WL 93903, at *7 (N.D. Cal. Jan. 9, 2014) ("[C]onfidential information is not relevant to the knowledge of a person of ordinary skill in the art."); *Onyx Therapeutics, Inc. v. Cipla Ltd.,* No. 16-cv-988, 2020 WL 2214443, at *19-20 (D. Del. May 4, 2020) (rejecting a finding of invalidity and holding that a fact relied on to support obviousness was from "a confidential document that is not prior art" and therefore a "POSA would not have known [the fact] based on the available prior art").

Further, Mr. McAlexander does not rely on ████████████████████████ ████████████ and a footnote suggesting otherwise does not allow Mr. McAlexander to rely on ████████████████████ for anticipation and obviousness opinions.

Mr. McAlexander relies on the ████████████" as the ████████████████" for multiple anticipation and obviousness grounds. ████████████████████████████ ████████████████████████████████████████████████████████ For

───────────────

[4] █████ treats the ████████████ Mr. McAlexander relies on as ████████████. For example, █████ produced numerous of the ████████████ to ████████████, and all were ████████████ ████████████████████ ████████████████

every claim element under these grounds Mr. McAlexander opines that ███████████████ ████████████

████████████████████████████████████████████████████████████████████

███ Mr. McAlexander starts his analysis for each limitation by citing to ███████████████ ████████

███████████████████████████████████ ██████████████████████████████████

████████████████████████████████████████████████████████████ He

does not disclose ██████████████████████████████████████████████████████

████████████████████████ It is clear Mr. McAlexander knew ████████████████████

████████████████████████████████████████████████ ███████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████ Similarly, Mr. McAlexander

does not ██████████████████████████████████████████████████████████████

██████████████, which he does for each of the other grounds asserted against ████████████

████████████████

Mr. McAlexander alleges that the ███████████████████████████████████████

████████████████████████████████████████████ As

with the ████████████, none of the grounds involving the ████████████████ refer to ████████

████████████████████ Of the seven ████████████ Mr. McAlexander ████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████ For the ████████████████ Mr. McAlexander █████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████ (citing

████████████████ as evidence ██████████████████████████████████████████

█████████████████████████████ ████████ (citing ██████████████████ as evidence █████████████

████████████████████. His repeated citations to ████████████████████████████████████

███████████████████████████████████████████████████████████████████████████.

None of these instances ███████████████████████████████████.

      Second, Mr. McAlexander treats ████████████████████████████████████████

██████████ without establishing ████████████████████████████ For ██████████████

█████████████████████████s, he includes ████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

████████ If this were sufficient, ████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

████████.

      For ████████████████████████████████████████████████████████████

███████████████████████████████ Mr. McAlexander is entirely silent.

      **Paragraphs** ██████████████████████. Mr. McAlexander asserts █████████████

███████████████████████████████████████████ ██████████. He relies on

various documents allegedly relating to ██████████ without establishing that ██████████████████ is

---

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████

█████ He offers no opinions anywhere in his report to suggest any of these documents were

██████████████████████ In relation to a 102(f) defense, Mr. McAlexander makes certain

allegations about ████████████████████████████, but says nothing about the specific

references he relies on.  Further, as discussed above in relation to the ████████████, allegations

that ███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████; *Samsung Elecs.*

*Co.*, 929 F.3d at 1372 (Fed. Cir. 2019).   Similarly, the █████████████" that he alleges █████████

████████████ does not list any of the documents he relies on as prior art. ████████████ He

also offers no opinions supporting a motivation to combine ████████████████████.

## V.     Improper Arguments Regarding Written Description

**Paragraphs** ███████**.**  Mr. McAlexander alleges that the █████████████████████████

███████████████████████████████████████████████████████████

███████████ As discussed above in § I.A, this is nothing more than a surreptitious attempt at

████████████, arguing that ████████████████████.  Because the claims

allegedly do not include these structures, Mr. McAlexander argues that ██████████████████

███████████████████████████████████████████████████████████

███████████████████This is not a legally relevant basis for written description: 35

U.S.C. § 112 ¶ 1 does not require that a claim recite every aspect of the solution described in a patent,

or all of the solutions posed to resolve different problems in the art.  *Crown Packaging Tech., Inc. v. Ball*

*Metal Beverage Container Corp.*, 635 F.3d 1373, 1382 (Fed. Cir. 2011) (reversing district court finding of

invalidity for lack of written description support, and noting that "[t]he problems the patents address

are related, but they are still separate, and solving one does not necessarily require solving the other").

Further, Mr. McAlexander discusses ████████████████████ asserts that ██████████

██████████████████████████████████████████ ██████████is irrelevant to written

description.  And a discussion of how individual claim elements are ████████████████,

without the other elements of an obviousness analysis, would cause juror confusion and be highly

prejudicial to Netlist.  *In re Kahn*, 441 F.3d 977, 986 (Fed. Cir. 2006) ("[M]ere identification in the prior

art of each element is insufficient to defeat the patentability of the combined subject matter as a

whole.").

## VI.    Irrelevant Other Litigation

**McAlexander Paragraphs** ███████████████████████████ Mr. McAlexander

presents ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████ These other litigations are not relevant to any

issue in this case.  Discussion of other litigation—including that ███████████████

██████████████████s—would cause an unnecessary side show, would have a high

probability of juror confusion, and could cause a misleading negative impression of Netlist and the

patents-in-suit. ████████████████████████████████

████████████████████████

## VII.    Invalidity Arguments Not Disclosed by Samsung During Discovery

**McAlexander** ██████████████████.  Mr. McAlexander cites to ██████████████

████████████████████████████  ████████████████

████████████████ These references include ████████████████

████████████████████████████████████████████

████████████████████████ Each of these references should be excluded.

Further, Mr. McAlexander provides ████████████████████████

█████████████ For example, many of the references Mr. McAlexander discusses involve

████████████████████████████████████████████



As noted by their inclusion in ███ none of these references appear in ████████████, and none of these references are relied on by Mr. McAlexander as part of any ████████████.

As another example, Mr. McAlexander alleges that ████████████████████

████████████ What Samsung allegedly ████████████ is irrelevant to this case.

**Written Description, Paragraphs** ████████████: Mr. McAlexander argues that ████ ████████████ Samsung failed to disclose any of these theories during discovery.  In its ████████, Samsung simply asserted that ████████ ████████.  For example, Samsung's contentions allege that ████████ ████████████:

Netlist's Motion To Strike Portions Of
The Opening Expert Report Of Joseph
McAlexander
No  21-cv-463-JRG (E D  Tex )



Samsung did not provide any detail in ▮. It did not suggest any of Mr. McAlexander's new opinions that

. *Id.* Samsung's do not provide sufficient disclosure of the arguments set forth by Mr. McAlexander, and those arguments should be struck.

Dated: February 3, 2023

Respectfully submitted,

*/s/ Draft*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 3, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that, on February 2, 2023 counsel for the parties met and conferred on the issues raised in this motion.  Counsel for Samsung confirmed that Samsung did not intend to withdraw any of its expert reports, or any portions of its expert reports, and that Samsung would oppose any motions to strike related to those reports.

*/s/ Yanan Zhao*
Yanan Zhao
