## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:21-CV-463-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | **Filed Under Seal** |
| INC., SAMSUNG SEMICONDUCTOR, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

### NETLIST INC.'S MOTION TO STRIKE PORTIONS OF THE
### REBUTTAL EXPERT REPORT OF JOSEPH C. MCALEXANDER III

# TABLE OF CONTENTS

**Page**

I.      Mr. McAlexander's Non-Infringement Theory Regarding ███████████ Was Never Disclosed and Contradicts the Court's *Markman* Order ................................ 1

II.     Mr. McAlexander's New Claim Constructions Should Be Stricken ................................ 4

    A.      ██████████████████████ ) ........................................................ 4

    B.      ███████████████████████████████ ........... 5

    C.      ███████████████ .............................................. 6

    D.      █████████████████████ ........................... 7

    E.      █████████████████ .................................... 8

III.    Other Previously Undisclosed Non-Infringement Theories Should Be Stricken ........... 10

IV.     Previously Undisclosed Alleged NIAs Should Be Stricken ................................ 11

V.      Non-Infringement Arguments Based on the Specification Should Be Stricken ............. 12

VI.     Other Improper Infringement Opinions Should Also Be Excluded ........................ 13

VII.    References to Prior Proceedings Are Irrelevant to Mr. McAlexander's Report ............ 14

VIII.   Prosecution History Estoppel Is a Question of Law ................................ 14

IX.     Opinions Based on Documents Samsung Seeks to Exclude Should Be Stricken ......... 14

X.      Mr. McAlexander's ███████████████ Analysis is Unreliable .......................... 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ACS Hosp. Sys., Inc. v. Montefiore Hosp.*,
   732 F.2d 1572 (Fed. Cir. 1984).................................................................................13, 14

*Bayer AG v. Elan Pharm. Research Corp.*,
   212 F.3d 1241 (Fed. Cir. 2000).......................................................................................14

*Biagro Western Sales, Inc. v. Grow More, Inc.*,
   423 F.3d 1296 (Fed. Cir. 2005).......................................................................................14

*Cordis Corp. v. Boston Sci. Corp.*,
   658 F.3d 1347 (Fed. Cir. 2011).........................................................................................3

*EPOS Techs. Ltd. v. Pegasus Techs. Ltd.*,
   766 F.3d 1338 (Fed. Cir. 2014).........................................................................................5

*Ericsson Inc. v. TCL Commc'n. Tech. Holdings, Ltd.*,
   No. 2:15-cv-00011, 2017 WL 5137401 (E.D. Tex. Nov. 4, 2017)........................................12

*Genband US LLC v. Metaswitch Networks Corp.*,
   No. 2:14-cv-33, 2016 WL 3475688 (E.D. Tex. Jan. 7, 2016) ..................................................3

*GREE, Inc. v. Supercell Oy*,
   No. 2:19-cv-00070, 2020 WL 4501341 (E.D. Tex. Aug. 5, 2020)...........................................3

*Hill-Rom Services, Inc. v. Stryker Corp.*,
   755 F.3d 1367 (Fed. Cir. 2014)....................................................................................5, 6, 7

*In re Kahn*,
   441 F.3d 977 (Fed. Cir. 2006)..........................................................................................14

*Liquid Dynamics Corp. v. Vaughan Co., Inc.*,
   449 F.3d 1209 (Fed. Cir. 2016).........................................................................................4

*Maxell, Ltd. v. Apple Inc.*,
   No. 5:19-cv-00036, 2020 WL 8269548 (E.D. Tex. Nov. 11, 2020)............................4, 6, 8, 9

*Music Choice v. Stingray Digital Grp., Inc.*,
   No. 2:16-cv-00586, 2019 WL 8110069 (E.D. Tex. Nov. 19, 2019).............................. *passim*

*Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Tech. GMbH*,
   No. 6:16-cv-00445, 2018 WL 4289342 (E.D. Tex. July 11, 2018) ......................................2, 3

*Network-1 Techs., Inc. v. Alcaltel-Lucent USA, Inc.*,
    No. 6:11-cv-492, 2017 WL 4020589 (E.D. Tex. Sept. 12, 2017)............................................13

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
    550 F.3d 1356 (Fed. Cir. 2008)........................................................................................................4

*Tempo Lighting, Inc. v. Tivoli, LLC*,
    742 F.3d 973 (Fed. Cir. 2014)..........................................................................................................7

*Ultravision Techs., LLC v. GoVision LLC*,
    No. 2:18-cv-00100, 2021 WL 2144788 (E.D. Tex. May 26, 2021) ...............................4, 8, 10

**Rules**

Rule 702 ..........................................................................................................................................13

I.      **Mr. McAlexander's Non-Infringement Theory Regarding** ▆▆▆▆▆▆▆ ▆▆▆▆
        ▆▆▆▆▆ **Was Never Disclosed and Contradicts the Court's *Markman* Order**

**Paragraphs** ▆▆▆▆: Mr. McAlexander asserts that Netlist has not demonstrated that the

accused products receive a ▆▆▆▆▆▆▆▆▆▆▆ as required by ▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆ These opinions should be stricken because

(1) Samsung never disclosed its non-infringement theory in its interrogatory responses, (2) it

contradicts the Court's *Markman* Order, and (3) it constitutes improper claim construction.

First, Samsung never disclosed in its interrogatory responses its theory that ▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆ Samsung has long had notice of Netlist's interpretation of ▆▆

▆▆▆▆▆▆▆ and ▆▆▆▆▆▆ Netlist's May 4, 2022 PICs asserted that the claimed

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆. For ▆▆▆▆▆▆▆ Netlist explained that this limitation was met because ▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Netlist's Interrogatory ▆▆▆ asked Samsung ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆ Samsung initially responded by listing nearly every claim element without explanation, ▆▆

---

[1] All emphases are added unless otherwise indicated.

██████████ but later disclosed the following theory for ████████:

███████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████

████████████ Samsung's interrogatory response does not mention its new non-infringement theory

that the ████████████████████████████████████████████████████████

████████████████████████ Because this argument was raised for the first time in Mr. McAlexander's

rebuttal, Netlist's experts had no opportunity to address it.  Thus, these portions should be excluded.

*See Nanology Alpha LLC v. WTTec Wissenschaftliche Instrumente und Tech. GMbH*, No. 6:16-cv-00445, 2018

WL 4289342, *4 (E.D. Tex. July 11, 2018) (striking non-infringement theory not mentioned in

interrogatory responses and disclosed for the first time in expert rebuttal report).

Second, the construction of █████████████████████ that Mr. McAlexander applies is

inconsistent with the Court's *Markman* Order.  The basis for Mr. McAlexander's argument is that ████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████ These opinions contradict

the Court's claim construction order, and should be stricken.

During claim construction, Samsung sought to construe ███████████████████ to mean

████████████████████████████████████████████████████████

████████████████████████ Samsung argued that ████████████ █████████████████

███████████████████████████████     ██████████████████████████████████

██████████████     The Court rejected Samsung's argument, and held that ████████████████████

should be given its plain and ordinary meaning. █████████████     The Court noted Samsung's argument

that the █████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████████     The Court then rejected Samsung's position:

████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████████████████████████
█████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████

██  The Court has thus already expressly rejected the argument that the █████████████████████████████

and █████████████  need to be ███████████  as Mr. McAlexander asserts. █████████████  "Expert

opinions that contradict or disregard a court's claim constructions should be excluded." *Genband US*

*LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33, 2016 WL 3475688, at *4 (E.D. Tex. Jan. 7, 2016).

"[W]hen an expert's testimony is based on an 'incorrect understanding of the claim construction,' the

Court 'must disregard the testimony.'"   *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00070, 2020 WL

4501341, at *1 (E.D. Tex. Aug. 5, 2020) (quoting *Cordis Corp. v. Boston Sci. Corp.*, 658 F.3d 1347, 1357

(Fed. Cir. 2011)).   Paragraphs █████████ of Mr. McAlexander's report cite to the same, non-limiting

portions of the specification as Samsung did in its claim construction briefing to support its argument

that █████████████████  should be limited to █████████████████████████.  *Compare*

█████████████  *with* ████████████  The Court rejected that argument ██████████████  and thus Mr.

McAlexander's opinions to the contrary should be stricken.

Third, even if the argument did not contradict the Court's construction, Mr. McAlexander's interpretation of ▮▮▮▮▮▮▮▮▮▮ is improper claim construction.  Mr. McAlexander asserts that based on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Analyzing antecedence of claim terms is claim construction, and thus this analysis should be stricken as improper.  *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364 n.6 (Fed. Cir. 2008) ("[A]llowing a witness to testify before the jury on claim construction would be improper.").

## II.   Mr. McAlexander's New Claim Constructions Should Be Stricken

Mr. McAlexander attempts to introduce new claim constructions for many of the terms of the ▮▮▮▮▮▮▮▮▮.  These belated attempts at claim construction should be stricken, as "failure to timely raise ... claim construction arguments should ordinarily result in waiver of the arguments." *Music Choice v. Stingray Digital Grp., Inc.*, No. 2:16-cv-00586, 2019 WL 8110069, at *3 (E.D. Tex. Nov. 19, 2019).  Samsung "should have presented [these] dispute[s] to the Court during claim construction and, by failing to do so, has forfeited the argument."  *Maxell, Ltd. v. Apple Inc.*, No. 5:19-cv-00036, 2020 WL 8269548, at *23 (E.D. Tex. Nov. 11, 2020) (striking portions of expert rebuttal report presenting new claim construction).  Many of Mr. McAlexander's proposed constructions are also erroneous, and should be excluded.  *See Ultravision Techs., LLC v. GoVision LLC*, No. 2:18-cv-00100, 2021 WL 2144788, *2-3 (E.D. Tex. May 26, 2021) (citing *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2016)) ("Incorrect claim construction statements go to the relevance of the expert's opinion, and thus form a basis to exclude an expert's opinion.").

### A.   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Paragraphs** ▮▮▮▮▮▮▮: Mr. McAlexander asserts that, based on the specification, a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮This entirely new construction

should be stricken.  Samsung's ████████ did not even identify ████████ as a term for

construction. ████████████████████████ By failing to even identify this term for

construction at the *Markman* stage, let alone offer such a construction, Samsung waived any later

construction. *Music Choice*, 2019 WL 8110069, at *3.  But in Mr. McAlexander's rebuttal report,

Samsung now contends that the various citations to the specification and extrinsic evidence it has

cherry picked support its new construction of ████████████████████████

████████████████████████████████████████

████████████████████

Additionally, Mr. McAlexander's interpretation of ████████████ is wrong.  He opines

that ████████████████████████████████

████████████████████████████████████████

████████████████████████ This portion of the specification

contains only non-limiting language describing an embodiment of the invention. ████████

████████████████████████████████████████

████████████████ Mr. McAlexander

points to no words of restriction to limit the plain meaning of ████████████ *See Hill-Rom Services,*

*Inc. v. Stryker Corp.*, 755 F.3d 1367, 1371-72 (Fed. Cir. 2014); *EPOS Techs. Ltd. v. Pegasus Techs. Ltd.*, 766

F.3d 1338, 1341 (Fed. Cir. 2014) ("[I]t is improper to read limitations from a preferred embodiment

described in the specification—even if it is the only embodiment— into the claims absent a clear

indication in the intrinsic record that the patentee intended the claims to be so limited.").

    **B.**   ████████████████████████

    <u>**Paragraphs**</u> ████████: Mr. McAlexander asserts that claimed ████████████

---

[2] ████████████████████████████████████████

is limited to ████████████████████████████████████████████████████████
Samsung initially identified ██████████████████ as one of the terms it sought to have the Court
construe. ████████████████████████ Samsung ultimately chose to drop this term from
construction, waiving further construction. *See* ████; *Music Choice*, 2019 WL 8110069, at *3.

    Moreover, Mr. McAlexander's new construction is erroneous, and thus should be excluded.
All of Mr. McAlexander's citations to the specification reference ████████████████████
████████████████████████████████████████ He points to no "words or expressions of
manifest exclusion or restriction" to limit the plain meaning of ██████████████████ such that it
excludes a ████████ *Hill-Rom*, 755 F.3d at 1371-72.  To the contrary, the specification teaches ████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████ ████████████████
████████████████████████ In his opening report, Mr. McAlexander admits that the
specification discloses ████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

    **C.**    ██████████████████████████████

    **Paragraphs** ████████████**:** Mr. McAlexander contends that ████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████ Mr. McAlexander cites solely to extrinsic evidence
to support this assertion. ████████████████████████████ Samsung initially sought to
construe the term ██████████████████████████ but ultimately dropped that term from
construction. ████████████████████████████████████ Samsung
"should have presented this dispute to the Court during claim construction and, by failing to do so,

has forfeited the argument." *Maxell,* 2020 WL 8269548, at *23; *Music Choice,* 2019 WL 8110069, at *3. In particular, if extrinsic evidence is necessary to inform the meaning of the claim, this is an issue for claim construction.

In any event, Mr. McAlexander's belated construction of ████████ should be excluded as erroneous.  Mr. McAlexander cites solely to extrinsic evidence in ████████, in contravention of basic tenets of claim construction that require "giv[ing] primacy to the language of the claims, followed by the specification." *Tempo Lighting, Inc. v. Tivoli, LLC,* 742 F.3d 973, 977 (Fed. Cir. 2014).  And as Mr. McAlexander acknowledges elsewhere in his report, the specification uses ████████ in discussions ████████████████████████.██████████████████████ ████████████████████████████████████████████ ████████████ Mr. McAlexander fails to identify any "words or expressions of manifest exclusion or restriction" to limit the plain meaning of ████████ *Hill-Rom,* 755 F.3d at 1371-72.

**D.** ████████████████████████████

**Paragraphs** ████████**:** Mr. McAlexander's rebuttal report also offers up a new interpretation of ████████ ████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████ These paragraphs should be stricken as inconsistent with the agreed-upon construction of ████████ or alternatively as a belated and erroneous claim construction.

Samsung initially sought to construe ████████ as ████████████████████ ████████████████████████████████ However, Samsung later

dropped the requirement that ██████████ refers to █████████████████████████

███████████ Specifically, the parties agreed that the term █████████ should be construed as

███████████████████████████████████████████████████

██ The agreed-upon construction makes no reference ████████████ ██ These arguments should

have been raised at the claim construction stage, not in a rebuttal report, and thus should be stricken.

*Maxell.*, 2020 WL 8269548, at *23; *Music Choice*, 2019 WL 8110069, at *3.

Mr. McAlexander's construction should also be excluded because it is incorrect. *Ultravision*,

2021 WL 2144788, at *3.  The claims ties the claimed █████████ to the ████████

██████████████████████ ████████████████████████████

████████████████████████████

██████ This interpretation is reinforced by the Court's holding that t█████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████

**E.**     ████████████████████████████

**Paragraphs** █████ : ████ of the █████████ recites a █████████████

███████████████████████████████████████████████████

██████ a ████████ which includes █████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██ Mr. McAlexander's rebuttal report attempts to construe ██████████████████

███████████████████████████████████████████████████

██████████████████████████ These paragraphs should be stricken.

First, Mr. McAlexander's interpretation of ██████████████████ is inconsistent with positions Samsung took at the claim construction phase.  For example, Samsung never sought to construe the ████████████████ limitations of the independent claims ████████████ ████████████████ In fact, it affirmatively represented it was not doing so: ██████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████ Thus, Samsung has waived construction of these terms. *Music Choice*, 2019 WL 8110069, at *3.

Second, Mr. McAlexander plainly engages in claim construction, not plain meaning analysis. ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████ These arguments should have been raised at claim construction, not through Mr. McAlexander's expert report. *Maxell*, 2020 WL 8269548, at *23.

Moreover, Mr. McAlexander's interpretation of the claims as limited to ████████████ ████████████████████████████████████████████████████████████ ████████████████ is incorrect. ██████████████ The claims expressly require that ██ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████ Indeed, Mr. McAlexander admits that ████████████████████████████████████████████████████████████

████████████████████████████████████████████ undermining his assertion that

the claims are ████████████████████████████████████████████████

Additionally, in his opening report, Mr. McAlexander admits that that ████████████

███████████████████████████████████████████████████  ██████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████ The

specification teaches that ██████████████ are p████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████  ████████

████████████████████████████████████████████████████████████

██████████████████████████████████ of which is ██████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

### III.    Other Previously Undisclosed Non-Infringement Theories Should Be Stricken

**Paragraphs** ████████: █████████ requires a ████████████████████████████

██████████████████████████. Mr. McAlexander contends that this claim is not infringed

because █████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████  ████████

██████████████████████████████████  █████████████████████

████████████████████████████████████████████████████████████

█████████ But the sole non-infringement argument Samsung disclosed was that ████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████ Thus, this argument should be stricken.[3]

**Paragraphs** ██████: Certain dependent claims of the ████████ require that █████████

████████████████████████████████████████████████████████████████████

██████████████ Mr. Alexander asserts that Samsung's ███████ do not meet this

limitation because ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████ For limitations including the term ████████████ Samsung only argued

that a ████████████████████ ██████████████████████████████████

███████████████████████████████████████████████████████ ███ Samsung never contested

that ██████████████████████████████████████████████

## IV.   Previously Undisclosed Alleged NIAs Should Be Stricken

**Paragraphs** ████████████████: Netlist's Interrogatory █████ asked Samsung to ████████

████████████████████████████████████████████████████████████████████

██████████████████████ Samsung provided ████████████████████████

████████████████████████████████████ ████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████ ████ ██████████████████████████

---

[3] Netlist also disagrees with Samsung's apparent claim construction which has been waived.

[4] ████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████

Mr. McAlexander seeks to introduce NIAs unmentioned in Samsung's interrogatory response:

- ███████████████████████████████████████████████
  ███████████████████████████████████████████████
  ████████████████████████████████

- ███████████████████████████████████████████████
  ███████████████████████████████████████████████
  █████████████████████████████

Mr. McAlexander's opinions regarding these alleged NIAs should be stricken, because Samsung failed

previously to disclose them in its interrogatory responses, preventing Netlist's experts from contesting

these assertions.  *See Nanology*, 2018 WL 4289342 at *4 (granting motion to strike non-infringing

alternatives not mentioned in interrogatory responses and disclosed for the first time in expert rebuttal

report); *Ericsson Inc. v. TCL Commc'n. Tech. Holdings, Ltd.*, No. 2:15-cv-00011, 2017 WL 5137401, at

*12-14 (E.D. Tex. Nov. 4, 2017) (striking portions of expert report related to undisclosed NIAs).

## V.      Non-Infringement Arguments Based on the Specification Should Be Stricken

**Paragraphs** ██████████████████████████████: Throughout his report, Mr.

McAlexander ████████████████████████████████.  For example, in

arguing that that the ██████████████ limitations ██████████████ are not met,

Mr. McAlexander contends that ████████████████████████████████████

████████████████████████████████████████████

████    As another example, Mr. McAlexander opines regarding the ██████████ that ████

███████████████████████████████████████████████

███████████████████████████████████████ Similarly, in Paragraphs ████████,

he cites extensively to ████████████████████████ to support his (incorrect) view that ████

████████████████████████████████████████████████████████████████████

████████████████████████████████ ████████████ Infringement is focused solely on a

comparison of claims as construed to the accused product. *ACS Hosp. Sys., Inc. v. Montefiore Hosp.*, 732

F.2d 1572, 1578 (Fed. Cir. 1984) ("Infringement is determined on the basis of the claims.").  Thus,

these portions of Mr. McAlexander's report should be excluded.

As another example, Mr. McAlexander cites to various ████████████ in support of his non-

infringement arguments. ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████ Comparisons between the accused products and ████████████

are improper, and should be excluded.  *E.g., Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-

cv-492, 2017 WL 4020589, at *5 (E.D. Tex. Sept. 12, 2017) ("The above-italicized portions of Dr.

Wright's opinions that impermissibly compare the accused instrumentalities to an embodiment

disclosed in the '930 Patent, rather than to the claims, are therefore excluded under Rule 702.").

## VI.     Other Improper Infringement Opinions Should Also Be Excluded

**Paragraphs** ████████: Mr. McAlexander makes a number of statements about what constitutes

the ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████ These statements have no

relevance to infringement, which focuses on the claim language.  *ACS*, 732 F.2d at 1578.

**Paragraphs** ████████████: Mr. McAlexander's non-infringement arguments rely heavily on

the prior art.  For example, Mr. McAlexander opines that ███████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████  This

testimony should be excluded.  First, observations that ████████████████████████

███████ would not even be proper for an obviousness analysis.  *In re Kahn*, 441 F.3d 977, 986 (Fed.

Cir. 2006) ("[M]ere identification in the prior art of each element is insufficient to defeat the

patentability of the combined subject matter as a whole.").  Second, these opinions are even less

relevant to an infringement analysis, which concerns only the claim language.  *ACS*, 732 F.2d at 1578.

## VII.     References to Prior Proceedings Are Irrelevant to Mr. McAlexander's Report

**Paragraphs** ████████████: Mr. McAlexander references several prior proceedings.  ██████

██████████████████████████████████████████████████████████████████████████

█████████████████████████████  This should be excluded as irrelevant.

## VIII.    Prosecution History Estoppel Is a Question of Law

**Paragraphs** ████████: Mr. McAlexander opines that Netlist's infringement allegations ██████

██████████████████████████████████████████████████████████████████████████

Prosecution history estoppel is an issue of law for the Court.  *Biagro Western Sales, Inc. v. Grow More,*

*Inc.*, 423 F.3d 1296, 1301-02 (Fed. Cir. 2005) ("Prosecution history estoppel is a legal limitation on the

doctrine of equivalents. Issues relating to the application and scope of prosecution history estoppel .

. . are questions of law to be decided by the court."); *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d

1241, 1254 (Fed. Cir. 2000) (characterizing prosecution history estoppel as "a purely legal issue").

## IX.     Opinions Based on Documents Samsung Seeks to Exclude Should Be Stricken

**Paragraphs** ████████: Mr. McAlexander cites extensively to ████████████████████

██████████████████████████████████████████████████  in order to support an explanation

as to why █████████████████████████████████████████  Comparing a

██████████████████████████████████ not properly used as evidence of non-infringement.

**X.      Mr. McAlexander's** ██████████████████ **Analysis is Unreliable**

**Paragraphs** ████████ Mr. McAlexander purports to analyze the ████████████████ of

█████████████. He first divides ███████████████████████████████████

████████████████████ He then relies on a ██████████████████████████████

████████████████████████████████████████████████████████████████ With

the ████████████████████ Mr. McAlexander purports to ████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

████████████████████████████████████████ He has not identified how

any of these ██████████████████████████████████████████████████████ He

then  assigns ███████████████████████████████████████████████████████

████████████████████████████████ Nor has he identified how ██████████████████

████████████████████████████████████ Importantly, there is no

way to check Mr. McAlexander's work or replicate his methodology, which lacks any quantitative

analysis.  This is neither scientific nor reliable, and is exactly the kind of unscientific approach district

courts are charged with excluding under *Daubert*. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597

(1993) (Rule 702 requires "[p]ertinent evidence based on scientifically valid principles").

As an example of the entirely arbitrary nature of the analysis, Mr. McAlexander also appears

to ████████████████████████████████████████████████████ An example is

█████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████ Mr.

McAlexander does not explain why ████████████████████████████████████████

█████████████████████████████████████████████████

Dated: February 3, 2023

Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 3, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on February 2, 2023 counsel for the parties met and conferred on the issues raised in this motion.  Counsel for Samsung confirmed that Samsung did not intend to withdraw any of its expert reports, or any portions of its expert reports, and that Samsung would oppose any motions to strike portions of its expert reports.

*/s/ Yanan Zhao*
Yanan Zhao