UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SAMSUNG ELECTRONICS CO., LTD., )<br>SAMSUNG ELECTRONICS AMERICA, )<br>INC., SAMSUNG SEMICONDUCTOR, )<br>INC., )<br>)<br>Defendants. ) | Case No. 2:21-CV-463-JRG<br><br>JURY TRIAL DEMANDED<br><br>**Filed Under Seal** |

**NETLIST INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON
SAMSUNG'S LICENSE AFFIRMATIVE DEFENSES**

## TABLE OF CONTENTS

**Page**

I.    STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ................................... 2

II.   STATEMENT OF UNDISPUTED FACTS ................................................................... 2

VII.  ARGUMENT .................................................................................................................. 2

VIII. CONCLUSION ............................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Comer v. Murphy Oil USA, Inc.*,
   718 F.3d 460 (5th Cir. 2013) ................................................................................................... 3

*DiFolco v. MSNBC Cable L.L.C.*,
   622 F.3d 104 (2d Cir. 2010) .................................................................................................... 1

*Escamilla v. M2 Tech., Inc.*,
   2015 WL 5120823 (E.D. Tex. Aug. 31, 2015) ........................................................................ 4

*Netlist Inc. v. Samsung Elecs. Co., Ltd.*,
   Case No. 8:20-cv-993-MCS-ADS, Dkt. 186 (C.D. Cal. Oct. 14, 2021) (MSJ
   Order) ...................................................................................................................................... 1

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*,
   617 F.3d 1296 (Fed. Cir. 2010) ............................................................................................... 3

-ii-

Netlist's Partial Summary Judgment
Motion on Samsung's License Defenses
No. 21-cv-463-JRG (E.D. Tex.)

Netlist moves for summary judgment that the Joint Development License Agreement (the "JDLA") between Netlist and Samsung was terminated as of July 15, 2020. This should be uncontroversial. In a separate action, the Central District of California granted summary judgment in Netlist's favor that "Netlist terminated the JDLA," and later entered final judgment to the same effect. *See* Ex. 1 (*Netlist Inc. v. Samsung Elecs. Co., Ltd.*, Case No. 8:20-cv-993-MCS-ADS, Dkt. 186 at 20-21 (C.D. Cal. Oct. 14, 2021) (MSJ Order)); Ex. 2 (Dkt. 306 (Judgment)) ("Judgment is entered in favor of Netlist and against Samsung on Netlist's third claim for declaratory relief. Netlist terminated the JDLA pursuant to JDLA § 13.2, and Samsung's licenses and rights under the JDLA have ceased.").

Despite this final judgment, Samsung states in its interrogatory responses that " ████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ " Ex. 3 (Samsung 7th Supplemental Responses to Netlist's First Set of Interrogatories) at 150-53. The basis for Samsung's dispute appears to be its appeal to the Ninth Circuit, but as Samsung has previously told this Court, "collateral estoppel applies to a final district court judgment in federal court even if that judgment is on appeal." Dkt. 74 at 13 (citing *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013); *Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*, 170 F.3d 1373, 1380–81 (Fed. Cir. 1999)). Indeed, principles of issue preclusion and claim preclusion require that the termination be accepted and applied in this Action, and as such summary judgment is appropriate here.

There is a separate issue relating to the JDLA and its application in this case, and that is whether Samsung's decision to no longer perform its obligations under the JDLA served as a repudiation of the JDLA, and thus to the extent Samsung held any rights to Netlist's patents, those rights ceased as of Samsung's repudiation. This is a jury issue that is improper to resolve on summary judgment and, as such, Netlist does not seek such a judgment here now. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 112 (2d Cir. 2010) (under New York law, "the issue of repudiation or

- 1 -

Netlist's Partial Summary Judgment
Motion on Samsung's License Defenses
No. 21-cv-463-JRG (E.D. Tex.)

abandonment is an issue of fact," and the "determination [*i.e.* repudiation] is to be made by the jury") (quotations omitted).

## I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Whether issue preclusion and claim preclusion apply to require summary judgment that the JDLA was terminated as of July 15, 2020.

## II. STATEMENT OF UNDISPUTED FACTS

Netlist filed suit against Samsung in the Central District of California on May 28, 2020 seeking, among other things, judgment that Samsung breached the JDLA. Central District Action, Dkt. 14 at 4. Netlist amended its Complaint on August 31, 2020, adding a claim for "Declaratory Relief: Termination of Contract." Dkt. 23 at 5, 7-8. On August 16, 2021, Netlist moved for partial summary judgment on its third cause of action of termination. Dkts. 142, 193 (unsealed). Samsung filed its opposition brief on August 30, 2021, arguing that Netlist was "not entitled to partial summary judgment on its third cause of action for declaratory relief." Dkt. 168 at 30. The court in that action granted summary judgment in Netlist's favor. Dkt. 186 at 22 ("The Court grants summary judgment in favor of Netlist and against Samsung on Netlist's third claim for declaratory relief."). The parties further briefed the issue in post-judgment briefing. Dkt. 289 (Samsung's motion); Dkt. 296 (Netlist's opposition). The court ultimately entered judgment in Netlist's favor on the issue. Ex. 2 at 2 ("Judgment is entered in favor of Netlist and against Samsung on Netlist's third claim for declaratory relief. Netlist terminated the JDLA pursuant to JDLA § 13.2, and Samsung's licenses and rights under the JDLA have ceased.").

## VII. ARGUMENT

The Central District of California has already held that Netlist properly terminated the JDLA. Samsung asserts in its interrogatory responses that it appealed the C.D. Cal. final judgment to the Ninth Circuit, and "███████████████████████

████████████████████████████████████████████████

██████████████████████████" Ex. 1 (Samsung's 7th Supp. Rog Responses) at 152. "Collateral estoppel applies to a final district court judgment in federal court even if that judgment is on appeal." *Comer*, 718 F.3d at 467. The principles of issue preclusion and claim preclusion both squarely apply here and require summary judgment in Netlist's favor.

Issue Preclusion. To apply issue preclusion, an issue of law or fact must "1) be identical in the two actions, 2) have been actually litigated in the prior action, and 3) have been necessary to the judgment in the prior action." *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1311 (Fed. Cir. 2010) (citing *Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244, 250 (5th Cir. 1999)).

**Identical Issue**. The issue, whether the JDLA was terminated as of July 15, 2020, is identical across the two actions.

**Actually Litigated**. Netlist and Samsung actually litigated the issue of termination in the Central District Action. Netlist brought a claim for "COUNT THREE Declaratory Relief: Termination of Contract" in its First Amended Complaint in the Central District. Central District Action, Dkt. 23 at 7-8. As discussed above, the parties fully briefed the issue on summary judgment, the court granted summary judgment in Netlist's favor, and then granted judgment in Netlist's favor.

**Necessary to Judgment**. The determination of whether the JDLA was terminated was necessary to the resolution of Netlist's declaratory judgment action in the Central District.

Claim Preclusion. Claim preclusion has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Comer*, 718 F.3d at 467.

**Parties Identical/In Privity**. Both Netlist and Samsung Electronics Co. (SEC) were parties

to the Central District Action. To the extent Samsung Electronics America (SEA) and Samsung Semiconductor (SSI) had any rights arising from the JDLA, they arose through the fact that those companies are subsidiaries of SEC. Dkt. 85-2 (███████████████████████████████████████████████████████████████████████████████████████████████████). Under Fifth Circuit law, "a non-party will be found to be in privity with a party for *res judicata* purposes in three narrow circumstances: (1) if he has succeeded to the party's interest in property; (2) if he controlled the prior litigation; or (3) if the nonparty's interests were adequately represented by a party to the original suit." *Escamilla v. M2 Tech., Inc.*, 2015 WL 5120823, at *4 (E.D. Tex. Aug. 31, 2015), *report and recommendation adopted*, 2015 WL 5837430 (E.D. Tex. Sept. 30, 2015), *aff'd*, 657 F. App'x 318 (5th Cir. 2016). A non-party is adequately represented where "a party in the prior suit is so closely aligned to her interests as to be her virtual representative." *Id.* at *5 (quotation omitted). SEA's and SSI's interests are identical to SEC's, and thus they were adequately represented by SEC in the original C.D. Cal. contract action.

**Court of Competent Jurisdiction/Final Judgment/Same Claim in Both Actions**. As discussed above with respect to issue preclusion, each of these elements is met.

For reasons discussed above, Samsung is barred by issue preclusion and claim preclusion from disputing Netlist's proper termination of the JDLA as of July 15, 2020.

### VIII. CONCLUSION

Netlist respectfully requests that this Court grant summary judgment in its favor.

Dated: February 3, 2023                             Respectfully submitted,

                                                    */s/ Jason G. Sheasby*
                                                    _____

                                                    Samuel F. Baxter
                                                    Texas State Bar No. 01938000
                                                    sbaxter@mckoolsmith.com
                                                    Jennifer L. Truelove
                                                    Texas State Bar No. 24012906

- 4 -

Netlist's Summary Judgment Motion on
Samsung's License Defenses
No. 21-cv-463-JRG (E.D. Tex.)

jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on February 3, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

- 6 -

Netlist's Summary Judgment Motion on
Samsung's License Defenses
No. 21-cv-463-JRG (E.D. Tex.)