## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:21-CV-463-JRG |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC., SAMSUNG SEMICONDUCTOR, | ) | ████████████ |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NETLIST INC.'S PARTIAL MOTION FOR SUMMARY JUDGMENT
## FINDING JEDEC MATERIALS ARE NOT PUBLICLY ACCESSIBLE

# **TABLE OF CONTENTS**

**Page**

I.    STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ..................................... 1

II.    STATEMENT OF UNDISPUTED FACTS ................................................................. 1

III.    LEGAL STANDARD .............................................................................................. 3

      A.    Summary Judgment Standard Is a Question of Law ..................................... 3

      B.    Publicly Accessibility ................................................................................. 3

VII.    ARGUMENT ......................................................................................................... 4

      A.    JEDEC Materials Accessible Only to Members of Specific JEDEC Committees Are Not Publicly Accessible ..................................................... 4

      B.    The JEDEC Materials Do Not Meet the Standard tor Publicly Accessible Presentations ........................................................................... 5

      C.    JEDEC Materials Are Not Stored in a Publicly Accessible Database Reasonably Accessible to POSITAs ............................................................ 7

      D.    Disclosures of Content of JEDEC Materials Do Not Make the Confidential Materials Publicly Accessible ................................................... 8

VIII.    CONCLUSION ...................................................................................................... 10

- i -

Netlist's SJM on Samsung's Invalidity Defense Based on
Non-Public JEDEC Materials
No. 21-cv-463-JRG (E.D. Tex.)

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Acceleration Bay, LLC v. Activision Blizzard Inc.*,
  908 F.3d 765 (Fed. Cir. 2018) ............................................................................7

*Blue Calypso, LLC v. Groupon, Inc.*,
  815 F.3d 1331 (Fed. Cir. 2016) ...........................................................................8

*C.R. Bard, Inc. v. AngioDynamics*,
  Inc., 748 F. App'x 1009, 1015 (Fed. Cir. 2018) ................................................5

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ............................................................................................3

*Cordis Corp. v. Bos. Sci. Corp.*,
  561 F.3d 1319 (Fed. Cir. 2009) .......................................................................4, 5

*In re Cronyn*,
  890 F.2d 1158 (Fed. Cir. 1989) ...........................................................................7

*Duffy v. Leading Edge Prods, Inc.*,
  44 F.3D 308 (5th Cir. 1995) ................................................................................9

*Ecolochem, Inc. v. S. Cal. Edison Co.*,
  227 F.3d 1361 (Fed. Cir. 2000) ...........................................................................5

*Finesse Wireless, LLC v. AT&T Mobility, LLC*,
  2022 WL 18141571 (E.D. Tex. Dec. 21, 2022) ..................................................9

*In re Hall*,
  781 F.2d 897 (Fed. Cir. 1986) .............................................................................3

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
  2019 WL 2959568 (E.D. Tex. Apr. 18, 2019) ....................................................3

*In re Klopfenstein*,
  380 F.3d 1345 (Fed. Cir. 2004) ...........................................................................5

*Koninklijke Philips N.V. v. Zoll Med. Corp.*,
  656 F. App'x 504 (Fed. Cir. 2016) ......................................................................5

*In re Lister*,
  583 F.3d 1307 (Fed. Cir. 2009) .......................................................................7, 8

*M&K Holdings, Inc. v. Samsung Elecs. Co. Ltd.*,
    985 F.3d 1376 (Fed. Cir. 2021) ................................................................................ 7

*Medtronic Inc. v. Barry*,
    891 F.3d 1368 (Fed. Cir. 2018) ................................................................................ 6

*Samsung Elecs. Co. v. Infobridge Pte. Ltd.*,
    929 F.3d 1363, 1372 (Fed. Cir. 2019) ........................................................... 4, 6, 7, 8

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*,
    511 F.3d 1186 (Fed. Cir. 2008) ............................................................................ 3, 8

*Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*,
    665 F.3d 1269 (Fed. Cir. 2012) ................................................................................ 9

## Statutes

35 U.S.C. § 102 .......................................................................................................... 3

## Rules

Fed. R. Civ. P. 56 ....................................................................................................... 3

Netlist's SJM on Samsung's Invalidity Defense Based on
Non-Public JEDEC Materials
No. 21-cv-463-JRG (E.D. Tex.)

Netlist respectfully requests summary judgment that certain JEDEC materials do not qualify as prior art. In particular, JEDEC confidential materials such as meeting minutes, draft proposals, presentations, and ballots do not meet the requirement of being publicly accessible before the critical date because only members of specific committees of JEDEC can access such information and because Samsung has not identified any evidence showing how a POSITA exercising reasonable diligence could have located the confidential materials prior to the critical date.  Public availability is a question of law for the Court to decide.

## I.      STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1.      Whether Netlist is entitled to summary judgment that confidential JEDEC materials do not qualify as prior art.

## II.     STATEMENT OF UNDISPUTED FACTS

1.      Samsung has identified JEDEC documents and materials as alleged prior art (collectively, the "JEDEC materials").[1] Samsung's expert admits that the JEDEC materials are accessible only to members of specific JEDEC committees involved in developing the relevant JEDEC specifications.  The public cannot access these materials.  Ex. 1 (Halbert) ¶ 37 ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] For example, Samsung relied on or referenced to: Committee Item Number 142.62B, Committee Item Number 158.01, Committee Item Number 0311.12, Committee Item Number 0311.13, Committee Item Number 0311.14, QBM Interim JEDEC Meeting, Committee Item Number 2192.21, Committee Item Number 2192.22, Committee Item Number 2192.32, Committee Item Number 2204.03, JC-40 Minutes of Meeting No. 148 (December 2006), JC-40 Minutes of Meeting No. 149 (March 2007), Ballot JC42.2-04-76 Item 1480.01, JC-42.3 Minutes of Meeting No. 110 (June 2004), JC-42.3 Minutes of Meeting No. 120 (December 2006), JC-45 Minutes of Meeting No. 13 (December 2006), JEDEC Board of Directors Ballot (Committee Item 1325.19), Committee Item Number 1797.00 (June 2011), Committee Item Number 1787.05, Committee Item Number 1797.00 (September 2011), Committee Item Number 1787.01, Committee Item Number 1776.10, Committee Item Number 1777.00, Committee Item Number 1782.01, FMD – Wide I/O TG, Read Clock Proposal, March 2010 ("Read Clock Proposal"), Item Number 1777.29, Committee Item Number 1777.18. *See* Ex. 2 (McAlexander Open) ¶¶ 252-257, 2711-275, 286, 288, 1243; Ex. 3 (McAlexander Rebuttal) ¶¶ 626, 632, 635; Ex. 4 (Robins Open) ¶¶ 423, 427-435.

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████  Ex. 2 (McAlexander Opening) ¶ 1175, 1183, 1244 ████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████

2.    JEDEC itself treats the materials Samsung relies on as prior art as highly confidential and not publicly accessible.  For example, Samsung relies on materials produced by JEDEC as prior art.  *See, e.g.*, Committee Item Number 158.01 (JEDEC00017963/SAM-NET00321470)[2]; Committee Item Number 0311.12 (JEDEC00017966/SAM-NET00111193); Committee Item Number 0311.13 (JEDEC00017994/SAM-NET00111221); Committee Item Number 0311.14 (JEDEC00018008/SAM-NET00111235); JC-40 Minutes of Meeting No. 148, December 2006 (JEDEC00000832/SAM-NET00016379); JC-40 Minutes of Meeting No. 149, March 2007 (JEDEC00003288/SAM-NET00019205); JC-42.3 Minutes of Meeting No. 110, June 2004 (JEDEC00005508/SAM-NET00002012); JC-42.3 Minutes of Meeting No. 120, December 2006 (JEDEC00006148/SAM-NET00016422); Committee Item Number 1797.00 June 2011 (JEDEC00033568 - JEDEC00033585); Committee Item Number 1787.05 (JEDEC00033606 - JEDEC00033610); Committee Item Number 1797.00 (September 2011) (JEDEC00033586 - JEDEC00033605); Committee Item Number 1787.01 (JEDEC00035864 - JEDEC00035874); Item Number 1777.29 (JEDEC00033061 - JEDEC00033064); Committee Item Number 1777.18 (JEDEC00033065 - JEDEC00033067).  These documents are designated as "Confidential – Attorney's Eyes Only" by JEDEC under the protective

---

[2] Document with bates beginning with "SAM-NET" are identical documents produced by Samsung.

order, Dkt. 48, and therefore cannot be disclosed publicly. Ex. 11 (JEDEC metadata confidentiality designation).

        3. ███████████████████████████████████████████ Ex. 5 (NL006132 May 20, 2016 Samsung Email).  According to Samsung, ██████████████

██████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████ *Id.*

## III.   LEGAL STANDARD

### A.   Summary Judgment Standard Is a Question of Law

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, 2019 WL 2959568, at *2 (E.D. Tex. Apr. 18, 2019), *adopted* 2019 WL 1987204 (E.D. Tex. May 6, 2019). Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### B.   Publicly Accessibility

"Because there are many ways in which a reference may be disseminated to the interested public, 'public accessibility' has been called the touchstone in determining whether a reference constitutes a 'printed publication' bar under 35 U.S.C. § 102(b)."  *In re Hall*, 781 F.2d 897, 898–899 (Fed. Cir. 1986).  Whether a document "qualifies as a 'printed publication' under § 102 is a legal conclusion." *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 511 F.3d 1186, 1192 (Fed. Cir. 2008).  A reference is publicly accessible if "such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it." *Id.* at 1194.

## VII.    ARGUMENT

### A.    JEDEC Materials Accessible Only to Members of Specific JEDEC Committees Are Not Publicly Accessible

The JEDEC materials are confidential and only accessible to JEDEC members, and therefore do not qualify as prior art.

Dissemination to JEDEC members—by itself—is insufficient as a matter of law to demonstrate the JEDEC materials are "publicly accessible." In *Samsung Elecs. Co. v. Infobridge Pte. Ltd.*, the Federal Circuit explained that to determine whether a document is publicly accessible, the analysis should focus on the knowledge of those *outside the authoring organization*, because "[t]o hold otherwise would disincentivize collaboration and depart from what it means to *publish* something." 929 F.3d 1363, 1372 (Fed. Cir. 2019). Similar to the JCT-VC members in *Infobridge*, members of JEDEC meetings are "part of ongoing, collaborative efforts to draft" the materials. *Id.* Thus, these internal presentations and proposals of JEDEC members are not publicly accessible printed publications. *Id.* at 1371-72 ("a work is not publicly accessible if the only people who know how to find it are the ones who created it").

There is no evidence that anyone outside of specific JEDEC committees could access the JEDEC materials prior to the critical date. Indeed, Samsung's own expert confirmed that ████ ████████████████████████████████████████████████████████████ ██████████████ Ex. 1 (Halbert) ¶ 37. Further JEDEC materials relied on by Samsung's expert as prior art have been designated by JEDEC as "Confidential – Attorney's Eyes Only," which further indicates their confidentiality status.  *Supra* II. 2. Thus, the JEDEC materials were not publicly accessible and do not qualify as prior art.  *See Infobridge*, 929 F.3d at 1371-72; *see also Cordis Corp. v. Bos. Sci. Corp.*, 561 F.3d 1319, 1335 (Fed. Cir. 2009) (affirming summary judgment finding inventors' monographs were not prior art even though they were disclosed to the inventor's colleagues and two

commercial entities without an explicit legal obligation of confidentiality because the defendant could not provide evidence showing the inventor's expectation of confidentiality was not reasonable). *C.R. Bard, Inc. v. AngioDynamics*, Inc., 748 F. App'x 1009, 1015 (Fed. Cir. 2018) (holding a product guide that "bears some indicia of a public-facing document" was not publicly available, noting that "even if a member of the relevant public could have requested it, there is [no] evidence that they would have had a reason to do so"); *Koninklijke Philips N.V. v. Zoll Med. Corp.*, 656 F. App'x 504, 529 (Fed. Cir. 2016) (rejecting assertions "that some member of the public could have found out about the application, requested it from the FDA, and then received it, because the confidentiality of the application had expired" as "rel[ying] on a considerable amount of conjecture that is not supported by the record" including that there was "no evidence of indexing or cataloguing, which, while not prerequisites, serve as hallmarks of public accessibility").

B.   **The JEDEC Materials Do Not Meet the Standard tor Publicly Accessible Presentations**

For presentations at a conference, trade show, or group meeting, public accessibility turns on: (1) "the length of time the display was exhibited," (2) "the expertise of the target audience," (3) "the existence (or lack thereof) of reasonable expectations that the material displayed would not be copied," and (4) "the simplicity or ease with which the material displayed could have been copied." *In re Klopfenstein*, 380 F.3d 1345, 1347–52 (Fed. Cir. 2004); *Ecolochem, Inc. v. S. Cal. Edison Co.*, 227 F.3d 1361, 1369–70 (Fed. Cir. 2000). "[P]rofessional and behavioral norms" establishing "a reasonable expectation" of confidentiality can support a summary judgment finding a reference is not a printed publication. *Cordis*, 561 F.3d at 1335.  Samsung has not provided any evidence showing that JEDEC materials qualify as printed publications based on their presentation within confidential JEDEC committees closed to the public consisting of 20 members.

*First*, Samsung has not produced any evidence to show when and how the materials were first made accessible to JEDEC members, much less how long the materials were displayed.  Thus, there is no evidence in the record to establish public accessibility under this factor.

*Second*, "[d]istributing materials to a group of experts, does not, without further basis, render those materials publicly accessible or inaccessible, simply by virtue of the relative expertise of the recipients." *Medtronic Inc. v. Barry*, 891 F.3d 1368, 1382-83 (Fed. Cir. 2018). Rather, a presentation made only to an exclusive group of experts is less likely to be considered publicly available. *Id.* In this circumstance, "the purpose of the meetings" and "whether the [organization] members were expected to maintain the confidentiality of received materials" are important considerations. *Id.* (noting the "exclusive" membership was one factor in the analysis, but the Board should have also considered the purpose and confidentiality of the meetings). As discussed above, *supra* VII.A.1, JEDEC Committee meetings are confidential and the purpose of these meetings is to collaborate on drafting JEDEC standards, which the Federal Circuit has found to counsel against the public accessibility of documents. *Infobridge*, 929 F.3d at 1372 (finding reference not publicly accessible where only 250 skilled artisans who were part of "ongoing, collaborative efforts" to draft the reference had access to it).

*Third*, there is no dispute that the JEDEC materials are confidential and only available to the members of specific JEDEC committees, rather than the public. *See* Ex. 1 (Halbert) ¶ 37; Ex. 6 (identifying one membership advantage is the access to "JEDEC's members-only website featuring JEDEC confidential meeting minutes, committee showings, online voting system and more"). As discussed above, *supra* VII.A.1, disclosure to only members of specific JEDEC committees is not sufficient to make a reference publicly accessible.

*Fourth*, Samsung has not produced any evidence showing how either JEDEC members or the public could have copied the information during a presentation nor of the ease or difficulty of the steps needed to do so. In fact, JEDEC membership does not come free: As explained on JEDEC's

website, the fees can vary "depending on committee participation level, from \$3,200 to \$19,200 per calendar year," for a company to join. Ex. 7. Member participation on JEDEC committees also requires compliance with JEDEC's patent policy. Ex. 10. A company who is unwilling to agree to this may have to withdraw from a relevant committee it is a part of. *Id.* Thus, the JEDEC patent policy presents yet another barrier that may prevent interested members of the public from joining the relevant JEDEC committees to access the materials.

### C.      JEDEC Materials Are Not Stored in a Publicly Accessible Database Reasonably Accessible to POSITAs

Samsung is likely to argue that the JEDEC materials were uploaded to the JEDEC website which allegedly evidences their publicly accessibility. But that argument must fail.

"When a reference is uploaded to a website… the fact that the reference is indexed or cataloged in some way can indicate that it is publicly accessible." *Infobridge*, 929 F.3d at 1369; *In re Lister*, 583 F.3d 1307 at 1312 (Fed. Cir. 2009). But documents uploaded to a database are not publicly accessible when they are not indexed in a meaningful way. *See Acceleration Bay, LLC v. Activision Blizzard Inc.*, 908 F.3d 765, 773-774 (Fed. Cir. 2018); *In re Cronyn*, 890 F.2d 1158, 1161 (Fed. Cir. 1989). Samsung has not produced any evidence that the JEDEC materials were indexed or that POSITAs exercising reasonable diligence could locate the confidential materials prior to the critical date.  Samsung has not produced any evidence that the JEDEC materials were indexed or that POSITAs exercising reasonable diligence could locate the confidential materials prior to the critical date.

As discussed above, only JEDEC members are able to access materials uploaded to the JEDEC website. These materials are considered confidential and thus are not available to the public for the reasons discussed above. *Supra* VII. A; *cf. M&K Holdings, Inc. v. Samsung Elecs. Co. Ltd.*, 985 F.3d 1376, 1380 (Fed. Cir. 2021) (finding documents distributed through organization's "public… website, which hosted downloadable copies" were publicly available.).

Netlist's SJM on Samsung's Invalidity Defense Based on
Non-Public JEDEC Materials
No. 21-cv-463-JRG (E.D. Tex.)

- 7 -

Further, Samsung has not presented any evidence on how even a person with access to the JEDEC website would find the relevant references "unless they already knew what to look for and where to look for it." *Infobridge*, 929 F.3d at 1372. For example, Samsung has not produced any evidence that the JEDEC materials could be searched by key words, author, subject matter, or dates. While JEDEC website has a search function, draft proposals of the kind Samsung relies on are not included in the "document types" available for members to search and view. Ex. 8 (listing document types as guidance for "standards & documents search"). *See SRI*, 511 F.3d at 1197-98 ("[O]n summary judgment, [the Federal Circuit] finds that the [article] was not catalogued or indexed in a meaningful way and not intended for dissemination to the public" where only a few persons directed by the author were able to locate this article).

There is also no evidence as to whether the relied upon JEDEC materials are even stored or how an interested person would know of their existence. *See Blue Calypso, LLC v. Groupon, Inc.*, 815 F.3d 1331 (Fed. Cir. 2016) (upholding Board's finding that reference was not publicly accessible because "there was no evidence that the ordinarily skilled artisan would know of" the webpage the reference was stored on and there was no evidence reference was locatable by search engine). Indeed, Samsung has not even produced any evidence showing when each of the relevant JEDEC materials was first uploaded to the JEDEC website, much less that any of these were publically available ***before the critical dates***. This by itself warrants summary judgment. *See In re Lister*, 583 F.3d at 1317 (reversing the PTO's decision finding a manuscript uploaded to the Copyright Office's system is prior art because "[t]here is no indication as to when [the creation of the catalog information about the relevant prior art] occurred or whether it was prior to the critical date").

### D.   Disclosures of Content of JEDEC Materials Do Not Make the Confidential Materials Publicly Accessible

Samsung's expert witness appears to suggest that ███████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████ *Supra* II. 1; Ex. 2 (McAlexander Open) ¶¶ 1175, 1183, 1244. However, Mr.

McAlexander provides no basis to substantiate his conclusory allegation—which simply tracks the

language of Samsung's invalidity contentions made of counsel arguments. *Compare id. with* Ex. 9 (2022-

06-29 Samsung Invalidity Contentions) at 15 ("Draft specifications, ballots and presentations

distributed to the members of the JC-40 and/or JC-45 committees of JEDEC were distributed to

many (20+) key members of the interested public with the expectation they would be freely disclosed

to and discussed with others."). Such conclusory assertion is not proper evidence that could defeat a

summary judgment motion. *Finesse Wireless, LLC v. AT&T Mobility, LLC,* 2022 WL 18141571, at *1

(E.D. Tex. Dec. 21, 2022), *adopted*, 2023 WL 114696 (E.D. Tex. Jan. 5, 2023) ("Conclusory allegations

unsupported by concrete and particular facts will not prevent an award of summary judgment.")

(quoting *Duffy v. Leading Edge Prods, Inc.*, 44 F.3D 308, 312 (5th Cir. 1995)); *see also Streck, Inc. v. Rsch.

& Diagnostic Sys., Inc.*, 665 F.3d 1269, 1290 (Fed. Cir. 2012) ("[C]onclusory expert assertions do not

give rise to a genuine issue of material fact.").

To the contrary, JEDEC itself has designated the JEDEC materials it produced as

"Confidential – Attorney's Eyes Only." *See supra* II. 2. Under the protective order entered in this

Action, even the content of the JEDEC materials cannot be discussed or disclosed to the public or

individuals beyond those specifically listed in the Protective Order. Dkt. 48 ¶¶ 6, 9. Moreover,

evidence exists that Samsung itself maintained that discussions of JEDEC proposals or standard-

development related protocols with a non-member of JEDEC committees should be restrained. *See

supra* II. 3 (███████████████████████████████████████████████

███████████████████████████).

Even assuming Samsung's assertion that the content of JEDEC confidential materials can be discussed freely is true (which it is not), that does not make these JEDEC materials prior art. Samsung has provided no evidence showing how the content of JEDEC materials that allegedly could invalidate Netlist's patents was ever being publicly discussed or disseminated. Nor did Samsung provide any evidence showing how a person interested and ordinarily skilled in the subject matter or art exercising reasonable diligence can locate JEDEC materials based on public disclosures of their content by any of its members.

## VIII.  CONCLUSION

Summary judgment should be granted finding the JEDEC materials Samsung relied on or referenced to are not publicly accessible.

Dated: February 3, 2023

Respectfully submitted,

/s/ Jason G. Sheasby
_____

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)

mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

Netlist's SJM on Samsung's Invalidity Defense Based on
Non-Public JEDEC Materials
No. 21-cv-463-JRG (E.D. Tex.)

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that, on February 3, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

Netlist's SJM on Samsung's Invalidity Defense Based on
Non-Public JEDEC Materials
No. 21-cv-463-JRG (E.D. Tex.)