UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:21-CV-463-JRG ) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., | ) JURY TRIAL DEMANDED ) ) ) ▆▆▆▆▆▆▆▆▆ ) ) |
| Defendants. | ) |

**NETLIST INC.'S MOTION TO STRIKE PORTIONS OF THE
REBUTTAL EXPERT REPORT OF GABRIEL ROBINS**

## TABLE OF CONTENTS

**Page**

I. Belated Claim Construction Opinions Should Be Stricken ...........................................................1

II. Improper Comparison of Accused Products to Embodiments of the Invention......................4

III. Prior Art is Irrelevant to Infringement ................................................................5

IV. Previously Undisclosed Alleged NIAs Should Be Stricken ............................................................7

V. Dr. Robins' Opinions Ignoring that the Alleged Disclaimer Was Specific to "Rajan's DRAM Circuits" Should be Stricken..................................................................9

VI. References to Netlist's Pleadings and Briefs Are Improper ........................................................15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ACS Hosp. Sys., Inc. v. Montefiore Hosp.*,
   732 F.2d 1572 (Fed. Cir. 1984) ............................................................................... 5, 6, 15

*DataQuill Ltd. v. Huawei Technologies Co. Ltd.*,
   2015 WL 9450821 (E.D. Tex. June 11, 2015) .................................................................. 9

*EPOS Techs. Ltd. v. Pegasus Techs. Ltd.*,
   766 F.3d 1338 (Fed. Cir. 2014) ..................................................................................... 2, 3

*Genuine Enabling Tech. LLC v. Nintendo Co.*,
   29 F.4th 1365 (Fed. Cir. 2022) ................................................................................. 13, 14

*GREE, Inc. v. Supercell Oy*, 2020 WL 4288356 (E.D. Tex. July 27, 2020) ........................... 8

*In re Kahn*,
   441 F.3d 977 (Fed. Cir. 2006) ........................................................................................... 6

*Maxell, Ltd. v. Apple Inc.*,
   2020 WL 8269548 (E.D. Tex. Nov. 11, 2020) ................................................................. 1

*Music Choice v. Stingray Digital Grp., Inc.*,
   2019 WL 8110069 (E.D. Tex. Nov. 19, 2019) ................................................................. 1

*Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Technologie GmbH*,
   2018 WL 4289342 (E.D. Tex. July 11, 2018) .................................................................. 8

*Network-1 Techs., Inc. v. Alcaltel-Lucent USA, Inc.*,
   2017 WL 4020589 (E.D. Tex. Sept. 12, 2017) ................................................................. 5

*Tempo Lighting, Inc. v. Tivoli, LLC*,
   742 F.3d 973 (Fed. Cir. 2014) ........................................................................................... 2

*Ultravision Techs., LLC v. GoVision LLC*, 2021 WL 2144788 (E.D. Tex. May 26, 2021) ......... 1

**Rules**

Fed. R. Evid. 402, 403 ................................................................................................................. 7

Rule 702 ....................................................................................................................................... 5

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)

## I. Belated Claim Construction Opinions Should Be Stricken

In the following paragraphs of Dr. Robins' rebuttal report, Samsung puts forth new claim constructions it did not raise, or chose to drop, at the *Markman* stage. "[F]ailure to timely raise ... claim construction arguments should ordinarily result in waiver of the arguments." *Music Choice v. Stingray Digital Grp., Inc.*, 2019 WL 8110069, at *3 (E.D. Tex. Nov. 19, 2019). Samsung "should have presented [these] dispute[s] to the Court during claim construction and, by failing to do so, has forfeited the argument." *Maxell, Ltd. v. Apple Inc.*, 2020 WL 8269548, at *23 (E.D. Tex. Nov. 11, 2020) (striking portions of expert rebuttal report presenting new claim construction). As an independent basis for exclusion, Dr. Robins' constructions should also be excluded because they are erroneous. *See Ultravision Techs., LLC v. GoVision LLC*, 2021 WL 2144788, *3 (E.D. Tex. May 26, 2021) (citing *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2016)) ("Incorrect claim construction statements go to the relevance of the expert's opinion, and thus form a basis to exclude an expert's opinion.").

**Paragraphs 269-270, 276, 416-419**: The asserted claims of the '060 and '160 patents recite, in part, "die interconnect(s) . . . not in electrical communication with . . . array die(s)." *See, e.g.*, '060, 23:65-24:5 (claim 1); '160, 23:51-58 (claim 1). Dr. Robins purports to apply the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ but goes on to analyze the meaning of these terms in light of the specification and extrinsic evidence incorporated by reference from his opening report. *See* Ex. 1 ¶¶ 416-419. For example, Dr. Robins opines ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* ¶ ▓▓ *see also id.* ¶ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, ¶ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

- 1 -

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)

██████████████████████████████████); *id.* ¶ ████████████ ████

████████████████████████████████████████████████████████████████

████████████████. Dr. Robins also bases his opinion as to a POSITA's understanding of these terms on ████████████████████████████████████████████████. *Id.* ¶ 416. Section VI(L) of the opening report is ████████████████████████████████ ██████.[1] Similarly, in Paragraphs 269-270, Dr. Robins opines that ████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████. *See id.* ¶ ████████████████████). If extrinsic evidence is necessary to inform the meaning of the claim, this is claim construction that Samsung should have sought at the *Markman* stage.

Moreover, Dr. Robins' opinions regarding the "electrical communication" term should also be excluded as legally erroneous. First, he ████████████████████████████████████ ████████████████████████████████████ *See Tempo Lighting, Inc. v. Tivoli, LLC*, 742 F.3d 973, 977 (Fed. Cir. 2014) ("In claim construction, this court gives primacy to the language of the claims, followed by the specification."). Second, ████████████████████████████████ ████████████████████████████████████████████████████████████████ ████. *EPOS Techs. Ltd. v. Pegasus Techs. Ltd.*, 766 F.3d 1338, 1341 (Fed. Cir. 2014) ("[I]t is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment— into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited."). Thus, these portions of the report should be stricken.

**Paragraphs 244-245, 281-282, 457-459**: Certain claims of the '060/'160 patents require a

---

[1] As explained in Section I.A of Netlist's concurrently filed motion to strike Dr. Robins' opening report, these sections of the opening report should be stricken because Samsung did not disclose in its invalidity contentions any of the materials Dr. Robins relies on in these sections.

- 2 -

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)

"first driver" with a "first driver size" and a "second driver" with a "second driver size." *See* '060 cls. 15, 21, 22; '160 cl. 1. For example, claim 1 of the '160 patent recites, in part, a "control die" comprising "first data conduits" and "second data conduits." '160 23:59-24:3 (claim 1). Claim 1 of the '160 patent further requires that the data conduits include drivers, each with a "driver size": "the first data conduit including first drivers each having ***a first driver size*** and configured to drive a data signal from a corresponding data terminal to the first group of array dies, the second data conduit including second drivers each having ***a second driver size*** and configured to drive a data signal from a corresponding data terminal to the second group of at least one array die, ***the second driver size being different from the first driver size***." *Id.*[2]

Samsung, through Dr. Robins' rebuttal report, seeks to advance a construction of "first driver size" and "second driver size" that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 1 ¶¶ ▮▮▮▮. To support this opinion, Dr. Robins ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 1 ¶¶ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; *id.* ¶¶ ▮▮▮▮▮▮▮▮▮▮ Opining about the meaning of claim terms in light of the specification is claim construction, not plain meaning analysis. Dr. Robins acknowledges ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶ 456. However, he fails to note that Samsung did identify this term for construction in its P.R. 4-1 disclosures and ultimately chose to drop the terms featuring "first driver size" and "second

---

[2] All emphases are added unless otherwise indicated.
[3] There is no ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- 3 -

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)

driver size" from construction. *See* Ex. 2 (Samsung 4-1 Disclosure) at 3-5 (identifying terms featuring "driver size" for construction). Thus, these portions of Dr. Robins' report should be stricken.

**Paragraph 469**: Regarding claim 7 of the '060 patent, Dr. Robins opines that ███████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ██████. In support, ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████. As above, this is claim construction, not plain meaning analysis. Samsung identified "selected in consideration of a load" for claim construction, but chose to drop it. *See* Ex. 2 (Samsung 4-1 Disclosure) at 3; Ex. 3 (Samsung 4-2 Disclosure) at 18 (contending that claim 7 was indefinite, a position Samsung ultimately dropped). Thus, Samsung waived any further construction.

**Paragraphs 279-280**: Dr. Robins provides ████████████████████████████████ ████████████████████████ *See, e.g.*, Ex. 1 ¶ ████ (████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████). He also ████████████████████████████████ ████████████████████████ *See id.* ¶ ████. ████████████████████████████ the Court construed the term "chip select signal" to have its plain and ordinary meaning. Ex. 1 ¶ ████████████████. Thus, his further attempt to construe the term "chip-select signal" is improper.

## II.   Improper Comparison of Accused Products to Embodiments of the Invention

**Paragraphs 461, 463**: Dr. Robins improperly compares the accused products to embodiments of the invention. He contends that ████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████. *See* Ex. 1 ¶¶ ████████. Dr. Robins notes ████████████████████████████████████████ ████████████████████████████████████████. *See id.* ¶¶ ████████. Dr. Robins then ████████████

- 4 -

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)

███ *See id.* ¶ ███

███

███ ; *id.* ¶ ███

███ ). "Infringement is determined on the basis of the **claim**," not the specification. *ACS Hosp. Sys., Inc. v. Montefiore Hosp.*, 732 F.2d 1572, 1578 (Fed. Cir. 1984). Dr. Robins' comparison of the accused products to embodiments of the invention is improper, and should be excluded. *See Network-1 Techs., Inc. v. Alcaltel-Lucent USA, Inc.*, 2017 WL 4020589, at *5 (E.D. Tex. Sept. 12, 2017) ("The above-italicized portions of Dr. Wright's opinions that impermissibly compare the accused instrumentalities to an embodiment disclosed in the '930 Patent, rather than to the claims, are therefore excluded under Rule 702.").

### III. Prior Art is Irrelevant to Infringement

In the following paragraphs, Dr. Robins opines that ███ ███ Infringement is focused solely on a comparison of the claims as construed to the accused product. *ACS*, 732 F.2d at 1578 ("[I]nfringement is determined on the basis of the claims."). Thus, Dr. Robins' opinions contrary to this principle should be excluded.

**Paragraphs 52-63, 67**: Dr. Robins ███ ███ *See, e.g.*, Ex. 1 ¶¶ ███ ███ ; *id.* ¶¶ ███ ███ . Dr. Robins then opines that ███ ███ . *See id.* ¶ ███ ███

- 5 -

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)

██████████████████████████████████████████████);

*id.* ¶ ███████████████████████████████████████████

███████/████████/███████████████████████████████

███████████████████████████). ██████████████████

██████████████████████████████████████████████

██████. First, observations that individual elements recited in the claims were "not new" would not even be proper for an obviousness analysis. *In re Kahn*, 441 F.3d 977, 986 (Fed. Cir. 2006) ("[M]ere identification in the prior art of each element is insufficient to defeat the patentability of the combined subject matter as a whole."). Second, these opinions are even less relevant to an infringement analysis, which concerns only the claim language. *ACS*, 732 F.2d at 1578. Thus, these portions of his report should be excluded.

**Paragraphs 113-130**: Dr. Robins opines that ████████████████████████

████████████████████████████████████████████████

████████████████████████████ To the extent Dr. Robins intends to rely on these materials to support his non-infringement arguments, these portions of the rebuttal report should be excluded as irrelevant to the issue of infringement.

**Paragraphs 302-317, 324-340**: Dr. Robins also purports to provide █████████

███████████████████████████ *See* Ex. 1 ¶¶ ███████████████

██████████████████████████. Similarly, in Paragraphs ██████

████████████████████████████████████████████████

████████████████████████████████ *See* Ex. 1 ¶¶ ██████

Dr. Robins asserts that █████████████████████████████████

████████████████████████████████████████████████

█████████████ *Id.* ¶ ████. All of these portions of his report should be stricken. First, he does

- 6 -

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)

not perform an element-by-element analysis to establish that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. As a result, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ has no legal relevance. Second, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. As explained below, Samsung was asked in an interrogatory ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See infra* Section IV (noting that Samsung's response to Interrogatory No. 15 did not identify any patents covering HBM). Third, permitting Dr. Robins to testify that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ would only confuse and mislead the jury by suggesting that Samsung does not infringe the '060/'160 patents because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Fed. R. Evid. 402, 403.

**IV.    Previously Undisclosed Alleged NIAs Should Be Stricken**

Netlist's Interrogatory No. 8 asked Samsung to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 4 at 11-12. Samsung provided ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 5 (Dec. 22, 2022 Supp. Response) at 115 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). Moreover, as noted below, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Netlist's Interrogatory No. 15 asked Samsung to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 6 at 23. Samsung's sole response was identification of a single document: ▮▮▮▮▮▮▮▮▮▮. *Id.* at 23-24. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. 7 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See id.* In other words, Samsung did not disclose any patents in its interrogatory responses that it contends cover Samsung's HBMs.

- 7 -

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)

However, through Dr. Robins' rebuttal report, Samsung seeks to introduce NIAs and/or patents that he suggests cover the accused HBM products, but that Samsung did not disclose in any of its interrogatory responses:



Notably, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Ex. 1 at 98 n.5. These portions of the report should be stricken, at least to the extent that Dr. Robins contends that the references discussed therein practice the accused products, and are NIAs to the patents-in-suit because none of this was disclosed in Samsung's interrogatory responses.[4] Samsung had an obligation under the Federal Rules to "disclose this information fully and to supplement its disclosure as necessary," but failed to do so. *GREE, Inc. v. Supercell Oy*, 2020 WL 4288356, at *2 (E.D. Tex. July 27, 2020). By failing to do so, Netlist's experts were deprived of an opportunity to rebut Samsung's NIA analysis. Thus, these opinions should be stricken. *See Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Technologie*

---

[4] To the extent Dr. Robins does not contend that these patents cover Samsung's HBM products, they are irrelevant to an infringement analysis, as explained above in Section III, *supra*.

- 8 -

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)

*GmbH*, 2018 WL 4289342, *5 (E.D. Tex. July 11, 2018) (striking opinions on three non-infringing alternatives that were disclosed for the first time in rebuttal reports because the "failure to disclose these alternatives until after the close of fact discovery would significantly prejudice Plaintiff and is not substantially justified"); *DataQuill Ltd. v. Huawei Technologies Co. Ltd.*, 2015 WL 9450821, *3 (E.D. Tex. June 11, 2015) (granting motion to exclude testimony on non-infringing alternatives raised for the first time in rebuttal report).

**V.     Dr. Robins' Opinions Ignoring that the Alleged Disclaimer Was Specific to "Rajan's DRAM Circuits" Should be Stricken**

**Paragraphs 154-169, 252, 286-300**: During prosecution of the '060 patent, the PTO rejected the claims based on the "Rajan" reference.

> 8.  Claims 1-4, 7, 9-13, 15-21, 23, 24, 27-29, 31, 33 and 34 are rejected under pre-AIA 35 U.S.C. 102(b) as being anticipated by Rajan et al. (US 2008/0025137).
> Regarding claim 1: Rajan (Fig. 2B) shows a memory package, comprising:
> a plurality of input/output terminals (address, Control, Clock and Data) via which the memory package communicate data and control/address signals with one or more external devices;
> a plurality of stacked array dies (paragraph [0043], lines 1-3) including a first group of array dies (206A and 206C) and a second group (206B and 206D) of at least one array die, each array die having data ports;

(Ex. 12, at 6-7)

Fig. 2B depicted the following structure:



- 9 -

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)

And the cited Paragraph 43 of Rajan made clear that this structure could apply to any memory type, including DRAM and flash:

> [0043] FIGS. 2A-2E show various configurations of a buffered stack of DRAM circuits 206A-D with a buffer chip 202, in accordance with various embodiments. As an option, the various configurations to be described in the following embodiments may be implemented in the context of the architecture and/or environment of FIG. 1. Of course, however, they may also be carried out in any other desired environment (e.g. using other memory types, etc.). It should also be noted that the aforementioned definitions may apply during the present description.

(Ex. 9, [0043])

Fig. 2A of Rajan depicts the following structure:



(Ex. 9, Fig. 2A)

- 10 -

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)

Rajan also repeatedly makes clear that its structure of stacked dies with wirebonds connecting the dies is generic to any memory type:

> [0018] For example, in various embodiments, one or more of the memory circuits 104A, 104B, 104N may include a monolithic memory circuit. For instance, such monolithic memory circuit may take the form of dynamic random access memory (DRAM). Such DRAM may take any form including, but not limited to synchronous (SDRAM), double data rate synchronous (DDR DRAM, DDR2 DRAM, DDR3 DRAM, etc.), quad data rate (QDR DRAM), direct RAMBUS (DRDRAM), fast page mode (FPM DRAM), video (VDRAM), extended data out (EDO DRAM), burst EDO (BEDO DRAM), multibank (MDRAM), synchronous graphics (SGRAM), and/or any other type of DRAM. Of course, one or more of the memory circuits 104A, 104B, 104N may include other types of memory such as magnetic random access memory (MRAM), intelligent random access memory (IRAM), distributed network architecture (DNA) memory, window random access memory (WRAM), flash memory (e.g. NAND, NOR, or others, etc.), pseudostatic random access memory (PSRAM), wetware memory, and/or any other type of memory circuit that meets the above definition.

(Ex. 9, [0018])

In response, applicant made the following statement when traversing the rejection over Rajan: "First of all, Rajan does not disclose 'a plurality of stacked array dies.' Rajan merely stacks **DRAM circuits 206A-D**, which are different from array dies. As a result, Rajan's buffer chip 202 also operates very differently from the control die in claim 1." Ex. 8 (Jan. 13, 2014 Amendment) at 11-12.

The Court found that the applicant had made a structural disclaimer during prosecution based on its arguments regarding Rajan. *See* Dkt. 114 at 32 ("Netlist structurally distinguished 'stacked DRAM circuits' from 'stacked array dies' to obtain the patent. Based on that distinction, the Court construes 'array die' as 'array die that is different from a DRAM circuit.'"). The Court thus construed "array die" to mean "array die that is different from a DRAM circuit." Dkt. 114 at 35. The Court also made clear that it would be up to experts to determine whether the structure in Samsung's accused products (HBMs) and the asserted prior art was "a DRAM circuit" of Rajan. Ex. 10 (*Markman* Hearing Transcript), 34:3-8 ▮

▮).

- 11 -

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)

After the claim construction, Netlist took the deposition of Samsung's corporate representative ███████████ on its accused HBM products. The corporate representative testified unreservedly that

████████████████████████████████████████████████████████████
████████████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████
██

████████████████████████████████████████

████████████████████████████████████████████, who was the engineer responsible for launching the accused HBM products, gave identical testimony when shown the relevant figure from Rajan:

████████████████████████████████
████████████████████████████████
██████████████████████████████████
██████
██████████████████████████████
████████
████████████████████████████

██████████████████████████████████████████████

Because of this damaging testimony, Samsung has to attempt to alter the Court's construction and it is attempting to use Dr. Robins for this purpose. Dr. Robins does not apply the Court's ruling that the disclaimer was a structural disclaimer that was limited to Rajan's "DRAM circuits." Instead, he argues that

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████. For example, in Paragraph ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████ Ex. 1 ¶ ████  In the next section (IV.I), titled ████████████████
████████████████████ Dr. Robins purports to ████████████████████████

- 12 -

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)

▬▬▬. *See id.* ¶¶ ▬▬▬. For example, Dr. Robins claims that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬."[5] *Id.* ¶ ▬▬ *see also* ¶¶ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬; *see also id.* ¶¶ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ This reliance on material beyond Rajan's disclosure ignores that the scope of disclaimer of "array die" is limited to **Rajan's** "DRAM circuits." *See Genuine Enabling Tech. LLC v. Nintendo Co.*, 29 F.4th 1365, 1374-75 (Fed. Cir. 2022) (disclaimer of claim scope for "input signal" limited only to "signals below the audio frequency spectrum," but "t[o] the extent [applicant's] statements may implicate other claim scope—such as signals of frequency up to 500 Hz—the record does not rise to the level of establishing a 'clear and unmistakable' disavowal"). Dr. Robins' reliance on material beyond Rajan's disclosure to interpret the meaning of "DRAM circuit" as that term is used in the prosecution history is improper.

Likewise, in Paragraph ▬▬, Dr. Robins suggests that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* Ex. 1 ¶ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬."). This ignores that the scope of disclaimer of "DRAM circuits" was limited only to the figure referenced in Netlist's prosecution argument, and thus is improper. *See* Ex. 12 at __ (Examiner citing Rajan Fig. 2B and [0043]-[0044] for claim 1). *Genuine Enabling*, 29 F.4th at 1374-75.

**Paragraph** ▬▬▬▬ Dr. Robins further opines ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

---

[5] The Rajan '881 patent shares the same disclosure in material parts as the Rajan '137 application that was the basis of Samsung's prosecution disclaimer argument.

- 13 -

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)

██████ ██████████████

██████████████████████ Ex. 1 ¶ ███ This is improper claim construction. The Court did not hold that there was a disclaimer of DRAM in favor of other types of memory. In fact, to the extent Dr. Robins suggests ████████████████████████████████████████ ████████████████████ that argument runs contrary to the prosecution history. *See id.* ¶ ███████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████. The Examiner cited [0043] of Rajan in rejecting the pending claims, which provides that "the various configurations to be described in the following embodiments may be implemented in the context of the architecture and/or environment of FIG. 1. Of course, however, they may also be carried out in ***any other desired environment (e.g. using other memory types, etc.)***." Ex. 12 at 6-7 (Examiner citing Rajan Fig. 2B and [0043]-[0044] for claim 1); Ex. 9 (Rajan-137). Thus, the prosecution history provides no basis for Dr. Robins' opinion that the applicant disclaimed DRAM in favor of another type of memory. The examiner rejected the claims based on a disclosure of the Rajan structure being applicable to any type of memory. It is for this reason that the Court observed that what was disclaimed during prosecution was "structural." Dkt. 114 at 32.

**Paragraph** ████████ Samsung wants to argue that the ████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████. This is tantamount to arguing that the patent examiner got it wrong and should not have accepted the structural disclaimer. As part of this argument, Dr. Robins ████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████ ████████████████████████ Ex. 1 ¶ ███ *see also id.* ¶ 389 ████████████████████████████████████████████████ ███████ ██████████████

- 14 -

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)

). If Samsung wanted to claim , it should have sought this construction from the Court. The types of wire bonds disclosed in the '060 specification are irrelevant to the question of infringement, which focuses solely on the claims." *ACS*, 732 F.2d at 1578.

**Paragraph 377 & p. 261 n.10**: In Paragraph  *See* Ex. 1 ¶ In  Again, Dr. Robins . Nor does he engage with the issue of how DRAM memory *cells* differ from DRAM circuits, but instead  Thus, these two sentences of Dr. Robins' report should be excluded.

## VI.   References to Netlist's Pleadings and Briefs Are Improper

**Paragraphs 249, 377, 379-380 395-399**: Dr. Robins cites to  *See* Ex. 1 ¶¶  For example, Dr. Robins states that  " *Id.* ¶ ; *see also id.* ¶¶  *id.* ¶  *id.* ¶  Such materials are not even relevant to claim construction, let alone to inform plain meaning. Dr. Robins should not be allowed to present Netlist's litigation materials to the jury, and these paragraphs should be excluded.



- 15 -

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)

| | |
|---|---|
| Dated: February 3, 2023 | Respectfully submitted,<br><br>*/s/ Jason Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Andrew Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Rebecca Carson (*pro hac vice*)<br>rcarson@irell.com<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

- 16 -

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)

## CERTIFICATE OF SERVICE

I hereby certify that, on February 3, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF CONFERENCE

I hereby certify that, on February 2, 2023 counsel for the parties met and conferred on the issues raised in this motion. Counsel for Samsung confirmed that Samsung did not intend to withdraw any of its expert reports, or any portions of its expert reports, and that Samsung would oppose any motions to strike portions of its expert reports.

*/s/ Yanan Zhao*
Yanan Zhao

- 17 -

Netlist's Motion to Strike
Robins Rebuttal Report
No. 21-cv-463-JRG (E.D. Tex.)