UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>        Defendants. | Civil Case No. 2:21cv463-JRG<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S MOTION FOR SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES**

██████████████████████████████

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF ISSUE ..................................................................................................... 2

III. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................. 2

IV. GOVERNING LAW .............................................................................................................. 4

V. ARGUMENT .......................................................................................................................... 6

    A. Netlist Has Not Provided Actual Pre-Suit Notice of the Asserted Patents ............. 6

    B. With Respect to Constructive Notice, Netlist Cannot Show That Netlist or Any Licensee Marked Its Products with the Asserted Patents ....................................... 8

    C. Netlist's Failure To Comply with Section 287 Bars Pre-Suit Damages ................ 10

VI. CONCLUSION .................................................................................................................... 11

███████████████████████████████

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993)..................................................................................................9

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994)...................................................................................................5

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986).................................................................................................................5

*Arctic Cat, Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017).....................................................................................5, 6, 8, 9

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   950 F.3d 860 (Fed. Cir. 2020)................................................................................................10

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986).................................................................................................................4

*Devices for Med., Inc. v. Boehl*,
   822 F.2d 1062 (Fed. Cir. 1987)..............................................................................................10

*Maxwell v. J. Baker, Inc.*,
   86 F.3d 1098 (Fed. Cir. 1996).................................................................................................5

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   853 F.3d 1370 (Fed. Cir. 2017)...............................................................................................5

*Team Worldwide Corp. v. Acad., Ltd*,
   No. 2:19-cv-00092-JRG, 2021 WL 1854302 (E.D. Tex. May 10, 2021).................................7

*In re Yarn Processing Patent Validity Litig. (No. II)*,
   602 F. Supp. 159 (W.D.N.C. 1984) .......................................................................................10

**Statutes**

35 U.S.C. § 287............................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 56.....................................................................................................................4

██████████████████████████████████████

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| 1. | Joint Development and License Agreement, bearing bates numbers NETLIST_SAMSUNG_EDTX00034064-82 |
| 2. | Email from Netlist to Samsung, bearing bates number NL046600 |
| 3. | Netlist Patent Coverage Chart, bearing bates number NL046601 |
| 4. | Excerpts from JEDEC Specification JESD 235, bearing beginning bates numbers NETLIST_SAMSUNG_EDTX00045155 |
| 5. | Excerpts from JEDEC Specification JESD238A |
| 6. | Excerpts from the Corrected Expert Report of Mr. David Kennedy, served January 20, 2023 |
| 7. | Excerpts from the Expert Report of Michael C. Brogioli, Ph.D., served December 27, 2022 |
| 8. | Netlist JDLA Termination Letter, bearing bates numbers NETLIST_SAMSUNG_EDTX00034449-50 |
| 9. | Email from Gibson Dunn to Bird & Marella, bearing bates number NETLIST_SAMSUNG_EDTX00037799 |
| 10. | Netlist Patent List, bearing bates numbers NETLIST_SAMSUNG_EDTX00037800-806 |
| 11. | C.D. Cal. 2/15/22 Final Judgment, *Netlist Inc. v. Samsung Electronics Co., Ltd.*, No. 8:20-cv-00993-MCS (C.D. Cal.), Dkt. No. 306 |
| 12. | Strategic Product Supply and License Agreement between Netlist and SK hynix Inc., bearing bates numbers NETLIST_SAMSUNG_EDTX00037749-67 |
| 13. | DDR4 LRDIMM: https://product.skhynix.com/products/dram/module/ddr4dm.go<br><br>DDR5: https://product.skhynix.com/products/dram/ddr/ddr5sd.go<br><br>HBM2E: https://product.skhynix.com/products/dram/hbm/hbm2e.go |
| 14. | Letter from Reardon to Werner, dated October 12, 2022 |
| 15. | Excerpts from Netlist's Second Supplemental Responses and Objections to Defendants' First Set of Interrogatories (Revised), served December 19, 2022 |
| 16. | Excerpts from the Deposition Transcript of Chuck Hong, taken December 16, 2022 |
| 17. | Notice of Infringement, bearing bates numbers NETLIST_SAMSUNG_EDTX00190254-55 |
| 18. | JEDEC Updates Groundbreaking High Bandwidth Memory (HBM) Standard, dated January 12, 2016 |
| 19. | JEDEC Updates Groundbreaking High Bandwidth Memory (HBM) Standard, dated December 17, 2018 |

## I.  INTRODUCTION

Netlist is not entitled to pre-suit damages because it cannot show that it provided actual or constructive pre-suit notice of alleged infringement to Samsung before it filed its two complaints in this case. No damages may accrue for the patents prior to their actual assertion:

| Asserted Patents | 1st Allegation by Netlist |
|---|---|
| U.S. Patent No. 10,860,506 (the "'506 patent") | December 20, 2021 |
| U.S. Patent No. 10,949,339 (the "'339 patent) | December 20, 2021 |
| U.S. Patent No. 11,016,918 (the "'918 patent") | December 20, 2021 |
| U.S. Patent No. 11,232,054 (the "'054 patent) | May 3, 2022 |
| U.S. Patent No. 8,787,060 (the "'060 patent") | May 3, 2022 |
| U.S. Patent No. 9,318,160 (the "'160 patent") | May 3, 2022 |

Despite the complete absence of proof of pre-suit notice, Netlist's damages case improperly relies on sales of the accused products well before Netlist filed its infringement claims in this Court. However, after months of discovery, Netlist adduced no evidence that it provided actual pre-suit notice for *any* asserted patent. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Despite that admission, Netlist relies on a single piece of evidence as purported notice for one patent in support of its pre-suit damages period: ▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, which is a pre-requisite for actual notice for pre-suit damages recovery.

Netlist also failed to present evidence that it provided constructive notice for any asserted patent. There can be no genuine dispute that Netlist failed to satisfy the marking requirements of 35 U.S.C. § 287(a). Samsung satisfied its initial burden of identifying unmarked products to Netlist, and it thus became Netlist's burden to prove that the marking requirements were satisfied. Because Netlist failed to provide any evidence that Netlist or its licensees marked

▪

licensed products—despite Samsung's repeated requests for such information throughout discovery—no reasonable factfinder could find in Netlist's favor on this issue.

This Court should enter summary judgment that Netlist cannot recover pre-suit damages for any of the asserted patents.

## II.   STATEMENT OF ISSUE

Whether Netlist's failure to comply with 35 U.S.C. § 287 prevents it from recovering pre-suit damages for the asserted patents?

## III.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1.   On November 12, 2015, Samsung and Netlist entered into a Joint Development and License Agreement ("JDLA"). Netlist granted Samsung  Ex. 1 at 1, 3, 8. *See generally id.*

2.   All of the asserted patents in this case are "Netlist's Licensed Patents" under the JDLA because they have an effective filing date before November 12, 2020. *See* Dkt. No. 23 (Netlist's First Am. Compl.) ¶ 50 (Capture Period extends through 11/12/20); *id.* at ¶¶ 18, 24, 30, 37, 42-43 (Netlist listing effective filing dates of asserted patents, all before 11/12/20).

3.   On November 8, 2016, after Samsung entered into the JDLA,

2

4. HBM (also called HBM1), HBM2, and HBM2E products are reflected in different versions of the JEDEC specification—HBM (JESD235), HBM2 (JESD235235A), HBM2E (JESD235235B)—today, JESD235D. *See* Exs. 4, 18-19. HBM3 is reflected in JEDEC specification JESD238A. Ex. 5.

5. Netlist admits that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 6 at ¶ 52. HBM2E products, accused of infringement by Netlist, were not released until 2020. Ex. 7 at ¶ 358.

6. On May 28, 2020, Netlist sued Samsung Electronics Co., Ltd. in the Central District of California for alleged breach of the JDLA. *See Netlist Inc. v. Samsung Electronics Co., Ltd.*, No. 8:20-cv-00993-MCS (C.D. Cal.) ("CDCA Case").

7. On July 15, 2020, Netlist sent Samsung a letter purporting to terminate the JDLA ▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 8 at 2.

8. As part of its document production in the separate CDCA Case, on August 2, 2021, Netlist produced a document to outside counsel for Samsung in that matter ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 9; Ex. 10 at 3-5. The documents were marked "Confidential" under the Protective Order in that case, and were not shared with anyone at Samsung. *Id.*

9. The CDCA Case Court entered final judgment on February 15, 2022, which includes a declaration that Netlist terminated the JDLA, effective July 15, 2020. *See* Ex. 11 (CDCA Case Dkt. No. 306).

10. On April 5, 2021, Netlist and SK hynix entered into a Strategic Supply and

3

License Agreement ("Netlist-SK hynix Agreement"). *See generally* Ex. 12. As part of the agreement, Netlist granted SK hynix a ███████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████ *See id.* at 2, 5-6. ███████████████████

███████████████████████████ *See id.*

11. SK Hynix sells the same classes of products accused of infringement in this case, including DDR4 LRDIMM, DDR5, and HBM2E products. *See* Ex. 13.

12. On October 12, 2022, and in connection with this litigation, Samsung sent Netlist a letter identifying Netlist DDR4 LRDIMM products and SK hynix DDR4 LRDIMM, DDR5, and HBM2E products not marked with the asserted patents. Ex. 14 at 2. Netlist never substantively responded to Samsung's October 12, 2022 letter.

13. In response to a Samsung interrogatory requesting Netlist to "[d]escribe in complete detail all Marking, and efforts to enforce Marking, of the number of any asserted patent on products sold by Plaintiff or Plaintiff's licensees," Netlist failed to provide a substantive response, even after Netlist amended its interrogatories to identify Netlist products that it contends practiced the asserted patents. Ex. 15 at 35.

IV. **GOVERNING LAW**

Summary judgment is warranted when the pleadings, depositions, answers to interrogatories, and admissions on file, altogether with the affidavits show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is

that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, in order to avoid summary judgment, Netlist must present enough evidence for the factfinder to reasonably find in its favor. *Anderson*, 477 U.S. at 252.

To obtain pre-suit damages, Netlist bears the burden to demonstrate that it either provided actual notice of infringement or, alternatively, provided constructive notice via compliance with the marking requirements of 35 U.S.C. § 287(a). *Arctic Cat, Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*"). "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).

A patentee may benefit from constructive notice by complying with the marking statute. Although the patentee bears the ultimate burden to prove it complied with Section 287(a), the Federal Circuit has held that the alleged infringer "bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat I*, 876 F.3d at 1368. This burden is a "low bar." *Id*. The alleged infringer "need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Id.* "Once the alleged infringer meets its burden of production . . . the patentee bears the burden to prove the products identified do not practice the patented invention." *Id.*; *see also Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). A licensee's failure to mark products covered by licensed patents prevents a patentee from relying on the constructive notice provision of Section 287(a) and, therefore, prevents a patentee from recovering damages before the alleged infringer received actual notice of any alleged infringement. *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1383 (Fed. Cir. 2017) (citing cases).

5

## V. ARGUMENT

Netlist's pre-suit damages theories for the asserted patents suffer from the same fundamental flaw: Netlist has not and cannot establish that Samsung had any notice—actual or constructive—of alleged infringement of the asserted patents prior to filing suit.

### A. Netlist Has Not Provided Actual Pre-Suit Notice of the Asserted Patents

There is no genuine dispute of material fact that Samsung had no actual pre-suit notice of infringement of the asserted patents. Netlist failed to provide any evidence of actual notice of infringement, despite having the burden to do so. *Arctic Cat I*, 876 F.3d at 1366. Fatal to its pre-suit damages claims, Netlist's CEO and corporate designee on "attempts by Netlist . . . to contact Samsung regarding alleged infringement of the asserted patents"

Ex. 16 at 103:15-104:8.

Ex. 17.

is dispositive that Netlist never sent Samsung actual notice for the patents in this case.

Despite the testimony of Netlist's CEO, Netlist's damages expert asserted that Netlist sent "notice of infringement" to Samsung on November 8, 2016. Ex. 6 at ¶ 509.

. Ex. 2; Ex. 3. Netlist failed to provide notice of the existence of the asserted patents, but separately, also failed to advance any effective allegations of infringement. "For purposes of section 287(a), notice

6

▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐

must be of 'the infringement,' not merely notice of the patent's existence or ownership," and "actual notice requires the affirmative communication of a *specific charge of infringement* by a *specific accused product* or device." *Team Worldwide Corp. v. Acad., Ltd*, No. 2:19-cv-00092-JRG, 2021 WL 1854302, at *3 (E.D. Tex. May 10, 2021) (quoting *Amsted*, 24 F.3d at 187).[1] There is no evidence in the email or presentation that Netlist provided a *specific charge of infringement* by a *specific accused product* or device.

▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐

▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐. Ex. 6 at ¶ 52. Identifying HBM (later called HBM1), rather than HBM2, HBM2E, and HBM3, is not a trivial difference because these products are all reflected in different versions of the JEDEC specification—HBM (JESD235), HBM2 (JESD235235A), HBM2E (JESD235235B)—today, JESD235D. Exs. 4, 18-19. HBM3 is reflected in JEDEC specification JESD238A. Ex. 5. Indeed, Netlist's damages expert admitted that HBM1 products do not infringe the '060 or '160 patents, and said Samsung's infringement began with the release of its HBM2 product. Ex. 6 at ¶ 52. ▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐

▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐, Ex. 7 at ¶ 358, which makes it impossible for the 2016 communication to provide actual notice of infringement by HBM2E products, or HBM3 products which were released even later. *See* Ex. 5. Netlist adopted these expert admissions as its own. Ex. 15 at 38 ("Netlist incorporates by reference the expert report(s) that it will serve in accordance with the Court's Docket Control Order[.]"); *id.* at 42 (same); *id.* at 45 (Netlist "incorporates by reference technical reports that it will serve in accordance with the Court's Docket Control Order."). Netlist indisputably failed to

---

[1] All emphasis is added unless noted otherwise.

7

provide actual notice of infringement for the accused HBM products.

As for the remaining patents, there is a complete absence of proof that Samsung had any actual notice before Netlist filed its Complaints. In its Amended Complaint and interrogatory response, Netlist contended that, for the '506, '339, '918, and '054 patents, Samsung had notice since August 2, 2021. Dkt. No. 23, ¶¶ 31, 77, 91, 104, 116; Ex. 15 at 26, 40. ███

███

Ex. 10 at 3-5. The documents were marked "Confidential" under the Protective Order in that case, and Netlist has not shown that list was ever shared with anyone at *Samsung directly*. Fatal to Netlist's claim, ███

███ *Id.* As such, this evidence is insufficient to show Netlist provided notice of these patents even as of August 2, 2021.

The Court should enter summary judgment that Netlist did not provide actual notice of infringement prior to the Complaints' allegations of infringement for each of the asserted patents.

### B. With Respect to Constructive Notice, Netlist Cannot Show That Netlist or Any Licensee Marked Its Products with the Asserted Patents

Netlist also has not carried its burden to show that Samsung had any constructive notice of the asserted patents. Under the *Arctic Cat I* framework, once Samsung discharged its burden to identify unmarked products, Netlist had the burden to prove that the identified products were marked or otherwise not subject to a marking requirement. *Arctic Cat I*, 876 F.3d at 1366.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Here, Samsung sent Netlist a letter, on October 12, 2022, identifying Netlist DDR4 LRDIMM products and licensee SK hynix DDR4 LRDIMM, DDR5 RDIMM, and HBM2E products that were not marked with the asserted patents. Ex. 14 at 2. There is no genuine dispute that Netlist licensed SK hynix to the asserted patents. Ex. 12; Undisputed Material Fact ¶ 8. Netlist never responded to the letter. Netlist also did not respond to Samsung's interrogatory requesting all details of Netlist's efforts to mark its products, Ex. 15 at 35, and did not produce a virtual marking page. Netlist's failure to provide proof that Netlist's DDR4 LRDIMM products were marked, and over what time period, demonstrates that Netlist did not "consistently mark substantially all of its patented products," and precludes pre-suit damages recovery. *See Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993) (finding no compliance with marking statute where plaintiff distributed unmarked products).

Also with respect to SK hynix, there is no genuine dispute that SK hynix sells the same class of products accused of infringement here, namely, DDR4 LRDIMM, DDR5 RDIMM, and HBM2E products. *See* Ex. 13. Samsung's October 2022 letter identified these same products as ones sold unmarked. Ex. 14 at 1-2. This letter met the "low bar" needed to "put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Arctic Cat I*, 876 F.3d at 1368. Netlist in turn did not meet its burden because it never provided a substantive response that any SK hynix DDR4 LRDIMM, DDR5 RDIMM, or HBM2E product was marked, or that these products were not otherwise subject to the marking requirement.

Indeed, Netlist failed to provide any evidence that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, which should alone be dispositive of Netlist's failure to make reasonable

9

efforts to ensure compliance with the marking requirements. *See, e.g.*, *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864-66 (Fed. Cir. 2020) ("*Arctic Cat II*") (finding that the patentee's failure to contractually require its licensee to mark could not be deemed a "reasonable effort" at marking); *see also In re Yarn Processing Patent Validity Litig. (No. II)*, 602 F. Supp. 159, 169 (W.D.N.C. 1984) (finding patentee's failure to include license provision requiring its licensees to mark precluded damages until patentee gave actual notice).

The same is true with respect to Samsung's license, ███████████████████ ███████████████████████████████ *See* Ex. 1. ███████████████ ███████████████████████████ Netlist has identified no evidence that it ever asked Samsung to mark. In this case, Netlist contends that infringing products include Samsung's DDR4 LRDIMM, DDR5, HBM2, and HBM2E products, but failed to identify any evidence that Samsung marked any of its licensed products with the patent numbers of the asserted patents prior to July 15, 2020 (the date the CDCA Court determined the JDLA was terminated, *see* Ex. 11 (CDCA Case Dkt. No. 306)). For example, the '060 and '160 patents issued years before July 15, 2020 (2014 and 2016, respectively), and Netlist never required Samsung to mark the HBM2 or HBM2E products. Netlist should not be able to recover pre-suit damages for alleged infringement of the '060 and '160 patents by, for example, products it never asked Samsung to mark while those products were licensed. *See Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987) (finding plaintiff failed to comply with § 287 because the plaintiff's "licenses did not require its licensees to mark the [practicing] product and there was no evidence that any product ever bore a patent marking").

### C.  Netlist's Failure To Comply with Section 287 Bars Pre-Suit Damages

The impact of Netlist's failure to satisfy its burden with respect to notice and marking is substantial. Netlist asserts flawed damages calculations covering a purported infringement

10

period dating back to (1) November 8, 2016 for the '060 and '160 patents, (2) December 8, 2020 for the '506 and '339 patents, and (3) May 21, 2021 for the '918 and '054 patents:

| Asserted Patents | Earliest Alleged Damages | 1st Allegation by Netlist |
|---|---|---|
| '506 Patent | December 8, 2020 | December 20, 2021 |
| '339 Patent | December 8, 2020 | December 20, 2021 |
| '918 Patent | May 21, 2021 | December 20, 2021 |
| '054 Patent | May 21, 2021 | May 3, 2022 |
| '060 Patent | November 8, 2016 | May 3, 2022 |
| '160 Patent | November 8, 2016 | May 3, 2022 |

*See* Ex. 6 at ¶¶ 505-509. Because Netlist failed to comply with requirements of 35 U.S.C. § 287, it may not recover damages for these pre-suit periods ("Earliest Alleged Damages" in the table above).

## VI. CONCLUSION

Samsung requests that the Court grant summary judgment that Netlist cannot recover pre-suit damages before (1) December 20, 2021 for the '506, '339, and '918 patents, and (2) before May 3, 2022 for the '054, '060, and '160 patents for failure to comply with 35 U.S.C. § 287.

Date: February 3, 2023

Respectfully submitted,

/s/ Lauren A. Degnan

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
LAD@fr.com
Brian Livedalen
D.C. Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
D.C. Bar No. 1013923
tishman@fr.com

Matthew Mosteller
CA Bar No. 324808
mosteller@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Katherine Reardon
NY Bar No. 5196910
kreardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Matthew Colvin
Texas Bar No. 24087331
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

Karolina Jesien
New York Bar No. KJ7292
FISH & RICHARDSON P.C.
Times Square Tower
20th Floor
New York, NY 10036
Telephone: (212) 765-5070

12

████████████████████████████████

Facsimile:  (212) 258-2291

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

Alice J. Ahn
CA 271399 / DC 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Ste. 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile: (415) 591-6091

Brian R. Nester
D.C. Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202)-662-6000

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

13

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 3, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

                                                            */s/ Lauren A. Degnan*