UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |
|---|---|
| NETLIST, INC.<br><br>                    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>                    Defendants. | Civil Case No. 2:21cv463-JRG<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S *DAUBERT* MOTION AND**
**MOTION TO STRIKE EXPERT TESTIMONY OF DAVID KENNEDY**

**████████████████████████**

## <u>TABLE OF CONTENTS</u>

I.     GOVERNING LAW ..................................................................................................... 2

II.    ARGUMENT ............................................................................................................. 3

    A.    Mr. Kennedy's Opinions Are Legally Improper ........................................ 3

        1.    **█████████████**    The Court Should Exclude Mr. Kennedy's Alleged **█████** Damages for Failing To Apportion ................................ 3

        2.    **███████████████████████**    The Court Should Exclude Mr. Kennedy's Reliance on **████████████** ..................................................... 5

        3.    Mr. Kennedy's Opinions About **████████** Are Arbitrary.............. 8

    B.    The Court Should Exclude Mr. Kennedy's **████████** ............................... 9

    C.    The Court Should Exclude Mr. Kennedy's Opinions that Rely on the Regression Opinion of Dr. Groehn .......................................................................... 10

    D.    The Court Should Exclude Mr. Kennedy's Reliance on Agreements He Says Are **████████** .............................................................................. 11

    E.    The Court Should Exclude Mr. Kennedy's Irrelevant, Prejudicial Opinions ....... 12

        1.    The Court Should Exclude Mr. Kennedy's Attempt To Relitigate the Parties' **████████** ......................................................... 12

        2.    The Court Should Exclude Mr. Kennedy's Other Prejudicial Opinions Outside His Expertise or the Scope of This Case ..................................... 13

    F.    The Court Should Exclude Mr. Kennedy's **████████** ............................... 14

    G.    The Court Should Exclude Opinions About **████████** ............................. 14

    H.    The Court Should Exclude Contentions Not Disclosed During Fact Discovery .. 15

III.    CONCLUSION ......................................................................................................... 15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apotex, Inc.*,
   49 F. App'x 902 (Fed. Cir. 2002) ...........................................................................14

*Apple Inc. v. Wi-LAN Inc.*,
   25 F.4th 960 (Fed. Cir. 2022) ...........................................................................3, 6

*Bmc Software, Inc. v. Servicenow, Inc.*,
   No. 2:14-CV-903-JRG, 2016 WL 379620 (E.D. Tex. Feb. 1, 2016) ...........................3, 4, 5, 9

*Burleson v. Tex. Dep't Crim. Justice*,
   393 F.3d 577 (5th Cir. 2004) ...........................................................................2, 9

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
   No. 2:14-CV-911-JRG, 2016 WL 4440255 (E.D. Tex. Aug. 23, 2016), *aff'd*, 880 F.3d 1356
   (Fed. Cir. 2018)...........................................................................3, 9, 11

*Daubert v. Merrill Dow Pharms.*,
   509 U.S. 579 (1993)...........................................................................2

*Eidos Display, LLC v. Chi Mei Innolux Corp.*,
   No. 6:11-CV-00201-JRG, 2017 WL 1322555 (E.D. Tex. Apr. 6, 2017) ...........................3, 9

*Grain Processing Corp. v. Am. Maize-Prod. Co.*,
   185 F.3d 1341 (Fed. Cir. 1999)...........................................................................8

*Lucent Techs., Inc. v. Gateway, Inc.*,
   580 F.3d 1301 (Fed. Cir. 2009)...........................................................................12

*MLC Intell. Prop., LLC v. Micron Tech., Inc.*,
   10 F.4th 1358 (Fed. Cir. 2021) ...........................................................................15

*Open Text S.A. v. Box, Inc.*,
   2015 WL349197 (N.D. Cal. Jan. 23, 2015) ...........................................................................8

*Uniloc USA Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011)...........................................................................1, 9, 12

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
   No. 2:17-CV-00651-JRG, 2019 WL 2267212 (E.D. Tex. May 28, 2019) ...........................3

ii

*VirnetX, Inc. v. Cisco Systems, Inc.*,
   767 F.3d 1308 (Fed. Cir. 2014)....................................................................................... *passim*

**Statutes**

35 U.S.C. § 284................................................................................................................14

35 U.S.C. § 287................................................................................................................13

**Other Authorities**

Fed. R. Civ. P. 26(a) .......................................................................................................15

Fed. R. Civ. P. 26(e) .......................................................................................................15

Fed. R. Civ. P. 702...........................................................................................................2

Federal Rules of Evidence 402 and 403 ........................................................................13

██████████████████████████████████████████████████

The report of Netlist's damages expert Mr. Kennedy must be excluded in its entirety.  It ignores almost every rule of Federal Circuit damages law to reach a preposterous damages number—████████████████—that far exceeds any real-world valuation of Netlist's six asserted patents (or market valuation of Netlist itself). ████████████████████ ████████████████████████████ who paid Netlist approximately ███████████████████████████ Yet Mr. Kennedy's arbitrary and vastly inflated analysis is expressly divorced from those actual market transactions.

Mr. Kennedy's analysis, from his ████████ damages number down to his alternative ████████ number, is infected with legal errors.  For the ████████████ number, he awards ██████████████████████████████████████████. He then offers an alternative that ██████████████████████████████████████.¹ In other words, he opines that the parties at the hypothetical negotiation would decide that *100% of lost revenue* or ████████████████ ████████████████ ████████████ Unable to adopt a 25% or 50% split given the seminal *Uniloc USA Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011) (rejecting 25% split) and *VirnetX, Inc. v. Cisco Systems, Inc.*, 767 F.3d 1308, 1328, 1332-34 (Fed. Cir. 2014) (rejecting 50% split) cases, Mr. Kennedy advances an untenable ████████ that no reasonable licensee in a hypothetical negotiation would accept, and that controlling Federal Circuit precedent repudiates.  Make no mistake; Mr. Kennedy's ████████ approach exposes this Court to error.

Mr. Kennedy's report (Ex. A) barely defends these arbitrary opinions, relegating them to unexplained tables at the end of his report.  Instead, the bulk of his report is a highly prejudicial

---

¹ And his further approach to ████████████████████ s fairs no better, being solely based on ████████████████████████████████████████ ████████████

████████████████████████████████████

narrative that goes far beyond his damages expertise and this case.  For example, even though this is a patent infringement case, Mr. Kennedy suggests that ██████████████████████ ███████████████████████████████████ ██████████████████ Further, he reviews a ████████████████████ ████████████████████████████████████████ He also says ████████████████████████████ ████████████████████████████████████████ ████████████████ These inflammatory comments have no place in any expert opinion.

## I.       GOVERNING LAW

The Supreme Court in *Daubert* charged trial courts with a gatekeeping task: determining whether expert testimony under Rule 702 is "not only relevant, but reliable."  *Daubert v. Merrill Dow Pharms.*, 509 U.S. 579, 589 (1993); *see also Burleson v. Tex. Dep't Crim. Justice*, 393 F.3d 577, 587 (5th Cir. 2004) (noting a court is not required to "admit opinion evidence that is connected to existing data only by the ipse dixit of the expert" or where "there is too great an analytical gap between the data and the opinion proffered").

In patent cases, the Federal Circuit has imposed significant constraints on expert damages testimony to ensure damages are limited to the value of claimed inventions.  For example, in *VirnetX*, the Federal Circuit vacated a $368 million jury verdict where "the district court should have exercised its gatekeeping authority to ensure that only theories comporting with settled principles of apportionment were allowed to reach the jury."  *VirnetX*, 767 F.3d at 1328.  In that case, the Federal Circuit held the testimony of plaintiff's expert should have been excluded because the expert failed to apportion the value of the accused technology in a larger accused product, *id.* at 1328-29, and the expert used an arbitrary percentage to split profits between the licensor and licensee at the hypothetical negotiation, *id.* at 1331-33.  More recently, the Federal

████████████████████████████████

Circuit ordered a new trial where Mr. Kennedy's opinions were "untethered to the facts of this

case." *Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 973 (Fed. Cir. 2022).[2]

## II.    ARGUMENT

### A.    Mr. Kennedy's Opinions Are Legally Improper

#### 1.    ██████████████ The Court Should Exclude Mr. Kennedy's Alleged ████████ Damages for Failing To Apportion

To calculate the ████████ end of his damages range, Mr. Kennedy attributes ████████ of

████████████████████████████████████████████████

████████████████████████████████████████. Ex. A at Ex. 1.

Specifically, Mr. Kennedy's ██████████████████████████

████████████████████████████████████████████████

██████████████████████████████ *E.g.*, Ex. A at Exs. 4, 5, 7,

11 (all purporting to calculate "Loss Under NIA").  Using the accused HBM2 8H products as an

example, he opines ████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

---

[2] This Court has also excluded patent damages opinions, both on grounds for failure to apportion and for being arbitrary *ipse dixit*.  *E.g.*, *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00651-JRG, 2019 WL 2267212, *14 (E.D. Tex. May 28, 2019) (striking damages theory for lack of apportionment); *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-00201-JRG, 2017 WL 1322555, *4-5 (E.D. Tex. Apr. 6, 2017) (excluding opinion for failure to apportion); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG, 2016 WL 4440255, *14 (E.D. Tex. Aug. 23, 2016) (ordering new trial where damages opinions were not adequately tied to facts of the case), *aff'd*, 880 F.3d 1356 (Fed. Cir. 2018); *Bmc Software, Inc. v. Servicenow, Inc.*, No. 2:14-CV-903-JRG, 2016 WL 379620, *2-3 (E.D. Tex. Feb. 1, 2016) (striking *ipse dixit* and also ordering new report for failure to apportion).

███████████████████████████████████

████████████████████████████████████████████████████ ███████

████████████████████████████████████████ Ex. A at ¶¶ 207, 620,

625; *id.* at Ex. 1.  Contrary to clear law, Mr. Kennedy's ███████ █████████████████████

████████████ an inflated version of the *per se* improper "25% Rule," which should be called

the ████████████████

     This approach is facially unreliable.  Mr. Kennedy admits the ████████████████████

████████████████████████████████████████████████████████████

For example, he acknowledges evidence that Samsung offers ████████████████████

████████████████████████████████████████████████████████████

Ex. A at ¶ 177.  The patents-in-suit are not related to semiconductor process technology at all, let

alone █████████████████████████ yet ████████████████████████████

████████████████ ██████████ He also acknowledges the █████████████████

████████████████████████████████████████████████

████████████████████ ████████████████████████████████████ *Id.* at

¶227.  In other words, Mr. Kennedy refuses to consider the value of ████████████████████

████████████████████████████████████████████████████████████

████████████████████ That is illogical and stands the Federal Circuit's apportionment

requirement on its head.

     The cornerstone of Federal Circuit patent damages law is apportionment.  *E.g.*, *Bmc*

*Software,* 2016 WL 379620 at *2 (quoting *Uniloc*, 632 F.3d at 1318 (Fed. Cir. 2011) and

*Garretson v. Clark*, 111 U.S. 120, 121 (1884)).  Since Mr. Kennedy fails to apportion ████████

---

[3] Note that Mr. Kennedy targets revenue—not profit—Samsung earned on the sales of the accused products for this "higher" number.  By using revenue rather than profit, Mr. Kennedy starts from a grossly inflated position, which leads to his ████████████ damages number.

████████████████████████████████

damages numbers, the Court should exclude Kennedy Exs. 1-13, 19, and 21-23, paragraphs 162-249 and 515-636.

       **2.**       ████████████ **Numbers: The Court Should Exclude Mr. Kennedy's Reliance on** ████████████

As a fallback, Mr. Kennedy proposes two ways of supposedly apportioning the ████ numbers to his ██████████ damages calculations.[4]  For his supposed ████████

████████████████████████████████████

████████████████████ Ex. A at ¶¶ 212-214, 231-233, 247-249; *id.* at Exhibits 3, 6, 10, and 16.  Specifically, he calculates ████████████

████████████████████████████████████

████████████████████ Paradoxically, Mr. Kennedy thus excludes the ████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████

████████████████████████████

In Exhibit 3, Mr. Kennedy then ████████████████████████████

████████████████████████████████

---

[4] The "lower" number is always the combination of his two apportionments: ████████████  But Mr. Kennedy inexplicably ████████████████████
████████████████████████████████

██████████████████████████████

████████████████████████████████████████████████████████████████████████

Mr. Kennedy does not explain why ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████ He never explains how Netlist

is related ████████████████████ Instead, Mr. Kennedy's offers a short, legally insufficient

justification ████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████

Ex. A at ¶ 212; *see also id.* at ¶¶ 231, 247.  Mr. Kennedy's assertion that ███████████████

████████████████████████████████████████████████

████████████████████ of the patents-in-suit flies in the face of Federal Circuit law.  *E.g.,*

*Apple v. Wi-LAN*, 25 F.4th at 974 (holding Mr. Kennedy's opinion "untethered to the facts" and

requiring a new trial); *VirnetX*, 767 F.3d at 1332 (rejecting "too crude a generalization about a

vastly more complicated world").  Samsung's ████████████████████████████████

████████████████████████████████

Finally, Mr. Kennedy offers a ██████████████ apportionment where he ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████. Ex. A at ¶¶ 209, 214, 228, 233, 244, 249; *id.* at Exs. 3, 6, and 10.

███████████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

He improperly applies that same ████████████████████████████████████

███████████████████████████████████████

Mr. Kennedy does not articulate why—or ███████████████████████████████

███████████████████████████████████████████████ For example, while

this case involves DDR4, DDR5, and HBM memory products, ████████████████████

██████████████████████████████████████████████

███████████████████████████████████████ which is how Mr.

Kennedy ██████████████████████, are often unrelated ██████████████████

███████████████████████████████████ As another example, he does not

explain why he uses ████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████

Instead, Mr. Kennedy offers a short, legally insufficient justification similar to the quote

above regarding ████████████ Ex. A at ¶¶ 209, 228, 244.  Mr. Kennedy's assertion that his

████████████████████████████████████████████████████

████████████████████████████ contradicts the Federal Circuit's instruction

that opinions must be based on the particular facts of the case rather than a "crude a

generalization about a vastly more complicated world." *VirnetX*, 767 F.3d at 1332.  Contrary to

this clear legal standard, the parties' ██████████████████████ are not specific to the accused

█████████████████████████████████████████████

products and accused features, and say nothing about the value of the patented technology.[5]

The Court should therefore exclude Mr. Kennedy's opinions based on such generic data, including at least Kennedy Exs. 1-3, 6, 10, 13, and 16-17, paragraphs 193-249.

### 3.   Mr. Kennedy's Opinions About ██████████ Are Arbitrary

Mr. Kennedy's calculations also rest on unreliable, unexplained, and unjustified assumptions about what ████████ even are.  First, Mr. Kennedy never offers an opinion that his ███████████████████ which the Federal Circuit requires.  *E.g.*, *Grain Processing Corp. v. Am. Maize-Prod. Co.*, 185 F.3d 1341, 1350-51 (Fed. Cir. 1999).  Mr. Kennedy's NIAs rely on impermissible *ipse dixit*.  Using HBM as an example, Mr. Kennedy says that ████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████.  Instead of offering evidence (such as a survey or testimony), he says his ████████████████████████████ (Ex. A. at ¶ 197), but one cannot mask a baseless theory under the guise of conservatism.  *See Open Text S.A. v. Box, Inc.*, 2015 WL349197 at *6 (N.D. Cal. Jan. 23, 2015).

Second, Mr. Kennedy's use of NIAs for each set of accused products is arbitrary.  Using the '339 patent as an example, he says Samsung ████████████████████████████ ████████████████████████████████[6]  Ex. A at ¶ 202.  Despite this statement of the ████████████████ Mr. Kennedy strangely offers his ████████████ ████████████████████████████████████████████████████████

---

[5] Nor does he explain whether ███████████████████████████████ █████████████████

[6] Yet his own data shows the ████████████████████████████████████ ████████████████ *Compare* Ex. A at Exhibit 5.

[7] For the '506 patent, he uses an entirely different ██████████████████████

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮.[8]  Compounding the error, Mr. Kennedy then ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  An expert may be entitled to

offer alternate calculations and explain why one is preferred, but Mr. Kennedy offers no

explanation for this difference ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *See Bmc Software,*

2016 WL 379620 at *2 (striking *ipse dixit*); *Core Wireless*, 2016 WL 4440255 at *14; *Eidos*,

2017 WL 1322555 at *2; *see also VirnetX*, 767 F.3d at 1333; *Burleson*, 393 F.3d at 587.

Since all of Mr. Kennedy's royalty calculations are based on ▮▮▮▮, the Court should

exclude those calculations too.  Specifically, the Court should exclude at least Kennedy Exs. 1-

13, 19, and 21-23, paragraphs 162-249 and 515-636.

**B.     The Court Should Exclude Mr. Kennedy's ▮▮▮▮▮▮▮▮▮▮**

If the Court accepts Mr. Kennedy's invitation to error and allows his flawed opinions

about the supposed value of the patented technology as described in the previous section

▮▮▮▮▮▮▮▮▮▮▮▮ the Court should still reject Mr. Kennedy's opinion that

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Ex. A at

¶¶ 207, 620, 625; *id.* at Ex. 1.  The Federal Circuit rejected the 25% profit split rule-of-thumb in

*Uniloc* and the 50% (Nash) rule-of-thumb in *VirnetX*, but Mr. Kennedy's substitutes a 100%

rule.  *See Uniloc*, 632 F.3d at 1320; *VirnetX*, 767 F.3d at 1332-34.

Mr. Kennedy never acknowledges his departure from *Uniloc* and *VirnetX*, and barely

▮▮▮▮▮▮▮▮▮▮.[9]  Ex. A at ¶¶ 207, 620, 625.  Mr. Kennedy's assertion also runs counter

to the multi-factor analysis of *Georgia-Pacific*, which is used to determine how the licensor and

---

[8] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[9] In fact, Mr. Kennedy is exceeding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮ as dictated by prevailing law.

█████████████████████████████████████████████

licensee will ***share*** the benefit of the alleged invention.  Indeed, even Mr. Kennedy

█████████████████████████████████████.  *Id.* at ¶ 597.  He also describes ████████████████

███████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████  *Id.* at

¶ 598.  Thus, Mr. Kennedy admits that █████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████ without any reasoned explanation.  His opinion is that

██████████████████████████████████████████████████████████

███████████████████████████████  To the contrary, in the hypothetical negotiation,

no one would agree to work or take risks for free.

The Court should exclude Mr. Kennedy's ██████████—and his resulting conclusions—for

being as arbitrary as the 25% and 50% rules rejected by the Federal Circuit, and also for being

based on Mr. Kennedy's say-so rather than any market evidence.  Specifically, the Court should

exclude at least Kennedy Exhibits 1-13, 19, and 21-23, paragraphs 162-249 and 515-636.

### C.    The Court Should Exclude Mr. Kennedy's Opinions that Rely on the Regression Opinion of Dr. Groehn

Even if the Court allows Dr. Groehn's regression on DDR4,[10] the Court should exclude

Mr. Kennedy's application of Dr. Groehn's DDR4 regression to the accused DDR5 products.

Specifically, Dr. Groehn conducted this regression on ███████████████████████████████████

████████████████████████████████████████████████████████████████

Ex. A at ¶ 107.  Relying on Dr. Groehn's conclusions, Mr. Kennedy then ██████████████████

██████████████████████████████████████.  Ex. A at Exs. 4 and 8 (premised on Dr.

---

[10] As explained in Samsung's motion to strike Dr. Groehn's opinions, Dr. Groehn's regression model should be excluded.  Without Dr. Groehn's opinion for DDR4, Mr. Kennedy has no damages opinion about the accused DDR4 and DDR5 products.

██████████████████████████████████████

Groehn's ███████████).  It is impermissibly arbitrary for Mr. Kennedy to rely on data

████████████████████████████████████████

███████     *E.g.*, *Core Wireless*, 2016 WL 4440255 at *14.  Indeed, Mr. Kennedy says the parties

to the hypothetical negotiation would u██████████████████████████████████

(Ex. A at ¶ 221), but elsewhere he uses ████████████████████████████

████████████████████████████████████████████

████████████████████████  *E.g.*, Ex. A at ¶¶ 501, 619, 624.

The Court should exclude Mr. Kennedy's application of Dr. Groehn's ██████████

██████████████████ including Kennedy Exhibits 1-4, 6, 8, paragraphs 103-107, 216-

223, and 593.

**D.      The Court Should Exclude Mr. Kennedy's Reliance on Agreements He Says Are ████████████**

Mr. Kennedy's calculates his damages in this case without ***any*** consideration of ██████

█████████████████████████████████████████████

███████████████████████████ After refusing to rely on ██████

███████ Mr. Kennedy nonetheless ██████████████████████

██████████████████████████ Ex. A at ¶¶ 468-491.  Specifically, he

opines that █████████████████████████████████████

██████████████████████████████████

██████████████████████████████████████

█████████████████████████████████

█████████████████████████████████

██████████████████████████████████████

11

███████████████████████████

████████████████ ███ ████████████████

████████████████████████████████ *See* Ex. B

(Supp. Expert Rep. of D. Kennedy, served Jan. 20, 2023) at ¶ 18.  It is clear Dr. Kennedy's only

goal is to show ████████ licenses to the jury, even though he admits ████████████

Mr. Kennedy cannot have it both ways for these licenses that do not include the patents-

in-suit.  The Federal Circuit does not permit reliance on non-comparable licenses.  *Lucent Techs.,*

*Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009) (reversing on this basis); *see also*

*ResQNet*, 594 F.3d at 869-73 (same).  In addition, an expert cannot use an otherwise

inadmissible data point as a "check" of reasonableness.  *Uniloc*, 632 F.3d at 1321.

The Court, therefore, should exclude Mr. Kennedy's opinions based on Samsung's

licenses that he argue are not comparable, ████████████████.  The Court should thus

exclude at least Kennedy Exs. 1-13, 19, 21-23, and 27, paragraphs 162-491 and 515-636, and his

1-20-23 supplemental report in its entirety.

### E.    The Court Should Exclude Mr. Kennedy's Irrelevant, Prejudicial Opinions

#### 1.    The Court Should Exclude Mr. Kennedy's Attempt To Relitigate the Parties' ████████████████

Mr. Kennedy claims to be "an expert in intellectual property valuation, licensing, and

transactions."  Ex. A at ¶ 1.  Yet Mr. Kennedy spends many pages of his report ████████████

█████████████████████████████████████

██████████ For example, Mr. Kennedy says he has ████████████████████

███████████████████████████ Ex. A at ¶ 326.  Such

---

[11] ████████████████████████████████████████
███████████████████████████████████████
██████████████████████████████

opinion is improper and prejudicial.  This is a patent case, not a breach of contract case, and the

jury here would be unduly confused by the injection of Mr. Kennedy's opinions about ███████

███████   And despite admitting he is ████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████   *E.g.*, Ex. A at ¶¶ 292, 304,

346.  Under Federal Rules of Evidence 402 and 403, the Court should exclude at least Kennedy

Exs. 24-26, paragraphs 61-64, 70-73, 288-355, 368, 503, 510, 601-611, 614, 619, 622, and 625.

### 2.   The Court Should Exclude Mr. Kennedy's Other Prejudicial Opinions Outside His Expertise or the Scope of This Case

Much of the narrative of Mr. Kennedy's report consists of attacks on Samsung that are

beyond his expertise as a damages expert, irrelevant, and/or unduly prejudicial.  For example, ██

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████   (*id.* at ¶¶ 61, 99).  These opinions

are irrelevant and unduly prejudicial.  In addition, since Mr. Kennedy is not an expert in

psychology or ethics, he is not qualified to give most of these opinions.

Mr. Kennedy also offers opinions about ███████████████████████████████

████████████.   *See* Ex. A ¶¶ 53, 509, Ex. 19.  Notably, Mr. Kennedy confuses █████████

███████████████████████████████████████████████████

and should not be permitted to testify about ███████████████████████████████████

The Court should exclude Mr. Kennedy's opinions identified above.  Specifically, the

████████████████████████████████████

Court should exclude at least Kennedy Exs. 1, 3, 10, 19 and paragraphs 53-57, 61, 66-67, 70, 72-73, 99, 191-92, 316, 492-96, 502, 509, 614, and 618.

**F.     The Court Should Exclude Mr. Kennedy's ████████████████**

Mr. Kennedy offers naked *ipse dixit* that Netlist ████████████████████████ *See* Ex. A at ¶ 629.  This opinion is unreliable, lacking evidence, and lacking methodology where he simply asserts ██████████████████████████████████████.  The Court should exclude Mr. Kennedy's ██████ opinions, including at least Kennedy paragraphs 98-99, 577-79, and 626-30.

**G.     The Court Should Exclude Opinions About ████████████████**

More than ██████████ of Mr. Kennedy's damages calculations represents royalties for ██████████████████████████████████ Ex. A at Ex. 2.  Mr. Kennedy's approach is not authorized by statute, and it is also highly prejudicial.  Under the Patent Act, "the court shall award the claimant damages adequate to compensate for ***the infringement***."  35 U.S.C. § 284.  On its face, this statute does not apply to infringement that has not happened.  *Id.*; *see also In re Apotex, Inc.*, 49 F. App'x 902 (Fed. Cir. 2002).  Seeking a lump sum is a choice that defendants can make—to pay for the future—but not one that plaintiffs can require.  Regardless, Mr. Kennedy does not offer an opinion as to a ████████████████████████ ██████████████████████████████ Ex. A at ¶ 563.

Further, there is no reason for the presumption of infringement and validity at issue in the hypothetical negotiation to apply to future activity.  To the contrary, Mr. Kennedy's opinions about ██████████████████ are entirely speculative, making assumptions that:

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

The Court should exclude Mr. Kennedy's ███████████ both as beyond the statute and unduly speculative and prejudicial.  The Court should thus exclude at least Kennedy Exs. 2 and 13 and paragraphs 544-45 and 637.

### H.    The Court Should Exclude Contentions Not Disclosed During Fact Discovery

The Court should exclude Kennedy's opinions because Netlist failed to disclose "a computation of each category of damages, Fed. R. Civ. P. 26(a), by failing to identify basic damages theories during fact discovery.  For example, Netlist's failed to mention the theories underlying Mr. Kennedy's analysis, ████████████████████████████████

████████████████████████████████████████

████████████████████████████████ as it was required to pursuant to Rule 26(a).  *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1369 (Fed. Cir. 2021) (affirming striking expert opinion where failed to disclose information under Rule 26(e)).  Indeed, even though Netlist supplemented its interrogatory responses several time through the end of fact discovery, Netlist still failed to provide notice of these basic damages theories that are the basis of Dr. Kennedy's opinions.  This failure deprived Samsung of a fair opportunity to obtain fact discovery on these key issues.  As such, the Court should thus exclude Kennedy Exs. 1-13, 19, and 21-23, paragraphs 12, 52-54, 59-62, 66-69, 162-249, and 515-636.[12]

### III.    CONCLUSION

The Court should exclude Mr. Kennedy's excessive and unreliable damages numbers, and his many prejudicial *ultra vires* opinions.  The Court should invoke its gate keeping function and exclude Mr. Kennedy from testifying at trial based on his illegitimate report.

---

[12] Relatedly, Mr. Kennedy should not be permitted to rely on the untimely evidence the Court excluded during the hearing on January 19, 2023, including paragraphs 12, 52-54, 59-62, 66-69, and 587-588.

Date: February 3, 2023

Respectfully submitted,

*/s/ Thomas H. Reger II*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
LAD@fr.com
Brian Livedalen
D.C. Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
D.C. Bar No. 1013923
tishman@fr.com
Matthew Mosteller
CA Bar No. 324808
mosteller@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Katherine Reardon
NY Bar No. 5196910
kreardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

16

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Matthew Colvin
Texas Bar No. 24087331
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

Karolina Jesien
New York Bar No. KJ7292
FISH & RICHARDSON P.C.
Times Square Tower
20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile:  (212) 258-2291

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

Alice J. Ahn
CA 271399 / DC 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Ste. 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile: (415) 591-6091

Brian R. Nester
D.C. Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202)-662-6000

17

*Attorneys for Defendants Samsung Electronics
Co., Ltd.; Samsung Electronics America, Inc.; and
Samsung Semiconductor, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 3, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

*/s/ Thomas H. Reger II*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on February 2, 2022. Michael Tezyan and Yanan Zhao attended for Plaintiff.  Katherine Reardon and Travis Underwood attended for Defendants.  The parties discussed their position on this motion.  The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve.  Counsel for Plaintiff indicated that they oppose this motion.

*/s/ Thomas H. Reger II*