# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>Defendants. | Civil Case No. 2:21cv463-JRG<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSITION TO NETLIST'S MOTION TO STRIKE
PORTIONS OF THE REBUTTAL EXPERT REPORT OF PHILIP KLINE (Dkt. 206)**

██████████████████████████████

## TABLE OF CONTENTS

I.   ARGUMENT ........................................................................................................................ 1

    A.   Mr. Kline's Analysis Is a Sound Critique of Dr. Groehn's Report ......................... 1

    B.   Mr. Kline's Analysis Will Not Confuse the Issues ................................................. 3

    C.   Mr. Kline's Analysis Is Not Unduly Prejudicial ...................................................... 4

    D.   Dr. Groehn's Own Unreliable Opinions Moot the Present Motion ........................ 4

II.  CONCLUSION ................................................................................................................... 5

Netlist's one-page motion to strike portions of Mr. Kline's rebuttal report is nothing more than an attempt to protect Dr. Groehn's analysis from apt criticism. Specifically, after reviewing Dr. Groehn's ten page report and supporting materials, Mr. Kline performed a detailed analysis in a 49-page rebuttal report concluding that—among other things—Dr. Groehn ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1 ¶¶ 17, 52, 71, 74-89, 127-129. Instead of addressing Mr. Kline's analysis that lays out the many errors by Dr. Groehn, Netlist takes the unusual approach of seeking to prohibit Mr. Kline from using the word "inaccurate" in criticizing Dr. Groehn's deficient analysis. Netlist simply dislikes Mr. Kline's rebuttal to the deficient Groehn report, and now asks the Court to shield its expert from Mr. Kline's fair criticism.

## I.    ARGUMENT

Netlist admits that Dr. Groehn filtered and aggregated Samsung sales data in SAM-NET01333862 (which all parties agree reflect the actual sales in this case) in some unspecified manner before he ran his complex regression analysis. Dkt. No. 206 at 1. The problem is that neither Dr. Groehn, nor Netlist has been able to explain this filtering process and its impact on the fundamental damages case. Mr. Kline's report details the repeated instances in which Dr. Groehn's analysis differs substantially from the actual sales data and how Dr. Groehn's filtering of the sales data renders his regression analysis fatally defective. Dkt. No. 203 at 12-13.

### A.    Mr. Kline's Analysis Is a Sound Critique of Dr. Groehn's Report

Mr. Kline based his opinion that Dr. Groehn ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ soundly and squarely on Dr. Groehn's report and supporting work papers, as well as a comparison to the report from *Netlist's other expert, Mr. Kennedy*. Ex. 1 ¶¶ 17, 52, 71, 74-89, 127-129. Specifically, Mr. Kline notes that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1 ¶ 44. Mr. Kline then reports that ▮▮▮▮▮▮▮

1



Mr. Kline then explains—and visually demonstrates—the many discrepancies in Dr. Groehn's expert report. Ex. 1 ¶¶ 74-89. After this thorough analysis, Mr. Kline ultimately concludes ▮▮▮ *Id.* ¶ 82. As such, these foundational errors in Dr. Groehn's data cause all of his subsequent regression results to be ▮▮▮ Ex. 1 ¶ 71.

For example, Dr. Groehn's graph ▮▮▮ Ex. 1 ¶¶ 74-75 (annotated Groehn Fig. 1). In direct contrast, the summary of the same Samsung sales data from Netlist's own damages expert (Mr. Kennedy) shows ▮▮▮ Ex. 2 at Exhibit 21. Mr. Kline lays out these and numerous other instances of *inaccuracies* that are readily apparent in Dr. Groehn's graphs, none of which are explained or justified, and Mr. Kline's analysis is certainly a fair rebuttal to Dr. Groehn's erroneous report. Ex. 1 ¶¶ 74-89.

Netlist seems to admit that Dr. Groehn's analysis departs from the actual facts of this case. But rather than cite evidence or support to explain the disparity between Dr. Groehn's analysis and Samsung's sales data, Netlist relies on pure attorney argument in an attempt to distract the Court from Dr. Groehn's errors. Dkt. No. 206 at 1. Importantly, Netlist has not pointed to any evidence or sworn statement from Dr. Groehn that his analysis is accurate and that his changes to Samsung's actual sales data are justified. Indeed, Dr. Groehn's expert report does not disclose *any* methodology or even mention how he manipulated or aggregated the data in

SAM-NET01333862.[1]  Mr. Kline's analysis exposes these defects in the Groehn approach, taking us back to established processes and procedures.  Netlist's need to backfill Dr. Groehn's analysis is a reason the Groehn opinions should be stricken and certainly not a deficiency in Mr. Kline's opinions.  If Netlist disagrees with Mr. Kline's opinion that Dr. Groehn committed errors and used inaccurate data, the proper vehicle to air such disagreement is through cross-examination, not exclusion, of Mr. Kline.

### B. Mr. Kline's Analysis Will Not Confuse the Issues

Netlist cannot shield Dr. Groehn's mistakes from the jury by claiming that Mr. Kline's rebuttal will confuse the jury.  Mr. Kline straightforwardly acknowledges that Dr. Groehn cites Samsung's sales data, but Mr. Kline then shows how Dr. Groehn contradicts that sales data.  *See, e.g.,* Ex. 1 ¶ 16 ); *id.* ¶ 44 ( ).  Mr. Kline provides specific examples showing serious discrepancies between Samsung's actual data and the data Dr. Groehn used in his model.  *Id.* ¶¶ 74-89.  This concept is not confusing at all; Mr. Kline is simply showing that Dr. Groehn chose a path different from the actual facts of this case.  Indeed, it is a key reason why Dr. Groehn's opinions should be excluded under *Daubert*, as set forth in Samsung's copending *Daubert* on Groehn.  Dkt. No. 203 at 11-13.  In the event that this Court allows the jury to hear Dr. Groehn's opinion, Mr. Kline's explaining that the data Dr. Groehn used ***does not match Samsung's sales data*** will not confuse the jury, but will bring truth back into focus.

---

[1] Dr. Groehn also failed to produce detailed work papers showing any such methodology.  This failure is one of the (numerous) grounds raised in Samsung's *Daubert* motion as to Dr. Groehn. Dkt. No. 203 at 7-8, 12-13.

Netlist's motion *admits* that there are "differences" between Dr. Groehn's and Mr. Kline's analysis. Dkt. No. 206 at 1. Should Dr. Groehn be allowed to testify at trial (over Samsung's objections, *see* Dkt. No. 203), these differences in Dr. Groehn's data, the reasons that led to the differences, and ultimately the weight the jury should give each expert's opinion are purely issues for cross-examination. *See, e.g.*, *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 783 (N.D. Tex. 2013) ("As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the [trier of fact's] consideration." (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987))).

### C. Mr. Kline's Analysis Is Not Unduly Prejudicial

Netlist has not shown Mr. Kline's opinion is *unduly* prejudicial. *See* Fed. R. Evid. 403. Netlist's own failure to provide reliable testimony is the source of any prejudice it suffers, and justifiably so. A party that sponsors expert opinions that deviate from actual fact certainly should pay a price for misleading the jury. Mr. Kline has reliably and reasonably concluded that Dr. Groehn's data is, in fact, "inaccurate." Doing so is not unduly prejudicial. "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993) (emphases in original).

### D. Dr. Groehn's Own Unreliable Opinions Moot the Present Motion

As explained in Samsung's *Daubert* motion on Dr. Groehn's unreliable opinion, the Court need not reach this motion at all. Samsung submits that resolution of its co-pending *Daubert* motion, requesting exclusion of all of Dr. Groehn's opinions as wholly unreliable and not tailored to the facts, will moot the present motion. *See* Dkt. No. 203. Should the Court grant Samsung's motion and exclude Dr. Groehn's opinions, Mr. Kline will not be required to use

4

valuable trial time to rebut Dr. Groehn's baseless, unmoored, hypothetical, and unhelpful calculations at trial. However, should the Court permit Dr. Groehn to testify, Samsung respectfully requests that the Court deny the present motion because any concerns regarding Mr. Kline's opinions about the accuracy of Dr. Groehn's data can be fully explored and addressed through cross-examination.

## II.  CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court deny Netlist's motion to exclude testimony of Dr. Kline.

Date: February 17, 2023

Respectfully submitted,

*/s/ Thomas H. Reger*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
LAD@fr.com
Brian Livedalen
D.C. Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
D.C. Bar No. 1013923
tishman@fr.com
Matthew Mosteller
CA Bar No. 324808
mosteller@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Katherine Reardon
NY Bar No. 5196910

5

kreardon@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Matthew Colvin
Texas Bar No. 24087331
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

Karolina Jesien
New York Bar No. KJ7292
FISH & RICHARDSON P.C.
Times Square Tower
20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile:  (212) 258-2291

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Facsimile:   (903) 934-9257

Alice J. Ahn
CA 271399 / DC 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Ste. 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile: (415) 591-6091

Brian R. Nester
D.C. Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202)-662-6000

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 17, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

*/s/ Thomas H. Reger*