# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 2:21-CV-463-JRG |
| vs. | ) ) |
| | ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., | ) ) **Filed Under Seal Pursuant to Protective** ) **Order** ) |
| Defendants. | ) ) ) |

# PLAINTIFF NETLIST INC.'S OPPOSITION TO SAMSUNG'S MOTION
# FOR SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES (Dkt. 198)

11187834

## TABLE OF CONTENTS
**Page**

I. Response to Samsung's Statement of Undisputed Material Facts ............................................. 1

II. Legal Standard ........................................................................................................................ 4

III. There is Substantial Evidence That Netlist Provided Actual Notice That Samsung Infringed the Asserted Patents Prior to This Lawsuit .................................................................. 5

    A. The '060 and '160 Patents ............................................................................................ 5

    B. The '918 and '054 Patents ............................................................................................ 6

    C. The '339 and '506 Patents ............................................................................................ 8

    D. Samsung's *Arctic Cat* Letter Did Not Satisfy Its Obligations at Least With Respect to the '060 and '160 Patents .................................................................. 8

IV. CONCLUSION ....................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amsted Industries v. Buckeye Steel Casting Co.*,
   24 F.3d 178 (Fed.Cir.1994) ................................................................................................... 4

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017) ..................................................................................... 2, 8, 9

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
   Case No. 15-cv-1047-RSP, Dkt. No. 275 (E.D. Tex. Nov. 29, 2016) ................................... 5

*Gart v. Logitech, Inc.*,
   254 F.3d 1334 (Fed. Cir. 2001) ............................................................................................ 4

*Lucent Techs., Inc. v. Gateway, Inc.*,
   470 F. Supp. 2d 1180 (S.D. Cal. 2007) ................................................................................ 5

*Mass. Inst. Of Tech. v. Abacus Software, Inc.*,
   2004 WL 5268125 (E.D. Tex. Sept. 29, 2004) .................................................................... 4

*Metrologic Ins, Inc. v. PSC, Inc.*,
   2004 WL 2851955 (D. N.J. Dec. 13, 2004) ........................................................................ 5

*Optis Wireless Tech., LLC v. Huawei Techs. Co. Ltd.*,
   2018 WL 3375192 (E.D. Tex. July 11, 2018) ..................................................................... 5

*Rosebud LMS Inc. v. Adobe Sys. Inc.*,
   812 F.3d 1070 (Fed. Cir. 2016) ............................................................................................ 8

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*,
   127 F.3d 1462 (Fed. Cir. 1997) ......................................................................................... 4, 5

I.     **Response to Samsung's Statement of Undisputed Material Facts**

1.     Samsung Facts 1 through 9: Disputed.  As explained in detail in Netlist's Opposition to Samsung's Motion for Summary Judgment on the JDLA, there is a material dispute of fact regarding the scope of the JDLA, and whether Samsung lost any rights it may have had to Netlist's licensed patents due to its failure to perform its obligations under the JDLA.  With respect to Facts 3 and 4,



: "▇▇▇▇▇" Ex. 22 (2/10/2023 Robins Depo. Tr.) at 30:14-18.  Samsung never marketed an HBM1 product. Ex. 1 (12/2/2022 Jihwan Kim Depo. Tr.) at 11:23-25 ("▇▇▇▇▇").  In 2016, at the time of the notice, ▇▇▇▇▇.  Ex. 2 (Ex. 5 to 12/2/2022 Jihwan Kim Depo.).  In 2015 and 2016 Samsung repeatedly referred to what are now called ▇▇▇▇▇ *See, e.g.,* Ex. 3 (SAM-NET00456840); Ex. 4 SAM-NET00355094-355122.  The assertion that the notice to Samsung which listed "HBM" as "Covered Products" was directed to HBM1 is nonsensical, as Samsung never even sold a product named "HBM1." Mot. At 7.  After the notice, Samsung subsequently launched what it refers to internally as HBM2E and HBM3 products. ▇▇▇▇▇.  Ex. 21 (Brogioli Rpt.) at ¶¶ 102-03.  The "standards" that related to HBM1, HBM2, HBM2E and HBM3 are irrelevant.  Neither party claims the asserted patents are essential to the standard.  And Samsung does not claim that under Netlist's infringement read the patents are essential to the standards.

2.     With respect to Fact 8, Samsung has identified no evidence that Netlist's portfolio was not shared with anyone at Samsung.  Indeed, the cover email reflects that the documents produced to Samsung were marked as either "Confidential" or "Attorneys Eyes Only," and the patent portfolio

was identified only as "Confidential." *See* Dkt. 198-10. Moreover, Samsung does not dispute that the law firms that represented Samsung in its dispute with Netlist received the listing.

3.      Samsung Facts 10 through 13: Disputed. As set forth in Netlist's co-pending Motion for Summary Judgment on Samsung's Affirmative Defenses, Dkt. No. 199, at least with respect to the '060 and '160 Patents, Samsung's October 2022 letter did not satisfy its *Arctic Cat* obligations. Samsung's October 2022 letter did not recite any products that supposedly practice the '060 and '160 Patents, or any reasons why Netlist should believe the products cited in the letter practice these patents. Samsung's letter states that certain SK Hynix "HBM products" that are under license from Netlist are unmarked. SK Hynix marketed an HBM1 product. Ex. 5 (describing SK Hynix's HBM1 product). HBM1 products do not practice the patent, as Netlist's expert concluded. Dkt. 198-6 at ¶ 52.

Netlist proposes the following additional facts:

1.      Samsung's President, Dr. Jung Bae Lee, testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 6 (2/1/23 Jung Bae Lee Depo. Tr.) at 28:7-29:16; 30:9-31:10. Samsung's corporate representative designated to discuss the JDLA also ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 7 (12/8/2022 Indong Kim Dep. Tr.) 22:17-24.

2.      The President of Samsung Memory confirmed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 6 (2/1/23 Jung Bae Lee Depo. Tr.) at 38:18-39:23 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). In fact, at DDR5, all DIMMs use the same on-module power management. Ex. 8 (Ex. 7 to Hun Joo Lee Depo.) at 1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- 3 -

██████████████████████████████████████████████████████████).

3. The 2016 Notice Chart was forwarded with an email that made explicit the chart was directed at Samsung products. Dkt. 198-2 (█████████████████████████████████

████████████████████████████████████████)

Dkt. 198-3 (NL046601, annotated).

4. The 2016 Notice Chart ████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████ As discussed above, ███████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████ *Supra*

¶ 2 (additional facts).

5. The 2016 Notice Chart also identified █████████████████████████

██████████████████████████████████████████████████████████

██████████ Moreover, the 2016 Notice Chart ███████████████████████

██████████████████████████████████████████████████████████

██████████ The '506 and '339 patents are asserted against Samsung DDR4 LRDIMMs.

6. Sung Joo Park, a Samsung engineer and the company's representative to the relevant committee within the JEDEC standard-setting organization, testified that ███████████████████████████████████████████████████████████████████████████████████████ Ex. 10 (11/23/22 Park Depo Tr.) at 54:3-58:16.

7. In 2014 and 2015, Netlist identified U.S. Patent No. 8,417,870 ("the '870 Patent), which is a predecessor of the '506 patent, and the '185 Patent, which is a predecessor of the '339 patent, as covering DDR4 LRDIMM with distributed buffers. This is the product accused of infringement in this case. Ex. 11 (NETLIST_SAMSUNG_EDTEX00034451) at 00034453-34454 (stating ███████████████████████████████████████████████████████████████████████████████ Ex. 12 (SAM-NET00430675) at 00430687, 00430717 (same).

8. In addition, while the '054 Patent issued after Netlist filed its original complaint, Netlist expressly stated in that complaint that the '054 Patent claims had been granted, that Netlist was awaiting its imminent issuance, that upon such issuance, Samsung would be infringing the '054 claims, and that Netlist would amend its complaint upon issuance. Dkt. 1, ¶¶ 32-33. The original complaint constitutes actual notice at least as of the time of the issuance of the '054 Patent.

**II.    Legal Standard**

Communications regarding actual notice should be viewed within the overall context of the parties' licensing negotiations. *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1346-47 (Fed. Cir. 2001). "[A]lthough the Federal Circuit wrote in *Amsted Industries v. Buckeye Steel Casting Co.*, 24 F.3d 178, 187 (Fed.Cir.1994), that '[a]ctual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device,' the court, in *SRI Int'l.*, held that a direct charge of infringement was not required." *Mass. Inst. Of Tech. v. Abacus Software, Inc.*, 2004 WL 5268125 (E.D.

Tex. Sept. 29, 2004) (citing *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, at 1469–70 (Fed. Cir. 1997)).

Identifying standards by name or shorthand in a notice letter can suffice to provide a triable issue of material fact regarding actual notice. *See Optis Wireless Tech., LLC v. Huawei Techs. Co. Ltd.*, 2018 WL 3375192, at *6 (E.D. Tex. July 11, 2018) (triable issue of fact existed as to actual notice where, prior to filing suit, plaintiff sent defendant a "letter and accompanying spreadsheet identif[ying] the '216 and '293 patents and their corresponding cellular standards"); *Lucent Techs., Inc. v. Gateway, Inc.*, 470 F. Supp. 2d 1180, 1185 (S.D. Cal. 2007) (denying motion for summary judgment on pre-suit notice where patent holder sent defendant emails "identif[ying] the G723 standard relative Microsoft's software[.]").

In addition, the provision of notice regarding a parent patent can suffice to provide notice of children of that parent. *Arthrex, Inc. v. Smith & Nephew, Inc.*, Case No. 15-cv-1047-RSP, Dkt. No. 275 at 4-6 (E.D. Tex. Nov. 29, 2016) (concluding that a "reasonable juror could conclude that the scope of notice [regarding a parent patent]….expanded to include notice of infringement of the [child] patent after the [child] patent issued."); *Metrologic Ins, Inc. v. PSC, Inc.*, 2004 WL 2851955, at *20 (D. N.J. Dec. 13, 2004).

### III. There is Substantial Evidence That Netlist Provided Actual Notice That Samsung Infringed the Asserted Patents Prior to This Lawsuit

#### A. The '060 and '160 Patents

In 2015, Ji Bum Kim, Netlist's Vice President of Sales, provided Samsung with a presentation setting out key elements of the '060 Patent and noting exactly what it applied to, i.e., ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 13 (cover email) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ); Ex. 14 (attachment). Samsung's expert admits that these descriptions of what is covered by the '060 patent defines features of Samsung's HBM products. Ex. 22 (Robins Depo.),

7:17-8:3, 8:12-21, 21:6-10 (buffer below the DRAMs leads to load reduction); 24:14-25:3 (enhanced register); 25:16-21, 26:25-27:18 (control die); 32:6-10 (optimized buffer die), 50:9-25; 52:6-54:7 (only a subset of dies in communication with each other).  In addition, Dr. Hyun Lee, Netlist's retired CTO, discussed with Samsung the technology claimed and described in the '060 Patent. *Id.*; *see also* Ex. 15 (11/29/22 Hyun Lee Depo Tr.) at 187:23-188:12; *see also* Ex. 16 (12/16/22 Hong Depo Tr.) at 133:22-134:7. In addition, in the 2016 Notice Chart Netlist ▮▮▮

▮▮▮

Dkt. 198-3, 198-2 (▮▮▮

▮▮▮) Samsung argues that it would have understood this chart to mean that Netlist was accusing Samsung's HBM1 products.  Mot. at 7.  This would make no sense given that Samsung has never offered an HBM1 product.  Ex. 1 (12/2/2022 Jihwan Kim Tr.) at 11:23-25 ("▮▮▮

▮▮▮"). By virtue of its knowledge of the '060 Patent, Samsung would have understood Netlist's notice of infringement to have extended to the '060's child patent, the '160 Patent.  Accordingly, at least a triable issue of material fact exists that Netlist provided actual notice of the '060 and '160 Patents prior to this lawsuit.

    **B.**    **The '918 and '054 Patents**

In 2014, Netlist informed Samsung of ▮▮▮

▮▮▮

▮▮▮ Ex. 17 (SAM-NET00431430-SAM-NET00431461) at 457. As Dr. Jung Bae Lee, Samsung's President, testified during his deposition, ▮▮▮

▮▮▮

▮▮▮ Ex. 6 (2/1/23 Jung Bae Lee Dep. Tr.) at ▮▮▮

▮▮▮

███████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████ Indeed,

Indong Kim, Samsung's corporate designee on the JDLA, testified that ████████████

█████████████████████████████████████████████ Ex. 7 (12/8/22 Kim Depo. Tr.)

at 21:16-22:24. Mr. Kim further confirmed that ████████████████████████

████████████████████████████████████████████████████████████ *Id.* at

58:25-59:13; *see also* Ex. 6. (2/1/23 Jung Bae Lee Depo. Tr.) at 28:15-23; Ex. 18 (Ex. 10 to 12/8/2022

Indong Kim Depo.) ██████████████████████████████████████████████

█████████████████████████████████████████████████████████). Samsung also

████████████████████████████████████████████████████████████████████

████████████████████████████

████ Ex. 19 (NL032169); Ex. 20 at ¶¶ 1, 3 (BMS Report). A reasonable jury could conclude based on the above that Samsung knew that Netlist had the patent family that resulted in the '918/'054 patents, that this family covered on-module power management, and that both the NVDIMM product Samsung was developing and the DDR5 product it subsequently launched had on-module power management, and thus that Netlist believed they infringed.

In addition, in the 2016 Notice Chart, Netlist ██████████████████████

████████████████████████████████████████████████████████████████████

████████, which contain the same on-module power management feature that would form part of the DDR5 standard and Samsung's DDR5 products. Dkt. 198-3. Accordingly, at least a triable issue of material fact exists that Netlist provided actual notice of the '918 Patent prior to this lawsuit.

In addition, while the '054 Patent issued after Netlist had filed the original complaint in this case, Netlist expressly stated in that complaint that the '054 Patent claims had been allowed, that Netlist was awaiting its imminent issuance, that upon such issuance, Samsung would be infringing the

'054 claims, and that Netlist would amend its complaint upon issuance. Dkt. 1, ¶¶ 32-33. The original complaint accordingly constitutes actual notice of the '054 Patent, entitling Netlist to damages under 154(d). *See Rosebud LMS Inc. v. Adobe Sys. Inc.*, 812 F.3d 1070, 1073 (Fed. Cir. 2016) ("§154(d) provides for damages that take place before a patent issues if the infringer 'had actual notice of the published patent application.'").

C. **The '339 and '506 Patents**

Sung Joo Park, a Samsung engineer and the company's representative to the relevant committee within the JEDEC standard-setting organization,  Ex. 10 (11/23/22 Park Depo Tr.) at 54:3-58:16.

In addition, the 2014 and 2015 presentations to Samsung identify the parents of the '506 and '399 patents as covering DDR4 LRDIMMs. Samsung President, Dr. Lee, Ex. 6 (2/1/23 Jung Bae Lee Depo. Tr.) at 23:15-25:18. Moreover, in the 2016 Notice Chart, Netlist expressly disclosed parents of the '339 and '506 patents and listed the "Covered Products" as LRDIMM. The '185 and '632 Patents, which Netlist disclosed to Samsung as covering DDR4 LRDIMM products, are the parent patents, respectively, of the asserted '339 and '506 Patents.

D. **Samsung's *Arctic Cat* Letter Did Not Satisfy Its Obligations at Least With Respect to the '060 and '160 Patents**

Samsung contends in its motion that its "October 2022 letter identified" certain Netlist products "as ones sold unmarked" and therefore "met the 'low bar' needed to 'put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent.'" Mot. at 9 (citing *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876

F.3d 1350, 1368 (Fed. Cir. 2017). But as set forth in Netlist's co-pending Motion for Summary Judgment on Samsung's Affirmative Defenses, Dkt. No. 199, at least with respect to the '060 and '160 Patents, Samsung's October 2022 letter did not satisfy its *Arctic Cat* obligations. The letter only claims to constitute notice of products sold under a license to the '506 and '339 Patents that are not marked. *See* Ex. 2 to Dkt. No. 199 at 1-2. Moreover, there is a triable issue of fact on marking. First, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 6 to Mtn. at ¶ 52. As to the other patents, Samsung's expert Mr. McAlexander admitted that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 9 (2/9/2023 McAlexander Depo. Tr.) at 98:2-9. Samsung does not contend that any of the patents are essential to these standards. And Netlist is proving infringement of these patents by Samsung using a technical analysis of Samsung's actual products. As a result, there is a dispute of fact as to whether SK Hynix was required to mark.

### IV. CONCLUSION

Accordingly, for all the reasons set forth in detail above, Netlist respectfully requests that the Court deny Samsung's motion for summary judgment of no pre-suit damages.

Dated: February 17, 2023                                Respectfully submitted,

                                                        */s/ Samuel F. Baxter*

                                                        Samuel F. Baxter

Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on February 17, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Samuel F. Baxter*
Samuel F. Baxter

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Samuel F. Baxter*
Samuel F. Baxter
