# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:21-CV-463-JRG ) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., | ) JURY TRIAL DEMANDED ) ) **Filed Under Seal** ) ) |
| Defendants. | ) |

## NETLIST INC.'S OPPOSITION TO DEFENDANT SAMSUNG'S MOTION FOR SUMMARY JUDGMENT OF NO WILLFULNESS (Dkt. 200)

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................1

II.   RESPONSE TO SAMSUNG'S STATEMENT OF FACTS....................................................1

III.  LEGAL STANDARD ........................................................................................................3

IV.  ARGUMENT......................................................................................................................5

        A.    Substantial Evidence Exists Of Samsung's Knowledge And Any Failure Of Knowledge Is Due to Samsung's Willful Blindness To Netlist's Intellectual Property Rights ........................................................................................................5

        B.    Substantial Evidence Exists Of Samsung's Continued Willful Infringement After The Complaint........................................................................................13

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
   No. 15-cv-1047-RSP, Dkt. 275 (E.D. Tex. Nov. 29, 2016) ................................................. 11

*BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*,
   28 F.4th 1247 (Fed. Cir. 2022) ............................................................................................ 11

*Bayer Healthcare LLC v. Baxalta Inc.*,
   989 F.3d 964 (Fed. Cir. 2021) ....................................................................................... 10, 11

*Commil USA, LLC v. Cisco Sys., Inc.*,
   720 F.3d 1361 (Fed. Cir. 2013) ............................................................................................. 4

*Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*,
   2022 WL 16701926 (N.D. Cal. Nov. 3, 2022) .................................................................... 12

*Dentsply Sirona, Inc. v. Edge Endo, LLC*,
   2019 WL 1517584 (D.N.M. April 8, 2019) .......................................................................... 4

*Enplas Display Device Corp. v. Seoul Semiconductor Co.*,
   909 F.3d 398 (Fed. Cir. 2018) ............................................................................................... 4

*Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp., LLC*,
   879 F.3d 1332 (Fed. Cir. 2018) ............................................................................................. 3

*FireBlok IP Holdings, LLC v. Hilti, Inc.*,
   2020 WL 1899620 (E.D. Tex. Jan. 20, 2020) ..................................................................... 13

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011), *rev'd on other grounds*, 757 F. App'x 974 (Fed. Cir. 2019) ................ 4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016) ............................................................................................................ 3, 5

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*,
   259 F.Supp.3d 530 (E.D. Tex. 2017) .................................................................................... 4

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
   2019 WL 1987172 (E.D. Tex. Apr. 12, 2019) ............................................................... 10, 12

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*,
   383 F.3d 1337 (Fed. Cir. 2004) ............................................................................................. 4

*Packet Intel. LLC v. NetScout Sys., Inc.*,
    2019 WL 2375218 (E.D. Tex. June 5, 2019), *aff'd in relevant part*, 965 F.3d 1299
    (Fed. Cir. 2020) .................................................................................................................. 13

*In re Seagate Tech., LLC*,
    497 F.3d 1360 (Fed. Cir. 2007) (en banc), *report and recommendation adopted*, 2019
    WL 1979866 (E.D. Tex. May 3, 2019) ............................................................................. 10

*Sealant Sys. Int'l, Inc. v. TEK Glob.*,
    2012 WL 13662 (N.D. Cal. Jan. 4, 2012) ............................................................................ 5

*SiOnyx, LLC v. Hamamatsu Photonics K.K.*,
    330 F. Supp. 3d 574 (D. Mass. 2018) .................................................................................. 4

*Smith & Nephew Inc. v. Arthrex, Inc*,
    603 F. App'x 981 (Fed. Cir. 2015) ....................................................................................... 4

*SRI Int'l, Inc. v. Cisco Sys.*,
    14 F.4th 1323 (Fed. Cir. 2021) ............................................................................................. 3

*SynQor, Inc. v. Artesyn Techs., Inc.*,
    2011 WL 3624957 (E.D. Tex. Aug. 17, 2011), *aff'd,* 709 F.3d 1365 (Fed. Cir.
    2013) .................................................................................................................................. 12

*WCM Indus., Inc. v. IPS Corp.*,
    721 F. App'x 959 (Fed. Cir. 2018) ................................................................................. 4, 11

## I. INTRODUCTION

There is substantial evidence in the record supporting a finding of willfulness based on either direct knowledge or willful blindness.

## II. RESPONSE TO SAMSUNG'S STATEMENT OF FACTS

Numbers 1, 2, 3, 4, 5, 7, 8, 9, 11, 12, 13, and 14: disputed in light of the following:

- There is a material dispute of fact as to whether the accused products were ever ███████, and if so, ███████. *See* Netlist's Opp. to Dkt. 196 (Samsung MSJ). Netlist sent Samsung a letter ███████████████; Samsung's refusal to ███████ as of ███████████ as of this same date. Dkt. 200 Exs. 4, 8. Moreover, Samsung could never have had licenses to patents ('339, '506, '918, and '054) that ███████████████████. There is also a dispute regarding whether the accused products are excluded from ██ ███████████ because they constitute ███████. *See* Netlist's Opp. to Dkt. 237 (Samsung MSJ). In particular, the Korean Government in November 2020 held that Samsung's rights ███████ were limited to the ████████████████ ████████████████ ████████████████ Ex. A at 22.

- The ██ Netlist provided to Samsung on November 8, 2016 listed categories of ██ ███████ including ████████████████ ███████ Ex. B [NL046600]. Ex. C [NL046601]. The ██ indicates that ████████████████████ covered Samsung's ██ ██; U.S. Patent No. 8,874,831 ("'831 Patent") and U.S. Patent No. 8,301,833 ("'833 Patent") (to which the '918 and '054 Patents claim priority) covered Samsung's

- 1 -

▇▇▇▇▇▇▇▇▇▇▇▇; and U.S. Patent No. 8,516,185 ("'185 Patent") and U.S. Patent No. 8,417,870 ("'870 Patent") (to which the '339 Patent claims priority) and U.S. Patent No. 9,128,632 ("'632 Patent") (to which the '506 Patent claims priority) covered Samsung's ▇▇▇▇▇▇▇▇. Ex. C. The cover email forwarding this ▇▇▇ also made clear that it was ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ex. B (email entitled ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ stating: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇). Accused products fall within these categories, as admitted by Samsung. *See* Dkt. 196 at 20 (listing ▇▇▇▇▇▇ including ▇▇▇▇▇▇ and ▇▇▇▇▇▇▇▇▇▇). Reference to ▇▇▇▇ in the ▇▇▇▇ referred to Samsung's ▇▇▇▇▇▇▇▇, which had been announced by the date of the ▇▇. *See* Netlist's Opp. to Dkt. 198 (Samsung MSJ). The final category of accused products—the "DDR5 Products"—were not released until years after ▇▇▇▇ provided to Samsung. Samsung knew that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See, e.g.*, Ex. D [Lee, Jung Bae Tr.] at 38:18-23 (▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇). ▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.* at 10:8-15, 12:18-13:1.

- A ▇▇▇▇▇▇▇▇ to Samsung's attorneys in the C.D. Cal. litigation listed the '506, '339, and '060 Patents; the application that led to the '160 Patent; and the '833 Patent (to which the '918 and '054 Patents claim priority). Samsung offers no evidence to support its assertion that this document was ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dkt 200 at 3. The document was ▇▇▇▇▇▇▇▇▇▇▇▇. The same Samsung counsel that received the ▇▇▇▇ was involved in licensing communications with Netlist. In particular, Netlist ▇▇▇▇▇▇ to Samsung's C.D. Cal. counsel after the ▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and requested that Samsung ▇▇▇▇▇▇▇▇. *See* Ex. E [Case No. 8:20-cv-00993-MCS-ADS, Dkt. 0145-46 Ex. 42]. The information provided to Samsung counsel was communicated to Samsung as evidenced by the fact that Samsung filed a declaratory judgment action ▇▇▇▇▇▇▇▇▇▇ the day after the C.D. Cal. court granted summary judgment that the termination was effective. *See* Ex. F [Case No. 8:20-cv-00993-MCS-ADS, Dkt. 186] (granting summary judgment on October 14, 2021); Ex. F [Case No. 1:21-cv-01453-RGA, Dkt. 1] (declaratory judgment action filed on October 15, 2021).

- Samsung's recitation of evidence of willfulness is incomplete and mischaracterizes the evidence, as discussed in Section IV below.

- Samsung's appeal to the Ninth Circuit recycles its thrice-rejected arguments and does not support Samsung's alleged "maintaining" of its position. *See* Dkt. 85 at 2-4.

- Netlist gave Samsung notice of the allowed '054 patent at the time of the original complaint and indicated ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Dkt. 1 ¶ 32.

- Samsung applied a different construction in IPRs it filed on the '060 and '160 Patents than it persuaded the Court to adopt in this case. Ex. H [Case IPR2022-01428 POPR] at 1-2.

## III. LEGAL STANDARD

"[T]he entire willfulness determination is to be decided by the jury." *Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp., LLC*, 879 F.3d 1332, 1353 (Fed. Cir. 2018). "[T]he concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement." *SRI Int'l, Inc. v. Cisco Sys.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021) (quoting *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020)). "To eliminate the confusion created by [the Federal Circuit's] reference to the language 'wanton, malicious, and bad-faith' in *Halo*, [it] clarify[ies] that it was not [its] intent to create a heightened requirement for willful infringement." *SRI*, 14 F.4th at 1329-30.

"Determination of willfulness is made on consideration of the totality of the circumstances

and may include contributions of several factors[.]" *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1342-43 (Fed. Cir. 2004) (internal citation omitted).  As a matter of law, a patentee can show deliberate or intentional infringement by "showing actual knowledge or willful blindness" of the patents. *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, 259 F.Supp.3d 530, 545 (E.D. Tex. 2017) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011)), *rev'd on other grounds*, 757 F. App'x 974 (Fed. Cir. 2019).  The Federal Circuit has confirmed that knowledge of the patent is not necessary to support a finding of willful infringement where an accused infringer ignores a risk of infringement so obvious that it should have been known.  *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018) (rejecting that "a party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge" and upholding finding that "risk of infringement that was either known or so obvious that it should have been known" where accused infringer was aware that patent holder had indicated its products were "patent pending").[1]  A jury may also reasonably find "knowledge of the patents" based on "circumstantial evidence." *Enplas Display Device Corp. v. Seoul Semiconductor Co.*, 909 F.3d 398, 408 (Fed. Cir. 2018).

An alleged "good-faith belief" in invalidity or non-infringement at most raises a question of fact for the jury and is not a basis for summary judgment of no willfulness.  *Smith & Nephew Inc. v. Arthrex, Inc*, 603 F. App'x 981, 990 (Fed. Cir. 2015) (rejecting that "a good-faith belief in non-infringement negates the required knowledge" because "a good-faith belief presents a factual question"); *Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1368-69 (Fed. Cir. 2013) (same). "[T]he ability of the infringer to muster a reasonable (even though unsuccessful) defense at trial" cannot

---

[1] Courts have recognized that *WCM* "cast[s] significant doubt" on the line of district court cases holding "neither general knowledge of a patent portfolio nor actual knowledge of a patent application or of related patents, without more, is sufficient." *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 609 (D. Mass. 2018); *Dentsply Sirona, Inc. v. Edge Endo, LLC*, 2019 WL 1517584, at *4 (D.N.M. April 8, 2019) ("Cases such as *SiOnyx* and *WCM Industries*, which were decided with the benefit of *Halo*'s guidance, are more persuasive than *Vasudevan*.").

negate willfulness. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016).

**IV.    ARGUMENT**

    **A.    Substantial Evidence Exists Of Samsung's Knowledge And Any Failure Of Knowledge Is Due to Samsung's Willful Blindness To Netlist's Intellectual Property Rights**

The history of communications between the parties and disclosures related to the patented technology is too lengthy to fully describe in this opposition.  The following summary of key disclosures related to each of the asserted patents is more than sufficient to support a finding of willfulness.  The six asserted patents are part of three patent families, which are addressed in turn.

The '060 and '160 Patents are part of the same patent family and cover Samsung's High Bandwidth Memory (HBM) modules.  The application that resulted in the '060 Patent was published in 2012.  Ex. I [US2012/0106228A1].  Netlist ███████████████████████████████

███████████████████████████████████████

On November 8, 2016, Netlist ██████████████████████ncluding ██████████

██████████████████████ which specifically ████████████████████.  Exs. B, C.  The ████ indicated that the '060 Patent ████ ████████████████.  Ex. C.  Samsung refers to the products accused of infringing the '060 and '160 Patents as ████████████████  Dkt. 196 at 20; Ex. J [Kim, Jihwan Tr.] at 16:6-13 (██████████████████████████████████

███████████████████████████████████████).  Samsung's argument that the ████ ████████ Samsung does not include ██████████████████████ is an argument it can make to the jury.  Samsung's first ████ ███████ was known as ████████ in the market place.  Netlist will establish that all of Samsung's ████████████ share a common set of infringing features.  *See, e.g.*, Ex. K [Brogioli Opening Report] ¶ 85; Dkt. 119-01 Ex. 11 (██████████████████████

████); *see also Sealant Sys. Int'l, Inc. v. TEK Glob.*, 2012 WL 13662, at *3 (N.D. Cal. Jan. 4, 2012) (denying motion to dismiss claim of willful infringement and stating "[n]or has the court found any case

suggesting that a willful infringement claim must include allegations regarding notice of specific products").

Netlist repeatedly disclosed information related to the '060 and '160 Patents to Samsung. For example, in April 2015, as part of a ▮▮▮▮▮ Netlist and Samsung's proposed collaboration, Netlist disclosed to Samsung that ▮▮▮▮▮ Ex. L [SAM-NET00430675] at 48 (▮▮▮▮▮). As another example, in 2015, Netlist provided Samsung with ▮▮▮▮▮ describing the key features of ▮▮▮ ▮▮▮ Ex. M [NETLIST_SAMSUNG_EDTX00190488] at 1; Ex. N [NETLIST_SAMSUNG_EDTX00190485] (▮▮▮▮▮ Former Netlist engineer Hyun Lee testified that ▮▮▮▮▮ Ex. O [Lee, Hyun Tr.] at 71:23-72:3, 187:23-189:7.

The '918 and '054 Patents are part of the same patent family and cover on-module power management, a feature that is ▮▮▮▮▮. Ex. P [Mangione-Smith Opening Report Ex. B] ¶¶ 69, 78. These patents were granted on May 5, 2021 and January 25, 2022, respectively. Exs. Q, R ['918 and '054 Patents, respectively]. Netlist specifically identified family members of the asserted '918 and '054 Patents to Samsung. In April 2015, Netlist disclosed the '831 and '833 Patents (to which the '918 and '054 Patents claim priority). Ex. L at 50 ▮▮▮▮▮. The ▮▮▮▮▮ identified these patents as ▮▮▮▮▮. *Id.* ▮▮▮▮▮). The ▮▮▮▮▮, ▮▮▮▮▮. Ex. D at 10:8-15, 12:18-13:1 (Lee, Jung Bae). It is this on-module power management that is the subject of the '918 and '054 Patents.

In addition to notifying Samsung of specific patents in this patent family, Netlist repeatedly provided Samsung with notice that it had patents covering on-module power as claimed in the '918 and '054 Patents and implemented in the accused products. For example, in 2014, Netlist informed Samsung that Netlist ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. S [SAM-NET00431430] at 28. Samsung has admitted that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. D at 10:8-15, 12:18-13:1 (Lee, Jung Bae).

As another example, the ▮▮ Netlist provided to Samsung in 2016 included the '831 and '833 Patents (to which the '918 and '054 Patents claim priority). Exs. B, C. The ▮▮ indicated that these relatives of the '918 and '054 patents ▮▮▮▮▮▮▮▮▮▮. *Id.* At the time of this ▮▮▮▮▮▮ Samsung knew that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, Ex. D at 38:18-23 (Lee, Jung Bae) (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). Subsequent to this ▮▮▮▮▮▮ Samsung launched ▮▮▮▮▮▮▮▮▮▮ Ex. T [Kennedy Opening Report] ¶ 500. The accused ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. U [SAM-NET00332995] at 13; Ex. V [Lee, Hun Joo Tr.] at 15:13-16:2, 16:11-17:8 (▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮) Ex. D at 10:13-15 (Lee, Jung Bae) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Samsung was aware of Netlist's patented innovation in on-board power management, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. W [NL007910] at 1 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮) Ex. X [Milton, Scott Tr.] at 241:24-242:9 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

Further, Netlist disclosed relatives of the '918 and '054 Patents ▮. On February 27, 2015, Netlist ▮▮▮▮▮ including for the '831 and '833 Patents (to which the '918 and '054 Patents claim priority). Ex. Y [NETLIST_SAMUNG_EDTX00022080] at 19, 21. On August 7, 2018, Netlist ▮▮▮ for the same patents after agreeing to ▮▮▮▮ Ex. Z [NETLIST_SAMSUNG_EDTX00022012] at 31, 33. Samsung ▮ on each of the ▮▮ that Netlist ▮▮▮ *See, e.g.*, Ex. AA [Park, Sung Joo Tr.] at 92:15-19 (▮▮▮). The ▮▮ is the ▮▮ that ▮▮ that Samsung claims it implements. Ex. AB [McAlexander, Joseph Tr.] at 223:23-224:9.

Samsung engineer Indong Kim testified that ▮▮▮▮ Ex. AC [Kim, Indong Tr.] at 55:6-57:9, 60:17-61:5. Mr. Kim confirmed that ▮▮▮▮. The ▮▮ included the ▮▮▮.

The '506 and '339 Patents cover Samsung's DDR4 LRDIMMs. These patents granted on December 8, 2020 and March 16, 2021, respectively. Exs. AD, AE ['506 and '339 Patents, respectively]. Netlist specifically identified to Samsung family members of the asserted '506 and '339 Patents and provided Samsung with notice that these patents covered the LRDIMM designs in the '506 and '339 Patents and implemented in the accused products.

- 8 -

For example, on September 16, 2010, Netlist disclosed a ▮▮▮▮▮ at a ▮▮▮▮▮ attended by Samsung. Ex. AA (Park, Sung Joo) (▮▮▮▮▮); Ex. AF [SAM-NET00074543] at 1 (▮▮▮▮▮); *id.* at 12 (▮▮▮▮▮ 9). This ▮▮▮ discussed LRDIMM and DDR4 designs. Ex. AB at 201:20-203:7 (McAlexander).

As another example, in a 2014 ▮▮▮ Netlist told Samsung that that it ▮▮▮▮▮ and another in ▮▮▮▮▮ Ex. AG [NETLIST_SAMUNG_EDTX00034451] at 3.

As another example, in April 2015, Netlist made a ▮▮▮▮▮ that included the patent numbers for family members of the '339 Patent and stated that the ▮▮▮▮▮ Ex. AH [NL107806] at 3-4 (▮▮▮▮▮). That same month, Netlist separately ▮▮▮ to Samsung and ▮▮▮ the parents of the '339 Patent as covering LRDIMM. Ex. L at 43 (▮▮▮▮▮).

Samsung engineer Indong Kim ▮▮▮▮▮ Ex. AC at 58:25-59:13; 60:17-61:5 (▮▮▮▮▮); *see also* Ex. AI [NL107763] at 1 (▮▮▮▮▮ Ex. AJ [NL107769] at 3 (▮▮▮▮▮)

Ex. A at 3.

As another example, the ▮▮▮ Netlist provided to Samsung in 2016 included the '185 and '870

Patents, to which the '339 Patent claim priority and the '632 Patent, to which the '506 Patent claims priority. Exs. B, C. The ▇▇▇ indicated that these relatives of the '918 and '054 patents cover ▇▇▇▇▇▇▇▇ *Id.*

As another example, in August 2021 Netlist disclosed a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ in the C.D. Cal. case. Dkt. 200 Ex. 6. The same Samsung counsel was involved in ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇. In particular, Netlist sent a letter to Samsung's C.D Cal. counsel after ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ 0 and requested that Samsung ▇▇▇▇▇▇▇▇. *See* Ex. E. The information provided to ▇▇▇▇▇▇ ▇▇▇▇▇▇ was ▇▇▇▇▇▇▇▇▇▇ as evidenced by the fact that Samsung filed a declaratory judgment action based on ▇▇▇▇▇▇ the day after the C.D. Cal. court granted summary judgment that the termination was effective. *See* Ex. F (granting summary judgment on October 14, 2021); Ex. G (declaratory judgment action filed on October 15, 2021).

Despite the extensive evidence described above, Samsung seeks summary judgment of no willfulness based on mischaracterization of the law.

First, Samsung argues that a finding for willful infringement requires both "knowledge of the asserted patents" and "deliberate or intentional infringement." Dkt. 200 at 5-6. The cases relied on by Samsung make clear that willful infringement may be found based on willful blindness, *i.e.*, where "the risk of infringement [is] . . . so obvious that it should have been known to the accused infringer." *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, 2019 WL 1987172, at *1 (E.D. Tex. Apr. 12, 2019) (quoting *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc)), *report and recommendation adopted*, 2019 WL 1979866 (E.D. Tex. May 3, 2019).

The cases cited by Samsung are inapposite. In *Bayer Healthcare LLC v. Baxalta Inc.*, "there was no dispute that . . . Bayer merely 'assume[d] that [Baxalta] knew Adynovate infringed.'" 989 F.3d 964, 987 (Fed. Cir. 2021). The District Court had construed the claims to require "a polypeptide conjugate where conjugation was not random," and no evidence was submitted at trial evidencing knowledge or

- 10 -

willful blindness to the fact that "conjugation was not random" in the accused products. *Id.* at 971-72. Unlike in *Bayer*, there is substantial evidence that (1) Netlist identified the specific innovative features to Samsung and (2) Samsung knew that it was incorporating these very features into its products. *See supra* § II.A. In *BASF Plant Science*, the patentee "identifie[d] only two facts as creating a triable issue of willfulness." *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, 28 F.4th 1247, 1274 (Fed. Cir. 2022). The first was "that certain BASF witnesses were aware and kept track of CSIRO patents" generally. *Id.* The second was that the accused infringers' alleged defense arose after litigation started, where litigation started between the parties before the patents at issue had granted, which logically "cannot be significant." *Id.* The evidence in *BASF Plant Science* has no comparison to the evidence of willfulness discussed above.

Second, Samsung asserts that "knowledge of patents in the same family or portfolio is insufficient" to support a finding of willfulness. Dkt. 22 at 7. The cited cases do not support Samsung's position. Samsung does not allege or cite any support to suggest that knowledge of patents in the same family is not relevant to the totality of circumstances inquiry for willfulness. Whether a fact on its own is "insufficient" for a finding of willfulness is of no moment. Further, this Court has found that knowledge of familial patents can support a finding of willfulness. Order at 4-6, *Arthrex, Inc. v. Smith & Nephew, Inc.*, No. 15-cv-1047-RSP, Dkt. 275 (E.D. Tex. Nov. 29, 2016) ("A reasonable juror could conclude that the scope of notice [regarding a parent patent] . . . expanded to include notice of infringement of the '541 patent after the '541 patent issued."). In *WCM*, the Federal Circuit upheld a jury verdict of willful infringement absent direct evidence of knowledge of the patents-in-suit, based in part on evidence that the accused infringers had knowledge of a "patent pending." 721 F. App'x at 970. Here, knowledge of patents in the same family is tantamount to knowledge of patent pending. Netlist's notices to Samsung included parent and children patents, indicating that Netlist pursues continuation patents, and Samsung itself is familiar with the practices of continuation patents

- 11 -

from its large portfolio of families of patents. *See, e.g.*, *SynQor, Inc. v. Artesyn Techs., Inc.*, 2011 WL 3624957, at *4 (E.D. Tex. Aug. 17, 2011), *aff'd,* 709 F.3d 1365 (Fed. Cir. 2013) (holding that a "jury could reasonably conclude that [defendant] . . . learned of the [continuation] patent once it issued" based on evidence that "continuation patents are common" and those in the industry "would have recognized that a continuation application could potentially be filed" on the parent patent.).

The cases cited by Samsung regarding knowledge of patents in the same family are inapposite. In *Intellectual Ventures*, this Court found knowledge of unasserted patents "insufficient" because "Plaintiff had not shown a sufficient nexus with the patent-in-suit." *Intell. Ventures II*, 2019 WL 1987172, at *2. Here, extensive evidence—discussed in detail below—establishes a nexus between the patents to which Samsung had knowledge and the patents-in-suit

In *Dali Wireless*, the court found that allegations in a complaint were insufficient where the "allegations merely assert that Corning had general knowledge of Dali's patent portfolio or technologies" and provided "conclusory statements [] unsupported by specific allegations." *Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, 2022 WL 16701926, at *4-5 (N.D. Cal. Nov. 3, 2022). .



Further, Samsung's motion admits that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 200 at 7. Samsung allegedly has a practice of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. AA at 42:9-43:16, 44:2-8 (Park, Sung Joo). Samsung knew or should have known that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; Ex. AL [Gillingham Report] ¶ 24.

Third, Samsung argues that it "necessarily lacked the requisite knowledge that the accused products infringe" due to an alleged license defense. Dkt. 200 at 8-9. The lone cited case makes clear that the defendant must first "prove its license defense by a preponderance of the evidence" and

"[o]nce the defendant has met its burden, summary judgment is appropriate if the patentee is unable to set forth specific facts as to why the license should not apply." *FireBlok IP Holdings, LLC v. Hilti, Inc.*, 2020 WL 1899620, at *3 (E.D. Tex. Jan. 20, 2020). As explained in Netlist's opposition to Samsung's Motion for Summary Judgement regarding the JDLA (Dkt. 196), Samsung has not met its burden, the accused products are not licensed because the license has been validly terminated ▮ ▮ To the extent Samsung claims it had a license after this date, a jury could find it was not in good faith. Moreover, a jury could find that Samsung did not have a good faith belief it had a license before this date. Samsung ▮ ▮ Under New York law, this relieved Netlist of performance. Samsung received ▮. Ex. AM [2021-08-16_#0145-45 Ex. 41]. And on April 1, 2020, the Korean government held that ▮ ▮ Ex. A at 11.

### B. Substantial Evidence Exists Of Samsung's Continued Willful Infringement After The Complaint

"It is well-settled, *at least in this District*, that post-conduct behavior can establish willful infringement." *Packet Intel. LLC v. NetScout Sys., Inc.*, 2019 WL 2375218, at *8 (E.D. Tex. June 5, 2019) (emphasis in original), *aff'd in relevant part*, 965 F.3d 1299 (Fed. Cir. 2020). A jury is "entitled to consider [defendants] decision to continue selling the Accused Products in its willfulness calculation." *Id.*

After Netlist filed the complaint in this case on December 20, 2021, Samsung continued to release new versions of the accused products with the same infringing features. For example, Samsung has released ▮ since the complaint was filed. Ex. AN (▮) at 7-9. As another example, Samsung did not release its ▮ until approximately June, 2022. Ex. ▮]. Samsung did not oppose Netlist's amending of its infringement contentions in August 2022

- 14 -

to ███████████████████████████████████████ Ex. AP [August 12, 2022 Tezyan email to Counsel].

Samsung's release of new infringing products, given its knowledge of the expert opinions regarding the similarity between the accused products and asserted claims, at a minimum evidences that Samsung is ignoring a known risk of infringement.

| | |
|---|---|
| Dated: February 17, 2023 | Respectfully submitted,<br><br>*/s/ Jason G. Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Andrew Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Rebecca Carson (*pro hac vice*)<br>rcarson@irell.com<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

## CERTIFICATE OF SERVICE

I hereby certify that, on February 17, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao