UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br>  Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., <br> SAMSUNG ELECTRONICS AMERICA, <br> INC., SAMSUNG SEMICONDUCTOR, INC., <br><br>  Defendants. | Case No. 2:21-CV-463-JRG <br><br> JURY TRIAL DEMANDED |

**NETLIST INC.'S OPPOSITION TO SAMSUNG'S *DAUBERT* MOTION AND MOTION TO STRIKE EXPERT TESTIMONY OF DR. MICHAEL BROGIOLI**

**TABLE OF CONTENTS**

Page

I. Samsung Improperly Attempts to Expand the Scope of the Court's Prior Order (Dkt. 195) Related to Conception/Reduction to Practice ...........................................................1

   A. Samsung's Copying of the Patents................................................................................1

   B. Response To Alleged Derivation of the Inventions of the '339 Patent .......................3

   C. Commercial Success of Samsung's Products................................................................4

   D. Failure by Others and Skepticism/Unexpected Results ..............................................5

   E. Samsung's Knowledge of the Patented Inventions ......................................................6

II. Dr. Brogioli's Opinions on Claims 15 and 22 Are Only to Be Used If Samsung Opens the Door ........................................................................................................................6

III. Opinions on the Application of the Court's Construction of "array die" Are Proper ...........6

   A. The Court Construed "array die," But Left the Term "DRAM circuit" for a Plain Meaning Application by Experts............................................................................7

   B. Dr. Brogioli's Analysis Is Proper Expert Opinion ........................................................7

      1. Dr. Brogioli Explains ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮..............8

      2. Dr. Brogioli Analyzes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮...........................................9

      3. Dr. Brogioli Further Explains ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮................10

IV. Dr. Brogioli's ▮▮▮▮▮▮▮▮▮ Opinions" Are Reliable................................................12

   A. Dr. Brogioli's ▮▮▮▮▮▮▮▮▮ Analysis Is Reliable .................................12

   B. Dr. Brogioli's ▮▮▮▮▮▮▮▮ Analysis Regarding ▮▮▮▮ Is Reliable..........14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Creative Compounds, LLC v. Starmark Lab'ys*,
   651 F.3d 1303 (Fed. Cir. 2011) ................................................................................................. 3

*Mobile Equity Corp. v. Walmart Inc.*,
   No. 2:21-CV-00126, Dkt. 213 (Mar. 4, 2022) ......................................................................... 11

*Mobile Equity Corp. v. Walmart Inc.*,
   No. 2:21-CV-00126, Order (E.D. Tex. Sept. 23, 2022) .......................................................... 11

*Price v. Symsek*,
   988 F.2d 1187 (Fed. Cir. 1993) ................................................................................................. 3

*Retractable Techs., Inc. v. Becton, Dickinson & Co.*,
   No. 2:07-CV-250, 2009 WL 10741544 (E.D. Tex. Oct. 2, 2009) ........................................... 14

**Statutes**

35 U.S.C. § 102(f) ............................................................................................................................. 3

I.      **Samsung Improperly Attempts to Expand the Scope of the Court's Prior Order (Dkt. 195) Related to Conception/Reduction to Practice**

Samsung asks the Court to strike portions of Dr. Brogioli's report based on the Court's previous order. Dkt. 195 at 3 ("Netlist shall be precluded from relying on its late-produced products purportedly practicing the asserted patents and its conception and reduction to practice documents."). Netlist asked to meet and confer in advance of the deadline for filing motions to strike to agree on the opinions in expert reports that fall within the scope of the Court's order. Samsung declined to do so. Ex. 1 at 1. Samsung's overbroad motion seeks to strike paragraphs of Dr. Brogioli's reports that are outside the scope of the Court's order. Attached as Appendix A are versions of Dr. Brogioli's reports, with those portions of the reports that are encompassed by the Court's order redacted in black. Discussed below are the paragraphs of Dr. Brogioli's reports that Samsung moves to strike based on the Court's order but which are not within the scope of the order. Samsung's motion as to these paragraphs should be denied.

   A.   ████████████████████████████████

Samsung moves to strike opinions relating ███████████████████████████. As discussed below and in Sections I.C-E, these opinions are also relevant to willfulness and objective indicia of non-obviousness. ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████ *See* Dkt. 195 at 3.

████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

- 2 -

███████████████████████████████████████████████████████████

████████████████████████████████████  █████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

Samsung's motion that led to the Court's previous order argued that presentations to third parties that evidence conception or reduction to practice should be stricken because "Samsung has been unable to pursue additional discovery of third parties." Dkt. 126 at 5. Samsung is not a "third party" to this litigation, and its arguments about obtaining further discovery do not apply. Any presentations or disclosures by Netlist to Samsung that predate the filing of the related asserted patent was in Samsung's possession at the time the P.R. 3-1 disclosure was made. Moreover, these presentations are not being used to evidence a conception and reduction to practice because they were all sent to Samsung after the priority date of the '060/'160 patents: November 3, 2010. *See* '060, (cover). These documents also do not refer to a commercial embodiment because Netlist did not create a commercial embodiment of these patents. █████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████  ████  ██████████

███████████████████████████████████████████████████████████

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓ None of these subjects are encompassed by the Court's order.

**B.     Response to** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Samsung alleges that the asserted '506 and '339 patents are invalid for derivation under 35 U.S.C. § 102(f). *See* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ A claim of derivation under § 102(f) and a priority claim relating to anticipation or obviousness are "distinct concepts." *Price v. Symsek*, 988 F.2d 1187, 1187 (Fed. Cir. 1993) ("[D]erivation and priority of invention … are distinct concepts… A claim that a patentee derived an invention addresses originality—who invented the subject matter of the count? Under this attack on a patent or patent application, the proponent asserts that the patentee did not 'invent' the subject matter of the count because the patentee derived the invention from another").

"In order to establish derivation, [defendant is] required to 'prove both prior conception of the *invention by another* and communication of that conception to the patentee' . . . to the level of clear and convincing proof." *Creative Compounds, LLC v. Starmark Lab'ys*, 651 F.3d 1303, 1313 (Fed. Cir. 2011) (internal citations omitted). Samsung's derivation claims for the '339 patent relate to ▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ ■■ ■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ To be clear, Netlist does not intend to contend that these documents reflect the invention. Just like it does not contend that QBM reflects the invention. Instead, they reflect what Samsung claims was derived from a third party. These documents and Dr. Brogioli's opinions based on them are solely to refute Mr. McAlexander's claim that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■

    **C.**   ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Samsung also moves to strike portions of Dr. Brogioli's reports that ■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

---

[1] ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ None of these paragraphs implicate the documents covered by the Court's Order (Dkt. 195).

D.  ██████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

████████████████████████████████ ██████ ██ ████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████ But as explained above, ████████████████ do not reference any materials or opinion relating to the Court's previous order.

---

[2] Netlist agrees to strike the first sentence of Paragraph 434, as indicated in Appendix A.

E. ██████████████████████████

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████

██████████████████████ As explained above, this document was in Samsung's possession and is thus not subject to the Court's Order.

██████████████████████████████████████
██████████████████████████████████████
████████████████████████ ██ ██████████
██████████████████████████████████████

## II. Dr. Brogioli's Opinions on ██████████ Are Only to Be Used If Samsung Opens the Door

██████████████████████████ Dr. Brogioli discussed ██████████ because it was possible that Samsung would present an NIA based on the features in these claims. Netlist will make a proffer and seek leave before Dr. Brogioli attempts to provide this testimony.

## III. Opinions on the Application of the Court's Construction of "array die" Are Proper

██████████████████████████████████████
██████████████████████████████████████

██████████████ The attempt to strike these paragraphs is a recapitulation of Samsung's improper motion for summary judgment (Dkt. 197) on these patents and should be denied for the same reasons.

### A. The Court Construed "array die," But Left the Term "DRAM circuit" for a Plain Meaning Application by Experts

Samsung argues that Dr. Brogioli "repeatedly attempts to rehash the same argument that the Court rejected during claim construction." Mot. at 8. Not so. Samsung's central argument is that the Court considered and rejected the arguments Dr. Brogioli presents in his report regarding the "array die" term and, more specifically, the meaning of "DRAM circuit" in the Court's construction. *See* Mot. at 8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). Samsung fails to note that the Court expressly declined to define the term "DRAM circuit" in its construction, stating at the *Markman* hearing that this would be "for the experts" to define. Ex. 4 at 33:15-34:11. Consistent with this guidance, the Court's *Markman* Order found that Netlist had structurally distinguished "**stacked** DRAM circuits" from "**stacked** array dies." Dkt. 114 at 32.

Moreover, the Court's Order did not mention, let alone address, what constitutes Rajan's "DRAM circuits," as Samsung erroneously contends. *See* Dkt. 114 at 31-32. Rather, the Court only addressed two of Netlist's arguments, namely, that the prosecution statements were made to explain the structure of Rajan's "control die" and that the inventor could not have intended to disclaim "DRAM circuits" given the language of claim 29. The Court found that the reason for the prosecution statements was unimportant. Dkt. 114 at 32. On that basis, the Court concluded:

> Netlist *structurally* distinguished "stacked DRAM circuits" from "stacked array dies" to obtain the patent. Based on that distinction, the Court construes "array die" as "array die that is different from a DRAM circuit."

*Id.* (emphasis original). The Court's Order acknowledged that Netlist only distinguished "**stacked** DRAM circuits" from "**stacked** array dies" during prosecution. *Id.* In sum, Netlist's argument as to what constitutes a "DRAM circuit" was not rejected; the Court invited the experts to apply the plain and ordinary meaning of DRAM circuit" to the facts. Ex. 4 at 33:15-34:11.

### B. Dr. Brogioli's Analysis Is Proper Expert Opinion

Dr. Brogioli's analysis ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮:

- 7 -

1. Dr. Brogioli Explains ████████████████████
████████████████████████████

During prosecution of the '060 patent, the Examiner rejected the pending claims based on the "Rajan" reference (US Patent Application No. 2008/0025137), citing to Paragraph [0043] and Figure 2B of Rajan. *See, e.g.*, Ex. 5 (2013-10-11 Office Action) at 4-5. ████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████ Simply put, what Rajan describes as a DRAM circuit is the ability for DRAM to be connected by wire bonds using pads on the side of the DRAM chip.

Dr. Brogioli explains that a ████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████ Rajan [0043] makes clear that the design in Fig. 2B can apply to any memory type, and it expressly discloses that its design can apply to all memory types, including but not limited to DRAM cells. Ex. 6 at [0018], [0043].

Like Rajan, the disclosure of Netlist's patents also makes clear that its "array die" design can apply to all memory, including both DRAM cells and nonvolatile cells. '060 patent, 22:2-3 ("[T]he array dies 824 may include DDR DRAM, SDRAM, flash memory, or SRAM, to name a few."). Samsung's expert, Dr. Robins, agreed that ████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████ Simply put, whether Netlist's array dies encompassed on non-volatile memory or DRAM would never be a basis on which Rajan could be distinguished.

    2.    <u>Dr. Brogioli Analyzes</u> ███████████████
███████████████████████████

As Dr. Brogioli explains, ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████ Dr. Brogioli cites ████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████

Dr. Brogioli also highlights testimony from ████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████ ████

███████████████████████████████████████

███████████████████████████████████████

████████████████████ ██████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████ ████████████████

███████████████████████████████████████

████████████████████████
████████████████████
███████████████████████████████

███████████████████████████████████████
██████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████

███████████████████████████████████████
██████
███████████████████████████████████████
████████████████████████████
██
███████████████████████████████████████
██████
████████████████████████████
██
███████████████████████████████████████
██████
████████████████████████████████

████████████████████████  ████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████

       3.   <u>Dr. Brogioli Further Explains</u> ████████████████
████████████

Based on the evidence cited above, Dr. Brogioli concludes that ████████████████

███████████████████████████████████████

███████████████████████████████████████

████████ Samsung's expert, Mr. McAlexander, agreed with this distinction, noting that a████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

- 10 -

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████ Dr. Brogioli also cites the ███████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████████

In sum, Dr. Brogioli's report ████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

█████████ This is in contrast to *Mobile Equity*, where Mobile Equity sought to exclude new claim construction opinions raised for the first time in its expert's rebuttal report. *See Mobile Equity Corp. v. Walmart Inc.*, No. 2:21-CV-00126, Dkt. 213 (Mar. 4, 2022) (Mobile Equity arguing that "Walmart could have raised these claim-constructions issue at the Markman phase of the case, but declined to do so. . . . [I]t waited until a rebuttal expert report—to which MEC does not have a reply—**to raise brand new prosecution history disclaimer argument it declined to raise earlier**."). Because Walmart's prosecution disclaimer argument was raised for the first time in its expert's rebuttal report, the Court struck those opinions. *See Mobile Equity Corp. v. Walmart Inc.*, No. 2:21-CV-00126, Order at 4 (E.D. Tex. Sept. 23, 2022) ("By finding disclaimer of claim scope, Dr. Rhyne clearly engaged in claim construction. This is improper."). Here, to the contrary, the Court found that Netlist had disclaimed "DRAM circuits" as part of the term "array die" but left it up to the experts to determine what exactly the term "DRAM circuits" encompasses. Dkt. 114 at 31-32, 35; Ex. 4 at 33:15-34:11. This is also in

- 11 -

contrast to each case Samsung cites to support its claim that exclusion of Dr. Brogioli's opinions is the proper remedy. *See* Mot. at 9-10. Thus, Dr. Brogioli's opinions on ▮

**IV.     Dr. Brogioli's ▮ Opinions" Are Reliable**

▮ Samsung moves to strike Dr. Brogioli's entire ▮ as unreliable, or "at a bare minimum" Dr. Brogioli's ▮ The Court should reject both arguments.

As an initial matter, Samsung's suggestion that Netlist's damages theories were not timely disclosed is unfounded. Mtn. at 13. Netlist disclosed its theories during discovery, *e.g.*, explaining that ▮ *see also* Fed. R. Civ. P. 26, advisory committee's note to 1993 amendment ("[A] party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person."). Samsung's delay in producing source code[3] and damages-related discovery significantly delayed Netlist's preparation of its infringement and damages case. For example, Netlist's interrogatory ▮. Yet, Samsung never identified any NIAs: it simply claimed the accused products were NIAs all throughout fact discovery. Ex. 14 (Dec. 22, 2022 Supp. Response) at 115.

**A.     Dr. Brogioli's ▮ Analysis Is Reliable**

Dr. Brogioli analyzes ▮

---

[3] *See* Dkt. 113 at 2-3 (noting Samsung's failure to comply with P.R. 3-4 and Samsung's efforts to delay source code production until months after that deadline).

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████████

Samsung argues that Dr. Brogioli's analysis "amounted to hand-waiving generalizations," (Mot. at 11) but ignores that Dr. Brogioli's analysis cites ████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████ Samsung also argues that Dr. Brogioli did not "quantitatively compare" the performance of Samsung's HBM Products against non-infringing products, but this is also incorrect. Mtn. at 11. For example, ███████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████ To the extent that Samsung disagrees with Dr. Brogioli's conclusions, it can explore those differences in opinions via cross-examination.

Samsung also argues that Dr. Brogioli's opinions on t████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████ Dr. Brogioli, with real-world experience in design and design wins, can also testify

- 13 -

based on his own knowledge of the importance of design wins. Thus, Samsung has failed to show that Dr. Brogioli's opinions are unreliable. *See Retractable Techs., Inc. v. Becton, Dickinson & Co.*, No. 2:07-CV-250, 2009 WL 10741544, at *1-3 (E.D. Tex. Oct. 2, 2009) (declining to strike certain opinions addressing business or marketing issues where "these opinions are at least facially supported by documentary evidence and Dr. Hyman's expertise").

### B. Dr. Brogioli's ▬▬▬ Analysis Regarding ▬▬▬ Is Reliable

Dr. Brogioli determined that ▬▬▬

▬▬▬ Dr. Brogioli relies on an SK hynix article authored by ▬▬▬ Jihwan Kim. ▬▬▬

▬ The article states that "[t]he previous HBM (with multi-drop TSV) had limited capabilities for managing the 8Hi heavy TSV loading, which is one of the major obstacles for achieving both bandwidth and density." ▬▬▬

▬▬▬ Samsung claims that the Kim paper shows that an 8H stack with multi-drop TSV was already implemented in early HBM products. Mot. at 12. However, as Samsung admits, the speed of previous-generation HBM products with a multi-drop design was inferior to those with a twist or spiral design. ▬▬▬

▬▬▬

▬▬▬ Samsung ignores that Dr. Brogioli's emphasis on ▬▬▬

▬▬▬

▬▬ Ex. 18 at 2. Samsung's disagreement with Dr. Brogioli's analysis is not a basis for exclusion.

- 14 -

Dated: February 17, 2023

Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on February 17, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF CONFERENCE

I hereby certify that, on February 2, 2023 counsel for the parties met and conferred on the issues raised in Samsung's motion.  Counsel for Samsung confirmed that Samsung did not intend to withdraw any of its expert reports, or any portions of its expert reports, and that Samsung would oppose any motions to strike portions of its expert reports.

*/s/ Michael Tezyan*
Michael Tezyan