UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>Defendants. | Civil Case No. 2:21cv463-JRG<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSITION TO NETLIST'S MOTION FOR LEAVE
TO FILE ONE MOTION TO STRIKE PER EXPERT REPORT (Dkt. 215)**

Netlist fails to provide any justification for unilaterally deciding to double its page limit for its motions to strike. *See* Dkt. No. 215. The Court should therefore deny Netlist's motion for leave to file one motion to strike per expert report and disregard the second-filed motion related to any single expert.

Local Rule CV-7(a)(2) provides that "[n]on-dispositive motions shall not exceed fifteen pages, excluding attachments, unless leave of court is first obtained." Local Rule CV-7(a)(2). In the past, the Court has permitted parties to file one motion to strike per expert absent leave to file additional motions based on a showing of good cause. *See, e.g.*, *Tyco Healthcare Grp., LP v. Applied Med. Res. Corp.*, No. CIV.A. 9:06-CV-151, 2009 WL 5842064, at *4 (E.D. Tex. Mar. 17, 2009) (stating that the Court "would only permit one motion to strike expert testimony absent leave"); *Smartflash LLC v. Apple Inc.*, No. 6:13-CV-447, 2014 WL 12775670, at *2 (E.D. Tex. Oct. 20, 2014) (stating that parties "may file no more than one motion to exclude each expert absent a showing of good cause").

Consistent with precedent and the Court's longstanding rules, Samsung drafted a single motion to strike for each of Netlist's experts, even though Netlist's experts submitted multiple reports totaling ███████████████. *See* Dkt. No. 202 (Samsung's motion to strike portions of Dr. Brogioli's three expert reports ███████████); Dkt. No. 203 (Samsung's motion to strike portions of Dr. Groehn's expert report ███████████); Dkt. No. 204 (Samsung's motion to strike portions of two of Dr. Mangione-Smith's expert reports that ███████████); Dkt. No. 205 (Samsung's motion to strike portions of Dr. Kennedy's two expert reports ███████████).

The parties met and conferred on February 2, 2023, the day before the parties' motions to strike were due, and Netlist informed Samsung for the first time of its intention to file one

1

motion *per report* rather than one motion per expert—thereby greatly increasing its page count. On February 3, 2023, Samsung stated that it disagreed that Netlist's approach was proper, and pointed out the burden and manifest unfairness in Netlist's disregard for the Court's rules. In particular, Netlist did not explain why it failed to seek leave of Court *in advance* of the deadline to file motions to strike, thereby offering the Court the chance to consider whether to double the page count for Netlist's motions. Netlist apparently prefers to seek forgiveness rather than permission for its novel one-motion-per-report approach.

Netlist has not demonstrated good cause to multiply its page count allotted by Local Rule CV-7(a)(2) by serving one motion to strike per report rather than per expert. Netlist argues that Samsung's experts ███████████████████████████████████████████ ███████████████████ Dkt. No. 215 at 1, but as explained above, Samsung faced substantially the same volume of expert reports on the same issues yet was able to comply with the Local Rule CV-7(a)(2)'s page limit. Apart from the length of Samsung's experts' reports, Netlist provides no reason for its unilateral decision to extend its page limit. Netlist's stated basis for good cause is insufficient.

Moreover, Netlist's extension of its page count in this manner clearly prejudices Samsung, which should not be limited to half the pages used by Netlist for the same set of motions and which was required to respond to Netlist's additional, unauthorized arguments. Because Netlist has not demonstrated good cause, and because Netlist's approach prejudices Samsung, the Court should deny Netlist's motion.

████████████████████████████████████

| | |
|---|---|
| Date: February 17, 2023 | Respectfully submitted, |

/s/ Francis J. Albert

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
LAD@fr.com
Brian Livedalen
D.C. Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
D.C. Bar No. 1013923
tishman@fr.com
Matthew Mosteller
CA Bar No. 324808
mosteller@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Katherine Reardon
NY Bar No. 5196910
kreardon@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130

3

Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Matthew Colvin
Texas Bar No. 24087331
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Karolina Jesien
New York Bar No. KJ7292
FISH & RICHARDSON P.C.
Times Square Tower
20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Alice J. Ahn
CA 271399 / DC 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Ste. 5400
San Francisco, CA 94105
Telephone: (415) 591-7091
Facsimile: (415) 591-6091

Brian R. Nester
D.C. Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One City Center

4

███████████████████████████████████████

850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202)-662-6000

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 17, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

                                                                        */s/ Francis J. Albert*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

                                                                        */s/ Francis J. Albert*