**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| Plaintiff, | ) | Case No. 2:21-CV-463-JRG |
| vs. | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., | ) | |
| Defendants. | ) | |

**PLAINTIFF NETLIST INC.'S OPPOSED MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORTS**

# TABLE OF CONTENTS

**Page**

I. FACTUAL BACKGROUND .......... 1

II. LEGAL STANDARD .......... 2

III. ARGUMENT .......... 3

A. Explanation of Netlist's Late Disclosures .......... 3

B. There is No Prejudice to Samsung .......... 4

C. A Continuance Is Not Necessary .......... 4

D. Importance of Netlist Expert Witnesses' Testimony .......... 5

IV. CONCLUSION .......... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Biscotti Inc. v. Microsoft Corp.*,
2017 WL 2607882 (E.D. Tex. May 25, 2017) ....................2, 3

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
2017 WL 4619791 (E.D. Tex. Oct. 16, 2017) ....................2, 3

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
2020 WL 2395928 (E.D. Tex. May 12, 2020) ....................2

*Image Processing Techs, LLC v. Samsung Elecs Co. Ltd.*,
2020 WL 2499810 (E.D. Tex. May 14, 2020) ....................2, 4

*Kaist IP US LLC v. Samsung Elecs. Co.*,
2018 WL 1833341 (E.D. Tex. Apr. 17, 2018) ....................4, 6

Plaintiff Netlist, Inc. ("Netlist") respectfully requests leave to serve the following supplemental expert reports on Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (collectively "Samsung"):

- 2023-01-20: Supplemental Expert Report of Mr. David Kennedy. Ex. 1.
- 2023-02-06: Supplemental Expert Report of Dr. Michael C. Brogioli. Ex. 2.
- 2023-02-08: Second Supplemental Report of Mr. David Kennedy. Ex. 3.
- 2023-02-14: Third Supplemental Report of Mr. David Kennedy. Ex. 4.

These supplemental reports analyze evidence produced by Samsung after the Court's deadline for opening expert reports had passed.

## I. FACTUAL BACKGROUND

The Court set the deadline for opening expert reports for damages-related issues and issues relating to the '060 Patent and '160 Patent as December 27, 2022. Dkt. 129. On December 27, 2022, Netlist served the opening reports of its experts Mr. Kennedy and Dr. Brogioli.

On January 3, 2023, pursuant to Netlist's request and to resolve Netlist's motion to compel, Samsung produced [REDACTED] The Supplemental Expert Report of David Kennedy, which constitutes four pages of analysis, [REDACTED] *See* Ex. 1. Mr. Kennedy does not disclose any new opinions or theories in this report. *Id.*

On February 3, 2023, following the Court's order granting Netlist's motion to compel, Netlist deposed Samsung witness Jung Bae Lee. Dr. Brogioli's Supplemental Expert Report and Mr. Kennedy's Second Supplemental Expert Report analyze this deposition transcript and how it impacts the opinions served in their opening reports. *See* Ex. 2; Ex. 3. The supplemental portions of Dr. Brogioli's report were added as four footnotes to the original report. Those additions are reflected in the redlined version of Dr. Brogioli's Supplemental Report, attached to this motion as Exhibit 2. Mr. Kennedy's Second Supplemental Expert Report constitutes a page

and a half of analysis and is attached to this motion as Exhibit 3. Neither Dr. Brogioli nor Mr. Kennedy disclose new opinions or theories in these reports.

On February 8, 2023, Samsung produced [REDACTED] [REDACTED] Mr. Kennedy's Third Supplemental Expert Report, which constitutes two pages of analysis, analyzes these agreements and how they impact the opinions served in his opening report. *See* Ex. 4. Mr. Kennedy does not disclose any new opinions or theories in this report.

Samsung deposed Dr. Brogioli on February 8, 2023 and Mr. Kennedy on February 15, 2023. Samsung introduced all of the supplemental reports identified above as exhibits to the respective depositions.

On February 19, 2023, Counsel for Netlist reached out to Samsung about its intent to move for leave to supplement the four expert reports that had been served on Samsung. On February 20, 2023, counsel for the parties met and conferred on the issues raised in this motion. During the meet and confer, counsel for Samsung agreed to provide its position on the same day, but failed to do so. Netlist's counsel followed up twice thereafter on February 21 and February 23, 2023. Counsel for Samsung repeatedly stated that it would provide its position soon or the next day, however, when the deadlines passed, they kept repeating the same and refused to provide its position.

## II. LEGAL STANDARD

In determining whether to permit a party to supplement an expert report after the close of expert discovery, this Court considers four factors: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony." *Image Processing Techs., LLC v. Samsung Elecs. Co.*, 2020 WL 2395928, at *2 (E.D. Tex. May 12, 2020) (quotation omitted). Courts in this District

routinely allow leave to supplement expert reports based on new information disclosed by the opposing party after the parties exchanged opening and rebuttal reports. *See e.g. Huawei Techs. Co. v. T-Mobile US, Inc.*, 2017 WL 4619791, at *4 (E.D. Tex. Oct. 16, 2017) (finding the "late email production [by the defendant] justifies Huawei's supplementation" of expert reports); *Biscotti Inc. v. Microsoft Corp.*, 2017 WL 2607882, at *1 (E.D. Tex. May 25, 2017) (granting leave to supplement expert report to "include information revealed through additional discovery and source code disclosures [] occurred after the service of Dr. Wicker's opening report"); *Image Processing Techs, LLC v. Samsung Elecs Co. Ltd.*, 2020 WL 2499810, at *1 (E.D. Tex. May 14, 2020) (granting leave to file supplemental expert report to address "newly raised positions regarding alleged non-infringing alternatives presented by Defendants… in their… supplemental rebuttal expert report.").

## III. ARGUMENT

All four factors weigh in favor of allowing Netlist to supplement its expert reports.

### A. Explanation of Netlist's Late Disclosures

As discussed above, *supra* I, Netlist's supplemental reports rely solely on information that Samsung produced after the original opening expert report deadline expired, including: (1) two additional license agreements [REDACTED] produced by Samsung on January 3, 2023; (2) the deposition testimony of Dr. Lee on February 3, 2023; and (3) Samsung's license agreements [REDACTED]. There is no dispute that the documents or information were not available to Netlist until after the opening expert reports were served on December 27, 2022. Further, Netlist diligently reviewed Samsung's new document production and witness deposition testimony and promptly served the supplemental reports after receipt of the additional discovery. Thus, the first factor favors allowing Netlist to supplement the expert reports. *See e.g. Huawei Techs*, 2017 WL 4619791, at *4 (finding the "late email production [by the defendant] justifies Huawei's supplementation" of expert reports); *Biscotti*, 2017 WL 2607882, at

*2 (granting leave to supplement expert report to add new arguments for certain claims due to "late production of discovery" by the opponent).

**B. There is No Prejudice to Samsung**

Mr. Kennedy's supplemental reports do not change the theory or methodology of their opening reports. Instead, the proposed supplemental reports provide additional context, background, and factual basis to support the experts' opinions. *See generally supra* I. Mr. Kennedy was deposed on February 15, 2023—after service of all his supplemental reports. Samsung had the opportunity to depose Mr. Kennedy on the 7 total pages of his Supplemental Reports. And Samsung did so. *See e.g.* Ex. 6 (Kennedy Transcript Rough) at 9:7-21; 19:1-20:14 (introducing all three supplemental reports as exhibits and discussing the reports).

Similarly, Dr. Brogioli's Supplemental Report does not change the theory of his opening report. By way of example, Dr. Brogioli noted that [REDACTED] [REDACTED]. Ex. 2 ¶ 67 & fn.2. In addition, Dr. Brogioli was deposed on February 8, 2023 after the service of his supplemental reports. Samsung had the opportunity to depose Dr. Brogioli on the limited supplemental information and indeed introduced Dr. Brogioli's supplemental report as an exhibit during the deposition. *See* Ex. 7 (Brogioli Trans.) at 33:24-34:4.

Thus, Samsung will not suffer any prejudice. *See Kaist IP US LLC v. Samsung Elecs. Co.*, 2018 WL 1833341, at *2 (E.D. Tex. Apr. 17, 2018) (finding the defendants will not be prejudiced because "[t]he supplementation is minimal and will not impede trial preparation"). Moreover, Samsung has not contended that it has suffered any prejudice.

**C. A Continuance Is Not Necessary**

Because trial is set to start on April 17, 2023, more than two months away from Netlist's service of the limited supplements to its opening reports, a continuation is not necessary. *Image Processing Techs.*, 2020 WL 2499810, at *4 (because "the trial is nearly two months away," "no

continuance is necessary to mitigate prejudice," and "this factor weighs in favor of [the movant for leave to supplement]").

**D. Importance of Netlist Expert Witnesses' Testimony**

i. Supplemental Reports of Mr. Kennedy

Mr. Kennedy's Supplemental Report and Third Supplemental Report focus on the analysis , which is directly relevant to Mr. Kennedy's opinions regarding the parties' approach to the hypothetical negotiation. *See* Ex. 1; Ex. 4.

Mr. Kennedy's Second Supplemental Report analyzes the deposition testimony of Dr. Lee, and explains how this testimony Ex. 3 ¶ 4. This testimony, and Mr. Kennedy's analysis of this testimony, is important to these opinions and to issues to be decided by the jury in this case. For example, Samsung has contended through its own expert that t Mr. Kennedy explains that " ." This is necessary for Mr. Kennedy to explain to the jury .

ii. Supplemental Reports of Dr. Brogioli

Dr. Brogioli's Supplemental Report relies on Dr. Lee's testimony as additional evidence that Ex. 2.

During claim construction, the court found that Netlist's prosecution statements regarding Rajan's "DRAM circuits 206A-D" affected a structural disclaimer, and thus held that "array die" means "array die that is different from a ***DRAM circuit***." Dkt. 114 at 31-32, 35. The Court stated at the *Markman* hearing that the meaning of "DRAM circuit" in the Court's construction "would be for the experts." Ex. 5 at 34:17-35:11. Netlist's expert Dr. Brogioli and Samsung's expert Dr. Robins have offered competing opinions on the application of the Court's construction to the accused products.

In support of its non-infringement argument as to the accused HBM products, Samsung contends that the "core DRAM dies" of Samsung's accused HBM products are or include the "DRAM circuits." *See* Dkt. 197 (Samsung Summary Judgment on Non-Infringement); *cf.* Dkt. 249 (Netlist's Opposition). Relying on the new testimony of Samsung's witness Dr. Lee— [REDACTED] "—Dr. Brogioli's Supplemental Report further rebuts Samsung's non-infringement arguments. Thus, Dr. Brogioli's Supplemental Report is important to Netlist's infringement claims, particularly because the expert witnesses are generally "confined to the content of their reports." *Kaist*, 2018 WL 1833341 at *2 (it is important to allow the expert witness to respond to the Defendant's contentions).

## IV. CONCLUSION

For the foregoing reasons, Netlist's motion for leave to serve supplemental expert reports should be granted.

Dated: February 23, 2023

Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove

        Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 23, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on February 20, 2023 counsel for the parties met and conferred on the issues raised in this motion. Counsel for Samsung refused to identify whether it opposed the motion.

*/s/ Yanan Zhao*
Yanan Zhao