# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:21-CV-463-JRG ) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., | ) JURY TRIAL DEMANDED ) ) **Filed Under Seal** ) ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE ONE MOTION TO STRIKE PER EXPERT REPORT**

Samsung's opposition makes clear it only seeks to waste party and court resources in opposing this motion for leave. Samsung's counsel emailed Netlist's counsel on the day motions to strike were due, claiming that "our position is that L.R. 7 allows only one Daubert per expert before Judge Gilstrap, which is a position Judge Gilstrap has made clear in previous pre-trial conferences." Ex. 1 (Reardon email Feb. 3, 2023 email). Samsung's opposition fails to identify any such statements by the Court in any pre-trial conferences. Instead, Samsung chooses to ignore the several cases identified in Netlist's motion, in which Samsung and/or its counsel were party, and in which the parties filed one motion to strike per report. This is standard practice in this district.

Samsung does point to two cases that have nothing to do with an expert submitting multiple reports. In *Tyco Healthcare Grp.*, Magistrate Judge Giblin explained that the plaintiff's damages expert submitted its expert report in May, and that there was no good explanation for why the defendant waited three months to file its motion to strike that report other than the defendant could only file one motion to strike the one expert's report. "Despite the claimed problems in Dr. Magee's report and testimony, which Applied suggests are considerable, and its awareness that the court would only permit one motion to strike expert testimony absent leave, it inexplicably waited until July 23, 2008 to request permission to file the instant motion. Even after being granted leave on August 1, Applied delayed yet another week before actually filing the motion on August 8." *Tyco Healthcare Grp., LP v. Applied Med. Res. Corp.*, 2009 WL 5842064, at *4 (E.D. Tex. Mar. 17, 2009). Samsung's suggestion that Magistrate Judge Giblin held that a party in this District may not file one motion to strike per expert report is misleading and wrong; it was not an issue in that action.

In *Smartflash*, the plaintiff's experts each served one expert report. The defendants in that case, which included Samsung, filed multiple motions to strike each of the reports, and those motions were largely duplicative of each other. *Smartflash LLC v. Apple Inc.*, 2014 WL 12775670, at *1 (E.D. Tex. Oct. 20, 2014) ("The letter briefs address almost every potential trial issue, many substantially overlap

with others filed by co-parties, and a few are almost completely duplicative. For example, Game Circus, Apple, HTC, and Samsung all filed separate letter briefs requesting permission to file *Daubert* Motions to exclude testimony by Plaintiffs' damages expert, Robert Mills."). Magistrate Judge Mitchell held that, given the duplicative nature of the motions to exclude, the defendants needed to consolidate their motions to exclude and could not file more than one motion per expert. *Id.* at *2 ("Regarding motions to exclude experts, Defendants collectively filed seven letter briefs covering all three of Plaintiffs' experts. Many of these are wholly or completely duplicative. Therefore, Defendants are ORDERED to meet and confer and consolidate motions to exclude. Defendants may file no more than one motion to exclude each expert absent a showing of good cause."). Again, Samsung's suggestion that Magistrate Judge Mitchell held that a party in this District may not file one motion to strike per expert report is misleading and wrong; it was not an issue in that action.

Netlist notes that on the parties' meet and confer, local counsel for Samsung did not identify any issues with Netlist's proposal of one motion to strike per expert report. Rather, it was the firm of Samsung's lead counsel who emailed the next day claiming that Netlist was violating "standard practice" in this District, without any supporting authority whatsoever. It has still identified no such support. Indeed, the Discovery Order in this case supports Netlist's position. It states that "Each side is permitted a deposition of each of the other side's experts for up to seven (7) deposition hours for each expert report submitted by that expert." Dkt. 40 at 5-6.[1] This makes sense, as it is an expert's **report** that defines the scope of an expert's testimony, and discovery and motion practice should be directed towards that report.

After filing the opposition brief, Samsung's counsel for the first time referred Netlist's counsel to the Court's statements during the pre-trial conference of the *Clear Imaging* case, in which Samsung

---

[1] Netlist chose not to avail itself of one deposition per report in this case.

- 2 -

was a party and was represented by the same counsel that represents it in this case. *Clear Imaging Research, LLC v. Samsung Elecs Co., Ltd.*, 2:19-cv-326-JRG (Feb. 24, 2021 Pretrial Conference). In that case, the Court chastised Samsung for filing three *Daubert* motions against a single expert report. "It's clear to me that Samsung has filed multiple Daubert motions on the same expert to manufacture a oversized page limit for their briefing that takes them from what should have been a limit of 15 pages under the local rules to something three times or more that." *Id.* at 88. That situation is not this one. Here, Netlist has filed a single motion to strike as to each individual report ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Moreover, the *Clear Imaging* pretrial conference was two years ago—in that time, Samsung's counsel has participated in multiple cases in which one motion to strike was filed for each expert report, for example *USAA v. PNC I*, 2:20-cv-319-JRG and *USAA v. PNC II*, 2:21-cv-246-JRG.

Finally, Samsung's proposal would lead to absurd results. Parties would be incentivized to serve multiple reports for a single expert, and load those reports with pages and pages of prejudicial and/or irrelevant information, forcing the opposing party to pick and choose which reports to move to strike. Indeed, it does not make sense to limit a party to a single motion to strike for an expert ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. For example, an expert's opinions as to non-infringement may be unscientific and not pass muster under *Daubert*, but the expert's invalidity opinions may not suffer from the same defects.

For the reasons set out above and in Netlist's opening motion, Netlist requests the Court grant this motion or find it moot as no leave is necessary.

Dated: February 24, 2023

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 24, 2023, a copy of the foregoing was served to all counsel of record.

/s/ *Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ *Yanan Zhao*
Yanan Zhao