UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., <br> SAMSUNG ELECTRONICS AMERICA, INC., <br> SAMSUNG SEMICONDUCTOR, INC., <br><br> Defendants. | Case No. 2:21-CV-463-JRG <br><br> JURY TRIAL DEMANDED <br><br> **Filed Under Seal** |

**NETLIST'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE CERTAIN OPINIONS OF DEFENDANTS' EXPERT JOHN B. HALBERT (DKT. 207)**

**TABLE OF CONTENTS**

**Page**

I. Dr. Halbert's Opinions on the Motivations and Intent of Netlist and the JEDEC Policy Should Be Stricken ........................................................................................................ 1

II. Mr. Halbert's Opinions Regarding the Outcome of Certain Unrelated ITC Investigations Should be Stricken ................................................................................ 3

III. Mr. Halbert's Opinions Regarding the "Contributions" of Netlist and Others to JEDEC Standards Should be Stricken ........................................................................ 4

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Guillory v. Domtar Indus. Inc.*,
    95 F.3d 1320 (5th Cir. 1996) ............................................................................................... 3

*Nan Ya Plastics Corp. v. United States*,
    810 F.3d 1333 (Fed. Cir. 2016) ........................................................................................... 3

*Optis Wireless Technology LLC v. Apple Inc.*,
    2:19-CV-066-JRG, Dkt. No. 437 ......................................................................................... 5

*Packet Intelligence LLC v. Netscout Sys., Inc.*,
    No. 2:16-cv-230-JRG, slip op. (E.D. Tex. Sep. 29, 2017) .................................................. 3

*Texas Pig Stands, Inc. v. Hard Rock Cafe Int'l, Inc.*,
    951 F.2d 684 (5th Cir. 1992) ............................................................................................... 3

*Torch Energy Mktg., Inc. v. Pac. Gas & Elec. Co.*,
    2003 WL 22703235 (S.D. Tex. Mar. 31, 2003) .................................................................. 3

*Uniloc USA, Inc. v. Microsoft Corp.*,
    632 F.3d 1292 (Fed. Cir. 2011) ........................................................................................... 5

**Other Authorities**

Fed. R. Evid. 403 ......................................................................................................................... 2

## I. Dr. Halbert's Opinions on the Motivations and Intent of Netlist and the JEDEC Policy Should Be Stricken

**Paragraphs 49, 55, 57**

As set forth in Netlist's opening brief, the Court should strike as irrelevant and prejudicial Mr. Halbert's opinions that Netlist ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1 (Halbert Opening Report) at ¶¶ 49, 55, 57. Those opinions have no place in front of the jury.

***First***, Samsung has not presented a breach of JEDEC standards counterclaim. To the extent Mr. Halbert's analysis concerns its estoppel or waiver defense based on a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that is solely an issue for the Court.

***Second***, Samsung points to Netlist's complaint and infringement contentions as evidence that JEDEC standards are relevant to the issue of infringement. This is irrelevant for two reasons: (a) that JEDEC specifications may be relevant to infringement has nothing to do with whether the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in Mr. Halbert's analysis is relevant to a claim or defense before the jury; and (b) Netlist disclosed during fact discovery that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See, e.g.*, Mot. Ex. 3 (Netlist's 2d Supp. Rog Responses to Samsung's First Set of Interrogatories) at 48-49).[1] Samsung likewise does not ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. If

---

[1] Samsung also argues that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮," and that damages and validity findings depend on whether

neither party is contending the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Samsung further argues that Netlist's infringement expert report "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Opp. at 3. The fact that Samsung's devices employ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is not an admission that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. To the contrary, JEDEC has a very strict definition of essentiality that does ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. 2 (JEDEC JM21U Guidelines) at § 8.2.1. Moreover, Samsung's use of JEDEC specifications has nothing to do with the issues on which Mr. Halbert purports to opine, such as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. There is no counterclaim for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ pending against Netlist in the case.

Samsung also contends that its defenses "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are relevant to the issues in this case." Opp. at 4. But instead of showing how, Samsung simply cites the appearance of the ▮▮▮▮▮▮▮▮ several times in its Answer and conclusorily states, without evidence or argument, that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." *Id.* Samsung also claims the opinions are relevant to an injunction and to its inequitable conduct defense, specifically "whether ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Opp. at 4-5.[2] Of this laundry list of inchoate excuses, only two, willfulness and damages, are issues to be tried to the jury. Samsung has no explanation as to why

---

or not the patents are standards-essential. Opp. at 4-5. But as set forth above, no expert contends that the Asserted Patents are essential.

[2] Samsung also contends that "the obligation to disclose" is relevant to its standards-based estoppel and waiver defenses. Opp. at 5. But these equitable defenses are for the Court, not the jury, to decide, and any probative value in allowing Mr. Halbert to parade his inflammatory opinions before the jury would be substantially outweighed by its prejudice to Netlist. Fed. R. Evid. 403.

un-pleaded counterclaims for breaches by Netlist of JEDEC policy have any relevance to either willfulness or damages. ███████████████████████████████████████████████████████████████████████. As to willfulness, Samsung has not raised in its interrogatory response on willfulness any of the intemperate allegations raised by Mr. Halbert. Ex. 3 (Samsung's 7th Supplemental Responses) at 149-150. Moreover, any tangential relevance would be outweighed by prejudice. In particular, these objected to portions of Mr. Halbert's report violate the Court's Standing MILs Nos. 5 and 9.

Finally, Samsung does not even address Netlist's arguments that Mr. Halbert's opinions contradict the undisputed factual record, *see Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996) and *Torch Energy Mktg., Inc. v. Pac. Gas & Elec. Co.,* 2003 WL 22703235, at *10 (S.D. Tex. Mar. 31, 2003), and that his inflammatory language is highly prejudicial to Netlist. Fed. R. Evid. 403. As such, Samsung's arguments with respect to these issues are waived. *See Nan Ya Plastics Corp. v. United States*, 810 F.3d 1333, 1347 (Fed. Cir. 2016) (party's failure to make arguments under the operative legal framework "typically warrants a finding of waiver."). For all these reasons, his opinions should be stricken.

**II.     Mr. Halbert's Opinions Regarding the Outcome of Certain Unrelated ITC Investigations Should be Stricken**

**Paragraph 48**

As explained in Netlist's opening brief, Mr. Halbert's opinions ██████████████ ████████████████████████████████████████████████ should be stricken as irrelevant, prejudicial, and confusing under Fed. R. Evid. 403. These opinions on prior, unrelated litigation are precisely the kinds of opinions this Court and others in the district routinely strike as likely to confuse the jury and cause significant prejudice. *See, e.g.*, *Intell. Ventures*, No. 2:17-CV-577-JRG, Dkt. No. 297 (Pretrial Hearing Transcript) at 175:12-22; *Packet Intelligence LLC v. Netscout Sys.,*

*Inc.*, No. 2:16-cv-230-JRG, slip op. at 9 (E.D. Tex. Sep. 29, 2017); *Texas Pig Stands, Inc. v. Hard Rock Cafe Int'l, Inc.*, 951 F.2d 684, 691 n.7 (5th Cir. 1992). Such opinions are also contrary to the Court's Standing Order on Motions *in Limine*. *See* Court MIL No. 13 ("The parties shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings."). In its opposition, Samsung contends that Mr. Halbert's opinions are relevant to " ███████████████████████████████████████████████████████ " and to its ███████████████████████████████████████████████████████ ███." Opp. at 6. But these are precisely the kinds of inflammatory and irrelevant characterizations that should be excluded from trial for bearing no relation to any disputed issues. Samsung also exclaims these opinions are relevant to ███████████████████████████████████████ ███████████████████. Opp. at 7 ("████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████████████████████████████."). But as set forth above, no expert contends ████████████████████████████. Finally, Samsung argues that Mr. Halbert's opinions are relevant to ████████████████████████████████████ ████████████████████████████████████████████████████████████" and to Netlist's contention of ████████████████████████████████. (Opp. at 8.) This is a lawyer fiction. No Samsung witness testified ████████████████████████████████████ ██████████████████████████████████.

### III. Mr. Halbert's Opinions Regarding the "Contributions" of Netlist and Others to JEDEC Standards Should be Stricken

As set forth in Netlist's Opening Brief, Mr. Halbert's rebuttal report, which purports to ████████████████████████████████████████████████████████, should be stricken as



irrelevant and unreliable. This tabulation, which involved nothing more than ▮▮▮▮▮ in no way captures the significance of any given company's actual contribution to the patented technology in this lawsuit, ▮▮▮▮▮. *See, e.g., Optis Wireless Technology LLC v. Apple Inc.*, 2:19-CV-066-JRG, Dkt. No. 437 (Pretrial Hrg. Tr.) at 90:21-91:2.

In its Opposition, Samsung claims Mr. Halbert's opinions are ▮▮▮▮▮. Opp. at 10.[3] Yet satisfying the *Daubert* standard requires demonstrating that the expert in question offers a technically reliable opinion, not that the opinion is in somehow related to the analysis of a different expert. Samsung seeks to exclude Mr. Halbert's cursory tabulation by claiming that Mr. Kennedy's apportion "lacks **any** nexus to the asserted patents." *Id.*  The difference between Mr. Kennedy and Mr. Halbert could not be starker.  Mr. Kennedy analyzed the ▮▮▮▮▮. *See, e.g.,* Ex. 4 (Kennedy Report) at ¶¶ 159-61, 194-204, 216-22, 235-40. In contrast, Mr. Halbert, who is not a damages expert and is not purporting to reach a damages calculation, ▮▮▮▮▮ This analysis is not tethered in any way to the specific technology at issue in the case and because of that fails the standard set forth in *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317 (Fed. Cir. 2011).

Dated: February 24, 2023                     Respectfully submitted,

                                             */s/ Jason G. Sheasby*

                                             Samuel F. Baxter
                                             Texas State Bar No. 01938000
                                             sbaxter@mckoolsmith.com
                                             Jennifer L. Truelove

---

[3] Netlist separately responded to Samsung's *Daubert* motion regarding Mr. Kennedy. Dkt. No. 252.

        Texas State Bar No. 24012906
        jtruelove@mckoolsmith.com
        **MCKOOL SMITH, P.C.**
        104 East Houston Street Suite 300
        Marshall, TX 75670
        Telephone: (903) 923-9000
        Facsimile: (903) 923-9099

        Jason Sheasby (*pro hac vice*)
        jsheasby@irell.com
        Annita Zhong, PhD (*pro hac vice*)
        hzhong@irell.com
        Thomas C. Werner (*pro hac vice*)
        twerner@irell.com
        Andrew Strabone (*pro hac vice*)
        astrabone@irell.com
        Yanan Zhao (*pro hac vice*)
        yzhao@irell.com
        Michael W. Tezyan (*pro hac vice*)
        mtezyan@irell.com
        **IRELL & MANELLA LLP**
        1800 Avenue of the Stars, Suite 900
        Los Angeles, CA 90067
        Tel. (310) 277-1010
        Fax (310) 203-7199

        Rebecca Carson (*pro hac vice*)
        rcarson@irell.com
        **IRELL & MANELLA LLP**
        840 Newport Center Drive, Suite 400
        Newport Beach, CA 92660
        **Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on February 24, 2023, a copy of the foregoing was served to all counsel of record.

        */s/ Yanan Zhao*
        Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*