# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | )  Case No. 2:21-CV-463-JRG ) |
| | )  JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., | ) ) ) ) |
| Defendants. | ) ) |

## NETLIST INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON SAMSUNG'S LICENSE AFFIRMATIVE DEFENSE (DKT. 201)

-i-

Samsung effectively concedes that the Court should enter summary judgment that the JDLA between Netlist and Samsung was terminated as of July 15, 2020 based on the Central District of California's judgment. Instead, Samsung's Opposition addresses a separate issue, i.e., whether Samsung is entitled to assert a licensing defense for any infringement that occurred **before** July 15, 2020 given Samsung's prior material breach and repudiation of the agreement in 2017. But Netlist's Motion expressly stated that it was **not** moving for summary judgment on that question. Mot. at 1 ("This is a jury issue that is improper to resolve on summary judgment."). Samsung has separately moved for summary judgment that all sales prior to July 15, 2020 are licensed under the JDLA (Dkt. 196, "Samsung's MSJ"), and Netlist has responded to that motion (Dkt. 264). Samsung's attempt to litigate that issue in opposing this motion is non-responsive and should be stricken. E.D. Tex. Civ. L.R. 7(d) (A response "shall contain a concise statement of the reasons in opposition to the motion.").

Regardless, none of Samsung's arguments have merit. During fact discovery, Samsung served a contention interrogatory stating, "█████████████████████████████████████████████████████████████████████████████████████████████████." Ex. 1, No. 16. In response, Netlist provided multiple bases for why no license rights exist. First, Netlist noted the termination: "██████████████████████████████████████████████████████████████████████████████████████████████████████" *Id.* Second, Netlist noted that any rights that may have existed before termination were extinguished at the time of Samsung's material breach: █████████████████████████████████████████████████████████████████████████████████████████████████████████ █████" *Id.* This is not a surreptitious amendment to Netlist's complaint. Samsung raised a license defense for the period before termination. And Netlist is entitled to contravene that defense based on factual contentions properly disclosed during discovery. Moreover, any suggestion that this is foreclosed by the CDCA judgment is fantasy. The question of whether Samsung could raise a license

defense for the period before termination was not at issue in the CDCA.

I. **Samsung Concedes That Netlist Is Entitled To Summary Judgment That the JDLA Was Terminated on July 15, 2020.**

Resolution of this Motion should be simple. Netlist sought summary judgment on the grounds that (1) "[t]he [CDCA] has already held that Netlist properly terminated the JDLA," and (2) this determination is binding on the parties here. Mot. at 2-3. Samsung fully concurs: "Samsung agrees that issue preclusion applies to an important issue in this case—that the JDLA was terminated on July 15, 2020." Opp. at 4. Thus, Netlist's Motion should be granted.

Samsung accuses Netlist of engaging in improper "wordsmithing" and "mischaracterizing" the CDCA's judgment by saying that "the JDLA was terminated '**as of** July 15, 2020,' as opposed to **on** July 15, 2020." Opp. at 4 (emphasis in original). This is not serious. There is no meaningful difference between these two terms, nor does Samsung even attempt to identify any. "As of" is defined as "**on**, at, from." Ex. 2 (Merriam-Webster.com Dictionary, "As of") (emphasis added). It is "used to indicate a time or date at which something begins or ends,*" id,* just like the term "on." Because the CDCA determined that Netlist terminated the JDLA "as of," "on," or "effective" July 15, 2020 (which ever term Samsung prefers), there is no dispute that Samsung is barred from asserting a license defense after that date, which is the only question Netlist's Motion asked this Court to adjudicate.

II. **Netlist is Not Barred From Arguing that Samsung's License Defense Also Fails With Respect to Products Sold Before July 15, 2020.**

The discussion should end there, but Samsung spends the rest of its opposition arguing that Netlist is barred from arguing that Samsung licensing defense fails with respect to sales that occurred before Netlist affirmatively terminated the JDLA. Aside from being wholly non-responsive to Netlist's Motion, Samsung is wrong. Samsung ignores that its licensing defense can fail for reasons **other than** Netlist's affirmative termination.

As Netlist noted in its Motion, there is a "separate" disputed issue regarding whether

Samsung's breach of the JDLA precludes Samsung from asserting a license defense. Mot. at 1.[1] There is no dispute that, according to the CDCA's judgment, (1) Samsung "breach[ed] [] the supply provision" of the JDLA, Dkt. 201-2 at 15, and (2) that this breach was material, *id.* at 19 ("Samsung does not seriously contest materiality."). Under New York Law, "a party's performance under a contract is excused where the other party has substantially failed to perform its side of the bargain or, synonymously, where that party has committed a material breach." *Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 186 (2d Cir. 2007). Hence, Samsung's material breach of the JDLA relieves Netlist of its duty "to refrain from suing [Samsung] for infringement.'" *In re CFLC, Inc.*, 89 F.3d 673, 677 (9th Cir. 1996); *see also* Dkt. 264 (Netlist Op. to Samsung's MSJ) at 8-11.

Contrary to Samsung, Netlist is not barred from making this argument under the doctrines of issue preclusion, judicial estoppel, or claim preclusion, none of which are applicable here:

Issue preclusion. Samsung acknowledges that issue preclusion only applies when "the ***identical issue*** was previously adjudicated" and "the determination of the issue was necessary to the resulting judgment." Opp. at 7 (quoting *Chrimar Sys., Inc. v. Adtran, Inc.*, No. 6:15-CV-618-JRG-JDL, 2017 WL 131587, at *1 (E.D. Tex. Jan. 13, 2017)) (emphasis added); *Bradberry v. Jefferson Cnty., Tex.*, 732 F.3d 540, 550 (5th Cir. 2013) ("For collateral estoppel [] not only must the earlier proceedings have ***actually adjudicated the specific issue***, but that determination must have been ***necessary to the decision***.") (emphasis added). The CDCA, however, did not address the viability of Samsung's licensing defense with respect to pre-termination sales, nor was this issue even presented to it. While the CDCA determined that Samsung materially breached the JDLA, it did not address whether that breach relieved Netlist of its duty to perform at the time the breach occurred.

---

[1] Samsung's license defense also fails because the accused products are not covered by the JDLA on multiple grounds. Dkt. 264 at 11-19. Because Samsung does not claim that these arguments are barred in its Opposition, Netlist does not address them here.

Judicial estoppel. Judicial Estoppel does not apply because Netlist's argument that Samsung license defense fails with respect to pre-termination sales is not "plainly inconsistent" with CDCA's judgment or any argument that Netlist made before the JDLA. Op. at 8 (quoting *Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005)). On the contrary, as explained above, this conclusion flows directly from the CDCA's judgment that Samsung materially breached the JDLA.

Claim preclusion. Claim preclusion "prevents parties from relitigating the same 'claim' or 'cause of action.'" *Brownback v. King*, 141 S. Ct. 740, 747 (2021). But Netlist is doing no such thing here. In the CDCA, Netlist brought claims for breach of the JDLA and a declaration that it had affirmatively terminated the JDLA. Here, Netlist has brought a claim for patent infringement. Thus, the "same claim or cause of action" is plainly **not** "involved in both actions." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013). Moreover, the mere fact that Netlist sought a declaratory judgment that the JDLA had been affirmatively terminated cannot possibly preclude Netlist from arguing that Samsung's licensing defense fails on other grounds. As the Fifth Circuit has explained:

> The whole point of a declaratory judgment action is to decide only a single issue in a dispute, one that is often preliminary as subsequent events will need to occur before a traditional lawsuit can be pursued. Parties would be deterred from using that efficient process if it would bar all later claims arising out of the same dispute.

*ASARCO, L.L.C. v. Montana Res., Inc.*, 858 F.3d 949, 955 (5th Cir. 2017).

Samsung claims that Netlist is somehow seeking a declaration of an "earlier termination date" of the JDLA Op. at 13 & n.2. This is false. Netlist is not seeking any judgment from this Court that it terminated the license prior to July 15, 2020. Netlist is not seeking any affirmative relief with respect to the JDLA at all. Rather, it is Samsung who has raised the JDLA as an affirmative defense to pre-termination, and Samsung therefore bears the burden of proof. Nothing prevents Netlist from arguing that Samsung has failed to carry this burden because, among other reasons, Samsung materially breached the JDLA prior to termination.

Dated: February 24, 2023

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 24, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao