**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:21-CV-463-JRG<br><br>JURY TRIAL DEMANDED<br><br>**Filed Under Seal** |

**PLAINTIFF NETLIST INC.'S REPLY IN SUPPORT OF ITS PARTIAL MOTION FOR SUMMARY JUDGMENT FINDING JEDEC MATERIALS ARE NOT PUBLICLY ACCESSIBLE (DKT. 209)**

# TABLE OF CONTENTS

**Page**

I. Samsung Now Claims that the JEDEC Proposals Are Not Printed Publications .................. 1

II. Confidential JEDEC Proposals Are Not Publicly Known Or Used........................................ 1

A. Samsung Concedes Certain JEDEC Proposals Are Confidential. ............................... 1

B. Samsung's Attempts to Recast JEDEC Proposals as "General Knowledge" Cannot Avoid Summary Judgment ..................................................................... 2

1. Samsung's "Public Use or Knowledge" Cases Are Inapposite ....................... 3

2. Samsung's Attempt to Recast the Documents Has Been Rejected by Courts4

C. Samsung Has Not Provided Admissible Evidence Rebutting the Lack of Public Accessibility of the JEDEC Proposals ............................................................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asterias Biotherapeutics, Inc v. Viacyte, Inc.*,
2014 WL 93903 (N.D. Cal. Jan. 9, 2014) .......... 4

*In re Bayer*,
568 F.2d 1357 (C.C.P.A. 1978) .......... 9

*Bellard v. Gautreaux*,
675 F.3d 454 (5th Cir. 2012) .......... 9

*Blandford v. Masco Indus., Inc.*,
799 F. Supp. 666 (N.D. Tex. 1992) .......... 4

*California Inst. of Tech. v. Broadcom Ltd.*,
2018 WL 7456042 (C.D. Cal. Dec. 28, 2018) .......... 4

*Carella v Starlight Archery*,
804 F.2d 135 (Fed. Cir. 1986) .......... 1

*Chiesi USA, Inc. v. Aurobindo Pharma USA, Inc.*,
2022 WL 3703207 (D.N.J. Aug. 16, 2022) .......... 4

*Cooper Cameron Corp. v. Kvaerner Oilfield Prod., Inc.*,
291 F.3d 1317 (Fed. Cir. 2002) .......... 6

*Farms Co. v. Cal. Table Grape Comm'n*,
778 F.3d 1243 (Fed. Cir. 2015) .......... 5

*Finesse Wireless, LLC v. AT&T Mobility, LLC*,
2022 WL 18141571 (E.D. Tex. Dec. 21, 2022) .......... 5

*GoPro, Inc. v. Contour IP Holding LLC*,
908 F.3d 690 (Fed. Cir. 2018) .......... 1

*Kardulas v. Florida Mach. Prods. Co.*,
438 F.2d 1118 (5th Cir. 1971) .......... 3

*Minnesota Min. & Mfg. Co. v. Chemque, Inc.*,
303 F.3d 1294 (Fed. Cir. 2002) .......... 4

*ResQNet.com, Inc. v. Lansa, Inc.*,
594 F.3d 860 (Fed. Cir. 2010) .......... 2

**Page**

*Rosaire v. Baroid Sales Div., Nat'l Lead Co.*,
218 F.2d 72 (5th Cir. 1955) .......... 3

*Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*,
665 F.3d 1269 (Fed. Cir. 2012) .......... 5

*Transocean Offshore Deepwater Drilling, Inc. v. GlobalSantaFe Corp.*,
443 F. Supp. 2d 836 (S.D. Tex. 2006) .......... 4

*W.L. Gore & Assocs. v. Garlock, Inc.*,
721 F.2d 1540 (Fed. Cir. 1983) .......... 3

*Ward v. Jackson State Univ.*,
602 F. App'x 1000 (5th Cir. 2015) .......... 8

**Statutes**

35 U.S.C. § 102(a) .......... 1, 3, 4

The question of whether materials qualify under Section 102(a) is for the Court. *GoPro, Inc. v. Contour IP Holding LLC*, 908 F.3d 690, 693 (Fed. Cir. 2018) ("Whether a reference constitutes a printed publication . . . is a legal conclusion based on underlying factual determinations."). In this case the facts are not in dispute. And the Court should make the legal determination.

The question of the public accessibility of the final standards published by JEDEC raised by Samsung is a red herring. This motion is directed at JEDEC "meeting minutes, draft proposals, presentations, and ballots" relied on as prior art. Dkt. 209 (Mtn.) at 1 & fn.1 ("JEDEC Proposals"). They are also identified in the motions to strike the Robins and McAlexander Reports on the same grounds. Dkt. 213 at 4-5; Dkt. 212 at 6-7.

## I. Samsung Now Claims that the JEDEC Proposals Are Not Printed Publications

Samsung now claims that the JEDEC Proposals are not printed publications. Opp. at 10-12 ("Samsung's experts opine that the information contained in the JEDEC materials would have been known to a POSITA, under the 'known or used by others' portion of the statute" and 'the question is not whether the JEDEC materials were indexed as might be the case for printed publications").

## II. Confidential JEDEC Proposals Are Not Publicly Known Or Used.

It is settled law that the "known or used" prong of Section 102(a) is subject to the same public availability requirement as a printed publication. *Carella v Starlight Archery,* 804 F.2d 135 (Fed. Cir. 1986) ("known or used by others . . . means knowledge or use which is *accessible to the public*.") (cites omitted).

### A. Samsung Concedes Certain JEDEC Proposals Are Confidential.

Samsung explicitly admits that at least some of those JEDEC Proposals have been designated as "Confidential" even before litigation. *See* Opp. 4 (admitting at least 2 documents relating to the '339 patent "were marked confidential," and "some" of the JEDEC presentations relating to the '060 and '160 patents "were marked confidential"); *See* **Appendix B** (listing JEDEC Proposals Samsung relied on as invalidity grounds in the expert reports with prelitigation JEDEC Confidential designation").

Federal Circuit law makes it clear that documents labelled as confidential are not publicly available, and should not be prior art considered in the experts' invalidity analysis. *See ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 865 (Fed. Cir. 2010) (finding that user manual marked as "an unpublished work and [] considered a trade secret belonging to the copyright holder" was not publicly accessible).

Samsung further concedes that JEDEC treated the meeting minutes, draft proposals, and ballots without pre-existing confidentiality markings as confidential by marking them as Confidential Attorney's Eyes Only. Opp. 3; *see* **Appendix A** (listing documents produced by JEDEC under "AEO" designation). Samsung's JEDEC expert also opined that the JEDEC "[REDACTED]" but not the general JEDEC members, persons within ordinary skill in the art, or the public at large. Dkt. 209-3 (Halbert) ¶ 37 [REDACTED] (emphasis added). The JEDEC designation and the testimony of Samsung's expert confirms a deliberate attempt to keep them non-public.

### B. Samsung's Attempts to Recast JEDEC Proposals as "General Knowledge" Cannot Avoid Summary Judgment

As noted above, whether a document is characterized as a printed publication or "known or used" is irrelevant because the same public accessibility requirement is present. Samsung's opposition hypothesizes that JEDEC committee participants who are bound by confidentiality requirements would have not respected those requirements and would have transmitted underlying information to POSITAs, such that the information in the documents that Samsung relies on would reflect the general state of knowledge in the field. There is no law supporting this novel theory. But even if there was, it is unavailable to Samsung. Samsung's invalidity contentions describe the Confidential JEDEC Proposals as "Prior Art Systems and Inventions." Ex. 1 (2022-06-29) at 8, 13 (citing RA-15, RA-16)

*id.* at 20 (RB-17, RB18); Ex. 2 (2022-07-13) at 8 (RD-18). As noted above and below, the Federal Circuit holds this category of Section 102(a) to the same public availability requirements. *Infra* at 4.

Separately, Samsung reports in its invalidity contentions on "patents, publications, and systems as evidence of the state of the art as it relates to memory modules: . . . " Ex. 1 (06-29) at 10, 21. Samsung did not include the Confidential JEDEC Presentations in the "state of the art" section of its contentions, which is its contention on the general state of knowledge in the industry.

To forestall Summary Judgement, Samsung now seeks to treat the JEDEC Confidential Proposals as evidence of the state of the art: "According to Samsung's experts, the information contained in the JEDEC materials represent what a person of ordinary skill in the art ('POSITA') would have known prior to the alleged invention dates." Opp. at 6. This is a new theory not disclosed in the invalidity contentions. If Samsung would have disclosed in its contentions that it was going to attempt to characterize the Confidential JEDEC Proposals as reflecting the general state of knowledge, making public availability irrelevant, Netlist could have taken depositions of the third parties on the committee at the relevant time to establish that the documents did not in fact reflect the general state of knowledge. Having hidden this new theory throughout fact discovery, Samsung cannot now use it to forestall summary judgment.

**1. Samsung's "Public Use or Knowledge" Cases Are Inapposite**

Each case Samsung cites to support a public use or knowledge theory, *see* Opp. at 10, involves specific products or processes actually ***used*** publicly, and not simply printed documents shared at closed committee meetings. *See W.L. Gore & Assocs. v. Garlock, Inc.*, 721 F.2d 1540, 1549 (Fed. Cir. 1983) (use of "401 machine" or "Cropper Machine" to produce seal tapes); *Kardulas v. Florida Mach. Prods. Co.*, 438 F.2d 1118, 1122-24 (5th Cir. 1971) (discussing use of a specific hair roller holder in the defendant's beauty shop under § 102(b)); *Rosaire v. Baroid Sales Div., Nat'l Lead Co.*, 218 F.2d 72, 73 (5th Cir. 1955) ( extracting and quantitatively measuring entrained or absorbed gas in the field).

Here, on the other hand, there is no evidence of ***use*** of any of the JEDEC Proposals, nor has any Samsung expert opined that the JEDEC Proposals reflected working inventions used in public.

**2. Samsung's Attempt to Recast the Documents Has Been Rejected by Courts**

Courts routinely reject a defendant's attempts to distinguish between printed publications and inventions "known or used" under Section 102(a) for purposes of prior art. For example, in *California Inst. of Tech. v. Broadcom Ltd.*, the court explained that "the standard for establishing a reference as a 'printed publication' is substantively the same as meeting the 'known or used' standard of 35 U.S.C. § 102(a), at least when ***the only prior art at issue is a written document***." 2018 WL 7456042, at *10 (C.D. Cal. Dec. 28, 2018) (emphasis added). *Cal. Tech* pointed out that to the extent that the document "Richardson99 is not a printed publication because it was not publicly accessible, an argument that Richardson99 is prior art 'known or used' before the invention would also fail." *Id.*; *Minnesota Min. & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1306 (Fed. Cir. 2002) ("For prior art to anticipate because it is 'known,' the knowledge must be publicly accessible."); *Transocean Offshore Deepwater Drilling, Inc. v. GlobalSantaFe Corp.*, 443 F. Supp. 2d 836, 847 (S.D. Tex. 2006) (analyzing prior art documents under same public accessibility standard for "known or used" and "printed publication" legal bases and finding the Twin Ram Rig drawing stamped as confidential was not publicly accessible); *Blandford v. Masco Indus., Inc.*, 799 F. Supp. 666, 668-69 (N.D. Tex. 1992) (finding that a drawing failed to qualify as a "printed publication" and as a "known or used" reference because public accessibility was not established); *Asterias Biotherapeutics, Inc v. Viacyte, Inc.*, 2014 WL 93903, at *7 (N.D. Cal. Jan. 9, 2014) ("confidential information is not relevant to the knowledge of a person of ordinary skill in the art"); *Chiesi USA, Inc. v. Aurobindo Pharma USA, Inc.*, 2022 WL 3703207, at *22 (D.N.J. Aug. 16, 2022) (same).

Samsung primarily relies on conclusory statements from its experts to support its argument that the JEDEC Proposals reflect publicly known information (but somehow are not printed

publications). Samsung argues that "According to Samsung's experts, the information contained in the JEDEC materials represent what a person of ordinary skill in the art ('POSITA') would have known prior to the alleged invention dates." Opp. at 6. Samsung's experts, however, simply repeat the same exact legal conclusions in their reports with no factual support. For example, Samsung cites footnotes 97 and 100 of Mr. McAlexander's Opening Report, which only state in a conclusory fashion that "[REDACTED]" Dkt. 256-10 ¶ 286 n.97; ¶ 698 n.100; *id.*¶ 1254 n.114; *id.* ¶ 1757 n.115 (same). Dr. Robins' report similarly states: "[REDACTED]" Dkt. 256-11 at fns 8, 12, 13, 15, 17, 18. Such conclusory expert statements are not evidence that can defeat a motion for summary judgment. *See Finesse Wireless, LLC v. AT&T Mobility, LLC,* 2022 WL 18141571, at *1 (E.D. Tex. Dec. 21, 2022) ("Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment."); *Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1290 (Fed. Cir. 2012) ("[C]onclusory expert assertions do not give rise to a genuine issue of material fact.").

### C. Samsung Has Not Provided Admissible Evidence Rebutting the Lack of Public Accessibility of the JEDEC Proposals

***First***, Samsung argues that the confidentiality designations were made post-litigation, and claims that this reflects that the documents themselves are not actually confidential. To the contrary, the fact that JEDEC continues to maintain them as confidential years after their generation is compelling evidence that JEDEC course of practice is to comply with its policy and treat internal materials as confidential and not accessible to the public. *See Farms Co. v. Cal. Table Grape Comm'n*, 778 F.3d 1243, 1249 (Fed. Cir. 2015) (affirming the district court's finding that a third-party's effort to maintain control of the unreleased version of plants demonstrated the use was secret and therefore not prior art) (collecting cases).

Samsung also argues that JEDEC designated its produced Proposals in this case confidential to prevent "free distribution" of its documents to the public at large. Opp. 13. Samsung again cites no support for this statement, factual or legal, nor does it explain why JEDEC designated the JEDEC Proposals as "Attorney's Eyes Only" as opposed to simply "Confidential" under the Protective Order. Both Samsung and Netlist are paying JEDEC members. There is no concern that either party would receive the windfall of free JEDEC materials that concerns Samsung so. Nor has Samsung explained why an AEO confidentiality designation would be appropriate for such a purpose.[1]

Samsung's reliance on *Cooper Cameron Corp. v. Kvaerner Oilfield Prod., Inc.*, 291 F.3d 1317, 1323 (Fed. Cir. 2002) is also misplaced. In *Cooper*, the Federal Circuit found that evidence on the record showed that the author of the alleged prior art submitted it to the "Commission of European Communities" before the critical dates and "the report contained only a single confidentiality notice relating to the financial information on the fourth page of its 130 pages," which "does not render the entire document inaccessible in light of evidence that the reports were available to [the public]." *Id.* at 1324. Unlike *Cooper*, here, JEDEC designated every page of the JEDEC Proposals as AEO, rendering every portion of these documents inaccessible not only to the public, but to even Samsung and Netlist.

***Second***, Samsung next argues that "[a]ll of the JEDEC materials—the standards, proposals, presentations, meeting minutes, and ballots—used by Samsung's experts are accessible by every JEDEC member," again without any factual support whatsoever. Opp. at 7. This is contradicted directly by Samsung's own expert Mr. Halbert, who admits in his report that "[REDACTED] [REDACTED] [REDACTED]" Dkt. 209-3 (Halbert report) ¶ 37 (emphasis added).

---

[1] Samsung has not disputed JEDEC's AEO designations or asked JEDEC to modify them.

Samsung's repeated misstatements of facts admitted by its expert in the report[2] cannot be taken lightly: The relevant committees, according to Samsung's expert, consist of [redacted] key members, Ex. 3 (McAlexander Open) ¶ 1175; whereas Samsung now contends that the JEDEC organization overall consists of "350 member companies" and "3,000 volunteers." Opp. at 3, 7. Thus, under the view of Samsung's own experts, only a small fraction of the JEDEC members would have had access to the JEDEC Proposals. This is significant because Samsung claims "[i]n this case, the interested persons from the relevant public are the over 350 members of JEDEC itself." In other words, according to Samsung's experts, less than 10% of the "relevant public" could have had access.

***Third***, Samsung's argument that JEDEC members are the "relevant public" is legally improper. Samsung provides no admissible evidence to support its conclusory assertion. Any individual, scholar, or other entity cannot become a member of JEDEC unless it "manufactures electronic equipment or electronics-related products, or provides electronics or electronics-related services." Ex. 5 (JM21U) § 1.3 Membership. Further, JEDEC membership requires the applicant to agree to be bound by a series of JEDEC policies and regulations, including "JEDEC Patent Policy," "JEDEC Manual of Organization and Procedure," "JEDEC Committee Specific Additional Policies"

---

[2] Samsung also asserts that "Mr. Halbert stated that the JEDEC ballots, presentations, and meeting minutes were freely shared among the JEDEC members" and cited to his opening report ¶ 36. Opp. at 13. Mr. Halbert in fact only stated that the documents are "[redacted]" rather than all JEDEC members or the public at large. *Id.* (citing Ex. 5 ¶ 36). Samsung's assertion that "The JEDEC materials used by Samsung's experts . . . were freely reproducible within JEDEC" is unsupported and incorrect. Opp. 1.

As another example, Samsung asserts "Mr. Halbert also noted that presentations, meeting minutes, ballots, and other JEDEC materials are accessible on the JEDEC and JEDEC-member websites." Opp. at 9 & fn.4 (citing Ex. 5 ¶¶ 23, 31). But again, the references of Mr. Halbert's report do not support that statement. Paragraph 23 of Halbert's Report states: [redacted]" Dkt. 265-5 at 10-11 (emph. added). Paragraph 31 provides "[redacted]" *Id.* at 13 (emph. added).

(if that applicant also wants to join the specific committees), and "JEDEC Legal Guides Manual." Ex. 4 at 2. This process of applying for a JEDEC membership is nothing like what Samsung describes as just paying the fees. *Cf.* Opp. 4 ("interested persons can become JEDEC members simply by applying online and paying membership dues"). Limiting a POSITA to JEDEC members would exclude academics and independent engineers interested in the area of the technology, which is inconsistent with Samsung's own expert definition of a POSITA, which is not limited to JEDEC members, nor employees of companies who could become JEDEC members. Ex. 3 (McA Op.) ¶ 20[3](definition without referring to JEDEC membership); *id.* ¶ 21 (same)[4]; Ex. 6 (Robins Op.)¶ 44 (same).[5]

Samsung's reliance on Mr. Halbert's re-direct testimony in the separate IPR matter is improper. First, this deposition testimony is not related to the documents that Samsung contends constitute public knowledge in this case. Second, the deposition has not been produced in this case, and is not evidence of record. Third, it is hearsay that cannot support Samsung's summary judgment position. *Ward v. Jackson State Univ.*, 602 F. App'x 1000, 1003 (5th Cir. 2015) (affirming exclusion of hearsay statement as summary judgment evidence because "on a motion for summary judgment,

---

3 [redacted] Ex. 3 ¶ 20.

4 [redacted] *Id.* ¶ 21.

5 [redacted] Ex. 6 ¶ 44.

the evidence proffered by the [non-movant] to satisfy his burden of proof must be competent and admissible at trial"); *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (same).

***Fourth***, Samsung argues that the JEDEC Materials are publicly accessible because "Netlist did not contend that any of its experts could not have accessed JEDEC materials." Opp. at 7, 1. Samsung's perplexing argument improperly shifts the burden of proof to Netlist. Samsung's argument also adds nothing to its public-accessibility analysis because Netlist's experts simply analyzed the relevant documents produced in this litigation by Netlist, Samsung, and JEDEC. The experts did not need to access the JEDEC Proposals on their own for this litigation, nor does it matter whether the experts could access the documents ***now***, as opposed to at the priority dates of the patents-in-suit.

***Fifth***, Samsung argues that the "JEDEC materials relied on by Samsung's experts have item numbers, titles, and dates" and therefore can be searched on the JEDEC website. Opp. at 11. Again, because of Samsung expert's testimony that such meeting minutes or other JEDEC Proposals "[REDACTED]" Dkt. 256-5 ¶ 37, there is no evidence in the record to show how a person interested and ordinarily skilled in the subject matter, including JEDEC members that are not on the relevant committees, could know the JEDEC item numbers, titles, and dates of these documents initially, let alone how they could conduct searches on the website using such information. *See In re Bayer*, 568 F.2d 1357, 1361 (C.C.P.A. 1978) (the "probability of public knowledge of the contents of the [thesis] was virtually nil" when it "could have been located in the university library only by one having been informed of its existence by the faculty committee").

***Sixth***, Samsung also suggests that on one occasion, non-members attended a JEDEC meeting. Opp. at 3-4. But Samsung does not suggest the confidentiality requirements that bind committee members suddenly do not apply in this situation. To the contrary, the JEDEC policy makes clear that non-members who are invited to attend must comply with all JEDEC requirements. Ex. 5 (JM21U) at A.1 & fn.2. This of course includes confidentiality.

Dated: February 24, 2023

Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 24, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao