UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>      Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC., SAMSUNG SEMICONDUCTOR,<br>INC.,<br><br>      Defendants. | Case No. 2:21-CV-463-JRG<br><br>JURY TRIAL DEMANDED<br><br>▮▮▮▮▮▮▮▮▮▮ |

**NETLIST INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT ON SAMSUNG'S INVALIDITY DEFENSES**

## **TABLE OF CONTENTS**

**Page**

I. Samsung Could Have Asserted the APA Grounds in IPR ........................................................... 1

II. By Samsung's Admission, All JEDEC Materials Could Have Been Raised in IPR ................ 2

III. By Samsung's Admission, QBM Is Described In Alleged Printed Publications ..................... 4

IV. Samsung Is Not Using Extraneous References to Show Inherency ......................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Finisar Corp. v. DirecTV Group, Inc.*,
    523 F.3d 1323 (Fed. Cir. 2008) ................................................................................................ 5

*Koninklijke Philips N.V. v. Google LLC*,
    948 F.3d 1330 (Fed. Cir. 2020) ............................................................................................ 1, 4

*Kyocera Wireless Corp. v. Int'l Trade Comm'n*,
    545 F.3d 1340 (Fed. Cir. 2008) ................................................................................................ 6

*Medtronic, Inc. v. Barry*, 891 F.3d 1368 (Fed. Cir. 2018) ............................................................... 5

**Statutes**

Pre-AIA 35. U.S.C. § 102 .......................................................................................................... 3, 4, 6

Samsung should be held to its *Sotera* stipulations. First, binding PTO guidance allows the use of obviousness combinations of APA with patents or printed publication **in any order**, *i.e.*, APA modified by prior art or prior art modified by APA. Samsung should not be allowed to rely on APA combinations since it could have done so in IPRs (and did do so). Second, Samsung now contends the JEDEC Proposals are not printed publications but rather reflect a POSITA's knowledge. Dkt. 209. Regardless, Samsung could have used them in IPRs. The Federal Circuit has held that a POSITA's general knowledge may be relied on in IPRs, including for supplying a missing limitation. *Koninklijke Philips NV v. Google, LLC*, 948 F. 3d 1330, 1337-38 (Fed. Cir. 2020). Third, Samsung admits that it relies exclusively on four documents to define the QBM "system." A party cannot relabel printed subject matter as a "system." Finally, Samsung should not be permitted to combine multiple unlinked documents into a single anticipatory reference because these materials are not used to show inherency.

**I.      Samsung Could Have Asserted the APA Grounds in IPR**

Samsung could have presented in its IPRs the combination of alleged APA and the prior art patents. The PTO's guidance on this matter is clear: in interpreting *Qualcomm*, Director Vidal directed the PTAB to accept grounds that involve APA "in combination with reliance on one or more prior art patents or printed publications." Ex. 1 (the "Guidance") at 4. The Director further directed the PTAB "not to exclude the use of [APA] based on the number of claim limitations or claim elements the admission supplies **or the order in which the petition presents the obviousness combination** (e.g., prior art modified by admission or admission modified by prior art.)" *Id.* at 5 (emphasis added).[1]

Samsung briefly notes this directive but argues that "the Federal Circuit has not yet evaluated this guidance." Dkt. 266 (Opp.) at 9. Samsung ignores that the Guidance was issued in light of Federal

---

[1] The 2020 Guidance also provides that the PTAB can "rely on the general knowledge of a person with ordinary skill in the art" and APA can be used to "supply missing claim limitations," "support a motivation to combine," or "demonstrate the knowledge of the ordinarily-skilled artisan." Ex. 2 at 9.

Circuit case law and is binding on the PTAB. Ex. 1 at 1 ("The guidance in this Memorandum shall be followed by all members of the [PTAB].") In fact, Samsung's IPR petitions frequently cite to APA. *See* Dkt. 211 (Mtn.) at 12 (noting Samsung's IPR petitions for the '060/'160 patents repeatedly cite to APA). In IPR2022-00639, Samsung also cites the same '386 patent that Mr. McAlexander contends is APA to the '339 patent. *Compare, e.g.*, Ex. 5 (Petition in IPR2022-00639) at 20-21 (contending "Ellsberry and the 339 Patent (incorporating by reference U.S. Patent No. **7,289,386**)" share common disclosure) *with* Dkt. 217-01 (McAlexander Op.) ¶ 277 ("███████████████████████████████████████████████████████████████"). Samsung engaged in similar tactics in IPRs involving the '918/'054 patents. *Compare, e.g.*, Dkt. 217-01 (McAlexander Op.) ¶ 1457 (citing '918, *3:12-21*, *3:47-53* for APA + Spiers) *with* Ex. 3 (Wolfe Decl. in '918 IPR) ¶ 199 (supplementing analysis of Spiers with citation to '918, *3:12-13*, *3:42-43*), ¶ 645 (similar analysis of Spiers citing to '918, *3:46-52*).

Samsung contends that its APA "forms the basis" of its invalidity defenses and, therefore, could not have been used in IPR. Opp. 16. First, this contradicts the PTO's unequivocal guidance. Second, Samsung has simply re-ordered the description of its APA-based grounds in its combination of APA and other prior art. In reality, Samsung is still primarily relying on the other asserted references. That is made clear by its *de minimis* citations to APA. For example, APA is barely cited for the asserted '918 and '054 claims, including the limitations related to the voltage conversion circuitry and voltage monitoring system. *See* Dkt. 217-01 (McAlexander Op.), ¶¶ 1277-1885 (analysis of alleged APA-based grounds). As Dr. Mangione-Smith pointed out in his rebuttal report, "██████████████████████████████████████████████████████████████████████████████." Ex. 4 (Ex. B to Mangione-Smith Rebuttal) ¶ 110.

## II. By Samsung's Admission, All JEDEC Materials Could Have Been Raised in IPR

The JEDEC materials Samsung seeks to introduce at trial could have been presented in its

- 2 -

IPRs. **First**, there is no dispute that published JEDEC specifications (i.e., standards) are printed publications. Opp. 11 ("Some [JEDEC] materials are 'printed publications' . . . which may be used in IPR."). Samsung submitted these standards as prior art in IPRs against Netlist's patents. *See, e.g.*, Ex. 6 at 3, 11 (Petition in IPR2022-00996 asserting "FBDIMM Standards" JESD82-20 & JESD205 in Ground 1 as prior art to the '918 patent); Ex. 7 at 3, 10-11 (Petition in IPR2022-00999 asserting the same standards in Ground 1 as prior art to the '054 patent). Samsung nevertheless relied on the same specifications as the primary references for the '918 and '054 patents in this Action. *See* Dkt. 217-01 (McAlexander Op.) ¶¶ 1638-1756 (relying on JESD82-20, JESD205 for claims 1-3, 5-7, 9-13, 15-30 of the '918 patent); ¶¶ 1886-1941 (incorporating '918 analysis to '054 patent claims).

**Second**, with respect to the JEDEC meeting minutes, ballots, and technical proposals, (collectively "JEDEC Proposals"), Samsung has also submitted these to the PTAB as invalidity grounds. For example, in IPR2022-00062, Samsung relies on a JEDEC committee letter ballot as prior art in its invalidity grounds. *See* Ex. 8 at 4, 25-30 (Petition in IPR2022-00062 raising JEDEC Comm. Item No. 142.35 as prior art); Ex. 10 (Comm. Item No. 142.35, Ex. 1015 from IPR2022-00062). *See also* Ex. 9 at 4, 25-28 (Petition in IPR2022-00064 also raising Item No. 142.35 as prior art). Indeed, in their reports, Samsung's experts treat the JEDEC Proposals as printed publications.[2]

Despite its expert's reliance on the JEDEC specifications and JEDEC Proposals as printed references, Samsung now contends, for the first time, that these documents are not printed publications but rather show what was "known or used by others in this country" before the priority date. Opp. 1, 9, 11-13. While Mr. McAlexander notes in a footnote that ▬▬▬▬▬▬▬

---

[2] Samsung incorrectly faults Netlist for taking inconsistent positions. Netlist has consistently argued that Samsung cannot meet its burden to show that JEDEC Proposals accessible only to JEDEC committee members are prior art. Dkt. 209. Netlist's view is irrelevant in light of the fact that Samsung could have, and in fact did, submit these materials to the PTAB in at least IPR2022-00062 and IPR2022-00064, as noted above.

██████████████████████████████████████████████ he proceeds to treat the documents as printed publications. That is, he relies on JEDEC materials **directly**, i.e., as § 102(b) printed publication prior art, to supply missing limitations. For example, ████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████. Dkt. 217-01, §§ 8.8.2.1.1 ("The 2011-2012 JEDEC Proposals"), 8.8.2.2.1, ("The 2008-2009 JEDEC Proposals"), 9.5.5 ("JEDEC Standards and Materials").

Second, even if the JEDEC materials were only used to show the knowledge of a POSITA, such evidence again could have been raised in IPRs. In *Koninklijke Philips N.V. v. Google LLC*, the Federal Circuit rejected the argument that "the Board erred in relying on 'general knowledge' to supply a missing claim limitation." 948 F.3d at 1337. Samsung tries to limit *Koninklijke* and argues that knowledge of a POSITA is not permitted when it serves as the "basis" of the invalidity ground. But as explained above with respect to APA, the mere order in which references are arranged is not material to the PTAB. *See* Ex. 1 (Director's Guidance) at 4-5. Thus, Samsung **still** could have introduced them in its IPR, as explained in detail in Netlist's opening brief. Dkt. 211 at 8 (citing *Koninklijke* and *Randall Mfg.*). And indeed, Samsung did so. *See supra* at 2-3.

### III. By Samsung's Admission, QBM Is Described In Alleged Printed Publications

Samsung should not be permitted to introduce at trial invalidity defenses involving a supposed QBM "system" that comprises a series of allegedly printed publications. Samsung admits that this "system" is described in its entirety in the four documents cited in Mr. McAlexander's report. Opp. 4. Samsung's consultant Mr. Karabatsos, the former CFO of QBM developer Kentron Technologies Inc., admitted that these documents "████████████████████████████████████████" Dkt. 211-05 at 60-61 (55:13-21) (emphasis added); *see also id.*, 80:20-81:1; 108:11-109:3. Samsung does

---

[3] For specific examples, see Dkt. 217-01 (McAlexander Op.) ¶ 286 n.97, ¶ 698 n.100, ¶ 1254 n. 114.

- 4 -

not dispute these documents were publicly accessible, and thus they are printed publications.[4] *Medtronic, Inc. v. Barry*, 891 F.3d 1368, 1380-81 (Fed. Cir. 2018). Samsung cannot simultaneously argue that each QBM document is publicly accessible while asserting that they are not printed publications.

Samsung's attempt to repackage these references as "system art" is a tactic to evade its *Sotera* obligations. The applicable case law, as summarized by Samsung, does not allow such games:

> *General Access* and *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-CV-01015-JRG-RSP, 2017 WL 2526231 (E.D. Tex. May 11, 2017), both state that, ***if*** system prior art relies on patents or printed publications that a skilled artisan reasonably could have discovered, ***then*** a petitioner "should be estopped from presenting ***those patents and printed publications*** at trial." *Biscotti*, 2017 WL 2526231 at *8; *see also General Access*, 2020 WL 12572917, at *3 ("When a party asserts a prior art system and ***relies exclusively on printed subject matter that it could have raised in IPR***, it is not asserting a system at all.").

Opp. 16. Samsung's description of the QBM system is limited to four documents it alleges were publicly accessible; it does not separately rely on the system or products themselves. The alleged QBM references are therefore printed publications that could have been used in IPR. Thus, Samsung should be precluded from introducing its QBM "system"-based invalidity defense at trial.

## IV. Samsung Is Not Using Extraneous References to Show Inherency

Federal Circuit precedent requires that in order to anticipate a claim, "a single prior art reference must expressly or inherently disclose each claim limitation." *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008). Samsung tries to shoehorn its "2011-2012 JEDEC Proposals"[5] and QBM grounds into a very narrow and inapplicable exception to the single-source rule

---

[4] Samsung suggests in a footnote that it may use the QBM "system" as evidence of prior knowledge. Opp. 14 n.8. But as noted above, relabeling § 102(b) printed publications as § 102(a) prior knowledge references does not overcome a *Sotera* stipulation because knowledge in the art is admissible in an IPR.

[5] Contrary to Samsung's suggestion (Opp. 18-19), Mr. McAlexander never argues that the asserted '339 claims are anticipated by the 2008-2009 JEDEC Proposals. Dkt. 217-01 (McAlexander Op.) ¶ 698 ("███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████") (emphasis added). For clarity, the court should rule that Samsung is foreclosed from advancing this new anticipation argument.

involving inherency. *See* Opp. 18. In discussing JEDEC and QBM Mr. McAlexander never once advanced an argument that any of the references showed inherency of the primary reference. Rather, in each instance, Mr. McAlexander combines multiple distinct references into one "mega-source" that Samsung asserts anticipates the claimed inventions. *See, e.g.*, Dkt. 217-01 (McAlexander Op.) ¶¶ 252-257 (2011-2012 JEDEC Proposals), ¶¶ 258-262 (QBM). This runs directly counter to Federal Circuit precedent. For instance, in *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, the ITC found that the patent challenger's "proffered collection of eleven separate GSM specifications does not anticipate the asserted '983 Patent claims because the specifications do not together constitute a single reference for § 102 purposes." *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1351–52 (Fed. Cir. 2008). The Federal Circuit affirmed, holding that "the GSM standard is actually several prior art references with separate dates of creation, rather than a single prior art reference." *Id.*

**JEDEC**: Samsung summarizes the allegedly anticipating "2011-2012 JEDEC Proposals." Opp. 5. Samsung's own description makes clear that this set of JEDEC Proposals includes documents with different titles, drafted at different times, and presented to different JEDEC committees. And for the same reasons discussed above regarding Samsung's *Sotera* obligation, Samsung should not be permitted to circumvent black letter Section 102 doctrine by repackaging separate JEDEC documents as collective evidence of a POSITA's knowledge.

**QBM**: Samsung's description of the QBM documents also makes clear that they are distinct sources, each with a unique title and date of creation. Indeed some of the QBM references are directed to QBM1 and some to the later QBM2 design, and thus disclose two distinct unlinked embodiments. Dkt. 211-05 (Karabatsos Rough Tr.) at 95-96 (87:7-88:8) (████████████████████████████████████████████████). Just as Samsung cannot be permitted to play word games by referring to a collection of four documents as "system art," so too, here, Samsung should not be allowed to combine four documents directed to different products into one alleged prior art reference.

| | |
|---|---|
| Dated: February 24, 2023 | Respectfully submitted, |
| | */s/ Jason Sheasby* |

                                            Samuel F. Baxter
                                            Texas State Bar No. 01938000
                                            sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on February 24, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Jason Sheasby*
Jason Sheasby