UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NETLIST, INC.,

Plaintiff,

v.

MONOLITHIC POWER SYSTEMS, INC.,

Defendant.

CASE NO. 2:23-cv-00023-TL

ORDER TRANSFERRING MOTION TO COMPEL SUBPOENA COMPLIANCE

This matter comes before the Court on Plaintiff Netlist Inc.'s motion to compel Defendant Monolithic Power Systems ("MPS") to comply with a subpoena or to transfer this subpoena-enforcement action to the issuing court in the Eastern District of Texas. Dkt. No. 1. Having reviewed the record and governing law and finding oral argument unnecessary (*see* LCR 7(b)(4)), the Court TRANSFERS the motion to compel to the issuing court.

## I. BACKGROUND

Plaintiff has been engaged in litigation in the Eastern District of Texas against Samsung for alleged patent infringement. *Netlist, Inc. v. Samsung Elecs. Co., Ltd., et al.*, No. C21-463

(E.D. Tex.). Plaintiff claims that Samsung has represented that non-party MPS has sole possession over technical information "which is needed to confirm critical operation information of Samsung's accused infringing products and components thereof." Dkt. No. 1 at 5–6. Plaintiff served MPS with subpoenas for document production (on June 22, 2022) and to testify at a deposition (on October 18, 2022). *Id.* at 6. Plaintiff contends that MPS' responsive document production was inadequate—rendering a deposition more important—yet, MPS has refused to provide a witness for a deposition. *Id.* Plaintiff filed the instant motion on December 16, 2022, after a series of meet-and-confer efforts had failed. *See id.* MPS objects to transfer of the motion to compel to the subpoena-issuing court and argues that the deposition subpoena should be quashed because the information sought is irrelevant, cumulative, and unduly burdensome to produce. *See* Dkt. No. 19.

The underlying litigation is set for trial beginning April 17, 2023. *Netlist v. Samsung*, No. C21-463 (E.D. Tex.), Dkt. No. 236 (operative docket control order) at 1. Fact discovery closed six days after Plaintiff filed the instant motion. Dkt. No. 19 at 6. Expert discovery has since also closed. *Netlist v. Samsung*, No. C21-463 (E.D. Tex.), Dkt. No. 236 at 4. On February 3, 2023, the issuing court ruled on several other discovery-related motions and also denied a stay sought by Samsung. *Id.*, Dkt. No. 195. This issuing court has also issued multiple protective orders, ruled on earlier discovery motions, held a *Markman* hearing, and appointed a technical advisor for the litigation. *Id.*, Dkt. Nos. 48, 64, 83, 101, 111, 128. Multiple motions for summary judgment appear to be currently pending before the issuing court. *See id.*, Dkt. Nos. 196–201, 209, 211. Though Plaintiff sought the issuing court's permission to extend the time for taking other depositions, it did not request an extension of discovery deadlines to allow the deposition at issue here. *See* Dkt. No. 19 at 8.

///

## II.    LEGAL STANDARD

In the absence of consent from the non-party subject to the subpoena at issue, a motion to compel subpoena compliance can be transferred to the issuing court only if the proponent of the transfer demonstrates "exceptional circumstances." *See* Fed. R. Civ. P. 45(f); Advisory Committee's Note on the 2013 Amendment. The compliance court may consider factors such as "case complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Ford Global Techs., LLC v. New World Int'l, Inc.*, No. 15-1329, 2015 WL 6507151, at *2 (W.D. Wash. Oct. 27, 2015) (cleaned up) (citations omitted). Even if exceptional circumstances exist, transfer is inappropriate if interests such as avoiding disruption of the issuing court's management of the underlying litigation outweigh the non-party subject to the subpoena's interest in obtaining local resolution of the motion. *See U.S. Plywood Integrity Coal. v. PSF Corp.*, No. C20-5042, 2021 WL 409968, at *4 (W.D. Wash. Feb. 5, 2021) (citing Advisory Committee's Note on the 2013 Amendment).

## III.   DISCUSSION

The Court finds that this case's complexity, its procedural posture, and the nature of the issues in the underlying litigation—both those issues currently pending before and those already resolved by the issuing court—support transfer. The underlying litigation is a complex patent matter which is scheduled for trial in two months. The issuing court is poised to rule on multiple motions for summary judgment and has already ruled on a number of related issues regarding the discovery process. The briefs submitted also provide inadequate background on the infringement claims and damages requests at issue for this Court to determine the relevance and proportionality of the requested deposition given the complexities and timeframe of the underlying litigation. *See, e.g.*, Dkt. No. 1 at 13–14 (Plaintiff's motion outlining patent

infringement theories contested in the underlying litigation); Dkt. No. 19 (MPS' opposition brief arguing, *inter alia*, that the requested depositions "non-technical topics are pretexual or irrelevant," particularly in light of there being "three similarly situated suppliers," and that Plaintiff's "technical topics about its standards-based claims have already been adequately addressed by the documents MPS provided").

Courts within this District have found exceptional circumstances to exist in similar cases. *See, e.g.*, *Deere & Co. v. XAPT Corp.*, No. C22-126, 2022 WL 522992, at *2 (W.D. Wash. Feb. 18, 2022) (transferring subpoena-enforcement action); *In re Hume*, No. C17-1104, 2017 WL 4224421, *2–*3 (W.D. Wash. Sept. 22, 2017) (same). Additionally, a transfer would best serve the goals of "[e]fficiency and judicial economy," as the subpoena-issuing court has "extensive knowledge of the intricacies of this complex litigation" that would allow a swifter determination of "the relevance of the requested evidence and [its] proportionality" to the rest of the case. *See In re Hume*, 2017 WL 4224421, at *2.

In this case, exceptional circumstances also outweigh the interests of local resolution. MPS "and its undersigned counsel" are located in the Seattle area. Dkt. No. 19 at 10. MPS has international locations but none in Texas. *Id.* Netlist has offered that, in the event subpoena compliance is required, the deposition can take place remotely. *Id.* While MPS does face a slight burden in potentially having to appear in-person for oral argument on the motion to compel in the Eastern District of Texas, that burden does not outweigh the significant impact that a ruling on the motion—and the timing of that ruling—would have on the underlying litigation.

## IV.   CONCLUSION

For the foregoing reasons, the Court transfers the subpoena-enforcement motion to the issuing court in the Eastern District of Texas. The Clerk of Court is DIRECTED to transfer the motion (Dkt. No. 1) for consideration in *Netlist v. Samsung Elecs. Co.*, No. C21-463 (E.D. Tex.)

and to close this file. Plaintiff's counsel is DIRECTED to file notice of this Order in the Texas action.

Dated this 14th day of February 2023.

Tana Lin
United States District Judge

ORDER TRANSFERRING MOTION TO COMPEL SUBPOENA COMPLIANCE - 5