UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>        Defendants. | Civil Case No. 2:21cv463-JRG<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S SUR-REPLY TO NETLIST'S PARTIAL MOTION FOR
SUMMARY JUDGMENT ON SAMSUNG'S AFFIRMATIVE DEFENSES (Dkt. 199)**

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arctic Cat v. Bombardier Recreational Prods. Inc.*,
    876 F.3d 1350 (Fed. Cir. 2017)..........................................................................................1, 2

Samsung notified Netlist in its October 12, 2022 letter of specific products that were unmarked with specific Netlist patents. That is all that is necessary to satisfy *Arctic Cat*'s "low bar" to put Netlist on notice that Netlist and its authorized licensees have failed to mark. *Arctic Cat v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017).

First, Samsung's October 12, 2022 letter expressly states that it is providing notice of unmarked products that should be marked with the patents-in-suit, including the '060 and '160 patents. Dkt. No. 199-4 at 1 ▮

▮

▮

▮). Second, Samsung's letter expressly states that ▮

▮

▮ *Id.* at 2.

Such notice satisfied Samsung's obligation to put Netlist on notice of its failure to mark. The *Arctic Cat* requirement is a notice requirement, "a burden of production, not one of persuasion or proof." *Arctic Cat*, 876 F.3d at 1368. *Arctic Cat* is clear that the entire purpose of its notice requirement is to define the universe of ***products*** at issue. "Permitting infringers to allege failure to mark without identifying any products could lead to a large scale fishing expedition and gamesmanship." *Id.* Samsung's letter unquestionably identifies the unmarked products at issue. It is simply not credible for Netlist to assert that Samsung's letter identifying "the HBM Patents" (a term Netlist itself used to describe the '060 and '160 patents), *see, e.g.*, Dkt. No. 76 at 26, and identifying SK hynix's HBM products, did not provide Netlist with *Arctic Cat* notice.

1

Netlist would have this court treat the *Arctic Cat* notice requirement as a form of infringement contentions, in which Samsung has the burden to map specific patents to specific Netlist or licensee products in order to meet Samsung's burden to identify unmarked products. However, in its Motion for Summary Judgement on this issue, and in its Reply, Netlist cites ***absolutely no authority to support this position***. Dkt. No. 199; Dkt. No. 306. In contrast, Samsung has identified multiple cases detailing that the only requirement for satisfying *Arctic Cat* is that Samsung identify unmarked products. Dkt. No. 254 at 5-6.

Under *Arctic Cat*, the defendant has only the burden to narrow the universe of unmarked products so the burden on the plaintiff is limited to a discrete set of products. "Once the alleged infringer meets its burden of production, however, the patentee bears the burden to prove the products identified do not practice the patented invention." *Arctic Cat*, 876 F.3d at 1368. Samsung met its burden, but Netlist dropped the ball. Netlist chose to ignore the notice of unmarked products Samsung provided, and offered no evidence that these products need not have been marked. The Court, therefore, should deny Netlist's Motion, Dkt. No. 199, as to the marking issue, and should grant Samsung's Motion for Summary Judgment of No Pre-suit Damages, Dkt. 198.

Date: March 3, 2023                                  Respectfully submitted,

                                                     */s/ Lauren A. Degnan*

                                                     Ruffin B. Cordell
                                                     TX Bar No. 04820550
                                                     cordell@fr.com
                                                     Michael J. McKeon
                                                     D.C. Bar No. 459780
                                                     mckeon@fr.com
                                                     Lauren A. Degnan
                                                     D.C. Bar No. 452421
                                                     LAD@fr.com

Brian Livedalen
D.C. Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
D.C. Bar No. 1013923
tishman@fr.com
Matthew Mosteller
CA Bar No. 324808
mosteller@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Katherine Reardon
NY Bar No. 5196910
kreardon@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Matthew Colvin
Texas Bar No. 24087331
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070

Facsimile: (214) 747-2091

Karolina Jesien
New York Bar No. KJ7292
FISH & RICHARDSON P.C.
Times Square Tower
20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Alice J. Ahn
CA 271399 / DC 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Ste. 5400
San Francisco, CA 94105
Telephone: (415) 591-7091
Facsimile: (415) 591-6091

Brian R. Nester
D.C. Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202)-662-6000

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 3, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

/s/ Lauren A. Degnan