# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
|     Plaintiff, | ) |
| vs. | ) Case No. 2:21-CV-463-JRG |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., | ) JURY TRIAL DEMANDED<br>**Filed Under Seal** |
|     Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S SUR-REPLY IN OPPOSITION TO SAMSUNG DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NO WILLFULNESS (DKT. 200)**

**TABLE OF CONTENTS**

**Page**

A. There Is Substantial Evidence in the Record of Samsung's Knowledge.......................1

B. There Is Substantial Evidence of Samsung's Subjective Intent....................................2

C. Summary Judgment Should Be Denied as to Post-Filing Willful Infringement ........4

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Georgetown Rail Equip. Co. v. Holland L.P.*,
  867 F.3d 1229 (Fed. Cir. 2017) ........................................................................................... 3

*Global Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) ............................................................................................................. 1

*Halo Elecs., Inc. v. Pulse Elec., Inc.*,
  579 U.S. 93 (2016) ........................................................................................................... 1, 2

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
  2019 WL 1987172 (E.D. Tex. Apr. 12, 2019) .................................................................... 2

*KAIST IP US LLC v. Samsung Elecs. Co.*,
  439 F. Supp. 3d 860 (E.D. Tex. 2020) ................................................................................ 3

*M & C Innovations, LLC v. Igloo Prod. Corp.*,
  2018 WL 4620713 (S.D. Tex. July 31, 2018) ..................................................................... 4

*OpenTV, Inc. v. Apple, Inc.*,
  2015 WL 1535328 (N.D. Cal. Apr. 6, 2015) ....................................................................... 2

*SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*,
  396 F. Supp. 3d 323 (S.D.N.Y. 2019) ................................................................................. 2

*Slot Speaker Techs., Inc. v. Apple, Inc.*
  2017 WL 4354999 (N.D. Cal. Sept. 29, 2017) ................................................................ 2, 4

*Team Worldwide Corp. v. Acad., Ltd.*,
  2021 WL 1897620 (E.D. Tex. 2021) ................................................................................... 4

*Touchscreen Gestures LLC v. Rsch. in Motion Ltd.*,
  2013 WL 8505349 (E.D. Tex. Mar. 27, 2013) .................................................................... 4

*Vasudevan Software, Inc. v. TIBCO Software Inc.*
  2012 WL 1831543 (N.D. Cal. May 18, 2012) .................................................................... 2

*WCM Indus., Inc. v. IPS Corp.*,
  721 F. App'x 959 (Fed. Cir. 2018) ...................................................................................... 1

### A.     There Is Substantial Evidence in the Record of Samsung's Knowledge

Samsung argues that knowledge of predecessor patents cannot support a finding of willfulness. This argument has been rejected by the Federal Circuit. *See WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 & n.4 (Fed. Cir. 2018) (knowledge of a pending patent application on a technology can support a finding of willfulness)[1]; *see also Halo Elecs., Inc. v. Pulse Elec., Inc.*, 579 U.S. 93, 107 (2016) (the Federal Circuit "eschew[ed] any rigid formula" for determining willfulness).

As to the '060 and '160 patents, Netlist disclosed these patents directly to Samsung before suit. *See* Dkt. 250 (Opp.) at 5-6; Ex. 1 at 5-6. Netlist specifically identified in presentations to Samsung that "HBM" was the "covered product" for the parent '060 patent. Dkt. 250-3 (Ex. B); Dkt. 250-4 (Ex.C). Netlist also presented to Samsung the key features of the family in a presentation, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dkt. 250-14 (M) (▇▇▇▇▇▇▇▇▇▇▇▇). The accused products have these features. Ex. 4 (Robins Tr.) 26:25-27:18 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇).

As to the '918 and '054 patent, in 2014, Netlist disclosed to Samsung that it had pending patent applications ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dkt. 250-20 (S) at 28. This is the subject matter of the '918 and '054 patent claims and the feature in Samsung DDR5 products that Netlist is accusing of infringement. Dkt. 250-5 (D) 10:8-15, 12:18-13:1.

As to the '339 and '506 patents, Netlist disclosed these patent numbers before suit to Samsung's outside counsel, Ex. 1 at 4-5, and then invited Samsung to take a license by correspondence to this same outside counsel. Ex. 3 (2020-10-15 Ltr). Netlist also disclosed in presentations to Samsung that the patents in this family ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and

---

[1] *WCM* is **post** *Global Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011). *Cf.* Dkt. 293 at 2 fn.2.

████████████ Dkt. 250-34 at 3 (Ex. AG).

Samsung's cited law is inapposite. In *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, 2019 WL 1987172, at *2 (E.D. Tex. Apr. 12, 2019), the patentee failed to show a sufficient connection between the previously asserted patents and those being asserted. Unlike *Intell.*, here, Netlist discussed the subject matter of the patent applications which match the claims of the patents-in-suit. *OpenTV, Inc. v. Apple, Inc.* does not address knowledge of specific related family patents or underlying inventions, but instead, the court only found it "cannot infer knowledge of particular patents from knowledge of the existence of a company's entire portfolio of patents." 2015 WL 1535328, at *7 (N.D. Cal. Apr. 6, 2015). And *Vasudevan Software, Inc. v. TIBCO Software Inc.* 2012 WL 1831543 (N.D. Cal. May 18, 2012) predates, and is abrogated by, the Supreme Court's decision in *Halo*. *See SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 396 F. Supp. 3d 323, 335 (S.D.N.Y. 2019) (noting that *Vasudevan* is abrogated by *Halo* and affirming jury finding of willful infringement based on evidence showing the defendant's knowledge of the related family patent).

Samsung's argument that it did not believe it infringed Netlist's patents due to the existence of the JDLA is not well taken. *First*, this is a factual dispute that can only be resolved by a jury. *Second*, Samsung glosses over the fact that, even if Samsung were right, the JDLA was terminated on July 15, 2020, and all of Samsung's infringement from that moment forward would be willful. *Third*, as explained in the Opposition, there is a factual dispute over whether and the extent to which Samsung reasonably believed the patents-in-suit fall within the scope of the JDLA, as the Korean tax tribunal held that the JDLA did not grant Samsung any license beyond joint development. *See* Opp. at 4.

### B.     There Is Substantial Evidence of Samsung's Subjective Intent

Samsung not only received disclosures of Netlist's patents and the underlying technologies during the parties' pre-suit communications but also actively sought information from Netlist regarding its patents and patented technologies, including before launching its accused infringing DDR5 products. *E.g.* Dkt. 250 at 7 (████████



); Dkt. 250-3/Exhibit 5 (with translation) (               ). Samsung admitted to the               . *See* Opp. at 8, 9. Further, during deposition, none of Samsung's representatives could identify internal investigation that has ever been done to determine whether Samsung's accused products infringe one or more claims of Netlist's patents. *See e.g.* Dkt. 250-23 (Ex. V) at 24:22-25:1               ); Dkt. 250-28 (Ex. AA) at 59:24-60:3               ); Dkt. 250-5 (Ex. D) at 52:23-53:4               ) (objection omitted).

A reasonable jury could find—from the facts of Samsung's request for information on Netlist's technologies, Netlist's presentations about its technologies and patent lists shared with Samsung, and Samsung's lack of internal investigation—that Samsung made a deliberate decision to use Netlist's patented technologies while making and selling its infringing products. *See Georgetown Rail Equip. Co. v. Holland L.P.*, 867 F.3d 1229, 1245 (Fed. Cir. 2017) ("[s]ubstantial evidence supports the jury's finding that subjective recklessness led to willful infringement" including "that [defendant] was aware of the [ ] patent prior to the current litigation" and "believed that it was infringing" evidenced by "the parties' prior business dealings from which the jury could have inferred that [defendant] believed that it needed to acquire or license… and circumstantial evidence'"); *KAIST IP US LLC v. Samsung Elecs. Co.*, 439 F. Supp. 3d 860, 884 (E.D. Tex. 2020) (affirming jury's willfulness finding based on evidence showing that Samsung "was aware of the [Asserted Patents]," "the parties had prior business dealings from which the jury could have inferred that Samsung believed that it needed [a]

- 3 -

license,'" and "circumstantial evidence that [Samsung] copied [Prof. Lee's] technology").

## C. Summary Judgment Should Be Denied as to Post-Filing Willful Infringement

Netlist has shown not only that Samsung was aware of Netlist's patents and patented technologies since before the lawsuit, but also that Samsung continued its infringing sales and releasing new products (e.g. HBM3) after the filing of the complaint **and** after service of Netlist's infringement contentions. Moreover, Samsung's witnesses could not point to any evidence showing Samsung's internal investigation before deciding to continue to sell and manufacture the accused products. *Supra* 3. These are more than sufficient to create a fact issue of Samsung's post-suit willful infringement. *See Team Worldwide Corp. v. Acad., Ltd.*, 2021 WL 1897620, at *6 (E.D. Tex. 2021) (denying summary judgment where the defendant's "[c]ontinuing sales without an adequate inquiry into whether the [products] at issue infringed may be conduct from which a jury could infer willful infringement").

Samsung requests that this Court focus exclusively on Samsung's post-filing conduct in a vacuum, and not in light of its vast pre-suit knowledge of Netlist's patents. This turns willfulness on its head. Indeed, even the case law Samsung relies on is unhelpful to its cause. Those cases only hold that the filing of the lawsuit, standing alone, cannot support willfulness. *Cf. Slot Speaker Techs., Inc. v. Apple, Inc.* 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017) (denying leave to add claim of willful infringement that "point[ed] to Defendant's post-suit manufacturing and sales as the exclusive evidence of Defendant's willful infringement"); *Touchscreen Gestures LLC v. Rsch. in Motion Ltd.*, 2013 WL 8505349, at *2 (E.D. Tex. Mar. 27, 2013) (willful infringement claim that only "maintain[ed] that the filing of this suit provides sufficient notice to support post-filing willful infringement claims"); *M & C Innovations, LLC v. Igloo Prods. Corp.*, 2018 WL 4620713, at *4-5 (S.D. Tex. July 31, 2018) (plaintiff seeking to use the filing of the complaint and the defendants' continued manufacturing of the infringing products as the sole basis to show post-suit willful infringement).

Dated: March 3, 2023            Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on March 3, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao