# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:21-CV-463-JRG |
| | ) |
| SAMSUNG ELECTRONICS CO., LTD., | ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC., SAMSUNG SEMICONDUCTOR, | ) ▉▉▉▉▉▉▉▉ |
| INC., | ) |
| | ) |
| Defendants. | ) |

**NETLIST INC.'S SURREPLY TO SAMSUNG'S MOTION TO STRIKE PORTIONS OF THE EXPERT REPORT OF DR. MANGIONE-SMITH**

**TABLE OF CONTENTS**

**Page**

I. Materials Evidencing Notice of the Patent Families in Suit. ...................................................... 1
II. Evidence Rebutting an Allegation of Derivation ......................................................................... 2
III. Infringement Theories .................................................................................................................. 4
IV. Doctrine of Equivalents ................................................................................................................ 4
V. Technical Valuation Opinions ...................................................................................................... 5

I.  **Materials Evidencing Notice of the Patent Families in Suit.**

As to **App'x A ¶¶ 19, 30, 320; App'x B ¶¶ 3, 5, 14, 62-66, 468-469, 471; and App'x D ¶¶ 88, 692**, Samsung raises an entirely new argument in its reply, stating that these paragraphs encompass documents specified in L.P.R. 3-2(a).  Dkt. 294 at 1-2.  This section of the local rules relates to disclosure of "the claimed invention *prior to the date of application* for the patent in suit."  None of the documents in these paragraphs fall into L.P.R. 3-2(a).  The motion is an over-reach that appears to be premised on an assumption that the Court will not look at actual paragraphs.

**App'x A ¶ 320:**  The presentations discussed in this paragraph post-date the filing date of all the patents-in-suit.  They are used to ▮▮▮▮▮.  *See, e.g.*, Dkt. 262-11.  They were either produced by Samsung or produced in June 2022, almost six months before the close of fact discovery.  Ex. 1 ▮▮▮▮  Footnote 1 claims this paragraph references ▮▮▮▮  Dkt. 294 at 2 n.1.  Although Samsung does not explain this argument, to be clear: ▮▮▮▮

**App'x B ¶ 5:**  Samsung in Footnote 1 claims this paragraph references ▮▮▮▮ *Id.*  Not so.  The paragraph solely discusses the motivation for the patent.

**App'x B ¶ 62; App'x D ¶ 88:**  The documents in these paragraphs were created by Samsung.  They are dated from 2019, many years after the priority dates of the patents.  Dkt. 262-06; Dkt. 262-15.

**App'x B ¶¶ 63-66:**  Samsung claims in Footnote 1 these paragraphs ▮▮▮▮  Dkt. 294 at 2 n.1.  These documents are dated long after the priority date of the patents-in-suit.  They are from ▮▮▮▮ which Samsung had equal access to ▮▮▮▮.  They are cited to evidence knowledge of the families of the patents-in-suit.  They were either produced by Samsung or produced by Netlist in June 2022, almost six months before the close of fact discovery.  These documents have nothing to do with the subject of Samsung's previous motion, which was directed to disclosure of the

- 1 -

inventions before the priority date, and conception/reduction to practice.

**App'x B ¶¶ 468-469:** These ▬▬▬▬▬ were not generated until 2015 and 2016, long after the priority dates of the patents-in-suit. One was produced by Samsung on September 2, 2022, and the other was produced by Netlist on July 16, 2022 in the CA case. They evidenced notice of patent families at issue. *See* Dkt. 262-13; Dkt. 262-21 at 43. Footnote 1 claims that App'x B ¶ 468 references ▬▬▬▬▬ Dkt. 294 at 2 n.1. There is no allegation or assertion that ▬▬▬▬▬

**App'x B ¶ 471:** These ▬▬▬▬▬ were not generated until 2014 and 2015, long after the priority dates of the patents-in-suit. These documents were ***produced by Samsung*** on September 2, 2022 and notice evidence of patent families in suit. *See,* Dkt. 262-11.

**App'x D ¶ 692, App'x B ¶ 3:** These paragraphs do not discuss any documents other than the patents-in-suit, do not argue for an earlier conception and reduction to practice, and do not allege any disclosure before invention to a third party.

**App'x A. ¶¶ 19, 30:** These paragraphs and cited documents do not disclose any of the claimed inventions in the asserted patents and they do not show conception and reduction to practice. They instead discuss a presentation ▬▬▬ ▬▬▬▬▬ Dkt. 262-08; Dkt. 262-09. ▬▬▬

▬▬▬▬▬

## II. Evidence Rebutting an Allegation of Derivation

Dr. Mangione-Smith's Rebuttal Report Ex. A ¶¶ 77 and 313 do not argue for an early

conception and reduction to practice date. App'x C. These paragraphs do not evidence disclosure of the invention to a third party before the priority date. In invalidity contentions served on June 29, 2022, Samsung alleged that ███████████████████████

███████████████████████████████████

███████████████████████████████████

Dr. Mangione-Smith disputes that these documents describe or make obvious any elements of the '339 and '506 patents. He also points out that the features in ███████████████ are present in Netlist documents that predate the date of ███████████████. Samsung's previous motion to strike never asserted that it intended to strike materials that would be used to defend against an allegation of derivation. Netlist would have pointed out the inequity of this position:

(a) Derivation is an entirely different doctrine than conception under Federal Circuit case law.
(b) The ███████████████████████████ more than a decade in the past. Going through Netlist records to find evidence of the features in these documents before the dates of ███████████████ was an extremely difficult task that required page by page review of files because of ███████████████████████████ Dkt. 168-1 ¶ 6.
(c) Netlist is using ███████████ These documents were located and produced a month before the close of fact discovery and before the depositions of Netlist's fact witnesses.
(d) Dr. Mangione-Smith identified the ███████████ in his opening report and Mr. McAlexander responded. *See, e.g.,* Ex. 2 [McAlexander Reb. Rpt.] ¶ 309.

**App'x C ¶ 77:** This paragraph cites ███████████████ One is a ███████████████ another is a ███████████████. The ███████████ are cumulative of one another; only that to Samsung is necessary to rebut derivation. The 2008 ███████████████ shows what Dr. Mangione Smith testifies is identical structure to the ███████████████:

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████

*See,* Dkt. 262-09 at 17 (left); Ex. 3 [SAM-NET00321470] at 2 (right). The ███████████████

███████ has been in Samsung's possession for 15 years. It was also identified and discussed in Netlist's interrogatory response on willfulness related to the patents that are the subject of the derivation attack, which was served more than 3-weeks before Netlist's 30(b)(6) witness on the topic was deposed. Dkt 262-09. Dr. Mangione-Smith will explain that Samsung's allegation that ███████ ███████ is impossible in light of the ███████.

**App'x C ¶ 313:** This paragraph cites an October 2011 ███████ describing methods to address errors in timing of memory signals using training techniques to determine an appropriate DQS delay adjustment. Dkt. 262-29. The ███████ describes ███████ ███████. *Id* at 17. This 2011 disclosure includes the concepts Mr. McAlexander alleges Netlist ███████. Dkt. 262-24 ¶¶ 1175-1176 (incorporating ¶ 286 (Ex. 4) (citing ███████ ███████ Samsung deposed Netlist's 30(b)(6) witness and inventor about the ███████ Dkt. 262 at 9.

## III. Infringement Theories

Netlist disclosed the opinion that the ███ satisfies the claimed ███████ '918 patent claims 1 and 16 recite a "plurality of components," and dependent claims 10, 11, 15, and 22 require the "plurality of components" comprise a "logic element." Netlist identified the SPD as one of the "components," and incorporated that analysis into the dependent claims. Ex. 5 [Infr. Contentions] at 34 ███████ ███████ 59, 73-91, 97, 142. Samsung's expert agrees that ███ and ███████ are used interchangeably. Ex. 2 [McAlexander Reb. Rpt.] ¶ 510 (referring to ███), ¶ 343 (referring to ███████

## IV. Doctrine of Equivalents

Netlist expressly disclosed in its infringement contentions that it intended to present

arguments under doctrine of equivalents: ███████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████ Dkt. 262-32 at 8. It also disclosed that it

contended that Samsung's ████████████ satisfied the converter element. Ex. 6 [Netlist Prelim.

Infr. Contentions] at 13 ████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████). On November 10, Samsung disclosed for the first time that it was contending that ██

██████ could not be a converter. Dkt. 262 at 10. Dr. Mangione-Smith, consistent with the infringement

contentions, explains why the ██████ is equivalent. Samsung examined Netlist's technical corporate

representative on the relationship between ██████ and converters. Ex. 10 [Milton Dep.] at 164:15-24.

And Samsung's infringement expert responded. Ex. 2 [McAlexander Reb. Rpt.] ¶¶ 415-418.

**V.     Technical Valuation Opinions**

Netlist's corporate representative Mr. Milton provided Samsung with ███████████████

████████████████ for each of the patents-in-suit. Ex. 7

[Milton Dep. Ex. 20] at 10. These disclosures match the

analysis performed by Dr. Mangione-Smith. Netlist

disclosed that "████████████ allows for ████████████

consistent with Dr. Mangione-Smith's analysis that Samsung would have been required to ████████

████████████████████████ absent use of the '918 and '054 inventions. Ex. 8 [Mangione-Smith

Op. Rpt. Ex. F] § V.E. Netlist also disclosed that █████████████████████████████████

████████████████████████████ consistent with Dr. Mangione-Smith's conclusions that

without use of the '339 patent claims, ████████████████████████████████████████

█████████████████████████████████ *Id.* III.B; App'x A ¶ 303. His analysis also

matches the disclosure in Netlist's interrogatories. Ex. 9 [Netlist Supp. Resp. to Rog. 11].

Dated: March 3, 2023

Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 3, 2023, a copy of the foregoing was served to all counsel of record.

/s/ *Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ *Yanan Zhao*
Yanan Zhao