# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:21-CV-463-JRG |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., | ) |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC., SAMSUNG SEMICONDUCTOR, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

**NETLIST INC.'S SUR-REPLY TO SAMSUNG'S *DAUBERT* MOTION AND MOTION TO STRIKE EXPERT TESTIMONY OF DR. MICHAEL BROGIOLI (Dkt. 202)**

# TABLE OF CONTENTS

**Page**

I. Samsung's Attempt to Expand the Scope of the Court's Order is Improper ................... 1

    A. Evidence of Copying ................................................................................................ 1

    B. Derivation ................................................................................................................ 3

    C. Commercial Success ............................................................................................... 3

    D. Failure of Others ..................................................................................................... 3

    E. Samsung's Knowledge of the Patents .................................................................... 4

II. Dr. Brogioli's Application of the Term "DRAM circuit" is Proper ................................ 4

III. Dr. Brogioli's Technical Benefits Analysis is Reliable ................................................... 5

I.   **Samsung's Attempt to Expand the Scope of the Court's Order is Improper**

None of the analysis in the paragraphs at issue nor the underlying documents relate to conception, reduction to practice, Netlist products that practice the patents, or the disclosure of the invention in the asserted patents to third parties before filing. As a result, none of these paragraphs are encompassed by the Court's previous order. Samsung is being opportunistic by attempting to exclude documents that were properly disclosed during fact discovery, and in many cases have been in the possession of Samsung for close to a decade.

**A. Evidence of Copying.** ███████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

- 2 -



███████████████████████████ Samsung claims these presentations are encompassed by P.L.R. 3-2(a), which applies to "discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit." P.R. 3-2(a). ███████████████████████

███████████████████████████████████████████████

**B. Derivation.** ███████████████████████████

███████████████████████████████ and thus are not captured by the Court's order. Samsung does not dispute that a claim of derivation is distinct from a claim of priority. *See* Opp. at 3. Nor does Samsung dispute that it extensively questioned ███████████████

███████████████████████ Samsung's assertion that the Court struck all documents produced in this case on or after November 15 is inconsistent with this Court's order and is inconsistent with its briefing and argument. Fact discovery in the case did not close until December 22, and Samsung had ample time to analyze and examine Netlist on the documents identified in these paragraphs. As it in fact did with the inventor.

**C. Commercial Success.** ███████████████████████████ Samsung argues that "██████████████ rely on the struck evidence, because █████████████████

███████████████████████████████████████████ Reply at 3. This makes no sense. ██████████████████████████████████

█████████████████████████████████████ This has nothing to do with Netlist's products, and thus nothing to do with the Court's order.

**D. Failure of Others and Skepticism/Unexpected Results.** █████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

### E. Samsung's Knowledge of the Patents. ███

███

And they were the subject of the deposition of a Netlist 30(b)(6) witness.

Netlist's interrogatory response ███

## II. Dr. Brogioli's Application of the Term "DRAM circuit" is Proper

Samsung again claims that Dr. Brogioli's opinions improperly "rehash" unsuccessful claim construction arguments. Reply at 4. The Court did not hold that any chip with a DRAM memory cell is a "DRAM circuit." *See* Dkt. 114 at 31-32. This is the argument Samsung is advancing at trial. And

- 5 -

Dr. Brogioli presents f█████ ████████████ ██ ████████ ██ ████████ █████ ████████████████████████████████████████████████████████████████████ ████████████████ *See* Opp. at 9-12. Moreover, to the extent Samsung is now asking the Court to construe the disclaimer as including anything with a DRAM memory cell, Samsung's Reply does not dispute that Dr. Robins agreed that the Examiner knew that Rajan disclosed non-DRAM memory such as flash, confirming that the Examiner's allowance of the claims had nothing to do with the type of memory (i.e., volatile versus non-volatile memory). *See* Opp. at 8; Ex. 36 (Notice of Allowance).

### III.    Dr. Brogioli's Technical Benefits Analysis is Reliable

Samsung ignores that Dr. Brogioli did exactly what Samsung is claiming he did not do: █ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████. Samsung also selectively cites to Dr. Brogioli's deposition testimony, ignoring that he ████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████ At best, Samsung's disagreement with Dr. Brogioli's analysis goes to the weight of the evidence, not its admissibility.

Samsung argues that there is a "mismatch" between the cited evidence and Dr. Brogioli's conclusions, claiming the ████████████████████████ identified as exemplary evidence says "nothing about speed to market." Reply at 5. This misses the point. ████████████████████████ ████████████████████████████████████████████████████████████████████

Samsung argues that Dr. Brogioli's "market analysis" does not support that Samsung's HBMs would not be competitive without the inventions. Reply at 5. It ignores that Dr. Brogioli's opinions are grounded in ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████

| | |
|---|---|
| Dated: March 3, 2023 | Respectfully submitted,<br><br>*/s/ Jason Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Andrew Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Rebecca Carson (*pro hac vice*)<br>rcarson@irell.com<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that, on March 3, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Jason Sheasby*
Jason Sheasby