UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., <br><br> Defendants. | Civil Action No. 2:21-CV-463-JRG <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF NETLIST INC.'S SUR-REPLY TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
OF U.S. PATENT NOS. 8,787,060 AND 9,318,160 (DKT. 197)**

**TABLE OF CONTENTS**

**Page**

I.   The Court Did Not Hold That "DRAM Circuit" Means Any Die with DRAM Memory Cells ................................................................................................................. 1

II.  The Application of "DRAM Circuits" Presents an Issue of Material Fact .............................. 3

    A.   Samsung Misquotes Netlist's Pleadings, Which Do Not Mention "DRAM Circuits" ................................................................................................. 3

    B.   Netlist Provided Extensive Evidence That the HBM Core Dies Are "Array Dies" That Are Not "DRAM Circuit" ................................................. 3

    C.   Samsung Does Not Accurately Characterize Dr. Brogioli's Testimony and Analysis ............................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Genuine Enabling Tech. LLC v. Nintendo Co.*,
    29 F.4th 1365 (Fed. Cir. 2022) ...............................................................................................1, 2

## I. The Court Did Not Hold That "DRAM Circuit" Means Any Die with DRAM Memory Cells

Samsung accuses Netlist of attempting to "reargue the disclaimer construction" of the term "array die." Reply 4-5. As Netlist explained in its Opposition, the Court did not construe the term "DRAM circuit" and left the application of that term "for the experts" to address. Reply 5; Ex. 1 (*Markman* Tr.) at 34:17-35:11. Samsung remained utterly silent when the Court determined that the question of whether something was or was not a "DRAM circuit" was a question of fact. It is clear now that Samsung was lying behind a log and intending to argue that "DRAM circuit" meant anything with a DRAM memory cell. But that is not the construction it sought. Or received. The Order did not consider, let alone reject, arguments regarding what "DRAM circuit" means. Opp. 5-6. Samsung does not dispute that the Court only addressed two of Netlist's arguments regarding the existence of disclaimer, not the meaning of "DRAM circuit," leaving that for the experts. *Compare* Dkt. 76 at 28 (Netlist arguing that there was no clear and unequivocal disclaimer because (1) the statements were relevant to a different claim element, "control die," and (2) claim 29 recited a "DRAM package comprising . . . array dies"), *with* Dkt. 114 at 32 (explaining that "Netlist counters with two arguments, neither of which is persuasive" because the applicant's reasoning in prosecution was irrelevant).

Instead of acknowledging that it remained totally silent when the Court invited both parties' experts to opine on the application of "DRAM circuit," Samsung accuses Netlist of having the "temerity" to "blame" the Court for its guidance at the claim construction hearing, and claims Netlist is "rewriting" the Court's Order. Reply 5. It has been the experience of undersigned counsel that there is an inverse proportion between the substantive strength of an argument and the amount of empty rhetoric used in a brief. The Court's Order concluded that "Netlist structurally distinguished 'stacked DRAM circuits' from 'stacked array dies' to obtain the patent," but left the application of "DRAM circuits" for the experts to consider. Dkt. 114 at 31-2; Ex. 1 (*Markman* Tr.) at 34:17-35:11. Samsung entirely ignores the holding of *Genuine Enabling*. Opp. 18. As explained in Netlist's opposition, the

Federal Circuit in *Genuine Enabling* rejected an attempt to expand the scope of prosecution disclaimer beyond the applicant's basis for distinguishing the reference in examination. *Genuine Enabling Tech. LLC v. Nintendo Co.*, 29 F.4th 1365, 1375-76 (Fed. Cir. 2022). The Court found "disavowal of signals below the audio frequency spectrum," but rejected the notion that the applicant broadly "disavowed signals based on their content or nature" because the applicant's arguments did not "clearly and unmistakably demonstrate any such disclaimer." *Id.* Here too, the Court should reject Samsung's attempt to expand the scope of the disclaimer to encompass anything with DRAM memory cells based on a disclaimer of Rajan's "DRAM circuits 206A-D."

Samsung argues that "Rajan nowhere mentions wire bonding." Reply 4. Samsung ignores that Rajan states that "data signals may be **wired** as one common bus, several busses or as an individual bus to each DRAM circuit 206A-D." Ex. 8 (Rajan) at [0050]. Indeed, as Dr. Brogioli explained at deposition, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Samsung does not dispute that Rajan does not expressly disclose any other method for connecting its "buffer chip" with "DRAM circuits 206A-D." Reply 4. Moreover, as in *Genuine Enabling,* the scope of a disclaimer must be "clear and unmistakable." 29 F.4th at 1374-1375. The fact that Samsung cannot point to any portion of the prosecution history that clearly and unequivocally disclaims anything with a DRAM memory cell is fatal to its argument. In fact, given that Samsung's expert admits that ████████████████████████████████████████████████████████████████████████████████████████ it would be logically impossible for Rajan to be distinguished based on the content of the memory cells. ████████████████ ████████ This is why the Court correctly noted that the disclaimer was "structural." Dkt. 114 at 32.

II.   **The Application of "DRAM Circuits" Presents an Issue of Material Fact**

    A. **Samsung Misquotes Netlist's Pleadings, Which Do Not Mention "DRAM Circuits"**

Samsung claims that Netlist has made "numerous admissions that the accused HBM products contain **DRAM circuits**." Reply 1 (emphasis added). Samsung cites as evidence Netlist's infringement contentions and complaint. *Id.* at 3-4. Yet, even Samsung concedes that Netlist's pleadings use the term "DRAM" or "DRAM dies"—not "DRAM circuits"—when referring to the core dies in Samsung's HBM products. *Id.* Samsung may be of the view that all "DRAM" and "DRAM dies" are "DRAM circuits," but to argue that Netlist has admitted as much is misleading and wrong.

    B. **Netlist Provided Extensive Evidence That the HBM Core Dies Are "Array Dies" That Are Not "DRAM Circuits"**

Dr. Brogioli opines that the accused HBM products include core dies that are "different from a DRAM circuit," which Samsung's Reply ignores. *See* Opp. 7-13; Reply 2-3. In his report, Dr. Brogioli explains ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dr. Brogioli extensively cites ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ For example, Dr. Brogioli noted ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dr. Brogioli also relied on ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

███████████████████████████████████

███████████████ highlights that there is a genuine factual dispute as to whether Samsung's core dies include the disclaimed "DRAM circuits":

███████████████████████████████████
███████████████████████████████████
████████████████████
█
███████████████████████████████
██
████████████████████████
█
███████████████████████████████
██████████████████████████

███████████████████████ This testimony directly undermines Dr. Robins' opinion that █████████

████████████████████████████████

████████████████████████████████

█████████████████████████████

Dr. Brogioli also relies on ████████████████████████████

████████████████████████████████

████████████████████████████████

Samsung's Reply does not even attempt to recast ████████ testimony as anything other than an admission that a POSITA would not treat the terms "DRAM circuit" and "DRAM" interchangeably. *See* Opp. 10; Reply 2-3. Nor did Samsung's expert Dr. Robins provide any basis to disagree with

████████████████████████████████

██████████████████████

Netlist's Opposition also noted Dr. Brogioli's reliance on ████████████████████

████████████████████████████████ Opp. 12; ████████████████████████ Samsung does not rebut any of this evidence in its Reply. *See* Reply 2-3.

- 4 -

Moreover, Samsung fails to rebut that Dr. Robins' interpretation of "DRAM circuit" is entirely conclusory and unsupported. *See* Opp. 14; ███████ Samsung does not dispute that Dr. Robins failed to ███████ Opp. 14.

### C. Samsung Does Not Accurately Characterize Dr. Brogioli's Testimony and Analysis

Samsung's claim that Dr. Brogioli did not testify regarding the meaning of the terms "DRAM circuit" or "circuit" is demonstrably incorrect. Reply 2. Samsung claims that Dr. Brogioli "offered no opinion" on the meaning of "DRAM circuit," but even Samsung's cherry-picked excerpts show that this is incorrect. *See, e.g.*, ███████ Samsung also ignores that when asked about the term "DRAM circuit" in the Court's construction, Dr. Brogioli explained ███████

Samsung may disagree with Dr. Brogioli, but there is no disputing that he provided extensive analysis regarding application of the term "DRAM circuit" that is consistent with the intrinsic record and the Court's Order.

By contrast, Dr. Robins' analysis of "DRAM circuit" plainly contradicts the intrinsic evidence. As noted in Netlist's Opposition, Dr. Robins' theory that ███████████████████████ ████████████████████████ is at odds with the prosecution history. Opp. 14-15. This interpretation makes no sense because the Examiner cited, and was thus aware of, Rajan's disclosure of flash memory, ████████████████████████████.

████████████████████████████████████████
████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████ The Examiner allowed the claims after Netlist structurally distinguished "array dies" from Rajan's "DRAM circuits 206A-D," indicating that the memory type (i.e., non-volatile versus volatile) had nothing to do with securing allowance. Ex. 14 (2014-03-26 Notice of Allowance).

| | |
|---|---|
| Dated: March 3, 2023 | Respectfully submitted, |
| | */s/ Jason Sheasby* |

                                        Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

**Attorneys for Plaintiff Netlist, Inc.**

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that, on March 3, 2023, a copy of the foregoing was served to all counsel of record.

/s/ Jason Sheasby
Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

/s/ Jason Sheasby
Jason Sheasby