## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:21-CV-463-JRG |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., | ) | |
| SAMSUNG ELECTRONICS AMERICA, | ) | **Filed Under Seal** |
| INC., SAMSUNG SEMICONDUCTOR, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF NETLIST INC.'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES

# **TABLE OF CONTENTS**

**Page**

I.   '060/'160 Patents...................................................................................................................1

II.   '918/'054 Patents..................................................................................................................2

III.   '339/'506 Patents................................................................................................................4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017)................................................................................................1

*Rosebud LMS Inc. v. Adobe Sys. Inc.*,
  812 F.3d 1070 (Fed. Cir. 2016)................................................................................................3

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*,
  127 F.3d 1462 (Fed. Cir. 1997)................................................................................................3

**I. '060/'160 Patents:** There is substantial evidence of notice of the '060 Patent and its child the '160 Patent. In the ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████ Dkt. 198-2, 198-3; Dkt. 253-2. Netlist also presented to Samsung the key features of the family in a presentation, ████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████ *See, e.g.* Dkt. 250-14 (Exhibit M) (████████████████

████████████████). The accused products have these features. Ex. 1 (Robins Tr.) 26:25-27:18 ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████ ; Ex. 2 (SAM-NET00507903) at 59 ████████████████

████████████████████

Samsung argues that its "*Arctic Cat*" letter ████████████████████████████████

████████████████████████████████████████████ Reply at 5. ████████████████████

████████████████████████████████████████ Ex. 3 (Halbert Rough Tr.) 12:22-13:12 (████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████). Moreover, Samsung's letter never associates any of those products with the '060 or '160 Patents. Netlist does not contend that Samsung needed "magic language" to satisfy its burden. Rather, under *Arctic Cat* itself, Samsung needed to identify "specific unmarked products [it] believes practice the ['060 and '160] patent[s]." *Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). Samsung could have chosen to allege that the ████████████████

████████████████████████████ It did not. Further, even if Samsung had complied with *Arctic Cat*, there is a material dispute as to a marking duty. Neither party contends the asserted patents read on a

standard. And the jury will hear evidence that Samsung modeled its HBM products on a presentation provided by Netlist.  Dkt. 253-14, 253-15. Indeed, ████████████████████████████████████████ ████████████████████████████████████████████████████ Ex. 4 (Brogioli Rpt.) ¶ 351 (██████████████████████████████████████████ ██████████████████████████████)

**II. '918/'054 Patents**: As to the '918 and '054 patents, in 2014, Netlist disclosed to Samsung that it had pending patent applications ████████████████████████████████ ████████████████████ Dkt. 250-20 (Ex. S) at 28.  This is the subject matter of the claims of the '918 and '054 patents and is the feature in Samsung DDR5 products that Netlist is accusing of infringement.  Dkt. 250-5 (Ex. D) at 10:8-15, 12:18-3. In addition, in the 2016 Notice Chart, Netlist ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████. Dkt. 198-3. Samsung claims that NVDIMM on module power management is different from DDR5 on module power management. Samsung's corporate representatives testified to the contrary.  Ex. 5 (Hunjoo Lee Tr.) at 17:4-8 ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████; Dkt. No. 253-7 at 38:18-39:23 ████████████ ████████████████████████████████████████████████████████ ████████████████████. Samsung ████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████ Ex. 6 [NL070531] at 3.  The fact that the NVDIMM power management is now in its DDR5 modules is an issue for the jury to weigh.

In its reply, Samsung asserts that the *SRI* case is inapposite because it merely "explains that 'the criteria for actual notice under § 287(a) are not coextensive with the criteria' for declaratory judgment jurisdiction." Reply at 2 n.1 (citing *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1469-70 (Fed. Cir. 1997)). In fact, *SRI* explains that there are "numerous possible variations in form and content" sufficient to provide actual notice under § 287(a), and that the overarching inquiry is whether "the recipient is notified, with sufficient specificity, that the patent holder believes that the recipient of the notice may be an infringer." *Id.* at 1470. Here, there is ample evidence, and at least a disputed issue of material fact, that that is the case. The 2016 Notice Chart notified Samsung of Netlist patents and corresponding covered Samsung products as part of the licensing negotiations and agreement between the parties. A reasonable jury could find that this was sufficient notice.

Samsung also contends that Netlist is not entitled to pre-issuance damages under § 154(d) because it supposedly "never disclosed its pre-issuance damages theory applicable to patent applications." Reply at 3. In fact, in Netlist's First Amended Complaint, Netlist made clear it was asserting that Samsung "has had actual notice of the '054 Patent since at least August 2, 2021," which was before its issuance. Dkt. 23 ¶ 116. Netlist's complaint constitutes sufficient notice under §154(d): it informed Samsung of the application 17/138,019, it provided the PTO's Notice of Allowance, and it informed Samsung it would be asserting this patent against Samsung once it issued. Dkt. 1 ¶ 32. 17/138,019 was a published application as listed on its face. The *Rosebud* case Samsung cites explains that actual notice under 154(d) requires only that "the alleged infringer... have notice of the claims of the published patent application and the fact that the applicant is seeking a patent covering those claims," and that "the invention claimed in the published patent application is 'substantially identical' to the patented invention." *Rosebud LMS Inc. v. Adobe Sys. Inc.*, 812 F.3d 1070, 1075 (Fed. Cir. 2016). This was the case here: by serving its complaint, Netlist provided Samsung with notice of the published application **and** with the claims allowed by the PTO, which Samsung does not dispute are substantially

identical to the claims in the published patent. Dkt. 2-1. Thus, summary judgment should be denied.

Further, Samsung's contention that ███████████████████████████████████ ███████████████████████████████████████████████████████████████████████████ Reply at 4. Samsung's expert Mr. McAlexander admitted that ███████████████████ ████████████████████████████████████████████████████ Dkt. 253-10 at 98:2-9. Samsung's other expert, Mr. Halbert, likewise confirmed that █████████████████████ ████████████████████████████████████████ Ex. 3 (Halbert Rough Tr.) 14:2-18; 13:17-15:11 (confirming also ████████████████████████████████████████ ██████████████████████████ Neither side's experts are mapping the patents to the standards.  From this a jury could conclude there was no duty to mark SK Hynix products.

**III. '339/'506 Patents**: Samsung claims that the Netlist presentation "include[s] no allegation that any Samsung product…infringes even th[e] parent patents" of the patents in suit.  Reply at 2. Netlist's 2016 Notice Chart specifically identified the parents of the patents in suit and identified Samsung's DDR4 LRDIMMs as being "Covered Products."  Dkt. 198-3.  When the '339 and '506 patents subsequently issued, Netlist provided notice of their issuance to Samsung's counsel. Dkt. 198-9, 198-10 at 3-4. And then asked Samsung to take a license through this same counsel. Dkt. 198-17. Samsung also ignores the other pre-suit notice Netlist identified in its Opp., including the 2014 and 2015 presentations that identified those ancestor patents as covering DDR4 LRDIMMs. After receiving these presentations, ██████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████ Ex. 6 (NL070531).

Moreover, as discussed above, *supra* II, the fact that Sk Hynix LRDIMMs "compl[y] with JEDEC standards" is insufficient to show that there is no dispute of fact on whether the Hynix LRDIMMs practice Netlist's patents. A jury can conclude from the evidence there is no marking duty.

- 4 -

Dated: March 3, 2023

Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on March 3, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao