**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:21-CV-463-JRG |
| | ) |
| SAMSUNG ELECTRONICS CO., LTD., | ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC., SAMSUNG SEMICONDUCTOR, | ) ███████████ |
| INC., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF NETLIST, INC.'S MOTION TO PRECLUDE CERTAIN TRIAL TESTIMONY OF DR. GABRIEL ROBINS DUE TO VIOLATION OF MAGISTRATE'S RULING ON DEPOSITION CONDUCT

**TABLE OF CONTENTS**

**Page**

I.      Introduction ........................................................................................................................ 1

II.     Magistrate Judge Love's Order........................................................................................ 4

III.    Legal Standard .................................................................................................................. 4

IV.     Argument............................................................................................................................ 5

V.      Netlist Made Clear the Behavior Was Inappropriate..................................................15

VI.     Conclusion........................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barrett v. Atlantic Richfield Co.*,
    95 F.3d 375 (5th Cir. 1996) ....................................................................................................13

*Virnetx Inc. v. Cisco Sys.*,
    2012 WL 7997962 (E.D. Tex. Aug. 8, 2012) ...........................................................................4

**Other Authorities**

Fed. R. Civ. P. 30(d)(2)................................................................................................................4

Fed. R. Civ. P. 37(a)(4)................................................................................................................4

I.    **Introduction**

Within seven minutes of starting his deposition, Samsung's technical expert Dr. Robins refused to answer basic questions about ███████████████████ without adding in irrelevant statements regarding ████████.

████████████████████
███████████████████████████████
███████████████████
████████████
███████████
█████████████████████████████
█████████████████████████████
██████████████████████████████
█
████████████
██████████████████████████
███████████████████████████████
█
████████████████
███████████████████████████
████████████████
██████████████████████████████

Ex. 1 (Robins Depo Tr) at 9:18-10:10, 11:5-15, 12:14-21.

After repeatedly warning the witness that his conduct was inappropriate, the deposition was suspended and Netlist's counsel called the discovery hotline to address Dr. Robins' behavior.

Magistrate Judge Love ordered that ███████████████████████████████████

████████████████████████ Ex. 2 at 5:19-22.  Immediately after the Court's order Samsung

counsel conferred with Dr. Robins and then the deposition began again.  Dr. Robins immediately

returned to doing exactly what the Court ordered him not to do.  The witness was shown ██████████

█████████████████████████ and asked about ████████████████████████████

███████





Ex. 1 (Robins Tr.) at 13:16-16:1.  Dr. Robins then openly admitted the game he was playing in his deposition. _Id._ at 16:2-3.  That is what makes his behavior so improper.  It is not that he gave prolix answers.  It is that he injected irrelevant information into his answer so that it cannot be used for impeachment.  In specific, repeatedly injecting that in his view everything in Samsung's products has been known for decades when the questions were simply about features in Samsung's products.  The reason for this is obvious.  His testimony cannot be used to impeach him at trial because reading the non-responsive answer will allow him to again inject irrelevant and non-responsive information.

There was no ambiguity that Netlist viewed the behavior as a serious violation of the deposition process.  Netlist's counsel repeatedly identified that Dr. Robins' behavior was violating the Court's order and that Netlist would need to seek sanctions.  Dr. Robins thought his behavior was amusing:



Ex. 1 at 91:25-92:22.

## II.   Magistrate Judge Love's Order

Netlist's counsel informed Magistrate Judge Love of Dr. Robins' behavior, and the court admonished Dr. Robins to answer the questions before him:



Ex. 2 at 5:19-6:22.

## III.   Legal Standard

This Court has inherent authority to fashion the appropriate sanction for exceptional deposition conduct.  The Federal Rule of Civil Procedure 30(d)(2) provides that "[t]he court may impose an appropriate sanction…on a person who impedes, delays, or frustrates the fair examination of the deponent."  Fed. R. Civ. P. 30(d)(2).  The sanction must "address the relative harm . . . suffered" and should "act as a deterrent to such future conduct in this and other cases."  *Virnetx Inc. v. Cisco Sys.*, 2012 WL 7997962, at *5 (E.D. Tex. Aug. 8, 2012).

The Federal Rules of Civil Procedure recognize that "'an evasive or incomplete ... answer ... must be treated as a failure to ... answer."  Fed. R. Civ. P. 37(a)(4).

## IV.    Argument

Dr. Robins is a highly experienced paid expert witness who claims to have been deposed more than ████. Ex. 3 (Robins CV) at 1. It is apparent that he has developed a tactic that he believes allows him to evade providing substantive answer to questions: (1) to sit in utter silence for many minutes before responding to even basic questions in order to waste deposition time; (2) to argue with the questioning attorney that he does not know what any terms mean in their plain and ordinary sense, and (3) to fill his answers with irrelevant references to unnamed prior art references.

First, Dr. Robins sat in silence before answering outstanding deposition questions for *one hour and forty-four minutes* of his seven-hour deposition.[1] Dr. Robins spent this time purportedly thinking about his answers, and claiming to review many documents on his computer prior to answering a question. For example, in response to the question ████████████ ████████████████████████████████ Dr. Robins reviewed 14 documents prior to giving any response, and it took a total of 12 minutes. His ultimate answer was ██████████████████████ Ex. 1 at 156:5-159:3. There is no reason why a seasoned expert like Dr. Robins, who claims to have █████████████████ would engage in such behavior other than gamesmanship. Ex. 3 (Robins CV) at 1.

Second, Dr. Robins refused to engage with dozens of questions on the basis that he did not understand basic terms, including claim terms, or alternatively he would waste dozens of minutes playing games before giving an answer to a basic question. When asked to answer those questions to his best understanding, or based on the plain and ordinary meaning of a term as a person of ordinary skill in the art, Dr. Robins simply refused to engage. For example, the claims recite "electrical

---

[1] Netlist's counsel watched Dr. Robins' deposition video and timed the periods during which Mr. Sheasby asked a question and Dr. Robins waited to respond. Netlist will provide the Court with the deposition video on a USB drive at the Court's request.

communication."   Dr. Robins used a series of games to avoid engaging the application of this claim

limitation.  First, he pretends to answer an entirely different question from the one asked ██████ .

Second, he refuses to engage the testimony of Samsung's witnesses in a responsive manner.





Ex. 1 at 104:21-105:21, 107:7-108:20.  Netlist did not ask Dr. Robin's to confirm what the Samsung technical witness testified to.  He was asked whether he agreed with it.  His inability to provide a direct answer as to a crucial issue in the case frustrates the judicial process.

As another example, Dr. Robins was confronted with the testimony of the president of Samsung Memory that ████████████████████████████.  One of Dr. Robin's primary non-infringement arguments is that █████████████.  Instead of answering a basic question of whether he agrees or disagrees with the admission of Samsung Memory's President he launches into a series of evasions to avoid answering the question:





Ex. 1 at 210:13-214:3.

Once again, the relationship between █████████████████ is a crucial issue in the case.  Dr. Robins's gamesmanship was clearly designed to evade having to engage the basic contradiction between his view and the view of Samsung Memory's President.

As another example, it took Dr. Robins 22 minutes to actually answer any question regarding what the term █████ meant when he analyzed the patents-in-suit, and he simply refused to testify to the plain and ordinary meaning of the term █████ even though that language is in the claims of the patents that he applied:









Ex. 1 at 33:4-42:2.

Third, as shown above in the introduction, Dr. Robins filled almost every answer with irrelevant material that served to advocate Samsung's position on unrelated issues in order to prevent the use of his testimony as impeachment at trial.  For example,





Ex. 1 at 59:13-62:13.

Dr. Robins' refusal to answer basic questions in a straightforward manner is effectively no different than not providing the witness for deposition at all. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375 (5th Cir. 1996) (finding no abuse of discretion where the district court struck four expert witnesses for the party's failure to produce them for depositions by the court's deadline). As such, Netlist respectfully requests that this Court preclude Dr. Robins from testifying as to the following topics as to which Dr. Robins refused to directly testify:

## V.   Netlist Made Clear the Behavior Was Inappropriate

This is not a situation in which Netlist sat on its hands.  It interposed 72 motions to strike as non-responsive.  It called the Court hotline twice.  And at the beginning of the deposition before calling the Magistrate Netlist pleaded with counsel and the witness to not treat the process as a game:



Ex. 1 at 10:4-11:15.

It was only after the exchange led to no change in behavior that the Magistrate was involved.

## VI.   Conclusion

Netlist respectfully requests this Court preclude Dr. Robins from testifying at trial as to the specific issues identified above.

Dated:  March 21, 2023

Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099
Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199
Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

- 16 -

## CERTIFICATE OF SERVICE

I hereby certify that, on March 21, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the parties met and conferred on the issues raised in this motion, including on the record at Dr. Robins' deposition and after the deposition.  Counsel for Samsung stated "I look forward to reading your motion."  Ex. 1 (Robins Depo) at 219:7-8.

*/s/ Jason Sheasby*
Jason Sheasby