UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC. | Civil Case No. 2:21cv463-JRG |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG SEMICONDUCTOR, INC., | |
| Defendants. | |

**<u>SAMSUNG'S MOTION TO BIFURCATE WILLFULNESS</u>**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ............................................................................................ 1

II.     FACTUAL BACKGROUND ......................................................................... 2

III.    LEGAL STANDARD .................................................................................... 5

IV.     ARGUMENT ................................................................................................. 6

        A.      Samsung's Defenses to Netlist's Willfulness Allegations Are Inextricably
                Wrapped Up in the Parties' Litigation in Other Fora ............................................ 7

        B.      The Court Should Bifurcate To Avoid Prejudice to Samsung and Confusion
                of the Jury ........................................................................................... 9

V.      CONCLUSION ............................................................................................ 13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arigna Tech. Ltd. v. Nissan Motor Co.*,
   No. 2:22-CV-00126-JRG-RSP, 2022 WL 17978913 (E.D. Tex. Oct. 5, 2022) .......................6

*Bayer Healthcare LLC v. Baxalta Inc.*,
   989 F.3d 964 (Fed. Cir. 2021)........................................................................................6

*Ciena Corp. v. Corvis Corp.*,
   210 F.R.D. 519 (D. Del. 2002) .......................................................................................5

*DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*,
   70 F. Supp. 3d 808 (E.D. Tex. 2014)...........................................................................11

*Eko Brands, LLC v. Adrian Rivera Mayzez Enters., Inc.*,
   946 F.3d 1367 (Fed. Cir. 2020).......................................................................................6

*Ericsson Inc. v. D-Link Corp.*,
   No. 6:10-cv-473-LED (E.D. Tex. May 24, 2013) .................................................10

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
   897 F.2d 508 (Fed. Cir. 1990)........................................................................................8

*Intel Corp. v. Broadcom Corp.*,
   No. Civ.A 00-796-SLR, 2003 WL 360256 (D. Del. Feb. 13, 2003) ........................8

*Laitram Corp. v. Hewlett-Packard Co.*,
   791 F. Supp. 113 (E.D. La. 1992)...................................................................................5

*Mike's Train House Inc. v. Broadway Ltd. Imports LLC*,
   No. JKB-09-2657, 2011 WL 1045630 (D. Md. March 17, 2011) ..........................10

*Netlist Inc. v. Samsung Elecs. Co., Ltd.*,
   Nos. 22-55209, 22-55247 (9th Cir.)............................................................... *passim*

*Netlist Inc. v. Samsung Electronics Co., Ltd.*,
   No. 8:20-cv-00993-MCS (C.D. Cal.)............................................................... *passim*

*Papst Licensing GmbH & Co., KG v. Samsung Elecs. Co.*,
   No. 6:18-CV-00388-RWS, 2018 WL 10127016 (E.D. Tex. Oct. 25, 2018) ........................5, 9

*Robert Bosch, LLC v. Pylon Mfg. Corp.*,
   719 F.3d 1305 (Fed. Cir. 2013) (*en banc*) ...............................................................9

*SimpleAir, Inc. v. Google, Inc.*,
   No. 2:14-CV-00011-JRG (E.D. Tex. Sept. 25, 2015)................................................................10

*Smartflash LLC v. Apple Inc.*,
   No. 6:13-cv-447-JRG (E.D. Tex. Sept. 2, 2015) ...................................................................10

*Sociedad Espanola de Electromedicina y Calidad, S.A. v. Blue Ridge X-Ray Co, Inc.*,
   226 F. Supp. 3d 520 (W.D.N.C. 2016) ...................................................................10

*Swofford v. B & W, Inc.*,
   336 F.2d 406 (5th Cir. 1964) ...........................................................................5, 10

*Univ. of Pittsburgh of Com. Sys. of Higher Educ. v. Varian Med. Sys., Inc.*,
   No. 08-cv-1307, 2012 WL 639695 (W.D. Pa. Feb. 28, 2012)................................................10

*VirnetX Inc. v. Apple Inc.*,
   No. 6:12-CV-855, 2016 WL 4063802 (E.D. Tex. July 29, 2016) ......................................9, 10

*WesternGeco L.L.C. v. ION Geophysical Corp.*,
   837 F.3d 1358 (Fed. Cir. 2016)..............................................................................6

**Other Authorities**

28 U.S.C. § 1292(c)(2)................................................................................................9

Fed. R. Civ. P. 42(b) ...................................................................................................5

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| 1. | Joint Development and License Agreement, bearing bates numbers NETLIST_SAMSUNG_EDTX00034064-82 |
| 2. | Netlist JDLA Termination Letter, bearing bates numbers NETLIST_SAMSUNG_EDTX00034449-50 |
| 3. | C.D. Cal. 12/3/2021 Verdict, *Netlist Inc. v. Samsung Electronics Co., Ltd.*, No. 8:20-cv-00993-MCS (C.D. Cal.), Dkt. No. 276 |
| 4. | C.D. Cal. 2/15/2022 Final Judgment, *Netlist Inc. v. Samsung Electronics Co., Ltd.*, No. 8:20-cv-00993-MCS (C.D. Cal.), Dkt. No. 306 |
| 5. | Excerpts from Samsung's First Brief on Cross-Appeal (Opening Brief), *Netlist Inc. v. Samsung Elecs. Co., Ltd.*, Nos. 22-55209, 22-55247 (9th Cir.) |
| 6. | Excerpts from IPR2022-00639 Decision |
| 7. | Excerpts from IPR2022-00711 Decision |
| 8. | Excerpts from IPR2022-00996 Decision |
| 9. | Excerpts from IPR2022-00999 Decision |
| 10. | The Court's Standing Order on MILs (Dec. 14, 2022) |
| 11. | *Ericsson Inc. v. D-Link Corp.*, No. 6:10-cv-473-LED (E.D. Tex. May 24, 2013) |
| 12. | *SimpleAir, Inc. v. Google, Inc.*, No. 2:14-CV-00011-JRG (E.D. Tex. Sept. 25, 2015) |
| 13. | *Smartflash LLC v. Apple Inc.*, No. 6:13-cv-447-JRG (E.D. Tex. Sept. 2, 2015) |

## I.      INTRODUCTION

In the event the Court does not grant Samsung's Motion for Summary Judgment of No Willfulness, Samsung respectfully requests that the Court bifurcate the issue of willfulness such that liability and damages would be addressed in a first trial, followed by a second trial (if necessary) on willfulness before the same or a different jury.  If Netlist's baseless willfulness case proceeds, bifurcation is warranted because Netlist's willfulness claims implicate confusing and unduly prejudicial evidence spanning over six years of pre-suit communications and the details of litigation in other fora.  Indeed, this case is uniquely positioned for bifurcation due to the litigation history of the parties and the pending Ninth Circuit appeal.  Samsung's defenses to Netlist's allegations of pre-suit and post-suit willfulness include: (1) Samsung's good faith belief that it has a license to Netlist's entire patent portfolio under the JDLA, as evidenced by Samsung's appeal of the Central District of California case ("CDCA Case") to the Ninth Circuit, and (2) Samsung's good faith belief that the asserted patents are invalid, as evidenced by its *inter partes* review ("IPR") petitions and the Patent Trial and Appeal Board's ("PTAB") institution decisions.  The evidence supporting Samsung's good faith belief is inseparably intertwined with the parties' litigation in other fora.

Without bifurcation, Samsung is in the impossible position where it cannot fully provide the context and explanation of its defenses due to the Standing Order on MIL Nos. 6 and 13, which preclude the introduction of evidence concerning IPRs or the parties' other litigation. Even if the Court waived its Standing Order on MILs, Nos. 6 and 13, Samsung still faces prejudice because Samsung will not be able to explain the findings of the CDCA Court and the merits of Samsung's pending appeal to the Ninth Circuit without confusing the jury as to liability.  Litigating willfulness under these circumstances unduly prejudices Samsung, and wastes time by creating a confusing series of mini-trials that will distract the jury from the core

1

████████████████████████████████████████

issues of noninfringement, invalidity, and damages.

Bifurcating this case into two phases will avoid prejudice, enhance juror comprehension of the issues presented and, importantly, keep the case from getting bogged down in disputes over what can and cannot be said about the prior history between the parties.  At the Court's discretion, either the same jury could be charged for the willfulness trial, or a second jury summoned for a short willfulness trial at the Court's convenience.  Bifurcation represents a confined set of issues and will not add burden on the Court, the jury, or the parties.  Samsung respectfully suggests bifurcating willfulness is the best way to try the case.

## II.    FACTUAL BACKGROUND

Netlist accuses Samsung of willfully infringing the six patents asserted in this case: 10,860,506 (the "'506 patent"); 10,949,339 (the "'339 patent); 11,016,918 (the "'918 patent") 11,232,054 (the "'054 patent)), U.S. Patent No. 8,787,060 (the "'060 patent"); and 9,318,160 (the "'160 patent").  *See* Dkt. No. 23 at ¶¶ 77, 91, 104, 116, 126, 135.  Netlist's Amended Complaint contains bald, boilerplate willful infringement allegations, stating for each patent that, "Samsung's infringement . . . has been continuing and willful.  Samsung continues to commit acts of infringement despite a high likelihood that its actions constitute infringement, and Samsung knew or should have known that its actions constituted an unjustifiably high risk of infringement."  *Id.*; *see also* Dkt. No. 1 at ¶¶ 51, 66, 78.

Years of pre-suit communications and litigation in another forum preceded Netlist's filing of the Original Complaint here.  On November 12, 2015, Samsung and Netlist entered into a Joint Development and License Agreement ("JDLA").  Netlist granted Samsung a perpetual, paid-up license to "██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████ Ex. 1 at 1, 3, 8.  All of

2

████████████████████████████████████████

the asserted patents in this case are "Netlist's Licensed Patents" under the JDLA because they have an effective filing date before November 12, 2020. *See* Dkt. No. 23 at ¶ 50 (████████ ████████████); *id.* at ¶¶ 18, 24, 30, 37, 42-43 (Netlist listing effective filing dates of asserted patents, all before 11/12/20).

On May 28, 2020, Netlist sued Samsung Electronics Co., Ltd. in the Central District of California for alleged breach of the JDLA. *See Netlist Inc. v. Samsung Electronics Co., Ltd.*, No. 8:20-cv-00993-MCS (C.D. Cal.) ("CDCA Case"). On July 15, 2020, Netlist sent Samsung a letter purporting to terminate the JDLA "████████████." Ex. 2. On December 3, 2021, the jury in the CDCA Case found that Netlist suffered no damages as a result of Samsung's alleged breach of the JDLA's supply provision. Ex. 3.[1] The CDCA Court entered final judgment on February 15, 2022, which includes a declaration that Netlist terminated the JDLA, effective July 15, 2020. *See* Ex. 4. ████████████████████████████

████████████████████████████████████████

████████████████████████████

The parties cross-appealed to the Ninth Circuit, and the appeals are fully briefed and awaiting argument. *See Netlist Inc. v. Samsung Elecs. Co., Ltd.*, Nos. 22-55209, 22-55247 (9th Cir.) ("Ninth Circuit Appeal"). In its appeal, Samsung maintains that it did not breach the JDLA and, even if Samsung breached the JDLA, those breaches were not material, and thus did not entitle Netlist to terminate the JDLA's patent license to Samsung. Ex. 5 at 46-47.

Netlist filed the complaint here on December 20, 2021, alleging infringement of the '506, '339, and '918 patents. Dkt No. 1. On May 3, 2022, Netlist filed an amended complaint, adding

---

[1] The CDCA Court subsequently entered judgment in the amount of $1.00 for "breach of the supply provision in the parties' contract" and $1.00 for "breach of the NRE fee payment obligation." Ex. 4 at ¶¶ 1-2.

infringement allegations regarding the '054, '060, and '160 patents.  Dkt. No. 23.

Samsung filed six IPR petitions seeking to invalidate all asserted claims of the patents: IPR2022-00996, IPR2022-00999, IPR2022-00711, IPR2022-00639, IPR2022-01427, and IPR2022-01428.  The PTAB already instituted IPRs for the '339, '506, '918, and '054 patents. Ex. 6 at 2; Ex. 7 at 2; Ex. 8 at 2; Ex. 9 at 2.  Netlist waited 5.5 months after filing its initial Complaint before asserting the '060 and '160 patents, so Samsung's petitions for these patents were filed later in time compared to the petitions for the other asserted patents.  *See* Dkt. No. 23. Institution decisions on the '060 and '160 patents' IPR petitions are expected on or before April 19, 2023.

On December 14, 2022, the Court issued a standing order on motions *in limine.*  Ex. 10. The Court's Standing Order on MILs, No. 6, states that "[t]he parties ***shall be precluded from introducing evidence, testimony, or argument concerning the Patent Trial and Appeal Board, inter partes review***, the Smith-Leahy America Invents Act, or any alternative structure that does not relate directly to an Article III trial in a district court."  *Id.* at 2 (emphasis added).  The Court's Standing Order on MILs, No. 13, states that "[t]he parties ***shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations*** *or arbitrations,* ***including parallel proceedings in any other court***, tribunal, or forum, including ADR proceedings."  *Id.* at 3 (emphasis added).  Thus, the Court's Standing Order prevents Samsung from introducing evidence, testimony, or argument concerning the CDCA Case, the Ninth Circuit appeal, or any *inter partes* review of any of the asserted patents.

On February 3, 2023, Samsung moved for summary judgment of no willfulness.  Dkt. No 200.  Netlist's willfulness assertion is a bare assertion that Samsung continued to sell product outside of the JDLA license.  *Id.* at 2-5, 10.  Samsung contends that Netlist has failed to establish

4

that any alleged pre-suit and post-suit infringement was deliberate or intentional, in part, because

Samsung had a good faith belief that it was licensed to Netlist's entire patent portfolio.  *Id.* at 8.

To disprove Samsung's post-suit willfulness, Samsung also relies on its IPR petitions on all

asserted claims of all six asserted patents—four of which have been instituted—evidencing

Samsung's good faith belief that the asserted patents are invalid.  *Id.* at 11.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides that, "[f]or convenience, to avoid

prejudice, or to expedite and economize, the court may order a separate trial of one or more

separate issues, claims, crossclaims, counterclaims, or third-party claims.  When ordering a separate

trial, the court must preserve any federal right to a jury trial."  Courts consider a number of factors

when determining whether to bifurcate issues into separate trials.  *See* 9 Charles Alan Wright, et

al., Federal Practice and Procedure §§ 2389 (2019) (citing cases).  For example, courts must

consider whether "the issue to be tried [is] so distinct and separable from the others that a trial of

it alone may be had without injustice."  *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir.

1964).  "Prejudice," both to the party seeking separate trials and the party opposing, "is the

Court's ***most important*** consideration in deciding whether to order separate trials under Rule

42(b)" and courts must "balance the equities" in rendering their decisions.  *Laitram Corp. v.*

*Hewlett-Packard Co.*, 791 F. Supp. 113, 115 (E.D. La. 1992) (ordering a single trial before the

same jury divided into three separate phases: infringement/validity, damages, and willfulness)

(emphasis added).  Courts also consider "conserv[ation of] judicial resources[] and enhance[ment

of] juror comprehension of the issues presented in the case."  *Ciena Corp. v. Corvis Corp.*, 210

F.R.D. 519, 520 (D. Del. 2002); *see also Papst Licensing GmbH & Co., KG v. Samsung Elecs.*

*Co.*, No. 6:18-CV-00388-RWS, 2018 WL 10127016, at *1 (E.D. Tex. Oct. 25, 2018) (citing

"confusion to the jury if evidence of the MDL was presented during the liability and damages

phase" as a factor in granting bifurcation).

In patent cases, willfulness is an issue distinct from liability and damages.  Patent infringement is a strict liability tort.  Willfulness, however, becomes an issue only if infringement is found and requires proof of "a specific intent to infringe at the time of the challenged conduct," and that the infringement was "deliberate or intentional."  *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987-88 (Fed. Cir. 2021) ("Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness.  Rather, willfulness requires deliberate or intentional infringement."); *Eko Brands, LLC v. Adrian Rivera Mayzez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020); *see also Arigna Tech. Ltd. v. Nissan Motor Co.*, No. 2:22-CV-00126-JRG-RSP, 2022 WL 17978913, at *1 (E.D. Tex. Oct. 5, 2022) (citing *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021)).  Therefore, evidence relevant to willfulness includes evidence demonstrating an accused infringer's state of mind, even though such evidence is irrelevant to liability.  *WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016) ("*Halo* [*Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016)] did not disturb the substantive standard for the second prong of *Seagate*, subjective willfulness."), *reinstated* 913 F.3d 1067, 1075 (Fed. Cir. 2019).

## IV.  ARGUMENT

Samsung's defenses to Netlist's allegations of pre-suit and post-suit willfulness are based, in part, on Samsung's good faith belief that it is licensed to Netlist's entire patent portfolio under the JDLA and that the asserted patents are invalid.  *See*, *e.g.*, Dkt. No. 200 at 8-12.  The litigation between the parties in other fora (*i.e.*, CDCA, Ninth Circuit, PTAB) is directly relevant to Samsung's state of mind and supports its good faith beliefs.  Without bifurcation, Samsung cannot fully defend itself by providing the necessary context and explanation of these defenses

due to the Court's Standing Order on MIL Nos. 6 and 13.  Bifurcation would ensure that the liability jury could focus on the core issues of patent infringement, validity, and damages without the distraction of (and potential for prejudice resulting from) the airing of issues addressed or being addressed in other cases.

### A.     Samsung's Defenses to Netlist's Willfulness Allegations Are Inextricably Wrapped Up in the Parties' Litigation in Other Fora

As set forth in Samsung's Motion for Summary Judgment of No Willfulness, one of Samsung's defenses to Netlist's pre-suit willfulness allegation is its good faith belief that it is licensed under the JDLA to Netlist's entire patent portfolio, including ***all*** of the asserted patents, which is evidenced in part by the CDCA Case and the pending Ninth Circuit appeal.  *See* Dkt. No. 200 at 8-10; Ex. 1 at 1, 3, 8.  Samsung's license under the JDLA covers the accused products, which precludes any finding that Samsung knew of infringement as required for Netlist to prove willfulness.  *See* Dkt. No. 196.  Although the CDCA Court determined that Netlist terminated the JDLA effective July 15, 2020, Netlist's alleged termination of the license was a hotly disputed issue throughout the CDCA Case, which ended in final judgment entered on February 15, 2022.  Ex. 4.  Throughout this entire period, Samsung necessarily lacked the requisite knowledge that the accused products infringe.

Samsung's lack of knowledge of any infringement continued thereafter through the date of Netlist's Amended Complaint, filed May 3, 2022—and, indeed, to this day—because Samsung appealed the CDCA Court's ruling to the Ninth Circuit, continuing to dispute that the termination of the JDLA by Netlist was proper.  *See generally* Ex. 5.  Specifically, Samsung's appeal maintains that Samsung did not breach the JDLA and any breaches were not material such that Netlist was not entitled to terminate the patent license.  *Id.* at 46-47.  Indeed, the jury in the CDCA Case found that Netlist suffered ***no damages*** as a result of Samsung's alleged breach.

Ex. 3.  The issue is fully briefed and awaits oral argument before the Ninth Circuit.  If the Ninth

Circuit reverses the district court's judgment and holds that Samsung did not breach the JDLA,

then (1) there will have been no basis for Netlist's termination of the JDLA, and (2) the license

granted to Samsung in the JDLA remains in effect.  But regardless of the outcome, Samsung's

good faith belief in these arguments bars any reasonable fact-finder from concluding that

Samsung is a willful infringer.  *See, e.g.*, *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897

F.2d 508, 511 (Fed. Cir. 1990) (noting a party may "present what in good faith it believes to be a

legitimate defense without risk of being found on that basis alone a willful infringer"); *Intel*

*Corp. v. Broadcom Corp.*, No. Civ.A 00-796-SLR, 2003 WL 360256, *26 (D. Del. Feb. 13,

2003) (noting relevance of defendant's belief "it was licensed" to willfulness).

Another defense to Netlist's post-suit willfulness allegation is that Samsung has a good

faith belief in the invalidity of the asserted patents, evidenced by its IPR petitions and the

PTAB's institution decisions.  *See Gustafson*, 897 F.2d at 511.  Indeed, as set forth in Samsung's

Motion for Summary Judgment of No Willfulness, Samsung is entitled to summary judgment of

no willfulness because Samsung's post-complaint conduct shows that Samsung does not

subjectively intend to infringe.  Dkt. No. 200 at 11.  Samsung filed IPR petitions on all asserted

claims of all six asserted patents—four of which have already instituted, with the final two

decisions expected before or during trial.  *See* Ex. 6 at 2; Ex. 7 at 2; Ex. 8 at 2; Ex. 9 at 2.  These

petitions demonstrate that Samsung's belief in the asserted patents' invalidity is grounded in

good faith.  Samsung's good faith belief thus bars any reasonable fact-finder from concluding

that Samsung is a willful infringer.

As demonstrated, Samsung's defenses to Netlist's willfulness allegations rely on, *inter*

*alia,* Samsung's good faith belief that it is licensed to Netlist's entire patent portfolio and that the

asserted patents are invalid.  The evidence of Samsung's good faith belief is intertwined with the litigation history between the parties, including the CDCA Case, the Ninth Circuit appeal, and the IPRs.  Such evidence of Samsung's subjective intent will greatly complicate this case and lead to juror confusion and prejudice to Samsung.

### B.  The Court Should Bifurcate To Avoid Prejudice to Samsung and Confusion of the Jury

In the event the Court does not grant Samsung's Motion for Summary Judgment of No Willfulness, the Court should bifurcate the issue of willfulness from infringement, validity, and damages.  Courts routinely phase separate issues in patent cases before the same jury, especially to try the issue of willfulness separately from liability and damages.  *See, e.g.*, *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1317-18 (Fed. Cir. 2013) (*en banc*) (ruling that jurisdiction to hear appeals under 28 U.S.C. § 1292(c)(2) extends to an infringement determination where the district court has not yet conducted a jury trial on damages or willful infringement, noting that a district court has full discretion to bifurcate willful infringement and damages from liability).

For example, in *Papst*, another court in this District bifurcated willfulness where there was a lengthy litigation history between the parties, including a prior ruling that the asserted claims were not infringed (a ruling that was ultimately reversed on appeal).  2018 WL 10127016, at *1.  The court found that the prior ruling was relevant to the defendant "proving its ***good-faith belief*** of noninfringement and state-of-mind" in its defenses for purposes of willfulness, but that it created a "high risk of prejudice" and "confusion to the jury if evidence of the" prior proceedings were "presented during the liability and damages phase."  *Id*. (emphasis added).

As another example, in *VirnetX*, the court ordered a retrial where discussions of litigation history, including prior rulings regarding liability, had prejudiced a defendant in the first trial.

9

*VirnetX Inc. v. Apple Inc.*, No. 6:12-CV-855, 2016 WL 4063802, at \*4-5, 7-8 (E.D. Tex. July 29, 2016). The defendant argued it had been unfairly prejudiced because trying damages and willfulness together had allowed the plaintiff to imply that defendant should be monetarily punished for its actions. *Id*. at 3-4. The Court granted defendant's motion for a retrial in which willfulness was bifurcated from liability and damages. *Id*. at 8.

Similar considerations have led this Court and numerous other courts to bifurcate issues in patent trials. *See, e.g.*, Ex. 11 at 4 (*Ericsson Inc. v. D-Link Corp.*, No. 6:10-cv-473-LED (E.D. Tex. May 24, 2013)) ("The Court will conduct a bifurcated trial. The first portion of the trial will cover infringement, validity, and damages. If necessary, the second portion of the trial will cover willful infringement."); *Sociedad Espanola de Electromedicina y Calidad, S.A. v. Blue Ridge X-Ray Co, Inc.*, 226 F. Supp. 3d 520, 525 (W.D.N.C. 2016) (two-phase trial on liability and damages/willfulness before the same jury); *Univ. of Pittsburgh of Com. Sys. of Higher Educ. v. Varian Med. Sys., Inc.*, No. 08-cv-1307, 2012 WL 639695, at \*1 (W.D. Pa. Feb. 28, 2012) (three-phase trial on willfulness, damages, and invalidity before the same jury); *Mike's Train House Inc. v. Broadway Ltd. Imports LLC*, No. JKB-09-2657, 2011 WL 1045630, at \*3 (D. Md. March 17, 2011) (bifurcating willfulness, induced infringement, and damages from direct infringement); Ex. 12 at 1 (*SimpleAir, Inc. v. Google, Inc.*, No. 2:14-CV-00011-JRG (E.D. Tex. Sept. 25, 2015)) (granting joint motion to bifurcate liability from willfulness and damages); Ex. 13 at 14 (*Smartflash LLC v. Apple Inc.*, No. 6:13-cv-447-JRG (E.D. Tex. Sept. 2, 2015)) (bifurcating damages from liability); *Swofford v. B & W, Inc.*, 336 F.2d 406 (5th Cir. 1964) (affirming district court's decision to bifurcate liability from damages).

Here, to avoid prejudice to Samsung and jury confusion, the Court should bifurcate willfulness from liability and damages. Without bifurcation, Samsung cannot fully defend itself

with respect to Netlist's willfulness allegations because Samsung's defenses rely on its good faith belief as evidenced by the parties' litigation history in other fora (*i.e.*, CDCA, Ninth Circuit, PTAB). *See* Section IV.A, *supra*; Dkt. No. 200 at 7-12; Dkt. No. 293 at 3-4. Standing Order on MIL Nos. 6 and 13 operate to bar Samsung from providing this highly important context to evidence its good faith belief and hinders Samsung's ability to present a full and complete defense to the willfulness allegations. Samsung recognizes that the Court's MIL Nos. 6 and 13 seek to balance probative value against potential prejudice and jury confusion. However, Samsung should not be forced to forego significant aspects of its defense to Netlist's charge of willful infringement. Bifurcating willfulness would alleviate the prejudice and jury confusion MIL Nos. 6 and 13 seems intended to prevent.

To complicate matters further, even if the Court relieved Samsung of these MIL rulings, Samsung would be prejudiced because it may not explain or dispute here the CDCA Court's findings and conclusions even though Samsung has appealed them to the Ninth Circuit. *See DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc*., 70 F. Supp. 3d 808, 812 (E.D. Tex. 2014) ("Importantly, the collateral estoppel effect of a prior district court decision is not affected by the fact that an appeal has been taken from the decision." (citing cases)).[2] Although Samsung would be able to explain its belief that it did not breach the JDLA and that the license granted to Samsung in the JDLA should remain in effect, there would be a high risk of prejudice to Samsung and confusion by the jury because the CDCA Court erroneously found otherwise. This prior judicial decision plainly presents a real risk of tainting the jury's opinion of Samsung in a way that prejudices the jury's ability to evaluate fairly and dispassionately the core patent

---

[2] For this reason, among others, Samsung sought to stay this case pending the Ninth Circuit appeal. *See* Dkt. No. 74 at 12-15; Dkt No. 195 (denying motion).

infringement, invalidity, and damages issues in this case.

The jury in this patent case already has a Herculean task of deciding issues of patent infringement, invalidity, and damages for **six asserted patents**, made worse by the fact that Netlist is still asserting **32 claims**. *See* Dkt. No. 398. As explained in Samsung's MIL No. 1, the jury should not be distracted from this work with the introduction of a host of additional complex facts, such as those surrounding the terms of the JDLA and the performance of the parties under the JDLA, which are implicated by Samsung's defense to Netlist's charge of willfulness. *See* Dkt. No. 380 at 1-10. Bifurcating the willfulness issue will obviate the need to address the facts underlying the CDCA Case and IPRs, and avoid what would essentially be mini-trials within the patent trial.

Finally, to avoid any confusion, the requested bifurcation does not mean that the Court should prevent all discussion of the JDLA and the judgment terminating the JDLA during the liability and damages trial because they relate directly to Samsung's damages case. Dkt. No. 380 at 3-4. In order to walk the line of keeping out highly prejudicial and irrelevant issues but permitting Samsung to properly defend itself in this case, Samsung proposes that the Court employ the same approach it did in the *Acorn v. Samsung* matter by providing specific guidance on the content of permissible disclosure to the jury. Specifically, while the parties should be precluded from referencing the underlying facts of the CDCA Case, including Netlist's allegations about Samsung's supply of memory to Netlist, the parties should be allowed to discuss the following as it relates to the CDCA case: (1) that the parties previously engaged in breach of contract litigation, which was resolved by the court in that case entering final judgment, on February 15, 2022, that the JDLA terminated on July 15, 2020; (2) that the jury in that case found that Netlist suffered no damages as a result of Samsung's alleged breach, and (3)

that both parties are appealing various aspects of the CDCA Court's final judgment.  *See* Dkt. No. 380 at 1-10.

## V.    CONCLUSION

Accordingly, if the Court denies Samsung's motion for summary judgment of no willfulness, Samsung respectfully requests the Court bifurcate the issue of willfulness such that liability and damages would be addressed in a first trial, followed by a second trial (if necessary) on willfulness before the same or a different jury.

Date: March 23, 2023                              Respectfully submitted,

*/s/ Lauren A. Degnan*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
LAD@fr.com
Brian Livedalen
D.C. Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
D.C. Bar No. 1013923
tishman@fr.com
Matthew Mosteller
CA Bar No. 324808
mosteller@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Katherine Reardon
NY Bar No. 5196910
kreardon@fr.com
Sara C. Fish

13

GA Bar No. 873853
sfish@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Matthew Colvin
Texas Bar No. 24087331
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

Karolina Jesien
New York Bar No. KJ7292
FISH & RICHARDSON P.C.
Times Square Tower
20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile:  (212) 258-2291

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

14

Alice J. Ahn
CA 271399 / DC 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Ste. 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile: (415) 591-6091

Brian R. Nester
D.C. Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202)-662-6000

*Attorneys for Defendants Samsung Electronics
Co., Ltd.; Samsung Electronics America, Inc.; and
Samsung Semiconductor, Inc.*

████████████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 23, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic email.

*/s/ Lauren A. Degnan*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on March 10, 2023.  Yanan Zhao and Michael Tezyan attended for Plaintiff. Ruffin Cordell and Katherine Reardon attended for Defendants.  Samsung discussed its position on this motion.   Netlist provided its position for the first time in the Pre-Trial Order, and confirmed on March 23, 2023 that it continues to oppose bifurcation, leaving an open issue for the court to resolve.

*/s/ Lauren A. Degnan*

████████████████████████████

██████████████████████████████████

████████████████████

████████████████