**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:21-CV-463-JRG |
| | ) |
| | ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD., | ) |
| SAMSUNG ELECTRONICS AMERICA, | ) Sought to Be Filed Under Seal |
| INC., SAMSUNG SEMICONDUCTOR, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO
BIFURCATE WILLFULNESS (DKT. 404)**

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ....................................................................................................... 1

II.    LEGAL STANDARD .............................................................................................. 3

III.   ARGUMENT .......................................................................................................... 4

      A.    The JDLA and the IPRs are Not a Basis for Samsung's Defense to
             Willfulness ..................................................................................................... 4

      B.    Samsung's Improper Desire to Re-litigate the C.D. Cal. Decision
             Cannot Justify Bifurcation ............................................................................ 5

      C.    Bifurcation of Willfulness Would Not Result in Efficiency or Prevent
             Prejudice ....................................................................................................... 8

      D.    IPR Proceedings Cannot Support Samsung's Non-Willfulness
             Defense ....................................................................................................... 11

      E.    Samsung's Belated Motion to Bifurcate Will Cause Undue Prejudice
             to Netlist ..................................................................................................... 13

      F.    Samsung's Referenced Cases Are Inapposite ............................................. 14

IV.   CONCLUSION ..................................................................................................... 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Aikens v. Cent. Oregon Truck Co., Inc.,*
2021 WL 4263169 (E.D. Tex. Sept. 20, 2021) ................................................................3, 11

*Bradberry v. Jefferson Cnty., Tex.,*
732 F.3d 540 (5th Cir. 2013) ...................................................................................................7

*Briggs v. State Farm Fire & Cas. Co.,*
673 F. App'x 389 (5th Cir. 2016) ............................................................................................3

*Comer v. Murphy Oil USA, Inc.,*
718 F.3d 460 (5th Cir. 2013) ...................................................................................................6

*Ericsson Inc. v. D-Link Corp.,*
No. 6:10-cv-473-LED (E.D. Tex. May 24, 2013) ................................................................14

*Halo Elecs., Inc. v. Pulse Elecs.,*
136 S. Ct. 1923 (2016) .............................................................................................................4

*Image Processing Techs., LLC v. Samsung Elecs. Co.,*
2020 WL 3315989 (E.D. Tex. June 18, 2020) ...............................................................*passim*

*Image Processing v. Samsung Elec. Co.,*
No. 20-cv-50-JRG-RSP, Dkt. 97 ..........................................................................................15

*Merrill Lynch & Co. v. Allegheny Energy, Inc.,*
500 F.3d 171 (2d Cir. 2007) ....................................................................................................2

*Mike's Train House Inc. v. Broadway Ltd. Imports LLC,*
2011 WL 1045630 (D. Md. March 17, 2011) .......................................................................15

*Mondis Tech., Ltd. v. Chimei Innolux Corp.,*
822 F. Supp. 2d 639 (E.D. Tex. 2011) ....................................................................................6

*Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.,*
No. 5:15-CV-00027-RWS, 2021 WL 3616064 (E.D. Tex. Apr. 8, 2021) ..............................9

*Papst Licensing GmbH & Co., KG v. Samsung Elecs. Co.,*
2018 WL 10127016 (E.D. Tex. Oct. 25, 2018) ....................................................................14

*Response of Carolina, Inc. v. Leasco Response, Inc.,*
537 F.2d 1307 (5th Cir. 1976) .................................................................................................3

*SimpleAir, Inc. v. Google, Inc.,*

No. 14-cv-11 Dkt. 297 (E.D. Tex. Sept. 25, 2015) ............................................................................15

*Smartflash LLC v. Apple Inc.*,
    No. 6:13-cv-447-JRG (E.D. Tex. Sept. 2, 2015)......................................................................15

*Sociedad Espanola de Electromedicina y Calidad, S.A. v. Blue Ridge X-Ray Co, Inc.*,
    No. 10-cv-159-MR Dkt. 157 (W.D.N.C. Nov. 19, 2015) .................................................15

*Swofford v. B & W, Inc.*,
    336 F.2d 406 (5th Cir. 1964)..................................................................................................15

*Univ. of Pittsburgh of Com. Sys. of Higher Educ. v. Varian Med. Sys., Inc.*,
    2012 WL 639695 (W.D. Pa. Feb. 28, 2012) ........................................................................15

*VirnetX Inc. v. Apple Inc.*,
    2016 WL 4063802 (E.D. Tex. July 29, 2016) ......................................................................14

*XY, LLC v. Trans Ova Genetics, LC*,
    2016 WL 97691 (D. Colo. Jan. 7, 2016)...............................................................................12

## Statutes

35 U.S.C. § 284.....................................................................................................................................4

## Rules

Rule 403...............................................................................................................................................12

## I.       INTRODUCTION

Samsung's belated request to bifurcate trial of willfulness – made just two business days before the Pretrial Conference and after trial preparations are substantially progressed – should be denied. Bifurcation would not promote convenience or simplify trial; to the contrary, the evidence related to willfulness in this case is equally relevant to damages and will already be before the jury whether willfulness is bifurcated or not.   Bifurcation would serve no purpose other than to create two duplicative trials, significantly burdening the Parties, the Court, and the jury.  This is not the first time Samsung has made a late motion for bifurcation of willfulness.  In *Image Processing Techs., LLC v. Samsung Elecs. Co.*, 2020 WL 3315989 (E.D. Tex. June 18, 2020), the Court rejected Samsung's similar attempt to bifurcate the willfulness issue for a separate trial after the parties submitted the joint pre-trial order.  The Court denied Samsung's motion for the simple reason that "a single trial will be expedient and efficient, as is the normal course." *Id.* at *3.  The same result is appropriate here.

Samsung's motion does not identify any way in which bifurcation would be more efficient or convenient.  Rather, Samsung's motion argues that the trial should be bifurcated because Samsung wants to re-litigate the Central District of California decisions entered against it, and to discuss IPR proceedings. Samsung's desire to turn this trial into a sideshow about collateral proceedings is completely improper, and does not provide a basis to bifurcate.

***First***, the pending C.D. Cal. appeal, and the pending IPRs (which were initiated long after this lawsuit) have no connection to the question of willfulness in this case.  Willfulness is about the state of mind of the company.  Samsung served an interrogatory response on the basis for its non-willfulness defense, and Samsung did not disclose either a good faith belief that it had a license or a belief that the patents were invalid.  Samsung's lawyers cannot get up in front of the jury and tell a story about a basis for why it is not willful that was not disclosed during fact discovery.

***Second***, the JDLA and the behavior associated with the JDLA are going to a central element

of this case separate from willfulness.  Samsung is raising a license defense based on the JDLA.  Netlist contends that under New York law it is relieved of its obligation not to seek patent infringement damages from the time of Samsung's substantial non-performance.  *See Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 186 (2d Cir. 2007) ("[A] party's performance under a contract is excused where the other party has substantially failed to perform its side of the bargain or, synonymously, where that party has committed a material breach."); Dkt. 264 at 8-10 (Netlist's opposition to Samsung's summary judgment motion based on license defense).

 **Third**, as explained in Netlist's Motion *in Limine* (Dkt. 379), Samsung's attempt to relitigate issues already decided by the C.D. Cal. Court is not proper for any trial (let alone two bifurcated trials). Samsung is barred by issue preclusion from re-litigating the C.D. Cal. Court's orders, and is barred by this Court's December 2022 Standing Order re Motions *in Limine* (the "Standing Order") from further discussing those proceedings.  The findings of the C.D. Cal. Court that Samsung materially breached the JDLA, that Netlist performed its obligations, and that the JDLA was terminated on July 15, 2020 should simply be treated as settled facts, indeed, this is required by issue preclusion.  Samsung's motion to bifurcate is nothing but an attempt to circumvent this Court's Standing Order re MILs and therefore cannot meet the "high burden" to request this Court deviate from the normal course of having "a single trial [that is] expedient and efficient." *Image Processing Techs.*, 2020 WL 3315989 at *3.

 **Fourth**, Samsung cannot show the proposed bifurcation would streamline the case or increase judicial economy.  Netlist's willful infringement case does not depend on the C.D. Cal. action or IPRs, nor will such proceedings be in front of the jury (other than their established effect) based on the Court's standing MILs. And as Samsung's own motion makes clear, both Parties discuss the JDLA in their damages case and Samsung still intends to rely on references to the JDLA negotiation, and the JDLA termination, as a basis for its non-infringement defense. Mtn. at 12.  Tellingly, Samsung does not identify a single fact witness or expert who testifies only on willfulness but not other issues.  Given

the overlapping evidence and witnesses who would be testifying as to both liability/damages and willfulness issues, bifurcation of the trial is not appropriate because bifurcation would only force the Parties to present and the jury to hear the same evidence twice.

*Fifth*, the Ninth Circuit appeal and the IPR proceedings cannot support Samsung's purported non-willfulness defense. This Court has already rejected Samsung's same arguments based on the pending Ninth Circuit appeal and the IPR proceedings as basis to stay this Action.  Dkt. 195 at 1.

*Sixth*, all the facts underlying Samsung's motion to bifurcate have been known to Samsung since the beginning of this case or at least at the time fact discovery closed in December 2022. However, Samsung waited until the eleventh hour to raise the bifurcation issue solely to circumvent this Court's standing order and further delay adjudication of its infringement.   Samsung's gamesmanship, if allowed, will result in significant prejudice to Netlist.

## II.    LEGAL STANDARD

"A motion to bifurcate is a matter within the sole discretion of the trial court."  *Briggs v. State Farm Fire & Cas. Co.*, 673 F. App'x 389, 390 (5th Cir. 2016).  As this court has explained, "Merely presenting some proof which supports bifurcation is not sufficient to meet this high burden."  *Image Processing Techs., LLC v. Samsung*, 2020 WL 3315989, at *1 (E.D. Tex. June 18, 2020) (citation omitted).

"[T]he bifurcation of issues and resulting separate trials is not the usual course of events."  *Id.*; *see also Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1323-24 (5th Cir. 1976) ("[W]e have cautioned that separation of issues is not the usual course that should be followed.").  Bifurcation is inappropriate where significant overlaps of factual or legal issues exist.  *Aikens v. Cent. Oregon Truck Co., Inc.*, 2021 WL 4263169, at *1 (E.D. Tex. Sept. 20, 2021) ("[T]he issues to be bifurcated must be so distinct and separate from the others that a trial of it alone may be had without injustice.").  "The party requesting separate trials bears the burden of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be

conducive to expedition and economy, and (3) not result in undue prejudice to any party." *Image Processing*, 2020 WL 3315989, at *1.

## III.   ARGUMENT

### A.   The JDLA and the IPRs are Not a Basis for Samsung's Defense to Willfulness

Samsung may not raise a defense that it had a good faith belief that it was in compliance with its obligations under the JDLA or that Netlist's patents are invalid due the IPR proceedings, because Samsung failed to disclose any such defense in discovery. *See* Ex. 1 (2022-12-22 Samsung's 7th Supp. Responses to Rog No. 9) at 149-150.  The sum total of Samsung's response on this subject is below:

Samsung also never disclosed this theory in its 30(b)(6) witness testimony on willfulness.  Specifically, Netlist served the following 30(b)(6) topics:

Ex. 2 (Netlist's Second Set of 30(b)(6) Topics).  Samsung refused to provide any witness as to Topic No. 67, but contends Topic 67 is duplicative of Topics 65 and 66.  Ex. 3 (2022-11-30 Reardon Email). Samsung's corporate representative designated to testify as to Topics 65 and 66, Mr. Junseon Yoon, did not provide any testimony showing Samsung's belief that the JDLA was valid despite of Samsung's material breach and the C.D. Cal. court's decision; neither has he provided any testimony showing that the IPR proceedings evidenced Samsung's relief of non-infringement.  *See generally* Ex. 4 (Junseon Yoon Tr.).  Instead, Mr. Yoon testified that Samsung is aware that the Central District of California has found that the license agreement has been terminated. *Id.* at 90:5-20.  And Mr. Yoon cannot point to any internal investigation done by Samsung engineers to determine whether it infringed Netlist's patents disclosed to Samsung. *See, e.g. id.* at 54:3-10

).

## B.     Samsung's Improper Desire to Re-litigate the C.D. Cal. Decision Cannot Justify Bifurcation

The primary basis for Samsung's motion to bifurcate is that it wants to "explain the findings of the CDCA Court and the merits of Samsung's pending appeal to the Ninth Circuit" to the jury. Mot. at 1. In other words, Samsung seeks to re-litigate the C.D. Cal decision to the jury and argue that because Samsung disagrees with it, this means Samsung was not willful.  A desire to improperly inject other litigation into this case is not proper at all, much less a basis for bifurcation.

*First*, as discussed in Netlist's Motion *in Limine* No. 3, Samsung is barred by issue preclusion from re-litigating the C.D. Cal. determinations that (1) Samsung materially breached the parties' Joint License and Development Agreement ("JDLA"); (2) Netlist performed its obligations under the

JDLA; (3) that the $8 million Non-Recurring Engineering ("NRE") fee in the JDLA was not royalty for patent rights; (4) that the JDLA was properly terminated for material breach.  Dkt. 379 at 7 (Netlist MIL No. 3); *see also Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013) ("[A] case pending appeal is res judicata . . . .").  Samsung cannot now present a non-willfulness argument that is directly contrary to—and indeed seeks to actively disagree with—the C.D. Cal. Court's rulings.  In other words, Samsung cannot argue it believed in good faith it complied with its contractual obligations when a district court has ruled the opposite.

The mere fact that Samsung has filed an appeal does not entitle Samsung to tell the jury that it thinks the C.D. Cal. Court was wrong, or that the appeal is somehow evidence of its good faith. Courts in this district have rejected "a standard that a party is not a willful infringer until after it has resolved all its rights on appeal and has lost." *See Mondis Tech., Ltd. v. Chimei Innolux Corp.*, 822 F. Supp. 2d 639, 651-52 (E.D. Tex. 2011); *see also id.* ("[A]bsent unusual circumstances, a defendant's continued infringement after it is an adjudicated infringer is willful—even before appeal.").  Moreover, under Fifth Circuit law a district court judgment is binding even while on appeal.  *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013) ("[A] case pending appeal is res judicata . . . .").  As a result, from at least the summary judgment by Judge Scarsi affirming the termination, Samsung could have had no good faith belief.

Samsung's argument to bifurcate based on its appeal is little more than re-packaging of the same argument Samsung made in moving for a stay, which the Court denied.  For example, Samsung contends that the issue whether Samsung materially breached the JDLA "is fully briefed and awaits oral argument before the Ninth Circuit," and "[i]f the Ninth Circuit reverses[,] (1) there will have been no basis for Netlist's termination of the JDLA, and (2) the license granted to Samsung in the JDLA remains in effect."  Mtn. at 7-8.  This is the exact same argument that Samsung raised in its motion to stay this case.  *See* Dkt. 74 at 12-14.  As explained in Netlist's opposition to Samsung's motion to stay,

Dkt. 85, Samsung cannot show an actual likelihood of success on appeal, particularly in light of the C.D. Cal. Judge's repeated rejection of Samsung's arguments. *See* Dkt. 85-3 (granting summary judgment finding that the JDLA was terminated); Dkt. 85-4 (denying Samsung's motion for reconsideration); Dkt. 85-7 (rejecting Samsung's post-trial motion). This Court has already agreed with Netlist and denied Samsung's motion to stay. *See* Dkt. 195 at 1 (denying motion to stay pending the 9th Circuit appeal and IPR proceedings); *see also* Dkt. 381 (Transcript) at 20

Samsung's collateral attack to this Court's ruling is an improper basis to bifurcate and delay the trial.

*Second*, Samsung's desire to inject extraneous aspects of the C.D. Cal. proceedings into the trial has no place in this litigation and no relevance to willfulness. For example, Samsung states it wants to discuss the fact "that Netlist suffered no damages as a result of Samsung's alleged breach." Mot. at 3. As Netlist detailed in its opposition to Samsung's Motion *in Limine*, Judge Scarsi in the C.D. Cal. proceedings held that Netlist could not seek consequential damages under New York law because of a consequential damages waiver in the JDLA. Dkt. 396 at 5. Neither he nor the jury considered what the scope of the consequential damages would have been if there was not a contractual exclusion. *Id.* (citing *Bradberry v. Jefferson Cnty., Tex.*, 732 F.3d 540, 550 (5th Cir. 2013) ("For collateral estoppel [] not only must the earlier proceedings have actually adjudicated the specific issue, but that determination must have been necessary to the decision.")). As a result, the only damages available in the C.D. Cal. case were cover damages. This has no relation whatsoever to whether Samsung is willfully infringing Netlist's patents in this case, nor does it have any relation to patent damages. Whether infringement is willful and the amount of damages to be determined by the jury are separate questions.

*Third*, Samsung's desire to re-litigate the entire C.D. Cal. proceedings to the jury violates this

Court's standing motions *in limine*. Under the Standing Order, the parties "shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court":

| Court MIL No. 6: | The parties shall be precluded from introducing evidence, testimony, or argument concerning the Patent Trial and Appeal Board, *inter partes* review, the Smith-Leahy America Invents Act, or any alternative structure that does not relate directly to an Article III trial in a district court. |
|---|---|
| Court MIL No. 13: | The parties shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings. |

Both of these motions *in limine* clearly preclude the arguments based on the C.D. Cal proceedings.

To be clear, Netlist's willful infringement case does **not** rely on the C.D. Cal. decision or the pending appeal or the IPR proceedings. Instead, Netlist's willful infringement case will be based on Samsung's direct knowledge of Netlist's patents and patented technologies, including, for example, (1) Netlist's disclosures of its patent portfolio, coverage scope, products designs to Samsung both before and after the JDLA was entered; (2) Samsung's request to Netlist for technical information relating to the development of on-module power management; (3) Samsung's active participation at standard setting organizations where Netlist disclosed family patents and applications potentially relevant to the standard; and (4) Samsung's lack of internal investigation of its accused infringing activities even after Netlist's commencement of this litigation. *See* Dkt. 250; Dkt. 342 (Netlist's opposition and sur-reply to Samsung's motion for summary judgment on no willful infringement). None of this evidence requires or will involve discussion of the details of the C.D. Cal. litigation.

Further, Samsung never explains why its improper desire to inject collateral proceedings into this case justifies bifurcation. The C.D. Cal. litigation and Ninth Circuit appeal are equally inappropriate to inject into a single trial as a bifurcated one, and the Court's standing MILs make no distinction between bifurcated and non-bifurcated trials. In short, Samsung would not be permitted to introduce this evidence in a bifurcated trial either.

**C.      Bifurcation of Willfulness Would Not Result in Efficiency or Prevent Prejudice**

Bifurcation is inappropriate where, as here, having two separate trials would not result in efficiency or improve judicial economy.  *See, e.g.*, *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, No. 5:15-CV-00027-RWS, 2021 WL 3616064, at *1 (E.D. Tex. Apr. 8, 2021) (denying motion to bifurcate the exemplary damages phase of trial from the liability and compensatory damages phase because bifurcation "will not provide greater convenience for the Court or parties, [] enable the avoidance of prejudice, nor will it expedite and economize the trial," where the purported prejudicial evidence for exemplary damages could also be admissible during the liability phase).

As discussed above, Netlist's willful infringement case will focus on Netlist's disclosures of its patents to Samsung directly and through its participation at the SSO; Samsung's request to Netlist for technical information; and Samsung's lack of internal investigation of its accused infringing activities.  *See* Dkt. 250; Dkt. 342.  Samsung also asserts a marking and notice defense in this case, Dkt. 198, therefore, all of this evidence of notice to Samsung is also relevant to damages and will be addressed in the damages case.  Bifurcating trial would merely force this evidence to be presented a second time.

While Samsung asserts "[b]ifurcating the willfulness issue will obviate the need to address the facts underlying the CDCA Case and IPRs, and avoid what would essentially be mini-trials within the paten trial," Mtn at 12, this evidence is ***already excluded*** by the Court's standing MILs and thus will not be before the jury regardless. And as to evidence such as the JDLA and Samsung's material breach thereof, this will be before the jury whether or not willfulness is bifurcated, because it is highly relevant to damages.  Indeed, both sides' experts discuss the JDLA in their damages opinions. *E.g.* Dkt. 205-1 (Kennedy Report) at 78; Dkt. 214-03 (Meyer Report) §§ 312-19.  Further, Samsung has not yet dropped its license defense and damages analysis in its purported first phase of trial on liability/damages issues. Therefore, Samsung's damages case, and possibly also its liability case, would necessarily reference the parties' JDLA negotiation history, the scope of the license grant, the nature

of Samsung's payment made under the JDLA, and Samsung's material breach.  *See* Dkt. 396 at 1-4 (Netlist's Opp. to Samsung MIL).

The JDLA and its history are highly relevant to damages.  For example, Samsung's damages expert relied on the JDLA to show Netlist's licensing practices, which presumes that the $8 million NRE reflects the royalty payment made by Samsung for a license of Netlist's entire patent portfolio. Dkt. 214-03 (Meyer Report) §§ 312-19, Attachments 19-20.  Netlist will introduce evidence of the parties' negotiation history of the JDLA to rebut Samsung's contention that the $8 million Non-Recurring Engineering ("NRE") fee Samsung paid under the JDLA is a royalty payment for patent license and to show the true value of the JDLA as reflected in Samsung's commitment to supply memory modules to Netlist at a compatible price at the liability/damages stage.

As another example, Samsung's damages expert, Mr. Meyer, has attempted to rebut Netlist's damages claims by pointing to Netlist's license with SK Hynix as a purported comparable license. Dkt. 214-03 (Meyer Report) §§ 217-310.  However, Netlist entered into this license because it wanted to secure an alternative supply of memory products as a result of Samsung's breach of the JDLA, which would be important evidence for Netlist to show the actual value of the SK hynix agreement.

Further, Samsung continues to assert a licensing defense to infringement based on the JDLA. While Netlist has moved for summary judgment on this defense as to post July 15, 2020 conduct based on the C.D. Cal. decision (Dkt. 201), the issue of Samsung's pre-July 15, 2020 infringement remains to be litigated.  Indeed, Samsung has asserted that all accused products sold prior to July 15, 2020, when Netlist formally terminated the JDLA, are licensed.  Dkt. No. 196.  Therefore, evidence that Samsung's material breach of the JDLA in 2017 excused Netlist from its obligation to comply with the license grant going forward will be before the jury regardless.  Dkt. No. 201, 264.

Samsung also continues to contend it has a license defense to Netlist's patents *after* July 15, 2020, even though the C.D. Cal. Court has found that Netlist already properly terminated the JDLA.

*See* Ex. 1 (2022-12-22 Samsung 7th Supp. Rog Response)

While summary judgment should be granted as to this issue, if it is not, then the C.D. Cal. Court's determination on this issue will also be before the jury.

Samsung's motion does not identify any corresponding efficiency to be gained from bifurcation. Samsung does not identify a single fact witness or expert whose testimony could be avoided by bifurcation, or any issues that would be simplified for the jury. To the contrary, Samsung concedes in its motion that the JDLA would still need to be discussed at trial regardless. Mot. at 12 (conceding JDLA and its termination "relate directly to Samsung's damages case").

Because the evidence relating to Samsung's "good faith" license defense as evidence of no willful infringement largely, if not entirely, overlaps with the parties' evidence at the liability and damages trial based on Samsung's proposal, having a separate trial on willfulness would not streamline the case, but only increase the burden on the court, jury, and the parties. *See Aikens*, 2021 WL 4263169, at *2 (finding "bifurcation is not warranted" because it "will not expedite and economize the trial or provide greater convenience for the Court or parties, particularly in light of the Court's busy trial schedule" and because "substantial overlap exists between the issues of liability, compensatory damages, and exemplary damages"); *Image Processing*, 2020 WL 3315989, at *3 (denying Samsung's motion to bifurcate willfulness issue from the liability and damages trial).

### D.      IPR Proceedings Cannot Support Samsung's Non-Willfulness Defense

Samsung also argues that trial on willfulness should be bifurcated because Samsung seeks to argue to the jury that the fact it filed IPR petitions means it is not willful. Mot. at 8. The filing of IPRs is not a reason to bifurcate trial. IPRs are filed in almost every case, and any party who filed an IPR could presumably seek to make the same argument regarding willfulness. Yet this Court has

decided that whatever relevance IPRs may have to willfulness or any other issue, it is outweighed by their prejudicial impact such that a standing order is appropriate to exclude any reference to IPR proceedings.  *See* Dec. 14, 2022 Standing Order on Motions *in Limine*, Court MIL No. 6 ("The parties shall be precluded from introducing evidence, testimony, or argument concerning the Patent Trial and Appeal Board, [or] inter partes review."); *see also XY, LLC v. Trans Ova Genetics, LC*, 2016 WL 97691, at *2 (D. Colo. Jan. 7, 2016) (holding that even where IPRs had some relevance to willfulness, "that relevance is substantially outweighed by the danger of undue prejudice, making this evidence excludable under Rule 403").

This Court routinely holds trials where willfulness is not bifurcated but evidence of IPRs is excluded.  Samsung identifies no reason why the IPRs it has filed have any special relevance to willfulness beyond IPRs in any other case, or why they require bifurcation where other IPRs do not. Notably, Samsung fails to cite a single case in which a trial on willfulness was bifurcated because IPRs had been filed.  The fact that some IPRs have been instituted does not change this, institution is merely a preliminary determination to hold a trial made under different legal standards, and Samsung does not explain (nor can it) how a decision to institute IPR years after the infringement began could have informed Samsung's good faith beliefs before the IPRs existed.

In any event, Samsung's argument that the IPRs are somehow relevant to whether Samsung had a good faith belief in invalidity is precluded, because Samsung failed to disclose in discovery any such basis for a non-willfulness defense.  Netlist served an Interrogatory requesting "For each asserted claim of Netlist Patents-in-Suit that You assert Your liability for infringement is limited, Set Forth Your Complete Basis for such assertion." Dkt. 405-02. Samsung's response on "No Willful Infringement" did not disclose any allegation that Samsung had a good faith belief the patents were invalid or that it believed it was not willful because of IPRs. Ex. 1 at 149-150.

Further, even if Samsung is permitted to present a new argument of good faith belief in

invalidity (it should not be), Samsung can do this without referencing IPRs. A witness can testify to their subjective belief without discussing IPRs, and Samsung is also asserting invalidity defenses in this case. There is no reason the jury needs to be told Samsung has also filed IPRs to assess its subjective beliefs, which will only invite a sideshow about IPR proceedings.

> **E.**   **Samsung's Belated Motion to Bifurcate Will Cause Undue Prejudice to Netlist**

Samsung's belated motion, if granted, would cause significant prejudice. Netlist (and presumably Samsung as well) has already invested substantial resources in preparing for a single trial on all issues.  Forcing the parties and the Court to prepare separate trials would only create more work at this point.  In fact, Samsung's bifurcation request will not only burden this Court to hold two separate trials with overlapping evidence but also result in unnecessary costs and burden for witnesses from both parties, including Samsung's own witnesses located in Korea, who have to travel overseas and need the assistance of translators at trial. *See* Dkt. 398 (PTO) at 26 ("Samsung expects that one or more witnesses will testify live in a language other than English."). Having two trials instead of one would also impose enormous additional expense on Netlist, not to mention burdening the jury with two separate proceedings, or forcing a second jury to be empaneled.

Further, Samsung's proposed "fine line" that could purportedly "keep[] out highly prejudicial and irrelevant issues but permit[] Samsung to properly defend itself in this case" makes no sense.  *See* Mtn. at 12.  While Samsung argues that the Court MIL Nos. 6 and 13 should not be applied to prevent Samsung raising its good-faith defense argument, it also argues that the Court MILs should be binding on Netlist.  For example, Samsung asserts that the parties cannot "reference the underlying facts of the CDCA case, including Netlist's allegations about Samsung's supply of memory to Netlist," but as explained above *supra* II.C., to rebut Samsung's license defense and damages analysis based on the JDLA and the SK hynix agreement, it is necessary for Netlist to rely on evidence showing the parties' negotiation history and Samsung's breach.  Samsung, however, did not explain why the Court MILs

are not applicable in its purported separate willfulness trial.  Samsung's disagreement with this Court's Standing Order is not a basis to bifurcate the trial.

### F.      Samsung's Referenced Cases Are Inapposite

Samsung cites to a series of cases to support its request for bifurcation.  Mtn at 9-10.  However, these cases—most of which are out-of-circuit or non-precedential—cannot help Samsung's position.

Samsung argues that bifurcation is appropriate where there is a risk of jury confusion about prior litigation. But the cases Samsung cites involved situations where the prior litigation involved the same parties' patent infringement disputes or claim construction rulings on infringement issues. *Cf. Papst Licensing GmbH & Co., KG v. Samsung Elecs. Co.*, 2018 WL 10127016, at *1 (E.D. Tex. Oct. 25, 2018) (allowing bifurcation of willfulness issue where the defendant sought to rely on pending MDL district court's claim construction of *the same claim* and order granting summary judgment of non-infringement for all accused products in the MDL as a defense to willful infringement); *VirnetX Inc. v. Apple Inc.*, 2016 WL 4063802, at *4-5, 7-8 (E.D. Tex. July 29, 2016) (plaintiff's extensive reference to prior verdict finding certain features of Apple's products infringed some of the plaintiff's patents potentially prejudicial).  In contrast, the C.D. Cal. Action involves the parties' contract disputes, which does not address patent infringement.  There is no analogous risk of confusion in this case.

Similarly, none of the cases Samsung cites ordered bifurcation where the willfulness trial will, as here, be based on evidence largely overlapping with the liability/damages trial. *See supra* 11.; *cf., e.g. VirnetX Inc.*, 2016 WL 4063802, at *5 (finding prejudicial effect may exist because "the jury was tasked with using [the former action] *Apple I* for the purposes affirmed in [Case] 10-cv-417, while at the same time ignoring *Apple I* when determining the reversed findings in [Case] 10-cv-417 and the new infringement and damages issues in [Case] 12-cv-855"); *Ericsson Inc. v. D-Link Corp.*, No. 6:10-cv-473-LED (E.D. Tex. May 24, 2013) (granting bifurcation where the defendant argued that the parties' negotiation history relating to willfulness issue would be irrelevant to liability determination).

- 14 -

The remaining cases Samsung points to bear no relevance to the issues presented here.  Unlike this instant Action, these cases bifurcated *liability* from *damages and willfulness* based on the specific circumstances of those cases or the parties' stipulation. Samsung does not request such bifurcation here, nor does it identify any unusual circumstance justifying the bifurcation.  *Cf. Smartflash LLC v. Apple Inc.*, No. 6:13-cv-447-JRG (E.D. Tex. Sept. 2, 2015) (bifurcating damages trial from liability trial in light of pending interlocutory appeal of the instant action); *Swofford v. B & W, Inc.*, 336 F.2d 406 (5th Cir. 1964) (bifurcating damages and liability and finding the record does not show issues of fact common to liability and damages so as to preclude a separate trial); *Sociedad Espanola de Electromedicina y Calidad, S.A. v. Blue Ridge X-Ray Co, Inc.*, No. 10-cv-159-MR Dkt. 157 (W.D.N.C. Nov. 19, 2015) (motion to bifurcate trial on the issue of liability from issues of damages and willfulness) & *id.* Text Order (W.D.N.C. Dec. 4, 2015) (granting motion to bifurcate where the defendant argued that "this case presents an incredibly rare set of circumstances. Defendants must rely on an invalidity defense [] to defend against the charge of willfulness, but they will not rely on that invalidity argument as a defense to the underlying allegation of infringement"); *SimpleAir, Inc. v. Google, Inc.*, No. 14-cv-11 Dkt. 297 (E.D. Tex. Sept. 25, 2015) (granting joint motion to bifurcate liability from willfulness and damages where the parties *stipulated* to bifurcate); *Mike's Train House Inc. v. Broadway Ltd. Imports LLC*, 2011 WL 1045630, at *3 (D. Md. March 17, 2011) (bifurcating willfulness, induced infringement, and damages from direct infringement); *Univ. of Pittsburgh of Com. Sys. of Higher Educ. v. Varian Med. Sys., Inc.*, 2012 WL 639695, at *1 (W.D. Pa. Feb. 28, 2012) (the "law of the case" required a 3-phase trial).[1]

## IV.    CONCLUSION

For the reasons stated above, Samsung's Motion to Bifurcate Willfulness should be denied.

---

[1] Samsung simply recycled the string cites from its motion to bifurcate submitted in another case, *Image Processing v. Samsung Elec. Co.*, No. 20-cv-50-JRG-RSP, Dkt. 97 at 10 (identical string cites). This Court rejected Samsung's arguments. *Id.* 2020 WL 3315989 at *3 (denying motion to bifurcate).

Dated: March 26, 2023

Respectfully submitted,

/s/ Jason Sheasby

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
jsheasby@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on March 26, 2023, a copy of the foregoing was served to all counsel of record.

/s/ Yanan Zhao
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that a motion to seal this document is being filed contemporaneously pursuant to Local Rules CV-5(a)(7) and CV-7(k).

/s/ Yanan Zhao

Yanan Zhao