# Exhibit 2

[redacted]

1    THE COURT: Be seated, please.

2    This is the time set for pretrial matters before the

3    Court in the case of Netlist Inc. Versus Samsung electronics

4    company limited et al. This is Civil Case No. 2:21-CV-463.

5    The Court will ask for announcements at this time. What

6    says the Plaintiff?

7    MS. TRUELOVE: Good morning, Your Honor. Jennifer

8    Truelove here for Plaintiff. With me today at counsel table

9    we have Mr. Jason Sheasby, Ms. Yanan Zhao and Mr. Michael

10   Rosen we are ready to proceed.

11   THE COURT: Thank you. What's the announcement for

12   the Samsung Defendants?

13   MS. SMITH: Good morning, Your Honor. Melissa Smith

14   on behalf of Samsung. I have many people in the courtroom

15   that have joined me today but what I'd like to do is introduce

16   yourself to those that will be arguing today on behalf of

17   Samsung in the order of argument. Mr. Ruffin Cordell, Mr.

18   Mike McKeon, Ms. Lauren Degnan, Dr. Frank Albert, Mr. Brian

19   live dell Lynn, Mr. Matt Colvin, Mr. Matthew Mosteller, Mr.

20   Tom Reger, and in the back Ms. Katherine Reardon. Your Honor,

21   we also have a client representative in the courtroom today,

22   Mr. Michael Nguyen and we're ready to proceed, Your Honor.

23   THE COURT: All right. Thank you.

24   Counsel, we have a tremendous amount of material to cover

25   in the next two days, and the next two days are the only time

1   I don't think the parties in any way shape, or form engaged
2   what was the consequences of the material breach before the
3   formal termination.
4        And just from a practical standpoint if go to slide eight
5   Mr. Huynh.
6        So this is January of 2018 when they basically say
7   there's zero performance.  They're stopping performing under
8   the contract.  Under New York law, there is a non-trivial
9   question as to whether they are free of patent infringement
10  liability from the point in time when they announced a total
11  non-performance.  That's not a gotcha, that's not sort of a
12  trick for a jury to get confused.  There's a serious material
13  issue as to whether they have the right to take advantage of
14  this commitment not to sue before that date.
15       And that's Exhibit 16 to our opposition on their motion
16  for summary judgment at 9 to 10 if Your Honor has questions
17  about that document.  I'll stand down unless Your Honor has
18  any further questions.
19            THE COURT:  Let me hear from Samsung, please.
20  Huynh.
21            MR. CORDELL:  May I approach, Your Honor in.
22            THE COURT:  You may.
23            MR. CORDELL:  May it please the Court.  Ruffin
24  Cordell for Samsung.
25            THE COURT:  Please proceed.

1  Samsung substantially failed to meet its obligations that you
2  believe gives rise to that damages period in your mind that is
3  what date?
4         MR. SHEASBY:  This is -- if you go to slide 8.
5     We believe it's on -- in January of 2018 there was a
6  lunch meeting and at that lunch meeting they said you get zero
7  more.  You get nothing from us.  And we told them that was not
8  allowed under the contract and then we tried to negotiate with
9  them.
10    I should say that's the first issue.
11    The second issue is that we've taken the position that
12 they had a right to our -- to sort of be relieved from
13 infringement.  I want you to look at this date.  It's January
14 2018 is when they stopped.  February 18th is the date of this
15 email.  But if you go to slide 38, the pleadings they're
16 referring to were before the period of time in which they shut
17 off the spigot so this is an ITC proceeding from October of
18 2017 when we were still hustling with them to get some
19 performance and some product.  It was before the period of
20 time when they substantially shut off their performance.
21    That's the substantial non-performance issue, which is a
22 question of fact under New York law.
23    The second issue is the foundry issue.  If we go to slide
24 10, foundry products are not licensed if they are based on
25 designs, specifications, or working drawings owned by such

1   Well, I've heard considerable argument on these two
2   competing summary judgment motions, and I felt it was
3   important given their impact and significance.
4   Considering the briefing and considering the argument
5   that's presented today, I'm going to deny Plaintiff's motion
6   for partial summary judgment.  I don't think it's supported by
7   Rule 56.  I don't think the Court has a basis to grant it.
8   But I'm going to grant Defendant's motion for summary
9   judgment.  I think it's replete in the record time and time
10  again, both from the terms of the JDLA itself and the
11  affirmative statements made by Netlist, that until July 15th,
12  2020, Samsung had a license defense and after July 15th, 2020,
13  Samsung has no license defense.  And there just does not seem
14  to me to be any material question of fact with regard to that
15  issue, and the repeated affirmative statements by Netlist to
16  various listeners and recipients that the license terminated
17  on July 15th, 2020, just seems to me to be beyond any material
18  dispute.  And I'm going to grant Defendant's motion for
19  summary judgment, Document 196.
20  Now, we've been in here over an hour and a half.  We're
21  going to take a short recess.  I'm aware that the ruling I've
22  just given you may impact some of the other motions that are
23  before the Court.  I want you to meet and confer during the
24  recess about that and I'll hear input from you on that when I
25  return.  Mr. Sheasby, you're on your feet walking to the

1  podium.  I assume you have a question.
2         MR. SHEASBY:  Yeah.  So did you -- did the Court
3  grant summary judgment that the HBM products are foundry
4  products as well?
5         THE COURT:  No.  I don't think there's any fact
6  issue there either.
7         MR. SHEASBY:  Okay.  Thank you, Your Honor.
8         THE COURT:  All right.  Meet and confer on where
9  this takes us after this ruling and I'll hear from you on that
10 when I return.  We'll take a short recess at this time.
11    Court stands in recess.
12                  (Brief recess.)
13         THE COURT:  Be seated, please.
14    Counsel, two things.  Number one, I've been reminded that
15 during my housekeeping instructions to you I didn't expressly
16 say that you each had 30 minutes total to address the venire
17 panel during jury selection.  That's what you have--30 minutes
18 per side.  Nobody asked any questions about it because I
19 assumed that you already knew that, but I'll just make it
20 completely clear that's what my expectation is with regard to
21 voir dire.
22    Secondly, as I've had happen before, Mr. Sheasby got up
23 and asked a question as I was about to get off the bench.  I
24 won't say that I was completely ready for it.  I thought about
25 the question he asked just before I recessed.  I want to

1  clarify the Court's ruling.
2        When I said no to his question, that is correct, and that
3  is what I intended to say--that there are fact issues with
4  respect to whether the HBM products are foundry products,
5  which would determine whether they did or did not fall within
6  the license that existed up until July 15th, 2020.  So I'm not
7  granting summary judgment.  There are fact issues at play
8  there.  So that is a live issue for the jury and an issue to
9  be presented during the trial.  But to the extent they do fall
10 within the license, the license is in place up until January
11 15, 2020 under the JDLA, and that's the basis upon which I'm
12 granting Samsung's motion.  Both sides have conceded on the
13 record that as of -- both sides have conceded on the record
14 that after July 15th, 2020, there is no license defense and
15 the JDLA was terminated, which terminated the license.  So
16 that's I think a complete review of what I've given you so
17 far.  If anybody has any questions about any of those issues,
18 now's the time to ask before we move on.
19            MR. SHEASBY:  Nothing from Plaintiff, Your Honor.
20            THE COURT:  Is that clear to your side, Mr. Cordell.
21            MR. CORDELL:  It is, Your Honor, but I guess I'm a
22 little curious as to what the Court's expectation is on the
23 HBM issue.  It turns out that that is the gravamen of this
24 motion, that the only two patents-in-suit that existed as of
25 the time of the license are the HBM patents.

1  termination, we were saying it was unlawful, we thought the
2  termination even if there was breach it was not material
3  justifying termination.  So during this period of time,
4  subjective intent was of Samsung was that we are being
5  wrongfully denied our license and we're fighting to keep it.
6  And during this period we should point out that there was a
7  jury trial and the jury awarded on December 3rd, 2021 no
8  damages for this breach that Netlist said happened.  That
9  again looks like it's not material if there's no damages then
10 there shouldn't have been a termination.  And so we would say
11 that this entire period through at least the end of the action
12 in California, no reasonable juror could find that we
13 were -- had the subjective intent to deliberately infringe
14 because we are had a license we were fighting to prevent
15 Netlist from taking it away during that entire period.  And I
16 would submit even after while we appealed what we would
17 consider a miscarriage of justice to the Ninth Circuit we
18 still had a good faith belief that you know we have been
19 denied a license that we bought and paid for.  It was a
20 perpetual license and that prevents any sort of reasonable
21 jury from finding infringement both pre- and post suit.
22          THE COURT:  Let me go back a minute since you've got
23 this timeline on the screen.
24      Now, I don't want to limit or backtrack on my prior
25 statement that during the period of licensure Samsung really

1   can't infringe if they're licensed and if they can't infringe
2   they can't willfully infringe.  But I have left open the issue
3   for the jury to decide whether these HBM products are foundry
4   products which would not be covered by the license and
5   therefore there could be subject to infringement.  And if
6   those can be subject to infringement under that construction
7   or scenario, then there's potentially willful infringement.
8          So as to what's covered by the license prior to 2020, I'm
9   satisfied that willfulness is out.  What's not covered by the
10  license prior to 2020 is fair game for willfulness.  And then
11  we had the issue of post-July 15, 2020 up until the time
12  suit's filed.  And I understand your arguments about your
13  sense of justice in the Central District of California and the
14  Ninth Circuit you are entitled to your opinions.  I'm not sure
15  that's dispositive on the issue of willfulness overnot.
16            MS. DEGNAN:  So let me just respond to this issue of
17  products that were foundry products and so I think what we're
18  going to see.
19            THE COURT:  I can see that fight coming I think
20  everybody in the room can see that fight coming.
21            MS. DEGNAN:  But to clarify it's whether any
22  specific model was designed for somebody else and then sold
23  without our brand on it.  So there will be huge SWATs
24  of -- [STKPWHOFRPBLGTS] there will be factual disputes about
25  all that.

1    evidence is actually not relevant to the issue of willfulness
2    because those patents had not inquired and by the time they
3    had issued even if there was some desire to license a patent
4    that was in existence in 2015 that does not mean we had the
5    subjective intent to infringe completely different patents in
6    2020 so I guess I'll leave it with that that's sort of high
7    level response to construction seal's remarks.
8             THE COURT:  All right.  Thank you, counsel.
9        All right.  With regard to Document 200 and Samsung's
10   motion for summary judgment of no willfulness, as to the
11   period prior to July 15th, 2020, and as to what was covered by
12   the license granted through the JDLA, the Court grants summary
13   judgment that there was no willful infringement during the
14   period that whatever was licensed by the JDLA remained
15   licensed by the JDLA up until and through or as of July 15th,
16   2020.  Post-July 15th, 2020, the Court finds that there are
17   material questions of fact under the totality of the
18   circumstances standard imposed on the willfulness
19   determination that preclude the entry of summary judgment, and
20   I'm otherwise going to deny the Defendant's motion.
21       Now, that should cover all of document 200.  We've got a
22   series of motions to strike coming up next we're going to take
23   a short recess and we'll turn to those when I return to the
24   bench.  During this recess I'd like to see Mr. Cordell and Ms.
25   Smith together with Mr. Sheasby and Ms. Truelove in chambers.