# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 2:21-CV-463-JRG ) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., | ) JURY TRIAL DEMANDED ) ) ▆▆▆▆▆▆▆▆▆ ) ) |
| Defendants. | ) |

**PLAINTIFF NETLIST INC.'S PROFFER REQUESTING
ADMISSION OF PX1663 AND PX1756**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 1

III. LEGAL STANDARD ..................................................................................................... 2

IV. ARGUMENT .................................................................................................................. 3

    A. Samsung's Answers to NTS Office Questionnaires Are Relevant to Show Samsung's Willful Infringement After the JDLA Was Terminated ........................... 3

        1. PX1663 ............................................................................................................ 3

        2. PX1756 ............................................................................................................ 5

    B. Judge Gilstrap Heard Argument on and Declined to Strike the Portions of the Expert Reports That Discuss These Submissions ...................................................... 7

    C. Samsung's Submissions to the NTS Office Are Not Hearsay .................................... 8

        3. The Questionnaire Responses Are Admissions of a Party Opponent ............................................................................................................ 8

        4. The Questionnaire Responses Are Business Records .................................. 10

        5. Samsung's Questionnaire Responses Are Not Used to Prove the Truth of the Matter Asserted ..................................................................... 10

    D. Samsung's Responses to the Korea NTS Office Questionnaire Is Not Subject to Court MIL No. 13 ....................................................................................... 10

V. CONCLUSION .............................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Fractus, S.A. v. Samsung Elecs. Co., Ltd.*,
   876 F. Supp. 2d 802 (E.D. Tex. June 28, 2012) ........................................................................ 3

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
   318 F. Supp. 1116 (S.D.N.Y. 1970) ........................................................................................... 3

*Kewazinga Corp. v. Microsoft Corp.*,
   558 F. Supp. 3d 90 (S.D.N.Y. 2021) ......................................................................................... 3

*SynQor, Inc. v. Artesyn Techs., Inc.*,
   No. 2:07-CV-497, 2011 WL 3624957 (E.D. Tex. Aug. 17, 2011), *aff'd,* 709
   F.3d 1365 (Fed. Cir. 2013) ........................................................................................................ 2

*United States v. Ayelotan*,
   917 F.3d 394 (5th Cir. 2019), *as revised* (Mar. 4, 2019) ......................................................... 10

*WCM Indus., Inc. v. IPS Corp.*,
   721 F. App'x 959 (Fed. Cir. 2018) ............................................................................................ 2

**Rules**

Fed. R. Evid. 801 ................................................................................................................. 8, 9, 10

Fed. R. Evid. 803(6) ..................................................................................................................... 10

## I.     INTRODUCTION

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
████████████████████████      █████████████████████████████████
███████████████████████████████████████████████████████████████
████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
██████████████████████████

These questionnaire responses are relevant and admissible evidence to show ████████████████████████████████████████████████

None of these questionnaire responses are hearsay because they are statements by the party opponent and fall within the business record exception.

## II.    BACKGROUND

████████████████████████████████████████████████████████████████

---

[1] Current PX1663 combines original disclosed PX1663 (parent email) and PX1664 (email attachment).
[2] Current PX1756 combines original disclosed PX1756 (parent email) and PX0715 (email attachment).

- 1 -

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████
    █████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████
    ███████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████

### III.    LEGAL STANDARD

Samsung's knowledge of Netlist's patents and pending applications can support a finding of Samsung's willfulness. *See WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 & n.4 (Fed. Cir. 2018) (knowledge of a pending patent application on a technology can support a finding of willfulness). Further, Netlist's disclosures of family patents to Samsung are relevant to show Samsung's knowledge of the patents-in-suit. *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-CV-497, 2011 WL 3624957, at *4 (E.D. Tex. Aug. 17, 2011), *aff'd,* 709 F.3d 1365 (Fed. Cir. 2013) (holding that a "jury could reasonably conclude that [defendant] . . . learned of the [continuation] patent once it issued" based on evidence that "continuation patents are common" and those in the industry "would have recognized that a

continuation application could potentially be filed" on the parent patent.); *Fractus, S.A. v. Samsung Elecs. Co., Ltd.*, 876 F. Supp. 2d 802, 830 (E.D. Tex. June 28, 2012) (upholding jury finding of willfulness where the jury was presented "with both direct and circumstantial evidence" including a presentation given to Samsung that disclosed the technology at issue and cited "the European counterpart patent to the [patent at issue] and the parent application number . . . of the MLV patent family."); *Kewazinga Corp. v. Microsoft Corp.*, 558 F. Supp. 3d 90, 119 (S.D.N.Y. 2021) ("A reasonable jury could find that Microsoft had pre-suit knowledge of the '234 patent because it knew of the '226 and '325 patents, which are in the same patent family as the '234 patent, as well as other patent applications in the same family.").

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

████████████████████████ *See, e.g.*, *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (taking into consideration of factor 5, "[t]he commercial relationship between the licensor and licensee, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promoter"; factor 10, "[t]he nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention"; and factor 11, "[t]he extent to which the infringer has made use of the invention; and any evidence probative of the value of that use).

IV. **ARGUMENT**

    A. **Samsung's Answers to NTS Office Questionnaires Are Relevant to Show Samsung's Willful Infringement After the JDLA Was Terminated**

        1. PX1663

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

- 4 -



Samsung's LRDIMMs are accused of infringement in this case.

2. **PX1756**



- 6 -



**B.    Judge Gilstrap Heard Argument on and Declined to Strike the Portions of the Expert Reports That Discuss These Submissions**

- 7 -



- 7 -

- 8 -

**C.   Samsung's Submissions to the NTS Office Are Not Hearsay**

Samsung's written submissions proffered to show its awareness of a risk of patent infringement and willful infringement is not hearsay.

**3.   The Questionnaire Responses Are AdmissionS of A Party Opponent**

[redacted]



Thus, Samsung's questionnaire responses fall within Rule 801(d)(2) and, therefore, are not hearsay.

### 4. The Questionnaire Responses Are Business RecordS

PX1663 and PX1756 also fall within the business record exception. *See* Fed. R. Evid. 803(6); *United States v. Ayelotan*, 917 F.3d 394, 402 (5th Cir. 2019), *as revised* (Mar. 4, 2019) (finding email record admissible under Rule 803(6)).

### 5. Samsung's Questionnaire Responses Are Not Used to Prove the Truth of the Matter Asserted

In addition, PX1663 and PX1756 are not inadmissible hearsay because Netlist is not relying on them to show "the truth of the matter asserted." *See* Fed. R. Evid. 801(c) (explaining

that a statement is not hearsay if offered for a reason other than proving the truth of the matter asserted).

### D. Samsung's Responses to the Korea NTS Office Questionnaire Is Not Subject to Court MIL No. 13

Judge Gilstrap's December 14, 2022 Standing Order on Motions *in Limine* provides:

<u>Court MIL NO. 13</u>: The parties shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings.

Here, PX1663 and PX1756 are questionnaire responses Samsung provided to the Korean National Tax Service Office (a Korean equivalent of the IRS).[3] ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Thus, Court MIL NO. 13 does not apply to these exhibits.

## V. CONCLUSION

For reasons explained above, the Court should admit Samsung's responses to the Korean National Tax Service questions and Samsung's email to Netlist that attached those responses.

---

[3] For an introduction and explanation of the Korean NTS, see Ex. 8 (https://www.nts.go.kr/english/main.do).

| | |
|---|---|
| Dated: April 4, 2023 | Respectfully submitted,<br><br>*/s/ Jason G. Sheasby*<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>Jason Sheasby (*pro hac vice*)<br>jsheasby@irell.com<br>Annita Zhong, PhD (*pro hac vice*)<br>hzhong@irell.com<br>Thomas C. Werner (*pro hac vice*)<br>twerner@irell.com<br>Andrew Strabone (*pro hac vice*)<br>astrabone@irell.com<br>Yanan Zhao (*pro hac vice*)<br>yzhao@irell.com<br>Michael W. Tezyan (*pro hac vice*)<br>mtezyan@irell.com<br>**IRELL & MANELLA LLP**<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel. (310) 277-1010<br>Fax (310) 203-7199<br><br>Rebecca Carson (*pro hac vice*)<br>rcarson@irell.com<br>**IRELL & MANELLA LLP**<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br><br>**Attorneys for Plaintiff Netlist, Inc.** |

## CERTIFICATE OF SERVICE

I hereby certify that, on April 4, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao