**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:21-CV-463-JRG<br><br>JURY TRIAL DEMANDED<br><br>**Filed Under Seal** |

**PLAINTIFF NETLIST INC.'S PROFFER REQUESTING ADMISSION OF PLAINTIFF'S EXHIBITS PX0446, PX0464, PX0586, PX0621, PX0703, AND PX1778**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 1

III. ARGUMENT .......... 2

A. The Presentations About Netlist's Technologies and Patents Are Relevant to Show Samsung's Willful Infringement after the JDLA Was Terminated .......... 2

1. Netlist's Presentations to Samsung Relating to the '918 and '054 Patents .......... 3

2. Netlist's Presentations to Samsung Relating to the '060 and '160 Patents .......... 9

3. Netlist's Presentations to Samsung Relating to the '339 and '506 Patents .......... 12

4. Presentations on Motivation to Adopt Netlist Patented Technologies .......... 14

B. Judge Gilstrap Heard Argument on and Declined to Strike the Portions of the Expert Reports That Discuss these Presentation .......... 14

IV. CONCLUSION .......... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fractus, S.A. v. Samsung Elecs. Co., Ltd.*,
876 F. Supp. 2d 802 (E.D. Tex. June 28, 2012)....................3, 7, 14

*Halo Elecs., Inc. v. Pulse Elec., Inc.*,
579 U.S. 93 (2016)....................2

*Houston v. Camp Kiowa & Lone Oak Ranch & Retreat*,
2020 WL 5919738 (E.D. Tex. May 22, 2020)....................1

*Kewazinga Corp. v. Microsoft Corp.*,
558 F. Supp. 3d 90 (S.D.N.Y. 2021)....................3

*Netlist, Inc. v. Samsung Electronics Co. Ltd.*,
No. 8:20-cv-993-MCS (C.D. Cal. 2020) ....................2

*SynQor, Inc. v. Artesyn Techs., Inc.*,
2011 WL 3624957 (E.D. Tex. Aug. 17, 2011),
*aff'd,* 709 F.3d 1365 (Fed. Cir. 2013)....................2, 7, 14

*United States v. Cent. Gulf Lines, Inc.*,
747 F.2d 315 (5th Cir. 1984) ....................1

*WCM Indus., Inc. v. IPS Corp.*,
721 F. App'x 959 (Fed. Cir. 2018) ....................2, 7

# I. INTRODUCTION

`Plaintiff Netlist, Inc. ("Netlist") respectfully submits this proffer in support of the admission of evidence regarding presentations Netlist shared with Samsung about Netlist's technology.

1. PX0446 (NL046600; NL046601): Netlist November 8, 2016 email and attachment sent to Samsung showing [REDACTED]
2. PX0464 (SAM-NET00430675): Netlist's April 2015 presentations to Samsung found in Samsung's records, titled [REDACTED]
3. PX0586 (NL007910): September 26, 2019 Email from Samsung employee Neal Knuth to Netlist's employee Steven Yu.
4. PX0621 (SAM-NET00431430): Netlist's July 2014 presentation to Samsung found in Samsung's records [REDACTED]
5. PX0703 (NETLIST_SAMSUNG_ EDTX00189641): October 2008 [REDACTED] made to Samsung.
6. PX1778 (NETLIST_SAMSUNG_EDTX00190485): Netlist April 21, 2015 Email with [REDACTED] prepared for and disclosed to Samsung.

These presentations are discussed at length [REDACTED] None of these presentations are hearsay because they are not presented for the truth of the matter asserted, but instead to establish that the assertions were made to Samsung. FRE 801(c); *see also United States v. Cent. Gulf Lines, Inc.*, 747 F.2d 315, 319 (5th Cir. 1984) ("Evidence introduced to prove merely that notice was given is not offered to prove the truth of the matter asserted therein and, therefore, is not hearsay."); *Houston v. Camp Kiowa & Lone Oak Ranch & Retreat*, 2020 WL 5919738, at *6 (E.D. Tex. May 22, 2020) (same). Nonetheless, a custodian of records declaration from a responsible Netlist employee establishing that these presentations are business records. Ex. 14 (Declaration of C.K. Hong).

# II. BACKGROUND

On November 12, 2015, Netlist and Samsung entered into an agreement to jointly develop

[REDACTED] Ex. 1 (JDLA) at 1. As a result of Samsung's material breach, including Samsung's failure to supply memory module products to Netlist as required by the contract, Netlist terminated the JDLA as of July 15, 2020. Netlist filed a complaint in the Central District of California against Samsung for breach of the JDLA and sought a declaratory judgment that it properly terminated the JDLA because Samsung's material breach. *Netlist, Inc. v. Samsung Electronics Co. Ltd.*, No. 8:20-cv-993-MCS (C.D. Cal. 2020). Judge Scarsi entered judgment in favor of Netlist. Judge Scarsi found that Samsung materially breached its supply obligations, and lost any license it had under the JDLA as of July 2020. Ex. 2 (CDCA Dkt. 186) at 9-10.

Samsung is relying on the JDLA as a license defense to Netlist's patent infringement claims in this Action. During the pre-trial conference, the Court found that factual disputes exist as to whether Samsung's HBM products were licensed under the patents and whether Samsung willfully infringed Netlist's patents after July 15, 2020. Dkt. 426 (Transcript of PTC Day 1) at 80:24-81:5; 168:17-169:4.

## III. ARGUMENT

### A. The Presentations About Netlist's Technologies and Patents Are Relevant to Show Samsung's Willful Infringement after the JDLA Was Terminated

The Federal Courts have "eschew[ed] any rigid formula" for determining willfulness. *See Halo Elecs., Inc. v. Pulse Elec., Inc.*, 579 U.S. 93, 107 (2016). [REDACTED] *See WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 & n.4 (Fed. Cir. 2018) (knowledge of a pending patent application on a technology can support a finding of willfulness). Further, [REDACTED] *SynQor, Inc. v. Artesyn Techs., Inc.*, 2011 WL 3624957, at *4 (E.D. Tex. Aug. 17, 2011), *aff'd,* 709 F.3d 1365 (Fed. Cir. 2013) (holding that a "jury could reasonably conclude that [defendant] . . . learned of the [continuation] patent once it issued" based on evidence that "continuation patents are common" and those in the industry "would have recognized that a

continuation application could potentially be filed" on the parent patent.); *Fractus, S.A. v. Samsung Elecs. Co., Ltd.*, 876 F. Supp. 2d 802, 830 (E.D. Tex. June 28, 2012) (upholding jury finding of willfulness where jury was presented "with both direct and circumstantial evidence" including a presentation given to Samsung that disclosed the technology at issue and cited "the European counterpart patent to the [patent at issue] and the parent application number (U.S. 10/102,568) of the MLV patent family."); *Kewazinga Corp. v. Microsoft Corp.*, 558 F. Supp. 3d 90, 119 (S.D.N.Y. 2021) ("A reasonable jury could find that Microsoft had pre-suit knowledge of the '234 patent because it knew of the '226 and '325 patents, which are in the same patent family as the '234 patent, as well as other patent applications in the same family.").

### 1. Netlist's Presentations to Samsung Relating to the '918 and '054 Patents

The '918 and '054 patents both claim priority to U.S. Patent 8,874,831 (the "'831 patent") and U.S. Patent No. 8,301,833 (the "'833 patent"). Ex. 3 ('833 patent). The provisional application for these patents was filed in June 2007, and the parent '833 patent was issued on October 30, 2012. The '918 and '054 patents are asserted against Samsung's DDR5 memory modules with on-module power management control. [REDACTED] Ex. 4 (Jung Bae Lee Tr.) at 10:13-15. Samsung launched its DDR5 products with on-module power management in 2022. PX0517; *see also* PX0658 (Samsung sales record).

As early as July 2014, Netlist disclosed to Samsung that [REDACTED] PX0621. This document was produced from Samsung's own records on September 2, 2022.

*See* PX0621 (SAM-NET00431430) at 28.

The above presentation makes reference to



PX0884 (SAM-NET00332995) at PDF page 13. Samsung's technical expert also conceded this point:



Ex. 5 (McAlexander Tr.) at 12:13-21.

*Id.* at 80:18-20.

In April 2015, Netlist [REDACTED]. The presentation identified [REDACTED] [REDACTED] *See* PX0464 at 43, 46. This document was produced by Samsung on September 2, 2022.

As another example, on November 6, 2016, upon Samsung's request, Netlist provided a list

. *See* PX0446 (NL046600; NL046601). This document was produced to Samsung on July 16, 2021 in the CDCA litigation, and based on Samsung's insistence that Netlist formally re-produce it in this case, that production occurred on October 20, 2022, before the deposition of any Netlist fact witnesses.

*See* PX0446 (NL046600; NL046601).

The '833 patent discloses an example of a memory module with an on-module second power supply (80) for supplying power to the volatile memory (DRAMs). Ex. 3 ('833) 9:11-15, 9:52-54 ("The memory system 10 and the second power supply 80 may be located on the same printed circuit board 20."). In one embodiment of the '833 patent, power supply 80 of Fig. 1 can be implemented as part of the power module depicted in Fig. 5. *Id.*, 11:14-18. In the example depicted in Fig. 5, the power module comprises four voltage regulators, including three buck converters 122 and 124 and a buck-boost circuit 126. *Id.*, 12:31-43. The '833 patent also teaches that the power module may include "more or less sub-blocks which may comprise other types of converters." *Id.*, 12:66-13:5.

The ’918 and ’054 patents incorporate the specifications of the ’833 patent (and the ’831 patent), and include the same disclosure of the on-module power management inventions. *See* ’918, 25:54-58, 26:30-32, 27:65-28:2, 29:18-31, 29:58-61, Figs. 12 (memory module), Fig. 16 (power module). Given the overlapping disclosures, [REDACTED] *See WCM*, 721 F. App’x 959, 970 & n.4 (knowledge of a pending patent application on a technology can support a finding of willfulness); *SynQor*, 2011 WL 3624957, at *4 (finding knowledge of parent patents are relevant to show knowledge of the continuation patent); *Fractus*, 876 F. Supp. 2d at 830 (upholding jury finding of willfulness where jury was presented “with both direct and circumstantial evidence” including a presentation given to Samsung that disclosed the technology at issue and cited “the European counterpart patent to the [patent at issue] and the parent application number (U.S. 10/102,568) of the MLV patent family”).

Further, in 2019, [REDACTED] PX0586 at 1. This exhibit is highly relevant to [REDACTED]



[redacted]

The President of Samsung Memory confirmed that [redacted]

*See* Ex. 4 (2/1/23 Jung Bae Lee Depo. Tr.) at 38:18-23.

[redacted]

*See id.* (2/1/23 Jung Bae Lee Depo. Tr.) at 38:24-39:23.

By the time the JDLA was terminated on July 15, 2020, Samsung had been briefed on the on-module power management technology in pending patent applications.

### 2. Netlist's Presentations to Samsung Relating to the '060 and '160 Patents[1]

Netlist presented the '060 patent to Samsung in April 2015. The first Samsung product design accused of infringement was not launched until 2016. PX1627; PX0658. Additional infringing designs were first sold in July 2019 (HBM2E) and June 2021 (HBM3). *See* PX0658 (sales record).

In April 2015 Netlist made the following presentation to Samsung.

[1] U.S. Patent No. 9,318,160 and U.S. Patent No. 8,787,060 are from the same family; the '160 patent claims priority to the '060 patent.



*See, e.g.*, PX 1778 (NETLIST_SAMSUNG_EDTX00190485) at 4. The President of Samsung Memory, Dr. Jung Bae Lee, c [2] The presentation was re-produced to Samsung in this litigation before the deposition of any Netlist fact witness.

Samsung's expert has admitted

[2] Ex. 4 (2/1/23 Jung Bae Lee Depo. Tr.) at 48:2-9



Ex. 8 (Robins Tr.) at 21:17-21:1; 23:18-24; 27:20-23; 36:6-10.

In November 6, 2016, [REDACTED] *See* PX0446 (NL046600; NL046601). This [REDACTED] was produced to Samsung on July 16, 2021 in the CDCA litigation, and based on Samsung's insistence that Netlist formally re-produce it in this case, it was produced again on October 20, 2022. During the deposition of Netlist's witness, Mr. Chuck K. Hong, Samsung introduced this document and examined the witness on this document. *See* Ex. 9 (Hong Tr.) at 135:10-137:14 (introducing Exhibits 14 and 15).



After receiving this notice, Samsung launched two new infringing HBM designs in July 2019 (HBM2E) and June 2021 (HBM3). *See* PX0658 (sales record).

Netlist's presentations of its HBM patents and disclosures of their coverage of the HBM products can show that Samsung has been aware of Netlist's patents-in-suit and a risk of patent infringement long before July 15, 2020, and therefore are highly relevant to show Samsung's willful infringement activities after its loss of the license.

**3. Netlist's Presentations to Samsung Relating to the '339 and '506 Patents**

In April 2015, Netlist disclosed its patent portfolio in a presentation to Samsung. Among others, the presentation identified the '870 patent, to which the asserted '339 patent claims priority. *See* PX0464 at 43.



[redacted]

The ’339 and ’870 patents share overlapping specifications. Further, the ’870 patent discloses Fig. 3, which illustrates an exemplary memory subsystem with load-reduced memory modules that enhances the performance and reduces the power requirements of the memory system. Ex. 10 (the ’870 patent) at 5:1-7:3. This is also an embodiment disclosed in the ’339 patent. *Compare* ’870 patent, Fig. 3 (left); ’339 patent, Fig. 3A (right).

FIG. 3

FIG. 3A

Thus, [redacted] *See SynQor*, 2011 WL

3624957, at *4 (finding knowledge of parent patents are relevant to show knowledge of the continuation); *Fractus*, 876 F. Supp. 2d at 830 (upholding jury finding of willfulness based on presentation given to Samsung that disclosed the technology at issue and cited "the European counterpart patent to the [patent at issue] and the parent application number (U.S. 10/102,568)").

**4. Presentations on Motivation to Adopt Netlist Patented Technologies**

In 2008, [REDACTED]

At the pre-trial conference, Samsung sought to strike from an expert report the discussion of this document, on the basis [REDACTED]. The Court denied the motion to strike, after Netlist made clear that the document would be used for the purpose [REDACTED] Dkt. 427 (Transcript of PTC Day 2) at 23:25-25:14; 35:10-36:18; 46:10-13. This document is discussed in the unstricken portion of Netlist's expert reports for this purpose. Ex. 11 (BMS opening report) Exhibit A ¶ 30.

**B. Judge Gilstrap Heard Argument on and Declined to Strike the Portions of the Expert Reports That Discuss these Presentation**

The six presentations and email in this proffer are discussed by Netlist's technical and damages

experts in portions of their report that Judge Gilstrap did not strike over challenges from Samsung.

[redacted]

[redacted]

[redacted]

## IV. CONCLUSION

For reasons explained above, Netlist respectfully requests the Court pre-admit PX0703, PX0446, PX0464, PX0621, PX1778, and PX0586.

Dated: April 4, 2023

Respectfully submitted,

*/s/ Jason Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 4, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Yanan Zhao*
Yanan Zhao