IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CASE NO. 2:21-CV-00463-JRG |
| § | |
| SAMSUNG ELECTRONICS CO., LTD., § | |
| SAMSUNG ELECTRONICS AMERICA, § | |
| INC., SAMSUNG SEMICONDUCTOR, § | |
| INC., § | |
| § | |
| *Defendants*. § | |

# ORDER

The Court held a Pretrial Conference in the above-captioned matter on April 6 and 11, 2023 regarding trial exhibits for Plaintiff Netlist, Inc. ("Netlist") and Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (together, "Samsung"), which case is set for jury selection on April 14, 2023. (*See, e.g.*, Dkt. Nos. 428, 429, 430, 433.) This Order memorializes the Court's rulings on the preadmission of exhibits as announced from the bench and into the record, and includes additional rulings that the Court had carried. While this Order summarizes certain of the Court's rulings as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

Netlist's request to preadmit trial exhibits PX0583, PX0632, PX1673, PX1779, PX585, was **DENIED**. (Dkt. No. 440 at 23:7–8.) The Court made the same ruling for PX0183 and PX0184 (*id.* at 69:18–21), and for PX0588, PX1676, and PX1786 (*id.* at 70:14–17), thus excluding these exhibits.

Netlist's request to preadmit trial exhibit PX1662, was **GRANTED** subject to redaction. (*Id.* at 23:3–4.) The Court made the same ruling for PX1663, PX1664, PX1756, and PX0715, subject to redaction. (*Id.* at 40:5–41:4.)

Netlist's request to preadmit trial exhibit PX1787 was **GRANTED**. (*Id.* at 20:5–6.) The Court also overruled Samsung's objections and preadmitted PX0446, PX0464, PX0586, PX0621, PX1778, and PX1320 (*id.* at 67:4–5); PX708 (*id.* at 78:12–13); PX1656 (*id.* at 81:9–12); and PX1816 and PX1781 (*id.* at 82:6–8).

Samsung's request to preadmit trial exhibits DTX-02, DTX-08, and DTX010 was **DENIED**. (*Id.* at 91:6–7.) The Court made the same rulings for DTX-11, DTX-12, DTX-13, and DTX-15 (*id.* at 94:3–4); DTX-05 (*id.* at 117:10); DTX-25 (*id.* at 118:20–21); DTX-09 (*id.* at 120:9–10); DTX-01 (*id.* at 125:4–11); and DTX-17, DTX-18, DTX-19, DTX-23, and DTX-21 (*id.* at 126:11–13), thus excluding these exhibits.

Samsung's request to preadmit trial exhibit DTX-07 was **GRANTED** subject to redaction. (*Id.* at 101:20–21.) The Court made the same ruling for DTX-14, DTX-27, and DTX-28 subject to redaction. (*Id.* at 105:1–3.)

Samsung's request to preadmit trial exhibit DTX-04 and DTX-26 was **GRANTED**. (*Id.* at 114:1–5; *id.* at 115:3.)

The Court **CARRIED** its ruling on PX0703 and PX0705, which the Court now addresses below.

Regarding PX0703, Samsung objected to its admission on the basis that it is covered by the Court's Order granting Samsung's Motion to Strike Netlist's Late Disclosure of Netlist Products Purportedly Practicing the Asserted Patents and Late Disclosure of Netlist's Conception, Reduction to Practice, and Third Party Disclosure Documents. (Dkt. No. 440 at 55:1–20; *see also*

Dkt. Nos. 126, 195.) Netlist argued that the Court's Order was purely targeted at conception and reduction to practice. (Dkt. No. 440 at 62:5–6.) However, the Court's prior Order (Dkt. No. 195) was not so limited. In that Order, the Court granted Samsung's Motion to Strike (Dkt. No. 126) based on Netlist's failure to comply with the Court's local patent rules. (Dkt. No. 381 at 58:1–15.) The local patent rules require, in part, early disclosure if a party claiming patent infringement wishes to preserve the right to rely, *for any purpose*, on the assertion that its own apparatus, product, device process, method, act or other instrumentality practices the claimed invention. P.R. 3-1(f). PX0703 relates to Netlist's distributed data buffer architecture, which Netlist's expert represented was implemented in its HyperCloud LRDIMM product, and which was covered by the '339 Patent. (*See* Mangione-Smith Opening Report at Ex. A ¶¶19–30, 319–320.) The Court finds PX0703 to be covered by the Court's prior Order (Dkt. No. 195).

Further, for completeness, the Court finds that PX0703, which Netlist later represented "is not the invention" (Dkt. No. 427 at 35:19–21), holds little probative value as to Samsung's alleged willful infringement of the '339 Patent in light of the substantial risk of prejudice and juror confusion, and thus is also excludable under Federal Rule of Evidence 403. Thus, the Court sustains Samsung's objections to PX0703 and **DENIES** Netlist's request to preadmit the exhibit.

Regarding PX705, Samsung objected on the basis that it also is covered by the Court's Order (Dkt. No. 195). (Dkt. No. 440 at 71:5–7.) However, the Court's Order, while noting that Netlist's disclosure of some 30,000 pages of documents at the conclusion of the fact discovery period with intervening holidays was unreasonable, did not wholesale exclude *all* documents produced by Netlist in its November 2022 production. (Dkt. No. 381 at 1–8.) Rather, the Court's Order was constrained by Samsung's Motion to Strike and Netlist's failure to comply with the Court's local patent rules. As for PX705, which Netlist represents relates to its behavior within

JEDEC of disclosing its intellectual property, the Court finds that PX705 is not covered by the Court's Order (Dkt. No. 195). Further, Netlist represents that PX705 makes no reference to litigation between Netlist and Texas Instruments (Dkt. No. 440 at 77:22–23), and so Court Standing MIL No. 13 does not appear to be implicated. Thus, the Court overrules Samsung's objections to PX705 and **GRANTS** Netlist's request to preadmit the exhibit.

**SIGNED this 12th day of April, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE