# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:21-CV-463-JRG |
| vs. | ) |
| | ) |
| SAMSUNG ELECTRONICS CO., LTD., | ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC., SAMSUNG SEMICONDUCTOR, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

## NETLIST'S OPPOSITION TO SAMSUNG'S RENEWED MOTION TO STAY

Samsung's renewed motion to stay this case filed two days before jury selection should be denied. Samsung convinced the PTAB to initiate on the '060/'160 Patents by advancing the position that the term "array die" is not limiting. In contrast, in this case it prevailed on the position that the term "array die" excluded "DRAM circuits." As a result there will be two entirely different constructions pending in the PTAB and this Court and there will be no simplification.

This Court denied Samsung's previous motion for stay (Dkt. 195). Each of the three factors this Court considers—"(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court," *Solas OLED Ltd. v. Samsung Display Co. Ltd.*, No. 2:19-cv-00152-JRG, 2020 WL 4040716, at *1 (E.D. Tex. July 17, 2020) (internal citation omitted)—weighs even more heavily against a stay at this juncture. All Pretrial issues are resolved, the jury has already been summoned, and the Parties are ready for trial. Stopping the entire case in its tracks just before resolution would severely prejudice Netlist and delay justice. It would also waste significant resources and impose immense additional expense by forcing the Parties to prepare for trial a second time. Samsung does not even attempt to address any of these factors in its renewed motion. The request to stay should be denied.

I.  ARGUMENT

    A.  **Netlist Will Suffer Undue Prejudice**

This Court has repeatedly recognized that, when the parties have an imminent trial date, a substantial delay due to IPRs would result in undue prejudice to the plaintiff. *Solas OLED Ltd.*, 2020 WL 4040716, at *2. In *Solas*, the defendant filed its renewed motion to stay about three months before the date set for trial (not 2 days). *Id.* at *1–2. Fact and expert discovery had concluded and the Court had conducted claim construction proceedings, but dispositive and pre-trial motions had not yet been filed. *Id.* The defendant argued that the plaintiff would not be prejudiced because it was a non-

practicing entity and not a competitor to the defendant, and that it should not be "forced to incur the expense and burden of defending against infringement claims based on patents that could be invalidated by the PTAB." *Id.* at *1. This Court rejected the defendant's arguments and held that this factor "weighs heavily against granting a stay." *Id.* at *2. The Court pointed out that the plaintiff would be prejudiced as "given the late stage of litigation, a majority of the costs associated with litigation have already been incurred," and that "permitting a stay would deprive [the plaintiff] of its chosen forum and give [the defendant] a risk-free forum to invalidate the Asserted Patents." *Id.*

In *Chrimar Sys., Inc. v. Adtran, Inc.*, No. 15-cv-618, 2016 WL 4080802, at *2 (E.D. Tex. Aug. 1, 2016), this Court held that the patentee would suffer undue prejudice because a stay could delay the case well beyond the scheduled trial date of January 2, 2017, as the "IPR decision may not be issued until August 18, 2017," "the earliest a final decision would be made as to all of the patents-in-suit would be December 9, 2017," "the August 18, 2017 deadline could be extended by six months for good cause," and the delay "could be further exacerbated if Defendants invoke their right to appeal the PTAB's decision to the Federal Circuit."

Similarly, here, the IPR decisions as to any of Netlist's patents-in-suit may not be issued until at least October 21, 2023, which is more than six months away. A final written decision as to all Netlist's patents in suit would not issue until at least April 2024. Further extension of the IPR proceedings and possible Federal Circuit appeals would also delay Netlist's rights to timely and cost-effective enforcement of its patent rights. *Id.* (citing *Ambato Media, LLC v. Clarion Co., Ltd*, No. 9-cv-242, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012); *Voltstar Technologies, Inc. v. Superior Commc'ns, Inc.*, No. 12-cv-82, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013)).

B.  **This Case Is at an Extremely Advanced Stage**

Samsung filed this motion 2 days before jury selection. This weighs heavily against stay, and this Court routinely denies motions to stay filed much earlier. *Intellectual Ventures I LLC v. T Mobile*

*USA, Inc.*, 2018 WL 11363370, at *2 (E.D. Tex. Dec. 13, 2018) (denying motion to stay 82 days before jury selection); *Realtime Data LLC v. Actian Corp.*, No. 6:15-cv-463-RWS-JDL, 2016 WL 9340796, (E.D. Tex. Nov. 29, 2016) (denying motion to stay filed 186 days before jury selection). *Intellectual Ventures I* is illustrative. In that case, the motion was filed late but still months earlier than Samsung's motion, and the Court explained:

> The Court finds that this case is at an advanced stage. Discovery and claim construction have concluded. The Parties have filed initial and supplemental expert reports and deposed such experts. Dispositive and *Daubert* motions have been filed, and the Court has expended material judicial resources to prepare for the . . . pretrial. Accordingly, the Court finds that **this factor weighs strongly against a stay**.

*Intellectual Ventures I LLC*, 2018 WL 11363370, at *3; *see Realtime Data, LLC v. Rackspace US, Inc.*, 2017 WL 3149142, at *1–2 (E.D. Tex. July 25, 2017) (emphasis added) (denying motion to stay where parties had "expended significant resources in litigating various disputes").

Here, virtually all the work in the case has been completed. Fact and expert discovery were completed months ago, all pretrial disclosures are finished, the Court has resolved all pretrial motions and exhibit disputes in five days of pretrial hearings, and the Parties are fully prepared for trial. Witnesses and attorneys are already present in Marshall and the jurors have been summoned. All that remains is to try the case. The Court also has expended material judicial resources, including with respect to *Markman*, discovery, and resolving all pretrial disputes. Forcing the Parties to come back at a later date to try the case would impose enormous waste and expense. This factor weighs heavily against a stay. *See Chrimar Sys. v. ADTRAN, Inc.*, 2016 WL 11746525, at *2 (E.D. Tex. Dec. 28, 2016) ("The Court is now issuing this Order on the eve of trial. Given these circumstances, the Court agrees with the Magistrate Judge that this factor weighs heavily against a stay").

### C.     A Stay Will Not Simplify The Case

Staying this case pending the instituted IPRs would not substantially simplify issues presented before this Court, because Samsung still asserts section 112 written description defenses as to three

patents and an obviousness defense for the '339 Patent that the Court found was not covered by Samsung's *Sotera* stipulation as to the IPRs. None of these defenses will be resolved in the IPRs and they will still have to be litigated in a later trial.

Further, even with respect to the newly instituted IPRs for the '060/'160 Patents, the issues will not be simplified because the Board is operating under a different claim construction from this Court. This Court construed the term "array die" in the '060 Patent as "array die that is different from a DRAM circuit," finding that "Netlist structurally distinguished 'stacked DRAM circuits' from 'stacked array dies' to obtain the patent." Dkt. 114 at 32. The PTAB has indicated that it will not accept the Court's construction: "Therefore, to the extent there was disclaimer of subject matter during prosecution (see Prelim. Resp. 11–14, 20–23), it would appear to be disclaimer of Rajan137's 'DRAM circuits 206A–D,' not a disclaimer of all memory chips." Dkt. 454-01 at 23-24.

The only scenario in which a stay would possibly simplify the case is if the PTAB invalidated all five patents in suit and the Federal Circuit affirmed all five decisions on appeal, and the Federal Circuit affirmed the PTAB's construction for the '060/'160 Patents, and rejected the Court's. As this Court has recognized, that possibility is inherently speculative and does not support a stay, much less a stay when the Parties are on the courthouse steps: "The Court must always consider that the outcome of any final decision by the PTAB is speculative and look instead to the circumstances that surround the instant action and the issues presented as the Magistrate Judge did here. If not, the Court's analysis would always presume that institution means the claims will be found invalid and therefore simplified by the PTAB's eventual written decision. In other words, the Court must consider both possibilities—the possibility that all asserted claims across all patents are found invalid, and the possibility that that they are not. In the former situation the issues would eventually be simplified, but in the latter they would be significantly complicated." *Chrimar*, 2016 WL 11746525, at *1 (denying stay).

4

## II.      CONCLUSION

For the foregoing reasons, Netlist respectfully requests that Samsung's renewed motion to stay be denied.

Dated: April 13, 2023                                                Respectfully submitted,

/s/ Stephen Payne

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

5

 

_____
***Attorneys for Plaintiff Netlist, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 13, 2023, a copy of the foregoing was served to all counsel of record via CM/ECF.

*/s/ Stephen Payne*
Stephen Payne
