IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:21-CV-00463-JRG |
| § | |
| SAMSUNG ELECTRONICS CO., LTD., § | |
| SAMSUNG ELECTRONICS AMERICA, § | |
| INC.,  SAMSUNG SEMICONDUCTOR, § | |
| INC., § | |
| § | |
| *Defendants*. § | |

# ORDER

Before the Court is Plaintiff Netlist, Inc.'s ("Netlist") Trial Brief Re Samsung's Failure to Disclose any Willfulness Defenses (the "Trial Brief"). (Dkt. No. 450.) Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (together, "Samsung") filed their Response. (Dkt. No. 457.)

In the Trial Brief, Netlist states that "Samsung should be precluded from presenting any defense to willfulness not disclosed in their interrogatory response on willfulness or their 30(b)(6) testimony on willfulness." (Dkt. No. 450 at 1.) Samsung contends that Netlist's "trial brief" is a motion by another name, which is untimely and unsupported. (Dkt. No. 457 at 1–2.)

Netlist could have raised this as a motion for summary judgment at pretrial. It did not. Netlist may raise this issue under Federal Rule of Civil Procedure 50(a) when all the evidence has been presented to the jury. It may not raise this now. This is an untimely motion, at best—or at worst, an intentional effort to backdoor summary judgment post-pretrial. In any event, and to the extent Netlist's Trial Brief seeks affirmative relief from the Court on the cusp of jury selection, such relief is **DENIED**.

**So ORDERED and SIGNED this 13th day of April, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE