# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:21-CV-00463-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC.,  SAMSUNG SEMICONDUCTOR, | § | |
| INC., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Before the Court is the Motion to Quash Trial Subpoenas on Chuck Hong and Scott Milton (the "Motion") filed by Plaintiff Netlist, Inc. ("Netlist").  (Dkt. No. 507.)  In the Motion, Netlist asserts that Netlist's VP of Product Development, Mr. Milton, and Netlist's CEO, Mr. Hong, both reside in California and are employed and regularly conduct business there instead of Texas.  (*Id.* at 1.)  In opposition, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (together, "Samsung") assert that Samsung's subpoenas comply with Rule 45 and should not be quashed.  (Dkt. No. 510 at 3–6.)

Having considered the Motion and the parties' arguments, the Court is of the opinion that the Motion should be and hereby is **GRANTED**.  The Court is not persuaded that Samsung has met its burden to show that either Mr. Hong or Mr. Milton "regularly transact[] business in person" in Texas, as required by Rule 45.  While Mr. Milton's participation in the jury trial may constitute conducting Netlist's business of "licens[ing] our portfolio of intellectual property" and "vigorously enforcing[ing] our patent rights . . ." (Dkt. No. 510 at 3), Samsung has not shown that Mr. Milton's single visit to Texas within the last twelve months (*see* Dkt. No. 507 at 3) rises to the level of

"regularly transact[ing] business in person." *See* Fed. R. Civ. P. 45(c)(1). Further, despite alleging that Mr. Hong "regularly and personally transacts business in Texas" (Dkt. No. 510 at 3), Samsung has not identified any activity indicating that Mr. Hong "regularly transacts business *in person*" in Texas. Thus, even if Mr. Milton and Mr. Hong are officers of Netlist, Samsung has not shown that its subpoenas comply with the geographic limits of Rule 45.

Accordingly, it is **ORDERED** that the subpoena to Mr. Hong and the subpoena to Mr. Milton are **QUASHED**.

This Order does not in any way preclude Samsung's ability to depose Mr. Hong or Mr. Milton in California or otherwise, and to use such deposition at the bench trial set for May 30, 2023.

**So ORDERED and SIGNED this 22nd day of May, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE