UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., <br> Defendants. | Case No. 2:21-cv-463-JRG <br><br> JURY TRIAL DEMANDED <br><br> **Filed Under Seal** |

## PLAINTIFF NETLIST, INC.'S MOTION TO QUASH TRIAL SUBPOENAS ON CHUCK HONG AND SCOTT MILTON

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ........................................................................................... 1

II.    LEGAL Standard ............................................................................................................. 3

III.    ARGUMENT ................................................................................................................... 4

        A.    Samsung's Trial Subpoena on Mr. Hong Should Be Quashed ..................................... 4

        B.    Samsung's Trial Subpoena on Mr. Milton Should Be Quashed ................................... 6

IV.    CONCLUSION ................................................................................................................ 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Harris v. Ross Stores, Inc.*,
 No. 17-cv-00237, 2018 WL 1625647 (E.D. Tex. Apr. 4, 2018) ...........................................4, 6

*Jung v. 24 Hour Fitness USA, Inc.*,
 No. 17-cv-787, 2019 WL 570740 (E.D. Tex. Feb. 12, 2019) ........................................ 4, 5, 6

*Michel v. Ford Motor Co.*,
 No. 18-cv-4738, 2019 WL 718732 (E.D. La. Feb. 20, 2019) .............................................4, 6

**Rules**

Fed. R. Civ. P. 45 .................................................................................................................... 3, 4, 6

On May 8, 2023, Samsung, for the first time, demanded that Netlist's VP of Product Development Scott Milton attend the bench trial and be ready to testify. Given that Samsung had never previously disclosed a need for his testimony, Netlist asked Samsung to explain the subject matter of testimony it desired that was beyond what was already elicited at deposition or at the jury trial.

Instead of providing an explanation, Samsung demanded the attendance of Netlist's CEO Chuck Hong. Given that Samsung had never previously disclosed a need for his testimony and that he was called by deposition at the jury trial, Netlist once again asked Samsung to explain the subject matter of testimony it desired that was beyond what was already elicited at deposition.

Instead of explaining, Samsung served or attempted to serve the trial subpoenas at the homes of Mr. Milton and Mr. Hong. Other than a desire to be vexatious, Samsung has to date never identified a reason why these witnesses need to attend trial.

Both witnesses reside in California and are employed and regularly conduct business there instead of in Texas. The day after the trial subpoena was served, Mr. Hong left for a long-scheduled business trip to Korea between May 13 and June 5, 2023. Mr. Hong has not traveled to Texas within the last year, and Mr. Milton has only traveled to Texas for the jury trial. This bench trial is incredibly important to Netlist, and if there is a clear benefit to the Court hearing live from Mr. Milton, he will appear voluntarily and without the need for an order. But Samsung's behavior, in particular its refusal to explain why it needs live testimony from these witnesses, strongly suggests that live testimony is not necessary.

I.     **FACTUAL BACKGROUND**

Beginning on April 14, 2023, the Court held a jury trial on Netlist's patent infringement claims against Samsung for infringement of U.S. Patent Nos. 10,949,339; 11,016,918; 11,232,054; 8,78,060; and 9,318,160. Netlist's witnesses Mr. Scott Milton testified live, and Mr. Chuck Hong testified by

deposition during the jury trial. On April 21, 2023, the jury entered a verdict finding that Samsung willfully infringed each of Netlist's patents-in-suit. Thereafter, the Court scheduled a bench trial on May 30, 2023, on Samsung's equitable defenses of unclean hands, prosecution laches, and estoppel. Dkt. 486.

On May 8, 2023, Samsung notified Netlist that it wanted to call Mr. Milton as a witness at the bench trial. *See* Ex. 1 (2023-05-08 Livedalen Email) ("Samsung intends to call Mr. Milton as a witness at the May 30th bench trial. Please confirm that Netlist is bringing Mr. Milton to trial."). In response, Netlist asked Samsung to explain the subject on which Samsung intends to examine Mr. Milton that was not already the subject of trial examination or deposition examination. *See* Ex. 1 (2023-05-11 Strabone Email) ("[W]hat is the subject on which you seek to examine Mr. Milton that was not already the subject of trial examination or deposition examination?").

Samsung refused to answer Netlist's question. *See* Ex. 1 (2023-05-11 Livedalen Email). Samsung instead threatened to subpoena Mr. Hong if Netlist did not agree to bring Mr. Milton. *Id.* ("Does Netlist intend to bring Mr. Milton to trial? If Netlist will not voluntarily bring Mr. Milton to trial, Samsung intends to issue trial subpoenas to Mr. Milton and Mr. Hong. Please confirm Netlist's position today. If Netlist is not bringing Mr. Milton to trial, please confirm that you will accept service of a trial subpoenas on Mr. Milton's and Mr. Hong's behalf.").

On the same day, Netlist asked Samsung to explain why it needed to subpoena Mr. Hong to attend trial, given that it had previously presented his testimony by deposition. *See* Ex. 1 (2023-05-11 Strabone Email) ("Brian, what is the subject on which you seek to examine Mr. Hong that was not already the subject of his deposition examination, the deposition examination of one of Netlist's [30(b)(6)] witnesses, or the trial testimony of Mr. Milton?"). Samsung declined to provide any response to Netlist's questions.

On May 12, 2023, Samsung served its notice of service of trial subpoenas to Mr. Hong and

Mr. Milton at their California addresses. Ex. 2 (2023-05-12 Samsung NOS to Milton and Hong). The courthouse is more than 1,500 miles from where Mr. Milton and Mr. Hong are located and regularly conduct their business.

Mr. Hong was personally served on May 12, 2023. However, as Mr. Hong explains in his declaration, his office, where he is employed and regularly conducts business, is located at 111 Academy Way, Suite 100, Irvine, CA 92617. *See* Hong Decl. ¶ 3. Mr. Hong also explained that his place of residence is located in California. *Id.* ¶ 4. In addition, Mr. Hong states that he does not reside in Texas or regularly conduct business here. *Id.* ¶ 6. In fact, he has not visited Texas in the last twelve months. *Id.*

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Hong Decl. ¶ 7. This trip had been planned long before Samsung announced its intent to call Mr. Hong as a witness and before Netlist's received Samsung's trial subpoena. Hong Decl. ¶ 8. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Mr. Milton resides in Irvine, California, and is employed and regularly conduct business in California, and not in Texas. *See* Milton Decl. ¶¶ 3-6. Mr. Milton confirmed that he has "not visited Texas in the last twelve months, other than for attending the jury trial of this Action between April 14, 2023 and April 21, 2023 as Netlist's corporate representative." *Id.* ¶ 6.

II.    **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 45(d), "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A). Specifically, Rule 45(c) requires the place of compliance be either: "(A) ***within 100 miles*** of where the [subpoenaed]

person resides, is employed, or regularly transacts business in person; or (B) **within the state** where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1) (emphasis added). This Court has quashed a trial subpoena served on a witness who is a Vice President when the witness does not reside or regularly conduct business within Texas. *See* Dkt. 432 at 10 (denying Netlist's motion to compel compliance with trial subpoena of Indong Kim and quashing the subpoena even though he traveled to Texas for business).

Further, Rule 45 requires a party "responsible for issuing and serving a subpoena" to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). If a subpoenaing party does impose an "undue burden" on a person subject to the subpoena, the Court "must quash or modify" the subpoena. Fed. R. Civ. P. 45(d)(3)(A)(iv); *see also Jung v. 24 Hour Fitness USA, Inc.*, 2019 WL 570740, at *4 (E.D. Tex. Feb. 12, 2019) (granting the motion to quash subpoena where the subpoenaed witness "will likely not provide significant, relevant testimony and that causing him to appear imposes a burden on [him] and the parties").

### III.  ARGUMENT

#### A.  Samsung's Trial Subpoena on Mr. Hong Should Be Quashed

##### 1.  The Subpoena Exceeds the Geographical Limits Under Rule 45(c)

Samsung's trial subpoena to Mr. Hong is facially defective because it requires him to "comply beyond the geographical limits specified in Rule 45(c)." *See* Fed. R. Civ. P. 45(d)(3)(A)(ii). Although Mr. Hong is an officer of the plaintiff, he does not reside in Texas and is not employed or regularly transacts business in person here. *See* Hong Decl. ¶¶ 3-6. Instead, he resides, is employed, and regularly transacts business in person in California, over 1,500 miles from the Courthouse. *Id.* As such, the trial subpoena served on Mr. Hong must be quashed. *See* Fed. R. Civ. P. 45(d)(3)(A)(ii).; *see also* Dkt. 432 at 10 (denying the motion to compel trial subpoena served on Mr. Kim, who resides and

works in California); *Harris v. Ross Stores, Inc.*, No. 17-cv-00237, 2018 WL 1625647, at *5 (E.D. Tex. Apr. 4, 2018) ("Because the subpoenas require R. Blumenthal, J. Blumenthal, and Blair to travel beyond the geographical limit[] specified in Rule 45(c), the Court finds that Blumenthal's motion to quash should be granted."); *Michel v. Ford Motor Co.*, No. 18-cv-4738, 2019 WL 718732, at *1 (E.D. La. Feb. 20, 2019) (quashing subpoena for trial testimony of a party's employee because "[t]here is no evidence that Mr. Fyie resides, is employed, or regularly conducts business in person in [the State]").

> 2. The Subpoena Will Impose an Undue Burden and Unnecessary Expenses on Mr. Hong

Requiring Mr. Hong to attend the bench trial would impose an undue burden and unnecessary expenses on him.

*First*, Mr. Hong explained in this declaration that he will be traveling overseas between May 13 and June 5, 2023, for business and family reasons. Hong Decl. ¶ 7; *see supra* I. at 3. Requiring him to return from this long-planned trip would cause a significant burden and unnecessary expenses on Mr. Hong himself. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ These meetings are extremely important to Netlist's business. *See* Hong Decl. ¶ 8.

*Second*, during the pretrial conference, the Court instructed:

> Where there's evidence that applies to both the equitable defenses and the issues the jury are asked to decide, I have routinely allowed that evidence to be produced and put on during the trial before the jury, and **when we get to the bench trial that follows the verdict, there's no need to repeat that because I've heard that evidence**.

PTC Tr. Volume I at 222:17-22.

Samsung deposed Mr. Hong in December 2022. Samsung played the deposition testimony of Mr. Hong at the jury trial. *See* Trial Tr. at 1262:11-1270:13. Although asked by Netlist, Samsung has refused to explain why Mr. Hong's deposition testimony is not sufficient, as it was sufficient during the jury trial.

In sum, Samsung cannot show the relevance of Mr. Hong's testimony, the need for him to testify live at the bench trial, or otherwise explain why the benefit of having him testify live at the bench trial outweighs the undue burden and unnecessary costs that Mr. Hong and Netlist will incur. *See Jung*, 2019 WL 570740, at *4 (granting the motion to quash subpoena where the subpoenaed witness "will likely not provide significant, relevant testimony and that causing him to appear imposes a burden on [him] and the parties").

### B. Samsung's Trial Subpoena on Mr. Milton Should Be Quashed

#### 1. The Subpoena Exceeds the Geographical Limits Under Rule 45(c)

Samsung's trial subpoena to Mr. Milton is facially defective because it requires him to "comply beyond the geographical limits specified in Rule 45(c)" as detailed above in Section III.A.1. Although Mr. Milton is an employee of the plaintiff, he does not reside in Texas. In addition, Mr. Milton is not employed in Texas and does not regularly transact business in person there. *See* Milton Decl. ¶ 6. Instead, he resides, is employed, and regularly transacts business in person solely in California, more than 1,500 miles from the place of compliance identified in Samsung's subpoena. *Id.* ¶¶ 3-5. Samsung's trial subpoena to Mr. Milton must be quashed. Fed. R. Civ. P. 45(d)(3)(A)(ii); *see also* Dkt. 432 at 10; *Ross Stores, Inc.*, 2018 WL 1625647, at *5; *Ford Motor Co.*, 2019 WL 718732, at *1.

#### 2. The Subpoena Will Imposes Undue Burden and Unnecessary Expenses on Mr. Milton

Samsung's subpoena on Mr. Milton should also be quashed because it will impose an undue burden on him and require him to incur unnecessary expenses for traveling and leaving his work to attend a trial for the second time.

As Netlist's Vice President of Product Development, Mr. Milton leads Netlist's technical team in charge of product design and development. Mr. Milton was deposed by Samsung during this Action, and he also testified live at the jury trial. As detailed above, the Court has instructed the parties not to repeat the same evidence presented during the jury trial. *See supra* III.A.2; PTC Tr. Volume I

at 222:17-22. Samsung, however, has not explained what additional subjects it intends to examine Mr. Milton on and whether those topics are already covered by his previous deposition or trial testimony. Thus, Samsung has failed to take any reasonable steps to avoid imposing an undue burden on Mr. Milton by serving its vague subpoena without explaining its relevance. *See Jung*, 2019 WL 570740, at *4 (granting the motion to quash subpoena where the subpoenaed witness "will likely not provide significant, relevant testimony and that causing him to appear imposes a burden on [him] and the parties").

## IV.  CONCLUSION

For reasons discussed above, Netlist's motion to quash Samsung's trial subpoenas to Mr. Hong and Mr. Milton should be granted.

Dated: May 15, 2023                                  Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Rebecca Carson (*pro hac vice*)
rcarson@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com

- 7 -

Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on May 15, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Netlist asked counsel for Samsung for a meet and confer on Netlist's motion to quash, but Samsung refused to meet and confer with Nelist.

*/s/ Yanan Zhao*
Yanan Zhao

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that this document is authorized to be filed under seal pursuant to the Protective Order in this action.

*/s/ Yanan Zhao*
Yanan Zhao