**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO.  2:21-CV-00463-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., and  SAMSUNG | § | |
| SEMICONDUCTOR, INC., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Before the Court is Plaintiff Netlist, Inc.'s ("Netlist") Proffer Requesting Admission of Bench Trial Exhibits and That the Court Take Judicial Notice of Samsung's Certain Representations at the Pre-Trial Conference (the "Proffer"). (Dkt. No. 521.) In it, Netlist requests that the Court admit ten (10) exhibits and take judicial notice of six (6) statements made in open court, on the record, at the pre-trial conference preceding the jury trial. (*Id.* at 1–2.) As explained below, the Proffer should be **STRICKEN WITHOUT PREJUDICE**.

On May 19, 2023, Samsung informed Netlist of its intent to move to admit four additional exhibits and sought Netlist's position in accordance with Local Rule CV-7(h). (Dkt. No. 523 at 2.) Local Rule CV-7(h) provides: (1) "[e]xcept as otherwise provided by this rule, a request for court intervention is not appropriate until the participants have met and conferred" and (2) "[f]or opposed motions, the substantive component requires, at a minimum, a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant." Samsung opposes this Proffer. (Dkt. No. 523.)

Thereafter, on May 23, 2023, at 7:40 p.m. CT, Netlist counsel emailed Samsung stating that:

> Netlist intends to file this attached ***motion*** for admission of bench trial exhibits and to request that the Court take judicial notice. Please let us know if you do not oppose Netlist's ***motion***. We plan to get this on file by 11pm CT today.

(Dkt. No. 523 at 3–4 (citing Dkt. No. 523-3 (emphasis supplied)).) The attached draft included a certificate of conference stating that "counsel have conferred via email on the issues raised in the motion. … Samsung opposes Netlist's motion … ." (Dkt. No. 523 at 4; Dkt. No. 523-5 at 8.) Counsel for Samsung responded to this email by proposing that the meet and confer take place the following day. (Dkt. No. 523-4 at 2.)

Netlist filed the present Proffer (Dkt. No. 521) as exactly that, a "proffer," rather than a "motion." Other than the title, the Proffer and the draft motion Netlist sent to counsel appear to be substantially identical. (*Compare* Dkt No. 521, Dkt. No. 523-5.) Netlist filed the Proffer at 11:20 p.m. CT on May 23, 2021 without a certificate of conference.

The Court finds that Netlist's actions fail to comply with the Local Rules. Netlist was aware that they could not file a "motion" without a certificate of conference, so they re-titled it as a "proffer" and filed it without one. Local Rule CV-7(h) provides that "[e]xcept as otherwise provided by this rule, a request for court intervention is not appropriate until the participants have met and conferred." Local Rule CV-7(h). No such exception applies that would warrant filing a "proffer" that would require the Court's intervention, without meeting and conferring with opposing counsel. Moreover, they should have known to file a ***motion*** to obtain additional exhibits under the Standing Order. This is exactly what Samsung did four days prior. Finally, counsel for Netlist are aware that the local rules do not recognize email as an appropriate medium for meeting and conferring. Local Rule CV-7(h).

3

Accordingly, the Proffer should be and hereby is **STRICKEN WITHOUT PREJUDICE**.

Netlist is directed to refile the Proffer as a motion, without delay, and to comply with all relevant

local rules and standing orders.

**So Ordered this**

**May 25, 2023**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE