UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>   Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>   Defendants. | Civil Case No. 2:21cv463-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>PUBLIC VERSION |

**DEFENDANTS SAMSUNG'S RESPONSE AND OPPOSITION
TO PLAINTIFF NETLIST, INC.'S MOTION TO QUASH TRIAL
SUBPOENAS ON CHUCK HONG AND SCOTT MILTON (Dkt. 507)**

██████████████████████████████████████

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  ARGUMENT ...................................................................................................................... 2

     A.   Governing Law ....................................................................................................... 2

     B.   Netlist Has Not Met Its Burden To Quash Samsung's Trial Subpoena to Mr. Hong ......................................................................................................................... 3

     C.   Netlist Has Not Met Its Burden To Quash Samsung's Trial Subpoena to Mr. Milton ....................................................................................................................... 6

     D.   Mr. Hong and Mr. Milton Are Key Witnesses for the Bench Trial ........................ 7

     E.   Netlist Incorrectly Certified That "Samsung Refused to Meet and Confer With Netlist" .................................................................................................................... 8

III. CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gilead Scis., Inc. v. Merck & Co, Inc.*,
    No. 13-cv-04057, 2016 WL 3143943 (N.D. Cal. June 6, 2016), *aff'd*, 888 F.3d
    1231 (Fed. Cir. 2018) .................................................................................................................7

*Hyatt v. Hirshfeld*,
    998 F.3d 1347 (Fed. Cir. 2021) ...................................................................................................7

*Mumphrey v. CVS Pharmacy, Inc.*,
    No. 1:10-CV-124-TH, 2010 WL 11530958 (E.D. Tex. July 9, 2010) ....................................5, 6

*Radio Sys. Corp. v. Lalor*,
    709 F.3d 1124 (Fed. Cir. 2013) ...................................................................................................7

*Sullivan v. Schlumberger Ltd.*,
    No. 4:20-CV-00662, 2021 WL 858384 (E.D. Tex. Mar. 8, 2021) ..............................................3

*Weatherford Tech. Holdings, LLC v. Tesco Corp.*,
    No. 2:17-CV-00456-JRG, 2018 WL 6787357 (E.D. Tex. Nov. 14, 2018) ..................................5

**Statutes**

Governing Law .................................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 11(b), (c) ..................................................................................................................8

Fed. R. Civ. P. 45(c)(1) .........................................................................................................2, 3, 4, 6

Fed. R. Civ. P. 45(c)(1)(B)(i) ...........................................................................................................4

Fed. R. Civ. P. 45(c)(1)(B)(ii) ......................................................................................................4, 6

Fed. R. Civ. P. 45(d)(3) ....................................................................................................................3

Fed. R. Civ. P. 45 ..................................................................................................................... *passim*

Fed. R. Civ. P. 30(b)(6) ....................................................................................................................6

I.  **INTRODUCTION**

Having vigorously opposed any mention of equitable issues in the jury trial, where it brought Mr. Milton as a live witness, Netlist now seeks to avoid live testimony of Mr. Milton or Mr. Hong at the equitable trial. Samsung's subpoenas seeks to ensure that the Court is permitted to see testimony live on key issues in this case. Netlist fails to carry its burden of showing that the two subpoenas should be quashed. The Court, therefore, should deny Netlist's motion to quash Samsung's trial subpoenas to Mr. Hong and Mr. Milton.

Before serving any subpoena, counsel for Samsung wrote to Netlist stating its intention to call Mr. Milton live and asking that Netlist confirm he will attend. As the Court is aware, Mr. Milton was Netlist's only employee to testify at the jury trial in April. Netlist responded but did not commit to bringing Mr. Milton live. Only after this request did Samsung then request Netlist to accept the trial subpoenas at issue in this motion.

Samsung's subpoena to Mr. Hong complies with Rule 45 of the Federal Rules of Civil Procedure, and Netlist has not shown otherwise. First, Mr. Hong personally and regularly transacts business in Texas. Netlist's patent monetization program is a significant portion of Netlist's business, as Netlist's own quarterly and annual filings with the U.S. Securities and Exchange Commission (SEC) make clear. Mr. Hong testified that he exercises ultimate decision-making authority over Netlist's ten lawsuits filed in the last three years. Netlist's claim that Mr. Hong does not conduct business in Texas should be rejected. Likewise, Netlist argues in a conclusory manner that Mr. Hong's deposition testimony played before the jury should be sufficient for the bench trial. But Samsung should be permitted to show Mr. Hong's testimony live, especially given Netlist's prejudicial conduct in reversing its JEDEC essentiality assertions after Mr. Hong's deposition testimony. Mr. Hong is a key witness on the equitable issues in this case, and Netlist's argument makes little sense in any event since the bench trial will address

issues different from those tried before the jury. Lastly, Netlist contends that attending trial would unduly burden Mr. Hong, but Netlist provides no detail or concrete facts in support, and Netlist therefore fails to meet its burden.

Netlist also has not shown that the Court should quash Samsung's subpoena to Mr. Milton. Mr. Milton is an active participant in Netlist's patent monetization business in Texas and has served as corporate technical witness in the one week trial in Marshall. It makes little sense why Mr. Milton could not also testify in the upcoming four-hour trial on equitable issues. Netlist makes the same meritless arguments for Mr. Milton that it does for Mr. Hong—namely, that Mr. Milton's trial testimony should be sufficient even though it related to different issues, and that attending trial would burden Mr. Milton to some unspecified degree.

## II. ARGUMENT

### A. Governing Law

Under Rule 45, a subpoena may command a person to attend a trial as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1). Rule 45 further provides:

On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . .

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); . . . or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3). "The moving party has the burden of showing that compliance with the subpoena[s] would be unreasonable and oppressive." *Sullivan v. Schlumberger Ltd.*, No. 4:20-CV-00662, 2021 WL 858384, at *2 (E.D. Tex. Mar. 8, 2021) (citation and quotation marks omitted).

### B. Netlist Has Not Met Its Burden To Quash Samsung's Trial Subpoena to Mr. Hong

Samsung's trial subpoena to Mr. Hong complies with Rule 45 and should not be quashed. First, Mr. Hong, Netlist's CEO, regularly and personally transacts business in Texas, as required by Rule 45(c)(1). *See* Fed. R. Civ. P. 45(c)(1). Ex. 1 at 32:22-33:13. In the last three years, Netlist has transacted its litigation business through ten cases filed in Texas—five cases in the Eastern District of Texas and six cases in the Western District of Texas. Ex. 2. *See* Ex. 1 at 32:22-33:13.

Netlist's patent litigation is a significant portion of Netlist's business. In its recent quarterly 10-Q report, Netlist described its intellectual property enforcement program when summarizing the nature of its business. Ex. 3 at 7 ("Description of Business . . . We license our portfolio of intellectual property, including patents relating to storage memory systems and subsystems, to companies that implement our technology."). Netlist further explained that "[w]e plan to pursue avenues to monetize our intellectual property portfolio, in which we would generate revenue by selling or licensing our technology, and we intend to vigorously enforce our patent rights against alleged infringers of such rights." *Id.* at 12.

Netlist's financial figures show the significance of patent enforcement to its business. In the first quarter of 2023, Netlist's intellectual property legal fees exceeded its net sales by 23%.

*Id.* at 22 (showing intellectual property legal fees are "123%" of net sales).[1] Netlist's recent jury verdict in this case far exceeds its annual net product sales—which were reportedly $161 million in 2022, $102 million in 2021, $47 million in 2020, and $26 million in 2019. Ex. 4 at 40. In those years, Netlist's intellectual property legal fees were between 5% and 20% of its net product sales. *Id.* at 40; Ex. 5 at 39; Ex. 6 at 41.

Second, Samsung's subpoena meets the additional requirements of Rule 45(c)(1) because Mr. Hong is an officer—namely, Netlist's CEO. *See* Fed. R. Civ. P. 45(c)(1)(B)(i) ("if the person is a party or a party's officer"). In addition, even if Mr. Hong were not an officer, Netlist fails to show that Mr. Hong would incur substantial expense by attending the upcoming bench trial because Mr. Hong's declaration offers only conclusory assertions about speculative consequences flowing from a cancelled or rescheduled business trip. *See* Dkt. No. 507-1 ¶ 8; *see also* Fed. R. Civ. P. 45(c)(1)(B)(ii) ("or [if the person] is commanded to attend a trial and would not incur substantial expense"). Samsung's subpoena to Mr. Hong therefore complies with Rule 45.

None of Netlist's cited authority justifies quashing Samsung's subpoena. *See* Dkt. 507 at 4-5 (first citing Dkt. 432 at 10; then citing *Harris v. Ross Stores, Inc.*, No. 17-cv-00237, 2018 WL 1625647, at *5 (E.D. Tex. Apr. 4, 2018); and then citing *Michel v. Ford Motor Co.*, No. 18-cv-4738, 2019 WL 718732, at *1 (E.D. La. Feb. 20, 2019)). Netlist does not explain how these decisions apply here, and they do not. For example, in none of those cases did the subpoenaed witness have the exclusive and personal type of decision-making authority that Mr. Hong has over Netlist's relevant business activities in Texas. *See* Ex. 1 at 32:22-33:13.

---

[1] Specifically, Netlist's intellectual property legal fees totaled $11,070,000, whereas its net product sales totaled $9,021,000. *Id.* at 4.

4

Further, Netlist and Mr. Hong articulate conclusory labels regarding the burden and expense to Mr. Hong but do not prove any facts to demonstrate such burden and expense. *See Mumphrey v. CVS Pharmacy, Inc.*, No. 1:10-CV-124-TH, 2010 WL 11530958, at *1 (E.D. Tex. July 9, 2010) (denying motion to quash subpoena where plaintiff "fail[ed] to assert a plausible ground for quashing the subpoena"). Netlist suggests it is coincidence that Mr. Hong left for Korea the day after being served with Samsung's subpoena. Dkt. 507 at 1; *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 6787357, at *2 (E.D. Tex. Nov. 14, 2018) (denying motion to quash where the circumstances of the witness's termination were "suspiciously too convenient to be merely coincidental"). Netlist also asserts that Mr. Hong's trip was "planned long before" Samsung's subpoena was served on May 15, 2023, and plans to attend "pre-scheduled meetings" on May 30th, but provides no detailed or concrete facts in support of these assertions. Dkt. 507 at 3. Under these circumstances Netlist's vague and unsupported excuses should not be deemed sufficient to support quashing Samsung's subpoena to Mr. Hong.

Although Netlist asserts that the portions of Mr. Hong's testimony played before the jury should be sufficient, Netlist ignores that it vigorously opposed including equitable issues before the jury. Samsung's presentation of evidence at the bench trial should not be strictly limited to the testimony that it played before the jury where the issues before the Court at the bench trial will be different from those that were before the jury. Mr. Hong's testimony is important to the equitable issues to be presented at the bench trial, and Samsung would be significantly prejudiced if Mr. Hong does not attend.

The Court should deny Netlist's motion to quash Samsung's subpoena to Mr. Hong.

### C. Netlist Has Not Met Its Burden To Quash Samsung's Trial Subpoena to Mr. Milton

Samsung's subpoena of Mr. Milton also complies with Rule 45 and should not be quashed. *See* Fed. R. Civ. P. 45(c)(1) (listing requirements). Mr. Milton is Netlist's Vice President of Engineering and is involved in Netlist's litigation business in Texas. Dkt. No. 507-2 ¶¶ 3, 6-7. For example, Mr. Milton testified at the jury trial in April 2023 and Netlist made Mr. Milton an important witness in this case by designating him as the corporate representative at that trial and as a Rule 30(b)(6) deposition witness. *Id.* ¶¶ 3, 6-7. Mr. Milton attended the six-day jury trial in April without any claim by Netlist that such participation caused him to "incur substantial expense," Fed. R. Civ. P. 45(c)(1)(B)(ii), but Netlist asserts now, without any support or explanation, that Mr. Milton would incur substantial expense in attending the significantly shorter half-day bench trial. Mr. Milton's declaration notably identifies no such "substantial expense." It does not assert, for example, that in order to testify at the bench trial, Mr. Milton would have to take unpaid time off from work—at Netlist—or that Netlist would not reimburse him for the travel expenses (to the extent they exceed the amount remitted with the now-served subpoena).

Netlist argues that Mr. Milton's testimony at the jury trial should be sufficient for the bench trial, *see* Dkt. 507 at 6-7, ignoring that the issues in the bench trial are different from those tried before the jury. Indeed, Netlist vigorously opposed any attempt to include equitable issues in the jury trial. Netlist points to no authority stating that Samsung must be limited to the testimony given at an earlier trial on different issues. *See generally* Dkt. 507. The fact that the Court instructed the parties not to repeat testimony does not mean Samsung is not allowed to present ***any*** examination of Mr. Milton at the bench trial. Netlist thus fails to articulate a sufficient basis to quash Samsung's subpoena to Mr. Milton. *See Mumphrey*, 2010 WL

6

11530958, at *1 (denying motion to quash subpoena where plaintiff "fail[ed] to assert a plausible ground for quashing the subpoena").

### D. Mr. Hong and Mr. Milton Are Key Witnesses for the Bench Trial

Mr. Hong and Mr. Milton's testimony is unquestionably relevant and important to the equitable issues to be addressed at the bench trial. Mr. Hong and Mr. Milton—both of whom were corporate representatives for Netlist in this case, including at the jury trial in the case of Mr. Milton—have information that is directly relevant to Samsung's equitable defenses such as Netlist's JEDEC-related conduct. For example, these two witnesses have information about Netlist's breach of its duty to disclose the '918 and '054 patents to JEDEC, which is grounds for finding equitable estoppel. *See, e.g.*, *Radio Sys. Corp. v. Lalor*, 709 F.3d 1124, 1130-31 (Fed. Cir. 2013). Mr. Hong's and Mr. Milton's knowledge also relates to Netlist's reasons for repeatedly taking the position that the asserted claims of the '918, '054, and '339 patents are essential to JEDEC standards and then, just before and at the jury trial, taking the directly contrary position. This litigation misconduct is grounds for a finding of unclean hands. *See, e.g.*, *Gilead Scis., Inc. v. Merck & Co, Inc.*, No. 13-cv-04057, 2016 WL 3143943, at *27 (N.D. Cal. June 6, 2016), *aff'd*, 888 F.3d 1231 (Fed. Cir. 2018). Mr. Hong and Mr. Milton's knowledge also bears on Netlist's unreasonable and unexplained delay in prosecuting the '918, '054, and '339 patents before the Patent Office, which is grounds for prosecution laches. *See, e.g.*, *Hyatt v. Hirshfeld*, 998 F.3d 1347, 1362 (Fed. Cir. 2021).

Netlist accuses Samsung of withholding the details of what questions Samsung will ask Mr. Hong and Mr. Milton at the bench trial. Dkt. 507 at 1. But Netlist is not entitled to that information, and it identifies no authority supporting its belief that an adverse witness's counsel should be provided with a roadmap to the expected cross-examination as a pre-requisite for a

7

trial subpoena. *See generally id.* This Court should reject Netlist attempts to withhold key witnesses (and even permit them to conveniently leave the country during the bench trial).

### E. Netlist Incorrectly Certified That "Samsung Refused to Meet and Confer With Netlist"

As an initial matter, lawyers generally may not make representations to a court that are factually unsupported or for an improper purpose, and indeed the Federal Rules permit courts to impose sanctions for making such representations. *See* Fed. R. Civ. P. 11(b), (c). In its motion, Netlist "certified" to this Court that "counsel for Netlist asked counsel for Samsung for a meet and confer on Netlist's motion to quash, but Samsung refused to meet and confer with Nelist (sic)." Dkt. 507 at 9 (Certificate of Conference). Netlist's assertion is incorrect because Samsung never refused to meet and confer. During business hours on May 15, 2023 (the date Netlist filed its motion), Netlist lead counsel informed Samsung: "I don't think this requires a live meet and confer because it is not a discovery motion." Ex. 7 at 2. However, ***shortly before 11 PM CT*** that night, a separate attorney for Netlist emailed Samsung counsel the following demand for a meet and confer by 12 PM CT, i.e., the following day:

> Following up on our earlier email, please confirm if Samsung opposes the motion to quash. We plan to file the motion by 12 PM CT and tell the Court that you refuse to meet and confer on the motion to quash trial subpoenas if we don't hear back from you.

*See id.* at 1. Netlist did not wait until 12 PM CT to file the motion, however. Instead, shortly thereafter, just prior to 12 AM CT, Netlist filed and served its motion representing to the Court that Samsung had "refused" to meet and confer. Dkt. 507 at 9. Netlist accused Samsung of "refusing" to meet and confer with no factual basis, and Netlist did not, in good faith, give Samsung any reasonable opportunity to respond. The Court should not condone such baseless accusations, and should not permit Netlist to inaccurately represent the correspondence between the parties leading up to its motion.

8

Furthermore, had Netlist engaged in a meaningful meet and confer, the parties may have resolved this dispute without court involvement. Samsung has proposed a compromise to Netlist, in which Netlist would bring Mr. Milton and not Mr. Hong. This compromise is consistent with Netlist's own representations in its motion to quash. *See, e.g.*, Dkt. 507 at 1 ("[I]f there is a clear benefit to the Court hearing live from Mr. Milton, he will appear voluntarily . . . ."). Furthermore, when Mr. Milton finally accepted service of the trial subpoena on May 20, 2023, he told the process server he already had an airline ticket for the trial. Nevertheless, Netlist has not agreed to Samsung's proposal. Samsung continues to stand behind this offer to resolve this dispute.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Netlist's motion to quash Samsung's trial subpoenas to Mr. Hong and Mr. Milton.

Date: May 22, 2023

Respectfully submitted,

*/s/ Francis J. Albert*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Brian Livedalen
D.C. Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
D.C. Bar No. 1013923
tishman@fr.com
Matthew Mosteller
CA Bar No. 324808

9

███████████████████████████

mosteller@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Katherine Reardon
NY Bar No. 5196910
kreardon@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Matthew Colvin
Texas Bar No. 24087331
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Karolina Jesien
New York Bar No. KJ7292
FISH & RICHARDSON P.C.
Times Square Tower
20th Floor
New York, NY 10036

10

Telephone: (212) 765-5070
Facsimile:  (212) 258-2291

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

Alice J. Ahn
CA 271399 / DC 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Ste. 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile: (415) 591-6091

Brian R. Nester
D.C. Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202)-662-6000

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on May 22, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic email.

*/s/ Francis J. Albert*