UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>        Defendants. | Civil Case No. 2:21cv463-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>PUBLIC VERSION |

**SAMSUNG'S MOTION TO REQUEST THE COURT TAKE JUDICIAL NOTICE OF CERTAIN STATEMENTS MADE DURING THE PRE-TRIAL CONFERENCE**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1
II. FACTUAL BACKGROUND ............................................................................................... 1
III. ARGUMENT ........................................................................................................................ 2
IV. CONCLUSION ..................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ayati-Ghaffari v. Dimon*,
  No. 4:19-CV-00533, 2020 WL 2478541 (E.D. Tex. Jan. 13, 2020) ..........................................4

*BG Gulf Coast LNG, LLC v. Sabine-Neches Navigation Dist. of Jefferson Cnty., Texas*,
  587 F. Supp. 3d 508 (E.D. Tex. 2022) ......................................................................................3

*In re Black Elk Energy Offshore Operations*,
  No. 15-34287, 2021 WL 346226 (S.D. Tex. Feb. 1, 2021) .......................................................3

*Funk v. Stryker Corp.*,
  631 F.3d 777 (5th Cir. 2011) ....................................................................................................4

*Gilead Scis., Inc. v. Merck & Co, Inc.*,
  No. 13-cv-04057, 2016 WL 3143943 (N.D. Cal. June 6, 2016), *aff'd*, 888 F.3d
  1231 (Fed. Cir. 2018) ............................................................................................................2, 3

*Gilead Scis., Inc. v. Merck & Co., Inc.*,
  888 F.3d 1231 (Fed. Cir. 2018)..................................................................................................3

*Luv n' care v. Laurain*,
  606 F. Supp. 3d 337, 423 (W.D. La. 2022)................................................................................3


**Other Authorities**

Fed. R. Evid. 201(b)....................................................................................................................3, 4

Fed. R. Evid. 201(c)..........................................................................................................................4

Fed. R. Evid. 201(d)..........................................................................................................................4

## I.  INTRODUCTION

Plaintiff's counsel made multiple representations to the Court during the parties' pre-trial conference that contradicted the evidence produced during discovery showing that Netlist believes the '339, '918, and '054 patents are essential to practicing certain JEDEC standards. At the upcoming bench trial, Samsung intends to show that those misstatements constitute litigation misconduct that invokes the doctrine of unclean hands. Thus, Samsung respectfully requests that this Court take judicial notice of those statements as evidence to use at the bench trial.

## II.  FACTUAL BACKGROUND

On March 28-29, 2023, this Court held a pre-trial conference concerning the parties' summary judgment motions, *Daubert* motions, motions to strike, and motions *in limine*. Dkts. 414, 420. Subsequently, the Court held a jury trial between April 14 and April 21, 2023. Dkts. 464, 467, 469, 475, 478, 482. On April 27th, after the jury trial concluded, the Court ordered a bench trial set for May 30, 2023 to hear Samsung's equitable defenses. Dkt. 486.

In advance of the May 30th bench trial, Samsung asks the Court to take judicial notice of certain statements from the pre-trial conference as evidence that is directly relevant to Samsung's equitable defense of unclean hands. Specifically, Samsung requests judicial notice of the following statements made by Netlist's counsel (collectively, "Netlist SEP Statements"):

- "MR. SHEASBY: And so the evidence that we will show is that none of these patents are standard essential patents." Ex. 1 (3/28/2023 PTC Tr.) at 142:23-24.

- "MR. SHEASBY: One of the issues that is -- I think Samsung is attempting to inject into this case is sort of a suggestion in front of the jury that we acted improperly with JEDEC. And obviously since standard essentiality is not in this case, we don't believe that any sort of allegations of impropriety in front of JEDEC have a place in front of this jury." Ex. 1 (3/28/2023 PTC Tr.) at 218:16-22.

- "These patents aren't standard essential." Ex. 1 (3/28/2023 PTC Tr.) at 220:16.

1

- "But regardless of whether those two go to the jury on actual notice, we think we -- we intend to present a robust defense to marking because we believe these patents are not standard essential and -- and rely -- and Samsung is using them specifically." Ex. 1 (3/28/2023 PTC Tr.) at 144:25-145:4.

- "The second issue is because the Court had concluded yesterday that no one's making a standard essentiality claim for these patents, any discussion of behavior in JEDEC and patenting the technology that was being developed by JEDEC is just an ad hominem because he agrees that JEDEC -- the patents are not standard essential, and our expert agrees that the patents are not standard essential as well.  So based on that, I don't see any -- listen.  Is it possible to come up with some theoretical way in which the jury could care about the way JEDEC is -- operates and Netlist's role in JEDEC?  Yeah. If you stretch things far enough, they can say, Oh, it relates to damages, it relates to infringement.  But that is so tenuous in comparison to the toxicity of talking to us about copying from JEDEC based on meetings we attended.  There is actually no validity allegation that we copied from JEDEC left in the case.  There's no non-infringement allegation based on JEDEC in the case because these patents are standard essential.  So a clever lawyer will say there's something that this relates to, but any relationship beyond laches and inequitable conduct is so attenuated that I think on the balance of -- the balancing test it should be stricken." Ex. 2 (3/29/2023 PTC Tr.) at 127:16-128:12.

- "MR. SHEASBY: Sure.  These patents are not standard essential.  There's no obligation to disclose a patent that's not standard essential.  There's no allegation from a legal -- in front of the jury that goes to whether we complied with our obligations to JEDEC, because we have no obligations to JEDEC because they're not essential.  The MIL should be granted." Ex. 2 (3/29/2023 PTC Tr.) at 199:25-200:6.

## III.   ARGUMENT

The Netlist SEP Statements are directly relevant to Samsung's equitable defense of unclean hands, which bars Netlist's claims of infringement of the '339, '918, and '054 patent.[1] Litigation misconduct is an act sufficient to invoke the doctrine of unclean hands. *Gilead Scis., Inc. v. Merck & Co, Inc.*, No. 13-cv-04057, 2016 WL 3143943, at *27 (N.D. Cal. June 6, 2016),

---

[1] Samsung's Trial Brief provides additional detail about Samsung's unclean hands defense.

*aff'd*, 888 F.3d 1231 (Fed. Cir. 2018).  Specifically, Netlist engaged in litigation misconduct—repeatedly representing that the '339, '918, and '054 patents are essential to practicing the JEDEC standards only to take the contrary position shortly before and at trial.[2]  *See Gilead*, 888 F.3d at 1246 (recognizing "changing and evasive explanations for why he narrowed the claims" as misconduct supporting unclean hands); *Luv n' care v. Laurain*, 606 F. Supp. 3d 337, 423 (W.D. La. 2022) (finding unclean hands due, in part, to "evasive, false and misleading testimony and misrepresentations").  The Netlist SEP Statements evidence the belated and prejudicial change in Netlist's position on the issue of standard-essentiality.  *See BG Gulf Coast LNG, LLC v. Sabine-Neches Navigation Dist. of Jefferson Cnty., Texas*, 587 F. Supp. 3d 508, 526 n.15 (E.D. Tex. 2022) ("[T]he Court may take judicial notice of 'publicly-available documents and transcripts produced by [government agencies], which were matters of public record directly relevant to the issue at hand.'" (quoting *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011))).

      The Netlist SEP Statements meet the test for judicial notice.  "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Netlist SEP Statements are facts—representations made by Netlist—made before this Court, on the record.  Courts routinely take judicial notice of transcripts.  *See In re Black Elk Energy Offshore*

---

[2] *See, e.g.*, Dkt. 1 at 35-36 (relying on JEDEC standards for '339 patent infringement), 43-45 (same, '918 patent); Dkt. 23 at 42-43 (same, '339 patent), 50-52 (same, '918 patent), 60 (same, '054 patent); 5/4/22 Netlist Infr. Cont., Ex. B at 1, Ex. C at 1, Ex. D at 1 (accusing all Samsung products "that are JEDEC-standard compliant memory modules" of infringing); 12/19/22 Netlist Interrog. Resp. at 46; 11/30/22 Scott Milton Dep. Tr. at 191:22-192:3, 192:25-193:8, 193:23-194:10.

*Operations*, No. 15-34287, 2021 WL 346226, at *5 (S.D. Tex. Feb. 1, 2021) ("Courts frequently take judicial notice of hearing transcripts.").[3]  Because the Netlist SEP Statements were made before this Court and are taken from the official transcript of the pre-trial conference hearing in this specific case, they constitute evidence that may be judicially noticed under the Federal Rules of Evidence.  *See* Fed. R. Evid. 201(b).

Furthermore, the Netlist SEP Statements are a concrete, defined set of statements and Samsung has provided the Court with the necessary information about them.  *See* Fed. R. Evid. 201(c) ("The court: (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.").  Specifically, Samsung has identified, and specifically quoted herein, the precise statements from the pre-trial conference hearing that it intends to use as proof for its equitable defense of unclean hands.  Consequently, there is no impediment to taking judicial notice.  *Id.*; *see also* Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding.").  When pressed, Netlist provided no substantive basis to oppose Samsung's request.  *See* Ex. 3, 5/22/2023 E-mail fr. Sheasby to Reardon (objecting solely on the basis that Netlist believes this motion exceeds the 10-page limit set by the Court for trial briefs in Dkt. No. 486).[4]

---

[3] *See also Funk*, 631 F.3d at 783 ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand."); *Ayati-Ghaffari v. Dimon*, No. 4:19-CV-00533, 2020 WL 2478541, at *5 n.6 (E.D. Tex. Jan. 13, 2020), *report and recommendation adopted*, No. 4:19-CV-533, 2020 WL 1074301 (E.D. Tex. Mar. 6, 2020) (taking "judicial notice of the prior suits . . . [because t]he prior 'proceedings at issue [before the Court] are capable of accurate and ready determination by reference to the record of the case available for public viewing in the Court's CM/ECF or PACER docketing system, and the public record of filings in those cases cannot reasonably be challenged.'" (citation omitted)).

[4] Samsung disagrees with Netlist's position as this motion seeks evidentiary relief, for which the trial brief was not the appropriate vehicle.  In any event, had Netlist agreed to Samsung's request, the issue would have taken up a negligible allotment from its trial brief.  Opposing Samsung's request simply to waste pages in the trial brief allotment is improper.

## IV. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that this Court take judicial notice of the Netlist SEP Statements made at the pre-trial conference in this case.

Date: May 22, 2023                                         Respectfully submitted,

                                                                */s/ Francis J. Albert*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Brian Livedalen
D.C. Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
D.C. Bar No. 1013923
tishman@fr.com
Matthew Mosteller
CA Bar No. 324808
mosteller@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Katherine Reardon
NY Bar No. 5196910
kreardon@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

5

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Matthew Colvin
Texas Bar No. 24087331
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

Karolina Jesien
New York Bar No. KJ7292
FISH & RICHARDSON P.C.
Times Square Tower
20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile:  (212) 258-2291

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:   (903) 934-9257

Alice J. Ahn
CA 271399 / DC 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Ste. 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091

6

███████████████████████████████

Facsimile: (415) 591-6091

Brian R. Nester
D.C. Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202)-662-6000

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on May 22, 2023. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic email.

/s/ Francis J. Albert

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on May 22, 2023. Jennifer Truelove attended for Plaintiff. Melissa Gillam Smith attended for Defendants. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiff indicated that they oppose this motion.

/s/ Katherine H. Reardon