UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>  Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>  Defendants. | Civil Case No. 2:21cv463-JRG<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S OPPOSITION IN PART TO NETLIST INC.'S
MOTION REQUESTING ADMISSION OF PX0176, PX0856, AND PX1790
AND THAT THE COURT TAKE JUDICIAL NOTICE OF SAMSUNG'S
<u>CERTAIN REPRESENTATIONS AT THE PRE-TRIAL CONFERENCE (Dkt. 525)</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1
II. ARGUMENT ........................................................................................................................ 1
    A. The Court Should Not Admit Exhibits PX0856 and PX1790 ................................ 1
        1. The Court Should Not Admit Exhibits PX1790 and PX0856 on Relevance Grounds ................................................................................................... 1
    B. Netlist Fails To Show That the Court Should Take Judicial Notice of Netlist's Identified Portions of the Pretrial Conference Transcript ........................................ 2
    C. Netlist's Accusations About the Parties' Meet and Confer History Are Inaccurate 4
III. CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Other Authorities**

Fed. R. Civ. P. 403 ................................................................................................................1

Fed. R. Evid. 201 ..................................................................................................................3

I.  INTRODUCTION

First, Samsung does not oppose Netlist's request that the Court pre-admit additional exhibit PX0176.  Samsung does, however, oppose Netlist's request to pre-admit additional exhibits PX0856 and PX1790 because they are irrelevant to the issues slated for the upcoming bench trial.  Second, while Samsung agrees it is proper for the Court to take judicial notice of relevant party representations, Netlist's Motion asks the Court to take judicial notice of statements that are irrelevant and constitute improper rebuttal to Samsung's trial brief.  For these reasons, and as explained further below, the Court should deny in-part Netlist's motion.

II.  ARGUMENT

  A.  The Court Should Not Admit Exhibits PX0856 and PX1790

    1.  The Court Should Not Admit Exhibits PX1790 and PX0856 on Relevance Grounds

*PX1790 and PX0856* should not be admitted because they are not relevant.  See Fed. R. Civ. P. 403.  The JEDEC Manual of Organization Procedure requires that patent disclosures identify the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" Ex. 1 at 31.  Netlist indisputably did not disclose the '918 and '054 patents *for DDR5*.  Thus, Netlist's reliance on these documents in attempt to show technical similarities between the different DDR4 and DDR5 standards is of no moment.

Netlist argues ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  Moreover, Netlist does not show how the JC-40 committee's discussion of NVDIMMs relieves Netlist of its obligation to follow the JEDEC procedures and

1

identify its patents *for DDR5*. Likewise, Netlist's assertion ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ has no bearing on whether Netlist made its disclosures for DDR5. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Rather, Netlist appears to be using PX0856 (and its "Motion") as improper rebuttal to Samsung's trial brief—despite this Court's order on trial briefs limiting the parties to ten pages of brief without provision for responses to the other party's trial brief. *See generally* Dkt. 511; *see also* Dkt. 486 at 1 ("The parties are further ORDERED to submit trial briefs, not to exceed ten pages each, on the issues to be taken up at the bench trial. Said briefs shall be submitted to the Court on or before May 22, 2023 at 8:00 a.m.").

For at least the above reasons, the Court should deny Netlist's motion to admit PX1790 and PX0856.

### B. Netlist Fails To Show That the Court Should Take Judicial Notice of Netlist's Identified Portions of the Pretrial Conference Transcript

Although Samsung agrees that it is proper for the Court to take judicial notice of the fact that a party made a representation, the statements for which Netlist's moves are not relevant and, in certain instances, constitute improper rebuttal to Samsung's trial brief.

***Statements about Samsung's position regarding standard essentiality (PTC Tr. V1. at 192:10-12, 192:22-24, 193:6-10 and PTC Tr. V3 at 87:5-16):*** There is no need to take judicial notice of these statements because Samsung's view on standard essentiality is not relevant to any equitable issue before the Court. The relevant question as to standards estoppel and unclean hands *is whether Netlist, the patent owner, believed* its patents are potentially standard essential. Ex. 1 at 32. Samsung's own view is not relevant to Netlist's burden to disclose the patents it believed were essential, nor is it relevant to any prong of Samsung's defenses. In any event, if the Court determines that the statements are relevant, Samsung does not object to the Court

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

taking judicial notice of PTC Tr. V1. at 192:10-12, 192:22-24, and 193:6-10.  As to PTC Tr. V3 at 87: 5-16, this statement is about the admissibility of a document for purposes of the jury trial.  Such statements are not the proper subject matter for judicial notice as judicial notice is reserved for "a fact that is not subject to reasonable dispute."  Fed. R. Evid. 201.

***Statements regarding noninfringing alternatives (PTC Tr. V2 at 72:1-6 and 72:16-25):***
Netlist's request to take judicial notice of these statements is improper for two reasons.  First, Netlist seeks judicial notice of statements regarding non-standard compliant alternatives in an untimely attempt to rebut assertions of prejudice in Samsung's trial brief.  Dkt. 521 at 6-7.  Samsung informed Netlist of all of the statements for which it requested judicial notice on May 19, 2023 so Netlist knew in advance of the trial brief exactly which statements Samsung would rely upon.  But Netlist never cited, much less alluded to, PTC statements regarding noninfringing alternatives in its trial brief.  Netlist's Motion is not the vehicle for Netlist to submit new arguments.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇.

### C.  Netlist's Accusations About the Parties' Meet and Confer History Are Inaccurate

Finally, instead of focusing on the merits of its exhibit arguments for this Motion, Netlist spends nearly two pages attempting to excuse its failure to follow the Standing Order on exhibits set forth by this Court in the first place by inaccurately and selectively recounting the correspondence and meet and confer history.[1] Given that Netlist has now met and conferred on the instant Motion[2] and now complies with the exhibit number limits set forth in the Court's Standing Order, Samsung believes—and represented to Netlist on the parties' May 26, 2023 meet and confer—that it is unnecessary to present the Court with this level of minutiae that has no bearing on the merits of this Motion.  But for the record, Samsung fully disagrees with Netlist's assertions regarding the meet-and-confer process as to Samsung's motion—Samsung fully complied with the Court's meet-and-confer requirements for its own motion to admit exhibits.  Dkt. 519.  Samsung sought Netlist's position on its proposed motion and Samsung's local counsel met and conferred with Netlist's local counsel on that very motion, where Netlist stated it opposed Samsung's motion.  Dkt. 519 at 7.  That should end the matter.

And after Samsung filed its motion (Dkt. 519), Samsung sent correspondence to Netlist that specifically invited Netlist to engage in additional meet and confer activity to further narrow the disputes.  There, Samsung stated it was "available to meet and confer after [Netlist]

---

[1] Standing Order on the Number and Use of Pre-Admitted Exhibits in Cases Assigned to Chief Judge Rodney Gilstrap Involving Allegations of Patent Infringement and/or Breach of FRAND Obligations, as well as Declaratory Judgment Actions Which Relate to the Same (Dec. 14, 2022) ("Standing Order).

[2] Netlist asserts that it made "three requests" to meet and confer on the instant motion before Samsung "agreed to meet and confer at 11AM CT on Friday." Dkt. No. 525 at 4.  Netlist omits that the *two* actual requests for a meet and confer were made between 5:19pm and 7:51pm Central time.  The third communication, sent at 7:05pm Central time, reduced the number exhibits Netlist sought to admit such that Netlist no longer sought to exceed the four-exhibit limit under the Standing Order.  Samsung proposed times to meet and confer at 8:35pm Central time. Ex. 5.

review[ed] [its] Motion" in the hope that Netlist would withdraw its opposition, in whole or in part, and that once Netlist was "prepared to inform [Samsung] of the *grounds for any motion on exhibits [it] intend[ed] to file*, [Samsung would] consider and *be happy to meet and confer on the issue*." Dkt. No. 525-3 (Exhibit 2) (May 22, 2023 Email fr. Reardon to Sheasby) at 1 (emphases added). Netlist did not respond.

### III. CONCLUSION

For the above reasons, the Court should deny in-part Netlist's request to admit PX0176, PX0856, and PX1790 and deny Netlist's request that the Court take judicial notice of certain statements at the Pretrial Conference.

Date: May 28, 2023

Respectfully submitted,

*/s/ Francis J. Albert*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Lauren A. Degnan
D.C. Bar No. 452421
degnan@fr.com
Brian Livedalen
D.C. Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
D.C. Bar No. 1013923
tishman@fr.com
Matthew Mosteller
CA Bar No. 324808
mosteller@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

5

Katherine Reardon
NY Bar No. 5196910
kreardon@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Matthew Colvin
Texas Bar No. 24087331
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

Karolina Jesien
New York Bar No. KJ7292
FISH & RICHARDSON P.C.
Times Square Tower
20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile:  (212) 258-2291

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.

6

██████████████████████████████████

Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

Alice J. Ahn
CA 271399 / DC 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Ste. 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile: (415) 591-6091

Brian R. Nester
D.C. Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202)-662-6000

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on May 28, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Francis J. Albert*
Francis J. Albert