# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 2:21-CV-463-JRG ) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., | ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF NETLIST INC.'S OPPOSED MOTION REQUESTING ADMISSION OF PX0176, PX0856, AND PX1790 AND THAT THE COURT TAKE JUDICIAL NOTICE OF SAMSUNG'S REPRESENTATIONS AT THE PRE-TRIAL CONFERENCE**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ATTEMPTS TO MEET AND CONFER................................................................... 2

III. ARGUMENTS................................................................................................................ 4

    A. Good Cause Exists to Admit Additional Exhibits ....................................... 4

    B. Judicial Notice of Pretrial Conference Transcripts Is Appropriate............................ 5

IV. CONCLUSION ............................................................................................................. 7

I.  **INTRODUCTION**

After the jury entered a verdict in favor of Netlist, finding that Samsung willfully infringed each of Netlist's '339, '918, '054, '160, and '060 patents, the Court set a bench trial on Samsung's equitable defenses (equitable estoppel, prosecution laches, and unclean hands) for May 30, 2023.

Netlist respectfully submits this proffer to request that the Court pre-admit additional exhibits in support of Netlist's response to Samsung's equitable defenses.[1]



1. **PX0176** (NETLIST_SAMSUNG_EDTX00022012):

2. **PX0856** (SAM-NET00158743):

3. **PX1790** (SAM-NET00174879):

Samsung seeks judicial notice of certain portions of the pre-trial record. Dkt. 518. If the Court grants this request, completeness requires the following additional statements to be admitted into the record:



---

[1] Each of these exhibits was produced to or by Samsung during discovery.



The above-referenced exhibits and statements made by Samsung's counsel at the pretrial conference are relevant and important for Netlist to rebut Samsung's equitable estoppel, unclean hands, and prosecution laches defenses at the bench trial.

## II.    ATTEMPTS TO MEET AND CONFER

Netlist apologizes to the Court for filing this brief originally as a proffer instead of a motion. Netlist took this step not to circumvent meet and confer but because Samsung accused Netlist of violating the Court's standing order by not having a motion on file at the time Netlist submitted its Pre-Trial Brief and Netlist was concerned that Samsung was preparing to file a motion alleging violation of the Court's standing order.

Netlist's bench memo requested leave to admit the previously unadmitted exhibits referenced in the brief. *See* Dkt. 511 at 4 fn.1 ("Netlist is attaching to this brief both pre-admitted exhibits and additional exhibits relevant only to the bench trial. Those additional exhibits have an asterisk and have not been pre-admitted. Netlist respectfully moves for leave to admit these at the bench trial.").

Netlist requested that Samsung and Netlist meet and confer and that the parties prepare a joint filing to the Court on exhibits. Netlist made this request on May 22, 2023:



*See* Ex. 2 (2023-05-22 Sheasby Email) at 2. Samsung refused to speak with Netlist on the subject despite a request from Netlist's local counsel to Samsung's local counsel to do just this. Samsung then filed its motion without meeting and conferring. *See* Dkt. 518; Dkt. 519. After filing the motion, Samsung explained its refusal to meet and confer as follows:



Ex. 2 at 1.

On May 23, Netlist prepared a draft of a motion for admission of its bench trial exhibits and sent it to Samsung so that a meet and confer could occur. But that evening, Samsung accused Netlist of being in violation of this Court's standing orders for failing to file a motion at the time of the bench memorandum:



Ex. 3 (2023-05-23 Reardon Email) at 3.

Because Netlist feared that Samsung was imminently preparing to file a motion claiming a violation of the standing order, Netlist filed a proffer immediately in an excess of caution. Samsung claims it was not its intent to threaten a motion. In light of the series of events that occurred with Samsung refusing to meet and confer before filing a unilateral motion, Netlist in good faith believed otherwise. This is not intended as an excuse, only an explanation. Both parties were very keen to get their briefs in front of the Court on the issue of new exhibits.

Netlist provided a draft of this motion two hours after the Court's order seeking refiling. After three requests, Samsung agreed to meet and confer at 11AM CT on Friday and the motion was filed immediately thereafter.

## III. ARGUMENTS

### A. Good Cause Exists to Admit Additional Exhibits

**PX0176**, **PX0856**, and **PX1790** are relevant and important for Netlist to rebut Samsung's equitable defenses.

Samsung's position was clear during discovery—that it does not believe Netlist's patents-in-suit are standard essential, and this is confirmed by its expert reports. However, Samsung now takes the position that Netlist intentionally drafted the claims of the '918 and '054 patents "to better match the standard," Netlist should have disclosed the '918 and '054 patents to JEDEC and offered Samsung a RAND license, and that due to Netlist's failure to do so, Samsung "now faces extreme prejudice as Netlist uses Samsung's DDR5 compliance to extract facially unreasonable and discriminatory rates." Dkt. 509 at 3-4.

Netlist's exhibits directly rebut Samsung's arguments. As detailed in Netlist's bench trial brief (Dkt. 517-1, Corrected Brief), the JEDEC Patent Policy limits any disclosure expectation to the personal knowledge of a committee members' representatives, and explicitly states that the committee members and their representatives have no obligation to search for their patents. Dkt. 519-2 (DTX-02) (JEDEC Manual of Organization and Procedure, JM21S, "JEDEC Patent Policy") § 8.2.3.[2] In addition, the Patent Policy makes clear that "[d]isclosure of a patent is deemed to include all patents claiming priority of a single filing." *Id.* § 8.2.1. **PX0176** shows that Netlist disclosed the '833 and '831

---

[2] "All Committee Members must Disclose Potentially Essential Patents, known to their Representative(s) to be Potentially Essential Patents that are owned or controlled by that Committee Member to the personal knowledge of the Representatives. However, neither Committee Members nor Representatives shall have any obligation to conduct a search for Potentially Essential Patents."

patents—which claim priority to the same filing as the '918 and '054 patents in suit—to JEDEC subcommittee JC-40. *See* **PX0176** at 31, 33. Samsung does not oppose the admission of PX0176.

Samsung contends that Netlist's disclosures of these family patents are insufficient because those were "for the registering clock driver ('RCD') standard for DDR4," which is "unrelated to standardized features of the DDR5 PMIC." Dkt. 509 at 3. However, contrary to Samsung's assertion, JC-40 is the subcommittee that created the JEDEC PMIC specification that Samsung claims to implement. *See* Dkt. 514-11 (identifying JC-40.1 as committee relevant to PMIC specifications). Further, at the JC-40 committee, to which Netlist disclosed its patents, power management of NVDIMMs was discussed explicitly, as shown by **PX1790**. Dkt. 514-10 (PX1790) at 1, 6 ▮

▮ ). And the JEDEC DDR5 PMIC standard applies to NVDIMM as well as other DIMMs. JTX0069 at 13 ▮

▮ ).

**PX0856** also makes clear that the voltage regulation on DIMM feature that was adopted for DDR5 DIMMs was discussed in connection with the register of DDR4 DIMMs. *See* Ex. 1 (**PX0856**) at 5-6 ( ▮

▮ ).

Good cause exists to admit these three exhibits because they are necessary to show that Netlist had no duty to disclose to JEDEC and that if it did have a duty, a proper disclosure was made. The importance of these exhibits could not have been anticipated because it was not fully clear to Netlist that Samsung would claim that the disclosure that was made to JEDEC was insufficient because of the differences between DDR4 and DDR5, which was contrary to the position taken by its experts that DDR5 was simply an extension of DDR4.

### B.     Judicial Notice of Pretrial Conference Transcripts Is Appropriate

Samsung seeks judicial notice of certain portions of the pre-trial record. If the Court grants

this request, completeness requires additional statements to be admitted into the record. *See supra* at 1-2 (listing Samsung counsel's statements during the pretrial conference). If a patent is not standard essential, no RAND obligation exists under JEDEC policies. And therefore Samsung's assertion that the patents are not standard essential confirms there is no RAND obligation. If this is the case, any alleged failure to disclose to JEDEC is irrelevant. Further, because Samsung maintained the position at the pretrial conference that none of the patents-in-suit are standard essential, Samsung cannot claim that it suffered any harm as a result of its reliance on Netlist's alleged representation that any of the patents-in-suit is potentially standard essential.

*First*, Samsung contends in its bench trial brief that Netlist had an obligation to disclose the patents-in-suit to JEDEC with respect to DDR5 standards and that Samsung "relied on Netlist's silence and now faces extreme prejudice as Netlist uses Samsung's DDR5 compliance to extract facially unreasonable and discriminatory rates." *See* Dkt. 509 at 3-4. Samsung also argues that Netlist made misrepresentations to the Court by stating that it does not contend the patents-in-suit are SEPs, and "leveraged its misrepresentation to convince the Court to preclude discussions of Netlist's RAND obligations at trial." *Id.* at 9. However, during the pretrial conference, Samsung repeatedly made representations that none of the patents-in-suit are standard essential, and the Court accepted the parties' undisputed position. *See* PTC Tr. V1. at 192:22-24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); *see also supra* 2.

*Second*, in support of its equitable estoppel and prosecution laches defenses, Samsung asserts that it suffered prejudice based on new contentions that no non-infringing alternative exists: "because the industry has adopted the DDR5 standards, the design of Samsung's DDR5 products are now set"; "Samsung cannot alter its DDR5 memory products and maintain compatibility with the computers, servers, and other systems that use that memory"; and "Samsung and other JEDEC members developed the DDR5 standard with a PMIC component for years while Netlist waited to file its

claims." Dkt. 509 at 4, 7. However, during the pretrial conference, Samsung represented that non-infringing alternatives existed in response to Netlist damages experts' opinions. *See supra* at 2 (quoting PTC Tr. V2 at 72:1-6 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Thus, judicial notice of Samsung's previous representations is important to preclude Samsung from taking inconsistent positions now at the bench trial.

## IV. CONCLUSION

For reasons explained above, Netlist respectfully requests that the Court pre-admit **PX0176, PX0856, and PX1790**, and take judicial notice of statements Samsung made during the pretrial conference that none of the patents-in-suit are standard essential and that Samsung believed that non-infringing alternatives existed.

Dated: May 26, 2023

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, PhD (*pro hac vice*)
hzhong@irell.com
Thomas C. Werner (*pro hac vice*)
twerner@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com

- 7 -

          Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

Rebecca Carson (*pro hac vice*)
rcarson@irell.com
**IRELL & MANELLA LLP**
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on May 26, 2023, a copy of the foregoing was served to all counsel of record.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the parties telephonically met and conferred on May 26, 2023, and Samsung stated that it opposes Netlist's motion to admit PX0856 and PX1790 and Netlist's request that the Court take judicial notice of Samsung counsel's pretrial conference statements.

*/s/ Jason Sheasby*
Jason Sheasby

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document and exhibits attached hereto are authorized to be filed under seal pursuant to the Protective Order entered in this Case.

*/s/ Jason Sheasby*
Jason Sheasby