IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2:21-CV-00463-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., SAMSUNG SEMICONDUCTOR, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

## FINAL JUDGMENT

A jury trial commenced in the above-captioned case on April 14, 2023, and on April 21, 2023, the jury reached and returned its unanimous verdict finding that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (together, "Samsung") infringed at least one asserted claim of each of the presented groups of Asserted Patents;[1] that such infringement was willful; that none of the asserted claims were invalid; and that Plaintiff Netlist, Inc. ("Netlist") is owed a composite reasonable royalty of $303,150,000.00 for Samsung's infringement as to all Asserted Patents. (Dkt. No. 479.)

The Court conducted a separate bench trial on May 30, 2023 regarding Samsung's defenses of prosecution laches, equitable estoppel, and unclean hands. On August 11, 2023, the Court issued Findings of Fact and Conclusion of Law, wherein the Court held that Samsung had not proven any of its equitable defenses, those being 1) the '918 and '054 Patents were unenforceable due to prosecution laches, 2) Netlist is equitably estopped from asserting the '918 and '054 Patents,

---

[1] The Asserted Patents are U.S. Patent Nos. 10,949,339 (the "'339 Patent"), 11,016,918 (the "'918 Patent"), 11,232,054 (the "'054 Patent"), 8,787,060 (the "'060 Patent"), and 9,318,160 (the "'160 Patent").

and Netlist's unclean hands bar its '339, '918, and '054 Patent infringement claims. (Dkt. No. 550.)

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the jury's unanimous verdict and the entirety of the record, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. Samsung has infringed at least one claim among claims 1, 8 and 9 of the '339 Patent;

2. Samsung has infringed at least one claim among claims 1, 5, 13, 16, 18, and 19 of the '918 Patent and claims 16 and 17 of the '054 Patent;

3. Samsung has infringed at least one claim among claims 1, 5, and 7 of the '060 Patent and claim 5 of the '160 Patent;

4. None of the asserted claims is invalid;

5. Samsung's infringement was willful;

6. Netlist is hereby awarded damages from and against Samsung and shall accordingly have and recover from Samsung the sum of $33,150,000.00 U.S. Dollars as a reasonable royalty for Samsung's infringement of the '339 Patent from December 20, 2021 through March 2023;

7. Netlist is hereby awarded damages from and against Samsung and shall accordingly have and recover from Samsung the sum of $147,225,000.00 U.S. Dollars as a reasonable royalty for Samsung's infringement of the '918 and '054 Patents from December 12, 2021 through March 2023;[2]

---

[2] The Court granted Judgment as a Matter of Law of no damages prior to the issue date of January 25, 2022 for the '054 Patent. (Dkt. No. 494 at 1266.)

8. Netlist is hereby awarded damages from and against Samsung and shall accordingly have and recover from Samsung the sum of $122,775,000.00 U.S. Dollars as a reasonable royalty for Samsung's infringement of the '060 and '160 Patents from May 3, 2022 through March 2023;

9. Notwithstanding the jury's finding of willfulness, the Court having considered the totality of the circumstances together with the material benefit of having presided throughout the jury trial and bench trial and having seen the same evidence and heard the same arguments as the jury, and mindful that enhancement is generally reserved for "egregious cases of culpable behavior,"[3] concludes that enhancement of the compensatory award herein is not warranted under 35 U.S.C. § 284 and consequently, the Court elects not to enhance the damages awarded herein;

10. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award,"[4] the Court awards pre-judgment interest applicable to all sums awarded herein, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement through the date of entry of this Judgment;[5]

11. Pursuant to 28 U.S.C. § 1961, the Court awards post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid; and

---

[3] *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016).
[4] *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).
[5] *See Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800–801 (Fed. Cir. 1988).

12. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Netlist is the prevailing party in this case and shall recover its costs from Samsung. Netlist is directed to file its proposed Bill of Costs.

All other requests for relief now pending and requested by either party but not specifically addressed herein are **DENIED**.

**So ORDERED and SIGNED this 11th day of August, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE