UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>    Defendants. | Civil Case No. 2:21cv463-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' SUR-REPLY TO
<u>PLAINTIFF'S MOTION FOR AN ONGOING ROYALTY (DKT. 563)</u>**

**TABLE OF CONTENTS**

I. Nothing in *Genband* Makes Netlist's Request Procedurally Proper .................................. 1

II. The Court Should Defer Any Ongoing Royalty Determination ......................................... 2

III. The Record Supports No Ongoing Royalty in Any Amount, Much Less the Jury's Implied Royalty Rate ................................................................................................ 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Erfgmsh'ft UroPep GbR v. Eli Lilly & Co.*,
    No. 2:15-cv-1202, 2017 WL 3034655 (E.D. Tex. July 18, 2017)..........................................1, 5

*OPTi Inc. v. VIA Techs., Inc.*,
    No. 2:10-CV-00279-JRG, 2015 WL 417193 (E.D. Tex. Jan. 30, 2015)....................................1

*CommScope Techs. LLC v. Dali Wireless Inc.*,
    No. 3:16-CV-00477-M, 2022 WL 4390637 (N.D. Tex. Sept. 22, 2022)...................................1

*Creative Internet Advert. Corp. v. Yahoo! Inc.*,
    674 F. Supp. 2d 847 (E.D. Tex. 2009)....................................................................................4

*Genband US LLC v. Metaswitch Networks Corp.*,
    No. 2:14-CV-33-JRG, 2018 WL 11357619 (E.D. Tex. Mar. 22, 2018)...............................1, 2

██████████████████████████████████████

The Court should deny Netlist's motion as procedurally improper, and because Netlist has come nowhere close to carrying its burden to show that the equities favor an ongoing royalty.

## I. Nothing in *Genband* Makes Netlist's Request Procedurally Proper

Netlist misapprehends *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG, 2018 WL 11357619 (E.D. Tex. Mar. 22, 2018), which is not on-point.  Before the *Genband* court entered judgment, it scheduled a post-judgment bench trial on certain equitable issues, including the plaintiff's request for an injunction.  *See* 2018 WL 11357619, at *18.  After denying said injunction, the *Genband* court reasoned that the plaintiff's alternative request for an ongoing royalty was timely.  *Id.*  Here, on the other hand, the Court ordered that equitable issues (an ongoing royalty lies in equity) be tried to the bench ***prior to the judgment***.  *See* Dkt. 486; Dkt. 551.  With those issues resolved, the Court entered final judgment and specifically denied "[a]ll other requests for relief now pending and requested by either party but not specifically addressed herein."  Dkt. 551 at 4.

Netlist was on notice that requests for equitable relief should have been presented before final judgment.  Unlike in *Genband*, the Court never indicated that ***any*** equitable requests would be taken up post-judgment, thus making the Final Judgment's denial of all remaining relief dispositive.[1]  Netlist has forfeited the relief requested in its motion.

---

[1] Other decisions by district courts have similarly turned on the parties' compliance (or lack thereof) with a district court's scheduling instructions.  *Compare Genband*, 2018 WL 11357619, at *18 (discussing bench trial on equitable issues to be held after judgment) *and Erfgmsh'ft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-cv-1202, 2017 WL 3034655, at *2 (E.D. Tex. July 18, 2017) (Bryson, USCJ) (explaining that the Court had informed the parties "before the judgment was entered, that [it] would address the issue of ongoing royalties in an amended judgment following the parties' briefing of that issue"), *with CommScope Techs. LLC v. Dali Wireless Inc.*, No. 3:16-CV-00477-M, 2022 WL 4390637, at *4 (N.D. Tex. Sept. 22, 2022) ("[T]he proper time to seek post-verdict damages and an accounting would have been as part of post-trial motions . . . so it could be incorporated into the Judgment.") *and OPTi Inc. v. VIA Techs., Inc.*, No. 2:10-CV-00279-JRG, 2015 WL 417193, at *2 (E.D. Tex. Jan. 30, 2015) (stating the ongoing royalty

## II. The Court Should Defer Any Ongoing Royalty Determination

Netlist presses for an ongoing royalty now, Dkt. 579 at 2-5, even though (1) the Ninth Circuit has reversed the C.D. Cal. judgment that terminated Samsung's license to the asserted patents, *see* Dkt. 582; (2) the PTAB found all the '339 patent's claims unpatentable, *see* Dkt. 576-4; and (3) the PTAB will issue final written decisions on the '918 and '054 patents shortly in December 2023, *see* Dkt. 112-1; Dkt. 112-2, and on the '060 and '160 patents in April 2024, Dkt. 454-1. Netlist invites this Court to ignore these developments. Dkt. 579 at 4.

As an initial matter, Netlist barely addresses Samsung's proposal that (should the Court not find the issue forfeit) the parties should negotiate amongst themselves, and only if those negotiations fail, approach the Court. *Compare* Dkt. 572 at 5-6, *with* Dkt. 579 at 2-3. Netlist instead relies on "the general right of patent owners to timely enforcement of their patent rights" and cites cases that do not mention ongoing royalties. *See id.* (citing cases). Netlist's cited cases' superficial endorsements of timeliness do not endorse ongoing royalties, let alone accelerated proceedings when (1) Netlist bears the burden of proof on remand in the C.D. Cal. case that will likely moot these proceedings; and (2) the PTAB has already held some asserted claims unpatentable and will rule on the remaining claims soon. Further, Netlist does not dispute that Samsung can satisfy the judgment resulting from this case. *Compare* Dkt. 572 at 5, *with* Dkt. 579 at 2-3. Thus, prejudice to Netlist, if any, is far outweighed by the unfair prejudice to Samsung from an ongoing royalty award that does not reflect a hypothetical negotiation.

As to the effect of the Ninth Circuit's reversal of the C.D. Cal. judgment (that incorrectly held Samsung's license was terminated), Netlist erroneously asserts that Samsung "did not assert" its license defense in this case. Dkt. 579 at 2. Samsung pled its JDLA-based license

---

"motion [under Rule 59(e)] is not the proper vehicle for rehashing . . . legal theories or arguments that could have been offered or raised before the entry of judgment").

2

defense in its Answers, Dkt. 15 at 25-27; Dkt. 25 at 40-43, and moved for summary judgment thereon, Dkt. 196.  As discussed in other briefing, Samsung's motion was necessarily limited to products sold before July 15, 2020, because of issue preclusion based on C.D. Cal.'s judgment, and preserved its defense for post-July 15, 2020 sales.  Dkt. 196 at 21 n.9; *see also* Dkt. 290 at 1 n.1; Dkt. 255 at 1, 5; Dkt. 345 at 1 & n.1.  Netlist takes a quote out of context to suggest that Samsung "unequivocal[ly] and unconditional[ly]" changed its position and abandoned its license defense for products sold after July 15, 2020, but Samsung never changed its position.  PTC Tr. vol. 1 at 25:15-19; *see also id.* at 40:1-3 (stating the accused products "are licensed if, in fact, the license was terminated on July 15, 2020," reflecting C.D. Cal.'s judgment); *id.* at 154:15-21 (stating Samsung believed throughout the Ninth Circuit appeal that it was "denied a license that [it] bought and paid for, it was a perpetual license," thus showing consistency in Samsung's position).  Moreover, Netlist fails to explain why the Court may not consider the new development of the Ninth Circuit's ruling in the context of ongoing royalties—an equitable determination that balances equities based on current facts, including Samsung's license.

Netlist is also incorrect that Samsung is estopped from asserting its license defense.  Dkt. 579 at 2.  As Samsung's recent briefing (Dkt. 576, Dkt. 583) explains, Samsung consistently stated to the Ninth Circuit that Netlist's patent license to Samsung in the JDLA was not "limited to" the parties' joint development project.  Dkt. 579 at 2.  That Netlist granted the license "in connection with" the joint development project does not mean the license was "limited to" that project—nor would that concession make sense in view of the express terms of the JDLA that (1) ██████████████ and (2) ████████████████████ ████████████  Dkt. 196-1 at § 8.2.  In any event, this Court has already held that the Licensed Products are not limited to joint developed products.  Dkt. 432 at 2.

3

### III. The Record Supports No Ongoing Royalty in Any Amount, Much Less the Jury's Implied Royalty Rate

The Court should deny any ongoing royalty, at least for the reasons stated in Samsung's motion for JMOL or new trial. Dkt. 561. Further, the Ninth Circuit has reversed the C.D. Cal. judgment that terminated Samsung's license to the asserted patents, rendering any ongoing royalty inappropriate. *See* Dkt. 576-1.[2] Netlist also fails to rebut that its damages theory at trial was fatally flawed, *compare* Dkt. 572 at 6-7, *with* Dkt. 579 at 3-5, and yet Netlist asks this Court to ignore[3] the only supported royalty rate in the record offered by Mr. Meyer. Dkt. 579 at 3-4. Because Netlist leaves the Court with no viable royalty option, it cannot carry its burden. *Creative Internet Advert. Corp. v. Yahoo! Inc.*, 674 F. Supp. 2d 847, 855 (E.D. Tex. 2009).

Netlist's reply does not materially dispute Netlist's near-total failure to establish an absence of colorable differences between unadjudicated products to be released many years into the future on which Netlist seeks a royalty, *see* Dkt. 572 at 8 n.2, and the products addressed by the verdict. *Compare* Dkt. 572 at 6 (describing such failure), *with* Dkt. 579 at 3–5. Nor does Netlist muster any legal authority that might support its fatally flawed damages theory (which improperly assumed that Samsung would agree to pay 100% of revenue, rather than 100% of profits, on accused products, *see* Dkt. 572 at 6). As Samsung's JMOL/new trial motion explains, that approach was improper as a matter of law, and should be set aside. Any ongoing royalty awarded must comport with legal requirements.

---

[2] The PTAB has also invalidated all the '339 patent's claims, barring any ongoing royalty relating to with that patent. *See* Dkt. 576-4.

[3] Netlist similarly asks this Court to ignore the JEDEC standards, pending IPRs, and the parties' litigation in C.D. Cal. and the Ninth Circuit, but it cites nothing requiring the Court to do so. Dkt. 579 at 4. Such evidence plainly impacts the parties' post-verdict bargaining power, regardless of whether the jury heard it, and should be accounted for.

4

███████████████████████████████████████████

Netlist ignores the evidence of its diminished bargaining power at a post-verdict hypothetical negotiation. Netlist fails to explain why ████████████████████████ ████████████████████████████████████████. ████████████████ ████████████████ in no way justifies maintaining a disproportionately high ***per unit ongoing royalty rate***. Dkt. 579 at 5. Netlist's cherry-picked sales numbers (which Netlist makes no effort to place in context, Dkt. 579 at 5) do not ███████████████████████, and Netlist's blunt citation to "economies of scale" does not overcome the simple fact that the aging accused products simply have less value or can become obsolete in a fast-moving marketplace. Netlist also has no substantive response to the robust evidence of non-accused technology in the proposed royalty-bearing products; it does not even attempt to demonstrate that the absence of such evidence before the jury was legally warranted. *See* Dkt. 579 at 4.

Instead, Netlist's reply shows that its "three principal reasons" for increasing an ongoing royalty award lack merit. *See* Dkt. 563 at 6-13. Netlist's first reason (impact of the verdict) no longer has any weight following the Ninth Circuit's decision and the PTAB's invalidation of the '339 patent. Also, any such shift is legally suspect given that a hypothetical negotiation already assumes infringement and validity. *Compare* Dkt. 572 at 10-11 & n.3, *with* Dkt. 579 at 4. Netlist abandons its second reason (that Samsung "critically" "needs" Netlist's technology) after Samsung showed that Netlist misstated the record. *See* Dkt. 563 at 7-8 (Netlist falsely stating it was "unrebutted" that "Samsung needs Netlist's technology"); Dkt. 572 at 11-12 (Samsung's expert's trial testimony rebutting Netlist's argument). As for Netlist's third reason (willfulness), Netlist offers no response to Samsung's *Read* factor analysis, and fails to address *UroPep*. Dkt. 579 at 5. As *UroPep* explains, willfulness is no basis for setting an ongoing royalty where, as here, the plaintiff obtained no injunction and stands to benefit from the defendant's continued sales, *UroPep*, 2017 WL 3034655, at *9. Any royalty increase is unsupported.

Dated: December 1, 2023                                    Respectfully submitted,

                                                           /s/ Michael J. McKeon

| | |
|---|---|
| Melissa Smith | Ruffin B. Cordell |
| GILLAM & SMITH LLP | TX Bar No. 04820550 |
| 303 S. Washington Ave. | cordell@fr.com |
| Marshall, Texas 75670 | Michael J. McKeon |
| Telephone: (903) 934-8450 | D.C. Bar No. 459780 |
| melissa@gillamsmithlaw.com | mckeon@fr.com |
| | Lauren A. Degnan |
| Brian R. Nester (Admitted *Pro Hac Vice*) | D.C. Bar No. 452421 |
| bnester@cov.com | degnan@fr.com |
| D.C. Bar No. 460225 | FISH & RICHARDSON P.C. |
| Peter Swanson | 1000 Maine Avenue, SW |
| pswanson@cov.com | Washington, DC 20024 |
| D.C. Bar No. 497348 | Telephone: (202) 783-5070 |
| R. Jason Fowler | Facsimile: (202) 783-2331 |
| D.C. Bar No. 990358 | |
| jfowler@cov.com | Francis J. Albert |
| COVINGTON & BURLING LLP | CA Bar No. 247741 |
| One CityCenter, 850 Tenth Street, N.W. | albert@fr.com |
| Washington, D.C. 20001 | FISH & RICHARDSON P.C. |
| Telephone: (202) 662-6000 | 12860 El Camino Real, Ste. 400 |
| Facsimile: (202) 662-6291 | San Diego, CA  92130 |
| | Telephone: (858) 678-5070 |
| Alice Ahn (Admitted *Pro Hac Vice*) | Facsimile: (858) 678-5099 |
| California State Bar No. 271399 | |
| aahn@cov.com | Thomas H. Reger II |
| COVINGTON & BURLING LLP | Texas Bar No. 24032992 |
| 415 Mission Street, Ste. 5400 | reger@fr.com |
| San Francisco, CA 94105 | FISH & RICHARDSON P.C. |
| Telephone: (415) 591-7091 | 1717 Main Street, Suite 5000 |
| Facsimile: (415) 591-6091 | Dallas, Texas 75201 |
| | Telephone: (214) 747-5070 |
| | Facsimile: (214) 747-2091 |

*Attorneys for Defendants Samsung Electronics Co., Ltd.;*
*Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on December 1, 2023.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by electronic mail.

*/s/ Michael J. McKeon*
Michael J. McKeon