UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>        Defendants. | Civil Case No. 2:21cv463-JRG<br><br>**JURY TRIAL DEMANDED** |

## SAMSUNG'S RENEWED MOTION TO STAY

In well-reasoned, thorough opinions, the PTAB has now found unpatentable all of the claims that the jury found infringed in this case. Although Netlist presumably will appeal these adverse decisions (it has filed a notice of appeal for one of the patents), it would be highly inefficient for the Court and the parties to continue to litigate the post-trial motions in this case while the Federal Circuit addresses Netlist's challenges to the PTAB's fine work. Accordingly, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (collectively, "Samsung") renew their past motions to stay the case pending final resolution of the IPRs involving the asserted patents.

I.    **BACKGROUND**

Samsung has kept the Court fully informed of the status of the various IPRs since early in the case. We review that record briefly here.

On **August 30, 2022**, Samsung moved to stay the case pending the resolution of *inter*

1

*partes* review ("IPR") of the asserted patents and the resolution of the Ninth Circuit appeal[1] of the C.D. Cal. Case. *See* Dkt. 74.[2] The Court denied this motion on February 3, 2023. Dkt. 195.

On **April 12, 2023**, Samsung filed a combined renewed motion to stay the case and notice of supplemental authority informing the Court that the PTAB had instituted IPR of the remaining two asserted patents, the '060 and '160 patents, on that same day and arguing that the PTAB's institution of IPR of all challenged claims of the asserted patents supported staying the case. Dkt. 454. The Court denied this motion. Dkt. 459.

In **April 2023**, the Court held a jury trial and then a follow-on bench trial on Samsung's equitable defenses in May 2023. A judgment was entered that *inter alia* Samsung infringed at least one asserted claim of each of the asserted patents. Dkt. 551.

On **October 30, 2023**, Samsung moved the Court to vacate the judgment entered in this case because that judgment is based upon a judgment in the C.D. Cal. Case that the Ninth Circuit reversed and vacated. Dkt. 576 at 1, 5-9; *see also Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55209, 2023 WL 6820683 (9th Cir. Oct. 17, 2023). Samsung also asked that the Court, after vacating the judgment, stay the case pending the resolution of the C.D. Cal. Case. Dkt. 576 at 9-15. In the alternative—*i.e.*, if the Court does not vacate the judgment under Rule 60(b)—Samsung asked the Court to stay this case pending the resolution of the C.D. Cal. Case. *Id.* at 15. Samsung's motion (Dkt. 576) remains pending. Samsung's motion (Dkt. 576) also informed the Court that the PTAB had issued a final written decision determining that all asserted claims

---

[1] *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55209 (9th Cir.).
[2] Samsung later notified the Court of developments further supporting its motion, including the PTAB's institution of IPRs of the asserted claims of the asserted patents, *see* Dkt. 100 (notification regarding institution as to the '339 and '506 patents); Dkt. 112 (notification regarding institution of the '918 and '054 patents); Dkt. 178 (notification regarding certain documents bearing on the scope of the parties' 2015 license agreement).

of the asserted '339 patent are unpatentable. *Id.* at 5.

On **December 11, 2023**, Samsung notified the Court that the PTAB had issued final written decisions invalidating all claims of the asserted '054 and '918 patents. Dkt. 590 at 1-2. Thus, at the time of this notice, three of the five patents the jury found to have been infringed were determined to be invalid.

Finally, more recently, on **April 3, 2024**, Samsung notified the Court that the PTAB had determined that the asserted claims of the '060 and '160 patents are also invalid. Dkt. 596. Thus, the PTAB has now determined that *all asserted claims in this case are invalid and unpatentable, thus worthless*.

## II.     ARGUMENT

As explained in Samsung's pending Motion To Vacate the Judgment and Stay Due to the Ninth Circuit's Decision (Dkt. 576), a stay will simplify the issues because Samsung is fully licensed to Netlist's patents unless Netlist prevails in the remanded C.D. Cal. Case. *Id.* at 9-15. Now that the PTAB has invalidated all asserted claims found infringed in this case, a stay is undoubtably the correct course to avoid wasted judicial and party effort. *See Netlist, Inc. v. Micron Tech., Inc.*, No. 2:22-cv-00203-JRG, Dkt. 493 at 1-2 (E.D. Tex.) (staying case involving the same patents asserted here because "[f]our of these six patents have been invalidated by the PTAB" and putting the case "to trial before a jury in this Court before the PTAB issues its decision on the two remaining patents risks an inefficient consumption of limited judicial resources that makes imposing a targeted stay, until that ruling is received, advisable").

Specifically, staying the case could obviate the need for the Court to address the parties' pending post-trial motions. *See, e.g.*, Dkt. 561 (Samsung's combined motion for JMOL and new trial); Dkt. 563 (Netlist's motion for on-going royalty). In the likely event that the Federal

Circuit affirms the PTAB's decisions,[3] the jury's verdict will have to be set aside and these post-trial motions will be moot. *See, e.g.*, *Sunoco Partners Mktg. & Terminals L.P. v. U.S. Venture, Inc.*, 32 F.4th 1161, 1174 (Fed. Cir. 2022) (vacating a district court's infringement judgment based on the affirmance of the PTAB's decisions determining the asserted claims to be unpatentable); *Chrimar Sys., Inc. v. ALE USA Inc.*, 785 F. App'x 854, 855-56, 858 (Fed. Cir. 2019) (same); *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, 757 F. App'x 974, 980 (Fed. Cir. 2019) (reversing a district court's judgment based on the affirmance of the PTAB's determination that asserted claims are unpatentable). Additional support for staying the case appears in briefing for Samsung's prior motions to stay, which Samsung renews here. *See, e.g.*, Dkts. 74; 454; 576.

Based on Samsung's previous submissions, and in light of the PTAB's determinations that all of the asserted claims are unpatentable, Samsung respectfully asks the Court to stay the case pending the final resolution of the IPRs involving the asserted patents.[4]

Date: April 10, 2024                     Respectfully submitted,

                                         */s/ Lauren A. Degnan*

                                         Ruffin B. Cordell
                                         TX Bar No. 04820550
                                         cordell@fr.com
                                         Michael J. McKeon
                                         D.C. Bar No. 459780
                                         mckeon@fr.com
                                         Lauren A. Degnan
                                         D.C. Bar No. 452421
                                         degnan@fr.com

---

[3] *See* Ex. A (LexMachina statistics on the Federal Circuit's merits resolutions of IPR appeals from April 1, 2021, to April 1, 2024, showing that 76% of appeals are affirmed and 24% are reversed or reversed-in-part).

[4] Samsung further request that the Court stay this case pending resolution of the C.D. Cal. case for the reasons set forth in the noted pending motion. Dkt. 576.

Brian Livedalen
D.C. Bar No. 1002699
livedalen@fr.com
Daniel A. Tishman
D.C. Bar No. 1013923
tishman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Katherine Reardon
NY Bar No. 5196910
kreardon@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Matthew Colvin
Texas Bar No. 24087331
colvin@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

Karolina Jesien
New York Bar No. KJ7292
FISH & RICHARDSON P.C.
Times Square Tower
20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile:  (212) 258-2291

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:   (903) 934-9257

Alice J. Ahn
CA 271399 / DC 1004350
aahn@cov.com
COVINGTON & BURLING LLP
415 Mission Street, Ste. 5400
San Francisco, CA 94105
Telephone:  (415) 591-7091
Facsimile: (415) 591-6091

Brian R. Nester
D.C. Bar No. 460225
bnester@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202)-662-6000

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 10, 2024. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

  /s/ Lauren A. Degnan

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on April 10, 2024. Michael Tezyan attended for Plaintiff. Matt Colvin attended for Defendants. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiff indicated that they oppose this motion.

  /s/ Lauren A. Degnan