**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NETLIST, INC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:21-CV-463-JRG |
| | ) |
| SAMSUNG ELECTRONICS CO., LTD., | ) JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC., SAMSUNG SEMICONDUCTOR, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF NETLIST, INC.'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO SAMSUNG'S RENEWED MOTION TO STAY (DKT. 597)**

Samsung's Reply fails to meaningfully engage with the points raised in Netlist's Opposition, much less provide a compelling reason to grant its unorthodox request to stay this case *after* a jury trial has been completed. Samsung's Motion should be denied.

**First**, Samsung again fails to address what it has previously described as "[t]he most important factor bearing on whether to grant a stay" – whether "the *inter partes* review proceeding will result in simplification of the issues before the Court." Dkt. 74 (quoting *NFC Tech. LLC v. HTC Am.*, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015). It will not. At most, Samsung gestures to supposedly "obvious efficiencies" a stay would provide, and urges that resolving the remaining motions will require the parties to "redo that work—or let it go to waste" in the event the Federal Circuit affirms the PTAB's decisions. Opp. at 1. These vague warnings do not succeed in cloaking the fact that three fully briefed motions are all that remain to conclude this case. Indeed, Samsung's argument improperly ignores that it is the one that is seeking to let the significant work performed by the Court, jury and the parties "go to waste." Courts in this District have made clear that in circumstances such as this "when the case reaches post-trial motions, it is most efficient for the Court to move forward with all post-trial motions so that the Federal Circuit may review the entire case on appeal." *Orion IP LLC v. Mercedes-Benz USA, LLC*, 2008 WL 5378040 at *11 (E.D. Tex. Dec. 22, 2008). The reason for Samsung's request to depart from this typical procedure is clear—it seeks to nullify the jury's findings by freezing this nearly-complete case on the docket while the IPR decisions proceed to the Federal Circuit. This is not a proper purpose of a motion to stay, and this Court should deny Samsung's latest attempt to stay the case as it has done all the others.

**Second**, Samsung's attempt to brush aside all authority in Netlist's Opposition is misplaced. *See, e.g.,* Reply at 2 (arguing Netlist's cases involve "other scenarios not applicable here."). Samsung does not identify a single case where a Court entered a stay post-jury verdict, as Samsung is requesting this Court do here. Samsung's efforts to distinguish cases without addressing this procedural posture

head-on fail. For instance, Samsung argues *KAIST* is "factually inapposite" because "reexamination there was initiated after the jury verdict." Reply at 4. This misses the point. This Court denied a stay in *KAIST* not because reexamination had just started, but because "simplification of the case, if any, would be negligible, if not microscopic. The jury **has already rendered its verdict**… and the Court has already issued its findings of fact and conclusions of law regarding Defendants' equitable defenses." *KAIST IP US LLC v. Samsung Elecs. Co.*, 439 F. Supp. 3d 860, 873 (E.D. Tex. 2020). Thus, *KAIST*, like much of Netlist's authority, stands for the simple proposition that once the jury has rendered a verdict, the general efficiencies that might be offered by a stay are moot. *See* Opp. at 2-5. The bottom line is that the most significant and arduous work of the case is done.

Samsung argues that this case is analogous to *Tinnus*, because "[t]here is no serious doubt that the Judgment (Dkt. 551) should be vacated if the Federal Circuit affirms the PTAB's reasoned decisions." Reply at 3. This is not a sound argument. The question before this Court is not whether it should vacate the judgment in the event the IPRs are affirmed, and that was not the question in *Tinnus* either. The question in both cases is whether or not the party seeking a stay has met its burden in showing a stay is appropriate based on the three factors of undue prejudice, simplification of the proceedings, and stage of the case. *Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 6:15-cv-551-RC-JD, 2017 U.S. Dist. LEXIS 47405, *3, *5-6. And the calculus in this case is completely different than in *Tinnus*. There, the Court weighed heavily the fact that trial had not yet occurred. *Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 6:15-cv-551-RC-JD, 2017 U.S. Dist. LEXIS 47405, *3, *6 (E.D. Tex. Jan. 24, 2017) ("Trial would have to include a mini-trial over whether Defendants should be allowed to argue that the patent-in-suit was wholly invalidated by a federal agency.") Further, in *Tinnus*, there were "conflicting determinations between this court and the PTAB on the single dispositive issue." *Id.* Thus, the appeal would undoubtedly simplify the case. Notably, here, Samsung does not dispute that its outstanding motions "bear on issues completely unrelated to the IPR proceedings." Opp. at 3.

Samsung attempts to muddy up the *Landis* factors and compare cases solely on the basis of the stage of the PTAB proceedings, but the stage of the PTAB proceedings are only relevant to one factor—likelihood of simplification. And here, where the case has already proceeded through a jury trial, a bench trial, and reached final judgment, Samsung cannot escape that the great weight of cases in this Court and in the Federal Circuit find that the simplification factor counsels against a stay. Indeed, Samsung dismisses the Federal Circuit's decision in *Smartflash* (and a number of cases in this district) because there, "a stay motion was filed before the Patent Office Rendered a decision." Reply at 2. But the Federal Circuit's decision in *Smartflash* was not based on the stage of the PTAB proceedings or the statistical likelihood of invalidation. Rather, the Court explained that "[w]hen the motion to stay is made post-trial, many of the advantages flowing from the agency's consideration of the issues—such as resolving discovery problems, using pre-trial rulings to limit defenses or evidence at trial, limiting the complexity of the trial, etc.—cannot be realized," and thus, post-trial, "it is not unreasonable for a district court to conclude that it is more efficient to resolve all the post-trial motions so that the case can be appealed." *Smartflash LLC v. Apple, Inc.*, 621 F.App'x 995, 1000 (Fed. Cir. 2015). Samsung does not engage with this reasoning because it is plainly applicable here, as is the reasoning in the other post-trial cases denying a stay.

**Third**, Samsung's Reply unsurprisingly grants little weight to the fact that a jury presided over this case, heard the evidence, and rendered a verdict. Indeed, Samsung makes little mention at all of the efforts of the Court, the parties, and the jury that would be potentially wasted by staying this case at this point. Samsung claims the motions remaining to be decided show that "significant work remains to be done," and that these motions put this case in "a substantially different posture than most cases awaiting rulings on post-trial motions." Reply at 7. Not so. The outstanding motions in this case are a Rule 50 Motion, Dkt. 561, a Rule 60(b) Motion, Dkt. 576, and a motion for ongoing royalty, Dkt. 569, which is a typical set of post-trial briefs in a patent case. While Netlist does not intend to diminish the

efforts this Court will have to expend to rule on the three remaining motions, it is indisputable that such efforts pale in comparison to the work that has been done over the last 2.5 years, which would be wasted by staying this case.

Samsung attempts to assure the Court that "[s]taying this case would raise no constitutional concerns" because "Samsung filed its IPRs early." Reply at 4. This again misses the point. Samsung filed its IPRs shortly after this case was initiated, as is its standard procedure when accused of infringement. *See, e.g., Netlist v. Samsung*, No. 22-cv-293, Dkt. 88 (arguing for stay because "Samsung filed IPRs against all asserted claims of all asserted patents"). However, under Samsung's reasoning, every patent infringement action could justifiably enter a years-long stay shortly after it is brought, so long as the defendant promptly files for IPR. Such a procedure supplants a patent holder's right to a trial by jury to defend the intellectual property rights it is guaranteed under the Constitution. It also undermines the patent statute's express assurance that "Each claim of a patent (whether in independent, dependent, or multiple dependent form) **shall be presumed valid** independently of the validity of other claims." 25 U.S.C. § 282(a) (emph. added).

Samsung also claims that it is the Federal Circuit's ordinary practice to "vacat[e] infringement verdicts following its affirmance of the PTAB's" findings, and yet wants to stay this case instead of permitting the Federal Circuit to consider its challenges to the jury's verdict. Samsung argues that this Court ought to withhold ruling on the final few motions (with the exception of its own motion to vacate, Reply at 4) and then deal with the inevitable briefing that will come about following the Federal Circuit's decisions (regardless of what they are on each patent). Indeed, Samsung urges that the "proper" course of action would be for this Court to "vacate the judgment," then "[r]ather than *immediately* setting this case for retrial…stay the case pending resolution of the C.D. Cal. Remand," which is set to go to trial on "May [14]." Reply at 4, n.2. Thus, Samsung ultimately intends to retry the entire case following the verdict in C.D. Cal., although it would no doubt prefer to do so after a lengthy

stay during the IPR appeals. It is no wonder Samsung does not respond to the concern in Netlist's Opposition that "inefficiency and delay will drain even a just judgment of its value." Opp. At 6. This does not spare the Court of work, it pushes it down the road and piles it on.[1]

Netlist respects the work of the PTAB despite disagreeing with its ultimate decisions here. This does not mean the work of this Court and the jury should take a backseat. Samsung has requested a stay at every juncture of these proceedings. This insistence did not and still does not entitle it to a stay. This Court exercised the broad discretion with which it is vested to allow the jury process to go forward. The jury returned a verdict of infringement and rejected Samsung's invalidity arguments. This Court held a bench trial, rejected Samsung's defenses and entered final judgment. There is no simplification or efficiency to be had from waiting on the IPR appeals. Thus, there is no reason to freeze the conclusion of these proceedings now other than undue deference to non-final administrative proceedings. Netlist respectfully submits that the efforts of the parties, the Court, and the jury, are entitled to more weight than that.

Dated: May 10, 2024

Respectfully submitted,

*/s/ Jason Sheasby*
Jason G. Sheasby

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com

---

[1] Samsung's attempt to use its motion to vacate to distinguish this case from *Packet Intelligence* and *Versata* because in those cases there was "minimal work left to be done," whereas here, apparently, an entire retrial is in the works, should be rejected. Reply at 3-4. This Court should deny Samsung's motion to vacate for the reasons detailed in Netlist's Opposition to that motion, Dkt. 582, but moreover, it does not change the fact that at this point, only three outstanding motions remain, all of which are fully briefed.

 |**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Jason G. Sheasby (*pro hac vice*)
jsheasby@irell.com
Annita Zhong, Ph.D. (*pro hac vice*)
hzhong@irell.com
Andrew Strabone (*pro hac vice*)
astrabone@irell.com
Yanan Zhao (*pro hac vice*)
yzhao@irell.com
Michael W. Tezyan (*pro hac vice*)
mtezyan@irell.com
N. Isabella Chestney (*pro hac vice*)
ichestney@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**Attorneys for Plaintiff Netlist, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on May 10, 2024, a copy of the foregoing was served to all counsel of record via the Court's ECF system.

 |*/s/ N. Isabella Chestney*
N. Isabella Chestney