IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00463-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., and SAMSUNG SEMICONDUCTOR, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc.'s (collectively, "Samsung") Renewed Motion to Stay (the "Motion"). (Dkt. No. 597.) In the Motion, Samsung argues that the Court should stay this case pending final resolution of the *inter partes* review ("IPR") of the asserted patents. (*Id.*) Having considered the Motion and the subsequent briefing, and for the reasons stated herein, the Court finds that the Motion should be **DENIED**.

### I. BACKGROUND

On August 30, 2022, Samsung moved to stay the case pending the resolution of the IPRs of the asserted patents. (Dkt. No. 74.) The Court denied the motion on February 3, 2023. (Dkt. No. 195.) On April 12, 2023, Samsung filed a combined renewed motion to stay the case informing the Court that the PTAB had instituted IPR of the remaining two asserted patents, the '060 and '160 patents and arguing that the Court should stay the case. (Dkt. No. 454.) The Court denied the renewed motion. (Dkt. No. 459.)

In April 2023, the Court held a jury trial followed by a bench trial on Samsung's equitable defenses in May 2023. A Final Judgment was entered finding that Samsung infringed at least one asserted claim of each of the asserted patents. (Dkt. No. 551.)

Between October 2023 and April 2024, Samsung informed the Court in multiple notices that the PTAB determined that all asserted claims of the '339, '054, '918, '060, and '160 patents are invalid. The PTAB has now determined that all asserted claims in this case are invalid.

## II.   DISCUSSION

Samsung argues that the case should be stayed in light of the PTAB rulings. Samsung contends that a stay is warranted to "avoid wasted judicial and party effort" since the PTAB has invalidated all asserted claims. (Dkt. No. 597 at 3.) Specifically, Samsung contends that staying the case could obviate the need for the Court to address the parties' pending post-trial motions. (*Id.*) Samsung also contends that "[a]dditional support for staying the case appears in briefing for Samsung's prior motions to stay, which Samsung renews here." (*Id.* at 4.)

 In response, Netlist contends that the simplest and most efficient course of action is for this Court to resolve the post-trial motions in this case and allow the Federal Circuit to determine how to proceed on any appeals of both this case and the IPRs. (Dkt. No. 598.) Netlist argues that the ultimate outcome of the IPRs will not simply any issues before this Court because "essentially every issue has already been resolved." (Dkt. No. at 2.) Netlist argues that "the focus of this factor is on **streamlining or obviating the trial** by providing the district court with the benefit of the PTAB's consideration of the validity of the patents **before either the court or the jury is tasked with undertaking that same analysis** (emphasis added)." (*Id.* (citing *Smartflash LLC v. Apple, Inc.*, 621 F.App'x 995, 1000 (Fed. Cir. 2015)). Since the jury already rendered its verdict, and since the parties have already completed post-trial briefing—both of which bear on issues

2

completely unrelated to the IPR proceedings—Netlist contends that staying this case pending appeal of the final written decisions in the IPRs will not simplify issues in this case. (*Id.* at 3-4.)

Netlist also contends that the advanced stage of the case weighs strongly against a stay. Netlist notes the great expense that both parties have expended over the last two years that would be wasted by vacating or staying this action post-final judgment. (*Id.* at 4.) Netlist argues that such a stay would impose immense prejudice on Netlist. (*Id.*) Netlist also disagrees that its patents have now been rendered "worthless," and Netlist argues that the PTAB's final written decisions are no more than non-final agency determinations, subject to appeal. (*Id.*)

In reply, Samsung argues that Netlist "ignore[s] the obvious efficiencies a stay would provide so that Netlist might succeed in a race to judgment on invalid claims." Samsung contends that Netlist's approach would have this Court and the parties "unnecessarily multiply their effort by resolving the outstanding issues now, and then redo that work—or let it go to waste—once the Federal Circuit reviews the PTAB's IPR decisions." (Dkt. No. 599 at 1.)

The Court agrees with Netlist. "District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

The Court is not persuaded that a stay is the simplest and most efficient course of action, as Samsung contends. It is unclear how a stay would protect the parties from "unnecessarily

3

multiply[ing] their effort" on post-trial issues when the parties' post-trial briefing has already concluded and such relates to issues not to be addressed by the PTAB. The parties have expended significant resources in this case, presenting their case to a jury and fully briefing post-trial issues, which are now ripe for the Court's ruling. In fact, the only step that remains in this case before all issues are ready to be presented on appeal is the Court ruling on the few post-trial issues before the Court. It is thus unclear how a stay would save the parties any expense.

This case is in a very advanced stage—post-jury trial, post-bench trial, post-final judgment, and at the conclusion of post-trial briefing—which weighs heavily against a stay. Samsung would have this Court freeze the litigation at the finish line to wait for appeals of agency determinations that may or may not simplify the case. Such a stay would unduly prejudice Netlist. Further, such a stay might, under these facts, wrongly signal that the function of the judicial branch is somehow subservient to the executive branch. In balancing all of these considerations, the Court is persuaded that the simplest and fairest course of action is for the Court to rule on the parties' post-trial motions and allow this case and the IPRs to be taken up and presented to the Federal Circuit. This Court assumes and trusts that the Federal Circuit would do so in a manner where both prior adjudications can be heard at the same time.

### III.  CONCLUSION

For the reasons stated herein, the Court finds that the Renewed Motion to Stay (Dkt. No. 597) should be and hereby is **DENIED**.

**So Ordered this**
Jun 13, 2024

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE