# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-00463-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., and SAMSUNG SEMICONDUCTOR, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is the Motion to Vacate the Judgment and Stay Due to the Ninth Circuit's Decision (the "Motion") filed by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (collectively, "Samsung"). (Dkt. No. 576.) In the Motion, Samsung asks that the court vacate the judgement against it and stay the case pending resolution of another action. (*Id.* at 1–2.) Plaintiff Netlist, Inc. ("Netlist") opposes the Motion. (*See* Dkt. No. 582.) For the following reasons, the Court finds that the Motion should be **DENIED AS MOOT**.

In 2015, Netlist and Samsung entered into a Joint Development and License Agreement (the "JDLA"). The JDLA has two stated purposes: (1) developing a new NVDIMM-P product, and (2) patent cross-licensing between Netlist and Samsung. (Dkt. No. 187-2.) The JDLA authorizes either party to terminate the agreement upon written notice to the other party.[1]

---

[1] The termination is effective only if one party is in material breach of the JDLA and the breach is not cured within thirty (30) days.

In 2020, Netlist sued Samsung in the Central District of California, alleging that Samsung breached a payment provision (§ 3) and a supply provision (§ 6.2) of the JDLA. (*See* the California Action, Case No. 8:20-cv-993-MCS). Netlist undertook to terminate the JDLA on July 15, 2020, and it sought declaratory judgment from the Central District of California that its termination was proper due to Samsung's alleged breach. Ultimately, the Central District of California granted summary judgment in favor of Netlist, finding (1) that § 6.2 was unambiguous and that Samsung materially breached; (2) that § 3 was unambiguous and that Samsung materially breached; and (3) that Netlist effectively terminated the license agreement on July 15, 2020. After a jury trial, the court entered judgment for Netlist awarding nominal damages and declaring that Netlist properly terminated the JDLA. Samsung appealed the California Action to the Ninth Circuit. (*See Netlist, Inc. v. Samsung Elecs. Co., Inc.*, No. 22-55247 (9th Cir.) (the "Ninth Circuit Appeal")).

On December 20, 2020, Netlist sued Samsung for patent infringement in this Court (Dkt. No. 1). Samsung asserted a license defense under the JDLA. Samsung also moved to stay the case pending the Ninth Circuit Appeal. This Court denied that motion to stay, finding that Samsung had not shown a likelihood of success on appeal. (Dkt. No. 195.) Thereafter, the case proceeded to trial and a jury returned a verdict in Netlist's favor on April 21, 2023. (Dkt. No. 479.) The Court entered final judgement based on that verdict on August 11, 2023. (Dkt. No. 551.)

On October 17, 2023, the Court of Appeals for the Ninth Circuit reversed and remanded the grant of summary judgment in the California Action. (*See* No. 22-55247). Specifically, the Ninth Circuit found (1) § 6.2 of the JDLA is ambiguous as a matter of law; (2) § 3 of the JDLA is unambiguous and Samsung ***did not*** breach § 3 as a matter of law; and (3) the Central District of California erred in finding that Netlist properly terminated the JDLA given the fact issues concerning Samsung's alleged breach of § 6.2. (*See* Dkt. No. 576-1 at 2–8.) The case was

remanded to the Central District of California to determine in the first instance whether extrinsic parol evidence created a genuine issue of material fact that Samsung breached § 6.2. (*Id.* at 5.)

The Central District of California held a jury trial to determine whether or not Samsung had materially breached the JDLA, which would determine whether Netlist's termination of the JDLA on July 15, 2020 was effective. On May 17, 2024, the jury in the trial for the California Action returned a verdict in favor of Netlist finding that Samsung had in fact materially breached the JDLA.

Samsung argues that the Court should set aside the verdict here because the Ninth Circuit's decision means that Samsung now has a license "for all asserted claims and accused products." (Dkt. No. 576 at 6–7.) Samsung also argues that the judgment in this case is based on a judgment entered in the Central District of California that has since been reversed. (*Id.* at 7.) Samsung further argues that the case should be stayed on the same grounds. (*Id.* at 9.)

The Court finds that the Final Judgment should not be vacated and the case should not be stayed. The JDLA is not currently "in full force and effect," as Samsung contends. Since the filing of Samsung's Motion to Stay, a jury returned a verdict in favor of Netlist in the California Action finding that Samsung breached the JDLA. Samsung did not prevail in the California Action as it speculated that it would in its Motion to Stay. Accordingly, all grounds upon which Samsung moved to vacate the verdict and stay the case are now moot.

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 576) should be and hereby is **DENIED AS MOOT**.

The parties are directed to jointly prepare a redacted version of this Order for public viewing and to file the same on the Court's docket as an attachment to a Notice of Redaction within five (5) business days of this Order.

**So ORDERED and SIGNED this 12th day of July, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE