IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.<br>and SAMSUNG SEMICONDUCTOR, INC.,<br><br>    Defendants. | Civil Case No. 2:21cv463-JRG<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO VACATE
THE JUDGMENT DUE TO THE C.D. CAL.'S NEW TRIAL ORDER (DKT. 658)**

# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT.................................................................................................................. 1

    A.   Samsung Has Not Waived Its License Defense .......................................................... 1

    B.   This Court Should Not Predict Who Will Win the C.D. Cal. Case............................. 3

    C.   Relief Under Rule 60(b) Is Proper ............................................................................. 4

    D.   Netlist Will Not Face Unfair Prejudice ...................................................................... 5

III. CONCLUSION............................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*FireBlok IP Holdings, LLC v. Hilti, Inc.*,
　No. 2:19-cv-00023-RWS-RSP, 2020 WL 1899620 (E.D. Tex. Jan. 20, 2020) ................................. 2

*Flowers v. S. Reg'l Physician Servs., Inc.*,
　286 F.3d 798 (5th Cir. 2002) ................................................................................................ 4

*In re Google Tech. Holdings LLC*,
　980 F.3d 858 (Fed. Cir. 2020) .............................................................................................. 2

*Ingraham v. U.S.*,
　808 F.2d 1075 (5th Cir. 1987) .............................................................................................. 2

*Lowry Dev., L.L.C. v. Groves & Assocs. Ins., Inc.*,
　690 F.3d 382 (5th Cir. 2012) ............................................................................................ 4, 5

*Marino v. DEA*,
　685 F.3d 1076 (D.C. Cir. 2012) ............................................................................................ 3

*Mich. Sur. Co. v. Serv. Mach. Corp.*,
　277 F.2d 531 (5th Cir. 1960) ................................................................................................ 4

*Murray v. Dist. of Col.*,
　52 F.3d 353 (D.C. Cir. 1995) ................................................................................................ 3

*Pease v. Pakhoed Corp.*,
　980 F.2d 995 (5th Cir. 1993) ................................................................................................ 3

*Pirkl v. Wilkie*,
　906 F.3d 1371 (Fed. Cir. 2018) ............................................................................................ 4

*U.S. v. Parcel of Land With Bldg.*,
　928 F.2d 1 (1st Cir. 1991) ................................................................................................ 3, 5

*Venture Indus. Corp. v. Autoliv APS, Inc.*,
　457 F.3d 1322 (Fed. Cir. 2006) ............................................................................................ 2

*W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*,
　751 F.2d 721 (5th Cir. 1985) ............................................................................................ 3, 5

**Other Authorities**

Fed. R. Civ. P. 50(b) .................................................................................................................. 2

Fed. R. Civ. P. 59 ...................................................................................................................... 2

Fed. R. Civ. P. 60(b) ........................................................................................................................*passim*

Fed. R. Civ. P. 62.1(c).............................................................................................................................. 1

**TABLE OF ABBREVIATIONS**

| Abbreviation | Meaning |
| --- | --- |
| asserted patents | U.S. Patent Nos. 10,949,339, 11,016,918, 11,232,054, 8,787,060, and 9,318,160 |
| C.D. Cal. | U.S. District Court for the Central District of California |
| C.D. Cal. Case | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993 (C.D. Cal.) |
| JDLA | Joint Development and License Agreement |
| JMOL | Judgment as a Matter of Law |
| Ninth Circuit Appeal | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55209 (9th Cir.) |
| Netlist II | *Netlist Inc. v. Samsung Elecs. Co.*, No. 2:22-CV-00293-JRG (E.D. Tex.) |

**TABLE OF EXHIBITS TO SAMSUNG'S OPENING BRIEF**

| Ex. | Description |
|---|---|
| 1 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55209, Dkt. 77-1 (9th Cir. Oct. 17, 2023) |
| 2 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-cv-00993-MCS-ADS, Dkt. 640 (C.D. Cal. Dec. 26, 2024) |
| 3 | Joint Development and License Agreement (JDLA) |
| 4 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 22-55209, Dkt. 14 (9th Cir. June 6, 2022) |
| 5 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-CV-00993-MCS-ADS, Dkt. 276 (C.D. Cal. Dec. 3, 2021) |

**TABLE OF EXHIBITS TO SAMSUNG'S REPLY BRIEF**

| Ex. | Description |
|---|---|
| 6 | *Netlist Inc. v. Samsung Elecs. Co.*, No. 8:20-cv-00993-MCS-ADS, Dkt. 390 (C.D. Cal. Feb. 6, 2024) |

\*  Unless otherwise noted, all emphasis herein has been added.

I.       **INTRODUCTION**

Netlist is racing to affirm the judgment in this case before the final adjudication of its breach of contract claims in C.D. Cal., which recently vacated the prior verdict on whether Netlist properly terminated the JDLA. Allowing judgment to stand against Samsung here when the alleged termination of Samsung's license continues to be litigated in another court would be a miscarriage of justice and against this Court's orders that: (1) Samsung is licensed to the asserted patents for all sales during the term of the JDLA, Dkt. 432 at 2; Trial Tr. at 1266:4-1267:1, and (2) the C.D. Cal. Case controls whether the JDLA is still in force, *Netlist II*, Dkt. 768 at 2-3.

By splitting its claims across two different courts, Netlist sought to deprive Samsung of the benefits of the license that Netlist granted. Netlist seeks to compound that injustice by arguing that vacating the Final Judgment now would be a waste of resources, while arguing that Samsung should pay infringement damages whether or not the JDLA is still in force. Any waste of resources, however, is of Netlist's own making—Samsung has long warned Netlist that pressing forward with its infringement claims before the C.D. Cal. Case was finally resolved risked wasting resources, *see, e.g.*, Dkt. 74 at 12-15. The Court should therefore issue an order under Rule 62.1(c) indicating to the Federal Circuit that it would vacate its Final Judgment, pursuant to Rule 60(b)(5) or (6).

II.      **ARGUMENT**

    A.     **Samsung Has Not Waived Its License Defense**

Samsung repeatedly and consistently raised its license defense, despite issue preclusion arising from the C.D. Cal. summary judgment. *See* Dkt. 16 at 25-27; Dkt. 25 at 40-43; Dkt. 196 at 21 n.9; Dkt. 255 at 1, 5; Dkt. 290 at 6 n.5; Dkt. 345 at 1 & n.1; Dkt. 426 at 157:24-158:3; Dkt. 561 at 4, 66; Dkt. 576; Dkt. 658. Contrary to Netlist's assertion, Dkt. 660 at 4, Samsung was not required to seek a new trial on its license defense or raise it in Samsung's opening appeal brief. This Court entered summary judgment and JMOL that the accused products fall within the scope of the JDLA's license

and were fully licensed through July 15, 2020. Dkt. 432 at 2; Trial Tr. at 1266:4-1267:1. When this Court entered Final Judgment, Dkt. 551, the C.D. Cal.'s October 14, 2021 summary judgment that the JDLA was lawfully terminated had not yet been vacated by the Ninth Circuit, and issue preclusion barred Samsung from arguing that its license remained in force. Dkt. 196 at 21 n.9; Dkt. 290 at 1 n.1; Dkt. 255 at 1, 5-8; Dkt. 345 at 1 & n.1; *see also* Tr. 112:21-25.[1] Therefore, there was nothing for a jury to decide or for Samsung to raise in a Rule 50(b) JMOL motion or Rule 59 new trial motion. As soon as the Ninth Circuit vacated the C.D. Cal. summary judgment on October 17, 2023, Samsung asked this Court to vacate the final judgment here under Rule 60(b)(5) or (6), which the Court denied based on the now-vacated C.D. Cal. jury verdict. Dkts. 576 at 6-9, 607. Samsung's painstakingly preserving its license defense certainly does not evince waiver. *In re Google Tech. Holdings LLC*, 980 F.3d 858, 862 (Fed. Cir. 2020) ("[W]aiver is the intentional relinquishment or abandonment of a known right.").

Samsung also did not waive its license defense by not raising it in its opening brief in the appeal of this case. The C.D. Cal. court ordered a new trial on December 26, 2024, **after Samsung filed its opening appeal brief on December 16, 2024**, making it impossible for Samsung to address the impact of that decision in its opening brief. These materially changed circumstances triggered the instant Rule 60(b) motion which further preserves Samsung's license defense.[2] Because the C.D. Cal. jury verdict has been vacated, the sole basis on which this Court denied Samsung's earlier Rule 60(b) motion has evaporated and this Court should vacate the Final Judgment. Indeed, because the Final Judgment requires Samsung to pay damages for licensed patents, it works a manifest injustice on Samsung. *See, e.g.*, *FireBlok IP Holdings, LLC v. Hilti, Inc.*, No. 2:19-cv-00023-RWS-RSP, 2020 WL 1899620, at *3 (E.D. Tex. Jan. 20, 2020) (no damages for licensed products).

---

[1] Netlist's argument that the parties agreed that C.D. Cal. ruling controlled whether Netlist lawfully terminated the JDLA, Dkt. 660 at 3-4, thus reinforces that there was no wavier here.

[2] The resolution of the instant motion will be subject to appeal. *See Venture Indus. Corp. v. Autoliv APS, Inc.*, 457 F.3d 1322, 1327 (Fed. Cir. 2006); *Ingraham v. U.S.*, 808 F.2d 1075, 1081 (5th Cir. 1987).

2

### B.  This Court Should Not Predict Who Will Win the C.D. Cal. Case

Samsung plainly has a meritorious license defense that will moot this case if Netlist does not meet its burden to prove, in the C.D. Cal. Case, that it lawfully terminated the JDLA. This Court has already recognized that Samsung is licensed for as long as the JDLA is in force. *See supra* § II.A. The Ninth Circuit and C.D. Cal. have both made clear that Samsung has meritorious arguments against Netlist's breach of contract claims. In reversing and remanding the C.D. Cal. summary judgment, the Ninth Circuit held, in Samsung's favor, that "disputed fact issues precluded summary judgment on the materiality of Samsung's alleged breach of § 6.2." Ex. 1 at 7. The C.D. Cal. then denied Netlist's motions for summary judgment of breach because "[a] reasonable factfinder reviewing the extrinsic evidence the parties offer could adopt either party's interpretation of the provision." Ex. 6 at 9.

Samsung need do no more to show that vacating the Final Judgment would not be futile. *See, e.g.*, *Marino v. DEA*, 685 F.3d 1076, 1080 (D.C. Cir. 2012) (noting the "meritorious defense hurdle" "is not a high bar" and "is not measured by likelihood of success, but by whether it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense" (cleaned up)); *Murray v. Dist. of Col.*, 52 F.3d 353, 355 (D.C. Cir. 1995) ("[T]he proffered claim or defense need not be ironclad[.]" (citation omitted)); *U.S. v. Parcel of Land With Bldg.*, 928 F.2d 1, 5 (1st Cir. 1991) (referring to "a **potentially** meritorious claim or defense"), *abrogated on other grounds by Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see also Pease v. Pakhoed Corp.*, 980 F.2d 995, 998 (5th Cir. 1993) (citing *U.S. v. Parcel*).

By arguing that Samsung must show it will likely win the C.D. Cal. Case, Netlist improperly invites this Court to prejudge the C.D. Cal.'s exclusive purview to resolve the license termination issue. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 728-29 (5th Cir. 1985) ("[C]omity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs."). This Court properly recognized that the C.D. Cal. court alone

3

should address that issue. *Netlist II*, Dkt. 768 at 3 ("Whether or not such a license defense continues after such termination is controlled by and deferred to the Central District of California."); *see also* Tr. 112:21-25. This Court should reject Netlist's invitation to analyze the issues before the C.D. Cal. court and predict what the jury will do there.

Finally, in seeking to convince this Court that it will win the C.D. Cal. new trial, Netlist invites this Court to overlook known juror misconduct. Dkt. 660 at 1. Netlist cannot dispute, however, that the juror lied about being in active litigation against a Korean individual over a contract dispute, and that the C.D. Cal. court stated that it lacked confidence in Juror 16's "capacity to have fairly adjudged this action[.]" Ex. 2 at 16. That Netlist labors to downplay the extent of misconduct by the juror undermines Netlist's assertion that Samsung lacks a meritorious defense.

### C.  Relief Under Rule 60(b) Is Proper

Contrary to Netlist's assertions, vacatur under Rule 60(b)(5) would be proper here, where the Final Judgment was based on the preclusive effects of the now-vacated C.D. Cal. summary judgment. *See, e.g., Lowry Dev., L.L.C. v. Groves & Assocs. Ins., Inc.*, 690 F.3d 382, 386-87 (5th Cir. 2012); *Flowers v. S. Reg'l Physician Servs., Inc.*, 286 F.3d 798, 801-02 (5th Cir. 2002); *Mich. Sur. Co. v. Serv. Mach. Corp.*, 277 F.2d 531, 533 (5th Cir. 1960). Netlist notably does not challenge the applicability of Rule 60(b)(6).

Netlist mischaracterizes *Pirkl v. Wilkie*, 906 F.3d 1371 (Fed. Cir. 2018), arguing it "simply stands for the proposition that a judgment can be vacated under Rule 60(b)(5) even after all appeals have been completed." Dkt. 660 at 14. Netlist ignores the rest of the Federal Circuit's discussion, where it fully embraced the black-letter law, embodied in Rule 60(b)(5), that a court should vacate a final judgment if an earlier judgment on which the final judgment depends is reversed or vacated. *Id.* at 1381 n.6. In addition, Netlist fails to distinguish *Lowry*, which held Rule 60(b)(5) "straightforwardly" applied because the operative judgment there was based on an earlier judgment that was reversed— exactly like the Final Judgment here depended on Netlist's having secured the C.D. Cal. final judgment

4

that the JDLA was terminated. 690 F.3d at 386-87. Netlist appears to forget, in erroneously claiming the C.D. Cal.'s new trial order "does not show that the JDLA remains in effect," Dkt. 660 at 14, that **Netlist must prove** that it lawfully terminated the JDLA in order to deprive Samsung of the license Samsung paid for in the JDLA. Indeed, Netlist previously acknowledged the license termination claims' priority over the patent infringement claims because it did not sue for patent infringement in E.D. Tex. until after a favorable decision in C.D. Cal. *Compare* Dkt. 1, *with* Dkt. 290-4.

### D. Netlist Will Not Face Unfair Prejudice

Netlist knew that Samsung's license to the asserted patents under the JDLA could be reinstated—and the Final Judgment here would have to be vacated—if the C.D. Cal. court were to reverse or vacate the jury's verdict. Indeed, Samsung repeatedly warned Netlist that the C.D. Cal. Case would have a profound impact on Netlist's ability to obtain any relief here. *See, e.g.*, Dkts. 74, 85, 97, 576, 583. Yet, Netlist doggedly pursued this case while the C.D. Cal. Case was unresolved, requiring the parties and the court to expend unnecessary resources. Netlist has thus failed to show that it will suffer any **unfair** prejudice if this Court vacates the judgment.

Netlist also will not suffer unfair prejudice if its appeals of the IPR final written decisions finding all asserted claims unpatentable are resolved before this case and its related appeal. *Contra* Dkt. 660 at 13. Netlist's IPR appeals have no bearing whatsoever on this motion, which is plainly not an "attempt to hijack this Court's jurisdiction in favor of the Patent Office." *Id.* Instead, this motion urges respect for the authority of a sister Article III court charged with adjudicating the license termination issue. *West Gulf*, 751 F.2d at 728-29; *Netlist II*, Dkt. 768 at 3.

### III. CONCLUSION

Samsung respectfully asks the Court to indicate it would grant Samsung's motion to vacate the Final Judgment under Rule 60(b) after the Federal Circuit remands the case.

| | |
|---|---|
| Date: January 29, 2025 | Respectfully submitted, |

/s/ *Ruffin B. Cordell*

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Matthew Mosteller
CA Bar No. 324808
mosteller@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Katherine Reardon
NY Bar No. 5196910
kreardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile:  (404) 892-5002

Francis J. Albert
CA Bar No. 247741
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa Richards Smith
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:    (903) 934-9257

*Attorneys for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Semiconductor, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 29, 2025.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Ruffin B. Cordell*
